IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL P. GILMOR, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:10-cv-189-ODS |
| | ) | |
| PREFERRED CREDIT CORPORATION, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants Preferred Mortgage Trust 1996-1, Preferred Mortgage Trust 1996-2, Preferred Credit Trust 1997-1, and Deutsche Bank Trust Company Americas, formerly known as Bankers Trust Company, in its capacity as trustee of the Preferred Mortgage Trusts (collectively, "PMT Defendants"), submit supplemental authority relating to their pending motion to dismiss for lack of standing.

On January 27, 2006, while this action was pending before the Circuit Court of Clay County, Missouri, certain other defendants in this action filed a motion to dismiss for lack of standing. For the Court's convenience, a copy of the motion and the supporting suggestions accompany this filing as **Exhibits A-1 and A-2**. On February 10, 2006, the PMT Defendants joined the motion. For the Court's convenience, a copy of the PMT Defendants' notice of joinder accompanies this filing as **Exhibit B**. The named plaintiffs never responded to the motion, and it has been ripe for decision for several years. However, the state court did not rule on the motion before this action was removed, so it is now pending before this Court.

By their motion, the PMT Defendants ask to be dismissed from this action because the named plaintiffs do not allege that the PMT Defendants have – or ever had – any interest in the

named plaintiffs' loans.  As the named plaintiffs do not allege that they were injured by the PMT Defendants, they lack standing to sue the PMT Defendants.  Despite that fact, the named plaintiffs contend that they have standing to assert claims against the PMT Defendants on behalf of third parties – i.e., putative class members.

On March 1, 2010, this Court granted a similar motion to dismiss in Mayo v. GMAC Mortgage, LLC, No. 08-568-CV-W-DGK, another putative class action brought under Missouri's Second Mortgage Loan Act ("SMLA").  A copy of that decision accompanies this filing as **Exhibit C**.  In Mayo, Deutsche Bank National Trust Company ("DBNTC") was sued in its capacity as the trustee of trusts that did not hold any loans made to the named plaintiffs.[1]  As in Gilmor, the named plaintiffs in Mayo did not allege that DBNTC has – or ever had – any interest in their loans, but they contended that they had standing to sue DBNTC on behalf of putative class members.

Judge Kays rejected that argument.  Applying the principle that a party has standing to sue only for an injury that (1) he or she personally suffered and (2) is traceable to conduct by the defendant, Judge Kays ruled that the named plaintiffs had standing to sue "only those entities that have some direct contractual relationship with [their] loans."  Mayo, slip op. at 7.  For example, the named plaintiffs could sue "an entity that holds their mortgage or services their loan."  Id.  But, Judge Kays found – relying on decisions cited by the PMT Defendants in their motion to dismiss – that the named plaintiffs lack standing to sue entities with whom they do not have a "direct contractual relationship."  See id.

Moreover, Judge Kays ruled that the named plaintiffs' decision to frame their claims as a putative class action "does not cure the standing defect."  Id.  Named plaintiffs may not manufacture standing by filing a putative class action, as such a tactic is merely an effort "to bootstrap themselves

---

[1] DBNTC was also sued in other capacities that are not relevant to the PMT Defendants' motion pending before the Court.

into standing [that] they lack." Id. at 8 (internal punctuation omitted).  Thus, Judge Kays dismissed the named plaintiffs' allegations that DBNTC had violated the rights of third parties to the action. Id.

Judge Kays' ruling bears directly on the PMT Defendants' pending motion to dismiss for lack of standing, embracing principles adopted by the overwhelming majority of federal courts in this country and applying them to claims brought under the SMLA.  Accordingly, the PMT Defendants submit Judge Kays' decision as supplemental authority and ask this Court to consider it when it rules on their motion to dismiss.

Respectfully submitted,

SPENCER FANE BRITT & BROWNE LLP

/s/ Leslie A. Greathouse
| | |
|---|---|
| Leslie A. Greathouse | MO #48431 |
| Nathan A. Orr | MO #49836 |
| Loyd Gattis | MO #59699 |

1000 Walnut Street, Suite 1400
Kansas City, Missouri  64106-2140
(816) 474-8100
(816) 474-3216 (facsimile)
lgreathouse@spencerfane.com
norr@spencerfane.com
lgattis@spencerfane.com

*Attorneys for defendants Preferred Mortgage Trust 1996-1; Preferred Mortgage Trust 1996-2; Preferred Credit Trust 1997-1; and Deutsche Bank Trust Company Americas, formerly known as Bankers Trust Company, in its capacity as trustee of the Preferred Mortgage Trusts*

## CERTIFICATE OF SERVICE

I certify that on March 17, 2010, I filed this document electronically using the Court's CM/ECF system, which will notify all registered parties of this filing, and that copies of this filing were mailed to any parties who are not registered with the Court's CM/ECF system.

/s/ Leslie A. Greathouse
*Attorneys for defendants Preferred Mortgage Trust 1996-1; Preferred Mortgage Trust 1996-2; Preferred Credit Trust 1997-1; and Deutsche Bank Trust Company Americas, formerly known as Bankers Trust Company, in its capacity as trustee of the Preferred Mortgage Trusts*