IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MICHAEL P. AND SHELLIE GILMOR, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> PREFERRED CREDIT CORPORATION., et al., <br><br> Defendants. | Case No. 4:10-cv-00189-ODS |

## MOTION TO REMAND

For a fifth time, Plaintiffs move the Court pursuant to 28 U.S.C. § 1447(c) for an Order remanding this class action lawsuit to the Circuit Court of Clay County, Missouri and awarding Plaintiffs the costs and actual expenses, including reasonable attorneys' fees, that they incur in these proceedings on the ground that the Court does not have original federal question jurisdiction over the controversy.

Defendants U.S. Bank National Association ND, Empire Funding Home Loan Owner Trust 1998-1, U.S. Bank National Association, and Wilmington Trust Company (the "Removing Defendants") removed this action to this Court contending that 12 U.S.C. 1819 conferred subject matter jurisdiction because the Federal Deposit Insurance Corporation ("FDIC") was a party to this suit. The FDIC, however, was not a party to this lawsuit at the time it was removed. Hence, 28 U.S.C. § 1819 did not confer jurisdiction upon this Court. Further, because jurisdiction does not arise under 28 U.S.C. § 1819, the Notice of Removal filed in this case was improper because such removal was not timely.

This is the fifth time Defendants and their counsel have removed this case to federal court. On each of the four prior occasions, this Court remanded the case to Clay County. See Gilmor v. Preferred Credit., No. 00-795-SOW, slip op. (W.D. Mo., Jan. 12, 2001) (remanding case because amount in controversy has not been met); Gilmor v. Preferred Credit., No. 00-1197-SOW, slip op. (W.D. Mo., Jan. 18, 2001) (same); Gilmor v. Preferred Credit., No. 01-928-SOW, slip op. (W.D. Mo., Nov. 19, 2001) (remanding case for lack of federal question jurisdiction); Gilmor v. Preferred Credit., No. 04-255-ODS, slip op. (W.D. Mo., Dec. 20, 2005) (remanding case because claims not preempted by National Bank Act).

The FDIC is clearly not a party to this case, and the instant removal is patently improper and abusive. Accordingly, pursuant to 28 U.S.C. § 1447(c), and as set forth in the Suggestions that Plaintiffs have filed in support of this motion, Plaintiffs also seek the Court's order awarding them their costs and actual expenses, including reasonable attorney's fees caused by the improper removal.

Dated: March 18, 2010

Respectfully Submitted,

WALTERS BENDER STROHBEHN
 &. VAUGHAN, P.C.

By /s/ R. Frederick Walters
  R. Frederick Walters-Mo. Bar 25069
  J. Michael Vaughan - Mo. Bar 24989
  Kip D. Richards - Mo. Bar 39743
  David M. Skeens -Mo. Bar 35728
  Eric M. Shimamoto – Mo. Bar 58990
  2500 City Center Square
  1100 Main Street
  Kansas City, MO 64196
  (816) 421-6620
  (816) 421-4747 (Facsimile)

ATTORNEYS FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

       The undersigned hereby certifies that this document was filed electronically with the United States District Court for the Western District of Missouri, Western Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court to all designated persons this **18th day of March 2010,** and a copy mailed by United States mail, first-class postage prepaid, addressed to the following individuals who are not designated to receive ECF notice from the Court:

Paul R. Dieseth
Dorsey & Whitney LLP
50 South 6th
Suite 1500
Minneapolis, MN 55402

Peter W. Carter
Dorsey & Whitney LLP
50 South 6th St
Suite 1500
Minneapolis, MN 55402

                                                    /s/ R. Frederick Walters