IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MICHAEL P. AND SHELLIE GILMOR, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> PREFERRED CREDIT CORPORATION., et al., <br><br> Defendants. | Case No. 4:10-cv-00189-ODS |

**SUGGESTIONS IN SUPPORT OF
PLAINTIFFS' MOTION TO REMAND**

Submitted by,

WALTERS BENDER STROHBEHN
& VAUGHAN, P.C.
2500 City Center Square
1100 Main Street
P.O. Box 26188
Kansas City, MO 64196
(816) 421-6620
(816) 421-4747 (Facsimile)

ATTORNEYS FOR PLAINTIFFS

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | QUESTION PRESENTED | 2 |
| III. | APPLICABLE LEGAL STANDARDS | 3 |
| IV. | ARGUMENT AND LEGAL AUTHORITIES | 3 |
| | A. This Court Lacks Subject Matter Jurisdiction and Must Remand the Case Because the FDIC is not a Party to this Litigation, as would be Required to Trigger Jurisdiction Under 12 U.S.C. § 1819 | 3 |
| | B. The Removal in this Case was also Untimely, and Should be Remanded to the Clay County Circuit Court on Procedural Grounds | 9 |
| | C. A Remand to the Clay County Circuit Court will Allow that Court to Address the state law Questions Raised by the Current Procedural Posture of this Case | 10 |
| | D. This Court Should Require, Pursuant to 28 U.S.C. § 1447(c), that the Removing Defendants Pay the Costs, Expenses, and Attorneys' Fees Plaintiffs Incur as a Result of this Removal | 12 |
| V. | CONCLUSION | 14 |

# TABLE OF AUTHORITIES

**CASES**

*Bank One Texas Nat'l Ass'n v. Elms*
   765 F.Supp. 85, 87 n. (N.D. Tex. 1991) ........................................................................... 7

*Buczkowski v. FDIC*
   415 F.3d 594, 596 (7th Cir. 2005) ............................................................................... 5- 8

*Calloway v. Union P.R. Co.*
   929 F.Supp. 1280, 1283 (E.D. Mo. 1996) ...................................................................... 13

*Cf. Schwartz v. Bann-Cor*
   No. 01-0980, slip op. (W.D. Mo. Oct. 22, 2001) ........................................................... 14

*Couch v. White Motor Co.,*
   290 F.Supp. 697, 699 (W.D. Mo. 1968) .......................................................................... 3

*Diaz v. McAllen State Bank*
   975 F.2d 1145 (5th Cir. 1992) ......................................................................................... 7

*Estate of Harding v. Bell*
   817 F.Supp. 1186, 1191 (D.N.J. 1993) ......................................................................8-10

*Excell, Inc. v. Sterling Boiler and Mechanical, Inc.*
   106 F.3d 318, 322 (10th Cir. 1997) .............................................................................. 13

*FDIC v. Loyd*
955 F.2d 316,326 (5th Cir. 1992) ................................................................................ 4-8

*FDIC v. Condit*
   861 F.2d 853 (5th Cir. 1988) .......................................................................................... 8

*Green v. Ameritrade, Inc.*
   279 F.3d 590, 596 (8th Cir. 2002) .................................................................................. 3

*In re Bus. Men's Assurance Co. of Am.*
   992 F.2d 181, 183 (8th Cir. 1993) .................................................................................. 3

*Interior Glass Serv., Inc. v. FDIC*, 691 F.Supp.
   1255, 1256-57 (D.Alaska 1988) ..................................................................................... 7

*J.E. Dunn Northwest, Inc. v. Salpare Bay, LLC*
   2009 WL 3571354, *4 (D.Or. Oct 26, 2009) ............................................................... 10

*Larkin Gen'l Hosp., Ltd. v. Am. Tel. & Tel. Co.*
  93 F.R.D. 497, 501-2 (E.D. Penn. 1982) ..............................................................................12

*Lytle v. Lytle*
  982 F.Supp. 671, 674 (E.D. Mo. 1997)................................................................................12

*McNutt v. General Motors Acceptance Corp.*,
  298 U.S. 178, 189 (1936).......................................................................................................3

*Pyle v. Meritor Sav. Bank*, 821 F.Supp.
  1072, 1074 n. 2 (E.D.Pa.1993)..........................................................................................9, 10

*Powers v. Chesapeake & O. Ry. Co.*
  169 U.S. 92, 101 (1898).....................................................................................................8, 13

*Quinn v. Ocwen Fed. Bank, FSB*
  470 F.3d 1240, 1248 (8th Cir. 2006) .................................................................................8, 13

*Shamrock Oil & Gas Corp. v. Sheets*
  313 U.S. 100, 108 (1941).......................................................................................................3

*State ex rel. Byrd v. Chadwick*
  956 S.W.2d 369, 378 n.6 (Mo. banc 1997).....................................................................11, 12

*Steel Co. v. Citizen for a Better Env't*,
  523 US 83, 94-94).................................................................................................................9

*Toledo Fair Housing Center v. Farmers Insurance Group of Companies*
  61 F.Supp.2d 681, 685 (N.D. Ohio 1999)............................................................................14

*Township of Whitehall v. Allentown Auto Auction*
  966 F.Supp. 385, 386 (E.D. Penn. 1997) .............................................................................14

*Village of Oakwood v. State Bank and Trust Co.*
  481 F.3d 364, 366 (6th Cir. 2007) .....................................................................................3, 9

**FEDERAL STATUTES AND RULES:**

12 U.S.C. § 1441a................................................................................................................ 6, 7

12 U.S.C. § 1819.........................................................................................2-6, 8-10, 13

28 U.S.C. § 1446................................................................................................................ 3, 4, 10

28 U.S.C. § 1447 .................................................................................................... 10, 12, 14

Fed. R. Civ. P. Rule 23 ............................................................................................... 11, 12

Fed. R. Civ. P. Rule 25 ........................................................................................................5

Fed. R. Civ. P. Rule 41 ..................................................................................................... 12

**MISSOURI RULES OF CIVIL PROCEDURE:**

Mo. R. Civ. P. 52.08 ..............................................................................................2, 11, 12

Mo. R. Civ. P. 52.13 .........................................................................................................5, 7

Mo. R. Civ. P. 67.02 ..................................................................................................... 1, 11

**TEXAS RULES OF CIVIL PROCEDURE:**

Tex. R. Civ. P. Rule 60 ........................................................................................................7

## I. INTRODUCTION

This case was filed nearly ten years ago, on June 27, 2000. Since then, it has been removed to the Western District of Missouri five times. With each prior removal, this Court has remanded the matter back to the Circuit Court of Clay County, all as more thoroughly described in the Notice of Removal filed with this court on February 26, 2010. See Notice of Removal (Doc. #1), at ¶¶ 2-13.

The state court docket in this case, which is attached hereto as Exhibit 1, reflects that Corus Bank, NA ("Corus Bank") filed a Motion to Substitute the Federal Deposit Insurance Corporation ("FDIC") as a party in this case on February 4, 2010. For unknown reasons, Plaintiffs did not receive service or any other notice of that motion until on or about February 17, 2010, when opposing counsel mentioned the motion to Plaintiffs' counsel in a telephone conversation, and subsequently emailed the same to Plaintiffs' counsel. See email from John Mazzei to Mike Vaughan, attached as Exhibit 2.[1] Upon learning of that Motion to Substitute, and consistent with their practices in this and similar Missouri Second Mortgage Loan Act class actions in both the state and federal courts, Plaintiffs immediately filed a Notice of Voluntary Dismissal Without Prejudice dismissing all claims and causes of action against Corus Bank. See, e.g., Plaintiffs' Notice, filed September 2, 2005, and this Court's Order of September 6, 2005, Dismissing Banc of America Mortgage Capital Corporation from this action, attached as Exhibits 3 and 4, respectively. The Plaintiffs' Notice of Voluntary Dismissal was filed pursuant to Missouri Rule 67.02(a), on February 17, 2010.

On February 25, 2010, Defendants U.S. Bank N.A., U.S. Bank N.A., N.D., Wilmington Trust Company and Empire Funding Home Loan Owner Trust 1998-1 (collectively, the

---

[1] Interestingly, on March 1, 2010, Corus Bank re-filed its Motion to Substitute in the Circuit Court of Clay County. See Exhibit 1. Plaintiffs also failed to receive a copy of that Motion to Substitute and learned of it when reviewing the state court's docket.

1

"Removing Defendants"), filed a Motion to Strike Plaintiffs' Voluntary Dismissal Without Prejudice (the "Motion to Strike"), in which the Removing Defendants asserted, before the state court, that Plaintiff's Notice of Dismissal was ineffective for failure to comply with Missouri Rule 52.08(e). (See doc. #1-4). Before Plaintiffs learned that the Removing Defendants had filed their Motion to Strike, they received ECF notices regarding this fifth Notice of Removal, filed by the Removing Defendants' in this Court on February 26, 2010. (Doc. #1).

Accordingly, there is no order from the Circuit Court of Clay County granting Corus Bank's Motion to Substitute. See Exhibit 1. Instead, because the Voluntary Dismissal controls, neither Corus Bank nor the FDIC was a party to this suit on February 26, 2010, when the case was removed. The Removing Defendants' Motion to Strike, filed in the state court immediately before their Notice of Removal to this Court, seems to concede this fact and necessarily requires the Circuit Court to vacate the voluntary dismissal of Corus Bank before addressing that entity's Motion to Substitute. Nonetheless, as a result of the instant removal, the Removing Defendants' Motion to Strike has yet to be fully briefed before the state court, much less ruled upon.

The Removing Defendants' Notice of Removal relies upon the presence of the FDIC as a party in this suit. Because the FDIC was never a party to this suit, and was not a party at the time of removal, Plaintiffs seek a fifth remand to the Circuit Court of Clay County, Missouri.

## II.   QUESTION PRESENTED

Whether a case not otherwise within the subject matter jurisdiction of the Federal Courts may be removed from the state court in which it is pending by a party-defendant on the basis of 12 U.S.C. § 1819, governing removal of actions to which the FDIC is a party, despite the fact that the FDIC has not been named or substituted in the underlying state court action and has not intervened or otherwise filed any pleadings or had any contact whatsoever with that state court

2

action.

### III. APPLICABLE LEGAL STANDARDS

To properly remove a case from state to federal court, a defendant must file a notice of removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). The burden is on the defendant (as the party invoking the jurisdiction of the district court) to establish subject matter jurisdiction. <u>McNutt v. General Motors Acceptance Corp.</u>, 298 U.S. 178, 189 (1936); <u>Green v. Ameritrade, Inc.</u>, 279 F.3d 590, 596 (8th Cir. 2002); <u>In re Bus. Men's Assurance Co. of Am.</u>, 992 F.2d 181, 183 (8th Cir. 1993). Where such jurisdiction is lacking, "the court's only function is to announce the lack of jurisdiction and dismiss or remand the case." <u>Village of Oakwood v. State Bank and Trust Co.</u>, 481 F.3d 364, 366 (6th Cir. 2007). The statutes providing for removal are strictly construed against removal and the court must resolve all doubts about federal jurisdiction in favor of state court jurisdiction. <u>Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S. 100, 108 (1941); <u>In re Bus. Men's Assurance</u>, 992 F.2d at 183; <u>Couch v. White Motor Co.</u>, 290 F.Supp. 697, 699 (W.D. Mo. 1968).

### IV. ARGUMENT AND LEGAL AUTHORITIES

**A. This Court Lacks Subject Matter Jurisdiction and Must Remand the Case Because the FDIC is not a Party to this Litigation, as would be Required to Trigger Jurisdiction Under 12 U.S.C. § 1819**

The Removing Defendants' assertion of federal jurisdiction in this case is premised solely upon 12 U.S.C. § 1819, a provision of the <u>Financial Institutions Reform, Recovery and Enforcement Act</u> of 1989, the relevant portion of which recites:

**(2) Federal court jurisdiction**

**(A) In general**
Except as provided in subparagraph (D), all suits of a civil nature at common law or in equity to which the [FDIC], in any capacity, is a party shall be deemed to arise under the laws of the United States.

3

**(B) Removal**
Except as provided in subparagraph (D), the [FDIC] may, without bond or security, remove any action, suit, or proceeding from a State court to the appropriate United States district court before the end of the 90-day period beginning on the date the action, suit, or proceeding is filed against the [FDIC] or the [FDIC] is substituted as a party.

12 U.S.C. §1819(b)(2)(A) and (B). Thus, under the statute, suits to which the FDIC "is a party" are deemed to arise under the laws of the United States. The three words, "is a party," contain all the authority necessary to preclude the exercise of federal jurisdiction in this case.

First, there is the present tense verb, "is." That the FDIC is not now, and was not at the time of removal, a party to the state court action pending in Clay County can be demonstrated in any number of ways. The FDIC does not appear as a party on that court's case docket. See "Parties & Attorneys" List, attached as Exhibit 5. No order has been entered substituting the FDIC a party in that case or otherwise joining them. See Exhibit 1. No motions or any other pleadings have been filed by the FDIC in that case. Id. In short, the FDIC has had no contact whatsoever with the case pending before the Clay County Circuit Court. See FDIC v. Loyd, 955 F.2d 316, 326 (5th Cir. 1992) ("we have never suggested that the FDIC has some cognizable status as a party in the state court case unless the FDIC has had at least some contact with the state court action").

Further, all of the verb tenses throughout this entire statutory scheme demonstrate that the FDIC must be a party litigant in the state court case before removal is proper. In addition to establishing that a case becomes removable only when the FDIC "is a party," 12 U.S.C. § 1819 establishes that the timeframe in which notice of removal must be filed begins when the FDIC is "substituted as a party," and 28 U.S.C. § 1446, upon with the Removing Defendants also rely, requires that the case "**is** one which **is** or **has become** removable" before removal is appropriate. (emphasis added).

4

Second, there is the phrase "a party," which defines the status that the FDIC must attain before 12 U.S.C. § 1819 becomes applicable. As the Seventh Circuit has explained when confronted with a related issue:

> Substitution "as a party" must mean "as a party to the litigation." Reading this language to mean "substituted as the failed bank's receiver" would turn the word "party" into mush. The FDIC may be a bank's receiver or insurer or regulator (its three statutory capacities) but it is not a "party" to anything in particular in any of these capacities. It becomes a "party" only in court.

Buczkowski v. FDIC, 415 F.3d 594, 596 (7th Cir. 2005).

That the FDIC was not a party litigant in the Clay County suit can be demonstrated as a simple matter of Missouri procedural law: Corus Bank's Motion to Substitute relies upon Rule 52.13(c), which governs substitutions based upon a transfer of an interest that is the subject of the suit, and which allows "the court upon motion" to effectuate a substitution of parties. Contrast this with Rule 52.13(d), which deals with public officers who are parties to litigation in their official capacity. When such officers "cease to hold office… the successor [in office] is **automatically** substituted as a party." (Emphasis added). If substitutions based upon a transfer of interest were intended to be "automatic," the language of Rule 52.13(c) would parallel that of 52.13(d). Instead, the Missouri Rules require a judge to rule on the question before substitution occurs.[2]

Indeed, it cannot even be said that the FDIC is **the receiver** of a "party" in the case pending before the Clay County Circuit Court. The only defendant in receivership was Corus Bank. The Plaintiffs filed a Notice of Voluntary Dismissal of all claims against that entity on February 17, 2010. The Removing Defendants then filed, on February 25, 2010, a Motion to Strike that notice. The state trial court, however, has yet to address that Motion, since the Removing Defendants prevented any ruling thereon by filing the instant Notice of Removal on

---

[2] Federal Procedural Rules are in accord. *Compare* Fed. R. Civ. P. Rule 25(c); *with* Fed. R. Civ. P. Rule 25(d).

5

the following day. In the absence of a ruling on that Motion to Strike, however, it is impossible for anyone to be substituted for Corus Bank, since Corus Bank, itself, is not a party to the suit unless the Removing Defendants' Motion to Strike is granted. Further, the fact that the defendants who now seek removal are the same defendants who filed the currently pending Motion to Strike in Clay County would seem to constitute a legal admission that the state court must determine Corus Bank's "party" status in this litigation and, ultimately, whether the FDIC will be substituted for that entity as a party in this suit.

In an effort to evade the rather obvious jurisdictional impediment represented by the words "is a party," the Removing Defendants attempt to construct a statutory scheme in which "[t]he FDIC is deemed to become a party to an action for the purpose of 12 U.S.C. § 1819 upon the service of a motion or pleading which discloses that the FDIC has become the real party in interest, such as a Motion for Intervention." (Doc. #1, at ¶ 18). In support of this proposition, the Removing Defendants cite Buczkowski, 415 F.3d at 596, and Loyd, 955 F.2d at 327. Id. Those citations are, at best, disingenuous.

Buczkowski does indeed contain a discussion of when a receiver may be "deemed to become a party," for purposes of a removal statute, but that discussion, as made clear in the opinion itself, deals with the statute governing removals by the Resolution Trust Corporation ("RTC"). Buczkowski, 415 F.3d at 596-7. The RTC, like the FDIC, is statutorily entitled to a removal when it "is substituted as a party." 12 U.S.C. § 1441a(*l*)(3)(A)(i). Another provision in the RTC statutory scheme defines when the RTC shall be "deemed substituted" for removal purposes. 12 U.S.C. § 1441a(*l*)(3)(B).[3] As the Buczkowski opinion points out, however, no

---

[3] That provision reads: "The [RTC] shall be deemed substituted in any action, suit, or proceeding for a party upon the filing of a copy of the order appointing the Corporation as conservator or receiver for that party or the filing of such other pleading informing the court that the Corporation has been appointed conservator or receiver for such party." 12 U.S.C. § 1441a(*l*)(3)(B).

6

similar provision provides for the FDIC to be "deemed substituted," for purposes of its removal statute. Buczkowski, 415 F.3d at 596-7 ("The FDIC wants us to apply this definition to its own removal statute despite its absence from § 1819"). While the Buczkowski court does acknowledge that such an approach might be sensible and even discusses the possibility that Congress may have intended as much, id. at 597, the Removing Defendants' reading of Buczkowski rather pointedly ignores the conclusion to that discussion, in which the court notes, "[t]his is not to say that the definition in § 1441a(*l*)(3)(B) 'applies' to § 1819(b)(2)(B); these laws do not cross-reference each other. Our point, rather, is that the events that gave § 1819(b)(2)(B) its current form confirm the statute's most natural reading." Id. And, as noted above, that natural reading requires that "[s]ubstitution 'as a party' must mean 'as a party to the litigation.'" Buczkowski 415 F.3d at 596.

The Removing Defendants' citation to Loyd fares no better. In fact, the page cited in the Notice of Removal contains the holding in that case, "that the FDIC cannot be considered a party for the purposes of § 1446(b) until it has made an appearance, voluntary or involuntary, in the state court case." Loyd, 955 F.2d at 327; accord, Diaz v. McAllen State Bank, 975 F.2d 1145 (5th Cir. 1992).[4] It is also worth noting that, contrary to the assertion contained in paragraph 18 of the Notice of Removal, neither Buczkowski nor Loyd relies in any way on the fact that the FDIC, as a receiver, has become the "real party in interest." Both cases reject that notion in general and Loyd explicitly points out that there is a "difference between a real party in interest

---

[4] "[T]he time period [for removal] begins to run from the date the FDIC 'is substituted as a party' (i.e. intervenes)." Diaz, 975 F.2d at 1147. While Diaz does not address in any detail the fact that the FDIC's intervention in that case equated to having been "substituted as a party," it is relevant that the state court rules applicable in that case, unlike Missouri Rule 52.13(c), require no court action for intervention to be effective: "Any party may intervene by filing a pleading, subject to being stricken out by the court for sufficient cause on the motion of any party." Tex. R. Civ. P. Rule 60; see also, Bank One Texas Nat'l Ass'n v. Elms, 764 F.Supp. 85, 87 n.3 (N.D. Tex. 1991); accord Interior Glass Serv., Inc. v. FDIC, 691 F.Supp. 1255, 1256-57 (D.Alaska 1988) (applying Alaska state court rule parallel to Missouri Rule 52.13(c), and noting that "[u]ntil the state court, in the exercise of its discretion, granted FDIC's motion to substitute as the party defendant, the FDIC was not a party").

7

and a formal party." Loyd, 955 F.2d at 326, n.11 (explaining and distinguishing dicta in FDIC v. Condit, 861 F.2d 853 (5th Cir. 1988)).

Unlike the present case, the FDIC, in both Buczkowski and Loyd, intervened in the underlying state court action prior to removal. That is the crucial distinction. By doing so, the FDIC satisfied the statutorily imposed requirement that it had "made an appearance, voluntary or involuntary, in the state court case," prior to removal. Loyd, 955 F.2d at 327. By intervening in the state court proceeding, and only by doing so, the FDIC becomes a "party" for removal purposes, because "[i]t becomes a 'party' only in court." Buczkowski, 415 F.3d at 596.

Where, as here, the FDIC has made no appearance in the state court action, removal under 12 U.S.C. § 1819 is impossible because it is the FDIC's presence as a party litigant, and nothing else, that confers subject matter jurisdiction pursuant to that statute. Thus, in Estate of Harding v. Bell, 817 F.Supp. 1186 (D.N.J. 1993), in which the FDIC requested that it be substituted for a defendant after removing pursuant to 12 U.S.C. § 1819, the court found the removal improper, reasoning that "removal cannot occur until the FDIC has been named or substituted as a party in state court." Harding, 817 F.Supp. at 1190;[5] accord, Powers v. Chesapeake & O. Ry. Co., 169 U.S. 92, 100 (1898) ("so long as there does not appear of record to be any removable controversy, no party can be entitled to remove it"); Quinn v. Ocwen Fed. Bank, FSB, 470 F.3d 1240, 1248 (8th Cir. 2006) ("jurisdiction is determined at the time of removal").

Because the FDIC is not a party litigant in this case, 12 U.S.C. § 1819 does not confer jurisdiction. "In the absence of jurisdiction, the court's only function is to announce the lack of

---

[5] The court in Harding also found, without explanation, that the failure to substitute prior to removal was a procedural defect. Harding, 817 F.Supp. at 1193. With all due respect to the New Jersey District Court, it is difficult to perceive how the absence of a party **whose presence creates jurisdiction** can be anything short of a jurisdictional defect. In any case, the distinction is immaterial in the instant case, since 30 days have not elapsed since the Notice of Removal in this case, and a remand is appropriate whether grounded upon the lack of subject matter jurisdiction or upon mere procedural defect.

8

jurisdiction and dismiss or remand the case. Because this requirement 'springs from the nature and limits of the judicial power of the United States, [it] is inflexible and without exception.'" Village of Oakwood, 481 F.3d at 366 (quoting Steel Co. v. Citizen for a Better Env't, 523 US 83, 94-94) (internal citations omitted). The FDIC's absence as a party litigant in this suit thus mandates a remand to state court for lack of Federal subject matter jurisdiction.

### B. The Removal in this Case was also Untimely, and Should be Remanded to the Clay County Circuit Court on Procedural Grounds

The Removing Defendants premise the propriety of removal in this case upon 12 U.S.C. § 1819. That statute establishes a 90-day window within which the FDIC may remove an action "from a State court to the appropriate United States district court." 12 U.S.C. § 1819(b)(2)(B). That 90-day window, however, begins "on the date the action, suit, or proceeding is filed against the [FDIC] or the [FDIC] is substituted as a party." *Id.* As more thoroughly described above, neither of those triggering events has occurred in this case. No claims have been filed against the FDIC, and the FDIC has not been "substituted as a party" in this case. Harding, 817 F.Supp. at 1191 (finding removal untimely because 12 U.S.C. § 1819(b)(2)(B) "requires substitution in the state proceeding before removal"); Pyle v. Meritor Sav. Bank, 821 F.Supp. 1072, 1074 n. 2 (E.D.Pa.1993) (FDIC removal procedurally defective where FDIC was not substituted in state court action). While Corus Bank has filed a Motion to Substitute the FDIC, that motion has not been granted by the state trial court. Thus, the FDIC is not currently a party to the state court action that is the subject of this removal.

Apparently recognizing that the 90-day window prescribed by 12 U.S.C. § 1819(b)(2)(B) applies only to a removal initiated by the FDIC,[6] the Removing Defendants assert that their

---

[6] The FDIC's removal statute also provides the FDIC with a unilateral right to remove. The Removing Defendants seem, further, to have acknowledged the inapplicability of that provision by filing various Consents to Removal along with their Notice of Removal. It is noteworthy that one of those Consents to Removal has been executed on

9

Notice of Removal falls within the thirty-day removal period prescribed by 28 U.S.C. § 1446(b). Thus, according to the Removing Defendants, a notice of removal pursuant to 12 U.S.C. § 1819 is timely if filed at any time within thirty days of receipt of "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).

The Removing Defendants' reading of 28 U.S.C. § 1446(b), however, completely ignores the express language in 12 U.S.C. § 1819(b)(2)(A), requiring that the FDIC "is a party," and 12 U.S.C. § 1819(b)(2)(B), requiring that the FDIC actually be "substituted as a party," prior to removal. See, e.g., J.E. Dunn Northwest, Inc. v. Salpare Bay, LLC, 2009 WL 3571354, *4 (D.Or. Oct 26, 2009) (finding FDIC Notice of Removal defective where state trial court had not first granted FDIC's motion to substitute in state court proceeding). At best, Corus Bank's Motion to Substitute suggests the possibility that the FDIC may, at some point, become a party to this case, but that is not the same thing as a pleading establishing that the case "**is** one which **is** or **has become** removable." 28 U.S.C. § 1446(b) (emphasis added); see also Harding, 817 F.Supp. at 1191; Pyle, 821 F.Supp. at 1074 n. 2.

Because the FDIC has not been substituted in this action, the instant removal would not be timely under the 90-day removal period contained in 12 U.S.C. § 1819(b)(2)(B), and nothing in the language of 26 U.S.C. § 1446(b) cures that defect. Accordingly, this case is subject to remand pursuant to 28 U.S.C. § 1447(c).

### C. A Remand to the Clay County Circuit Court will Allow that Court to Address the state law Questions Raised by the Current Procedural Posture of this Case

---

behalf of "Corus Bank NA and Federal Deposit Insurance Corporation." Since the Removing Defendants' theory of jurisdiction ultimately requires that the FDIC has been substituted for Corus Bank, it is telling that even they can't decide which of those entities is currently a party litigant in this suit. Plaintiffs assert that the answer to that question is "neither." In any case, this considerable—and highly relevant—confusion, which arises under Missouri procedural law, ought to be resolved by the Clay County Circuit Court, and would have been, had the Removing Defendants not filed their premature Notice of Removal.

10

The Removing Defendants' Motion to Strike is currently pending before the Clay County Circuit Court. That motion asserts that the Plaintiffs' Notice of Voluntary Dismissal without Prejudice is ineffective for failure to comply with Missouri Rule 52.08(e).[7] That Rule requires "approval of the court" following notice to class members "in such manner as the court directs," in order to dismiss or compromise a "class action." The Plaintiffs, however, have not sought to dismiss or compromise this class action, which remains pending in Clay County. Instead, the notice filed with that court dismisses claims against a single defendant, does so without prejudice, and is not based upon a payment to the Plaintiffs or any other form of "compromise." In short, that notice does nothing to prevent any class member from asserting claims against Corus Bank, and is no different from prior notices to which the Removing Defendants have voiced no objection. See, e.g., Exhibits 3 and 4.

Further, Missouri Rule 52.08(e) does not specify that any particular type of pleading is necessary to obtain court approval or to effectuate whatever notice that court may, in its discretion, direct.[8] In fact, the only Missouri Rule governing voluntary dismissals is Missouri Rule 67.02, with which Plaintiffs complied by filing their Notice. As a result, the Removing Defendants' Motion to Strike has, at best, placed questions of whether and how notice to the class should be accomplished, whether the approval described by Rule 52.08(e) is required in this case and, if so, whether such approval should be granted. Having thus placed a series of Missouri procedural issues before a Missouri Court, the Removing Defendants have nonetheless

---

[7] Missouri Rule 52.08(e) generally parallels Federal Rule 23(e). Prior to a 2003 amendment to the Federal Rule, the two rules were identical, and Missouri Courts applied Federal precedents in interpreting the state rule. See, e.g., State ex rel. Byrd v. Chadwick, 956 S.W.2d 369, 377 n.5 (Mo. banc 1997). Missouri courts appear not to have had occasion to consider whether Federal precedents since 2003 continue to provide guidance regarding the state rule.

[8] As noted above, see footnote 7, Missouri's Rule 52.08(e) is no longer identical to Federal Rule 23(e). As a result, the state rule does not contain the level of procedural detail that is found in the current version of Federal Rule 23(e).

11

deprived that same court of any opportunity to provide answers. In fact, the precipitous removal in this case has prevented Plaintiffs from even responding to that Motion to Strike.

Plaintiffs' response thereto will undoubtedly point out that the Removing Defendants' Motion to Strike asserts no basis for the state court to deny approval of the dismissal at issue. The purpose of Missouri Rule 52.08(e) is to ensure that class action dismissals and settlements are fair, reasonable and adequate, particularly with regard to the interests of class members who may be affected thereby. See, e.g., State ex rel. Byrd, 956 S.W.2d at 378 n.6 (listing factors). The dismissal at issue in this case is a dismissal without prejudice, and does not involve the payment of any money. As such, that dismissal creates no possibility of a collusive settlement or any other form of prejudice to absent class members. See, e.g., Larkin Gen'l Hosp., Ltd. v. Am. Tel. & Tel. Co, 93 F.R.D. 497, 501-2 (E.D. Penn. 1982) (approving voluntary dismissal originally filed pursuant to Federal Rule 41(a)(1), as required by Federal Rule 23(e), in pre-certification class action).

Finally, the fact that the Removing Defendants, themselves, filed their Motion to Strike in the Clay County Circuit Court suggests that all parties to the present dispute actually recognize that the state court is the proper body to decide the questions of Missouri Procedural law raised by the current posture of this case. This Court should remand the case to that court so that those questions may be answered.

### D. This Court Should Require, Pursuant to 28 U.S.C. § 1447(c), that the Removing Defendants Pay the Costs, Expenses, and Attorneys' Fees Plaintiffs Incur as a Result of this Removal

"An order remanding a case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The key to such an award is the propriety of a defendant's decision to remove. Lytle v. Lytle, 982 F.Supp.

12

671, 674 (E.D. Mo. 1997). Notably, the "statute does not require a finding that the state court action was removed in bad faith as a prerequisite to an award of attorney's fees and costs." Id.; Calloway v. Union P.R. Co., 929 F.Supp. 1280, 1283 (E.D. Mo. 1996) ("[a]n award of attorney fees on remand is discretionary and not dependent upon a finding of bad faith"); Excell, Inc. v. Sterling Boiler and Mechanical, Inc., 106 F.3d 318, 322 (10th Cir. 1997) ("[t]he district court does not have to find that the state court action has been removed in bad faith as a prerequisite to awarding attorney fees and costs for purposes of § 85).

A cursory review of the history of this case reveals that the FDIC has never been a party to this suit, and was not a party to this suit at the time of removal as required by both the plain language of 12 U.S.C. § 1819 and the general and longstanding principal that Federal jurisdiction over a removed case must be "determined at the time of removal." Quinn, 470 F.3d at 1248; see also, Powers, 169 U.S. at 101 (case not removable until "the action assumes the shape of a removable case in the court in which it was brought"). In order to determine that the FDIC is not a party in the state court action, one need look no further than the state court's docket. Indeed, the Removing Defendants, prior to removing this case, filed a Motion to Strike the Plaintiffs' earlier filed Notice of Voluntary Dismissal, clearly demonstrating their understanding that the Dismissal of Corus Bank prevented any substitution of the FDIC into this case as a party litigant. Indeed, so long as Corus Bank is not a party to this suit, the FDIC has no interest in its outcome, and cannot be substituted into the case. Apparently recognizing that both their own Motion to Strike and Corus Bank's Motion to Substitute would have to be granted by the state court before Federal jurisdiction could mature in this case, and also likely recognizing the high probability that neither of those events would come to pass, the Removing Defendants decided to take the issue out of the state court's hands by filing this improvident removal. In doing so, the

13

Removing Defendants have imposed unnecessary delay and expense on all parties.

Further, this is not the first, but the fifth time that Defendants and their counsel have delayed the resolution of Plaintiffs' state law claims through an improvident Notice of Removal. This Court should not hesitate in awarding Plaintiffs their costs, expenses and attorneys' fees and send a message to Defendants that conduct of this sort will not be condoned. Cf. Schwartz v. Bann-Cor, No. 01-0980, slip op. (W.D. Mo. Oct. 22, 2001) (granting plaintiffs' motion for costs and fees in a similar case); Toledo Fair Housing Center v. Farmers Insurance Group of Companies, 61 F.Supp.2d 681, 685 (N.D. Ohio 1999) (attorneys' fees and costs awarded because of a "lack of any colorable grounds supporting removal"); Township of Whitehall v. Allentown Auto Auction, 966 F.Supp. 385, 386 (E.D. Penn. 1997) (award of attorneys' fees and costs "is particularly appropriate where the lack of jurisdiction is plain in the law and would have been revealed to counsel for the Defendant with a minimum of research").

## V.   CONCLUSION

For the foregoing reasons, the Court should again remand this case to the Circuit Court of Clay County, Missouri on the grounds that this Court lacks subject matter jurisdiction over Plaintiffs' state law claims, or that the removal is not timely filed. In addition, the Court should, as a part of the order remanding the case, award Plaintiffs their costs and expenses, including attorney's fees, incurred as a result of this fifth improvident removal of this case, pursuant to 28 U.S.C. § 1447(c).

Dated: March 18, 2010

                                                        Respectfully Submitted,

                                                        WALTERS BENDER STROHBEHN
                                                         &. VAUGHAN, P.C.

                                                       By  /s/ R. Frederick Walters
                                                          R. Frederick Walters-Mo. Bar 25069
                                                          J. Michael Vaughan - Mo. Bar 24989
                                                          Kip D. Richards - Mo.  Bar 39743
                                                          David M. Skeens -Mo.  Bar 35728
                                                          Eric M. Shimamoto – Mo. Bar 58990
                                                          2500 City Center Square
                                                          1100 Main Street
                                                          Kansas City, MO 64196
                                                          (816) 421-6620
                                                          (816) 421-4747 (Facsimile)

                                                     ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

       The undersigned hereby certifies that this document was filed electronically with the United States District Court for the Western District of Missouri, Western Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court to all designated persons this **18th day of March 2010,** and a copy mailed by United States mail, first-class postage prepaid, addressed to the following individuals who are not designated to receive ECF notice from the Court:

Paul R. Dieseth
Dorsey & Whitney LLP
50 South 6th
Suite 1500
Minneapolis, MN 55402

Peter W. Carter
Dorsey & Whitney LLP
50 South 6th St
Suite 1500
Minneapolis, MN 55402

                                                            /s/ R. Frederick Walters