# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

| | | |
|---|---|---|
| **MICHAEL P. AND SHELLIE GILMOR,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 4:10-CV-00189-ODS** |
| | ) | |
| **PREFERRED CREDIT CORPORATION,** | ) | |
| **et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

---

## REMOVING DEFENDANTS' SUGGESTIONS IN OPPOSITION TO
## PLAINTIFFS' MOTION TO REMAND

---

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................... 1

II. LEGAL STANDARD .................................................................................................... 1

III. ARGUMENT ................................................................................................................ 2

  A. The Court Has Subject Matter Jurisdiction ......................................................... 3

    1. The FDIC Becomes A Party Within The Meaning Of Section 1819 When A Motion For Substitution Is Filed, Not When That Motion Is Granted And The FDIC Formally Becomes A Party. ............................................................... 4

    2. The FDIC Did Not Have To File The Substitution Motion Or Formally Enter An Appearance In Order For It To Be Deemed A Party Within The Meaning of Section 1819 ................................................................................................... 8

    3. Plaintiffs' Notice Of Voluntary Dismissal Of Corus Bank And The FDIC Was Of No Effect. ............................................................................................ 12

  B. The Removal Was Timely. ................................................................................. 14

IV. CONCLUSION ........................................................................................................... 15

## TABLE OF AUTHORITIES

## TABLE OF AUTHORITIES

CASES

*Baker v. America's Mortgage Servicing, Inc.*,
58 F.3d 321 (7th Cir. 1995) ....................................................................13

*Bank One Texas Nat'l Ass'n v. Elms*,
764 F. Supp. 85 (N.D. Tex. 1991) ............................................................7

*Buczkowski v. FDIC*,
415 F.3d 594 (7th Cir. 2005) ..........................................................*Passim*

*Buczkowski v. Superior Bank, FSB*,
No. 04C-00968 (N.D. Ill. filed February 6, 2004) ....................................4

*Bullion Services, Inc. v. Valley State Bank*,
50 F.3d 705 (9th Cir. 1995) ................................................................. 1-2

*Casey v. FDIC*,
583 F.3d 586 (8th Cir. 2009) ............................................................6, 8

*Diaz v. McAllen State Bank*,
975 F.2d 1145 (5th Cir. 1992) ..................................................................7

*Estate of Harding v. Bell*,
817 F. Supp. 1186 (D.N.J. 1993) ............................................................10

*FDIC v. Loyd*,
955 F.2d 316 (5th Cir. 1992) ........................................................ 2, 7, 10-11

*FDIC v. Otero*,
598 F.2d 627 (1st Cir. 1979)....................................................................2

*Golden Valley Disposal v. Jenkins Diesel Power*,
183 S.W.3d 635 (Mo. Ct. App. 2006)......................................................13

*Heaton v. Monogram Credit Card Bank of Ga.*,
297 F.3d 416 (5th Cir. 2002) ..................................................................11

*Interior Glass Serv., Inc. v. FDIC*,
691 F. Supp. 1255 (D. Alaska 1988) ........................................................7

*J.E. Dunn Northwest, Inc. v. Salpare Bay, LLC*,
No. Civ. 09-1068-KI, 2009 WL 3571354 (D. Or., Oct. 26, 2009) ...........7

*Lazuka v. FDIC*,
  931 F.2d 1530 (11th Cir. 1991) ........................................................................2

*Mizuna, Ltd. v. Crossland Fed. Savings Bank*,
  90 F.3d 650 (2d Cir. 1996)........................................................................1, 12

*Phipps v. FDIC*,
  417 F.3d 1006 (8th Cir. 2005) ......................................................................11

*Pyle v. Meritor Sav. Bank*,
  821 F. Supp. 1072 (E.D. Pa. 1993) ..............................................................10

*Reding v. FDIC*,
  942 F.2d 1254 (8th Cir. 1991) ................................................................1, 4, 12

*Shelter Mut. Ins. Co. v. Vulgamott*,
  96 S.W.3d 96 (Mo. Ct. App. 2003)................................................................13

*State ex rel. Byrd v. Cadwick*,
  956 S.W.2d 369 (Mo. 1997) ..........................................................................13

*Tombers v. FDIC*,
  No. 08 Civ. 5068 (NRB), 2009 WL 613207 (S.D.N.Y., Mar. 4, 2009)................11

## STATUTES

12 U.S.C. § 1441a(l)(3)(A)(i) .....................................................................5

12 U.S.C. § 1441a(l)(3)(B) ................................................................5, 8, 10

12 U.S.C. § 1819....................................................................................*Passim*

12 U.S.C. § 1819(b)(2)(A)........................................................................2, 4

12 U.S.C. § 1819(b)(2)(A–B) ................................................................1, 15

12 U.S.C. § 1819(b)(2)(B) ......................................................................*Passim*

28 U.S.C. § 1331.......................................................................................2

28 U.S.C. § 1441(a) ...........................................................................1-2, 15

28 U.S.C. § 1446(b) .......................................................................3, 10, 14

Federal Deposit Insurance Corporation Improvement Act of 1991, Pub. L. No. 102-242, §
  161(d), 105 Stat. 2236, 2286 (1991) ............................................................6

## Other Authorities

Fed. R. Civ. P. 23 ...........................................................................................................13

Missouri Rule of Civil Procedure 52.08 .............................................................................. 12-14

Missouri Rules of Civil Procedure 67.02..............................................................................12

## I.    INTRODUCTION

Defendants U.S. Bank National Association N.D., Empire Funding Home Loan Owner Trust 1998-1, and U.S. Bank National Association and Wilmington Trust Company in both their individual capacities and their capacities as trustees of the trust (the "Removing Defendants") have properly removed this case to federal court.   Under well-established Circuit Court precedent, upon the filing of the motion seeking to substitute the Federal Deposit Insurance Corporation (the "FDIC") for Corus Bank, this case was deemed to arise under the laws of the United States.  12 U.S.C. § 1819(b)(2)(A–B).  The Removing Defendants thus had the right to remove this action under 28 U.S.C. § 1441(a).

Plaintiffs' arguments in support of their request that this Court remand the case are meritless.  They misread the statutory provisions and case law.  In addition, the voluntary motion for dismissal on which they rely, filed in a vain effort to avoid removal, was of no legal effect.

Accordingly, the Removing Defendants respectfully request that plaintiffs' motion to remand be denied in its entirety.

## II.    LEGAL STANDARD

Although the legal standard cited by plaintiffs may govern other removals, Congress, through the jurisdictional grant at issue in this suit, 12 U.S.C. §§ 1819(b)(2)(A–B), "deliberately sought to channel the cases in which the FDIC would have or may wield [its] powers away from the state courts and into federal courts."  *Mizuna, Ltd. v. Crossland Fed. Savings Bank*, 90 F.3d 650, 657 (2d Cir. 1996).  Thus, the removal provision in Section 1819(b)(2)(B) "consistently has been construed as an attempt by Congress to expand, rather than restrict, the FDIC's ability to litigate in a federal forum."  *Bullion Services, Inc. v. Valley State Bank*, 50 F.3d 705, 708 (9th Cir. 1995) (internal citations omitted).  This has led the Eighth Circuit to hold that a presumption of federal jurisdiction applies under Section 1819 to suits involving the FDIC. *Reding v. FDIC*,

942 F.2d 1254, 1258 (8th Cir. 1991); *see also Lazuka v. FDIC*, 931 F.2d 1530, 1535 (11th Cir. 1991) (interpreting 12 U.S.C. § 1819(b)(2)(A) as "creating a rebuttable presumption of federal jurisdiction"), *superseded on other grounds by statute as stated in* Buczkowski v. FDIC*, 415 F.3d 415 F.3d 594, 596 (7th Cir. 2005)*.  Accordingly, Section 1819(b)(2) should be construed in accord with "Congress's goal that claims asserted against the FDIC be heard and decided by the federal courts."  *Bullion*, 50 F.3d at 709 (internal quotations omitted).

## III.   ARGUMENT

This case was removed upon the filing in state court of a Motion for Substitution of the FDIC for Corus Bank and the consequent vesting of original federal subject matter jurisdiction in this court.  12 U.S.C. § 1819 (b)(2)(A) provides that "all suits of a civil nature at common law or in equity to which the [FDIC], in any capacity, is a party shall be deemed to arise under the laws of the United States."  The federal courts have federal question jurisdiction over such actions.  *See* 28 U.S.C. § 1331(giving federal courts jurisdiction over civil actions "arising under the Constitution, laws or treaties of the United States").  Thus, when the FDIC became a party to this action within the meaning of Section 1819, the Removing Defendants had the right to remove the case under 28 U.S.C. § 1441(a), which provides in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).  *See FDIC v. Loyd*, 955 F.2d 316, 328–29 (5th Cir. 1992) ("Section 1819 authorizes removal by any party to litigation entered by the FDIC, not just the FDIC"); *FDIC v. Otero*, 598 F.2d 627, 630 (1st Cir. 1979).

The question of when the FDIC is deemed to become a party, thus triggering the right of removal, is governed by 12 U.S.C. § 1819(b)(2)(B), which sets forth the time when the FDIC is

allowed to remove an action. Under that subsection, the right of removal begins when the FDIC "is substituted as a party," a phrase which courts have interpreted as occurring upon the service of a motion or pleading which discloses that the FDIC has been appointed as the receiver for a defendant bank. *See*, *e.g.*, *Buczkowski v. FDIC*, 415 F.3d 594, 596 (7th Cir. 2005). The Motion for Substitution filed by Corus Bank appended the letter appointing the FDIC as receiver for Corus Bank. Thus, upon the filing of that Motion, the FDIC became a party to this action for the purpose of 12 U.S.C. § 1819, the case was deemed to arise under the laws of the United States, and the Removing Defendants had the right to remove the case to federal court.

That removal was timely. 28 U.S.C. § 1446(b) provides that if the case stated by the initial pleading is not removable, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . ." The Removing Defendants were thus entitled to file a notice of removal within thirty days after their receipt of Corus Bank's Motion for Substitution. The Removing Defendants met that deadline. In addition, all necessary written consents, including the written consent of the FDIC, have been filed with this Court.

### A. The Court Has Subject Matter Jurisdiction.

Plaintiffs contend that original federal subject matter jurisdiction never attached because the FDIC was never "substituted as a party" within the meaning of Section 1819. In various portions of their brief, plaintiffs offer three arguments in support of that position: (1) the FDIC must be formally named as a party before removal is permitted; (2) the right to remove did not attach since Corus Bank, not the FDIC, filed the motion for substitution and the FDIC did not otherwise enter an appearance in state court; and (3) plaintiffs' Notice of Voluntary Dismissal

dismissed both Corus Bank and the FDIC as parties to the case. In each case, plaintiffs are wrong.

1. **The FDIC Becomes A Party Within The Meaning Of Section 1819 When A Motion For Substitution Is Filed, Not When That Motion Is Granted And The FDIC Formally Becomes A Party.**

Plaintiffs read Section 1819 narrowly, claiming that a lawsuit is not deemed to "arise under the laws of the United States" until a motion for substitution is granted and the FDIC formally becomes a party to the case. That is not the law.

In *Buczkowski v. FDIC*, 415 F.3d 594, 596 (7th Cir. 2005), the FDIC was appointed the receiver of Superior Bank, a defendant in a state court action. The FDIC moved to intervene and at the same time removed the case to federal court. The Seventh Circuit said that the case should not be remanded even though the intervention motion had not been decided prior to removal.[1] *Id*. at 595. Writing for the court, Judge Easterbrook found that the FDIC became a party within the meaning of 12 U.S.C. § 1819(b)(2)(A) upon the *filing* of the intervention motion. *Id*. at 597.

Plaintiffs mischaracterize this decision in their brief, claiming that the court in *Buczkowski* held that the motion for intervention had to be decided *before* the FDIC could be considered a party. As noted above, that was not the court's holding. In an effort to make the case say something that it does not, plaintiffs cite to the language in the opinion saying that "'as a party' must mean 'as a party to the litigation'" not "substituted as the failed bank's receiver." (Pl. Br. at 5.) This excerpt, however, merely reflects the Seventh Circuit's rejection of an argument that the FDIC's clock for removing the case began running months earlier when the

---

[1] The FDIC filed its petition to intervene on the same day that it filed its Notice of Removal. Appended hereto as Exhibit 1 are excerpts from the Notice of Removal filed by the FDIC in *Buczkowski*, including the Notice of Removal itself, the FDIC's petition to intervene (which was Exhibit 1 to the Notice of Removal) and the Notices and Certificates of Service showing they were filed on the same day. *Buczkowski v. Superior Bank, FSB*, No. 04C-00968 (N.D. Ill. filed February 6, 2004).

FDIC was appointed receiver. The language quoted by plaintiffs represents the court's conclusion that the date when the FDIC became receiver was irrelevant. The clock begins ticking when the FDIC becomes a party to the litigation. As noted above, the court went on to find that the FDIC became a party to the litigation when the motion for intervention was filed. The court did not hold, as plaintiffs claim, that the FDIC needed to be formally named a party before the right to remove attached.

In reaching their decision, the Seventh Circuit relied upon a removal statute applicable to the Resolution Trust Corporation (the "RTC") which was "identical to § 1819(b)(2)(B)." *Buczkowski*, 415 F.3d at 596. *Compare* 12 U.S.C. § 1819(b)(2)(B) *with* 12 U.S.C. § 1441a(l)(3)(A)(i). The Seventh Circuit noted that, under 12 U.S.C. § 1441a(l)(3)(B), the RTC is substituted as a party "upon the filing of a copy of the order appointing the [RTC] as conservator or receiver for that party or the filing of such other pleading informing the court that the [RTC] has been appointed conservator or receiver" for that party. 415 F.3d at 596. The FDIC asked the Seventh Circuit in *Buczkowski* to apply that definition to the FDIC removal statute, even though it was absent from Section 1819. The Seventh Circuit characterized this request as "sensible," noting that it would "confirm the statute's most natural reading." 415 F.3d at 597. Agreeing that the FDIC removal statute should be read consistently with the RTC removal statute, the Seventh Circuit concluded that the FDIC properly removed the case after it filed a motion to intervene that attached a copy of the order appointing it as receiver. Accordingly, under the FDIC removal statue, read consistently with the RTC removal statute, the FDIC's right to remove the case in *Buczkowski* began running *after* the motion to intervene was filed, but *before* that motion was granted.

The Seventh Circuit's interpretation of Section 1819 and its reliance upon the RTC removal statute is reasonable and supported by other circuit courts. The "substituted as a party" language in Section 1819 was added to the FDIC removal statute only one week after Congress passed the RTC removal statute. *Buczkowski*, 415 F.3d at 597. It was part of a "Technical Corrections and Clarifications" bill. The subsection adding the "substituted as a party" language was entitled "FDIC Removal Period Made Consistent with RTC Period." *See* Federal Deposit Insurance Corporation Improvement Act of 1991, Pub. L. No. 102-242, § 161(d), 105 Stat. 2236, 2286 (1991). As the *Buczkowski* court noted, "reading these texts differently just because § 1819 lacks some elaboration that appears in § 1441a would double-cross the legislature unless there is a reason to think that the two statutes serve different ends." 415 F.3d at 597.

The Eighth Circuit has agreed with the Seventh Circuit that the RTC and FDIC removal statutes should be read in harmony with one another. In *Casey v. FDIC*, 583 F.3d 586 (8th Cir. 2009), the court considered whether dismissal of the FDIC from a case predicated upon Section 1819 deprived the court of federal jurisdiction over remaining state law claims. The Eighth Circuit answered that question in the negative, relying upon prior authority that interpreted the RTC removal statute. The court noted that this prior authority was "persuasive." 583 F.3d at 591. It said that "the law concerning the RTC often informs its analogue in the FDIC context . . . ." and that the relevant wording in the two statutes was virtually identical, implying "an intent by Congress that the two be interpreted in the same way." *Id*. This conclusion was buttressed by the "fact that the current versions of the two sections were enacted by the same act of Congress . . . ." *Id*.

Although plaintiffs cite other authorities in arguing that the FDIC must formally be made a party before removal is proper, they misread these cases just as they misread *Buczkowski*.

Plaintiffs, for example, cite *FDIC v. Loyd*, 955 F.2d 316 (5th Cir. 1992). (Pl. Br. at 7.) In asserting that the Fifth Circuit supports their position, plaintiffs mischaracterize the holding of this case. The Fifth Circuit in *Loyd* did not require that the FDIC be formally made a party before the removal clock began ticking. Instead, it held that the removal clock began running when the FDIC "filed its motion to intervene." 955 F.2d at 327. *Diaz v. McAllen State Bank*, 975 F.2d 1145 (5th Cir. 1992), also cited by plaintiffs, was decided shortly after the same court decided *Loyd*, and is consistent with both *Loyd* and *Buczkowski*. As for *Bank One Texas Nat'l Ass'n v. Elms*, 764 F. Supp. 85 (N.D. Tex. 1991), although the holding in the case was that the FDIC needed to formally become a party before removal was permitted, it is an opinion of a district court in the Fifth Circuit and thus was overruled by the Fifth Circuit's later decision in *Loyd*.[2]

Plaintiffs' simplistic argument regarding the verb tenses in the FDIC removal statute ignores the case law and the legislative history, set forth above, compelling the conclusion that the FDIC need not formally be made a party before the right to remove attaches. Similarly, their argument that, under Missouri's procedural rules, a person is not considered a party until a motion for substitution is granted is irrelevant. It is the filing of the motion, not the formal designation of the person as a party, that matters here.

---

[2] The remaining cases cited by plaintiffs are similarly unavailing. *Interior Glass Serv., Inc. v. FDIC*, 691 F. Supp. 1255 (D. Alaska 1988) was decided before Congress enacted the 1991 amendment to the FDIC removal statute making that statute consistent with the RTC removal statute. As the Fifth and Seventh Circuits have more recently decided in *Buczkowski* and *Loyd*, the FDIC removal statute does not require that the FDIC be formally made a party before the removal clock begins to run. As for *J.E. Dunn Northwest, Inc. v. Salpare Bay, LLC*, No. Civ. 09-1068-KI, 2009 WL 3571354 (D. Or., Oct. 26, 2009), the court misread *Buczkowski* just as plaintiffs here misread that case. It erroneously believed that *Buczkowski* held that the FDIC could not remove a case until after its intervention motion was granted. *Id*. at *3. As noted above, that is incorrect.

Accordingly, removal of this action to federal court before the FDIC was formally substituted for Corus Bank was proper.

 2. **The FDIC Did Not Have To File The Substitution Motion Or Formally Enter An Appearance In Order For It To Be Deemed A Party Within The Meaning of Section 1819.**

Plaintiffs argue that, even if the FDIC did not need to be made a formal party before original subject matter jurisdiction attached, the FDIC, not Corus Bank, needed to file the motion seeking to make the FDIC a party to the proceeding or otherwise formally enter an appearance in state court. Again, plaintiffs are wrong.

It is noteworthy that plaintiffs themselves treated the FDIC as being involved in this lawsuit following the filing of the motion for substitution. Plaintiffs' Notice of Voluntary Dismissal expressly purports to dismiss claims that plaintiffs had alleged *against the FDIC*. (Exhibit 2.) In attempting (albeit unsuccessfully) to dismiss their claims against the FDIC, plaintiffs correctly understood that the FDIC needed to be treated as a party within the meaning of Section 1819.

This conclusion is mandated, in part, by the same reasoning that led the court in *Buczkowski* to conclude that the right to remove begins when the substitution motion is filed, not when it is granted. As noted above, the FDIC removal statute must be read consistently with the RTC removal statute. That is the teaching of both *Buczkowski* and *Casey*. The RTC scheme states that the RTC "shall be deemed substituted in any action, suit, or proceeding for a party upon the filing of a copy of the order appointing the [RTC] as conservator or receiver for that party or the filing of such other pleading informing the court that the RTC has been appointed conservator or receiver for such party." 12 U.S.C. § 1441a(l)(3)(B). The RTC statute does not specify who must file the motion—the RTC or the failed financial institution. In fact, it does not

even say that a motion for substitution or intervention needs to be filed. Instead, it merely requires the filing of the order appointing the RTC as receiver.

Here, Corus Bank's Motion for Substitution attached the September 11, 2009, letter of the Comptroller of the Currency to the FDIC notifying the FDIC that it had been appointed Receiver for Corus Bank. (Exhibit 3.) The filing of a copy of that letter, in and of itself, was enough to make the FDIC a party to this case within the meaning of Section 1819.

Even if this Court were to believe that some motion needed to be filed, it was sufficient for Corus Bank to file that motion, not the FDIC. 12 U.S.C. § 1819(b)(2)(B) provides that the time allowed for removing the action begins when the FDIC "is substituted as a party." This statutory provision does not specify who must file the substitution motion. In particular, it nowhere states that the FDIC, as opposed to the bank for which it has been appointed as receiver, must do so.

*Buczkowski* expressly holds that "[a]ny litigant, or the court on its own motion, can substitute the FDIC for the failed bank as a party."[3] 415 F.3d at 597. That is particularly true here where the party making the motion is the financial institution for which the FDIC was serving as a receiver. The Motion for Substitution made it perfectly clear that the FDIC had "become the lawful successor of Corus Bank" and had "assumed" its "assets, rights, and obligations . . . ." (Exhibit 3.) Thus, the filing by Corus Bank was in all essential respects a filing by the FDIC. In fact, the counsel who signed the motion on behalf of Corus Bank only days later entered their appearance as counsel for the FDIC. (Exhibit 5.)

---

[3] Contrary to plaintiffs' assertion in their brief (Pl. Br. at 7), it is this holding that, "[a]ny litigant, or the court on its own motion, can substitute the FDIC for the failed bank as a party. That would open the 90-day window for removal," the court deemed to be Section 1819(b)(2)(B)'s "most natural reading." *Buczkowski*, 415 F.3d at 597.

In arguing that the FDIC needed to make some appearance in the state proceeding before original federal subject matter jurisdiction attached under Section 1819, plaintiffs rely upon *Loyd*. They quote the portion of that opinion stating that the FDIC is not a party until it has made an appearance in the state court case. (Pl. Br. at 7.) *Loyd*, however, is not relevant here for several reasons. First, *Loyd* was interpreting the meaning of the word "party" in the general removal statue, 28 U.S.C. § 1446(b). *Id*. at 327. It was *not* interpreting the meaning of the phrase "substituted as a party" in the FDIC removal statute, the clause pertinent to this case. As discussed, that phrase was added to Section 1819(b)(2)(B) in a 1991 amendment. *Loyd* considered the predecessor version of that law. *See id*. at 326 (quoting predecessor version of Section 1819(b)(2)(A) & (B)). As noted above, it is the FDIC removal statute that is pertinent here, requiring a careful analysis of that statute's legislative history and the instructive language in the RTC removal statute, none of which were considered by the Fifth Circuit in *Loyd*.

Second, *Loyd* did not confront and thus did not consider a situation in which a motion for substitution was filed by the failed financial institution for whom the FDIC had been appointed receiver, submitted by the same counsel who represented the FDIC.

The other FDIC removal opinions cited by plaintiffs in their brief, both of which were District Court opinions from the Third Circuit, also failed to consider the provision in the analogous RTC statute that specified when the RTC becomes a party (12 U.S.C. § 1441a(l)(3)(B)) and were not presented with a motion filed by the bank for which the FDIC was receiver. *See Estate of Harding v. Bell*, 817 F. Supp. 1186 (D.N.J. 1993); *Pyle v. Meritor Sav. Bank*, 821 F. Supp. 1072 (E.D. Pa. 1993).

Moreover, even if this Court were to hold that the FDIC needed to make an appearance in this case, that condition has been satisfied. In connection with the removal of this case, the FDIC

executed a consent to removal that has been filed in this action. (Exhibit 4.) Later, on March 8, 2010, its counsel formally entered their appearance. (Exhibit 5.)

Although these were filed in federal court rather than state court, that distinction is irrelevant. Both the Eighth Circuit and the Fifth Circuit have held that the FDIC's participation in a case for the first time after removal confers federal subject matter jurisdiction. In *Phipps v. FDIC*, 417 F.3d 1006 (8th Cir. 2005), plaintiffs had alleged that defendant Guaranty National Bank of Tallahassee ("GNBT") had unlawfully charged fees in violation of Missouri's Second Mortgage Loan Act. Defendants removed the case, arguing that federal law completely preempted plaintiffs' claims. Following removal, the FDIC was appointed as receiver for GNBT and was granted leave to substitute itself for GNBT. 417 F.3d at 1009 n.2. The Eighth Circuit concluded that the "FDIC substitution clearly establishes federal court jurisdiction to resolve this case." *Id*. It went on to find that this "conferred instant subject matter jurisdiction over the case." *Id*., citing *Heaton v. Monogram Credit Card Bank of Ga.*, 297 F.3d 416, 426 (5th Cir. 2002)).

The Fifth Circuit case cited by the Eighth Circuit, *Heaton*, is instructive. In *Heaton*, plaintiffs had alleged claims against Monogram Credit Card Bank of Georgia in state court. Monogram removed the case to federal court. Immediately after removal, the FDIC filed a motion to intervene. Relying on *Loyd*, the Fifth Circuit concluded that the FDIC became a party under Section 1819 when it filed its motion to intervene. The fact that this motion was filed after the case was removed did not matter to the court, since once the FDIC became a party for purposes of Section 1819, it "conferred instant subject matter jurisdiction over the case." 297 F.3d at 426; *see also Tombers v. FDIC*, No. 08 Civ. 5068 (NRB), 2009 WL 613207 (S.D.N.Y., Mar. 4, 2009) ("Although plaintiff is correct that the statute does not expressly address the

instant circumstances where the FDIC becomes a party after the case has been removed to federal court and while a motion to remand already is pending, we do not believe that the fortuity of a pending remand motion should be grounds for frustrating what the Second Circuit described as a 'comprehensive scheme enacted by Congress to serve and promote incontestable federal goals on a comprehensive basis . . . [and to] channel the cases in which the FDIC [is a party] away from the state courts and into the federal courts.'").

3. **Plaintiffs' Notice Of Voluntary Dismissal Of Corus Bank And The FDIC Was Of No Effect.**

Plaintiffs filed a Notice of Voluntary Dismissal Without Prejudice on February 17, 2010 that purported to dismiss under Rule 67.02 of the Missouri Rules of Civil Procedure the claims asserted against Corus Bank and the FDIC. (Exhibit 2.) Plaintiffs argue that, once this Notice was filed, Corus Bank was dismissed, and that neither Corus Bank nor the FDIC was thus a "party" when the Notice of Removal was filed. (Pl. Br. at 5–6.) Plaintiffs are wrong.

The Notice expressly states that it was filed "[p]ursuant to Rule 67.02(a) of the Missouri Rules of Civil Procedure . . . ." (Exhibit 2.) Because a class was certified in this case on January 2, 2003, plaintiffs cannot voluntarily dismiss claims under Rule 67. Indeed, Rule 67.02(a) specifically provides that actions under Rule 52, which include class actions under Rule 52.08, are excepted from the provisions of Rule 67. Accordingly, the dismissal rules for class actions set out in Missouri Rule of Civil Procedure 52.08(e) control, not Rule 67.

Rule 52.08(e) provides that "[a] class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs." These requirements are mandatory. Rule 52.08(e) provides that class actions "shall not" be dismissed without the approval of the court and that notice of the proposed dismissal "shall be given" to members of

the class.  Notice has not been given to the class and the court has not approved the dismissal of Corus Bank.  Where, as here, the rules regarding the dismissal of parties are not followed, the dismissal is invalid and of no legal effect.  *See Shelter Mut. Ins. Co. v. Vulgamott*, 96 S.W.3d 96, 106 (Mo. Ct. App. 2003); *see also Golden Valley Disposal v. Jenkins Diesel Power*, 183 S.W.3d 635, 639 (Mo. Ct. App. 2006).

In response to this unavoidable conclusion, plaintiffs make several contradictory arguments.  They claim at one point, for example, that Rule 52.08(e) does not apply because their Notice dismissed claims against only one party, not the whole action.  (Pl. Br. at 11.)  That is not the law.  In *Baker v. America's Mortgage Servicing, Inc.*, 58 F.3d 321 (7th Cir. 1995), plaintiffs sought to voluntarily dismiss by notice the class claims alleged against one of two defendants.  The court found that "a class claim cannot be dismissed or settled without approval of the court," and accordingly, the plaintiffs "could not dismiss the [one defendant] unilaterally." *Id*. at 324; *see also* Moore's Federal Practice 3d § 23.160 (under Rule 23(e), "the parties are not free to settle or to voluntarily dismiss all or any part of the action").  At the time *Baker* was decided, Fed. R. Civ. P. 23(e) was identical to Mo. R. Civ. P. 52.08(e) as it is now.  As plaintiffs themselves note, prior to the Federal Rules' amendment in 2003, Missouri courts would "rely heavily on cases interpreting the provisions of Fed. R. Civ. P. 23 in determining the issues" in cases involving Mo. R. Civ. P. 52.08.  (Pl. Br. at 11 n.7.)  It is thus clear that plaintiffs' attempted dismissal of their claims against Corus Bank needed to comply with Rule 52.08(e).  *See State ex rel. Byrd v. Cadwick*, 956 S.W.2d 369, 378 n.6 (Mo. 1997).

Plaintiffs also argue that their Notice can be interpreted as a motion designed to seek court approval under Rule 52.08(e) and that the Court should approve that motion and dismiss plaintiffs' claims against Corus Bank.  (Pl. Br. at 11–12.)  These arguments are irrelevant.  Even

if plaintiffs had styled their submission as a motion under Rule 52.08(e), which they did not do, and even if that motion had merit, the fact remains that at the time this case was removed, no court approval had been given and no class notice had been provided. Thus, under Rule 52.08(e), no dismissal had occurred.

Finally, plaintiffs assert that the Removing Defendants' pending Motion to Strike the Voluntary Dismissal means that Corus Bank is not a party unless the motion is granted. Although it is true that the Motion to Strike is currently pending, the absence of a ruling does not somehow make plaintiffs' defective dismissal valid. If the Court agrees with the Removing Defendants that the mere filing of their Notice did not result and could not by itself have resulted in the dismissal of Corus Bank, then plaintiffs' defenses based upon the Notice are of no effect.

**B.** **The Removal Was Timely.**

In support of their argument that the removal was not timely, plaintiffs reiterate the same arguments upon which they base their assertion that there is no federal subject matter jurisdiction over this case. For all the reasons stated above, this assertion is false.

28 U.S.C. § 1446(b) provides that if the case stated by the initial pleading is not removable "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . ." Corus Bank's Motion for Substitution was served by mail on January 26, 2010. The Removing Defendants received that Motion for Substitution no earlier than January 27, 2010. The Removing Defendants' Notice of Removal, filed on February 26, 2010, was thus filed within thirty days of receipt of Corus Bank's Motion for Substitution and was timely.

## IV.    CONCLUSION

The Removing Defendants have properly removed this case to federal court.  Upon the filing of the motion seeking to substitute the FDIC for Corus Bank, this case was deemed to arise under the laws of the United States.  12 U.S.C. § 1819 (b)(2)(A–B).  That gave the Removing Defendants the right to remove this action under 28 U.S.C. § 1441(a).  For these reasons and all the reasons stated above, the Removing Defendants respectfully request that this Court deny plaintiffs' motion to remand the case.

Respectfully submitted,


/s/ Mark A. Olthoff
MARK A. OLTHOFF                     MO #38572
ANTHONY BONUCHI                    MO #57838
POLSINELLI SHUGHART PC
1700 Twelve Wyandotte Plaza
120 West 12th Street
Kansas City, Missouri  64105-1929
(816) 421-3355
(816) 374-0509 (FAX)
molthoff@stklaw.com
abonuchi@stklaw.com


PETER W. CARTER
PAUL R. DIESETH
DORSEY & WHITNEY LLP
50 South 6th
Suite 1500
Minneapolis, Minnesota  55402-149

ATTORNEYS FOR REMOVING DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document was filed electronically with the above-captioned court, with notice of case activity to be generated and sent electronically by the Clerk of said court (with a copy to be mailed to any individuals who do not receive electronic notice from the Clerk) this 5th day of April, 2010.

/s/ Mark A. Olthoff
Attorney for Removing Defendants