IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

MICHAEL P. AND SHELLIE GILMOR, et
al.,

             Plaintiffs,

vs.

PREFERRED CREDIT CORPORATION.,
  et al.,

             Defendants.

Case No. 4:10-cv-00189-ODS

_____

**REPLY TO REMOVING
DEFENDANTS' SUGGESTIONS IN OPPOSITION
TO PLAINTIFFS' MOTION TO REMAND**
_____

Submitted by,

WALTERS BENDER STROHBEHN
& VAUGHAN, P.C.
2500 City Center Square
1100 Main Street
P.O. Box 26188
Kansas City, MO 64196
(816) 421-6620
(816) 421-4747 (Facsimile)

ATTORNEYS FOR PLAINTIFFS

# TABLE OF CONTENTS

I.      INTRODUCTION ...................................................................................... 1

II.     APPLICABLE LEGAL STANDARD .......................................................... 1

III.    ARGUMENT AND LEGAL AUTHORITIES ............................................... 2

        A.      Buczkowski Did Not Hold that the Mere Filing of a
                Motion to Substitute Confers Federal Subject Matter
                Jurisdiction ............................................................................... 3

        B.      The Legislative History of the FDIC's Removal Statute
                Confirms that the FDIC Must be a Party to the State
                Court Proceedings Before Removal is Proper ............................ 7

        C.      This Court Need Not Reach the State Procedural Issues
                Raised by the Removing Defendants .......................................... 11

        D.      This Court Should Require, Pursuant to 28 U.S.C. §
                1447(c), that the Removing Defendants Pay the Costs,
                Expenses, and Attorneys' Fees Plaintiffs Incur as a
                Result of this Removal ............................................................... 13

IV.     CONCLUSION ........................................................................................ 14

# TABLE OF AUTHORITIES

C<small>ASES</small>

Arkansas AFL-CIO v. F.C.C.
  11 F.3d 1430 (8th Cir. 1993) ..............................................................................8, 12

Austin v. Pennsylvania Dept. of Corrections
  876 F.Supp. 1437 (E.D.Pa. 1995) .............................................................. 12

Baker v. America's Mortgage Servicing, Inc.
  58 F.3d 321 (7th Cir. 1995) ....................................................................... 12

Bank One Texas Nat'l Ass'n v. Elms
  765 F.Supp. 85 (N.D. Tex. 1991) ..................................................................8

Buczkowski v. FDIC
  415 F.3d 594 (7th Cir. 2005) .........................................................1, 2, 4-6, 8-11, 14

Diaz v. McAllen State Bank
  975 F.2d 1145 (5th Cir. 1992) .........................................................1, 6, 14

Estate of Harding v. Bell
  817 F.Supp. 1186 (D.N.J. 1993) ...................................................................6

Ex parte McCardle
  74 U.S., 506 (1868) ...................................................................................7

FDIC v. Loyd
955 F.2d 316 (5th Cir. 1992) ................................................................ 6, 8, 9, 14

Heaton v. Monogram Credit Card Bank
  297 F.3d 416 (5th Cir. 2002) .....................................................................6, 7

In re Bus. Men's Assurance Co. of Am.
  992 F.2d 181 (8th Cir. 2002) ......................................................................2

Interior Glass Serv., Inc. v. FDIC,
691 F.Supp. 1255 (D.Alaska 1988) ...............................................................6

<u>J.E. Dunn Northwest, Inc. v. Salpare Bay, LLC</u>
  2009 WL 3571354 (D.Or. Oct 26, 2009) .................................................................5

<u>Minkner v. Washington Mutual Bank, N.A.</u>
  20110 WL 376964 (D. Ariz. Jan 25, 2010) ..............................................................5

<u>Navarro-Ayala v. Hernandez-Colon</u>
  951 F.2d 1325 (1st Cir. 1991) ...............................................................................12

<u>Northern States Power Co. v. U.S.</u>
  73 F.3d 764 (8th Cir. 1996) ....................................................................................8

<u>Pyle v. Meritor Sav. Bank</u>, 821 F.Supp.
  1072 (E.D.Pa.1993) .................................................................................................6

<u>Phipps v. FDIC</u>
  417 F.3d 1006 (8th Cir. 2005) .............................................................................6, 7

<u>Powers v. Chesapeake & O. Ry. Co.</u>
  169 U.S. 92 (1898) ................................................................................................10

<u>Reding v. FDIC</u>
  942 F.2d 1254 (8th Cir. 1991) ................................................................................2

<u>Township of Whitehall v. Allentown Auto Auction</u>
  966 F.Supp. 385 (E.D. Penn. 1997) ......................................................................14

<u>Village of Oakwood v. State Bank and Trust Co.</u>
  481 F.3d 364 (6th Cir. 2007) .......................................................................1, 2, 6, 7


**<u>F</u>EDERAL <u>S</u>TATUTES AND <u>RULES</u>:**

12 U.S.C. § 1441a ...........................................................................................8-10, 14

12 U.S.C. § 1819.................................................................................1-3, 5, 7-10, 13

28 U.S.C. § 1446.......................................................................................................9

28 U.S.C. § 1447..................................................................................................13, 14

Fed. R. Civ. P. Rule 23 ............................................................................................12

ii

**MISSOURI RULES OF CIVIL PROCEDURE:**

Mo. R. Civ. P. 52.08 ........................................................................................ 11-13

Mo. R. Civ. P. 52.13 ........................................................................................... 11

Mo. R. Civ. P. 67.02 ...................................................................................... 11, 12

Case 4:10-cv-00189-ODS   Document 46   Filed 04/22/10   Page 5 of 21

**INTRODUCTION**

If the Circuit Court of Clay County Missouri were allowed to decide the motions currently pending before that court, the question of whether the FDIC "is a party" to this lawsuit would be resolved. Plaintiffs respectfully submit that that question would ultimately be answered in the negative and that the Removing Defendants, recognizing this reality, have precipitously removed the case to this Court in an effort to delay or circumvent that eventuality.

That the Removing Defendants appreciate this reality is readily apparent in the course of action they have chosen, particularly when compared with the alternatives not taken. If the Removing Defendants were correct in their assertions regarding the proper functioning of Missouri procedural rules—which Plaintiffs strongly deny—they could simply have waited for the state court to grant their pending Motion to Strike as well as Corus Bank's re-filed Motion to Substitute, and then removed to this Court a case to which the FDIC "is a party" as required by 12 U.S.C. § 1819(b)(2)(A). Instead, they have chosen to place the removal "cart" before the jurisdictional "horse" by filing a premature Notice of Removal.[1] By doing so, they have manufactured an unnecessary host of phantom issues, each of which is addressed herein and all of which are now fully briefed before this Court.

**II.    APPLICABLE LEGAL STANDARD**

The Removing Defendants' Suggestions in Opposition to Plaintiffs' Motion to Remand ("Opposition") misstates the legal standard applicable to the Plaintiffs' pending Motion to Remand. (Doc. #41 at 1-2). The removal statute upon which the Removing Defendants rely contains, at subparagraph (D), an exception by which an opposing party may defeat federal jurisdiction, even where the FDIC is a party to the action. 12 U.S.C. § 1819(b)(2)(D). The legal standard described in the Removing Defendants' Opposition, along with the cases cited therein

---

[1] See, Village of Oakwood v. State Bank and Trust Co., 481 F.3d 364, 369 (6th Cir. 2007).

describing a "rebuttable presumption," deals with the application of that exception.  See, e.g., Reding v. FDIC, 942 F.2d 1254, 1258 (8th Cir. 1991) (holding "that section 1819 establishes a rebuttable presumption that the FDIC may properly remove any case in which it is a party, and that federal jurisdiction is proper unless the opposing party can prove that the three exceptions in section 1819(b)(2)(D) are applicable").  The Plaintiffs in this case have not raised and do not rely upon any exception contained in subparagraph (D), and the legal standard articulated in the Opposition (and in the cases cited therein) is inapplicable to this action.

More fundamentally, the event that triggers the "rebuttable presumption" the Removing Defendants seek to invoke is the same event that triggers jurisdiction in the first place: that presumption arises in cases to which the FDIC "is a party."  Id.  That is the central fact the Removing Defendants have failed to establish and any suggestion that the FDIC's "party" status can be established by way of a presumption arising from that same fact is hopelessly circular.  The correct legal standard in this case is properly stated in the Suggestions in Support of Plaintiffs' Motion to Remand ("Suggestions").  (Doc. #39 at 3).

Accordingly, the Removing Defendants, as the parties seeking to invoke this Court's jurisdiction, have the burden of establishing such jurisdiction.  In re Bus. Men's Assurance Co. of Am., 992 F.2d 181, 183 (8th Cir. 2002).

> In the absence of jurisdiction, the court's only function is to announce the lack of jurisdiction and dismiss or remand the case.  Because this requirement springs from the nature and limits of the judicial power of the United States it is inflexible and without exception.

Village of Oakwood v. State Bank and Trust Co., 481 F.3d 364, 366 (6th Cir. 2007) (internal citations, quotes, and alterations omitted).

## III.    ARGUMENT AND LEGAL AUTHORITIES

2

## A. __Buczkowski__ Did Not Hold that the Mere Filing of a Motion to Substitute Confers Federal Subject Matter Jurisdiction

The statute governing FDIC removals currently prescribes a 90-day window within which the FDIC may remove an action from state to federal court. 12 U.S.C. § 1819(b)(2)(B). In __Buczkowski v. FDIC__, 415 F.3d 594 (7th Cir. 2005), the Seventh Circuit addressed an argument about whether that window had closed prior to removal due to the lapse of more than 90 days since the FDIC's appointment as the receiver of a defendant in that case. __Id.__ at 595. By way of contrast, the instant case is unremovable, not because that 90-day window has closed, but because that window has never opened. Thus, the issue currently before this Court was neither raised nor addressed in __Buczkowski__.

As a result, __Buczkowski__ does not hold, as the Removing Defendants now claim, "that the FDIC became a party within the meaning of 12 U.S.C. § 1819(b)(2)(A) upon the __filing__ of the intervention motion." (Doc. #41 at 4). Likely because that case dealt with the closing, rather than the opening, of the statutory 90-day window, the exact event that caused that window to open is never identified in the published opinion. In fact, although it seems unlikely that the state court had an opportunity to grant the FDIC's motion to intervene before the case was removed, the Seventh Circuit thought so little of that particular procedural question that its published opinion never actually reveals whether that motion was granted or not. Instead, the court informs us only that the FDIC contended that its 90-day window opened on "February 5, 2004, when it __formally intervened__ in the state suit." __Buczkowski__, 415 F.3d at 595 (emphasis added). That opinion also recites that, while the case was still before the state court, "the FDIC filed a formal petition to intervene in the Bank's stead, a motion to dismiss, and a notice of removal to federal court." __Id__. As exhaustively demonstrated in the Plaintiffs' Suggestions, the

Case 4:10-cv-00189-ODS   Document 46   Filed 04/22/10   Page 8 of 21

FDIC had no such contact with the instant case while it was pending in state court. (See doc. ##39 at 4 and 5, 39-1 and 39-5).

If the Seventh Circuit intended to suggest, as the Removing Defendants now assert, that an unruled motion seeking to make the FDIC a party is sufficient to confer party status, it did so sub silencio. If this Court were inclined to find such a tacit holding in Buczkowski, it would be equally plausible to read that case as standing for a rule that any motions filed by the FDIC are sufficient to render the filing party a "party" to the action below, since it is generally only parties who file motions. The FDIC, however, had no contact whatsoever with the instant case while it was pending in Clay County. See id.; see also FDIC v. Loyd, 955 F.2d 316, 326 ("we have never suggested that the FDIC has some cognizable status as a party in the state court case unless the FDIC has had at least some contact with the state court action"). Indeed, once we begin making assumptions from what Buczkowski does not say, it is possible to simply assume that the state trial court granted the FDIC's motion to intervene or that, even if it did not, the Seventh Circuit was unaware of that fact.

It is much more likely, however, that the Seventh Circuit simply did not reach out to decide an issue not argued by the litigants, and which, given the circumstances of the case, was not in any way dispositive. Unlike the instant case, Buczkowski did not involve any claim that the FDIC's petition to intervene was improper, and no party to that case suggested any basis upon which that petition might be denied. Thus, for all practical purposes, the procedural method by which the FDIC became a party below was irrelevant to any issue before the Court except to the extent that its appointment as receiver of a defendant was insufficient to confer such status. Accordingly, and unlike the instant case, Buczkowski presented no real question about the ultimate propriety of the FDIC's intervention therein.

4

Thus, the absence of an order granting the FDIC's intervention (if, in fact, such an order was lacking) was of no practical import in <u>Buczkowski</u> and a remand based upon a lack thereof would only have initiated the pointless exercise of returning the case to the state court to obtain an order granting intervention, at which point the case could properly return to federal court by way of another removal. No party to <u>Buczkowski</u> had any reason to request such futile "relief," and it is hardly surprising that an appellate court would not reach out to do so <u>sua sponte</u>.

Nonetheless, in the course of deciding the questions actually presented, <u>Buczkowski</u> does go to great lengths to explain the meaning of the word "party," as used in 12 U.S.C. § 1819. <u>See</u> 415 F.3d at 596. In doing so, <u>Buczkowski</u> provides ample guidance regarding the issues raised in the case at bar. As a result of that guidance, courts applying <u>Buczkowski</u> have consistently held that where, as here, the FDIC has not been properly joined pursuant to state law, removal under 12 U.S.C. § 1819 is not proper, because state procedures for substitution or intervention must be observed in order for the FDIC to become "a party."

In <u>J.E. Dunn Northwest Inc. v. Salpare Bay, LLC</u>, 2009 WL 3571354 (D.Or. Oct. 26, 2009), the FDIC filed a motion to substitute in state court, but removed before that motion was granted. <u>Id.</u> at *2. In response to a motion to remand, the FDIC argued that "courts have deemed substitution to occur as soon as the [FDIC] appears in state court." <u>Id.</u> at *3. The District Court's response was clear: "I reject the [FDIC's] argument and rely, instead on <u>Buczkowski</u>…." <u>Id.</u> After quoting <u>Buczkowski</u>'s analysis of the word "party," the court noted that Oregon procedural rules (like their Missouri counterparts) require court action to effectuate a substitution of parties, and found that removal by the FDIC was "defective as it was not a party to the state case." <u>Id.</u> at *4; <u>See, also, Minkner v. Washington Mutual Bank, N.A.</u>, 20110 WL 376964, *1 and *4 (D. Ariz. Jan 25, 2010) (remanding case in which "neither party has indicated

5

that the FDIC was named or formally substituted as a party," and citing to <u>Buczkowski</u>, 415 F.3d at 596).[2]

Village of Oakwood v. State Bank and Trust Co., 481 F.3d 364 (6th Cir. 2007), also cites <u>Buczkowski</u>. <u>See</u> 481 F.3d at 368. In that case, "[t]he FDIC initially sought to intervene in the Ohio Court of Common Pleas, but then opted to remove the case to federal court before the Ohio court ruled on its motion to intervene." <u>Id</u>. at 366. After removal, the FDIC filed another motion to intervene, which was ultimately granted by the District Court. <u>Id</u>. On appeal, the Sixth Circuit addressed the question of whether that post-removal intervention could confer federal jurisdiction over the case. <u>Id</u>. at 367. Noting that "[i]ntervention cannot, as a general rule, create jurisdiction where none exists," the appellate court found that the trial court lacked any jurisdiction over the "ancillary proceeding" of intervention, <u>id.</u>, and reversed with instructions to remand the case to state court. <u>Id</u>. at 369.

In so holding, the Sixth Circuit also discussed <u>Phipps v. FDIC</u>, 417 F.3d 1006 (8th Cir. 2005), and <u>Heaton v. Monogram Credit Card Bank</u>, 297 F.3d 416 (5th Cir. 2002), both of which are now relied upon by the Removing Defendants. <u>See Village of Oakwood</u>, 481 F.3d at 368-69; (doc. #41 at 11). Of relevance to the Sixth Circuit's ancillary jurisdiction analysis, <u>Phipps</u> held that a federal statute completely preempted the state law claims asserted in that case. <u>Phipps</u>, 417 F.3d at 1011, 1013 (finding state law claims completely preempted by the Nation Bank Act). As a result, federal jurisdiction existed in that case prior to removal, independent of and prior to the FDIC's substitution, which occurred while the case was pending appeal. <u>Id</u>. at 1009 n.2. That substitution, accordingly, fell within the Eighth Circuit's ancillary jurisdiction. <u>See Village of Oakwood</u>, at 368. Of relevance to the Removing Defendants' current reliance on that case,

---

[2] "Pre-<u>Buczkowski</u>" cases are also in accord. <u>See Diaz v. McAllen State Bank</u>, 975 F.2d 1145 (5th Cir. 1992); <u>FDIC v. Loyd</u>, 955 F.2d 316 (5th Cir. 1992); <u>Estate of Harding v. Bell</u>, 817 F.Supp. 1186, (D.N.J. 1993); <u>Pyle v. Meritor Sav. Bank</u>, 821 F.Supp. 1072 (E.D.Pa.1993); <u>Interior Glass Serv., Inc. v. FDIC</u>, 691 F.Supp. 1255 (D.Alaska 1988).

the Eighth Circuit actually granted the FDIC's motion to substitute. Phipps, 417 F.3d at 1009 n.2. Thus, the footnote dictum in Phipps cited by the Removing Defendants provides no support for their assertion that an unruled motion to substitute somehow confers federal jurisdiction.

Heaton is similarly unavailing. In that case, as in Village of Oakwood, the FDIC sought intervention after removal. Heaton, 297 F.3d at 420. Also as in Village of Oakwood, the Heaton court noted that subject matter jurisdiction must be established as a "prerequisite" to intervention. Id. at 421 n.3. Nonetheless, and explaining only that "the issue of the propriety of intervention is intertwined with that of subject matter jurisdiction," the appellate court went on to decide the FDIC's motion to intervene before examining its own jurisdiction to do so. Id.; See Village of Oakwood, 481 F.3d at 368-69 (noting Heaton's failure to explain how § 1819 "changes the rule against intervention creating jurisdiction"). For all the reason noted in Village of Oakwood, Heaton is wrong. Id. As a result of that error, the Heaton court ultimately granted a motion to intervene in a case over which the court, itself, had no jurisdiction prior to that intervention. Such an approach, of course, violates the fundamental and long-established principle that "[w]ithout jurisdiction, the court cannot proceed at all in any cause." Ex parte McCardle, 74 U.S, 506, 514 (1868).

The Removing Defendants now invite this Court to engage in just such an extra-jurisdictional exercise by suggesting that a consent to removal and an entry of appearance, both filed with **this Court**, somehow confer retroactive jurisdiction over the action that was removed from **the state court**. (Doc. #41 at 10-11). As the Sixth Circuit properly noted, such an approach "errs by putting the intervention cart before the jurisdiction horse." Village of Oakwood, 481 F.3d at 369. This Court should decline the Removing Defendants' invitation to commit that error.

7

**B.    The Legislative History of the FDIC's Removal Statute Confirms that the FDIC Must be a Party to the State Court Proceedings Before Removal is Proper**

The Notice of Removal filed in this case cites to both <u>Buczkowski</u> and <u>Loyd</u>,[3] for the proposition that "[t]he FDIC is deemed to become a party to an action for the purpose of 12 U.S.C. § 1819 upon the service of a motion or pleading which discloses that the FDIC has become the real party in interest." (Doc. #1 at ¶ 18).

That proposition is not the law. Instead, the passage cited comes from a paragraph of <u>dicta</u>, in which Judge Easterbrook discusses the legislative history of the FDIC's removal statute in conjunction with a similar statute governing RTC removals. Because the Removing Defendants continue to assert that <u>Buczkowski</u> provides the above-quoted rule, that legislative history must now be addressed. Before doing so, however, and particularly because the Removing Defendants now characterize analysis of the language of the relevant statutes as "simplistic" (doc. #41 at 7) it should be remembered that where, "as here, the statutes are straightforward and clear, legislative history and policy arguments are at best interesting, at worst distracting and misleading, and in neither case authoritative." <u>Northern States Power Co. v. U.S.</u>, 73 F.3d 764, 766 (8th Cir. 1996).[4]

The RTC was first established as part of the Financial Institutions Reform Recovery and Enforcement Act of 1989 ("FIRREA"). That Act included a provision, apparently modeled upon

---

[3] Plaintiffs continue to discern no reason for the Removing Defendants' citation to <u>Loyd</u> in their Notice of Removal. Paragraph 18 of that pleading contains a near-verbatim paraphrase of 12 U.S.C. § 1441a(*l*)(3)(B). While <u>Buczkowski</u> discussed that statute, <u>Loyd</u> does not. Indeed, <u>Loyd</u> originated in Texas, which "authorizes anyone, without the slightest regard to the legitimacy of his claimed interest in the litigation, to intervene, subject to being stricken." <u>Bank One Texas Nat. Ass'n v. Elms</u>, 764 F.Supp. 85, 87 n.3 (N.D. Tex. 1991). Because intervention in Texas requires no court action, it is literally impossible to remove a case from that state's courts in the manner the Removing Defendants have attempted here. And, of course, <u>Loyd</u> held that the FDIC cannot be considered a party for removal purposes "until it has made an appearance, voluntary or involuntary, in the state court case." <u>Loyd</u>, 955 F.2d at 327.

[4] As thoroughly described in Plaintiffs' Suggestions, the language of the relevant statutes is clear. (Doc. #39 at 3-6, 9-10). The pending motion to remand can be decided on that basis alone. <u>Arkansas AFL-CIO v. F.C.C.</u>, 11 F.3d 1430, 1140 (8th Cir. 1993) ("If the intent of Congress is clear from the plain language of the statutory provision, that will be the end of the judicial inquiry").

8

the then-existing FDIC removal statute, allowing the RTC to remove an action to federal court once it becomes a party. Unlike the FDIC statute, however, the RTC was permitted to effectuate such a removal at any time within 90 days of being "substituted as a party." 12 U.S.C. § 1441a(*l*)(3)(A)(i). On December 12, 1991, Congress enacted the Resolution Trust Corporation Refinancing, Restructuring, and Improvement Act of 1991 ("RTC Improvement Act"). Pub. L. 102-233. As part of that extensive amendment to the statutory scheme governing the RTC, a definitional provision was inserted by which the RTC:

> shall be deemed substituted in any action, suit, or proceeding for a party upon the filing of a copy of the order appointing the [RTC] as conservator or receiver for that party or the filing of such other pleading informing the court that the [RTC] has been appointed conservator or receiver for such party.

See id. at sec. 316 (now codified at 12 U.S.C. § 1441a(*l*)(3)(B)).

One week later, on December 19, 1991, The FDIC removal statute was also amended, as part of the Federal Deposit Insurance Corporation Improvement Act of 1991 ("FDIC Improvement Act"). Pub. L. 102-242. That amendment added the current 90-day removal period to 12 U.S.C. § 1819. See id. at sec. 161. Prior to that amendment, because no removal period was specified in § 1819, the FDIC was required to remove an action to federal Court, if at all, within the 30 days prescribed by 28 U.S.C. § 1446(b). See, e.g., Loyd, 955 F.2d at 325. Thus, although the RTC has always had 90 days in which to remove an action, the FDIC had only 30 days until the 1991 amendment. In the words of the statutory caption quoted in Buczkowski, the "FDIC Removal Period [was] Made Consistent With [the] RTC Removal Period," by allowing the FDIC 90 days within which to remove a state court action. Pub. L. 102-242 § 161. That amendment did not, however, adopt any definitional provision paralleling the next subsection of the RTC statute, which had been added as part of the RTC Improvement Act,

9

and by which the RTC may be "deemed substituted" in a state court proceeding without actually being substituted in that proceeding. Id.

In Buczkowski, the FDIC asked the Court to apply that "deemed substituted" language from the RTC's statutory scheme to its own separate statutory scheme. Buczkowski at 596-7. The Court explicitly declined that invitation. Id. at 597. Before rejecting that invitation, however, Judge Easterbrook did note that such a cross-application of the statutes "[p]erhaps… is sensible," based upon the legislative history described above. Id. at 597. In so noting, he commented that reading the statutes differently "would double-cross the legislature unless there is a reason to think that the two statutes serve different ends." Id. Of course, there is a perfectly good reason to think these statutes are intended to operate differently: If the legislature had intended that the FDIC be "deemed substituted" upon the filing of any pleading disclosing its appointment as receiver, it could have said so in § 1819. That, it did not do. Instead of adopting a provision parallel to the RTC provision it had adopted in the prior week, Congress enacted a statute that requires the FDIC to remove within 90 days of the date it "is substituted as a party," and without any means of establishing "substitution" short of actual substitution.

In the end, as the plain language of these statutes indicates, as the legislative history confirms, and as Judge Easterbrook ultimately held, the statutes, though similar in many respects, do not cross reference one another, and the FDIC must actually be a party to the litigation before removal is proper. See Buczkowski 415 F.3d at 597. This result, of course, conforms to the well-established principle that a suit may not be removed from state to federal court until it "assumes the shape of a removable case in the court in which it was brought." Powers v. Chesapeake & O. Ry. Co., 169 U.S. 92, 101 (1898).

10

Ultimately, by paraphrasing the language of 12 U.S.C. § 1441a(*l*)(3)(B) in their Notice of Removal (see doc. #1 at ¶ 18) the Removing Defendants implicitly ask this Court to do what the Seventh Circuit explicitly declined to do in <u>Buczkowski</u>. That <u>Buczkowski</u> is cited as authority for doing so only emphasizes the impropriety of that request.

### C. This Court Need Not Reach the State Procedural Issues Raised by the Removing Defendants

The Removing Defendants' various claims regarding Missouri procedural rules place them in an awkward position. They must argue to this Court that an unruled motion to substitute, which requires court action to be effective pursuant to Missouri Rule 52.13(c), should nonetheless be treated as having joined the FDIC in the state court action. They must simultaneously argue that a notice of voluntary dismissal, which is effective upon filing pursuant to Missouri Rule 67.02, should be treated as having had no effect on that same state court action. If either one of these facially incompatible arguments is wrong, the FDIC is not a party to the action that was removed from state court.

Despite finding themselves in this position, the Removing Defendants accuse the Plaintiffs of asserting "contradictory arguments" on this point. (Doc. #41 at 13). On this issue, however, Plaintiffs actually make only one argument: The questions of Missouri procedural law raised by the Removing Defendants should be decided by a Missouri Court.

Plaintiffs are confident that they have complied with Missouri procedural law and that the state court will ultimately so hold. Nonetheless, even if any of the proceedings in state court were procedurally defective in any of the ways asserted by the Removing Defendants, the Removing Defendants have yet to offer the slightest hint of a reason that such defect could not or would not be cured by the state trial court's resolution of the various motions that are currently pending there.

11

In support of their argument that the Plaintiffs have irreparably violated Missouri Rule 52.08(e), the Removing Defendants have cited exclusively to federal precedent.  (See doc. #41 at 13 (citing <u>Baker v. America's Mortgage Servicing, Inc</u>. 58 F.3d 321 (7th Cir. 1995) and Moore's Federal Practice 3d).  With all due respect, Plaintiffs suggest that a state court should be allowed to decide how this state procedural rule operates.

Even the federal rules, however, are more flexible that the Removing Defendants suggest. Thus, federal courts have held, prior to the 2003 amendment to Rule 23, that the notice requirements contained therein are inapplicable where "the dismissal or settlement of a class action is without prejudice and will not prevent any class member from bringing a subsequent action."  <u>Austin v. Pennsylvania Dept. of Corrections</u>, 876 F.Supp. 1437, 1455 (E.D.Pa. 1995); <u>See also Navarro-Ayala v. Hernandez-Colon</u>, 951 F.2d 1325, 1337 (1st Cir. 1991) (same); See also, Fed. R. Civ. P. 23(d) (allowing broad discretion in procedural matters).[5]  Further, when Rule 23(e) was amended in 2003, the accompanying Advisory Committee Notes explained that the new rule "carries forward the notice requirement of present Rule 23(e) <u>when the settlement binds the class through claim or issue preclusion</u>."  Fed. R. Civ. P. Rule 23, 2003 Advisory Committee Notes (emphasis added).  The dismissal of Corus Bank[6] while this suit was pending before the Circuit Court of Clay County, was explicitly without prejudice, and did not bind the class or any member thereof, by way of preclusion or otherwise.  <u>See</u> Missouri Rule 67.02.

It should also be noted that, while the current version of Rule 23(e) governs the dismissal or settlement of "claims, issues, or defenses," Missouri's Rule 52.08(e) speaks only of the

---

[5] Indeed, where the policy considerations underlying Rule 23(e) are not implicated, defendants have been dismissed from this very action by this very Court without requiring class-member notice or any other class-related procedure, all without objection by the Removing Defendants.  (<u>See</u> doc. ##39-3, 39-4).

[6] The Removing Defendants also assert that the Notice of Voluntary Dismissal filed in Clay County treated the FDIC as a party litigant to this suit.  (Doc. #41 at 8).  That notice, which dismissed all claims against "Corus Bank, N.A. and its successors and assigns or other parties who have assumed ownership of Corus Bank, N.A., including, but not limited to the Federal Deposit Insurance Company," does not support such an assertion.  (Doc. #41-2).

12

dismissal of an "action." Compare Fed. R. Civ. P. Rule 23(e) with Missouri Rule 52.08(e). The Missouri Courts charged with administering Rule 52.08(e) may well find that distinction meaningful and the current absence of any Missouri precedent construing that rule counsels against this Court reaching out to decide that issue.

This is true particularly in this case, since, even if Rule 52.08(e) were to impose any additional procedural requirements on the dismissal at issue, the state court will, of necessity, address those requirements before reaching the question of whether the FDIC may be substituted into the action. Indeed, 12 U.S.C. § 1819, properly applied, prevents federal courts from having to wade into the thicket of state procedural issues created by the current posture of this case[7] by requiring that the FDIC be a party to the suit before removal. Had the Removing Defendants simply allowed the state court to resolve the currently pending motions, the FDIC's party status would be resolved one way or the other, and the propriety of removal under § 1819 would not be in doubt. And, ultimately, the strongest evidence of how those questions would have been and eventually will be answered can be seen in the fact that the Removing Defendants did not want to hear what the state trial court has to say on the topic.

**D.    This Court Should Require, Pursuant to 28 U.S.C. § 1447(c), that the Removing Defendants Pay the Costs, Expenses, and Attorneys' Fees Plaintiffs Incur as a Result of this Removal**

For all the reasons stated in Plaintiffs' Suggestions (doc. #39 at 13-14), this Court should order that the Removing Defendants pay the costs, expenses and fees occasioned by this improvident removal. See 28 U.S.C. § 1447(c) ("[a]n order remanding a case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal"). Further, because the issues presented by the instant removal are now fully briefed, it

---

[7] And, of course, the unnecessarily complicated posture of this case was created entirely by the Removing Defendants' premature and improvident Notice of Removal.

13

is patently obvious, not only that the FDIC is not a party to this suit, but also that every single issue presently before this Court was manufactured solely by the Removing Defendants' decision to precipitously remove this case in an apparent effort to avoid a state court ruling that would have resolved the FDIC's "party" status.

The Removing Defendants have done nothing to buttress their false claim that the FDIC may be "deemed substituted" in the absence of actual substitution. (Doc. #1 at ¶ 18). Even the cases relied upon by the Removing Defendants to support that claim refute the position they continue to assert before this court. (See id. (citing Buczkowski and Loyd)). Buczkowski does so explicitly by declining to apply 12 U.S.C. § 1441a(*l*)(3)(B) to an action removed by the FDIC. Buczkowski, 415 F.3d at 597. To the extent that Loyd is even applicable, given the fact that intervention is automatic in Texas courts, the Fifth Circuit therein explicitly rejected the suggestion "that the FDIC has some cognizable status as a party in the state court case unless the FDIC has had at least some contact with the state court action." Loyd, 955 F.2d at 326.

An order requiring the Removing Defendants to bear the unnecessary costs they have imposed in this action is appropriate. See, e.g., Township of Whitehall v. Allentown Auto Auction, 966 F.Supp. 385, 386 (E.D. Penn. 1997) (award of attorneys' fees and costs "is particularly appropriate where the lack of jurisdiction is plain in the law and would have been revealed to counsel for the Defendant with a minimum of research").

## IV. CONCLUSION

For the foregoing reasons and those stated in the Plaintiff's Suggestions (doc. #39), this Court should again remand this case to the Circuit Court of Clay County, Missouri on the grounds that this Court lacks subject matter jurisdiction over Plaintiffs' state law claims, or that the removal is not timely filed. In addition, pursuant to 28 U.S.C. § 1447(c) and in light of the

14

settled and substantial authority addressing the issues herein—all of which were manufactured by the Removing Defendants' own actions—the Court should award Plaintiffs their costs and expenses, including attorney's fees, incurred as a result of this fifth improvident removal.

Dated: April 22, 2010

Respectfully Submitted,

WALTERS BENDER STROHBEHN
&. VAUGHAN, P.C.

By  /s/ R. Frederick Walters
  R. Frederick Walters-Mo. Bar 25069
  J. Michael Vaughan - Mo. Bar 24989
  Kip D. Richards - Mo.  Bar 39743
  David M. Skeens -Mo.  Bar 35728
  Eric M. Shimamoto – Mo. Bar 58990
  2500 City Center Square
  1100 Main Street
  Kansas City, MO 64196
  (816) 421-6620
  (816) 421-4747 (Facsimile)

ATTORNEYS FOR PLAINTIFFS

15

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this document was filed electronically with the United States District Court for the Western District of Missouri, Western Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court to all designated persons this **22nd day of April 2010,** and a copy mailed by United States mail, first-class postage prepaid, addressed to the following individuals who are not designated to receive ECF notice from the Court:

Paul R. Dieseth
Dorsey & Whitney LLP
50 South 6th
Suite 1500
Minneapolis, MN 55402


Peter W. Carter
Dorsey & Whitney LLP
50 South 6th St
Suite 1500
Minneapolis, MN 55402


*/s/ R. Frederick Walters*

Attorney for Plaintiffs

16