IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MICHAEL P. and SHELLIE GILMOR, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 10-0189-CV-W-ODS ) |
| PREFERRED CREDIT CORP., et al., | ) ) |
| Defendants. | ) |

## ORDER AND OPINION DENYING PLAINTIFFS' MOTION TO REMAND

Pending is Plaintiffs' Motion to Remand. While the issue is a close one, the Court believes it has subject matter jurisdiction and the case was properly removed. Accordingly, the motion to remand (Doc. # 38) is denied.

## I. BACKGROUND

This case was filed in June 2000. Four previous attempts to remove the case have been made, all of which resulting in orders remanding the case to state court. The remand orders concluded, *inter alia*, (1) diversity jurisdiction did not exist because the amount in controversy requirement was not satisfied, (2) the claims did not arise under federal law, (3) Plaintiffs' claims were not preempted by federal law. The present effort to remove the case is not based on any of the grounds previously asserted.

In September 2009, the Office of the Comptroller of the Currency (the "OCC") closed Defendant Corus Bank, NA ("Corus Bank") and appointed the Federal Deposit Insurance Corporation ("FDIC") as receiver. On February 4, 2010, Corus Bank filed a Motion to Substitute, asking that the FDIC be substituted for Corus Bank pursuant to Missouri Rule 52.13(c). The motion included copies of the OCC's decision and communications between the OCC and the FDIC regarding the decision. On February

17, 2010, Plaintiffs filed a Notice of Dismissal pursuant to Missouri Rule 67.02(a), seeking to dismiss "Corus Bank, N.A., and its successors and assigns or other parties who have assumed ownership . . . including but not limited to, the" FDIC. On February 25, Defendants filed a Motion to Strike, asking the State Court to strike Plaintiffs' Notice of Dismissal because a plaintiff class had been certified and Missouri Rule 52.08 does not permit dismissal of a defendant or of claims without court approval when a plaintiff class has been certified. On February 26 – before the State Court resolved any of these issues – Defendants removed the case to federal court.

## II. DISCUSSION

### A.

The initial issue is the most critical: was the case removable when Defendants removed it? Congress has decreed that "all suits of a civil nature . . . to which the [FDIC], in any capacity, is a party shall be deemed to arise under the laws of the United States." 12 U.S.C. § 1819(b)(2)(A). Plaintiffs concede a case is removable if the FDIC is a party, but contend the FDIC was not a party when the case was removed because (1) the FDIC had not taken any action to be involved in the suit and (2) the State Court had not granted Corus Bank's Motion to Substitute.[1] The Court concludes an order from the State Court was not necessary.

The Court's conclusion is supported by a series of cases addressing whether the time for removal starts when the FDIC is appointed as receiver. In rejecting this construction, for instance, the Seventh Circuit noted the time for removal starts when the FDIC "is substituted as a party" not "appointed as a receiver." Buczkowski v. FDIC, 415 F.3d 594, 596 (7th Cir. 2005) (citing 12 U.S.C. § 1819(b)(2)(B)). In rejecting a

---

[1] Plaintiffs seem to concede that if the FDIC filed the motion to substitute, the case would have been removable notwithstanding the absence of a State Court ruling on the matter. As these are not the facts involved here, there is no need to decide the issue.

concern that this rule might "leave plaintiffs and state judges at the mercy of a potentially manipulative FDIC," the Seventh Circuit noted that "[a]ny litigant, or the court on its own motion, can substitute the FDIC for the failed bank as a party. That would open the 90-day window for removal." Id. at 597.

Admittedly, the preceding discussion does not explain *how* a party to the litigation can substitute the FDIC for the failed bank; it just says they *can*. The mechanics are illuminated by statutes involving the Resolution Trust Corporation, which many courts have noted are similar to those involving the FDIC and should be looked to for guidance. Casey v. FDIC, 583 F.3d 586, 590-91 (8th Cir. 2009); see also Buczkowski, 415 F.3d 596-97. The RTC is "deemed substituted . . . upon the filing of a copy of the order appointing [it] as conservator or receiver for that party or the filing of such other pleading informing the court that the Corporation has been appointed conservator or receiver for such party." 12 U.S.C. § 1441a(*l*)(3)(B). Any party can file the necessary material. RTC v. Fragetti, 49 F.3d 715, 717-18 (11th Cir. 1995).

The effect of these cases and statutes is to establish that notice to the court that the FDIC has been appointed the receiver for a failed bank is sufficient to make the FDIC a party for purposes of seeking removal. Corus Bank's motion accomplished this purpose, and a formal order from the State Court was not necessary to effectuate the change or start the time for removing the case to federal court.

Plaintiffs focus on language from some appellate decisions requiring the FDIC have some "connection" to the suit before the case can be removable. This focus is intended merely to differentiate between the FDIC's connection to a party and its connection to a case: the former does not make the case removable, but the latter does. This focus also ignores the holdings that the parties can "trigger" the removal period on their own by creating the connection between the FDIC and the case. If (as in this case), a period of time passes after the FDIC's appointment as receiver and the parties to a suit want to move the case to federal court sooner rather than later, the parties are free to seek the substitution the FDIC would undoubtedly seek on its own. Filing the documentation establishing the FDIC's receivership is all that is necessary to, in the words Buczkowski, prevent the parties and the state court from being left "at the mercy

of a potentially manipulative FDIC," or, less dramatically, to obviate the uncertainty as to the suit's ultimate destination.

## B.

Even if the case was not removable at the moment Defendants removed it, there is no doubt that jurisdiction exists now. In Phipps v. FDIC, the Eighth Circuit was presented with a case in which the OCC placed one of the defendants in receivership – and the FDIC entered its appearance – after the case was briefed. The Court of Appeals described this event as conferring "instant subject matter jurisdiction over the case," rendering further discussion of jurisdictional matters unnecessary. Phipps v. FDIC, 417 F.3d 1006, 1009 n.2 (8th Cir. 2005) (quotation omitted); see also Heaton v. Monogram Credit Card Bank of Ga., 297 F.3d 416, 425-26 (5th Cir. 2002).

## C.

The final issue to be addressed is the potential effect of Plaintiffs' Notice of Dismissal. Missouri Rule 67.02 provides that a case may be dismissed without order of the court before the jury panel is sworn for voir dire. However, this rule applies "[e]xcept as provided in Rule 52," and Rule 52.08(e) declares that "[a] class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs." Plaintiffs contend they were not attempting to dismiss the suit, just one of the parties. This linguistic parsing does not aid Plaintiffs. The rule's purpose (as is the case with the Federal Rule's counterpart) is to insure adequate representation. The class members, having been advised as to the nature of the claims asserted on their behalf, should not have those claims dismissed at the insistence of a few class members. In a sense, the class representatives and class counsel have decided to settle the claims against Corus Bank for nothing. This is not the sort of decision that

4

can be made unilaterally and without court approval. While the request to dismiss Corus Bank remains pending, it presently has no effect on the jurisdictional analysis.[2]

### III. CONCLUSION

The Motion to Remand is denied. The Court will issue a separate order designed to provide it with the materials necessary to understand the case's status and allow the case to resume its progress towards a conclusion.

IT IS SO ORDERED.

                                                /s/ Ortrie D. Smith
                                                ORTRIE D. SMITH, JUDGE
DATE: April 27, 2010                      UNITED STATES DISTRICT COURT

---

[2] The Court does not know whether Plaintiffs still wish to dismiss Corus Bank/FDIC. The Court is not deciding whether such a dismissal would justify remanding the case – although cursory research into the matter suggests it would not. See Casey, 583 F.3d at 590-91.