**THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

MICHAEL P. AND SHELLIE GILMOR, et
al.,

                Plaintiffs,                                Case No. 4:10-cv-00189-ODS

vs.

PREFERRED CREDIT CORPORATION,
 et al.,

                Defendants.

**SUGGESTIONS IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION**
**OR, ALTERNATIVELY, FOR AMENDMENT AND CERTIFICATION OF ORDER**
**PURSUANT TO 28 U.S.C. § 1292(b) FOR PURPOSES OF INTERLOCUTORY APPEAL**

Case 4:10-cv-00189-ODS   Document 51   Filed 05/07/10   Page 1 of 21

# TABLE OF CONTENTS

I.     INTRODUCTION ...............................................................................................1

II.    GROUNDS FOR RECONSIDERATION ........................................................2

       A.     The authorities relied upon by the Court do not address this situation...................3

       B.     There is no legal or statutory support for the court's conclusion that notice of the FDIC's appointment as receiver creates federal question jurisdiction. ..........................................................................................4

       C.     The Court's conclusion undermines the rule that jurisdiction is determined at the time of removal. ............................................................9

III.   LEGAL STANDARDS FOR AMENDMENT AND CERTIFICATION OF ORDER FOR INTERLOCUTORY APPEAL ..................................................11

IV.    THE COURT SHOULD AMEND AND CERTIFY ITS ORDER FOR INTERLOCUTORY APPEAL IF IT DECLINES TO RECONSIDER ITS ORDER DENYING PLAINTIFFS' MOTION TO REMAND........................................12

       A.     The Court's *Order* Decides Controlling Questions of Law...................12

       B.     A Substantial Ground for Difference of Opinion Exists as to the Issues..............13

       C.     Certification for Interlocutory Appeal Will Materially Advance the Ultimate Termination of this Litigation. ..............................................15

V.     CONCLUSION.................................................................................................15

Case 4:10-cv-00189-ODS   Document 51   Filed 05/07/10   Page 2 of 21

## TABLE OF AUTHORITIES

### Cases

*Adair v. Lease Partners, Inc.*, 587 F.3d 238 (5th Cir. 2009) ...........................................................6

*Baldwin v. Credit Based Asset Servicing and Securitization*, 516 F.3d 734 (8th Cir. 2008)..........13

*Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691 (2003) ..................................................11

*Buczkowski v. FDIC*, 415 F.3d 594 (7th Cir. 2005).............................................................. *passim*

*Casey v. FDIC*, 583 F.3d 586 (8th Cir. 2009)........................................................................ *passim*

*Central Iowa Power Co-op. v. Midwest Independent Transmission System Operator, Inc.*,
    561 F.3d 904 (8th Cir. 2009) ...............................................................................................4

*Downer v. U.S. Dept. of Agriculture and Soil Conservation Service*,
    97 F.3d 999 (8th Cir. 1996) ..................................................................................................8

*E.E.O.C. v. Allstate Ins. Co.*, 2007 WL 38675 (E.D.Mo. 2007)....................................................12

*Employers Reinsurance Corp. v. Massachusetts Mut. Life Ins. Co.*,
    2008 WL 4693513 (W.D. Mo. 2008) ..................................................................................12

*Estate of Harding v. Bell*, 817 F.Supp. 1186 (D.N.J. 1993) ....................................................8, 14

*FDIC v. Loyd*, 955 F.2d 316 (5th Cir. 1992) .................................................................................1

*Goodyear Atomic Corp. v. Miller*, 486 U.S. 174 (1988) ................................................................8

*Heaton v. Monogram Credit Card Bank of Ga.*, 297 F.3d 416 (5th Cir. 2002) ......................13, 14

*In re Prempro Products Liability Litigation*, 591 F.3d 613 (8th Cir. 2010)..........................2, 4, 15

*Interior Glass Serv., Inc. v. FDIC*, 691 F.Supp. 1255 (D. Alaska 1988)......................................14

*J.E. Dunn Northwest Inc. v. Salpare Bay, LLC*,
    2009 WL 3571354 (D.Or. Oct. 26, 2009)...........................................................................14

*James Neff Kramper Family Farm Partnership v. IBP, Inc.*,
    393 F.3d 828 (8th Cir. 2005) .............................................................................................13

*Kansas Pub. Employees Retirement Sys. v. Reimer & Koger Assocs.*,
    77 F.3d 1063 (8th Cir. 1996) ...............................................................................................3

ii

*Katz v. Carte Blanche Corp.*, 496 F.2d 747 (3rd Cir. 1974) ............................................... 13

*McLain v. Andersen Corp.*, 567 F.3d 956 (8th Cir. 2009) ...................................................... 9

*Miles v. Apex Marine Corp.*, 498 U.S. 19 (1990) ................................................................. 8

*Minkner v. Washington Mut. Bank*, 2010 WL 376964 (D. Ariz. Jan. 25, 2010) ........................... 6

*Mohawk Industries, Inc. v. Carpenter*, 130 S.Ct. 599 (2009) ............................................... 11

*Mtech Corp. v. F.D.I.C.*, 729 F.Supp. 1134 (N.D.Tex. 1990) ................................................. 7

*New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc.*,
    101 F.3d 1492 (3rd Cir. 1996) ....................................................................................... 6

*Phipps v. FDIC*, 417 F.3d 1006, 1009 n.2 (8th Cir. 2005) ........................................ 9, 11, 13, 14

*Quinn v. Ocwen Fed. Bank FSB*, 470 F.3d 1240 (8th Cir. 2006) .............................................. 9

*Resolution Trust Corp. v. Bakker*, 801 F.Supp. 706 (S.D.Fla. 1992) ....................................... 7

*Resolution Trust Corp. v. Key*, 733 F.Supp. 1086 (N.D.Tex. 1990) ......................................... 7

*Thomas v. U.S. Bank Nat. Ass'n, N.D.*, 575 F.3d 794 (8th Cir. 2009) ....................... 3, 5, 10, 11, 14

*Ventana Investments v. 909 Corp.*, 65 F.3d 422 (5th Cir. 1995) ............................................. 8

*Ventana Investments v. 909 Corp.*, 71 F.3d 168 (5th Cir. 1995) ....................................... 2, 6, 7

*Village of Oakwood v. State Bank and Trust Co.*, 481 F.3d 364 (6th Cir. 2007) .......................... 14

*White v. Nix*, 43 F.3d 374 (8th Cir. 1994) .................................................................. 12, 14

## Federal Statutes

12 U.S.C. § 1441a(*l*)(1) ..................................................................................................... 3

12 U.S.C. § 1441a(*l*)(3)(B) ..................................................................................... *passim*

12 U.S.C. § 1441a(m)(1) ..................................................................................................... 7

12 U.S.C. § 1819(b)(2) .............................................................................................. *passim*

12 U.S.C. § 1831d ................................................................................................................ 5

12 U.S.C. §§ 85-86 .............................................................................................................. 5

iii

28 U.S.C. § 1292(b) ................................................................................ *passim*

28 U.S.C. § 1447(c) ...........................................................................................1

28 U.S.C. § 1447(d) ......................................................................................2, 11

## Federal Rules of Civil Procedure

Fed.R.Civ.P. 25 .................................................................................................8

## Federal Rules of Appellate Procedure

Fed.R.App.P. 43(b) .........................................................................................10

## Missouri Rules of Civil Procedure

Mo. Rule 52.13 ........................................................................................8, 9, 10

## Other Authorities

Wright & Miller, *Federal Practice and Procedure*, § 3930 (2nd ed.)............................................12

Case 4:10-cv-00189-ODS   Document 51   Filed 05/07/10   Page 5 of 21

## I.    INTRODUCTION

In its April 27, 2010 *Order and Opinion Denying Plaintiffs' Motion to Remand* (Doc. #48)("*Order*"), the Court concluded, "[w]hile the issue is a close one,"

> notice to the court that the FDIC has been appointed the receiver for a failed bank is sufficient to make the FDIC a party for purposes of seeking removal. Corus Bank's motion accomplished this purpose, and a formal order from the State Court was not necessary to effectuate the change or start the time for removing the case to federal court.

*Order*, at p.3. The Court expressly stated that it premised this conclusion upon its analysis of *Casey v. FDIC*, 583 F.3d 586 (8th Cir. 2009); *Buczkowski v. FDIC*, 415 F.3d 594 (7th Cir. 2005) and 12 U.S.C. § 1441a(*l*)(3)(B). Respectfully, this Court's conclusion was in error because neither *Casey*, *Buczkowski* nor §1441a(*l*)(3)(B) supports the conclusion that Congress intended that mere notice to a court that the FDIC has been appointed receiver for a failed bank would be sufficient to allow a party to remove the action. Indeed, if only "notice" was sufficient, then notice more logically occurred when the FDIC published public notice of Corus Bank's failure and the FDIC's appointment as receiver on September 11, 2009 and the FDIC's 90-day removal period would have already expired. **Ex. 1**. Yet, "[t]he mere fact that the FDIC has been appointed a receiver of a party in the state court proceeding does not make the FDIC a party to that proceeding." *FDIC v. Loyd*, 955 F.2d 316, 328 (5th Cir. 1992). Thus, Plaintiffs urge the Court to reconsider its Order denying the *Motion to Remand*. The Court's decision injects reversible error into these proceedings – error that may not be corrected until the parties and the Court have expended significant resources and expense in motions practice, discovery and trial.

If the Court declines this invitation to reconsider the *Order*, then Plaintiffs alternatively suggest that the Court should stay these proceedings, and amend and certify the *Order* for interlocutory appeal pursuant to the provisions of 28 U.S.C. § 1292(b). Certification of the *Order*

1

for interlocutory appeal is warranted because the *Order* involves a number of controlling issues of law to which there is substantial ground for difference of opinion, and an immediate appeal will advance the termination of the litigation. The issues concerning the Court's subject matter jurisdiction should be immediately addressed and resolved before the Court and parties expend any additional resources in a complex class action matter in which jurisdiction is lacking.

With respect to these alternatives, Plaintiffs note that if the Court reconsiders the *Order* and remands this action, then the FDIC has an automatic right to appeal that decision. *See* 12 U.S.C. §1819(b)(2)(C). This is an exception to the normal rule that an order remanding an action is not reviewable on appeal pursuant to 28 U.S.C. §1447(d). Hence, reconsideration and remand obviates the need to certify the *Order* for interlocutory appeal and ensures appellate review of the legal issues presented by the *Order*. Such an outcome is consistent with the principle that "all doubts concerning federal subject matter jurisdiction should be resolved in favor of remand to state court." *See In re Prempro Products Liability Litig.*, 591 F.3d 613, 620 (8th Cir. 2010).

## II.    GROUNDS FOR RECONSIDERATION

In order for a party to remove an action pursuant to the provisions of §1819(b), the FDIC must be "substituted as a party" in ongoing state court litigation. Neither *Casey*, nor *Buczkowski*, nor §1441a(*l*)(3)(B) address the question of when the FDIC is substituted under §1819(b), because that question has always been answered by state or federal procedural rules. The Court's conclusion that a party need only provide "notice" to the state court that the FDIC has been appointed as a receiver in order to effectuate the substitution erroneously reads language from a different and inapplicable statutory scheme, §1441a(*l*)(3)(B), into the provisions of §1819(b), although Congress intended that such language would *not* be applied to §1819 when it enacted FIRREA and related legislation amending the statutes governing the FDIC and the RTC. *See Ventana Investments v. 909 Corp.*, 71 F.3d 168, 170 (5th Cir. 1995)("The FDIC has a completely

2

different removal statute than the RTC"). The Court's conclusion thus violates the mandate of *Thomas v. U.S. Bank Nat. Ass'n, N.D.,* 575 F.3d 794, 800 (8th Cir. 2009), which requires strict construction of statutes upon which federal jurisdiction is premised. The Court's decision to retain jurisdiction and to deny the *Motion to Remand* was, respectfully, in error.

A.     **The authorities relied upon by the Court do not address this situation.**

First, the Court's decision to retain jurisdiction was erroneous because the application of §1441a(*l*)(3)(B) to the circumstances of this case were not addressed in *Casey* nor *Buczkowski.* Neither case addresses whether the defendants in a state court action could remove the action pursuant to §1819(b)(2)(B) when the state court had not yet entered any order substituting the FDIC as a party. *See Order*, at p.2 ("was the case removable when Defendants removed it?").

In *Casey*, the FDIC was substituted as a party for a failed bank while the matter was in the Missouri Court of Appeals by order of that court. *See id.*, 583 F.3d at 589-90. After the FDIC properly removed the action, the issue arose whether the post-removal dismissal of the FDIC from that lawsuit deprived the district court of jurisdiction under §1819(b)(2)(A) such that the Eighth Circuit lacked jurisdiction. *Id.* Because both §1819(b)(2)(A) and §1441a(*l*)(1) similarly stated that the action was "deemed to arise" under federal law if the FDIC or RTC was a party to the action, and since the Eighth Circuit had already determined that issue with respect to the post-removal dismissal of the RTC in an action removed under §1441a(*l*)(3), the Eighth Circuit concluded that those provisions were "analogous" and could be applied the same. *See id.* at 590 (discussing *Kansas Pub. Employees Retirement Sys. v. Reimer & Koger Assocs.,* 77 F.3d 1063 (8th Cir.1996)). However, no part of the *Casey* decision speaks to the different issue extant as to whether mere notice to a court that the FDIC was appointed as receiver for a failed bank is a self executing substitution of the FDIC that creates immediate federal subject matter jurisdiction.

3

In *Buczkowski*, the issue was whether the FDIC had 90 days to remove the action under §1819(b)(2)(B) from the time the FDIC was "appointed as receiver" for a failed bank in 2001 *or* from the time it was "substituted as a party" in the state court action in 2004. *Id*., 415 F.3d at 596. The district court remanded the lawsuit based upon its erroneous conclusion that the 90 days ran from the FDIC's appointment as receiver in 2001, although no action had been taken in the state court. The Seventh Circuit reversed, holding that the 90-day period ran from the time the FDIC was substituted as a party in 2004. *Id*. at 597. In reaching this conclusion, the Seventh Circuit expressly declined to conclude that §1441a(*l*)(3)(B) applied to the FDIC's removal. *Id*. Instead, the Seventh Circuit merely noted that Congress intended that the 90-day period did not run from the appointment as receiver in both §1819(b)(2)(B) and §1441a(*l*)(3)(A)(i). *Id*.

The Court's conclusion that the effect of *Casey* and *Buczkowski* and the statutes is to establish that mere notice to the state court of the FDIC's appointment as receiver for a failed bank "is sufficient to make the FDIC a party for purposes of seeking removal" and that "a formal order from the State Court was not necessary to effectuate the change or start the time for removing the case to federal court" is not supported by the cited authorities, and, as set forth below, is routinely rejected. The Court's conclusion that the issue is "close" mandates a remand, instead of the retention of subject matter jurisdiction. *See Prempro Products*, 591 F.3d at 620; *Central Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc*., 561 F.3d 904, 912 (8th Cir.2009)("all doubts about federal jurisdiction must be resolved in favor of remand").

**B.      There is no legal or statutory support for the court's conclusion that notice of the FDIC's appointment as receiver creates federal question jurisdiction.**

Second, the Court's decision to retain jurisdiction was erroneous because it failed to strictly apply the provisions of §1819(b)(2)(B) upon which the removal was based. This Court must strictly apply the express statutory language relied upon to establish subject matter

4

jurisdiction. *Thomas,* 575 F.3d at 800. The Court did not follow this mandate when it disregarded applicable law and resorted to the inapplicable RTC statutory scheme to decide this case.

In *Thomas*, the defendants removed the action claiming that the plaintiffs' Missouri Second Mortgage Loans Act ("SMLA") claims against a federally-insured, state-chartered-bank were completely preempted by the provisions of the Deregulation and Monetary Control Act ("DIDA"), 12 U.S.C. §1831d, which applies to such banks. *Id* at 796-97. In support of this argument, the defendants argued that the similar statutory provisions of the National Bank Act ("NBA"), 12 U.S.C. §§85-86, which applies to national banks, mandated the conclusion that those SMLA claims were completely preempted by DIDA as well. The district court agreed with the defendants based upon an *in pari materia* reading of the statutory provisions. *Id.*

In reversing the district court and remanding the action to state court, the Eighth Circuit analyzed the language at issue in both DIDA and the NBA and determined that, while they were similar, they contained obvious differences in the plain language of the statutes that prevented them from being construed the same. The Eighth Circuit stated:

> **We will not alter the statutory language** in such manner to support a conclusion as to DIDA completely preempting state law while providing the exclusive federal remedy for state usury claims against federally-insured, state-chartered banks. ***Rather, the unabridged language of the statute, which is both the starting and ending point of our analysis,*** see Integrity Floorcovering, Inc. v. Broan-Nutone, LLC, 521 F.3d 914, 918 (8th Cir. 2008)(indicating that when "the plain language of the statute controls...we need not consider the parties' varying interpretations of legislative history"), clearly establishes the limited effect DIDA has on such claims.

*Id.*, 575 F.3d at 800 (emphasis added). This recent Eighth Circuit opinion establishes that jurisdictional statutes are to be construed on the basis of their plain language, uninfluenced by provisions in similar statutes that are not, by the terms of that plain language, applicable to the facts at hand. Here, although §1819(b)(2)(B) and §1441a(*l*)(3)(A)(i) contain similar provisions concerning the basis for federal question jurisdiction and the time for removing an action, that

5

same conclusion cannot be reached as to the unique substitution provisions of §1441a(*l*)(3)(B) applicable only to the RTC because there is clearly no analogous provision in §1819(b) applicable to the FDIC. *See Ventana Investments*. 71 F.3d at 170. Instead, §1819(b) is unambiguous and fails to set forth special rules for substitution. Thus, the Court erred when it applied the unique provisions of §1441a(*l*)(3)(B) to removal pursuant to §1819(b)(2). *See Minkner v. Washington Mut. Bank*, 2010 WL 376964, at *4 n.1 (D. Ariz. 2010)("The parties do not cite, and the Court is unaware, of a similar current provision governing the FDIC.").

Moreover, Plaintiffs further suggest that Congress intentionally chose **not** to include the language of §1441a(*l*)(3)(B) in §1819(b)(2) during the legislative process and as a matter of public policy. Congress created the RTC with its 1989 enactment of FIRREA during the savings and loan crisis of the late 1980's and early 1990's. *See New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc*., 101 F.3d 1492, 1494 (3rd Cir.1996); *Adair v. Lease Partners, Inc*., 587 F.3d 238, 241 (5th Cir.2009). FIRREA made "enormous changes in the structure of federal thrift regulation" with the purpose "of preventing the collapse of the industry, attacking the root causes of the crisis, and restoring public confidence." *U.S. v. Winstar Corp*., 518 U.S. 839, 857 (1996); *Barron Bancshares, Inc. v. U.S.*, 366 F.3d 1360, 1365 (Fed.Cir.2004). After Congress enacted FIRREA, "many institutions immediately fell out of compliance with regulatory capital requirements, making them subject to seizure by thrift regulators." *Winstar,* 518 U.S. at 857-58. Congress intended that the RTC would "manage and dispose of assets acquired from failed thrifts" after being seized with "the benefit of a federal forum and a uniform body of federal law for its receivership activities." *New Rock Asset Partners*, 101 F.3d at 1500.

On December 12, 1991, Congress enacted the Resolution Trust Corporation Refinancing, Restructuring, and Improvement Act of 1991 ("RTC Improvement Act"). Pub. L. 102-233. As

part of that extensive amendment to the statutory scheme governing the RTC, Congress inserted §1441a(*l*)(3)(B) to set forth the new provision for substitution of the RTC as a party to ongoing litigation. *See RTC v. Bakker*, 801 F.Supp. 706, 709 (S.D.Fla. 1992). One week later, Congress amended the FDIC removal statute as part of the Federal Deposit Insurance Corporation Improvement Act of 1991 ("FDIC Improvement Act") to add the current 90-day removal period to §1819. Pub. L. 102-242. That Act did not, however, add any provision similar to §1441a(*l*)(3)(B) to the FDIC removal provisions. *Id.* Congress has had nearly two decades to add a similar "substitution" provision to §1819(b) and has not done so. *Ventana Investments*, 71 F.3d at 170; *Mtech Corp. v. FDIC,* 729 F.Supp. 1134, 1136 n.4 (N.D.Tex. 1990); *RTC v. Key*, 733 F.Supp. 1086, 1090 (N.D.Tex. 1990).

The special provisions of FIRREA that were applicable to only the RTC, such as §1441a(*l*)(3)(B), were intentional in that they were part of an overall Congressional effort to immediately quell the savings and loan crisis and to quickly utilize the limited monies in special funds for that purpose. *See Winstar*, 518 U.S. at 856-58; *Bancshares, Inc.*, 366 F.3d at 1365. Indeed, Congress also intended that the lifespan of the RTC would be limited once the crisis was resolved. By statute, Congress terminated the RTC's existence and the RTC ceased to exist as of December 31, 1995. *See* 12 U.S.C. §1441a(m)(1); The statutes related to the removal of actions by the FDIC in §1819(b) do not contain the "substitution" provisions that are written into the RTC statutes at §1441a(*l*) because Congress intended those special provisions would only apply to the RTC during the savings and loan crisis. Since December 31, 1995, §1441a(*l*)(3)(B) is irrelevant because the RTC ceased to exist and cannot be appointed as a receiver for a failed financial institution. *See* §1441a(b)(3)(RTC no longer appointed as receiver after July 1995).

Courts are to presume that Congress is aware of existing law, judicial precedent and the legal background when it passes legislation. *See Miles v. Apex Marine Corp.*, 498 U.S. 19, 32 (1990); *Goodyear Atomic Corp. v. Miller*, 486 U.S. 174, 185 (1988); *Downer v. U.S. Dept. of Agriculture and Soil Conservation Service*, 97 F.3d 999, 1004 (8th Cir. 1996). Congress knew the law and legal background when it enacted FIRREA, the RTC Improvement Act, and the FDIC Improvement Act and, having numerous opportunities to do so, has purposefully chosen not enact any provision analogous to §1441a(*l*)(3)(B) in §1819. Although the Court correctly noted that the *Buczkowski* opinion "does not explain *how* a party to the litigation can substitute the FDIC for the failed bank….," it erred when it looked to an now-obsolete statutory scheme to address a crisis involving failed savings and loans that Congress enacted for special purposes, to answer an otherwise unambiguous question about the procedural mechanism to substitute the FDIC. *See Order*, at 3. No explanation of the procedure to substitute the FDIC as a party to an existing lawsuit was necessary, however, because that question **had already been answered by state and federal procedural rules,** such as Mo. Rule 52.13 and Fed.R.Civ.P. 25. Comparison of the FDIC statute, to a temporary and short-lived enactment containing special rules for special purposes was unnecessary and inappropriate and contrary to case law construing this issue. *See Ventana Investments*, 65 F.3d 422, 425 n.9 (5th Cir. 1995)("Given the change made by the 1992 Amendment and the current differences between the RTC and FDIC removal statutes, parties should be careful to cite the Court to appropriate controlling law."); *Estate of Harding v. Bell*, 817 F.Supp. 1186, 1191 (D.N.J 1993)("section 1819(b)(2)(B) now requires substitution in the state proceedings before removal"). Indeed, even *Buczkowski* noted that the procedural question for substitution was **_not_** accomplished via the RTC removal statute. *See id.*, 415 F.3d at 597 ("[t]his is not to say that the definition in §1441a(*l*)(3)(B) 'applies' to §1819(b)(2)(B); these laws

8

do not cross-reference each other"). Respectfully, the Court erred when it disregarded applicable procedural rules governing the substitution of the FDIC as a party to the state court lawsuit and applied a statutory scheme that was unmistakably inapplicable to the matter as a matter of the plain language of the statutes, Congressional intent and policy, legislative history, and case law.

### C. The Court's conclusion undermines the rule that jurisdiction is determined at the time of removal.

Next, the Eighth Circuit has critically distinguished between situations in which a court of competent jurisdiction has entered an order substituting the FDIC as a party from situations in which the action is removed before a court with jurisdiction grants such a motion. This distinction stems from the rule that "jurisdiction is determined at the time of removal" and until substitution, the actions does not "arise" under federal law. *See McLain v. Andersen Corp.*, 567 F.3d 956, 965 (8th Cir. 2009); *Quinn v. Ocwen Fed. Bank FSB,* 470 F.3d 1240, 1248 (8th Cir. 2006). The Court has rejected that rule and allowed removal in the absence of a federal question.

Notably, in *Casey*, the FDIC was properly substituted as a party while the matter was on appeal in the Missouri Court of Appeals by way of a motion filed pursuant to Mo. Rule 52.13, which was granted by an order of the Court of Appeals. *See* **Ex. 2**, at ¶7; **Ex. 3**; *Casey*, 583 F.3d 586. Similarly, in *Phipps v. FDIC*, 417 F.3d 1006 (8th Cir. 2005), the Eighth Circuit entered an order substituting the FDIC as a party while the matter was on appeal from the federal court's dismissal of the action on preemption grounds. The Eighth Circuit's opinion that the district court had jurisdiction over the plaintiffs' SMLA claims due to complete preemption, gave jurisdiction to it to substitute the FDIC so as to confer "instant subject matter jurisdiction" while the matter was already properly in federal court. *See id.* at 1009 n.2. Importantly, in both *Casey* and *Phipps* federal question jurisdiction existed at a definite point in time prior to removal and supported removal. That independent jurisdictional basis does not exist in this case.

9

The FDIC apparently agrees with Plaintiffs' reading of §1819(b)(2)(B) as required by *Thomas*. In practice the FDIC, itself, does not rely on §1441a(*l*)(3)(B) to govern its substitution as a party, but, instead, either the bank or the FDIC moves the court where the action is pending to substitute the FDIC for the failed bank under an applicable procedural rule. **Ex. 4, 5**. In this matter, Corus Bank's *Motion for Substitution* cited to Mo. Rule 52.13. **Ex. 4**. The action was removed before the state court could rule on the motion. This is critical because it is the order substituting the FDIC as a party that causes the action to "arise" under federal law for purposes of removal pursuant to §1819(b)(2)(A). Had the non-party FDIC filed the motion to substitute, the lack of jurisdiction would still persist because the state court had not ruled on the matter. **Ex. 5-6**. This Court lacks jurisdiction in both instances under the plain language of §1819(b)(2)(B) because jurisdiction does not arise until the FDIC is actually substituted by order as a party.

As noted above, in *Thomas*, the defendants removed the action contending that the plaintiffs' SMLA claims were completely preempted by DIDA. While the action was on appeal in the Eighth Circuit, the FDIC filed a motion seeking to be substituted as a party for a failed bank defendant pursuant to Fed.R.App.P. 43(b). **Ex. 5**. The FDIC's motion did not cite to §1819(b)(2)(A), and the Eighth Circuit "improvidently granted" it before the plaintiffs could even respond to it, believing it to be a mere procedural matter. After briefing established that the plaintiffs would have opposed the motion for substitution, the Eighth Circuit withdrew its order granting the motion for substitution and denied the motion for substitution shortly before it issued its opinion wherein it concluded that federal subject matter jurisdiction was lacking. **Ex.6**; *Thomas*, 575 F.3d 797-98. In its order, the Eighth Circuit also deemed as moot the plaintiffs' post-removal motion to dismiss the FDIC as a party. *See* **Ex. 6**.

If the mere filing of a motion to substitute the FDIC were to confer federal jurisdiction, as this Court has held, then the Eighth Circuit's decision in *Thomas* would have been unnecessary. So too would have been the *Phipps* decision. The extensive discussions of removal jurisdiction in both those cases would have been unnecessary if, as this Court concludes, merely notifying the Eighth Circuit that the FDIC had been appointed as receiver for a failed bank created "instant subject matter jurisdiction." It is indisputable that mere notice of the appointment of the FDIC as a receiver via a motion was not enough to create federal question jurisdiction for the Eighth Circuit in *Thomas*. The result should be no different here and the state court should be allowed to determine if the FDIC should be substituted for the failed bank if Plaintiffs are inclined to oppose the motion for substitution or to dismiss the failed bank from the lawsuit.

In summary, it is clear that the Eighth Circuit neither considers a mere notice of the FDIC's appointment as receiver, nor even the filing of a motion to substitute the FDIC as a party, as sufficient for jurisdiction to attach to the proceedings. Respectfully, the Court erred when it reached the opposite conclusion. Further, that lack of subject matter jurisdiction cannot be cured by a post-removal entry of appearance or an order substituting the FDIC as a party.

III.   **LEGAL STANDARDS FOR AMENDMENT AND CERTIFICATION OF ORDER FOR INTERLOCUTORY APPEAL**

Generally, a party cannot appeal an order of remand. *See* 28 U.S.C. §1447(d).   In contrast, a denial of a motion to remand is appealable and the court may certify in writing its order denying remand for interlocutory appeal pursuant to 28 U.S.C. §1292(b). *See Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691 (2003).  28 U.S.C. §1292(b) states:

> [w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion [1] that such order involves a controlling question of law as to which [2] there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. §1292(b); *E.E.O.C. v. Allstate Ins. Co.*, 2007 WL 38675, at *2 (E.D.Mo. 2007)(citing *White v. Nix*, 43 F.3d 374, 377 (8th Cir. 1994)).

## IV.    THE COURT SHOULD AMEND AND CERTIFY ITS ORDER FOR INTERLOCUTORY APPEAL IF IT DECLINES TO RECONSIDER ITS ORDER DENYING PLAINTIFFS' MOTION TO REMAND.

Although there are cases suggesting that interlocutory appeals pursuant to § 1292(b) are to be used "sparingly" and in "exceptional" cases, these same cases also state that certification is appropriate in order to "avoid protracted and expensive litigation." *See White*, 43 F.3d at 376; Wright & Miller, *Federal Practice and Procedure*, at §3930 (2nd ed.)("If proceedings that threaten to endure for several years depend on an initial question of jurisdiction… certification may be justified at a relatively low threshold of doubt."). This is such a case.

If it stands, the Court's *Order* satisfies all of the requirements for interlocutory appeal pursuant to 28 U.S.C. §1292(b) because an immediate appeal of the controlling and disputed issues of law concerning the propriety of Defendants' removal of this action will expeditiously and efficiently resolve the question of this Court's subject matter jurisdiction.

### A.    The Court's *Order* Decides Controlling Questions of Law.

First, the Court is to determine whether its *Order* involves a "controlling question of law," such as a "purely, abstract legal question." *See Employers Reinsurance Corp. v. Massachusetts Mut. Life Ins. Co.*, 2008 WL 4693513, at *2 (W.D.Mo.2008). The Court's *Order* raises at least three interrelated, controlling, and disputed questions of law:

1. Whether the Defendants could remove the action pursuant to 12 U.S.C. § 1819(b)(2)(B) when the Circuit Court of Clay County, Missouri had not yet entered any order substituting the FDIC as a party.

2. Whether the provisions of 12 U.S.C. § 1441(a)(*l*)(3)(B) govern the substitution of the FDIC as a party for purposes of 12 U.S.C. § 1819(b)(2)(B).

12

3. Whether the entry of appearance by the non-party FDIC in this Court conferred "instant" subject matter jurisdiction over the lawsuit.

The first issue is the same one the Court noted was "critical" to the Motion to Remand: "*The initial issue is the most critical: was the case removable when Defendants removed it?*" *Order*, at p.2 (emphasis added). The second and related controlling issue is premised on the Court's legal conclusion that: "The effect of these cases and statutes is to establish that notice to the court that the FDIC has been appointed the receiver for a failed bank is sufficient to make the FDIC a party for purposes of seeking removal." *Order*, at p.3. The third related issue stems from the Court's alternative conclusion that non-party FDIC's "entry of appearance" in this Court "confer[ed] 'instant subject matter jurisdiction over the case,' rendering further discussion of jurisdictional matters unnecessary." *Order*, at p.4 (citing *Phipps*, 417 F.3d at 1009 n.2 and *Heaton v. Monogram Credit Card Bank of Ga.*, 297 F.3d 416, 425-26 (5th Cir. 2002)).

Questions surrounding jurisdiction and justiciability are quintessentially "controlling" in the sense necessary to justify certification pursuant to § 1292(b). Courts have held that the phrase "a controlling question of law," as used in § 1292(b) "must encompass at the very least every order which, if erroneous, would be reversible error on final appeal." *See Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3rd Cir. 1974). Indeed, challenges to subject matter jurisdiction must be resolved even when first raised on appeal. *See James Neff Kramper Family Farm Partnership v. IBP, Inc.*, 393 F.3d 828, 834 (8th Cir. 2005); *see also Baldwin v. Credit Based Asset Servicing and Securitization*, 516 F.3d 734, 737 (8th Cir. 2008)(judgment void if court lacked jurisdiction). For these reasons, the first requirement for certification pursuant to §1292(b) is satisfied.

### B.    A Substantial Ground for Difference of Opinion Exists as to the Issues.

Next, the Court is to determine that these controlling issues of law present "substantial grounds for a difference of opinion." This standard is satisfied when there are a "sufficient

13

number of conflicting and contradictory opinions that would provide substantial ground for disagreement." *See White,* 43 F.3d at 378. This Court's *Order* acknowledged that the propriety of its subject matter jurisdiction in face of the legal issues presented by Plaintiffs' *Motion to Remand* "is a close one." *Order*, at p.1. This acknowledgment appears to reflects the "substantial difference of opinion" concerning the propriety of jurisdiction in this matter. For example, the Court cited to *Heaton v. Monogram Credit Card Bank of Ga.* at p.4 of its *Order* for the proposition that the FDIC's entry of appearance conferred "instant subject matter jurisdiction over the case," yet the Sixth Circuit in *Village of Oakwood v. State Bank and Trust Co.*, 481 F.3d 364 (6th Cir.2007) explicitly rejected *Heaton*, holding that "intervention requires an existing claim within the court's jurisdiction and… that the FDIC's intervention cannot create jurisdiction where none existed." *Id.* at 368. Thus, the difference of opinion between the Fifth and Sixth Circuits on the questions at issue further supports the need for an immediate appeal. So too do the Eighth Circuit's orders cited above in *Thomas* (**Ex. 5**) and *Phipps*, 417 F.3d at 1009 n.2.

That there are substantial grounds for difference of opinion on these issues is also demonstrated by the other district courts that have entered orders remanding cases in substantially identical circumstances. *J.E. Dunn Northwest Inc. v. Salpare Bay, LLC*, 2009 WL 3571354, at *2, 4 (D.Or.2009)(failure to obtain a ruling on the pending motion rendered the removal defective, since the FDIC "was not a party to the state case."); *Estate of Harding*, 817 F.Supp.1186 (removal defective because FDIC not substituted as a party); *Interior Glass Serv., Inc. v. FDIC*, 691 F.Supp. 1255, 1256-57 (D.Alaska 1988)("[u]ntil the state court…granted FDIC's motion to substitute as the party defendant, the FDIC was not a party").

The Court's decision here is contrary to others that have decided the same questions. Therefore, the second requirement for certification pursuant to 28 U.S.C. §1292(b) is satisfied.

14

**C.**     **Certification for Interlocutory Appeal Will Materially Advance the Ultimate Termination of this Litigation.**

Finally, the Court is to determine whether its decision certifying the issues for interlocutory appeal "will materially advance the ultimate termination of the litigation." *See* 28 U.S.C. § 1292(b).   An immediate interlocutory appeal of the Courts' decision is particularly appropriate given the following: (1) the issue for which appellate review is sought addresses the Court's subject matter jurisdiction; (2) "[a]ll doubts about federal jurisdiction should be resolved in favor of remand to state court," *Prempro Products*, 591 F.3d at 620; and (3) the candid acknowledgement by the Court in its *Order* that the issue of its subject matter jurisdiction "is a close one." Because the controlling issues go straight to the Court's subject matter jurisdiction, and present purely legal issues, an interlocutory appeal is particularly susceptible to an immediate and efficient resolution that will materially advance the termination of this case.

In the absence of an immediate appeal, however, the question of this Court's jurisdiction will persist presenting an ever-present issue for the losing parties on an appeal (and the Eighth Circuit may raise the issue *sua sponte* on appeal). These issues will not be mooted or otherwise cured prior to final judgment in this case.   Thus, certification and appeal at this point would inure to the benefit of all parties and the Court to the extent that it may avoid an ultimately futile or unwarranted expenditure of resources and time by the Court and parties.   For these reasons, the third requirement for certification pursuant to 28 U.S.C. §1292(b) is satisfied.

**V.     CONCLUSION**

For all of the above reasons, the Court ought to reconsider its *Order Denying Plaintiffs' Motion to Remand*.   In the alternative, the Court ought to amend its April 27, 2010 *Order Denying Plaintiffs' Motion to Remand* so as to stay these proceedings and to certify it for interlocutory appeal pursuant to the provisions of 28 U.S.C. § 1292(b).

15

Dated: May 7, 2010                              Respectfully Submitted,

                                                WALTERS BENDER STROHBEHN
                                                 &. VAUGHAN, P.C.

                                                By  /s/ R. Frederick Walters
                                                  R. Frederick Walters-Mo. Bar 25069
                                                  J. Michael Vaughan - Mo. Bar 24989
                                                  Kip D. Richards - Mo.  Bar 39743
                                                  David M. Skeens -Mo.  Bar 35728
                                                  Garrett M. Hodes – Mo. Bar 50221
                                                  Eric M. Shimamoto – Mo. Bar 58990
                                                  2500 City Center Square
                                                  1100 Main Street
                                                  Kansas City, Missouri 641905
                                                  (816) 421-6620
                                                  (816) 421-4747 (Facsimile)

                                                ATTORNEYS FOR PLAINTIFFS


                                **CERTIFICATE OF SERVICE**

        I hereby certify that this document was filed electronically with the United States District

Court for the Western District of Missouri, Western Division, on **May 7, 2010**, with notice of

case activity to be sent electronically by the Clerk of the Court to all designated persons.

                                                 /s/ R. Frederick Walters