# EXHIBIT 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL CASEY, MICHAEL T. CRIDER, JR., WILLIAM CRAFT, PATRICIA CRAFT, PATRICIA EISEL, TIMOTHY HACKER, CHERYL HELD, RICHARD KELLER, KATHLEEN KELLER, TIME LORE, CARL MAKAREWICZ, JULIE PENNINGTON, ANDREA McCANN, MICHAEL McCANN, DEBORAH J. PHILLIPS, JAMES D. PHILLIPS, CONSTANCE RALEY, RAY RALEY, CATHRYN SENGER, CHRISTOPHER SMITH, COREY L. TIMBLIN, JEREMY W. TIMBLIN, individually and on behalf of all others similarly situated. <br><br>            Plaintiffs/Appellants, <br><br>     v. <br><br> ACCEL MORTGAGE SERVICES, INC., ALLEGIANT MORTGAGE COMPANY, BANC ONE MORTGAGE CORPORATION, CHASE MANHATTAN MORTGAGE CORPORATION, a/k/a CHASE MORTGAGE SERVICES, INC., COUNTRYWIDE HOME LOANS, INC., HEARTLAND BANK, d/b/a HEARTLAND MORTGAGE DIVISION, MIDWEST BANKCENTRE f/k/a LEMAY BANK & TRUST COMPANY, MORTGAGE RESOURCES INCORPORATED, d/b/a MORTGAGE RESOURCES, INC., NORTH AMERICAN SAVINGS, F.S.B. <br><br>            Defendants/Appellees. | No._____ |

## NOTICE OF REMOVAL OF ACTION UNDER 12 U.S.C. § 1819

**PLEASE TAKE NOTICE** that Defendant Federal Deposit Insurance Corporation (in its capacity as Receiver for Washington Mutual Bank) (the "Receiver"), hereby removes to this Court the state action described below.

1. A putative class action entitled Michael Casey et al. v. Accel Mortgage Services, Inc. et al. and North American Savings Bank, F.S.B., Federal Deposit Insurance Corporation as Receiver for Washington Mutual Bank, Heartland Bank, and ABM Amro Mortgage Group is presently pending in the Missouri Court of Appeals, Eastern District, Appeal No. ED 90267 (the "State Action").

2. The Plaintiffs' Original Petition was filed in the Circuit Court of St. Louis County on March 19, 2002, and included the parties named as plaintiffs and defendants in the caption to this Notice of Removal. On November 13, 2002 the Circuit Court of St. Louis County issued an order holding that Plaintiffs' claims against defendants North American Mortgage Company ("NAMCO"), North American Savings Bank, Heartland Bank, and ABN AMRO Mortgage Group, Inc. (the "State Action Defendants-Appellees") were preempted by federal law, and on December 16, 2002, that court issued orders dismissing the claims against the State Action Defendants-Appellees with prejudice. (Ex. 1).

3. After the dismissal of the State Action Defendants-Appellees, the litigation continued against the remaining defendants (and additional defendants that Plaintiffs named in subsequent complaints) without the participation of the State Action Defendants-Appellees. To the Receiver's knowledge, the claims against all those other defendants have been settled, dismissed, severed or have proceeded to final judgment after trial and appeal to the Missouri Supreme Court. *See Eisel v. Midwest BankCentre,*

2

230 S.W.2d 335 (Mo. 2007).

4. Following the termination of litigation against all other defendants, Plaintiffs filed a notice of appeal of the 2002 dismissal of their claims against the State Action Defendants-Appellees on September 25, 2007. That appeal – the State Action – is now pending in the Missouri Court of Appeals, Eastern Distict.

5. NAMCO was previously a Defendant/Appellee in the State Action. On January 7, 2002, NAMCO executed an Assignment in Liquidation (the "Assignment"), pursuant to which NAMCO conveyed to Washington Mutual Bank all of NAMCO's right, title, and interest in and to all of its assets. As a result of the Assignment, Washington Mutual Bank became the sole and direct owner of all of the assets of NAMCO. (Ex. 2, Lynch Aff. ¶ 3-4, and attached Kittner Cert. ¶ 1).

6. On September 25, 2008, the Office of Thrift Supervision ("OTS") declared Washington Mutual Bank insolvent, and appointed the Receiver as the receiver for Washington Mutual Bank pursuant to 12 U.S.C. § 1821(c)(2)(A)(ii). (Ex. 3).

7. On October 24, 2008, the Receiver timely and properly moved to be substituted into the State Action in NAMCO's place pursuant to 12 U.S.C. § 1821(d)(2)(A)(i) and Missouri Supreme Court Rule 52.13, and moved for a mandatory 90-day stay of all proceedings in the State Action as to all parties under 12 U.S.C. § 1821(d)(12)(A) & (B).

8. On October 30, 2008, the Missouri Court of Appeals, Eastern District, issued an Order recognizing the Receiver's appointment and granting the Receiver's request for a 90-day stay of all proceedings in the State Action as to all parties under 12 U.S.C. § 1821(d)(12). (Ex. 4).

9. On October 31, 2008, the Missouri Court of Appeals, Eastern District, issued an Order granting the Receiver's request to be substituted into the State Action as a Defendant/Appellee in place of NAMCO. (Ex. 5).

10. This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331 and 12 U.S.C. § 1819 (b)(2)(A) (which provides that "all suits of a civil nature at common law or in equity to which the [Receiver], in any capacity, is a party shall be deemed to arise under the laws of the United States"), and is one that may be removed to this Court by the Receiver pursuant to the provisions of 12 U.S.C. § 1819(b)(2)(B) because it is a civil action against the Receiver in the Receiver's capacity as receiver for a failed financial institution.

11. Under 12 U.S.C. § 1819(b)(2)(B) the Receiver has the right to "remove any action, suit, or proceeding from a State court to the appropriate United States District Court before the end of the 90-day period beginning on the date the action, suit, or proceeding is filed against the Corporation or the Corporation is substituted as a party." The 90-day removal period begins running from the date that the Corporation is substituted into the case. *See Buczkowski v. FDIC*, 415 F.3d 594, 596 (7th Cir. 2005). Likewise, the Corporation may remove a case that is pending in a state appellate court. *Ward v. Resolution Trust Corp.*, 972 F.2d 196, 198 (8th Cir. 1992) (holding that the Receiver may "properly remov[e] [a] case to federal court pending [a] state appeal"); *see also, e.g., Resolution Trust Corp v. BVS Development, Inc.*, 42 F.3d 1206, 1211 (9th Cir. 1994) (same).

12. Upon removal of a case pending in a state appellate court, this Court's role is limited to the adoption of the state court judgment and preparation of the record for

4

transmission to the circuit court of appeals. *See BVS Development*, 42 F.3d at 1212 ("[f]urther, adoption of state court judgments on removal is not novel. It is settled that a federal court must take a case as it finds it on removal, requiring a district court to treat a prior state judgment as though it had been validly rendered in a federal proceeding."); *FDIC v. Keating*, 12 F.3d 314, 317 (1st Cir. 1993) ("[w]here, as in this appeal, post-judgment relief is no longer available, the district court shall adopt the decision of the state court as its own, prepare the record as required for appeal, and forward the case to the federal appeals court for review.") Such is the case here, since the time in which post-judgment motions could have been brought has long since passed.

13.  Pursuant to 28 U.S.C. § 1446, attached hereto (in multiple parts) are all of the process, pleadings, and orders contained within the files of the Receiver's and NAMCO's counsel. The Receiver is informed and believes that these documents are all of the process, pleadings, and orders that were served upon NAMCO and/or the Receiver in this action. Counsel for NAMCO/the Receiver has reason to believe that the documents do not represent the entire case file, because process, pleadings and orders were not routinely served on counsel for NAMCO after the dismissal with prejudice of the claims against NAMCO on December 16, 2002. To the extent these documents do not represent the entire case file, the Receiver respectfully requests that the Court issue writs of certiorari to the Missouri Court of Appeals, Eastern Division (Appeal No. ED 90267), and the Circuit Court of St. Louis County (Cause No. 02CC-1055), directing such courts to provide this Court with the entire case file pursuant to 28 U.S.C. § 1447(b).

| | |
|---|---|
| Dated: November 6, 2008 | FEDERAL DEPOSIT INSURANCE CORPORATION, as RECEIVER for WASHINGTON MUTUAL BANK |
| | By: /s/ Lisa A. Larkin<br>One of its Attorneys |
| Matthew M. Neumeier<br>Gregory T. Fouts<br>**HOWREY LLP**<br>321 N. Clark Street<br>Suite 3400<br>Chicago, Illinois 60654<br>Telephone (312) 595-1239<br>Facsimile (312) 595-2250 | Steven P. Sanders #4254<br>Lisa A. Larkin #60670<br>**WILLIAMS, VENKER & SANDERS LLC**<br>Bank of America Tower<br>100 North Broadway, 21st Floor<br>St. Louis, Missouri 63102<br>Telephone (314) 345-5000<br>Facsimile (314) 345-5055 |

## Certificate of Service

I, Lisa A. Larkin, hereby certify that copies of the foregoing **Notice of Removal Of Action Under 12 U.S.C. § 1819** have been served upon all remaining parties to the State Action via first class mail, postage prepaid, and have been filed with the Clerk of the Missouri Court of Appeals, Eastern District, and the Clerk of the Circuit Court of St. Louis County, pursuant to 28 U.S.C. § 1446(d) this 6th day of November, 2008.

Joe D. Jacobson
David T. Butsch
Jonathan Andres
GREEN JACOBSON & BUTSCH, PC
7733 Forsyth Boulevard, Ste. 700
Clayton, MO 63105
314/862-6800
314/862-1606 FAX
*Attorneys for Plaintiffs/Appellants*

Michael A. Campbell
POLSINELLI SHALTON FLANIGAN
  SUELTHAUS PC
100 S. Fourth St., Ste. 1100
St. Louis, MO 63102
314/889-8000
314/431-1776 FAX
*Attorneys for Defendant-Appellee
North American Savings Bank FSB*

Kenneth J. Mallin
BRYAN CAVE LLP
One Metropolitan Square, Ste. 3600
211 North Broadway
St. Louis, MO 63102-2750
314/259-2000
314/259-2020 FAX
*Attorney for Defendant-Appellee
Heartland Bank*

Sanford J. Boxerman
CAPES, SOKOL, GOODMAN &
SARACHAN, P.C.
7701 Forsyth, 12th Floor
Clayton, MO 63105
314/721-7701
314/721-0554 FAX

Mark B. Blocker
Robert N. Hochman
Michele A. Casey
SIDLEY AUSTIN LLP
One S. Dearborn Street
Chicago, IL 60603
312/853-7000
312/853-7036 FAX
*Attorneys for Defendant-Appellee
ABN Amro Mortgage Group, Inc.*

/s/ Lisa A. Larkin