IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL P. AND SHELLIE GILMOR, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:10-CV-00189-ODS |
| | ) | |
| PREFERRED CREDIT CORPORATION, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

**REMOVING DEFENDANTS' SUGGESTIONS IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OR, ALTERNATIVELY, FOR AMENDMENT AND CERTIFICATION OF ORDER FOR PURPOSES OF INTERLOCUTORY APPEAL**

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................. i

TABLE OF AUTHORITIES ......................................................................................................... ii

I.  INTRODUCTION .............................................................................................................. 1

II. PLAINTIFFS' MOTION FOR RECONSIDERATION OF THIS COURT'S APRIL 27
    ORDER SHOULD BE DENIED. ....................................................................................... 1

    A.  Plaintiffs' Motion For Reconsideration Should Be Denied Because Plaintiffs
        Simply Reargue The Same Arguments They Made Before. ................................... 1

    B.  This Court Should Not Reconsider Its Proper Reliance Upon *Buczkowski* and
        *Casey*. ...................................................................................................................... 2

    C.  Plaintiffs' Reiteration Of The Legislative History Of 12 U.S.C. § 1441a(l)(3)(B)
        and 12 U.S.C. § 1819(b)(2)(B) Also Does Not Justify Reconsideration Of This
        Court's April 27 Order. ............................................................................................ 4

    D.  The Court's Alternative Basis For Its Order, That Jurisdiction Was Conferred
        Upon The FDIC's Entry Of Appearance Following Removal, Is Consistent With
        Eighth Circuit Precedent. ......................................................................................... 6

III. PLAINTIFFS' REQUEST TO CERTIFY THE COURT'S APRIL 27 ORDER FOR
     PURPOSES OF INTERLOCUTORY APPEAL SHOULD ALSO BE DENIED. ............ 7

    A.  Plaintiffs Bear A Heavy Burden In Requesting Certification. ................................ 7

IV. CONCLUSION ................................................................................................................ 10

# TABLE OF AUTHORITIES

**CASES**

*Broadway v. Norris*,
 193 F.3d 987 (8th Cir. 1999) ................................................................................................ 1-2

*Buczkowski v. FDIC*,
 415 F.3d 594 (7th Cir. 2005) ............................................................................................*Passim*

*Casey v. FDIC*,
 583 F.3d 586 (8th Cir. 2009) ................................................................................................2, 4, 7

*Estate of Harding v. Bell*,
 817 F. Supp. 1186 (D.N.J. 1993) ..............................................................................................9

*FDIC v. Loyd*,
 955 F.2d 316 (5th Cir. 1992) ..................................................................................................6, 8

*Harley v. Zoesch*,
 413 F.3d 866 (8th Cir. 2005) .....................................................................................................2

*Heaton v. Monogram Credit Card Bank of Ga.*,
 297 F.3d 416 (5th Cir. 2002) .....................................................................................................7

*Interior Glass Serv., Inc. v. FDIC*,
 691 F. Supp. 1255 (D. Alaska 1988) .........................................................................................8

*J.E. Dunn Northwest, Inc. v. Salpare Bay, LLC*,
 2009 WL 3571354 (D. Ore. 2009)..............................................................................................9

*Phipps v. FDIC*,
 417 F.3d 1006 (8th Cir. 2005) ............................................................................................ 6-7, 9

*RTC v. Fragetti*,
 49 F.3d 715 (11th Cir. 1995) .....................................................................................................3

*Sanders v. Clemco Industries*,
 862 F.2d 161 (8th Cir. 1988) ............................................................................................... 1-2

*Thomas v. U.S. Bank Nat. Ass'n, N.D.*,
 575 F.3d 794 (8th Cir. 2009) ..................................................................................................5, 7

*Union County, Iowa v. Piper Jaffray & Co.*,
 525 F.3d 643 (8th Cir. 2008) ................................................................................................7, 10

**STATUTES**

12 U.S.C. § 1441a(l)(3)....................................................................................................................7

12 U.S.C. § 1441a(l)(3)(A) ...................................................................................................... 4

12 U.S.C. § 1441a(l)(3)(B) ............................................................................................. 3-4, 8-9

12 U.S.C. § 1819 .............................................................................................................. 3, 5, 9

12 U.S.C. § 1819(b)(2) ........................................................................................................... 4

12 U.S.C. § 1819 (b)(2)(A–B) .............................................................................................. 10

12 U.S.C. § 1819(b)(2)(B) ............................................................................................. *Passim*

28 U.S.C. § 1292(b) ........................................................................................................ 1, 7-8

28 U.S.C. § 1441(a) .............................................................................................................. 10

Federal Deposit Insurance Corporation Improvement Act of 1991, Pub. L. No. 102-242, §
    161(d), 105 Stat. 2236, 2286 (1991) ................................................................................. 5

**OTHER AUTHORITIES**

Fed. R. Civ. P. 60(b) ............................................................................................................... 2

Eighth Circuit Court of Appeals Local Rule 32.1A ............................................................... 7

## I. INTRODUCTION

Defendants U.S. Bank National Association N.D., Empire Funding Home Loan Owner Trust 1998-1, and U.S. Bank National Association and Wilmington Trust Company in both their individual capacities and their capacities as trustees of the trust (the "Removing Defendants") properly removed this case to federal court. In its April 27, 2010 Order and Opinion Denying Plaintiffs' Motion to Remand (the "April 27 Order"), this Court agreed.

Plaintiffs' motion asking this Court to reconsider its well-reasoned decision merely reiterates the same arguments made in plaintiffs' remand motion. These arguments have already been rejected by this Court. Plaintiffs' alternative motion asking this Court to amend its April 27 Order and certify that Order for interlocutory appeal fails to satisfy the heavy burden imposed upon parties seeking this exceptional remedy. Accordingly, this motion, too, is meritless. The Removing Defendants thus respectfully ask that this Court deny Plaintiffs' Motion for Reconsideration or Alternatively, for Amendment and Certification of Order Pursuant to 28 U.S.C. § 1292(b) for Purposes of Interlocutory Review in its entirety.

## II. PLAINTIFFS' MOTION FOR RECONSIDERATION OF THIS COURT'S APRIL 27 ORDER SHOULD BE DENIED.

### A. Plaintiffs' Motion For Reconsideration Should Be Denied Because Plaintiffs Simply Reargue The Same Arguments They Made Before.

In their motion for reconsideration, plaintiffs assert that "this Court's conclusion was in error." (Pl. Br. at 1.) They offer as support for that assertion the same arguments raised in their remand motion, raising no new issues or evidence. This failure alone is sufficient reason for denying plaintiffs' motion.

Neither the Federal Rules of Civil Procedure nor the Local Rules of the Western District of Missouri mention motions for reconsideration. *See Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999); *Sanders v. Clemco Industries*, 862 F.2d 161, 168 (8th Cir. 1988). Such motions

are thus generally deemed made under Fed. R. Civ. P. 60(b) when filed in response to a nonfinal order. *See Broadway*, 193 F.3d at 989. Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *Harley v. Zoesch*, 413 F.3d 866, 870 (8th Cir. 2005) (quoting *Atkinson v. Prudential Property Co., Inc.*, 43 F.3d 367, 371 (8th Cir. 1994)). The Eighth Circuit has made it clear that parties who seek reconsideration but do "nothing more than reargue, somewhat more fully, the merits of their claim" do not comply with "the purpose of Rule 60(b)." *Broadway*, 193 F.3d at 989–90. Indeed, "the failure to present reasons not previously considered by the court 'alone is a controlling factor against granting relief.'" *Sanders*, 862 F.2d at 170 (quoting *Fox v. Brewer*, 620 F.2d 177, 180 (8th Cir. 1980); *Broadway*, 193 F.3d at 990 (Rule 60(b) "is not a vehicle for simple reargument on the merits. This ground alone is sufficient to prevent a holding that the District Court abused its discretion in denying the motion.").

Because plaintiffs fail to present arguments not previously considered by the Court, their motion for reconsideration should be summarily denied.

### B. This Court Should Not Reconsider Its Proper Reliance Upon *Buczkowski* and *Casey*.

Even if this Court were inclined to revisit plaintiffs' arguments, there is no reason for the Court to alter its prior conclusions. Plaintiffs begin by challenging this Court's citations of *Buczkowski v. FDIC*, 415 F.3d 594, 596 (7th Cir. 2005) and *Casey v. FDIC*, 583 F.3d 586 (8th Cir. 2009). (Pl. Br. at 3–4.) Contrary to plaintiffs' claims, this Court properly considered and relied upon these authorities. (April 27 Order at 2–3.)

Plaintiffs assert that *Buczkowski* should be narrowly interpreted, claiming that the Seventh Circuit was concerned only with whether the FDIC's 90-day period to remove the action began to run when the FDIC was appointed as a receiver. (Pl. Br. at 4.) Plaintiffs have already

made that argument to this Court. (Reply to Removing Defendants' Suggestions in Opposition to Plaintiffs' Motion to Remand ["Pl. Remand Reply Br."] at 3–5, 10.) Plaintiffs were wrong when they made this argument before and they continue to be wrong today.

In *Buczkowski*, the Seventh Circuit refused to remand the case even though the intervention motion had *not* been decided prior to removal. The court thus expressly considered whether the filing of the motion for intervention started the time period for the FDIC to remove the action to federal court. In doing so, it noted that under 12 U.S.C. § 1441a(l)(3)(B), the RTC is substituted as a party "upon the filing of a copy of the order appointing the [RTC] as conservator or receiver for that party or the filing of such other pleading informing the court that the [RTC] has been appointed conservator or receiver" for that party. 415 F.3d at 596. The FDIC asked the Seventh Circuit in *Buczkowski* to apply that definition to the FDIC removal statute even though it was absent from 12 U.S.C. § 1819. The Seventh Court characterized this request as "sensible," noting that it would "confirm the statute's most natural reading." 415 F.3d at 597. Although the Seventh Circuit did not apply 12 U.S.C. § 1441a(l)(3)(B) to the FDIC, since the two statutes do not cross-reference each other, the court agreed that the FDIC removal statute should be read consistently with the RTC removal statute. It thus concluded that the FDIC properly removed the case after it filed a motion to intervene that attached a copy of the order appointing it as receiver. *Id.* Moreover, the Seventh Circuit also recognized that "*[a]ny* litigant, or the court on its own motion, can substitute the FDIC for the failed bank as a party." *Id.*; *see also RTC v. Fragetti*, 49 F.3d 715, 717–18 (11th Cir. 1995).

In its April 27 Order, this Court agreed with this plain reading of *Buczowski*. Plaintiffs provide no reason for this court to reconsider its prior and correct decision that under the FDIC removal statute, read consistently with the RTC removal statute, the FDIC had the right to

remove the case, thus giving the Removing Defendants the right to remove the case, once Corus Bank's motion for substitution was filed.

As for *Casey*, plaintiffs argue that the Eighth Circuit did not consider the precise issue in dispute here and that its decision to look to the RTC removal statute for guidance in interpreting the FDIC removal statute is thus inapplicable to this case. Plaintiffs miss the point. The Removing Defendants' citation of *Casey* in their brief in opposition to plaintiffs' remand motion and this Court's citation of *Casey* in its April 27 Order stand merely for the proposition that "the law concerning the RTC often informs its analogue in the FDIC context . . . ." *Casey v. FDIC*, 583 F.3d at 591. The Seventh Circuit reached exactly the same conclusion in *Buczowski*.

This Court thus properly relied upon both *Buczowski* and *Casey* in its April 27 Order.

**C. Plaintiffs' Reiteration Of The Legislative History Of 12 U.S.C. § 1441a(l)(3)(B) and 12 U.S.C. § 1819(b)(2)(B) Also Does Not Justify Reconsideration Of This Court's April 27 Order.**

Plaintiffs next argue that Congress "intentionally chose not to include the language of § 1441a(l)(3)(B) in 12 U.S.C. § 1819(b)(2) . . . ." (Pl. Br. at 6.) This argument, too, was previously made in plaintiffs' remand motion. (*See* Pl. Remand Reply Br. at 8–11.) The Court correctly rejected the argument then and should do so again now.

After reiterating the legislative history of 12 U.S.C. § 1441a(l)(3)(B), plaintiffs leap to the conclusion that "Congress intended those special provisions would apply only to the RTC during the savings and loan crisis." (Pl. Br. at 7.) That statement, however, is followed by no authority. Plaintiffs fail to cite a single case agreeing with their perception of Congress's intent. In fact, plaintiffs' unsupported view of the statutes and Congress's intent is misguided.

The removal statutes applicable to the FDIC and the RTC contain identical language stating that both the FDIC and the RTC may remove cases within 90 days of being "substituted as a party." *Compare* 12 U.S.C. § 1441a(l)(3)(A) with 12 U.S.C. § 1819(b)(2)(B). As the

2685919.1

4

Case 4:10-cv-00189-ODS   Document 59   Filed 05/24/10   Page 8 of 16

Seventh Circuit concluded, courts should read that identical phrase the same way in both statutes. *Buczowski*, 415 F.3d at 597. Although the statute pertaining to the RTC elaborated upon what it meant to be substituted as a party, noting that it occurred upon the filing of the order appointing the RTC as receiver, the Seventh Circuit decided that "reading these texts differently just because § 1819 lacks some elaboration that appears in § 1441a would double-cross the legislature unless there is a reason to think that the two statutes serve different ends." *Id.* The Seventh Circuit found no evidence that the statutes served different ends and thus concluded that § 1819 and § 1441 should be read consistently with one another.

This view, unlike plaintiffs' contrary interpretation of the law, is expressly supported in the legislative history. The subsection adding the "substituted as a party" language to § 1819 was entitled "FDIC Removal Period Made Consistent with RTC Period." *See* Federal Deposit Insurance Corporation Improvement Act of 1991, Pub. L. No. 102-242, § 161(d), 105 Stat. 2236, 2286 (1991). Interpreting the phrase "substituted as a party" differently for the FDIC than for the RTC would make the two removal periods patently inconsistent, a result which is at odds with Congress's express intent.

Plaintiffs assert that the phrase "substituted as a party" should be read consistently with its plain meaning. In plaintiffs' view, the "plain meaning" of § 1819(b)(2)(B) requires the FDIC to be formally made a party. To support this reading of the statute, plaintiffs cite *Thomas v. U.S. Bank Nat. Ass'n, N.D.*, 575 F.3d 794 (8th Cir. 2009). The *Thomas* case, however, had nothing to do with the FDIC or a removal based upon §1819, but was instead concerned with federal preemption—a matter that has no bearing upon the issues now before this Court. *See id.* at 800 (comparing the Deposit Institutions Deregulation and Monetary Control Act (DIDA) with the National Bank Act (NBA)). It also did not involve a dispute in which the identical phrase

appeared in two statutes.  Where, as here, the identical phrase "substituted as a party" appears in both the RTC and FDIC removal statutes, and that phrase has been added to the FDIC removal statute to make it "consistent" with the RTC statute, the "plain meaning" of that phrase must surely be the same in both contexts.  That in fact is the holding of *Buczkowski*.

Plaintiffs' narrow interpretation of 12 U.S.C. § 1819(b)(2)(B), supposedly based upon its "plain meaning," is not even supported by the opinions on which they rely.  *FDIC v. Loyd*, 955 F.2d 316 (5th Cir. 1992), repeatedly cited in plaintiffs' motion to remand and motion for reconsideration, considered the FDIC removal statute and held that the FDIC's time for removing the case began when it filed its motion to intervene, not when it was formally made a party.

> D. The Court's Alternative Basis For Its Order, That Jurisdiction Was Conferred Upon The FDIC's Entry Of Appearance Following Removal, Is Consistent With Eighth Circuit Precedent.

Plaintiffs' motion for reconsideration finally challenges this Court's conclusion that the FDIC's entry of its appearance following removal conferred "instant subject matter jurisdiction over the case."  April 27 Order at 4 (citing *Phipps v. FDIC*, 417 F.3d 1006, 1009 n.2 (8th Cir. 2005) and *Heaton v. Monogram Credit Card Bank of Ga.*, 297 F.3d 416, 425–26 (5th Cir. 2002)).

This Court's conclusion was correct.  In *Phipps*, the FDIC was appointed as receiver for a defendant bank after removal and was granted leave to substitute itself for the bank.  417 F.3d at 1009 n.2.  The Eighth Circuit concluded that the "FDIC substitution clearly establishes federal court jurisdiction to resolve this case" and further observed that this substitution "conferred instant subject matter jurisdiction over the case."  *Id.*, citing *Heaton v. Monogram Credit Card Bank of Ga.*, 297 F.3d 416, 426 (5th Cir.2002).

In their motion, plaintiffs cite to a terse unpublished Order in *Thomas* denying the FDIC's motion to substitute itself for a defendant bank. (Pl. Br. at 10–11, Ex. 6.) Plaintiffs' effort to make something of that denial is seriously misguided. Local Rule 32.1A of the United States Court of Appeals for the Eighth Circuit expressly provides that unpublished opinions "are not precedent." Moreover, the Thomas Order was three sentences long and was issued on the same day as an 11-page published opinion deciding the issue at the heart of that appeal—whether the plaintiffs' claims were completely preempted by the Deregulation and Monetary Control Act. The Order disposed of an ancillary matter without analysis or intended precedential value. It did not mention *Phipps*, *Heaton*, *Casey*, *Buczkowski*, 12 U.S.C. § 1441a(l)(3) or 12 U.S.C. § 1819(b)(2)(B). In fact, it cited no authorities whatsoever. Nor did the Order contain any reasoning or rationale explaining the basis for the Order. If the Eighth Circuit had meant to question *Phipps* or *Casey*, it would have expressly done so as part of its published opinion on the same day. It did not do so.

Accordingly, there is no basis for this Court to reconsider its alternative ground for denying plaintiffs' motion to remand.

### III. PLAINTIFFS' REQUEST TO CERTIFY THE COURT'S APRIL 27 ORDER FOR PURPOSES OF INTERLOCUTORY APPEAL SHOULD ALSO BE DENIED.

#### A. Plaintiffs Bear A Heavy Burden In Requesting Certification.

As the Eighth Circuit has repeatedly observed, "[i]t has . . . long been the policy of the courts to discourage piece-meal appeals because most often such appeals result in additional burdens on both the court and the litigants. Permission to allow interlocutory appeals should thus be granted sparingly and with discrimination." *Union County, Iowa v. Piper Jaffray & Co.*, 525 F.3d 643, 646 (8th Cir. 2008) (quoting *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994)). The interlocutory appeal that plaintiffs seek "under section 1292(b) is far from the normal course of

procedure," *id.* (quoting *U.S. ex. rel. Hollander v. Clay*, 420 F. Supp. 853, 859 (D.D.C. 1976)), and "was not intended merely to provide review of difficult rulings in hard cases." *Id.* (quoting *United States Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966) (per curiam)). The "[movant] bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted," and must show that the following three statutory criteria for interlocutory appeal are satisfied:

(1) the order involves a controlling question of law;

(2) there is a substantial ground for difference of opinion; and

(3) certification will materially advance the ultimate termination of the litigation.

*Id.* (quoting *White*, 43 F.3d at 376); 28 U.S.C. § 1292(b).

Although this Court undoubtedly decided questions of law in its April 27 Order, plaintiffs mischaracterize the Court's rulings. They state that the Order raised the following disputed question of law: "[w]hether the provisions of 12 U.S.C. § 1441a(l)(3)(B) govern the substitution of the FDIC as a party for purposes of 12 U.S.C. § 1819(b)(2)(B)." (Pl. Br. at 12.) This Court, of course, merely indicated that the statutes governing the RTC "should be looked to for guidance." (Order at 3.) It did not suggest in any way that the RTC statutes govern the FDIC's substitution as a party under 1819(b)(2)(B).

Plaintiffs also misread the relevant authorities in asserting that there is a substantial ground for difference of opinion with respect to this Court's findings, rehashing the old cases and arguments already considered and rejected by this Court. As noted above, plaintiffs' view that the motion for substitution must be granted before the FDIC has the right to remove a case is contrary to the very precedent on which they rely—*FDIC v. Loyd*, 955 F.2d 316 (5th Cir. 1992) (concluding that a case may be removed upon the FDIC's filing of a motion to intervene). Furthermore, the three cases they cite to support their position are inapposite. *Interior Glass*

*Serv., Inc. v. FDIC*, 691 F. Supp. 1255 (D. Alaska 1988) is irrelevant, since it was decided before Congress enacted the 1991 amendment to § 1819 that permitted removal after the FDIC is "substituted as a party," the pivotal phrase at issue here. *J.E. Dunn Northwest, Inc. v. Salpare Bay, LLC*, 2009 WL 3571354 (D. Ore. 2009) misread *Buczkowski* just as plaintiffs misread that case, believing that the Seventh Circuit held that the FDIC could not remove a case until after its intervention motion was granted. *Id.* at *3. As this Court itself noted, that is an incorrect view of *Buczkowski*. Finally, *Estate of Harding v. Bell*, 817 F. Supp. 1186 (D.N.J. 1993) failed to consider the provision in the analogous RTC statute that specified when the RTC becomes a party (12 U.S.C. § 1441a(l)(3)(B)) and was not presented with a motion filed by the bank for which the FDIC was receiver.

In short, the case for federal question jurisdiction here is clear. The relevant circuit court opinions and the legislative history of the statutes at issue support the Removing Defendants' view that they had the right to remove this case as soon as Corus Bank filed its motion for substitution and attached the notice documenting the FDIC's appointment as receiver of the failed bank.

Similarly, there is no controversy in this circuit with respect to the court's alternative holding—that the FDIC's entry of appearance in this court conferred instant subject matter jurisdiction. As this Court noted, this was the ruling in *Phipps v. FDIC*, 417 F.3d 1006, 1009 n.2 (8th Cir. 2005).

Finally, plaintiffs fail to meet their heavy burden in establishing the third prong required before an order will be certified for interlocutory review—the requirement that certification will materially advance the ultimate termination of this litigation. Plaintiffs' only basis for arguing that certification will materially advance the ultimate termination of this litigation is the

possibility that the Eighth Circuit will disagree with this Court's ruling, resulting in the remand of this matter to state court. That possibility, however, is inevitably present whenever a plaintiffs' motion to remand is denied. It thus does not distinguish this case from any other action that has been successfully removed to federal court. It certainly does not satisfy plaintiffs' "heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." *Union County, Iowa v. Piper Jaffray & Co.*, 525 F.3d 643, 646 (8th Cir. 2008) (quoting *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994)).

This matter has been pending now for ten years. Granting plaintiffs' request for interlocutory appellate review would only further delay the termination of this litigation. It is time for this case to proceed.

## IV. CONCLUSION

The Removing Defendants have properly removed this case to federal court. Upon the filing of the motion seeking to substitute the FDIC for Corus Bank, this case was deemed to arise under the laws of the United States. 12 U.S.C. § 1819 (b)(2)(A–B). That gave the Removing Defendants the right to remove this action under 28 U.S.C. § 1441(a). For all the reasons stated above, the Removing Defendants respectfully request that this Court deny plaintiffs' motion for reconsideration or alternatively for the amendment of this Court's April 27 Order and the certification of that Order for interlocutory appellate review.

Respectfully submitted,


/s/ Mark A. Olthoff
MARK A. OLTHOFF            MO #38572
ANTHONY BONUCHI           MO #57838
POLSINELLI SHUGHART PC
1700 Twelve Wyandotte Plaza
120 West 12th Street
Kansas City, Missouri  64105-1929
(816) 421-3355
(816) 374-0509 (FAX)
molthoff@stklaw.com
abonuchi@stklaw.com


PETER W. CARTER
PAUL R. DIESETH
DORSEY & WHITNEY LLP
50 South 6th
Suite 1500
Minneapolis, Minnesota  55402-149

ATTORNEYS FOR REMOVING DEFENDANTS

## CERTIFICATE OF SERVICE

   I hereby certify that a copy of the above and foregoing document was filed electronically with the above-captioned court, with notice of case activity to be generated and sent electronically by the Clerk of said court (with a copy to be mailed to any individuals who do not receive electronic notice from the Clerk) this 24th day of May, 2010.


                /s/ Mark A. Olthoff
                Attorney for Removing Defendants