IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MICHAEL P. and SHELLIE GILMOR, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 10-0189-CV-W-ODS ) |
| PREFERRED CREDIT CORP., et al., | ) ) |
| Defendants. | ) |

## ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION AND GRANTING PLAINTIFFS' MOTION FOR CERTIFICATE OF APPEALABILITY

This case has spent practically all of its ten-year life in state court. During that time, the state court has certified a class and issued a multitude of rulings. On February 26, 2010, the case was removed to federal court; jurisdiction was ostensibly based on the addition of the FDIC as a party. On April 27, 2010, the Court denied Plaintiffs' Motion to Remand. Now pending is Plaintiffs' Motion for Reconsideration or, in the Alternative, for an Order Certifying for Interlocutory Appeal. The Court adheres to its ruling, but grants the request to certify for an interlocutory appeal.

As to the issue of reconsideration, Plaintiffs have not presented any arguments that persuade the Court its original decision is in error. Plaintiffs do point out that granting their motion would have given the FDIC an automatic right to appeal the remand, but the Court does not believe it appropriate to make a ruling it disagrees with just so a particular party may appeal.

The Court is persuaded that an interlocutory appeal is appropriate.

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing such order

28 U.S.C. § 1292(b).[1]  The Court of Appeals then has discretion to accept the appeal.

While the Court denied Plaintiffs' Motion to Remand, the law is not abundantly clear and the issue is open to dispute.  The issue of law is controlling; indeed, it is an *a priori* issue.  If the Court does not have jurisdiction, then no subsequent ruling can be valid.  Finally, an answer now will materially advance the litigation.  The case has already been pending for a decade, and it will involve many more years of litigation.  It will take substantial time just for the Court to understand what has happened in the case, digest the pending motions, and place the case on a track toward conclusion.  This is an unusual facet of the case.

The ultimate termination of this case will best be achieved if, before potentially diverting this case onto a multi-year course, the issue of the Court's jurisdiction is settled.  Otherwise, there is not only a risk that the Court's and the parties' future efforts will be for naught, but a risk that the work already done by the state court will be rendered useless or of little value.  For these reasons, the Court certifies the April 27, 2010 Order Denying Motion to Remand (Doc. # 48) for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

The Court exercises its discretion under that statute to stay further proceedings in this Court while Plaintiffs pursue the appeal.  This means that deadlines for responding to motions and other filings are stayed.  This also means the parties need not comply with the Court's April 28, 2010, Order (Doc. # 49).  New deadlines will be established once the appeal is concluded.

IT IS SO ORDERED.

                                            /s/ Ortrie D. Smith
                                            ORTRIE D. SMITH, JUDGE
DATE: June 9, 2010                        UNITED STATES DISTRICT COURT

---

[1] While the statute describes the certification as appearing in the order in question, case law establishes that the certification can be entered in a separate, subsequently issued order.  E.g., Safety Nat'l Casualty Corp v. Certain Underwriters at Lloyds, London, 587 F.3d 714, 717-18 (5th Cir. 2009); Bassidji v. Goe, 413 F.3d 928, 932 (9th Cir. 2005); Houston Fearless Corp. v. Teter, 313 F.2d 91, 92 (10th Cir. 1962).