# THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| MICHAEL P. AND SHELLIE GILMOR, et al., | |
| Plaintiffs, | Case No. 4:10-cv-00189-ODS |
| vs. | |
| PREFERRED CREDIT CORPORATION, et al., | |
| Defendants. | |

## PROPOSED SCHEDULING ORDER/DISCOVERY PLAN

Plaintiffs, and Defendants, by and through their undersigned counsel, and pursuant to Fed. R. Civ. P. 26(f) and Local Rules 16.1(d), (f), 26.1(c) and (f) and the Court's *Order Directing Parties to Submit Status Report and Documents* (Doc. No. 49) and *Order Lifting Stay and Directing Parties to Submit Status Report and Documents* (Doc. # 73), and in consideration of the Parties' Joint Status Report, submit the Parties' Proposed Scheduling Order and proposed Discovery Plan.

## PRELIMINARY STATEMENT

### Plaintiffs' Position:

**1.      Stay of Briefing on Motions to Dismiss**

The Court should stay all briefing on the Motions to Dismiss and Motions for Summary Judgment (*see* Status Report, Sections 2.A and 2.C) for an initial period of 9 months to allow discovery on issues raised in these motions. The Court should first rule on all non-dispositive motions (*see* Status Report, Section 2.B.). Those motions relate primarily to the various on-going and as-yet unresolved discovery disputes that have stymied discovery.

Plaintiffs further suggest that the Court should grant Plaintiffs 9 months at a minimum to

1

continue and complete the discovery they need to oppose any renewed or "re-upped" motions to dismiss or summary judgment motions. Discovery is needed with respect to the various issues raised in Defendants' multiple motions to dismiss and motions for summary judgment. The Court should afford Plaintiffs additional time before it considers and decides the motions. Should the Court desire, Plaintiffs will at any interval the Court thinks appropriate, report to the Court as to the status of such motion discovery. Upon conclusion of the 9 month period, Plaintiffs will submit a Proposed Scheduling Order and Discovery Plan

**2.     It is premature to set forth a detailed Scheduling Order at this time.**

Due to the Defendants' pending motions to dismiss and summary judgment motions, Plaintiffs have yet to obtain discovery of all class members' loans and loan payment histories as well as other information needed to properly address the issues raised in the Defendants' multiple motions. Plaintiffs suggest that the Court should permit Plaintiffs 9 months to continue discovery related to the class members' loans, payment histories and other issues before the Court considers any of Defendants' dispositive motions. Should the Court desire prior to the expiration of this period, and at any interval the Court thinks is appropriate given the status of pending motions, Plaintiffs suggest they will report back to the Court as to the status of discovery. Upon conclusion of the 9 month period, Plaintiffs propose they submit a Proposed Scheduling Order and Discovery Plan

Plaintiffs further suggest that it is inappropriate and unfeasible to attempt to artificially limit discovery to particular issues and note that, in their experience, such limitations generally just give rise to additional discovery disputes that could otherwise be avoided.

Plaintiffs propose this time frame for a variety of reasons, which are based on their extensive experience and practice in this and other Missouri Second Mortgage Loans Act class actions, and which include, without limitation, the following:

There are 28 Defendants comprised of a handful of securitization groups or related entities represented by the same counsel (all of whom are experienced in these Second Mortgage Loans Act class actions). Due to the pending motions, most of the Defendants have not provided any discovery at all to Plaintiffs. For example, although there are over 500 Class loans at issue, Defendants have produced approximately 130 loan files and loan payment histories. The following areas of document discovery remains: (1) production of the Class members' loans files and loan payment histories; (2) production of records concerning Defendants' acquisitions of the Class members' loans from the lender, Preferred Credit Corp., or an intervening assignee; (3) production of records concerning Defendants' sales or securitization of the Class members' loans; and (4) production of records related to or that would evidence Defendants' due diligence or scrutiny of the Class members' loans at the time of acquisition. Plaintiffs are unable to take depositions, or to determine which depositions are necessary, or to determine what follow-up discovery is necessary or appropriate in the absence of these documents.

The ease of obtaining this discovery is complicated or made difficult as the result of the passage of time, turmoil in the mortgage finance industry, and corporate transitions, successions, and cessations. Further, many of these Defendants and their records are located out of state, are in storage, and knowledgeable employees have left the entities that are subject to the discovery.

During this time, Plaintiffs may need to take depositions of Defendants and third parties (such as loan servicers and custodians) to locate records or to authenticate (because, historically, some of the defendants refuse to authenticate their own records or to admit that they are even their own records). It is Plaintiffs' experience in these Missouri Second Mortgage Loan Act class actions that it is often difficult for Defendants to locate records and identify knowledgeable Rule 30(b)(6) witnesses. Hence, there is often a substantial delay in obtaining records and then the issuance of a

3
Case 4:10-cv-00189-ODS   Document 74   Filed 09/24/10   Page 3 of 13

Rule 30(b)(6) deposition notice and Defendants' response that they have identified knowledgeable witnesses.

Next, following document discovery Plaintiffs will be able to prepare the electronic data and records that they will use to establish such things as Defendants' class wide liability for violations of the MSMLA and the Class members' damages, and have information concerning Defendants' operations and practices, for expert review for purposes of their testimony relevant to punitive damages.

Finally, Plaintiffs suggest there is no legal basis for Defendants' contentions that Plaintiffs must re-brief class certification because additional Defendants were joined to the litigation. Should the Defendants contend that the Class should be decertified, then they are free to file a motion seeking that relief.

Altogether, Plaintiffs suggest that their proposal is reasonable and appropriate given the matters set forth in the *Joint Status Report* and above.

### Defendants' Statement

**1.     Rulings on Jurisdictional Issues Prior to Unbridled Discovery.**

a.     Seven plaintiffs bring this action as a plaintiffs' class action against defendants who originated, held, were assigned, serviced, or acted as a trustee for the holders of the second mortgage loans of plaintiffs and the class. A state court class was certified on January 2, 2003. The defendants that were parties at that time are Preferred Credit Corporation, Impac Funding Corporation, Impac Mortgage Holding, Inc., Impac Secured Assets Corporation, Impac Secured Assets, CMN Trust Series 1998-1, Bankers Trust Company, Bankers Trust Company of California and U.S. Bank National Association ND.

b.     Following entry of the certification order, plaintiffs filed amended petitions to join additional defendants. The case was removed to this Court on February 19,

2010. At the time of removal, there were a total of 28 defendants, including those seven that were parties at the time of class certification.

        c.        The defendants that were joined in this case after entry of the June 2, 2003 class certification order have filed dispositive motions to dismiss. Those motions include jurisdictional defenses based upon lack of standing and/or lack of personal jurisdiction over the parties.

        d.        The parties' pending motions raise significant jurisdictional questions that must be resolved and should be resolved before discovery on the merits is undertaken.[1] The determination of those motions will likely affect the scope of plaintiffs' claim, the number of parties and counsel involved in this suit, and the nature and scope of discovery to be taken. Accordingly, both plaintiffs and defendants agree that the entry of a final scheduling order at this point is premature. However, defendants oppose plaintiffs' unprecedented request for nine months of unabridged discovery prior to the time this Court rules the dispositive jurisdictional motions. There is nothing about this case that would justify such an unusual departure from Rule 12 practice as plaintiffs suggest. Instead, defendants ask that the Court rule the motions to dismiss in the ordinary course and prior to merits discovery. Should the Court grant the defendants' motions to dismiss, then numerous parties and their counsel will not be required to participate in what may be extensive, lengthy and expensive class action discovery and further motion practice. On the other hand, should the defendants' jurisdictional motions be denied, at that time it would be appropriate to establish a scheduling order to facilitate what will likely be significant fact discovery concerning the plaintiffs' claims of liability and damages, affirmative

---

[1] Much of the discovery proposed by plaintiffs in this report is merit-based discovery including, for example only and not intended as a comprehensive list of proposed merits discovery, production of putative class member loan files, payment histories and loan acquisition due diligence materials.

defenses, experts, and discovery of non-parties. To the extent plaintiffs' proposal is considered, defendants respectfully request to be heard on these issues and explain their positions more fully prior to entry of any schedule in this case.

**2.     Class Certification.**

Those defendants that were not a party to this case at the time of the state court class certification order—whose jurisdictional motions are pending—will contend the order is inapplicable to them and that, should the claims against them not be dismissed, then due process mandates that class certification discovery and briefing of all issues as to the elements of Fed. R. Civ. P. 23 must be addressed as to them by separate motion.

**3.     A formal Scheduling Order is Premature.**

Plaintiffs and defendants agree that the Court should not enter a final scheduling order. However, defendants propose that, in accord with Rule 12, the important jurisdictional issues be resolved prior to full-blown merits discovery. Defendants propose that plaintiffs file any suggestions in opposition to the pending motions to dismiss on October 15, 2010 and defendants file their reply suggestions on November 19, 2010.

After the jurisdictional motions are ruled, the parties can then propose a schedule of deadlines consistent with Fed. R. Civ. P. 16 and Local Rules 16.1 and 26.1(c) within 21 days after such motions have been decided.

In the alternative, defendants would propose the following preliminary schedule:

a.      <u>Defendants Propose Discovery as to Those Parties Joined after January 2, 2003 Limited to Class Certification</u>.

(1) <u>Depositions</u>. The deposition limitation of ten (10) depositions per side as contained in Fed. R. Civ. P. 30 shall be recognized. This deposition limit may be revised by order of the Court or by agreement of the parties.

(2) <u>Interrogatories</u>.  No more than twenty-five (25) interrogatories per party may be served.  This interrogatory number may be revised by order of the court or by agreement of the parties.

(3) <u>Discovery motions</u>.  All discovery motions as to interrogatories or requests for production of documents concerning class certification discovery shall be filed on or before February 1, 2011.

b. <u>Filing of Class Certification Motions as to those Parties Joined After January 2, 2003</u>.

(1)  Plaintiffs' class certification motion and suggestions in support shall be filed on or before March 1, 2011.

(2)  Defendants' suggestions in opposition to plaintiffs' class certification motion shall be filed on or before April 1, 2011.

(3)  Plaintiffs' reply suggestions in support of class certification shall be filed on or before May 1, 2011.

Dated:      September 24, 2010

*/s/ R. Frederick Walters*
R. FREDERICK WALTERS MO. BAR #25069
J. MICHAEL VAUGHAN MO. BAR #24989
KIP D. RICHARDS MO. BAR # 39743
DAVID M. SKEENS MO. BAR #35728
GARRETT M. HODES MO. BAR #50221
WALTERS BENDER STROHBEHN & VAUGHAN
2500 City Center Square
1100 Main Street
Kansas City, Missouri 64105
(816) 421-6620
(816) 421-4747 (Facsimile)

Attorneys for Plaintiffs and Class Counsel


*/s/ Mark A. Olthoff*
MARK A. OLTHOFF           MO #38572
ANTHONY BONUCHI          MO #57838
POLSINELLI SHUGHART PC
1700 Twelve Wyandotte Plaza
120 West 12th Street
Kansas City, Missouri  64105-1929
(816) 421-3355
(816) 374-0509 (FAX)
molthoff@polsinelli.com
abonuchi@polsinelli.com

PETER W. CARTER, *pro hac vice*
PAUL R. DIESETH, *pro hac vice*
DORSEY & WHITNEY LLP
50 South 6th
Suite 1500
Minneapolis, Minnesota  55402-149

Attorneys for Defendants U.S. Bank National Association ND, Empire Funding Home Loan Owner Trust 1998-1, and U.S. Bank National Association and Wilmington Trust Company

*/s/ Barry L. Pickens*
BARRY L. PICKENS
SPENCER FANE BRITT & BROWNE
1000 Walnut Street
Suite 1400
Kansas City, MO  64106-2140

R. BRUCE ALLENSWORTH
KIRKPATRICK & LOCKHART LLP
75 State Street
Boston, MA  02109


DANIEL J. TOBIN
BALLARD SPAHR ANDREWS &
  INGERSOLL, LLP
4800 Montgomery Lane
7th Floor
Bethesda, MD  20814

Attorneys for Defendants Impac Funding Corp., Impac Mortgage Holdings, Inc., Impac Secured Assets Corp., IMH Assets Corp. a/k/a Impac Mortgage Holdings Asset Corporation, Deutsche Bank National Trust Company f/k/a Bankers Trust Company of California, N.A, Credit-Based Asset Servicing & Securitization, LLC, Litton Loan Servicing LP, Wells Fargo Bank N.A. f/k/a Wells Fargo Bank, MN, N.A. (in its capacity as former trustee for terminated trust Impac Mortgage Pass-Through Certificates 2000-1), and LaSalle National Bank (in its capacity as former owner trustee of terminated trust Impac CMB Trust Series 1999-1)

*/s/ Leslie A. Greathouse*
LESLIE A. GREATHOUSE
SPENCER FANE BRITT & BROWNE LLP
1000 Walnut Street
Suite 1400
Kansas City, MO 64106-2140

Attorneys for Defendants Deutsche Bank Trust Company Americas, Preferred Mortgage Trust 1996-1, Preferred Mortgage Trust 1996-2, and Preferred Credit Trust 1997-1

*/s/ Randolph G. Willis*
RANDOLPH G. WILLIS
RASMUSSEN, WILLIS, DICKEY &
  MOORE, LLC
9200 Ward Parkway
Suite 310
Kansas City, MO 64114-3379
(816) 360-1711
rwillis@rwdmlaw.com
THOMAS L. ALLEN
ROY W. ARNOLD
REED SMITH LLP
Reed Smith Centre
Suite 1200
225 Fifth Avenue
Pittsburgh, PA 15222
(412) 288-3131
tallen@reedsmith.com
rarnold@reedsmith.com

Attorneys for Sovereign Bank

*/s/ Craig S. O'Dear*
CRAIG S. O'DEAR
IRVING V. BELZER
BRYAN CAVE LLP
3500 One Kansas City Place
1200 Main Street
Kansas City, MO 64105


MICHAEL G. BIGGERS
BRYAN CAVE LLP
3600 One Metropolitan Square
211 N Broadway
St. Louis, MO 63102

Attorneys for Defendants Residential Funding Company, LLC and JP Morgan Chase Bank, N.A., as Trustee



*/s/ Mark A. Olthoff*
MARK A. OLTHOFF                MO #38572
ANTHONY BONUCHI               MO #57838
POLSINELLI SHUGHART PC
1700 Twelve Wyandotte Plaza
120 W. 12th St.
Kansas City, MO 64105

HARRY S. DAVIS
MARCY RESSLER HARRIS
MARGUERITE GARDINER
SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, NY 10022

Attorneys for Defendant Credit Suisse First Boston Mortgage Securities Corp.

11

*/s/ Mark A. Olthoff*  
MARK A. OLTHOFF        MO #38572  
ANTHONY BONUCHI        MO #57838  
POLSINELLI SHUGHART PC  
1700 Twelve Wyandotte Plaza  
120 W. 12th St.  
Kansas City, MO  64105


THOMAS M. HEFFERON  
JOSEPH F. YENOUSKAS  
GOODWIN PROCTER LLP  
901 New York Avenue NW  
9th Floor East  
Washington, DC  20001  

Attorneys for Countrywide Home Loans, Inc.



*/s/ Mark A. Olthoff*  
MARK A. OLTHOFF        MO #38572  
ANTHONY BONUCHI        MO #57838  
POLSINELLI SHUGHART PC  
1700 Twelve Wyandotte Plaza  
120 W. 12th St.  
Kansas City, MO  64105  

Attorneys for Ocwen Loan Servicing, LLC f/k/a  
Ocwen Federal Bank, FSB

/s/ Todd W. Ruskamp
TODD W. RUSKAMP
SHOOK, HARDY & BACON, LLP
2555 Grand Boulevard
Kansas City, MO 64108-2613

Attorneys for Wendover Financial Services
Corporation



/s/ Terese A. Drew
TERESE A. DREW
HINSHAW & CULBERTSON, LLP
Gateway One
701 Market Street
St. Louis, MO 63101


THOMAS F. GING
HINSHAW & CULBERTSON, LLP
222 North LaSalle
Suite 300
Chicago, IL 60601

Attorneys for FDIC



/s/ Richard L. Martin
RICHARD L. MARTIN
THOMAS J. FRITZLEN, JR.
MARTIN, LEIGH, LAWS & FRITZLEN, PC
1044 Main Street
400 Peck's Plaza
Kansas City, MO 64105-2135

Attorneys for United Mortgage CB LLC

13