IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

MICHAEL P. and SHELLIE GILMOR, )
et al., )
                                   )
                Plaintiffs, )
                                   )
vs. )      Case No. 10-0189-CV-W-ODS
                                   )
PREFERRED CREDIT CORP., et al., )
                                   )
                Defendants. )

## ORDER ADDRESSING OUTSTANDING ISSUES AND MOTIONS, SETTING DEADLINES, AND DIRECTING THE PARTIES TO FILE A JOINT STATUS REPORT

The Court has reviewed the parties' Joint Status Report and Proposed Scheduling Order/Discovery Plan. The Court has also reviewed the materials identified by the parties pursuant to the Court's April 28, 2010, Order.[1] In an attempt to return this case to a path that will lead to its eventual disposition, the Court issues the following rulings:

1. Defendants' Motion to Strike (Ex. # 20)[2] will be treated as an opposition to Plaintiffs' notice voluntarily dismissing Corus Bank without prejudice (Ex. # 19). Plaintiffs' attempt to dismiss Corus Bank will be denied. As the Court noted in its April 27, 2010, Order, Missouri law did not allow Plaintiffs to unilaterally dismiss a defendant once a class had been certified. Now that the case is in federal court, Rule 23(e) governs the circumstances in which claims asserted by a class may be dismissed.

---

[1]The Court commends the parties for their efforts. The documents they created and the previously-filed materials they submitted were extremely helpful in apprising the Court of past events and the current status of this case.

[2]Many documents previously filed in state court have been provided to the Court as exhibits; the exhibit numbers are those assigned by the parties.

These requirements have not been met because no justification for dismissing Corus Bank has been offered.

2.      The Motion for Substitution (Ex. 18) is granted and the Federal Deposit Insurance Corporation ("FDIC") is substituted as a defendant in the place of Corus Bank.  The motion indicates the Comptroller of the Currency placed Corus Bank in receivership and the FDIC is the receiver.  Therefore, the FDIC is now the proper party.

3.      There appears to be an issue regarding the scope and extent of the state court's class certification order.  This issue has played a role in the course of discovery and in the overall processing of the case.  While not formally presented to the Court, the parties will be aided by the Court's views.

The issue involves defendants who were added to the case after the class was certified.  These defendants contend that if they are not dismissed for other reasons, Plaintiffs must attempt to "recertify" the class because the order certifying the class does not apply to them.  "All injunctions, orders and other proceedings [prior to the case's] removal shall remain in full force and effect until dissolved or modified by the district court."  28 U.S.C. § 1450.  Prior to the case's removal, the state court (1) certified the class and (2) permitted the addition of defendants.  The state court did not modify its prior order certifying the class, so it remains in effect.

The Court is not aware of any case holding that a certification order is nullified by the inclusion of additional defendants.  Nothing in the order reveals any reason that the addition of defendants should automatically decertify the class.  The class definition does not depend on the presence of any particular defendants, nor is it limited to the defendants present at the time the class was certified.  The additional defendants entered the case subject to the prior orders of the state court – including its order certifying the class.  If the additional defendants believe the class should be decertified then it is incumbent upon them to file a motion and set forth the reasons why such relief should be granted.

2

4.     Many motions to dismiss have not been fully briefed and remain pending.  These motions fall into three categories (1) motions alleging Plaintiffs lack standing (which can also be construed as simply arguing Plaintiffs do not have a legally cognizable claim against the moving defendants), (2) motions alleging certain defendants are not subject to personal jurisdiction in this forum, and (3) motions alleging certain claims are preempted by federal law.  The parties disagree as to whether the state court stayed the briefing of these motions, but it ultimately does not matter.  If the state court did not stay the briefing, then briefing should be completed; if it did stay the briefing, the Court is empowered to lift the stay if it believes that to be the prudent course – which it does.  Lest there be any confusion, the Court hereby vacates the stay issued on September 25, 2003.

Plaintiffs contend they should be permitted to conduct discovery for nine months before responding to the motions.  The Court disagrees.  Plaintiffs have not identified any issues raised in these motions that depend on the discovery of facts, and the Court's independent review reveals the motions do not present issues that depend on disputed issues of fact.  The Court discerns no reason to delay briefing.

Plaintiffs shall respond to the motions to dismiss (Exhibit Numbers 7, 13, 14, 15, 16, and 17) on or before November 5, 2010.  Defendants shall have until and including December 3, 2010, to file Reply Suggestions if they wish.

5.     Twelve motions to compel discovery  – all filed in May 2008 – remain pending.  The passage of time may have rendered these motions irrelevant, but the motions provide the Court an opportunity to express some of its views regarding discovery.

Initially, the parties are reminded that motions to compel, motions for sanctions, and other "discovery motions" cannot be filed in this Court without leave, and a prerequisite to such leave includes arranging a telephone conference with the Court to discuss the discovery dispute.  Local Rule 37.1.  The undersigned strictly adheres to this rule, applying it to all discovery disputes between the parties.  Discovery disputes involving non-parties are not governed by this rule.  Of course, these motions were filed

3

before the case was removed, so the Court will not deny them based on Local Rule 37.1.

Several motions and responses are similar and can be addressed collectively. Exhibits 21 and 29 seek documents from or related to trusts that have been terminated. These trusts were formed by or related to one or more of the Impac Defendants.[3] The Impac Defendants contend they cannot respond because the trusts in question no longer exist, cannot possess information, and an order compelling the trusts to produce documents would be futile. The Court finds this explanation unsatisfying. While the trusts may not exist, their termination did not necessarily cause the destruction of all their documents. The Impac Defendants carefully avoid claiming the documents do not exist or – more importantly – that they do not have possession or access to them. The Impac Defendants shall produce the documents sought; if they do not have access to them, then they should provide information indicating the documents' fate.

Exhibits 23, 25, 27, 31, 33, and 35 appear to be moot. Defendants' responses indicate they have either (1) certified they have no responsive documents or (2) have produced whatever responsive documents they possess. These motions are denied.

Exhibits 37-40 appear to be moot. In a combined response to these motions, Defendants contend (1) pending motions preclude the need to respond, (2) the class has not been certified as to them, (3) the information requested involves financial data of third parties, (4) Defendants do not have the information requested, and (5) various other objections preclude the need to respond. The Court will address each of these arguments.

Regardless of whether pending motions justify refusing to respond to discovery requests in state court, it is not a viable argument in this forum. Absent an order of the court, the filing of motions does not stay discovery. Local Rule 26.1(b)(2). The issue involving class certification was addressed (and rejected) previously in this Order. Third-parties' information should be protected, and the Court notes a Protective Order

---

[3]"Impac Defendants" consist of Impac Mortgage Holdings, Inc., Impac Funding Corporation, Impac Secured Assets Corporation, and IMH Assets Corporation.

was entered by the state court in July 2009 – after these motions and the response were filed. It would appear that this impediment has already been resolved. The Court is largely unimpressed with Defendants' "other objections."[4]

However, none of this matters if – as Defendants contend – they have no responsive documents. In fact, the Court wonders why this was not Defendants' primary position. Regardless, the Court accepts Defendants' representation for the present and will deny these motions.

Obviously, the undersigned is not as fully versed in the particulars of this litigation as are the parties, which makes any ruling on discovery disputes – particularly disputes that are more than two years old – rather hazardous. Nothing the Court has said should preclude Plaintiffs from seeking information arguably covered by these motions, nor should it preclude the Impac Defendants from advancing other, cogent responses to the discovery requests addressed in Exhibits 21 and 29.

6.     Five summary judgment motions are pending, but Defendants indicate they intend to withdraw them. These motions (Exhibits 42-46) are deemed to have been withdrawn.

7.     The Court does not agree with the parties' assessment that a Scheduling Order would be premature. It is the Court's standard practice to issue such an order in all cases, even cases that are exceedingly complex or that involve a lot of parties. A Scheduling Order promotes the timely and orderly resolution of the litigation. Therefore, the Court intends to issue a Scheduling and Trial Order, and the parties are directed to

---

[4]For instance, the first such objection contends asking for documents the Defendants "received or assumed control" of calls for a legal conclusion. The Court disagrees. That same objection contends asking for documents identifying the amount paid or received on certain loans is objectionable because "[o]ne of the ultimate questions in this lawsuit is whether payments were 'received' by the various defendants" so the request "includes the ultimate legal question to be decided in this lawsuit: what charges were received by the Preferred Trusts in connection with the subject loans." All this argument establishes is that the request is extremely relevant – it does not establish a valid reason for not responding.

5

provide the necessary information.  In preparing their proposal, the parties are advised that the Court does not intend to establish "phased" discovery or any other mechanism that limits or compartmentalizes the subjects of discovery.  While discovery is opened, *any* appropriate discovery request is permissible.

With that in mind, the Court directs the parties to confer and prepare a Joint Report providing the following information.  For purposes of these inquiry, the parties should assume that no defendants are dismissed; the Court wants the parties' estimate in the event the case's complexity and number of parties is not diminished.

- a. An estimation of the time is needed to complete *all* the discovery that remains to be done in this case.
- b. An estimate as to when the parties should be in a position to designate expert witnesses.
- c. A proposed deadline for the filing of motions to amend the pleadings, add parties, or decertify the class.  In this regard, the Court notes Plaintiffs' operative pleading is the Sixth Amended Petition, so a lengthy time to allow for a seventh iteration will not be approved.
- d. An estimated length of trial.

In the event the parties cannot agree on a particular item, the Joint Status Report should set forth their respective positions.  This Status Report shall be filed on or before October 22, 2010.  In the meantime, discovery may commence immediately.

IT IS SO ORDERED.

DATE: October 1, 2010

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT