# THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| **MICHAEL P. AND SHELLIE GILMOR**, et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>**PREFERRED CREDIT CORPORATION**, et al.,<br><br>    Defendants. | **Case No. 4:10-cv-00189-ODS** |

## JOINT STATUS REPORT AND
## PROPOSED SCHEDULING ORDER/DISCOVERY PLAN

  Plaintiff and Defendants, by and through their undersigned counsel, and pursuant to Fed. R. Civ. P. 16(b) and 26(f), and the Court's *Order Directing the Parties to File a Joint Status Report* (Doc. No. 76), submit the following Report and Proposed Scheduling Order and proposed Discovery Plan.

### PLAINTIFFS' PRELIMINARY STATEMENT

  Plaintiffs propose the time frames set forth herein for a variety of reasons, which are based on their extensive experience and practice in this and other Missouri Second Mortgage Loans Act class actions, and which include, without limitation, the following:

  There are 28 Defendants comprised of a handful of securitization groups or related entities represented by the same counsel (all of whom are experienced in these Second Mortgage Loans Act class actions). Due to the previously pending motions, most of the Defendants have not provided any discovery at all to Plaintiffs. For example, although there are over 500 Class loans at issue, Defendants have produced only approximately 130 loan files and loan payment

histories. The following areas of document discovery remains: (1) production of the Class members' loans files and loan payment histories; (2) production of records concerning Defendants' acquisitions of the Class members' loans from the lender, Preferred Credit Corp., or an intervening assignee; (3) production of records concerning Defendants' sales or securitization of the Class members' loans; and (4) production of records related to or that would evidence Defendants' due diligence or scrutiny of the Class members' loans at the time of acquisition. Plaintiffs are unable to take depositions, or to determine which depositions are necessary, or to determine what follow-up discovery is necessary or appropriate in the absence of these documents.

The ease of obtaining this discovery is complicated or made difficult as the result of the passage of time, turmoil in the mortgage finance industry, and corporate transitions, successions, and cessations. Further, many of these Defendants and their records are located out of state, are in storage, and knowledgeable employees have left the entities that are subject to the discovery.

During the proposed time, Plaintiffs may need to take depositions of Defendants and third parties (such as loan servicers and custodians) to locate records or to authenticate (because, historically, some of the defendants refuse to authenticate their own records or to admit that they are even their own records). It is Plaintiffs' experience in these Missouri Second Mortgage Loan Act class actions that it is often difficult for Defendants to locate records and identify knowledgeable Rule 30(b)(6) witnesses. Hence, there is often a substantial delay in obtaining records and then the issuance of a Rule 30(b)(6) deposition notice and Defendants' response that they have identified knowledgeable witnesses.

Next, following document discovery Plaintiffs will be able to prepare the electronic data and records that they will use to establish such things as Defendants' class wide liability for

violations of the MSMLA and the Class members' damages, and have information concerning Defendants' operations and practices, for expert review for purposes of their testimony relevant to punitive damages.

Altogether, Plaintiffs suggest that the proposal below is reasonable and necessary given the matters set forth in the Joint Status Report (Doc. 75).

## DEFENDANTS' PRELIMINARY STATEMENT

Defendants disagree with any implication in Plaintiffs' preliminary statement that Defendants are in any way responsible for difficulties that Plaintiffs believe they may face in completing discovery in this action. Defendants, however, recognize that given the nature of this class action case, the number of loans at issue, the passage of time, the size of Plaintiffs' counsel's firm and case loads, Plaintiffs may need some time to complete discovery, although any discovery could be streamlined substantially if Defendants who have no connection to the named Plaintiffs' loans or over whom there is no personal jurisdiction are dismissed as requested in Defendants' pending motions to dismiss. Thus, Defendants are not opposed to the Plaintiffs' dates except as specifically set forth below. However, Defendants believe that reasonable limitations on discovery consistent with the federal rules of civil procedure should be put into place.

## PARTIES' PROPOSED SCHEDULE

1. **Plaintiffs propose:** Defendants shall supplement their prior discovery responses and document productions as necessary on or before October 22, 2010. (*See* Doc. 76.)

**Defendants propose:** The parties shall supplement their prior discovery responses and document productions in accordance with the requirements of the federal rules of civil procedure.

2. Any motion to join additional parties shall be filed on or before

**Plaintiffs propose:** August 5, 2011, to allow Plaintiffs sufficient time to identify and join any additional loan assignees based on Defendants' timely responses to discovery and pursuit of non-parties through document discovery and depositions.

**Defendants propose:** November 15, 2010.

3. Any motion to amend the pleadings shall be filed on or before _____.

**Plaintiffs propose:** August 5, 2011, to allow Plaintiffs sufficient time to identify and join any additional loan assignees based on Defendants' timely responses to discovery and pursuit of non-parties through document discovery and depositions.

**Defendants propose:** November 15, 2010.

4. Fact Discovery

    a. Depositions.

**Plaintiffs propose:** There shall be no pre-set limit on the number of depositions taken in this case. Given the number of parties (28 Defendants at the time of removal) and the hundreds of loans (no fewer than 514) the use of any pre-set limit is not warranted and will only serve as a basis for discovery disputes.

**Defendants propose:** Ten (10) depositions, in addition to those taken previously, per side as contained in Fed. R. Civ. P. 30 shall be recognized. This deposition limit may be revised by order of the Court or by agreement of the parties.

    b. Interrogatories.

**Plaintiffs propose:** There shall be no pre-set limit on the number of interrogatories to be propounded in this case. Given the number of parties (28 Defendants at the time of removal) and the hundreds of loans (no fewer than 514) the use of any pre-set limit is not warranted and will only serve as a basis for discovery disputes.

**Defendants propose:** No more than twenty-five (25) interrogatories, including those already served, may be directed to any party. This interrogatory number may be revised by order of the court or by agreement of the parties.

      c.      Requests for Admission.

**Plaintiffs propose:** There shall be no pre-set limit on the number of requests for admission to be propounded in this case. Given the number of parties (28 Defendants at the time of removal) and the hundreds of loans (no fewer than 514) the use of any pre-set limit is not warranted and will only serve as a basis for discovery disputes.

**Defendants propose:** No more than fifty (50) requests for admission may be directed to any party. This limit may be revised by order of the Court or by agreement of the parties.

      d.      <u>Discovery motions</u>. All discovery disputes shall be raised with the Court on or before _____.

**Plaintiffs propose:** August 31, 2012

Defendants do not object.

      e.      <u>Close of Fact Discovery</u>. All pretrial fact discovery shall close _____.

**Plaintiffs propose:** August 31, 2012

Defendants do not object.

5.      Expert disclosures:

      a.      Plaintiffs shall designate any expert witness they intend to call at trial on or before _____, including all reports and other information required under Fed. R. Civ. P. 26.

**Plaintiffs propose:** September 28, 2012

Defendants do not object.

    b.    Defendants shall designate any expert witness they intend to call at trial on or before _____, including all reports and other information required under Fed. R. Civ. P. 26.

**Plaintiffs propose:** November 30, 2012

Defendants do not object.

6.    Close of all pretrial discovery _____.

**Plaintiffs propose:** January 18, 2013

Defendants do not object.

7.    Filing of Motions to Decertify Class

    a.    Any motion to decertify a class and suggestions in support shall be filed on or before _____.

**Plaintiffs propose:** August 31, 2011

**Defendants propose:** Defendants believe that it is more appropriate to brief class decertification issues after the close of fact discovery (August 31, 2012).

    b.    Suggestions in opposition to motions to decertify a class shall be filed pursuant to and in accordance with Local Rule 7.1.

    c.    Reply suggestions in support of decertification shall be filed pursuant to and in accordance with Local Rule 7.1.

8.    Dispositive motions, except those under Fed. R. Civ. P. 12(h)(2) or (3), shall be filed on or before _____, in accordance with Fed. R. Civ. P. 56 and Local Rule 56.1 and shall comply with Local Rule 56.1.

**Plaintiffs propose:** February 22, 2013

Defendants do not object.

9. Plaintiffs anticipate their case in chief may take 15–20 days. Defendants anticipate their case may take 10–12 days.

Dated: October 22, 2010

/s/ R. Frederick Walters
R. FREDERICK WALTERS   MO BAR #25069
KIP D. RICHARDS   MO BAR #39743
DAVID M. SKEENS   MO BAR #35728
GARRETT M. HODES   MO BAR #50221
WALTERS BENDER STROHBEHN &
VAUGHAN
2500 City Center Square
1100 Main Street
Kansas City, Missouri 64105
(816) 421-6620
(816) 421-4747 (FAX)

Attorneys for Plaintiffs and Class Counsel


/s/ Mark A. Olthoff
MARK A. OLTHOFF   MO #38572
ANTHONY BONUCHI   MO #57838
POLSINELLI SHUGHART PC
1700 Twelve Wyandotte Plaza
120 West 12th Street
Kansas City, Missouri 64105-1929
(816) 421-3355
(816) 374-0509 (FAX)
molthoff@polsinelli.com
abonuchi@polsinelli.com

PETER W. CARTER, *pro hac vice*
PAUL R. DIESETH, *pro hac vice*
DORSEY & WHITNEY LLP
50 South 6th
Suite 1500
Minneapolis, Minnesota 55402-149

Attorneys for Defendants U.S. Bank National Association ND, Empire Funding Home Loan Owner Trust 1998-1, and U.S. Bank National Association and Wilmington Trust Company


/s/ Barry L. Pickens
BARRY L. PICKENS
SPENCER FANE BRITT & BROWNE
1000 Walnut Street
Suite 1400
Kansas City, Missouri 64106-2140

R. BRUCE ALLENSWORTH
KIRKPATRICK & LOCKHART LLP
75 State Street
Boston, Massachusetts 02109

DANIEL J. TOBIN
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
4800 Montgomery Lane
7th Floor
Bethesda, Maryland 20814

Attorneys for Defendants Impac Funding Corp., Impac Mortgage Holdings, Inc., Impac Secured Assets Corp., IMH Assets Corp. a/k/a Impac Mortgage Holdings Asset Corporation, Deutsche Bank National Trust Company f/k/a Bankers Trust Company of California, N.A, Credit-Based Asset Servicing & Securitization, LLC, Litton Loan Servicing LP, Wells Fargo Bank N.A. f/k/a Wells Fargo Bank, MN, N.A. (in its capacity as former trustee for terminated trust Impac Mortgage Pass-Through Certificates 2000-1), and LaSalle National Bank (in its capacity as former owner trustee of terminated trust Impac CMB Trust Series 1999-1)

/s/ Leslie A. Greathouse
LESLIE A. GREATHOUSE
SPENCER FANE BRITT & BROWNE LLP
1000 Walnut Street
Suite 1400
Kansas City, Missouri 64106-2140

Attorneys for Defendants Deutsche Bank Trust Company Americas, Preferred Mortgage Trust 1996-1, Preferred Mortgage Trust 1996-2, and Preferred Credit Trust 1997-1


/s/ Randolph G. Willis
RANDOLPH G. WILLIS
RASMUSSEN, WILLIS, DICKEY & MOORE, LLC
9200 Ward Parkway
Suite 310
Kansas City, Missouri 64114-3379
(816) 360-1711
rwillis@rwdmlaw.com

THOMAS L. ALLEN
ROY W. ARNOLD
REED SMITH LLP
Reed Smith Centre
Suite 1200
225 Fifth Avenue
Pittsburgh, Pennsylvania 15222
(412) 288-3131
tallen@reedsmith.com
rarnold@reedsmith.com

Attorneys for Sovereign Bank


/s/ Craig S. O'Dear
CRAIG S. O'DEAR
IRVING V. BELZER
BRYAN CAVE LLP
3500 One Kansas City Place
1200 Main Street
Kansas City, Missouri 64105

MICHAEL G. BIGGERS
BRYAN CAVE LLP
3600 One Metropolitan Square
211 N Broadway
St. Louis, Missouri 63102

Attorneys for Defendants Residential Funding
Company, LLC and JP Morgan Chase Bank, N.A.,
as Trustee


/s/ Mark A. Olthoff
| MARK A. OLTHOFF | MO #38572 |
| ANTHONY BONUCHI | MO #57838 |

POLSINELLI SHUGHART PC
1700 Twelve Wyandotte Plaza
120 W. 12th St.
Kansas City, Missouri 64105

HARRY S. DAVIS
MARCY RESSLER HARRIS
MARGUERITE GARDINER
SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, New York 10022

Attorneys for Defendant Credit Suisse First Boston
Mortgage Securities Corp.


/s/ Mark A. Olthoff
| MARK A. OLTHOFF | MO #38572 |
| ANTHONY BONUCHI | MO #57838 |

POLSINELLI SHUGHART PC
1700 Twelve Wyandotte Plaza
120 W. 12th St.
Kansas City, Missouri 64105

THOMAS M. HEFFERON
JOSEPH F. YENOUSKAS
GOODWIN PROCTER LLP
901 New York Avenue NW
9th Floor East
Washington, DC  20001

Attorneys for Countrywide Home Loans, Inc.


/s/ Mark A. Olthoff
MARK A. OLTHOFF           MO #38572
ANTHONY BONUCHI          MO #57838
POLSINELLI SHUGHART PC
1700 Twelve Wyandotte Plaza
120 W. 12th St.
Kansas City, Missouri  64105

Attorneys for Ocwen Loan Servicing, LLC f/k/a
Ocwen Federal Bank, FSB


/s/ Todd W. Ruskamp
TODD W. RUSKAMP
SHOOK, HARDY & BACON, LLP
2555 Grand Boulevard
Kansas City, Missouri  64108-2613

Attorneys for Wendover Financial Services
Corporation


/s/ Terese A. Drew
TERESE A. DREW
HINSHAW & CULBERTSON LLP
Gateway One
701 Market Street
St. Louis, Missouri  63101

THOMAS F. GING
HINSHAW & CULBERTSON LLP
222 North LaSalle
Suite 300
Chicago, Illinois 60601

Attorneys for FDIC


/s/ Richard L. Martin
RICHARD L. MARTIN
THOMAS J. FRITZLEN, JR.
MARTIN, LEIGH, LAWS & FRITZLEN, PC
1044 Main Street
400 Peck's Plaza
Kansas City, Missouri 64105-2135

Attorneys for United Mortgage CB LLC