IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MICHAEL P. GILMOR, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 4:10-cv-189-ODS |
| | ) |
| PREFERRED CREDIT CORPORATION, et al., | ) |
| | ) |
| Defendants. | ) |

**MOTION FOR CLARIFICATION OF "ORDER ADDRESSING OUTSTANDING ISSUES AND MOTIONS, SETTING DEADLINES, AND DIRECTING THE PARTIES TO FILE A JOINT STATUS REPORT" [DOC. NO. 76] AND SUPPORTING SUGGESTIONS**

Moving Defendants[1] respectfully seek clarification of the portion of this Court's Order Addressing Outstanding Issues And Motions, Setting Deadlines, And Directing The Parties To File A Joint Status Report[2] addressing class certification.

---

[1] The Moving Defendants are Preferred Mortgage Trust 1996-1, improperly named as "Preferred Credit Asset-Backed Certificates, Series 1996-1"; Preferred Mortgage Trust 1996-2, improperly named as "Preferred Mortgage Asset-Backed Certificates, Series 1996-2"; Preferred Credit Trust 1997-1, improperly named as "Preferred Credit Asset-Backed Certificates, Series 1997-1"; and Deutsche Bank Trust Company Americas, formerly known as Bankers Trust Company, in its capacity as the trustee of the Trusts; Impac Funding Corp.; Impac Mortgage Holdings, Inc.; Impac Secured Assets Corp.; IMH Assets Corp. a/k/a Impac Mortgage Holdings Asset Corporation; Deutsche Bank National Trust Company f/k/a Bankers Trust Company of California, N.A.; Credit-Based Asset Servicing & Securitization, LLC; Litton Loan Servicing LP; Wells Fargo Bank N.A. f/k/a Wells Fargo Bank, MN, N.A. (in its capacity as former trustee for terminated trust Impac Mortgage Pass-Through Certificates 2000-1); LaSalle National Bank (in its capacity as former owner trustee of terminated trust Impac CMB Trust Series 1999-1).

[2] This Order was entered on October 1, 2010, Doc. No. 76 (hereinafter "Order").

# I.
# PRELIMINARY STATEMENT

The Moving Defendants ask the Court to clarify section three of the Order addressing class certification. If this Court were to conclude that the state court's class certification order applied to the later-added defendants, that conclusion would present a significant issue of due process:

> Due process requires that defendants in a class action receive notice before a class-certification hearing and have an opportunity to be heard on the certification question. The class in this case was certified before Moving Defendants became parties to the case; as such, they were not given notice of or an opportunity to be heard on the certification question. Would applying the subject class certification order to Moving Defendants violate their right to due process?

That is the overarching question not addressed by the Order. In this motion, the Moving Defendants seek to develop this Constitutional issue and ask the Court to clarify that the Order was neither intended as a determination of the Moving Defendants' Constitutional rights nor a decision that a class is presently certified for the claims brought against them.

The Moving Defendants are raising the issue as a point of clarification rather than through a motion seeking to determine whether this case should be conducted against them as a class action for two reasons. First, the jurisdictional motions to dismiss are pending. The issue of jurisdiction is logically antecedent to certification. Second, these Moving Defendants need additional discovery—such as the named Plaintiffs' depositions—before they will be prepared to address the full certification question.

# II.
# BACKGROUND

The Order provides, in pertinent part:

> The issue involves defendants who were added to the case after the class was certified. These defendants contend that if they are not dismissed for other reasons, Plaintiffs must attempt to "recertify" the class because the order certifying the class does not apply to them. "All injunctions, orders and other
2

WA 2508464.4

proceedings [prior to the case's] removal shall remain in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450. Prior to the case's removal, the state court (1) certified the class and (2) permitted the addition of defendants. The state court did not modify its prior order certifying the class, so it remains in effect.

The Court is not aware of any case holding that a certification order is nullified by the inclusion of additional defendants. Nothing in the order reveals any reason that the addition of defendants should automatically decertify the class. The class definition does not depend on the presence of any particular defendants, nor is it limited to the defendants present at the time the class was certified. The additional defendants entered the case subject to the prior orders of the state court—including its order certifying the class. If the additional defendants believe the class should be decertified then it is incumbent upon them to file a motion and set forth the reasons why such relief should be granted.

Order at § 3, p. 2.

## III.
## THE LAW OF DUE PROCESS IN CLASS ACTIONS

**A.   Due Process Requires That The Moving Defendants Be Allowed To Participate In Any Motion Possibly Resulting In Action Adverse To Them**

The right to due process is absolute. <u>Carey v. Piphus</u>, 435 U.S. 247, 266 (1978). Due process requires three things. First, as the term suggests, due process requires "a <u>process</u> of some kind." <u>Lane Hollow Coal Co. v. Directors, Office of Workers' Compensation Programs</u>, 137 F.3d 799, 806 (4th Cir. 1998) (citing <u>Carey</u>, 435 U.S. at 266). Regardless of the merit of the result, it must be obtained through the prescribed process, as the right to that process is "absolute." <u>Id.</u>

Second, due process requires giving notice to the parties whose interests may be adversely affected by that process. <u>See, e.g.</u>, <u>Mullane v. Cent. Hanover Bank</u>, 339 U.S. 306, 314 (1950); <u>In re W.B.</u>, 162 S.W.3d 517, 522 (Mo. App. W.D. 2005). As the United States Supreme Court observed in <u>Mullane</u>, "An elementary and fundamental requirement of due process . . . is notice reasonably calculated . . . to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. 339 U.S. at 314. "[The] right to be heard has little reality or

3

WA 2508464.4

worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest." Id. See also Lane Hollow Coal Co., 137 F.3d at 807 ("No 'process,' however thorough, can provide what is 'due' without notice to those who stand to lose out thereby.").

Third, due process requires giving the party a meaningful opportunity to respond to the proposed action. See, e.g., Fuentes v. Shevin, 407 U.S. 67, 81 (1972) (ruling that notice must be given "when the deprivation can still be prevented"). Thus, that notice necessarily must be given before the decision at issue is made. See Lane Hollow Coal Co., 137 F.3d at 807; cf. Glick Finley LLC v. Glick, 310 S.W.3d 713, 717 (Mo. Ct. App. 2010) (in the context of the adoption of a mater's report and the appointment of a receiver, holding that due process "requires notice and an opportunity for a hearing, and a meaningful opportunity for a hearing includes a reasonable time in which to challenge the [issue] before the judge").

Missouri courts have endorsed these principles. Notice is considered an integral part of the Missouri system of justice, regardless of whether legislation or a specific court rule provides for it. Orion Sec., Inc. v. Bd. of Police Comm'rs of Kansas City, 43 S.W.3d 467, 470 (Mo. Ct. App. 2001) (reversing a ruling granting a motion before the opposing party had an opportunity to respond).

The Missouri Supreme Court has explained that "[i]t is a cardinal principle, that whenever a party's rights are to be affected by a summary proceeding, or motion in court, that party should be notified, in order that he may appear for his own protection . . . ." Wheatley v. State, 559 S.W.2d 526, 527 (Mo. 1977) (quoting Hoppe v. St. Louis Pub. Serv. Co., 361 Mo. 402, 235 S.W.2d 347, 350 (Mo. banc 1950)). And more than half a century ago, a Missouri Court of Appeals observed that "reasonable notice to a litigant (when there exists even the possibility of action adverse to his interests) is deemed to be . . . the essence of fairness and justice—a prerequisite to the lawful

exercise of the court's power—basic in simple fundamental justice." Baker v. Baker, 274 S.W.2d 322, 326 (Mo. Ct. App. 1955).

**B.     Due Process Requires An Opportunity For The Moving Defendants To Participate In Any Motion For Class Certification Applicable To Them**

These principles also apply in the context of class certification. First, the determination as to whether a class should be certified is to be made after a defendant-by-defendant inquiry and on a claim-by-claim basis. Gunnells v. Healthplan Servs., 348 F.3d 417, 441-42, 445-46 (4th Cir. 2003) (collecting authority and finding certification appropriate as to one defendant but not as to another and evaluating certification issues as to each separate cause of action); see also Mims v. Stewart Title Guar. Co., 590 F.3d 298, 301 (5th Cir. 2009) (finding certification on one cause of action—RESPA—inappropriate, while finding no impediment to certification of other causes of action). Logically, Defendants added to a case post-certification could not have been included in the class certification inquiry.

Second, due process requires that defendants to a class action receive notice before a class-certification hearing and have an opportunity to be heard on the question of certification. See, e.g., Monsanto Co. v. Davis, 25 S.W.3d 773, 785 (Tex. Ct. App. 2000) ("[D]ue process under the federal and state constitutions requires that defendants to a class action receive notice before a class-certification hearing and have an opportunity to be heard on the question of certification.") (quoting In re M.M.O., 981 S.W.2d 72, 80 (Tex. Ct. App. 1998) (holding that trial court abused its discretion by certifying a class without conducting a sufficient hearing)); Carabini v. Superior Court, 26 Cal. App. 4th 239, 244 (Cal. Ct. App. 1994) (holding that class certification order was improper since defendant did not receive proper notice or opportunity to submit evidence in opposition).

For example, in In re American Medical Systems, a defendant was joined before a class was certified—but that ruling was issued only three days after the defendant was served with process.

See 75 F.3d 1069, 1086 (6th Cir. 1996). The defendant argued that its right to due process was violated by the timing of class certification. The Sixth Circuit agreed, observing that the defendant "had no opportunity to respond to the complaint, let alone conduct any discovery on any of the plaintiffs or to submit a brief to the district court or seek a hearing addressing the class actions issues." Id. See also Weathers v. Peters Realty Corp., 499 F.2d 1197, 1200 (6th Cir. 1974) ("The parties should be afforded an opportunity present evidence on the maintainability of the class action.").

In fact, the Moving Defendants are not aware of any decisions holding that a party joined in an action after a class has been certified is bound by that ruling. On the contrary, several courts have explicitly ruled that subjecting the newly-added party to the earlier ruling would be wrong. See, e.g., In re FEMA Trailer Formaldehyde Prods. Liab. Litig., MDL No. 07-1873, 2008 WL 5480571, at *3 (E.D. La. Dec. 30, 2008); Bailey v. Kemper Cas. Ins. Co., 83 S.W.3d 840, 848–849 (Tex. Ct. App. 2002). In In re FEMA, the Court permitted plaintiffs to join new defendants after a class had been certified—but explicitly barred the plaintiffs from adding any class allegations against those defendants. 2008 WL 5480571, at *3. And, while the Bailey court did not foreclose the possibility that a class could be certified against newly-joined defendants, it required the plaintiffs to prove that class certification was appropriate against those defendants after giving them notice and an opportunity to oppose certification of a class for claims against them:

> When the movants file an amended pleading affecting the essence of the allegations, changing the basis for certifying a class or adding an additional defendant, claiming a new cause of action or defense, or requesting additional relief, such that the class the plaintiff seeks to represent has been altered in such a way that the nonmovant or the class members would be adversely affected, the trial court may be required to hold an additional certification hearing both so that the movant can provide materials sufficient to support the certification and so that the nonmovant may voice its opposition.

83 S.W.3d at 848-849. See also E. Maine Baptist Church v. Union Planters Bank, N.A., 244 F.R.D. 538, 551-552 (E.D. Mo. 2007) (granting partial decertification of a newly-removed, post-certification amended pleading); Anderson v. Regents of Univ. of Cal., 554 N.W.2d 509, 513 (Wisc. Ct. App. 1996) (holding that a party joined after the certification of a class was not a class defendant); Dublin v. UCR, Inc., 444 S.E.2d 455, 462 (N.C. App. 1994) (confirming certification against original defendants and holding that separate certification determination was necessary against new defendants); Zenith Labs., Inc. v. Carter-Wallace, Inc., 64 F.R.D. 159, 164 (D.N.J. 1974) ("When Plaintiff chose to change its complaint by amendment, it destroyed the vitality of the prior adjudication of class which was based on a different lawsuit.").

Here, the Court should determine, in the first instance, if a class can be certified as to the parties added by amendment made since the state court first addressed certification.

## IV.
## APPLICATION OF THE LAW OF DUE PROCESS TO THE ORDER

In the Order, the Court suggested that the defendants who were added to the case after class certification were:

- Contending that the plaintiffs must "'recertify' the class";

- Asserting that the class certification order does not "remain[] in effect";

- Suggesting that the class certification order was "nullified by the inclusion of additional defendants"; and/or,

- Contending that the class was "automatically decertif[ied]" at the time new defendants were added to the case.

Order at § 3, p.2. None of these statements represent the Moving Defendants' position.

The Moving Defendants agree that the state court's class certification order applies to the parties who were part of the suit at the time that order was entered. Therefore, pursuant to 28 U.S.C.

§ 1450, the certification order remains in full force and effect against the parties who were afforded their due process rights to participate in the motion for class certification. See E. Maine Baptist Church, 244 F.R.D. at 541 (holding that a state-court certified class action removed to federal court, "comes into the federal system in the same condition in which it left the state system") (quoting Matter of Meyerland Co., 960 F.2d 512, 520 (5th Cir. 1992)). Likewise, the Moving Defendants do not assert that the class certification order has been nullified against the parties present during certification or that there should be a complete "do over" on the certification motion.[3] Rather, the Moving Defendants believe that they—along with other later added defendants—should be afforded their due process right to be heard on the issue of whether a class can be certified as against them before a class is deemed certified against them.

It matters not to the Moving Defendants who files the first brief on the issue and thus whether plaintiffs file a new motion to certify a class against later-joined defendants or those defendants file their own motion pursuant to Federal Rule of Civil Procedure 23(d)(1)(E). Either way, Plaintiffs have the burden of proof.[4] The purpose of this motion is not to bicker about the form for a future class certification determination. Rather, the Moving Defendants' intention is to clarify that section three of the Order was not intended as a ruling on their due process right to participate in the

---

[3] There is some authority indicating that such a rule exists. See 6A Canavan, Matthew J., Federal Procedure, Lawyers Edition § 12:8 (2010) ("The amendment of a class action complaint under Fed. R. Civ. P. 15 also necessitates another Fed. R. Civ. P. 23(c)(1) determination as to class status where the amendment contains new causes of action or additional theories of relief and thus destroys the vitality of a prior adjudication of a class.") (citing Zenith Labs., Inc., 64 F.R.D. 159, supra.).

[4] "In considering a defendant's motion for decertification, the Court follows the legal standard required for class certification." E. Maine Baptist Church, 244 F.R.D. at 541. See also Mendez v. The Radec Corp., 260 F.R.D. 38, 43 (W.D. N.Y. 2009); Marlo v. United Parcel Service, Inc., 251 F.R.D. 476, 479 (C.D. Cal. 2009); Stubbs v. McDonald's Corp., 224 F.R.D. 668, 674 (D. Kan. 2004) ("The burden of showing that each element of Rule 23 has been met remains with the party seeking class treatment, even if the opposing party raises the viability issue.") (citing Lumpkin v. E.I. Du Pont de Nemours & Co., 161 F.R.D. 480, 481 (M.D. Ga. 1995)).

8

WA 2508464.4

determination of whether a lawsuit against them should proceed as a class action or an affirmation that a class has been certified against these defendants.

**V.**
**CONCLUSION**

As set forth in the contemporaneously submitted proposed order, the Moving Defendants ask this court to clarify the Order so the parties have clarity on the remaining issues to be determined in this litigation.

Dated: October 27, 2010 Respectfully submitted,

/s/ Leslie A. Greathouse
Leslie A. Greathouse    MO #48431
   lgreathouse@spencerfane.com
Nathan A. Orr    MO #49836
   norr@spencerfane.com
J. Loyd Gattis    MO #59699
   lgattis@spencerfane.com
SPENCER FANE BRITT & BROWNE LLP
1000 Walnut Street, Suite 1400
Kansas City, Missouri 64106-2140
(816) 474-8100
(816) 474-3216 (facsimile)

*Attorneys for defendants Preferred Mortgage Trust 1996-1, Preferred Mortgage Trust 1996-2, Preferred Credit Trust 1997-1, and Deutsche Bank Trust Company Americas, in its capacity as the trustee of those trusts*

   and

/s/ Barry L. Pickens
BARRY L. PICKENS
SPENCER FANE BRITT & BROWNE
1000 Walnut Street
Suite 1400
Kansas City, Missouri 64106-2140

and

R. BRUCE ALLENSWORTH
KIRKPATRICK & LOCKHART LLP
75 State Street
Boston, Massachusetts 02109

and

DANIEL J. TOBIN
BALLARD SPAHR ANDREWS &
INGERSOLL, LLP
4800 Montgomery Lane
7th Floor
Bethesda, Maryland 20814

*Attorneys for Defendants Impac Funding Corp., Impac Mortgage Holdings, Inc., Impac Secured Assets Corp., IMH Assets Corp. a/k/a Impac Mortgage Holdings Asset Corporation, Deutsche Bank National Trust Company f/k/a Bankers Trust Company of California, N.A, Credit-Based Asset Servicing & Securitization, LLC, Litton Loan Servicing LP, Wells Fargo Bank N.A. f/k/a Wells Fargo Bank, MN, N.A. (in its capacity as former trustee for terminated trust Impac Mortgage Pass-Through Certificates 2000-1), and LaSalle National Bank (in its capacity as former owner trustee of terminated trust Impac CMB Trust Series 1999-1)*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 27th, 2010, the foregoing was filed using the Court's CM/ECF system, which will notify all registered parties of the filing.

/s/ Leslie A. Greathouse
Attorneys for defendants