IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MICHAEL P. & SHELLIE GILMOR, et al., ) | |
| ) | |
| Plaintiffs, ) | Case No. 4:10-cv-0189-ODS |
| ) | |
| v. ) | |
| ) | |
| PREFERRED CREDIT CORPORATION, ) et al., ) | |
| ) | |
| Defendants. ) | |

### SOVEREIGN BANK'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF STANDING

Defendant Sovereign Bank ("Sovereign") hereby submits supplemental authority in support of its Motion to Dismiss for Lack of Standing (filed January 27, 2006).

Standing is "an essential and unchanging part of the case-or-controversy requirement of Article III" of the United States Constitution. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992) (citing *Allen v. Wright*, 468 U.S. 737, 751 (1984)). To fulfill the basic Constitutional requirement of standing, a named plaintiff must show: (1) the named plaintiff has suffered an actual, "concrete," and "particularized" "injury in fact"; (2) there is a causal connection between the named plaintiff's injury and the particular defendant's alleged wrongful conduct—*i.e.*, that the injury is "fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court"; and (3) a likelihood that the named plaintiff's injury will be "redressed by a favorable decision" against the defendant. *Lujan,* 504 U.S. at 560-61; *Allen*, 468 U.S. at 750; *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982); *Hodak v. City of St. Peters*, 535 F.3d 899, 903 (8th Cir. 2008); *Medalie v. Bayer Corp.*, 510 F.3d 828, 829 (8th Cir. 2007); *Nat'l Right to Life Political Action Comm. v. Connor*, 323 F.3d 684, 689 (8th Cir.

2003). If a plaintiff cannot establish these basic requirements, the court must dismiss the case for lack of standing.

And, importantly, the Eighth Circuit has directed lower courts to decide standing issues at the outset of litigation. *See Medalie*, 510 F.2d at 829 ("Standing is a threshold inquiry and jurisdictional prerequisite that must be resolved *before* reaching the merits of a suit.") (emphasis added); *International Ass'n of Fire Fighters, Local 2665 v. City of Clayton*, 320 F.3d 849, 850 (8th Cir. 2003); *Steger v. Franco, Inc.*, 228 F.3d 889, 892 (8th Cir. 2000). An objection to an action based on lack of standing also may not be waived or forfeited. *See Sierra Club v. Robertson*, 28 F.3d 753, 758 (8th Cir. 1994) ("[I]t is elementary that standing relates to the justiciability of a case and cannot be waived by the parties.") (citation omitted); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Nor can a plaintiff's standing to sue a particular defendant be enlarged by artful pleading or attempts to invoke procedural rules, whether those rules relate to class certification or joinder. *See* 28 U.S.C. § 2072(b) (federal procedural rules "shall not abridge, enlarge, or modify any substantive right"); Fed. R. Civ. P. 82 (federal rules of civil procedure do not extend the jurisdiction of the district courts); *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384 391 (1990) ("The Court has no authority to enact rules that 'abridge, enlarge, or modify any substantive right.'"); *Hodak*, 535 F.3d at 903 (plaintiff's standing to sue a particular defendant cannot be enlarged by artful pleading or attempts to invoke procedural rules); *Moore v. United States*, 173 F.3d 1131, 1134 (8th Cir. 1999) ("Fed. R. Civ. P. 82 prevents the use of the Rules of Civil Procedure to extend the jurisdiction of district courts."); *Mull*, 219 F. Supp. 2d at 909 ("[P]rocedural rules . . . cannot expand the jurisdiction of the federal courts, and thus, cannot

confer standing where a case or controversy otherwise would not exist."); *Boatmen's First National Bank of Kansas City v. McCoy*, 861 F.Supp. 701, 704 (E.D. Mo. 1994) (a procedural "rule is merely a device and does not grant this court subject matter jurisdiction"); *Snyder v. Harris*, 268 F.Supp. 701, 704 (E.D. Mo. 1967) (the procedural "rule in no way purports to affect the jurisdiction of this court . . . a construal of Rule 23 . . . to confer jurisdiction on this court . . . would constitute a direct violation of Rule 82 F.R.Civ.P."), *aff'd*, 390 F.2d 204 (8th Cir. 1968), *aff'd*, 394 U.S. 332 (1969).

If a particular plaintiff does not allege a specific and direct injury traceable to the named defendant, then no justiciable controversy exists, and the court must dismiss the plaintiff's claims against that defendant. *See Lujan*, 504 U.S. at 560-61; *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974). The individual-injury requirement is *not* met by alleging "that injury has been suffered by other, unidentified members of the class to which [the plaintiff] belong[s] and which [he] purport[s] to represent." *Warth v. Seldin*, 422 U.S. 490, 502 (1975) ("Unless these petitioners can thus demonstrate the requisite case or controversy *between themselves personally* and *respondents*, 'none may seek relief on behalf of himself or any other member of the class.'") (emphasis added) (quoting *O'Shea*, 414 U.S. at 494).

As the United States Supreme Court has emphasized, the filing of an action as a putative "'class action . . . adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured, *not* that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.'" *Lewis v. Casey*, 518 U.S. 343, 357 (1996) (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 40 n.20 (1976)) (emphasis added). Accordingly, unless a named plaintiff has standing to bring his or her claims against the particular defendant, there is

no justiciable controversy before the court; the court has no jurisdiction or power to consider the plaintiff's claims; and the action must be dismissed as to that defendant. *Warth*, 422 U.S. at 498, 518.

In March 2010, this Court (Judge Greg Kays) held that a "plaintiff has standing to sue for violation of state lending law only those entities that have some direct contractual relationship with the plaintiff's loans; for example, an entity that holds their mortgage . . . ." *Mayo v. GMAC Mortgage, LLC*, No. 08-568-CV-W-DGK, 2010 U.S. Dist. LEXIS 51517, at *11 (W.D. Mo. Mar. 1, 2010) (granting Deutsche Bank National Trust Company's motion to dismiss in a putative class action asserting MSMLA claims brought by Plaintiffs' counsel).

Plaintiffs' vague allegation that the named Plaintiffs' loans were assigned by Preferred Credit to certain "holder" defendants and possibly to some other unidentified, alleged "assignee defendants" falls well short of pleading a "plausible" causal connection between the Plaintiffs' alleged injury and the Non-Holder Defendants, as required by recent Supreme Court precedent and Fed. R. Civ. P. 8. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564-70 (2007) (requiring that a complaint include "enough facts to state a claim for relief that is plausible on its face" and determining that allegations of parallel business conduct by two competitors were insufficient to sustain antitrust conspiracy claim); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'") (quoting *Twombly*, 550 U.S. at 557); *see also Mayo*, 2010 U.S. Dist. LEXIS 51517, at *8-*9 (determining that generic allegations and legal conclusions regarding a group of defendants, without any specific allegations as to how a particular defendant supposedly violated the MSMLA, were insufficient to state a claim for relief that was plausible on its face against

that defendant, as required by *Iqbal* and *Twombly*). *See also* Fed. R. Civ. P. 8(d) ("Each allegation must be simple, concise and *direct*.")(emphasis added).

Accordingly, for all the reasons, and in accordance with the authorities, set forth in the Non-Holder Defendants' Suggestions in Support of their Motion to Dismiss for Lack of Standing, together with these supplemental authorities, Sovereign respectfully submits that the Plaintiffs' Complaint should be dismissed with prejudice for lack of standing.

Respectfully submitted,

By: /s/Randolph G. Willis

| | |
|---|---|
| Of Counsel: | Randolph G. Willis MO Bar # 47834 |
| Thomas L. Allen  Pa. #33243 | Rasmussen, Willis, Dickey & Moore, LLC |
| Roy W. Arnold  Pa. #70544 | 9200 Ward Parkway, Suite 400 |
| REED SMITH LLP | Kansas City, MO 64114 |
| Reed Smith Centre | Telephone: (816) 960-1611 |
| 225 Fifth Avenue | Facsimile: (816) 960-1669 |
| Suite 1200 | |
| Pittsburgh, PA 15222 | Attorneys for Defendant |
| (412) 288-3131 | Sovereign Bank |

Dated:  November 11, 2010

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this document was filed electronically with the Clerk of the United States District Court for the Western District of Missouri, Western Division, this 11th day of November, 2010, with notice of case activity to be generated and sent electronically to all designated persons.

/s/Randolph G. Willis
An Attorney for Sovereign Bank