IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL P. & SHELLIE GILMOR, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:10-cv-0189-ODS |
| | ) | |
| PREFERRED CREDIT CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**SOVEREIGN BANK'S NOTICE OF SUPPLEMENTAL AUTHORITY
IN SUPPORT OF MOTION TO DISMISS BASED ON HOLA PREEMPTION**

Defendant Sovereign Bank ("Sovereign") hereby submits supplemental authority in support of its pending Motion to Dismiss Based on HOLA Preemption (filed January 27, 2006).

In *Casey v. Federal Deposit Insurance Corp.*, 583 F.3d 586 (8th Cir. 2009), the Eighth Circuit addressed state-law claims under Missouri's Merchandising Practices Act. The Court agreed with the defendant federal savings associations that state laws are preempted by the Home Owners' Loan Act ("HOLA") and Office of Thrift Supervision ("OTS") regulations if, as applied, the state law infringes upon the OTS' occupation of the field via 12 C.F.R. § 560.2, regardless of whether the law expressly mentions lending. *Id.* at 592-93. In so holding, the Eighth Circuit reiterated that the "OTS' interpretation . . . is due our deference," and "[a]ny doubt should be resolved in favor of preemption." *Id.* at 593.

In *Community Title Co. v. Roosevelt Federal Savings and Loan Association*, 670 S.W.2d 895 (Mo. Ct. App. 1984), the Missouri Court of Appeals likewise affirmed the preemptive effect of the OTS' regulations. The court in *Community Title* addressed a request for injunctive relief,

sought by various title companies against a federally-chartered savings and loan association. The Court of Appeals affirmed the trial court's order denying the request for injunctive relief. It held that, "[g]iven the *overwhelming authority* to the effect that federal law and the Federal Home Loan Bank Board [(now the OTS)] *exclusively regulates* federal savings and loans, the trial court did not abuse its discretion in finding that the relief sought was inappropriate. *Id.* at 900 (emphasis added). The Court of Appeals further explained: "[A]ny regulatory power which a state attempts to exercise that potentially conflicts with federal legislation or its purpose, or that results in lack of uniformity in the lending practices is subordinate to federal law. *The [OTS'] regulatory control is so pervasive as to leave no room for state regulatory control.*" *Id.* at 902 (emphasis added and internal citation omitted).

Plaintiffs' Complaint alleges that Sovereign should be held liable under one of three theories: (1) Sovereign was an investor, assignee-purchaser of Preferred Credit loans to absent putative class members; (2) Sovereign charged, collected and received certain challenged fees in connection with those loans; and (3) Sovereign charged, collected and received interest in connection with those loans.

Each of these alleged activities falls squarely within 12 C.F.R. § 560.2. As discussed above and elsewhere, Section 560.2 was promulgated by the OTS pursuant to its HOLA-provided rulemaking authority. Section 560.2(a)—entitled "Occupation of field"—expressly states: "OTS hereby occupies the entire field of lending regulation for federal savings associations." Section 560.2(b) then provides "[i]llustrative examples" of "the types of state laws preempted," including:

> (1)  State laws imposing requirements on the *purchase* of loans—as well as the processing, origination, servicing,

> sale or, or investment or participation in loans—which are expressly listed as preempted under § 560.2(b)(10);

(2) State laws concerning *loan-related fees*, including "initial charges, late charges, prepayment penalties, servicing fees, and overlimit fees," which are expressly listed as preempted under § 560.2(b)(5); and

(3) State laws concerning "The terms of credit, including authorization of loans and the deferral and capitalization of interest and adjustments to the interest rate" and "interest rate ceilings," which are expressly listed as preempted under §§ 560.2(b)(4) and (12), respectively.

12 C.F.R. § 560.2(b). Accordingly, pursuant to HOLA and 12 C.F.R. § 560.2, Plaintiffs' claims against Sovereign are preempted by federal law and should be dismissed with prejudice.

Respectfully submitted,

By: /s/Randolph G. Willis

| | |
|---|---|
| Of Counsel: | Randolph G. Willis MO Bar # 47834 |
| Thomas L. Allen Pa. #33243 | Bradley Raple MO Bar # 58634 |
| Roy W. Arnold Pa. #70544 | Rasmussen, Willis, Dickey & Moore, LLC |
| REED SMITH LLP | 9200 Ward Parkway, Suite 400 |
| Reed Smith Centre | Kansas City, MO 64114 |
| 225 Fifth Avenue | Telephone: (816) 960-1611 |
| Suite 1200 | Facsimile: (816) 960-1669 |
| Pittsburgh, PA 15222 | |
| (412) 288-3131 | Attorneys for Defendant |
| | Sovereign Bank |
| Dated: November 11, 2010 | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this document was filed electronically with the Clerk of the United States District Court for the Western District of Missouri, Western Division, this 11th day of November, 2010, with notice of case activity to be generated and sent electronically to all designated persons.

/s/Randolph G. Willis
An Attorney for Sovereign Bank