THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MICHAEL AND SHELLIE GILMOR, et al., | |
| Plaintiffs, | Case No. 4:10-cv-00189-ODS |
| vs. | |
| PREFERRED CREDIT CORPORATION, et al., | |
| Defendants. | |

**PLAINTIFFS' RESPONSE TO MOTION FOR
"CLARIFICATION" OF THE COURT'S ORDER ADDRESSING
OUTSTANDING ISSUES AND MOTIONS [DOC. 76]**

Various Defendants[1] have moved the Court to "clarify" the Court's October 1, 2010 Order "so that the parties have clarity on the remaining issues to be determined in this litigation," and specifically whether the state court's class certification order applied to the moving Defendants. *See* Motion for Clarification [Doc. 81], at 9. However, there is no clarification necessary because the Court's Order could not be any more clear on this point. As the Court has already plainly stated, "the additional defendants entered the case subject to the prior orders of the state court – including its order certifying the class." *See* October 1, 2010 Order [Doc. 76], at 2.

What these Defendants are really seeking is not clarification of the Court's position on this issue, but a reversal of the Court's position on this issue. In effect, the moving Defendants would like the Court to *sua sponte* decertify the Plaintiff Class with respect to them without the need for them to file a motion to that effect. Plaintiffs agree with the Court that "[i]f the

---

[1] These Defendants are listed at fn. 1 of the Motion [Doc. 81], and include the Preferred Mortgage Trusts, Deutsche Bank National Trust Company (f/k/a Bankers Trust Company), Impac Funding Corp., and others.

H:\Second Mortgage\Gilmor v Preferred\2010 U.S. District Court Removal\Pleadings\Clarification of 10-1-10 Order - Response.doc

Case 4:10-cv-00189-ODS   Document 89   Filed 11/15/10   Page 1 of 10

additional defendants believe the class should be decertified then it is incumbent upon them to file a motion and set forth the reasons why such relief should be granted." October 1, 2010 Order [Doc. 76], at 2. Instead of setting forth any reasons why the class should be decertified, Defendants' Motion for Clarification instead simply asks the Court for a finding that they are not bound by this long-standing certification ruling. Defendants' Motion for Clarification should be denied.

## I. BACKGROUND

This case was originally filed in state court in June 2000. In December 2002, the parties to this case briefed and argued the question of class certification before the Honorable David W. Russell of the Circuit Court of Clay County, Missouri. The authors of the present Motion for "Clarification", the attorneys of Spencer Fane Britt & Brown, participated in these arguments and briefing, and filed a lengthy opposition to certification on December 6, 2002. This opposition was filed on behalf of clients that include many of the moving Defendants, such as Impac Funding Corp., Bankers Trust Company, and others.

On January 3, 2003, Judge Russell certified a class of Plaintiffs in this action consisting of all persons who obtained a second mortgage loan from Defendant Preferred Credit Corporation which was secured by Missouri residential real estate. The party Defendants at the time of certification included Preferred Credit as well as various entities that later acquired, were assigned, and/or serviced the Named Plaintiffs' loans. Plaintiffs moved to add the various other entities that were assigned the class loans originated by Preferred Credit, and Judge Russell granted this motion on March 23, 2003. Many of the "new" Defendants added (including some of the moving Defendants) had actually been previously named but had been voluntarily dismissed from the case.

Since the case was certified by Judge Russell in 2003, the parties have been litigating various procedural and substantive issues the better part of the last seven years, including four separate removals to federal court (this being the most recent). The moving Defendants now contend that Plaintiffs should re-brief the class certification issue first decided back on January 3, 2003, because they have not been afforded sufficient constitutional due process in the intervening years. The moving Defendants' argument has no merit.

## II.   ARGUMENT

The moving Defendants seek to convince the Court that it must *sua sponte* review the state court's certification of this action as a matter of "due process" and conduct a second certification hearing. Specifically, the moving Defendants argue that their rights will be violated if the Court does not immediately rule that the Class, which was certified by Judge Russell in this action more than seven (7) years ago, does not apply to certain Defendants who were added as parties in March 2003. This argument fails both as a matter of fact and law.

### A.   Defendants' "Due Process" Argument Has No Basis In Fact

Since January 2003, there has been a Class of borrower Plaintiffs certified which is comprised of all individuals who obtained second mortgage loans from Preferred Credit. There has been a determination made that this class meets the requirements for class certification, including numerosity, commonality, typicality, and adequacy of representation. It has been found that allowing this group of individuals to proceed as a class is the most efficient and proper way to resolve the claims that they all share related to the Preferred Credit loans.

Two months after the case was certified as a collective action, in March of 2003, several Defendants were added. The moving Defendants could have moved to decertify the Plaintiff class at any time in the last seven years. They failed to do so. To argue that the Court would be

3
Case 4:10-cv-00189-ODS   Document 89   Filed 11/15/10   Page 3 of 10

violating these Defendants' due process rights by not *sua sponte* reviewing this certification ruling at this late date is absurd.

Decisions made by a state court prior to removal are considered the law of the case. *See, e.g., In re Minnesota Mut. Life Ins. Co. Sales Practices Litigation*, 346 F.3d 830, 834 (8th Cir. 2003) (applying law of the case doctrine to orders entered by state court prior to removal); *Palmisano v. Allina Health Systems, Inc.*, 190 F.3d 881, 885 (8th Cir. 1999); *see also Fisher v. Dakota Cmty. Bank*, 405 F.Supp.2d 1089, 1094 (D.N.D. 2005) ("even if this court has the power to [reopen a question decided by the state court prior to removal], it should not… [where] the state court's implicit determination… is not unreasonable"). Under law of the case principles, a federal court should review a decision previously made by the state court only if the state court decision was clearly erroneous and would work a manifest injustice. *See, e.g. Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988). Here, more than seven years ago, the state court made the determination that (1) a class of borrower Plaintiffs who obtained loans from Preferred Credit should be certified, and (2) the Plaintiffs could join and re-join any assignee Defendant who ended up holding and/or servicing the Class loans. This is the law of the case, and should not be relitigated unless the Court determines that the rulings have resulted in some sort of gross miscarriage of justice.

Obviously, it is axiomatic that a Court can and should decertify a class if circumstances or pleadings modify the claims alleged in such a way that it changes the nature of the class allegations so that it is no longer able to proceed as a class action. Even after a ruling has been made on class certification, courts retain the ability to review or modify this ruling. *See, e.g.* Fed. R. Civ. Pr. 23 (noting that a certification order "may be altered or amended before final judgment" by the court). *See* Fed. R. Civ. Pr. 23(c)(1)(C). However, as this Court has noted, the

4

Class definition in this case "does not depend on the presence of any particular defendants, nor is it limited to the defendants present at the time the class was certified." October 1, 2010 Order [Doc. 76], at 2. The Class is defined in relation to persons who obtained loans from Defendant Preferred Credit. The other Defendants in this action are all in a virtually identical position, as being assignees and/or assignee-servicers of those loans. While it is certainly Defendants' right to move the Court to decertify the class as to them on the ground that the claims against them somehow differ dramatically from the claims that the Plaintiffs have against the other Defendants, there is absolutely no reason to believe that this is in fact the case. Indeed, if the Defendants at some point choose to file a motion to decertify the class, their counsel will likely file virtually the exact same brief as they filed in 2003, ending in the same result. However, there is no need to revisit this long-standing class certification ruling, because Defendants do not even argue that the original ruling was incorrect.

The moving Defendants do not even make an attempt to point to some sort of change in circumstances regarding the Plaintiff Class which would justify a modification or revision of the Judge Russell's original class certification order, or his order allowing Plaintiffs to join these Defendants to the action. In fact, the only thing that has changed since the Defendants were joined to this action in 2003 is the forum. One might ask why the moving Defendants have waited almost eight years to raise this matter of allegedly "significant issue of due process" (Motion, at 2), instead of seeking relief from Judge Russell at the time. The law does not allow parties who have removed an action to federal court to obtain a second opinion on the state court's rulings. *See In re Minnesota Mut. Life Ins. Co. Sales Practices Litigation*, 346 F.3d at 834; *Palmisano*, 190 F.3d at 885; *see Fisher*, 405 F.Supp.2d at 1094.

5

### B. Defendants' "Due Process" Argument Is Without Legal Support

Defendants' legal argument in support of their "due process" argument is two-fold. Defendants argue that several cases support the proposition that "subjecting the newly-added party to the earlier [class certification] ruling would be wrong." *See* Motion, at 6. At the same time, Defendants argue that they were not aware of any cases to the contrary. Both halves of this argument fail.

In its October 1, 2010 Order, the Court noted that it was "not aware of any case holding that a certification order is nullified by the inclusion of additional defendants." *See* Order [Doc. 76], at 2. A review of Defendants' cited authorities will not change the Court's assessment. Defendants' cases do not support their argument.

For example, Defendants cite *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 2008 WL 548071, *3 (E.D. La. Dec. 30, 2008) for the position that some courts "have explicitly ruled that subjecting the newly-added party to the earlier ruling would be wrong." *See* Motion, at 6. This is more than a little confusing, because the court's ruling is literally the exact opposite. According to the Defendants, the court in *FEMA* permitted the plaintiffs in this case to "join new defendants **after a class had been certified** – but explicitly barred" them from asserting any class allegations against those defendants. *See* Motion, at 6 (emphasis added). However, Defendants have simply misread this case. The Court in *FEMA* ruled that plaintiffs could add additional parties, but stated that **since it had already "denied Plaintiffs' motion for class certification**," the plaintiffs could not add additional class allegations in the amended complaint. *In re FEMA*, 2008 WL 548071, at *3 (emphasis added). In other words, the ruling on class certification (which was denied) **did** apply to later added defendants, which is why no class allegations could be made against them.

Likewise, Defendants' citation of *Anderson v. Regents of Univ. of Cal.*, 554 N.W.2d 509, 513 (Wis. App. 1996) similarly does not help their argument. Defendants claim that the *Anderson* court held "that a party joined after the certification of a class was not a class defendant." *See* Motion, at 7. This is wrong for several reasons, not the least of which is the fact that no class was ever certified in the case. *Anderson*, 554 N.W.2d at 513, n. 1 (noting that while several defendants had stipulated to class certification, "it has not been certified as a class action"). Instead the newly added defendant (UCLA) was dismissed by the trial court prior to any ruling on certification for failure to state a claim. *Id.*

Defendants' remaining authorities fare no better. For example, *Bailey v. Kemper Cas. Co.*, 83 S.W.3d 840, 848 (Tex. Ct. App. 2002) does state that when changes are made to class pleadings, such as the addition of a new defendant, "the trial court **may** be required to hold an additional certification hearing." *Id.* at 848 (emphasis added). However, this is a far cry from Defendants' position that the Court must *sua sponte* conduct a new hearing on class certification any time new defendant is added. Moreover, the *Bailey* court's whole emphasis was that whether a new hearing on certification is needed depended on the circumstances. The opinion in *Bailey* is instructive in this regard. The *Bailey* court found that even though the plaintiffs in that action had filed an amended complaint which dropped several defendants and substantially modified the class definition, another hearing on class certification was not required. *Id.* at 849. In other words, *Bailey* stands for the proposition that even in a case where the composition of the defendants and even the class definition are later changed, there is still no requirement that the Court conduct an additional hearing on class certification issues.

The other cases cited by the Defendants also are distinguishable. *See E. Maine Baptist Church v. Union Planters Bank*, 244 FRD 538, 551 (E.D. Mo. 2007) (reviewing certification

issues after defendant filed a motion to decertify after plaintiffs amended claims to add eight additional claims, that had not been previously asserted); *Dublin v. UCR, Inc.*, 444 SE2d 455, 462 (N.C. App. 1994) (finding that trial court's decertification of a class because of the addition of newly added claims and defendants was not an abuse of discretion); *Zenith Labs, Inc v. Carter-Wallace, Inc.*, 64 F.R.D. 159, 164 (D. N.J. 1974) (standing for non-controversial proposition that a court can and should decertify a class if the nature of the claims alleged changes the nature of the class such that it is no longer able to proceed as a class action). None of these cases support the argument that this Court is somehow constitutionally obligated to revisit certification in this case, where the "typical" statutory claims that Plaintiffs are asserting have not changed.

Defendants also argue that they "are not aware of any decisions holding that a party joined in an action after a class has been certified is bound by that ruling." *See* Motion, at 6. Even leaving aside the fact that Defendants' own cases support this proposition, as discussed above, this argument is equally misplaced. The main reason there is such a dearth of cases which discuss this particular issue is likely due to the odd procedural posture the Defendants have chosen to adopt in this case. There are, of course, a plethora of cases where motions to decertify a class are denied. Defendants, however, have not chosen to file a motion to decertify, and there are admittedly very few which have faced an argument that even in the absence of a motion to decertify, a court is constitutionally obligated to hold another class certification hearing whenever a new defendant is joined. Those few cases, though, make it clear that there is no such requirement.

For example, the court in *Martello v. City of Ferriday*, 886 So.2d 645 (La. App. 1994) noted that "[i]t is not uncommon for an initial petition in a class action to be amended,

8

sometimes several times, prior to a determination on the merits," and the rules did "not require that a new certification hearing be requested each time a petition is amended, either to add an additional defendant or to set forth a new cause of action." *Martello*, 886 So.2d at 648 (citing Louisiana's code of civil procedure). The court in *Bjerke v. Hughes*, 1999 WL 1268058 (Tex. App. 1999) reached the same conclusion. In *Bjerke*, a defendant argued that the trial court's certification of a class was an abuse of discretion. The court held that even though the defendant was added after certification, the trial court retained the ability to alter, amend or withdraw a class certification determination, and the defendant's failure to raise any issue concerning certification meant that it was bound by the certification order. *Bjerke*, 1999 WL 1268058, at *6; *see also Rattray v. Woodbury County, Iowa*, 253 F.R.D. 444, 449 (N.D. Iowa 2008) (holding hearing and ruling on motion for class certification despite fact that two defendants were not added until after hearing on certification was held).

"If the additional defendants believe the class should be decertified then it is incumbent upon them to file a motion and set forth the reasons why such relief should be granted." October 1, 2010 Order [Doc. 76], at 2. The Court has the ability to review and modify the class certification ruling in this case. However, Defendants must demonstrate some reason why such a review would be appropriate, particularly given the Moving Defendants' conspicuous failure for almost eight years to raise any issue concerning Judge Russell's certification order. In the absence of any effort to do so, these Defendants cannot claim to have had their due process rights violated in any way.

### III.   CONCLUSION

For the above and foregoing reasons, Defendants' Motion for "Clarification" [Doc. 81] should be denied.

9

Dated: November 15, 2010

Respectfully Submitted,

WALTERS BENDER STROHBEHN
 &. VAUGHAN, P.C.

By  */s/ Kip D. Richards*
  R. Frederick Walters-Mo. Bar 25069
  Kip D. Richards - Mo. Bar 39743
  J. Michael Vaughan - Mo. Bar 24989
  David M. Skeens -Mo.  Bar 35728
  Garrett M. Hodes – Mo. Bar 50221
  2500 City Center Square
  1100 Main Street
  Kansas City, Missouri 64105
  (816) 421-6620
  (816) 421-4747 (Facsimile)

  ATTORNEYS FOR PLAINTIFFS
  AND CLASS COUNSEL

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this document was filed electronically with the Clerk of the United States District Court for the Western District of Missouri, Western Division, this 15th day of November 2010, with notice of case activity to be generated and sent electronically to all designated persons.

/s/ *Kip D. Richards*