IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI
AT LIBERTY

MICHAEL P. AND SHELLIE GILMOR, )
)
Plaintiffs, )
) Case No. CV100-4263 CC
)
vs. )
)
PREFERRED CREDIT CORPORATION, )
et al., ) Division 2
)
Defendants. )

FILED MAR 14 2003
CLAY COUNTY CIRCUIT COURT   TIME:

## MOTION FOR LEAVE TO JOIN ADDITIONAL "ASSIGNEE" DEFENDANTS

Now that the Court has certified this case as a Class Action on behalf of a class of claimant-borrowers who obtained residential second mortgage loans from Defendant Preferred Credit Corporation, Plaintiffs move the Court for an order allowing them to join as additional defendants other entities including "business trusts" and the trustees thereof, to which the Class members' loans were sold and assigned. As it stands, the only those "Assignee Defendants" currently before the Court are the particular entities that purchased and held the named Plaintiffs' three (3) loans; but these particular Defendants did not purchase and hold all of the 467 Missouri loans made by Preferred Credit. Accordingly, now that certification of a plaintiff class has been granted the Court should allow the joinder of other "Assignee Defendants" to the case. If Plaintiffs prevail, these remaining Assignees will be liable to the particular members of the Plaintiff Class whose loans they hold or held.

## SUGGESTIONS IN SUPPORT

On January 2, 2003, the Court entered its Order certifying a Class of claimant-borrowers comprised of those persons who obtained residential second mortgage loans from Defendant

EXHIBIT C

Preferred Credit, Inc. Preferred Credit, a California-based mortgage lender no longer in business, made all of the residential second mortgage loans on which the Court's Certification Order is based. The named Plaintiffs' loans are but three (3) of what appear to be no fewer than 467 such loans.

Immediately after making these 467 or so loans, Preferred Credit scattered them about a "secondary" market, selling the loans in its discretion to a number of banks, trusts and mortgage pools, many of which still hold the loans today. For example, the Preferred Credit loan to Ted & Raye Ann Varns ended up with U.S. Bank N.A., and the Preferred Credit loan to Leo Parvin is now held by Countrywide. Of course, not all of the Preferred Credit loans ended up with these two holders. The investigation of Plaintiffs' counsel revealed that some 8 additional trusts or other holders now hold Missouri loans originated by Preferred Credit.

Indeed, the records and information produced to Plaintiffs or otherwise obtained by Plaintiffs reveals that Preferred Credit sold its loans to the presently named defendants as well the following entities, or their trustees:

- *Imperial Credit Industries, Inc., ICIFC Sec. Assets Corp. Mortgage 1997-1, 1997-2, 1997-3*
- *CS First Boston Mortgage Securities Corp. Preferred Mortgage Asset-Backed Certificates Series 1996-2*
- *CS First Boston Mortgage Securities Corp. Preferred Credit. Asset-Backed Certificates Series 1997-1*
- *U.S. Bank N.A.*
- *Wilmington Trust Company*
- *Empire Funding Home Loan Owner Trust 1998-1*

The Court should grant Plaintiffs' leave to join all the rest of these "secondary market" assignees as defendants in the case. Given the Court's Certification Order, the claims of each of Preferred Credit's Missouri borrowers will now be adjudicated through the Court's adjudication of the named Plaintiffs' claims. In order to resolve those claims of the members of the Class

2

whose holders are not named as defendants and grant them the remedies and relief to which they will become entitled if the named Plaintiffs prevail, the Court must allow Plaintiffs to join all of the remaining business and entities that purchased and held the Plaintiff Class members' loans. All of the purchasers and assignees of the subject loans should be called to account (although the Court may ultimately decide that an assignee defendant holding only the loans of Class members who elected to "opt out" should be dismissed from the case).

## POINTS AND LEGAL AUTHORITIES

The Court should grant Plaintiffs leave to join the remaining Assignee Defendants to the case for the following reasons:

### A. THE REMAINING ASSIGNEE DEFENDANTS WILL EACH BE LIABLE TO THE PARTICULAR MEMBERS OF THE PLAINTIFF CLASS WHOSE LOANS THEY HOLD OR HELD IF THE NAMED PLAINTIFFS PREVAIL.

As the purchasers and assignees (holders) of the second mortgage loans at issue in this case, each of the Assignee Defendants, like U.S.Bank, N.A., N.D. and IMPAC Funding Corp., for example, can be held liable to the members of the Plaintiff Class for the remedies and relief available to persons aggrieved by Preferred Credit's violations of Missouri law. It does not matter that the Assignee Defendants arguably may not have participated directly in the statutory violations on which the claims in this case are based (although that is a fact that has yet to be determined). What is important is that each of the Assignee Defendants is either an assignee of Preferred Credit, either directly or through some intervening Assignee, or the trustee of a trust-assignee (like IMPAC Secured Assets Corp., IMPAC Secured Assets CMN Trust Series 1998-1, for example.).

As the parties have already been extensively briefed and argued, such "assignee" liability arises in the first instance by virtue of 15 U.S.C. § 1641(d), which applies to certain "high cost

3

mortgages" like those at issue here. 15 U.S.C. § 1641(d); Bryant v. Mortgage Capital Resource Corp, 197 F.Supp.2d 1357, 1364-65 (N.D. Ga. 2002); 15 U.S.C. § 1641(aa).[1] Such assignee liability may also arise under principles of common law. Because the parties have inundated the Court with arguments and authorities pertaining to this law, Plaintiffs will not repeat them here. Suffice it to say that the assignees of the unlawful loans "stand in the shoes" of Preferred Credit and should be joined in the case. Under Rule 52.06, a court can join any person to a lawsuit "at any stage of the action and on such terms as are just." Now that the "claims" of the Plaintiff Class are before it too, the Court should join the remaining Assignee Defendants under Rules 52.04, 52.05, 52.06 and/or 52.08.

### B. THE COURT CAN AND SHOULD JOIN THE REMAINING ASSIGNEE DEFENDANTS PURSUANT TO MO. R. CIV. P. 52.04(a), 52.06 AND 52.08.

The Court can properly join the remaining Assignee Defendants as parties under Mo. Rule 52.04(a). Under that rule,

> A person shall be joined in the action if: (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Mo. Rule 52.04(a).

---

[1] As a purchaser or assignee (holder) of the subject second mortgage home loans, or the trustee thereof, each of the remaining Assignee Defendants received the promissory notes and trust deeds from the members of the Plaintiff Class "subject to all claims and defenses with respect to [the] mortgage[s] that the consumer [i.e., the class members] could assert against the creditor of the mortgage [i.e., Century], . . ." 15 U.S.C. § 1641(d). This includes claims based on Preferred Credit 's violations of the MSMLA. See Bryant v. Mortgage Capital Resource Corp, 197 F.Supp.2d 1357, 1364-65 (N.D. Ga. 2002 (citing S. Rep. No. 169, 103d Cong., 2d Sess. 5 (1994), *reprinted in* 1994 U.S.C.C.A.N. 1881, 1912); Vandenbroeck v. ContiMortgage Corp., 53 F.Supp.2d 965, 968 (W.D. Mich. 1999). As argued in their certification papers, Plaintiffs believe that a most of not all of the loans at issue in this case will be subject to the HOPEA rule of assignee liability.

4

Plaintiffs in good faith allege and believe based upon their county-by-county search of real estate records, as well as their review of certain class members' records, and public filings made with the SEC, that all of the Assignee Defendants they seek to join held and/or hold many if not all of the hundreds of remaining second mortgage home loans now before the Court as a result of class certification.[2] In addition to the named Plaintiffs' three (3) particular loans, the Court will now adjudicate the disputes concerning as many as 464 more loans through its adjudication of the named Plaintiffs' claims. If Plaintiffs prevail, then the Plaintiff Class, too, will be entitled to relief from Preferred Credit and the holders of their loans, just like the named Plaintiffs. Under circumstances such as these, the Court should deem each of the Assignee Defendants as "necessary" parties to be joined as defendants in the case pursuant to Mo. Rule 52.04(a). See United Mine Workers of America v. Gibbs, 383 U.S. 715, 724, 86 S.Ct. 1130, 1138 (1966) ("Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged").

Without the Assignee Defendants, "complete relief" certainly cannot be "accorded among those already parties." In addition, the Assignee Defendants' "claim an interest relating to the subject of the action" (e.g., the loans that Preferred Credit originated in Missouri and the possible liability arising from the Preferred Credit loans they purchased). Consequently, unless the Court allows Plaintiffs to join the Assignee Defendants as parties, the members of the Plaintiff Class will not be able to obtain the relief to which they will become entitled if the named Plaintiffs prevail. Moreover, the Class members will likely be barred from later pursing any claims against their respective assignees since the class claims here arise from the conduct of common defendant

5

Preferred Credit, and thus, all derivative claims based on the subject statutory violations must be asserted in the instant action. Cf. Berwald v. Ratliff, 782 S.W.2d 709 (Mo. App. 1989) (party could not subsequently sue bank officer when prior action between party and bank had been adjudicated). Accordingly, the Court should afford the parties "complete" relief and adjudicate in this single proceeding all of the claims arising from Preferred Credit's systematic violation of the MSMLA, which by definition must now include the claims of the named Plaintiffs and the literally hundreds of other borrowers within the Plaintiff Class.

### C. THE COURT CAN AND SHOULD JOIN THE REMAINING ASSIGNEE DEFENDANTS PURSUANT TO MO. R. CIV. P. 52.05(a), 52.06 AND 52.08.

Even if it finds that the Assignee Defendants need not be joined as parties under Rule 52.04(a), the Court can and should, alternatively, allow Plaintiffs to join the Assignee Defendants to the case under Rule 52.05(a), which addresses "permissive" joinder. Rule 52.05(a) provides in pertinent part: "All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." The purpose of Rule 52.05(a) "is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." See Mosley v. General Motors, 497 F.2d 1330, 1332 (8th Cir. 1974). The rule "is to be liberally construed to effectuate this end." Travelers Ins. Co. v. Intraco, Inc., 163 F.R.D. 554, 556, (S.D. Iowa 1995); Gibbs, 383 U.S. at 724, 86 S.Ct. at 1138.

The claims in this case and the liability of the assignees as a result of the unlawful loans

---

[2] Many of the defendants that Plaintiffs seek to now add were previously defendants in this lawsuit but were dismissed without prejudice pursuant to the "standing" argument made by such defendants in this or the other sister cases.

6

irrefutably arise out of the same series of transactions or occurrences: namely, the residential second mortgage loan transactions that Preferred Credit originated in Missouri during the Class Period. All of the subject promissory notes and deeds of trust were executed in Missouri by Missouri homeowners; and all of the loans were, in all essential respects, believed to be the same. In addition, Plaintiffs allege that all of the subject loans were illegal for the same reason — each violates the MSMLA. As the Court has already determined, the claims that Plaintiffs and those of the Plaintiff Class involve common and, in many instances, exactly the same questions of law and fact. Under circumstances such as these, joinder of the Assignee Defendants, as parties that received an illegal Missouri loan originated by Preferred Credit is proper. This is true even if the Defendants never held the named Plaintiffs' particular loans. The important thing is that the loans and "claims" of the Plaintiff Class are also before the Court now. The Court will resolve these literally hundreds of claims not previously before it by resolving the named Plaintiffs' claims against Preferred Credit. In order to fully and finally resolve these additional claims and grant the Plaintiff Class the relief to which it will become entitled if the named Plaintiffs prevail, the Court obviously must have before it all of the Assignee Defendants that purchased the Class Members' loans.

Accordingly, the remaining Assignee Defendants should be added to the case. The opinion in Moore v. Comfed Savings Bank, 908 F.2d 834 (11th Cir. 1990) is one of several cases that supports Plaintiffs' view. In Moore, the plaintiffs sought to bring their claims on behalf of a class comprised of all Georgia residents who borrowed money from a single lender, Land Bank Equity Corporation. The plaintiffs originally brought their claims against both Land Bank and a class of defendants that had purchased the Land Bank loan paper in "the secondary market." In response to the plaintiffs' motion to certify a defendant class, the trial court, in lieu of certifying

7

a defendant class, entered an order *sua sponte* that joined "as additional named defendants" all of the financial institutions that held Land Bank's Georgia loans. Id. at 836. Some of the additional defendants then moved the court to drop them from the case on the grounds that they did not hold the loans of the named class representatives and had never dealt with them. The trial court denied the motion; <u>and did so even before it had certified the plaintiff class</u>. The trial court then certified a plaintiff class and an interlocutory appeal ensued after the court denied defendants a summary judgment.

On appeal, the Eleventh Circuit affirmed the trial court's decision to join the additional defendants. In doing so, the court of appeals reviewed and relied on Fed.R.Civ.P. 23(b) (Mo. Rule 52.08), 19 (Mo. Rule 52.04) and 20 (Mo. Rule 52.05), and particularly Rule 20 (permissive joinder) and concluded that the district court's decision to join the additional defendants was entirely proper since, just like this case, all of the loans and statutory violations were similar and emanated from a single lender, which then sold and assigned the loans to others on a secondary market. Id. at 838-39. The court of appeals also noted that the "juridical link" exception supported the plaintiffs' view that the assignee defendants should be joined in the case even though the named class representatives did not have any direct contact with them. Id. at 838. The outcome in this case should be the same -- particularly since this Court has already certified a Plaintiff Class and the loans and "claims" of each Member of the Plaintiff Class are now before it too.

### D. JOINING THE REMAINING ASSIGNEE DEFENDANTS IS BOTH POSSIBLE AND PROPER.

As Judge Harman foresaw in the Baker case last June when granting motions to dismiss for lack of standing as to those assignees who did not hold the named plaintiffs loans, now that the case has been certified, "the room" will be "full again like it was the first time we all met."

8

Thus, the businesses and "business trusts" to which the second mortgage loans of the <u>Plaintiff Class</u> were sold and assigned should be joined back in or added for the first time because, unlike before, the Court will now adjudicate the "claims" of all Preferred Credit borrowers through its adjudication of the named Plaintiffs' claims. In order to resolve those claims and grant the Plaintiff Class the relief to which it will become entitled if the named Plaintiffs prevail, the Court obviously must have before it all the rest of the Assignee Defendants.

### 1. Jurisdiction and Venue will Remain Proper.

A court can join any person to a lawsuit "at any stage of the action and on such terms as are just." Rule 52.06. Because the joinder of parties that the named Plaintiffs seek will in no way prejudice any existing Defendant, but will actually benefit Defendants by resolving all the claims arising from Preferred Credit's conduct in a single proceeding, the Court should grant the instant motion.

Joinder of the remaining Assignee Defendants is both feasible and proper. The claims in this case will not change. In addition, all of the Assignee Defendants are the assignees and owners of the subject second mortgage loans, which are all secured by Missouri real estate. All of the Assignee Defendants are also the recipients of literally thousands of monthly money mortgage payments made by the residents of this state. Hence, each of the Assignee Defendants is, like Preferred Credit, unquestionably subject to the jurisdiction of the Missouri courts and may be properly sued in this state. This Court (Judge Harman) has already determined that it may legitimately exercise personal jurisdiction over a lender like Preferred Credit, even though it was based in California. (See <u>Baker</u>, Order, 02/08/01) The Court (Judge Harman) has also already determined that it may legitimately exercise personal jurisdiction over a trust like the Trust Defendants here, as the owners of the loans, even though the Trusts allegedly have no employees or

9

bank accounts within this state. (See Baker, Order, 07/31/02) Venue will likewise remain proper in this forum notwithstanding the addition of the Assignee Defendants. In sum, joinder of the Assignee Defendants is both possible and proper.

### 2. The Assignee Defendants no Longer Have A "Lack Of Standing" Argument.

The Court has now held that the named Plaintiffs may bring their claims against Preferred Credit both for themselves and for all other Missouri borrowers who similarly paid the same type of excessive and/or unauthorized origination fees and closing costs that Preferred Credit charged Plaintiffs. As a result, the Court will not be faced with the possibility of having to dismiss the Assignee Defendants for "lack of standing," once joined, as was the case before. The "claims" of the Plaintiff Class are also now before the Court; and the Court will resolve these claims by resolving the named Plaintiffs' claims. Hence, there can no longer be any issue over "standing."[3]

### CONCLUSION

For the foregoing reasons, the Court should grant the instant motion and allow Plaintiffs to join each of the remaining Assignee Defendants as an additional defendant in this case. Given the Court's January 2, 2003 Certification Order, the claims of all of Preferred Credit's Missouri borrowers will now be adjudicated through the Court's adjudication of the named Plaintiffs' claims. In order to resolve those claims and grant the members of the Plaintiff Class the remedies and relief to which they will become entitled if the named Plaintiffs prevail, the Court must allow Plaintiffs to join all of the remaining business and entities that purchased and held the loans of the Plaintiff Class.

---

[3] As stated, though, if an Assignee Defendant holds only those loans of Class Members who opt out and do not intervene, then the Court may decide to dismiss that particular Defendant from the case. Until that occurs, however, all the assignees should be joined in the case since the claims of all the borrowers are currently before the Court.

10

Plaintiffs have provided a copy of their proposed Fifth Amended Petition to Defendants with the service copy of this Motion.

Dated: March 14, 2003

                              Respectfully submitted,

                              WALTERS BENDER STROHBEHN
                              &. VAUGHAN, P.C.

By _____ #50221 for JMV
                              J. Michael Vaughan - Mo. Bar 24989
                              Kip D. Richards - Mo. Bar 39743
                              David M. Skeens -Mo. Bar 35728
                              2500 City Center Square
                              1100 Main Street
                              P.O. Box 26188
                              Kansas City, MO 64196
                              (816) 421-6620
                              (816) 421-4747 (Facsimile)

                              and

                              LAWSON FIELDS McCUE LEE
                              & CAMPBELL, P.C.
                              Gary Lawson
                              Eric Calhoun
                              14135 Midway, Ste. 250
                              Addison, Texas 75001
                              (972) 490-0808
                              (972) 490-9545 (Facsimile)

                              ATTORNEYS FOR PLAINTIFFS

11

Case 4:10-cv-00189-ODS   Document 108-3   Filed 11/24/10   Page 11 of 12

## CERTIFICATE OF SERVICE

It is hereby certified that a copy of the above and foregoing was transmitted by hand delivery, this __14__ day of March, 2003, to:

Mark A. Olthoff
SHUGHART THOMSON & KILROY, P.C.
Twelve Wyandotte Plaza
120 W. 12th Street
Kansas City, Missouri 64105
(816) 395-0620
(816) 374-0509 (fax)

Attorneys for Defendants U.S. Bank N.A., N.D.

Barry L. Pickens
SPENCER FANE BRITT & BROWNE
1000 Walnut St., Ste. 1400
Kansas City, Missouri 64106
(816) 474-8100
(816) 474-3216 (fax)

Attorneys for Defendants IMPAC Funding Corporation,
IMPAC Mortgage Holding, Inc., IMPAC Secured Assets Corp..
IMPAC Secured Assets CMN Trust Series 1998-1; Bankers Trust Company
of California, N.A., and Bankers Trust Company

_____

Printed by Clay County Civil Division on Apr 05, 2010 at 16:35
Case 4:10-cv-00189-ODS   Document 108-3   Filed 11/24/10   Page 12 of 12