IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MICHAEL P. AND SHELLIE GILMOR, et al., | |
| Plaintiffs, | Case No. 10-0189-CV-W-ODS |
| vs. | |
| PREFERRED CREDIT CORPORATION, et al., | |
| Defendants. | |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY
REGARDING DEFENDANTS' VARIOUS MOTIONS TO DISMISS**

Plaintiffs submit the attached opinion of the Missouri Court of Appeals in *Mitchell v. Residential Funding Corp.,* --- S.W.3d ---, No. 2010 WL 4720755 (Mo. App. WD Nov. 23, 2010) as a supplemental authority in opposition to Defendants' various Motions to Dismiss. *Mitchell* addresses a number of the Missouri law issues upon which Defendants' Motions to Dismiss should be decided and substantiates Plaintiffs' point that each of Defendants' Motions should be denied.[1]

**A.     MOTIONS TO DISMISS – STANDING (Doc. 75, Ex. 7, 8-10; Doc. 67, Part II)**

*Mitchell* supports Plaintiffs' suggestion that the Named Plaintiffs in this certified class action have standing to pursue their statutory claims against PCC and <u>each</u> of the Assignee Defendants, including the servicing affiliates. The decision in *Mitchell* is persuasive and should be followed. The court of appeals found "most persuasive" the "reasoning of those courts that

---

[1] The Opinion in *Mitchell* issued November 23, 2010. The Opinion is not yet final and is currently subject to a motion for rehearing or transfer. The Opinion may be modified, superseded or withdrawn.

hold the issue of class certification issue to be antecedent to the standing issue." *Mitchell,* 2010 WL 4720755 at *6 (citing *Payton v. Cnty. of Kane,* 308 F.3d 673, 680 (7th Cir. 2002)). The court also found "most judicially rational those courts finding that 'once a class is properly certified[,] standing requirements must be assessed with reference to the class as a whole, not simply with reference to the individual named plaintiffs.'" *Id.* (quoting *Payton*, 308 F.3d at 680). The court further stated,

> We further find convincing that such an approach comports with the underlying goals of Missouri class actions. Permitting the multi-defendant allegations here promotes judicial efficiency, due process, and is in accord with the purposes behind allowing class actions, which is to provide an "economical means for disposing of similar lawsuits while simultaneously protecting defendant s from inconsistent obligations and the due process rights of absentee class members. *State ex rel. Coca-Cola Co. v. Nixon*, 249 S.W.3d 855, 860 (Mo. 2008).

*Id.; see, e.g., U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 402-03 (1980) ("justifications that led to the development of the class action include the protection of the defendant from inconsistent obligations, the protection of the interests of absentees, the provision of a convenient and economical means for disposing of similar lawsuits, and the facilitation of the spreading of litigation costs among numerous litigants with similar claims" (cited by the Missouri Court in *Coca-Cola*).

The "common essential factual and legal determinations" that the court in *Mitchell* found "key" to its finding are also present in this case. This class action, like *Mitchell,* arises from the second mortgage loans of a single "loan originator … its lending practices in Missouri, and the liability of its assignees." *Id.* As in *Mitchell,* the liability of PCC, the loan originator here, for violating the MSMLA will be "on trial," and "HOEPA provide[s] for [PCC's] assignees to hold that liability." *Id.*

> To exclude [PCC's] other Missouri borrowers, and [PCC's] other Missouri loan holders, would create the inefficiency of multiple trials of these threshold issues and, further,

could effectively preclude both plaintiff and defendant parties from litigating issues key to a determination of their rights. *See e.g., Spath v. Norris,* 281 S.W.3d 346, 351 (Mo.App.W.D.2009) (discussing collateral estoppel concerns); *Moore [v. Comfed Sav. Bank],* 908 F.2d [834,] 839 [(11th Cir. 1990)] (finding that through principles of *stare decisis,* failing to join defendant loan holders with whom named plaintiffs had no dealings to case against other loan holders could impair or impede other plaintiffs' ability to protect legal interests).

This is not a case of the named representatives seeking to "piggyback" on the injuries of the class. *See Payton,* 308 F.3d at 682. The named plaintiffs must be able to assert an injury in fact in the suit against the originator. More importantly, the named plaintiffs must also be able to meet the requirements of class certification, in particular "typicality." **Once the class is certified, the question then becomes whether the class properly has standing to assert its claim against each of the defendants**. In this context, this insures that Missouri's jurisdictional requirement that the courts preside only over "cases and matters' is met … Consequently, contrary to [the "Non-Holder" Assignee Defendants'] argument, the [named plaintiffs'] alleged injury is sufficient to insure a justiciable controversy.

*Id.* at 6-7. The outcome in this substantially similar case should be the same for the same reasons. The Court should hold that Plaintiffs here have standing to pursue this case against all of the Assignee Defendants.

### B. MOTIONS TO DISMISS – PERSONAL JURISDICTION (Doc. 75, Ex. 13-15, Doc. 67, Part I)

The opinion in *Mitchell* also supports Plaintiffs' arguments as to the personal jurisdiction. Consistent with this Court's opinion in *Fielder v. Credit Acceptance Corporation*, 19 F.Supp.2d 966 (W.D. Mo. 1998) *vacated in part on other grounds,* 188 F.3d 1031 (8th Cir. 1999), the court of appeals in *Mitchell* held that the Assignee Defendants, themselves, directly or indirectly, violated Missouri law by charging, contracting for or receiving illegal loan fees and/or interest in connection with the subject loans. *Mitchell,* 2010 WL 4720755 at *16-17, 18-19, 21-25. The court of appeals also held that the aggrieved borrowers in these second mortgage cases are entitled to recover the interest paid on the illegal loans pursuant to § 408.236 and/or § 408.562 RSMo. *Id*. at *16-17, 18-19, 21-25 (affirming trial court's conclusion that the MSMLA "allows

for recovery of interest paid for violating the statute" as compensatory damages). Given the underlying fee violations, **no** interest could be charged or received in connection with the plaintiffs' loans. Under this reasoning, Plaintiffs (and the members of the certified PCC Borrower Class) now have affirmative statutory claims to recover their interest, in addition to the relief made available via § 408.562. The nature of these claims, which arise from residential real estate loans having multi-year terms and creating multi-year billing and relationships, establishes the "contacts" necessary for the Court to permissibly exercise jurisdiction over the Assignee Defendants in this case.

## C. MOTIONS TO DISMISS – PREEMPTION (Doc. 75, Ex. 15, 16, 17)

*Mitchell* also makes it clear that, even if Plaintiffs do not have a claim for assignee liability under Missouri common law, the Assignee Defendants in this case can still be found to have violated the MSMLA as assignees of the illegal PCC-originated loans. Such liability is based on the broad language of the MSMLA, a remedial statute, which imposes liability on a loan assignee when the assignee "indirectly" charges, contracts for <u>or</u> receives an unlawful fee "in connection with [a] second mortgage loan" and/or "directly or indirectly charge[s], contract[s] for or receive[s]" interest on such a loan where illegal fees have been "rolled into the loan principal." *Mitchell,* No. 2010 WL 4720755 at *10-15, 16-17 (assignees of second mortgage loans are independently liable for same relief that aggrieved borrowers are entitled to recover from loan originator by using loan originator as correspondent lender and/or because loan assignees "indirectly charged, contracted for or received" illegal fees "in connection with" loans and/or "directly or indirectly charged, contracted for or received" interest on loans where illegal fees had been "rolled into the loan principal"). Such liability under the MSMLA is separate from and in addition to the liability that can be derivatively imposed on the Assignee

Defendants for PCC's unlawful loans and acts pursuant to HOEPA, 15 U.S.C. § 1641(d) (1). As Judge Newton aptly put it: "The broad language of the MSMLA evidences the legislature's intent to ["cast a wide net over the market" and] reach those loans that would otherwise escape liability through the secondary mortgage market [even though the loan assignees] never received the fees or interest, never charged for them, or never contracted for them." *Id*. at *16. Plaintiffs' complaint asserts both theories of recovery. (Doc. 1-1, ¶¶86, 88, 92-96, 100-104, 108-112, 116-120, 121, [130]-[140])

Sovereign Bank, Ocwen and the National Bank Defendants will likely contend that, even though it may not preempt Plaintiffs' claims for assignee liability under HOEPA, § 1641(d)(1), *see, e.g., Gilmor v. Preferred Credit Corp.,* No. 04-0255, Slip Op. (W.D. Mo., Dec. 20, 2005) (Smith, J.) (Doc. 99-2 at 5) ("[NBA] does not … preempt claims against national banks when the national banks have not made or originated the loans in question"), HOLA and the NBA nevertheless preempt the independent, non-derivative MSMLA claims that Plaintiffs are asserting because such claims seek to "regulate" the fees and interest that HOLA and the NBA control. The Court should reject this argument. Plaintiffs' MSMLA claims do not seek to regulate the fees and/or interest a federal savings or national bank can assess in connection with its loans and extensions of credit. The MSMLA claims, instead, seek to hold the Assignee Defendants, federal and non-federal alike, liable for the unlawful loans that PCC, a non-federal, non-national bank, made in violation of Missouri law, and which the Assignee Defendants voluntarily acquired and collected as assignees. Neither HOLA nor the NBA governs such claims. (Doc. 99)

Notably, Plaintiffs do not allege that any federal or national bank made any of the second mortgage loans at issue in this case. Just the contrary is true. The complaint expressly alleges

that PCC made all of the second mortgage loans in suit.  (Doc. 1-1, ¶¶1, 71, 74-78, 81-84, 89-92, 97-1009, 105-108, 113,-116, 121, [130])  The allegation (and fact) that the Assignee Defendants "directly or indirectly charged, contracted for or received" illegal loans fees "in connection with" the PCC-made loans does not convert Plaintiffs' MSMLA claims into federal law claims – any more than Plaintiffs' MSMLA § 164(d)(1) claims do.  Plaintiffs' claims against the banks remain premised on their status as loan assignees, not the laws of usury, so neither HOLA nor the NBA is implicated.  (Doc. 99-2 at 5)  Indeed, *Mitchell* makes it clear that Sovereign Bank, Ocwen and any of the other Assignee Defendants can properly be found to have violated the MSMLA and § 408.233.1 ***even if*** the bank or other assignees "never received the fees or interest, never charged for them, or never contracted for them."  *Mitchell* at *16-17 (the disjunctive language "charged, contracted for *or* received" as used in § 408.233.1 "reaches even those entities that never received the fees or interest, never charged for them, or never contracted for them") (italics in original).

Consequently, the fact that Plaintiffs are entitled to recover the illegal fees and all of the interest paid on their loans, in addition to punitive damages, attorney's fees and equitable relief, does not convert Plaintiffs' claims into federal law fee or usury claims.  Regardless of the remedy, PCC still made the loans and, as a result, neither HOLA nor the NBA applies.  *Gilmor*, *supra* (Doc. 99-2 at 5); *Thomas v. U.S. Bank Nat. Ass'n ND*, 575 F.3d 794, 800-801 (8th Cir. 2009) (NBA does not preempt MSMLA claims against national bank assignees since "national banks did not originate the loans at issue, but rather are assignee banks who subsequently purchased the loans"); *see also Baker v. Century Financial Group,* No. 04-0201, Slip Op. at 16-17 (W.D. Mo., Dec. 15, 2004) (Sachs, J.) (Doc. 99-3) (NBA does not preempt plaintiffs' MSMLA claims where national bank assignees failed to show "any facts from which the court

6

can determine that the assignment of the loans from [the non-bank lender] gave Wells Fargo and the other national bank assignees the status of originator or maker of the subject loans"); *Schwartz v. Bann-Cor Mortgage,* No. 03-0922, Slip Op. at 4-5. (W.D. Mo., June 14, 2004) (Gaitan, J.) (Doc. 99-4) (NBA does not preempt MSMLA claims against national bank assignees since national banks did not originate the loans); *Garrison v. First Federal Savings & Loan Ass'n of South Carolina*, 402 S.E.2d 25, 30-31 & n. 6 (Va. 1991) ("the provisions of [HOLA] do not apply to a federally chartered savings and loan institution that is only the assignee of a usurious note"); *see also* Pridgen, *Consumer Credit and the Law* § 10.31 (Nov. 2003) ("remedial provisions of the National Bank Act *and analogous statutes governing other types of financial institutions* do not apply to entities that are only assignees of usurious notes, rather than the maker of the loans").

Finally, and if for whatever reason the Court concludes that federal law preempts Plaintiffs' independent, non-derivative claims against the federal and national banks under the MSMLA, and respectfully it should not, the Court should hold that only those claims are preempted. Federal law in no way preempts Plaintiffs' independent, non-derivative claims against the non-federal and non-national bank defendants under the MSMLA; nor does federal law preempt Plaintiffs' claims that seek to hold the Assignee Defendants derivatively liable for PCC's MSMLA violations pursuant to the HOEPA rule of assignee liability, 15 U.S.C. § 1641(d)(1).

Dated: December 13, 2010.

    Respectfully Submitted,

    WALTERS BENDER STROHBEHN
     & VAUGHAN, P.C.

    By   /s/ *Kip D. Richards*
       R. Frederick Walters - Mo. Bar 25069
       J. Michael Vaughan - Mo. Bar 24989
       Kip D. Richards - Mo. Bar 39743
       David M. Skeens - Mo. Bar 35728
       Garrett M. Hodes - Mo. Bar 50221
       2500 City Center Square
       1100 Main Street
       P.O. Box 26188
       Kansas City, MO 64196
       (816) 421-6620
       (816) 421-4747 (Facsimile)

    ATTORNEYS FOR PLAINTIFFS/
     CLASS COUNSEL

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that this document was filed electronically with the Clerk of the United States District Court for the Western District of Missouri, Western Division, this **13th day of December 2010**, with notice of case activity to be generated and sent electronically to all designated persons.

                                                /s/ *Kip D. Richards*