THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MICHAEL AND SHELLIE GILMOR, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> PREFERRED CREDIT CORPORATION, et al., <br><br> Defendants. | Case No. 10-0189-CV-ODS |

## ORDER ADDRESSING DISCOVERY ISSUES INVOLVING PREFERRED TRUST DEFENDANTS

On December 13, 2010, the Court participated in a telephone conference with attorneys for Plaintiffs and the Preferred Trust Defendants.[1] After considering the written submissions and the arguments presented, the Court now resolves the pending discovery disputes.

The first issue concerns the various objections raised by the Preferred Trust Defendants to Plaintiffs' discovery requests. Initially, the Court notes that several of the objections raised have already been addressed by the Court in its October 1, 2010 Order (Doc. # 76). First, the Preferred Trust Defendants object to discovery because "the named Plaintiffs lack standing to sue and are not entitled to discovery" or that there is not personal jurisdiction over the defendants. This objection is not a valid basis for withholding discovery. In fact, the Court has already instructed the parties that "the filing of motions does not stay discovery." (Doc. 76, p. 4). Second, the Preferred Trust Defendants object to discovery because "it seeks information regarding persons who are not named Plaintiffs and who may assert a privacy or confidentiality interest." This objection has also already been rejected by the Court. Previously, the Court noted that a Protective Order was entered in this case that would protect confidential information. Moreover, the Court

---

[1] The Preferred Trust Defendants include Preferred Mortgage Trust 1996-1, Preferred Mortgage Trust 1996-2, Preferred Credit Trust 1997-1, and the trustee of those trusts, Deutsche Bank Trust Company Americas.

notes that the class has been certified and that named Plaintiffs are entitled to discovery regarding absent class members. Third, the Preferred Trust Defendants object to discovery "to the extent that it calls for a legal conclusion." Again, this objection was previously rejected by the Court.

The second issue concerns the redaction of documents that have actually been produced by the Preferred Trust Defendants. These documents have been redacted of so-called personal information by the Preferred Trust Defendants. Again, the Court notes that the case has already been certified and that there is a Protective Order in place to protect confidential information. Accordingly, there is no basis for redacting documents.

The third issue involves scheduling. The Preferred Trust Defendants desire to postpone the time in which they should serve amended responses to Plaintiffs' discovery so that they can prepare and file a motion to decertify the class. First, the Court notes that there is a discovery deadline of December 30, 2011. Second, in the October Order the Court previously declared that if "defendants believe the class should be decertified then it is incumbent upon them to file a motion." The Court reiterated this position in its December 10, 2010 Order. Further delay of discovery in this case will not be permitted. Discovery will continue instanter.

Accordingly, it is hereby ORDERED that the Preferred Trust Defendants serve amended responses to all of Plaintiffs' discovery requests – both interrogatories and document requests - without objection by January 31, 2011. This includes delivery of unredacted versions of documents that have already been provided. The Preferred Trust Defendants also will insure that their responses identify (or include documents that indicate) which of their loans are Section 32 (HOEPA) loans and/or consumer loans.

IT IS SO ORDERED.

                                                    /s/ Ortrie D. Smith
                                                    ORTRIE D. SMITH, JUDGE
DATE: December 16, 2010                     UNITED STATES DISTRICT COURT