IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

MICHAEL P. & SHELLIE GILMOR, et al., )
)
      Plaintiffs, )   Case No. 4:10-cv-0189-ODS
)
v. )
)
PREFERRED CREDIT CORPORATION, )
et al., )
)
      Defendants. )

**SOVEREIGN BANK'S RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY REGARDING HOLA PREEMPTION**

Sovereign hereby responds to Plaintiffs' Motion for Leave to File Sur-Reply ("Plaintiffs' Motion"), Doc. 145/146, stating that such a sur-reply is inappropriate and unjustified. Plaintiffs purportedly seek leave to file a sur-reply to address *Quintero Family Trust v. One West Bank, F.S.B.*, 2010 WL 2618729, *6-7 (S.D. Cal. 2010), and *Odinma v. Aurora Loan Services*, 2010 WL 1199886, *7-8 (N.D. Cal. 2010). *See* Doc. 145/146 at 1 (representing that a "Sur-Reply is necessary because the federal bank defendants have cited to two additional unpublished decisions from the United States District Court for the Southern and Northern Districts of California"). Plaintiffs have attached a five (5) page, proposed sur-reply that makes arguments extending well beyond discussing two discrete cases. And, as to those two cases, Plaintiffs do *not* dispute that the courts in those cases dismiss state law claims against savings associations as preempted under §560.2(b)(10) even though the mortgage loans were made by entities that were neither banks nor savings associations. *Cf.* Doc. 146, Ex. 1 with Doc. 130 at 9. Thus, there is no legitimate reason or justification for a sur-reply. Sovereign did not interject a new issue of law via its reply brief. The field preemptive effect of the OTS regulations was raised directly since the filing of Sovereign's Motion to Dismiss Based on HOLA Preemption on January 27, 2006.

In nearly five years, Plaintiffs have been unable to cite a single decision to this Court that actually interprets the relevant OTS regulations as they advocate.

Sovereign indisputably argued in its Opening Suggestions that Plaintiffs' claims are preempted by the Home Owner's Loan Act ("HOLA") and the OTS regulations, including 12 C.F.R. § 560.2(b)(10). *See Sovereign's Opening Suggestions* at p. 6. *See also* Doc. 85, Sovereign's Notice of Supplemental Authority at 3-4. Apparently stung by Sovereign's Reply Suggestions and realizing that their argument that HOLA preemption required the loan to be made by a savings association is flawed, Plaintiffs now seek leave to file a sur-reply not to actually dispute what Sovereign said about *Quintero Family Trust* or *Odinma* or what these cases held, but to change course and re-formulate their discussion of the various irrelevant cases Plaintiffs cited in their Opposition Suggestions. The Court should not countenance Plaintiffs' tactics or their efforts at misdirection. Sovereign's citation of *Quintero Family Trust* and *Odinma* in reply was entirely appropriate and for the purpose of assisting this Court in deciding the pending motion. Sovereign cited these cases (Doc. 130 at 9) in direct response to Plaintiffs' unfounded argument (Doc. 99 at 10-11) that, notwithstanding the language of §560.2(b)(10),[1] HOLA/OTS preemption was inapplicable to loans serviced or purchased by a savings association, such as Sovereign. The Court is capable of reviewing these decisions and evaluating whether they found preemption under §560.2(b)(10) as Sovereign stated in its reply. Most importantly, Plaintiffs had the ability to fully research their argument before they made it and address these relevant decisions applying §560.2(b)(10) in their Opposition Suggestions had they chosen to do so. Having failed to do so, they should not be afforded another bite at the apple

---

[1] Section 560.2(b)(10) of the OTS regulations expressly preempted state laws concerning the "[p]rocessing, origination, *servicing, sale or purchase of, or investment or participation in, mortgages*" 12 C.F.R. § 560.2(b)(10)(emphasis added).

through a sur-reply. Sovereign could not be expected in its opening suggestions or notice of supplemental authority to anticipate that Plaintiffs would ignore the language of §560.2(b)(10) and make an argument without any supporting authority decided under the relevant statute and regulations. It is telling that Plaintiffs do *not* dispute in their proposed sur-reply that *Quintero Family Trust* and *Odinma* found the claims against the savings associations preempted under §560.2(b)(10) irrespective of whether the lender was a bank or savings association. It also is particularly telling that none of the cases relied on by Plaintiffs even discussed §560.2(b)(10). Plaintiffs' proposed sur-reply merely seeks to re-formulate Plaintiffs' flawed arguments, citing cases that do not even mention or discuss the relevant OTS regulations.[2] Accordingly, Plaintiffs' Motion should be denied and the proposed sur-reply disregarded.

WHEREFORE, Sovereign respectfully requests that this Court deny Plaintiffs' Motion for Leave to File Sur-Reply.

---

[2] Plaintiffs also do *not* dispute in their proposed sur-reply that: (a) the OTS regulations preempt the entire field of *operations* for savings associations (Doc. 130 at 2-5, 12); (b) Plaintiffs' state law claims seek to impose liability in connection with Sovereign's operations purchasing and servicing of loans (*id.* at 7-8); (c) the various remand decisions Plaintiffs cited under the National Bank Act do *not* discuss or address the relevant OTS regulations under HOLA (*id.* at 11- 12); (d) the *Mitchell* case did *not* involve any issue concerning HOLA/OTS preemption, as none of the defendants in that case was a savings association (*id.* at 9); (e) the *Garrison* case did *not* address the relevant OTS regulation because the decision pre-dated the key regulation by several years (*id.* at 12); and (f) this Court previously held that "Section 1641(d) is not an independent basis of liability, but rather a limitation of the common law holder-in-due-course rule." (*Id.* at 9, n. 11). And, notwithstanding their insinuation that they have made specific factual allegations to support the application of HOEPA, Plaintiffs have admitted elsewhere that Sovereign did not purchase or service any of the named Plaintiffs' loans (Doc. 98), so their references to those loans cannot possibly suffice to invoke HOEPA as to Sovereign. *See* Doc. 130 at 8, n. 11).

Respectfully Submitted,

RASMUSSEN, WILLIS, DICKEY & MOORE LLC


By: _____*/s/ Randolph G. Willis*_____
Randolph G. Willis MO Bar. # 47834
RASMUSSEN, WILLIS, DICKEY & MOORE LLC
9200 Ward Parkway, Suite 400
Kansas City, MO 64114
Telephone: (816) 960-1611
Facsimile: (816) 960-1669

OF COUNSEL:
Thomas L. Allen PA Bar #33243
Roy W. Arnold PA Bar #70544
REED SMITH LLP
225 Fifth Avenue
Pittsburgh, PA 15222
Telephone: (412) 288-3131
Facsimile: (412) 288-3063

*Attorneys for Sovereign Bank*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this document was filed electronically with the Clerk of the United States District Court for the Western District of Missouri, Western Division, this 27th day of December, 2010, with notice of case activity to be generated and sent electronically to all designated persons.

                                                     */s/ Randolph G. Willis*
                                                     An Attorney for Sovereign Bank