IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MICHAEL P. AND SHELLIE GILMOR, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> PREFERRED CREDIT CORPORATION, et al., <br><br> Defendants. | Case No. 10-0189-CV-W-ODS |

## MOTION TO STRIKE DECLARATION OF NANCY POLLARD

Defendant IMH Assets Corporation (IMHAC) attached the Declaration of Nancy Pollard to its Reply Suggestions in Further Support of its Motion to Dismiss Plaintiffs' Sixth Amended Petition for Lack of Standing. (Doc. 137-1) This is the first time IMHAC ever attempted to file the declaration – or any declaration, affidavit or evidence in support of its nearly five year old motion to dismiss. (Doc. 75, Ex. 7) IMHAC's efforts are too little too late and the Court should strike the Pollard Declaration. The submission of a declaration for the first time with reply suggestions is patently improper. Moreover, the Pollard Declaration is particularly troubling since Ms. Pollard does not dispute the fact that IMHAC did, in fact, acquire the Missouri second mortgage loan that PCC made to Named Plaintiff Leo Parvin, Jr. and other members of the PCC Borrower Class. (Doc. 137-1, ¶¶1-6) Thus, if anything, the declaration supports Plaintiffs' Opposition to IMHAC's motion by declaring under penalty of perjury that IMHAC did, in fact, acquire some of the Missouri second mortgage loans at issue – including, among others, the loan that PCC made to Named Plaintiff Leo Parvin, Jr. (Id, ¶¶3-4) Despite this fact, IMHAC continues on with its motion to dismiss for lack of standing, even though it tacitly concedes that

IMHAC was an assignee of at least one of the Named Plaintiffs' loans. Under circumstances such as these, IMHAC and its counsel should have immediately withdrawn their pending motion to dismiss.[1]

Plaintiffs do not know what IMHAC hoped to accomplish by attaching the Pollard Declaration to its Reply Suggestions, but whatever it was, the Court should reject it. The declaration is untimely and improper and serves only to corroborate Plaintiffs' point that IMHAC's motion to dismiss lacks merit and should be summarily denied. The Court should also consider admonishing IMHAC and its counsel for their obstreperous conduct in this case, which has now grown to include the continued prosecution of a baseless motion, in addition to prior conduct necessitating Court intervention to enforce compliance with routine discovery. (Doc. 112, 118)

---

[1] The "role" IMHAC played in the conveyance of the illegal Missouri loans is no excuse. As an assignee of the illegal loans, IMHAC is liable for PCC's statutory violations and illegal loans – regardless of the length of time it actually held the loans. *See* 15 U.S.C. § 1641(d)(1) ("Any person who purchases or is otherwise assigned a mortgage referred to in section 1602(aa) of this title shall be subject to all claims and defenses with respect to that mortgage that the consumer could assert against the creditor of the mortgage, …"); *Thomas v. U.S. Bank Nat. Ass'n ND*, 575 F.3d 794, 800-801 (8th Cir.(Mo.) 2009) ("[a]s assignees, [the defendants] are subject to all the claims which could have been brought against the originator of the loan"); *Schwartz v. Bann-Cor Mortgage*, 197 S.W.3d 168, 178-179 (Mo. App. WD 2006) (assignees of high-cost loans "are subject to all claims and defenses under **any** law that a borrower could have asserted against the original lender"); *see also Mitchell v. Residential Funding Corp.,* ---S.W.3d---, 2010 WL 4720755 at *16-17 (Mo. App. WD Nov.23, 2010) (assignees of illegal loans can properly be found to have violated the MSMLA and § 408.233.1 ***even if*** the assignees "never received the fees or interest, never charged for them, or never contracted for them"). IMHAC's financial interest in the loans has yet to be discovered, but its admitted role as "conduit" for the "PCC to Impac" loans further supports the propriety of standing. (See Doc. 98 at 36)

Dated: December 27, 2010

Respectfully Submitted,

WALTERS BENDER STROHBEHN
  & VAUGHAN, P.C.

*By*   /s/ Kip D. Richards
   R. Frederick Walters - Mo. Bar 25069
   Kip D. Richards - Mo. Bar 39743
   J. Michael Vaughan – Mo. Bar 24989
   David M. Skeens - Mo. Bar 35728
   2500 City Center Square
   1100 Main Street
   P.O. Box 26188
   Kansas City, MO 64196
   (816) 421-6620
   (816) 421-4747 (Facsimile)

ATTORNEYS FOR PLAINTIFFS/
  CLASS COUNSEL

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that this document was filed electronically with the Clerk of the United States District Court for the Western District of Missouri, Western Division, this **27th day of December 2010**, with notice of case activity to be generated and sent electronically to all designated persons.

   /s/ *Kip D. Richards*