THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

MICHAEL AND SHELLIE GILMOR,
et al.,

          Plaintiffs,

vs.

PREFERRED CREDIT CORPORATION,
et al.,

          Defendants.

Case No. 4:10-cv-00189-ODS

## SUGGESTIONS IN OPPOSITION TO OCWEN LOAN SERVICING, LLC'S MOTION FOR ENLARGEMENT OF TIME TO SERVE OBJECTIONS AND RESPONSES TO WRITTEN DISCOVERY

Plaintiffs oppose *Defendant Ocwen Loan Servicing, LLC's Motion for Enlargement of Time to Serve Objections and Responses to Written Discovery* ("*Motion for Enlargement of Time*") (Doc. 163). In opposition to Ocwen's *Motion for Enlargement of Time*, Plaintiffs state as follows:

1. Per the Court's Scheduling and Trial Order (Doc. 83), Plaintiffs have until January 15, 2011 to file any motion to amend the pleadings or to join additional parties.

2. In an effort to discover additional facts and determine whether they need to amend their pleadings and/or add additional parties, Plaintiffs served discovery responses on Ocwen. The discovery was served on Ocwen on December 3, 2010, and Ocwen's responses are currently due today.

3. On December 30, 2010, Ocwen filed the instant *Motion for Enlargement of Time*, which seeks to extend Ocwen's current deadline for serving its objections and/or responses

through January 10, 2011, a mere five days before Plaintiffs must file their motions to amend and/or join.

4. Plaintiffs' general practice is to agree to reasonable extensions of time. However, due to the impending January 15 deadline, Plaintiffs must receive the requested discovery as soon as possible so that they can review and familiarize themselves with Ocwen's responses and the documents produced.

5. If Ocwen's *Motion for Enlargement of Time* is granted, Plaintiffs will have no more than five days in which to review Ocwen's discovery responses and the documents produced. Further, if service is effectuated by mail, Plaintiffs will have even less time to review Ocwen's discovery responses, and may even receive those responses after the current January 15 deadline to amend the pleadings and/or to join additional parties. Moreover, to the extent Ocwen objects to Plaintiffs' discovery requests, Plaintiff will need sufficient time to review any such objections and raise them with the Court – again, all of which must be done well in advance of the January 15 deadline for Plaintiffs to file any motion to amend the pleadings or to join additional parties.

6. Ocwen's suggested timeframe for responding to Plaintiffs' discovery requests effectively denies Plaintiffs a meaningful opportunity to review and familiarize themselves with Ocwen's responses and the documents produced. Ocwen's discovery responses may indicate additional facts that need to be plead and/or additional parties that need to be joined. Plaintiffs would be severely prejudiced in that, if Plaintiffs are unable to discover these facts or additional parties well in advance of the January 15 deadline, Plaintiffs may be precluded from asserting these facts and from joining these additional parties from whom relief may be properly sought.

7. Moreover, Ocwen's *Motion for Enlargement of Time* is self-defeating. Ocwen concedes that it was joined as a defendant in this case nearly seven years ago in March 2004. Accordingly, Ocwen has had ample time in which to gather and prepare the documents and responses that are the subject of Plaintiffs' discovery requests. Additionally, although the discovery was served on December 3, 2010, the discovery is similar to discovery served upon other defendants in this case and in other second mortgage cases prosecuted by Plaintiffs' counsel and defended by Ocwen's counsel. Consequently, the information sought should be of no surprise to Ocwen.

For the foregoing reasons, Plaintiffs respectfully asks the Court to deny *Defendant Ocwen Loan Servicing, LLC's Motion for Enlargement of Time to Serve Objections and Responses to Written Discovery* (Doc. 163) and for any other relief the Court deems just and proper.

Dated: January 3, 2011              Respectfully submitted,

                                            WALTERS BENDER STROHBEHN
                                            &amp; VAUGHAN, P.C.

                                            By:   */s/ R. Frederick Walters*
                                                 R. Frederick Walters - Mo. Bar # 25069
                                                 Kip D. Richards - Mo. Bar 39743
                                                 David M. Skeens -Mo. Bar 35728
                                                 Garrett M. Hodes – Mo. Bar #50221
                                                 Matthew R. Crimmins – Mo. Bar #53138
                                                 2500 City Center Square
                                                 1100 Main Street
                                                 P.O. Box 26188
                                                 Kansas City, MO  64196
                                                 (816) 421-6620
                                                 (816) 421-4747 (Facsimile)
                                                 **ATTORNEYS FOR PLAINTIFFS**
                                                 **AND CLASS COUNSEL**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 3rd day of January 2011, I electronically filed the above and foregoing document with the Clerk of Court of the Western District of Missouri using the Court's ECF system, which will send notification of said filing to all counsel of record who are ECF participants.

/s/ R. Frederick Walters