IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL P. & SHELLIE GILMOR, et al., | ) | |
| | ) | Case No. 4:10-cv-0189-ODS |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PREFERRED CREDIT CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## SOVEREIGN BANK'S RESPONSE TO PLAINTIFFS' MOTION TO AMEND SCHEDULING ORDER

Sovereign Bank hereby responds to Plaintiffs' Motion to Amend Scheduling Order ("Motion to Amend"). Plaintiffs suggest that the "current status of discovery," including discovery that Sovereign timely responded to on January 5, 2011, without any extension, should serve as a basis to extend the deadline for plaintiffs to file motions to add defendants. Pl. Motion at p. 3. Plaintiffs fail to inform the Court that Plaintiffs did not serve *any* discovery requests on Sovereign until December 3, 2010. *See* Doc. No. 111. Sovereign provided timely written responses, including any objections, on January 5, 2010, Doc. 167, and supplied Plaintiffs with, among other things, copies of any relevant loan files, payment histories and purchase agreements within its possession. Plaintiffs have raised no issue with respect to Sovereign's responses and it is entirely inappropriate for Plaintiffs to suggest to this Court that a discovery issue exists with regard to Sovereign when no such issue has been raised. Plaintiffs' vague assertions notwithstanding, Plaintiffs have made no legitimate showing that any good cause exists to extend the deadlines as they pertain to Sovereign (or numerous other defendants). Plaintiffs made no showing that any "additional assignees" need to be joined in the case as to the few loans purchased by Sovereign. Absent any such showing, Plaintiffs should be held to the existing

US_ACTIVE-105403950.1-RWARNOLD

deadlines.  Sovereign has adhered to the deadlines established by the Federal Rules of Civil Procedure and this Court's Orders.  Plaintiff should be held to the same requirements.  To the extent that individual exceptions are necessary as to other defendants, the Court may exercise its discretion as necessary on an individual basis.  Sovereign should not be required to endure repeated extensions of pretrial deadlines where no good cause is shown by Plaintiffs as to Sovereign.

Respectfully submitted,

Rasmussen, Willis, Dickey & Moore, L.L.P.

Dated:  January 24, 2011

By:  __/s/_ *Randolph G. Willis*_____
    Randolph G. Willis MO Bar #49550
    9200 Ward Parkway, Suite 400
    Kansas City, MO 64114
    Telephone: (816) 960-1613
    Facsimile:  (816) 960-1669

Of Counsel:
  Thomas L. Allen PA Bar #33243
  Roy W. Arnold  PA Bar #70544
  Anthony S. Newman PA Bar #308157
  Reed Smith LLP
  225 Fifth Avenue, Suite 1200
  Pittsburgh, PA 15222
  Telephone: (412) 288-3131
  Facsimile:  (412) 882-3063

Attorneys for Defendants Sovereign Bank

2
Case 4:10-cv-00189-ODS   Document 180   Filed 01/24/11   Page 2 of 3

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this document was filed electronically with the Clerk of the United States District Court for the Western District of Missouri, Western Division, this 24th day of January, 2011, with notice of case activity to be generated and sent electronically to all designated persons.

 */s/ Randolph G. Willis*
An Attorney for Sovereign Bank