# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| MICHAEL P. & SHELLIE GILMOR, et al., ) | |
| ) | Case No. 4:10-cv-0189-ODS |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| PREFERRED CREDIT CORPORATION, ) | |
| et al., ) | |
| Defendants. ) | |
| ) | |

## SOVEREIGN BANK'S REPLY
## IN SUPPORT OF MOTION FOR RECONSIDERATION

In seeking reconsideration, Sovereign Bank ("Sovereign") has highlighted for the Court the federal statutory and regulatory provisions that preempt the entire field of "operations" of a Federal savings bank, *see* HOLA 5(a), 12 U.S.C. § 1464(a) and 12 C.F.R. § 545.2, including specifically any state laws, such as the Missouri Second Mortgage Loan Act ("SMLA"), concerning the "processing, origination, ***servicing, sale or purchase of, or investment or participation in, mortgages***." 12 C.F.R. § 560.2(b)(10)(emphasis added). Contrary to Plaintiffs' unsupported assertions otherwise, the operations of a savings bank are not limited to direct lending (*i.e.*, the origination of loans). The operations that are subject to exclusively federal regulation include not only the origination of loans, but also the servicing and purchase of or investment or participation, in mortgages. Plaintiffs admit that they are seeking to hold Sovereign liable under state law in connection with its purchase and servicing of mortgage loans. Doc. 200 at 6, 9-10.

In a strained effort to avoid the preemptive effect of section 560.2(b)(10), Plaintiffs ask this Court to give the regulation an absurd interpretation. According to Plaintiffs, section 560.2(b) only applies to loans made by Sovereign Bank. This assertion simply does not

US_ACTIVE-105642870.1-RWARNOLD

withstand scrutiny because, if that were so, there would be no reference to the purchase of mortgages in the relevant regulation. The "purchase" of mortgage loans necessarily contemplates that an entity other than Sovereign made the loan. It simply makes no sense to say that the word "purchase" relates to loans that Sovereign itself made. A bank does not purchase loans from itself. There would be no reason to purchase loans it made. To state the obvious, a "purchase" is a transaction between a buyer and a seller. The word must be given its plain and ordinary meaning and that straightforward meaning contemplates that federal law preempts any state laws concerning the purchase of mortgage loans. This is the straightforward analysis called for by the OTS Final Rule, 61 Fed.Reg. 50951, 50966-67 (Sept. 30, 1996), and the Eighth Circuit's decision in *Casey v. FDIC*, 583 F.3d 586 (8th Cir. 2009).

The OTS Final Rule and *Casey* emphatically do not support Plaintiffs' self-serving interpretation. Because Plaintiffs are seeking to use the SMLA to regulate the servicing and purchasing of mortgage loans by a savings bank, the state law falls squarely within the list set forth in section 560.2(b)(10). Because it is squarely within the list and no argument is made by Plaintiffs otherwise, the analysis ends there and the law is preempted under the OTS Final Rule. *Casey*, 583 F.3d at 596; *Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001, 1006 (9th Cir. 2008). And, if there were any doubt, such doubt "should be resolved in favor of preemption." OTS Final Rule, 61 Fed.Reg. 50951, 50966-67 (Sept. 30, 1996). There is no doubt that the law is preempted here because it falls squarely within the express language of section 560.2(b)(10) and the preemptive effect of this provision has been consistently upheld by courts even when the loan was not made by the savings bank. *See* Doc. Nos. 130 at 9 and 185 at 4 citing *Quintero Family Trust v. One West Bank, F.S.B.*, 2010 WL 2618729, *6-7 (S.D. Cal. 2010) (dismissing state law claims against savings association as preempted under §560.2(b)(10) even though mortgage loan was made by Clarion Mortgage, a non-bank, non-savings association); *Odinma v. Aurora Loan Services*, 2010 WL 1199886, *7-8 (N.D. Cal. 2010) (dismissing state law claims against savings association as preempted under §560.2(b)(10) even though mortgage loan was made by

MortgageIT, a non-bank, non-savings association);[1] *McKenzie v. Ocwen Federal Bank, FSB*, Case No. CAL03-18977 (Cir. Ct. Prince George's Cty, Md. 2004) (attached as Ex. 2 to Sovereign's Opening Suggestions) (dismissing claims against savings association as preempted under §560.2(b)(10) even though mortgage loan was made by George Crockett, a non-bank, non-savings association). None of these cases is inconsistent with the National Bank Act ("NBA") cases cited by Plaintiffs because the NBA cases did not address the HOLA or OTS regulations and the NBA does not preempt the field of operations of national banks.[2] While Plaintiffs may not like the language of the OTS regulations or field preemption under HOLA, there is no doubt that the regulations unambiguously extend federal preemption to the entire field of operations, including the purchase and servicing of mortgage loans. And, the cases cited by Sovereign recognize and apply the text of the regulations in a manner that is fully consistent with the OTS Final Rule and the *Casey* decision.

It is beyond dispute that "federal regulations have no less pre-emptive effect than federal statutes." *Fidelity Fed. Sav. & Loan Ass'n v. de la Cuesta*, 458 U.S. 141, 153 (1982); *Casey*, 583 F.3d at 592. It is also well-established that a federal agency's interpretation of its own

---

[1] Plaintiffs represent to the Court that "[t]he loan in *Odinma* was made by 'a direct subsidiary of . . . a federal savings association." Doc. No. 200 at 8 n. 3. They are mistaken. In *Odinma*, the "Defendant [Aurora Loan Services] is a direct subsidiary of Aurora Bank, FSB, a federal savings association." *Odinma*, 2010 WL 1199886, at *7. Earlier in the opinion, the court stated: "the documents reflect that Mortgageit was the original lender." *Id.* at *5. Plaintiffs' continued citation of *Garrison v. First Federal Sav. And Loan Ass'n of So. Carolina,* 402 S.E.2d 25 (Va. 1991), is similarly mistaken because the decision did *not* address 12 C.F.R. § 560.2 because the OTS's specific field preemptive regulation was not promulgated until 1996 – approximately five years *after* the decision was rendered.

[2] *Mitchell v. Residential Funding Corp*., 2010 WL 4720755 (Mo. App. W.D. 2010), *as modified* (Feb. 1, 2011), *motions for transfer to Mo. S.Ct. pending*, which is not final and is subject to further review, has no relevance here because none of the defendants in that case was a bank and no preemption issue was raised or decided. Plaintiffs are simply disingenuous when they suggest that the *Mitchell* case supports the notion that "federal banking law did not preempt MSMLA claims against loan assignees since loans were not originated by federally-insured, state-chartered bank." Doc. No. 200 at 9.

3

regulations is entitled to deference "unless plainly erroneous or inconsistent with the regulation." *Auer v. Robbins*, 519 U.S. 452, 462 (1997); *Casey*, 583 F.3d at 593 (finding OTS interpretation entitled to deference).[3]

Sovereign's interpretation gives effect to the actual text of the regulation, not the reformulated interpretation asserted by Plaintiffs.[4] In fact, the Court will search in vain for any argument by Plaintiffs confronting the actual text of section 560.2(b)(10) or asserting that the SMLA does not fall within the express language of section 560.2(b)(10). The reason is clear. The SMLA is the type of law that falls expressly within section 560.2(b)(10). As such, the state law is preempted by section 545.2 and section 560.2(b)(10), as directed by the OTS Final Rule and the Eighth Circuit's teaching in *Casey*.

Sovereign agrees with Plaintiffs that it cited these preemptive statutes and regulations previously and that its argument is not new. The entirely appropriate purpose of the reconsideration motion is, respectfully, to suggest to the Court that it appears to have overlooked relevant law when it issued its opinion denying Sovereign's motion to dismiss based on HOLA preemption. Doc. No. 185 at 1. The Court can determine whether it overlooked section 545.2, section 560.2(b)(10), the OTS Final Rule and the *Casey* decision when it rendered its prior opinion. While Plaintiffs may prefer to divert the Court's attention from the actual text of the

---

[3] These OTS Opinions confirm the broad preemptive effect of the OTS regulations set forth at 12 C.F.R. § 545.2 and § 560.2 and such interpretations should be afforded controlling weight. *Auer*, 519 U.S. at 461-62; *State Farm Bank, FSB v. Burke*, 445 F. Supp.2d 207, 216 (D. Conn. 2006).

[4] Plaintiffs' interpretation of the OTS Final Rule is nonsensical because the SMLA is the type of law covered by section 560.2(b)(10) when it expressly mentions the "servicing, sale or purchase of, or investment or participation in, mortgages." Plaintiffs would have the Court analyze the issue as if the words "servicing" and "purchasing" did not appear in the regulation. Since they do appear, the analysis ends at the first step of the analysis of the OTS Final Rule. However, as Sovereign has previously explained, even if these terms were not expressly included in the section 560.2(b)(10) list, which they are, the second step of the analysis under the OTS Final Rule also would compel preemption because mortgage servicing and indirect lending through the purchase of loans are also "lending activities." *See* Doc. No. 130 at 7.

4

OTS regulations and from the relevant decisions applying those regulations, they cannot deprive this Court of the opportunity to exercise its discretion to reconsider its previous decision, especially when Sovereign had indisputably supplied citation to the very law that the Court said was missing. *See* Doc. No. 175 at 16-17. Sovereign's motion for reconsideration was procedurally and substantively appropriate under any applicable standard of review.

Further, contrary to Plaintiffs' rhetoric, Sovereign has, indeed, distinguished the NBA from the HOLA and the OTS regulations. As Sovereign has explained, none of the cited NBA remand cases addressed 12 C.F.R. § 545.2 or § 560.2 or any similar field preemptive regulations. And, none of the cases cited by Plaintiffs addressed a regulation such as section 560.2(b)(10) that expressly preempts state laws affecting the relevant loan purchasing, investment and servicing operations. The Court should follow the analytical framework of the OTS Final Rule, as intended by the OTS and as directed by the Eighth Circuit in *Casey*.

Sovereign also has explained that the HOLA and the OTS regulations preempt the field of operations for savings banks. Section 545.2 is unambiguous in stating the scope of the field preemption: "This exercise of the [OTS's] authority is preemptive of any state law purporting to address the subject of the *operations* of a Federal savings association." 12 C.F.R. § 545.2 (emphasis added).[5] Plaintiffs do not dispute that the HOLA and OTS regulations were intended to preempt the field. Plaintiffs erroneously suggest that the distinction between field preemption and conflict preemption is a "distinction without a difference." Doc. No. 200 at 2 n. 1. Here again Plaintiffs invite error by offering their unsupported assertions in complete disregard for decades of Supreme Court preemption jurisprudence. In *Crosby v. National Foreign Trade Council*, 530 U.S. 363 (2000), the Supreme Court drew the distinction clearly:

> Even without an express provision for preemption, we have found that state law must yield to a congressional Act in at least two

---

[5] Plaintiffs would prefer that section 545.2 be read as preemptive of only lending activities of a federal savings bank. However, the text is clear that the entire field of operations is preempted. As section 562.2(b)(10) makes clear, these operations include direct lending or loan origination, as well as servicing and purchasing mortgages.

5

> circumstances. When Congress intends federal law to "occupy
> the field," state law in that area is preempted. And even if
> Congress has not occupied the field, state law is naturally
> preempted to the extent of any conflict with a federal statute.

*Id.* at 372 (internal citations omitted). *See also Industrial Truck Assoc., Inc. v. Henry*, 127 F.3d 1305 (9th Cir. 1997) (field preemption is a "more potent species, for under field preemption the state regulation is preempted whether or not it actually conflicts with the federal scheme.").

Unlike conflict preemption, field preemption bars the enforcement or application of all state laws in an occupied field. *San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 246-47 (1959); *Geier v. American Honda Motor Co.*, 529 U.S. 861, 868-69 (2000). Because all state laws within an occupied field are preempted, a state law need not directly conflict with, frustrate, or substantially impact federal law in order for it to be preempted under the field preemption doctrine. Indeed, because Congress's "intent" in occupying a field is to exclude state regulation from the field, any state law in the field necessarily is preempted. *English v. General Electric Co.*, 496 U.S. 72, 79-80 n. 5 (1990).

For all of these reasons, Sovereign respectfully asks this Court to re-examine its ruling on Sovereign's motion to dismiss based on HOLA preemption, and upon such reconsideration, apply the OTS regulations in accordance with the OTS Final Rule and the *Casey* decision to dismiss Plaintiffs' claims as expressly preempted.

Respectfully submitted,

Rasmussen, Willis, Dickey & Moore, L.L.P.

Dated: February 25, 2010

By: __/s/ Randolph G. Willis___
 Randolph G. Willis MO Bar #49550
 9200 Ward Parkway, Suite 310
 Kansas City, MO 64114
 Telephone: (816) 960-1613
 Facsimile: (816) 960-1669

Of Counsel:
 Thomas L. Allen PA Bar #33243
 Roy W. Arnold PA Bar #70544
 Anthony S. Newman PA Bar #308157
 REED SMITH LLP
 225 Fifth Avenue, Suite 1200
 Pittsburgh, PA 15222
 Telephone: (412) 288-3131
 Facsimile: (412) 882-3063

Attorneys for Defendant Sovereign Bank

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this document was filed electronically with the Clerk of the United States District Court for the Western District of Missouri, Western Division, this 25$^h$ day of February, 2011, with notice of case activity to be generated and sent electronically to all designated persons.

>	*/s/ Randolph G. Willis*
>	An Attorney for Sovereign Bank