IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MICHAEL P. and SHELLIE GILMOR, et al., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) Case No. 10-0189-CV-W-ODS<br>) |
| PREFERRED CREDIT CORP., et al., | )<br>) |
| Defendants. | ) |

ORDER AND OPINION DENYING MOTION FOR RECONSIDERATION

On January 13, 2011, the Court issued an Order that, *inter alia*, denied a request to dismiss Plaintiffs' claims against federal savings associations. The moving defendants contended the claims were preempted by the Home Owners' Loan Act (HOLA), 12 U.S.C. § 1461 *et seq*. The Court disagreed, drawing comparisons to the decisions construing the scope of preemption under the National Bank Act, which is limited to loans actually made by the institution. Defendants filed a Motion for Reconsideration (Doc. # 85), which is denied.

The Office of Thrift Supervision ("OTS") observed that it is empowered to "promulgate regulations that preempt state laws affecting the operations of federal savings associations when deemed appropriate . . . ." 12 C.F.R. § 560.2(a); see also 12 C.F.R. § 545.2. Defendants read this broadly to indicate that the regulations preempt all state laws that affect their operations, but this is not what the regulations – or this particular statement – provide.

Defendants intimate that the preemption under HOLA's regulations is broader than that available under the National Bank Act, but this is not the case. The National Bank Act's regulations provide that "state laws that obstruct, impair, or condition a national bank's ability to fully exercise its powers to conduct activities authorized under Federal law do not apply to national banks." 12 C.F.R. § 7.4009(b). Despite this language's breadth, courts have held that usury claims with respect to loans not made by the bank are not preempted.

Finally, Defendants point to the regulations list of illustrative examples of state laws that are preempted, and specifically point to section 560.2(b)(10). This example indicates that state laws regarding "processing, origination, servicing, sale or purchase of, or investment or participation in, mortgages" are preempted. Defendants essentially contend this provision establishes that practically any regulation related to mortgages is preempted, but this is not what the regulation says. Moreover, Missouri's Second Mortgage Loan Act does not regulate the processing, origination, sale or purchase of, or investment or participation in, mortgages – it regulates the terms of credit, which are addressed in sections 560.2(b)(4) and (5). Those regulations are similar in language (and identical in purpose) to those found under the National Bank Act, which suggests cases discussing the National Bank Act's preemption of usury laws are instructive when construing HOLA's regulations.

The Court acknowledges that a particular party's role may be instrumental in ascertaining its liability. It stands to reason, then, that a party's role may be instrumental in ascertaining its entitlement to the protections of preemption. As noted in previous orders, these factual matters are in flux. Thus, there is the possibility that a particular defendant's role – once it is firmly and finally established – may dictate a different outcome.

IT IS SO ORDERED.

DATE: March 1, 2011

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT