IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MICHAEL P. and SHELLIE GILMOR, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 10-0189-CV-W-ODS |
| PREFERRED CREDIT CORP., et al., | ) ) ) |
| Defendants. | ) |

## ORDER ADDRESSING DISCOVERY DISPUTES

The Court participated in a telephone conference with counsel for Plaintiffs and Defendants Ocwen Federal Bank ("Ocwen") and Countrywide Home Loans ("Countrywide"). After considering the parties' written and oral arguments, the Court overrules Ocwen's and Countrywide's objections and directs them to respond to Requests for Production Nos. 64-66, 68, and 69.

Specifically, the Court overrules both Defendants' objections to relevancy. Discovery designed to ascertain a defendant's knowledge regarding the legality and illegality of fees may lead to admissible evidence. It does not matter if the defendant's knowledge was obtained for and utilized in a different context – the information may still be relevant.

The Court also overrules Countrywide's claimed privilege for the "Missouri Fee Chart." First, it is not even clearly established that the chart itself was prepared by an attorney. Countrywide's privilege log identifies the "author" of the chart as "Countrywide's Legal Department and Production Quality & Compliance Department." It appears that counsel prepared a legal memorandum discussing the legality of various fees, and from this non-lawyers prepared a chart to summarize the information contained therein. The chart may be derived from an attorney's advice, but on its own does not constitute privileged material. Second, even if the chart was privileged at one time, the privilege has been waived. The chart is apparently not kept confidential, as it is included in loan files that are subsequently sold and is disclosed to third parties.

Ocwen and Countrywide will produce documents responsive to these requests, or affirmatively declare that no such documents exist. If Ocwen or Countrywide declare that no such documents exists, each should be mindful of its responsibility to conduct a searching inquiry and investigation of its employees and records. The mere *asking* by counsel if such documents exist is insufficient.

IT IS SO ORDERED.

DATE: March 31, 2011

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT

2

Case 4:10-cv-00189-ODS   Document 239   Filed 03/31/11   Page 2 of 2