THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

MICHAEL AND SHELLIE GILMOR, et al.,

    Plaintiffs,

vs.

PREFERRED CREDIT CORPORATION, et al.,

    Defendants.

Case No. 4:10-cv-00189-ODS

## MOTION FOR LEAVE TO SUBSTITUTE PARTIES AND FILE SEVENTH AMENDED COMPLAINT

Pursuant to the Court's Orders (Doc. No. 175, 184), Plaintiffs Michael and Shellie Gilmor, Michael and Lois Harris, Leo Parvin, and Ted and Raye Ann Varns ("Plaintiffs"), respectfully move the Court for an Order granting them leave to substitute parties and amend their Sixth Amended Petition in this action in order to clarify and more precisely state their claims in a Seventh Amended Complaint.[1]

Specifically, Plaintiffs request leave to name several existing unnamed class members as Named Plaintiffs pursuant to the Court's suggestion that Plaintiffs should designate additional class representatives to help insure that the requirements of Rule 23 are met. (Doc. 175, p. 13). In addition, Plaintiffs request leave to substitute a number of mortgage finance businesses for some of the Defendants previously named as "DOE" Defendants pursuant to the Court's Order to join additional parties (Doc. 184). Finally, Plaintiffs request leave to file an amended pleading in order to clarify, without changing, their existing claims under the SMLA and correct a number

---

[1] Plaintiff's proposed Seventh Amended Complaint is attached hereto at Exhibit A.

of typographical errors and to eliminate redundancy and surplusage contained in Plaintiffs' Sixth Amended Petition.

In support of this Motion for Leave to Substitute Parties and File Seventh Amended Complaint, Plaintiffs state as follows:

1. Federal Rule 15(a)(2) mandates that the Court "should freely give leave [to amend] when justice so requires." The Court has broad discretion to grant leave to amend a party's pleadings. *United States v. $29,550.00 in U.S. Currency*, 2006 WL 148992, at *2 (W.D. Mo. January 18, 2006).

2. In its Order dated January 13, 2011 (Doc. 175), the Court suggested that, although not necessary for standing, Plaintiffs should designate additional class representatives "to help insure that the requirements of Rule 23 are met." (Doc. 175, p. 13). Plaintiffs have complied with the Court's suggestion to the extent possible, but states that it still has not obtained from the various defendants all of the class members' loan files and payment histories.

3. Accordingly, Plaintiffs seek leave to designate Mark and Thomasina Shipman, William and Marion Jones, Bruce and Mary James, Kevin and Susan Schaefer, David and Nicole Warkentien, John and Jeanne Rumans, Patricia Ann Worthy, Derrick and Alethia Rockett, William and Carole Hudson, James and Kathleen Woodward, Jeffrey Weathersby, Debra Mooney, and Joseph and Amy Black, as additional Named Plaintiffs. The above plaintiffs are already members of the certified Class and they are properly joined in this case. The naming of these class members is not futile. Moreover, the documents and responses produced in discovery has confirmed the status of each additional plaintiff as an obligor on a Missouri Second Mortgage Loan that one or more of the Assignee Defendants purchased, acquired and/or serviced.

4. In addition, the Court should designate each of the proposed additional Named Plaintiffs as Representatives of the existing Plaintiffs Class. Each of the proposed additional Named Plaintiffs will fairly and adequately protect the interests of the Class since they have, themselves, obtained a Second Mortgage Loan from the originating lender Preferred Credit Corporation, and assert they suffered the same type of injuries and seek the same type of relief that the current Named Plaintiffs and the members of the certified Class seek. In addition, none of proposed additional Named Plaintiffs have any conflicts with the interests of the individual members of the Class, or with the Class as a whole, and have hired the undersigned counsel, who was previously appointed as Class Counsel.

5. Pursuant to the Court's Order (Doc. 184), Plaintiffs also seek leave to identify and substitute a number of additional mortgage finance businesses for some of the previously named "DOE" Defendants in this case on the grounds that recent discovery in the case has revealed that these entities were also the recipients, assignees and/or servicers of the Missouri second mortgage loans at issue. Accordingly, these additional entities are liable to Plaintiffs and the Class for the losses arising from the illegal Preferred Credit originated Missouri home loans that they acquired and/or serviced

6. The identity of these "Investor" and "Assignee Defendants" were previously unknown to Plaintiffs, who were forced to join them in the case as DOE Defendants. For the majority of time that the case has been pending, Defendants have resisted providing discovery to Plaintiffs. Plaintiffs' inability to identify specific entities has been due in part to various defendants' failure to identify other entities that had acquired or serviced the loans, and/or their trustees. Plaintiffs are beginning to receive the discovery requested, however, Plaintiffs have yet to obtain from defendants all of the loan files and payment histories for all of the class members.

Accordingly, Plaintiffs may yet discover the specific identity of additional entities that owned, were assigned, and/or serviced the Missouri second mortgage loans.

7.   The substitutions are proper. The additional loan Assignees that Plaintiffs seek to substitute stand in the shoes of Preferred Credit and any intervening assignee and are liable to Plaintiffs and the Class just as Plaintiffs claim the previously named Assignee Defendants are liable to Plaintiffs and the Class.

8.   The proposed Seventh Amended Complaint also makes several non-substantive amendments. First, the Seventh Amended Complaint more precisely states and clarifies a number of Plaintiffs' allegations in light of the factual and legal developments relevant to this case which have occurred in both Missouri state and federal courts since the Sixth Amended Petition was filed. These particular amendments do not add new claims or causes of action. The proposed Seventh Amended Complaint also corrects typographical errors and eliminates redundancies contained in the Sixth Amended Petition. Finally, the Seventh Amended Complaint amends or corrects the names of certain existing Defendants to reflect their current names or to remove references to dismissed defendants. These amendments are necessary due to the passage of time between the filing of the Sixth Amended Petition to the present and the transitional changes occurring in connection with the defendants' business.

9.   The granting of leave to file this Amended Complaint will not be unfairly prejudicial to any party that is currently identified in its specific name as an Assignee Defendant. In contrast, the remaining members of the Plaintiff Class will suffer great prejudice if the requested amendments are not allowed.

10.   Consistent with the recent ruling by the Court of Appeals for the Western District of Missouri, *Mitchell v. Residential Funding Corp.*, 2010 WL 4720755 (Mo. App. Nov. 23,

2010), *as modified* (Feb. 1, 2011), the Assignee Defendants (and their trustees and/or agents) that acquired and/or serviced the illegal loans are liable to Plaintiffs and the remaining members of the Class. The Assignee Defendants to be substituted for the DOE Defendants will have no cause to complain. Plaintiffs' "claims against the assignee defendants are not foreclosed **by any legal provision**." *Schwartz v. Bann-Cor Mortg.*, 197 S.W.3d 168, 179 (Mo. App. 2006). The substitution and amendments that Plaintiffs seek are legitimate and proper. Justice requires that the proposed amendments be allowed.

WHEREFORE, Plaintiffs respectfully request leave to designate existing unnamed class members as additional Named Plaintiffs and leave to substitute a number of mortgage finance businesses for the previously named "DOE" Defendants. Finally, Plaintiffs request leave to file a Seventh Amended Complaint that clarifies Plaintiffs' claims against the Defendants specifically identified in the amended Complaint, corrects typographical errors and removes redundancies, removes references to dismissed Defendants and corrects the names of already named Defendants, all as is set forth herein.

Plaintiffs request that the Court deem said Seventh Amended Complaint "filed" as of the date of its Order.

Dated: March 31, 2011                    Respectfully submitted,

                                            WALTERS BENDER STROHBEHN
                                            & VAUGHAN, P.C.

                                        By:   */s/ Bruce V. Nguyen*
                                                R. Frederick Walters - Mo. Bar 25069
                                                J. Michael Vaughan Mo. Bar 24989
                                                Kip D. Richards - Mo. Bar 39743
                                                David M. Skeens -Mo. Bar 35728
                                                Karen W. Renwick – Mo. Bar 41271
                                                Garrett M. Hodes - Mo. Bar 50221
                                                Matthew R. Crimmins - Mo. Bar 53138
                                                Bruce V. Nguyen – Mo. Bar 52893
                                                2500 City Center Square
                                                1100 Main Street
                                                P.O. Box 26188
                                                Kansas City, MO 64196
                                                (816) 421-6620
                                                (816) 421-4747 (Facsimile)
                                                ATTORNEYS FOR PLAINTIFFS
                                                AND CLASS COUNSEL

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this the 31st day of March, 2011, I electronically filed the above and foregoing document with the Clerk of Court using the Court's ECF system, which will send notification of said filing to all counsel of record who are ECF participants.

                                                          */s/ Bruce V. Nguyen*