# THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

MICHAEL P. AND SHELLIE GILMOR,
  et al.,

                Plaintiffs,

vs.

PREFERRED CREDIT CORPORATION
**[CURRENT DEFENDANT; DO NOT
SERVE]**

and

IMPAC FUNDING CORPORATION
**[CURRENT DEFENDANT; DO NOT
SERVE]**

and

U.S. BANK NATIONAL ASSOCIATION ND
**[CURRENT DEFENDANT; DO NOT
SERVE]**

and

IMPERIAL CREDIT INDUSTRIES, INC.
**[CURRENT DEFENDANT; DO NOT
SERVE]**

and

IMPAC MORTGAGE HOLDINGS, INC.
**[CURRENT DEFENDANT; DO NOT
SERVE]**

and

IMPAC SECURED ASSETS CORP.
**[CURRENT DEFENDANT; DO NOT
SERVE]**

Case No. 4:10-cv-00189-ODS

and

IMPAC SECURED ASSETS CMN TRUST
SERIES 1998-1
**[CURRENT DEFENDANT; DO NOT
SERVE]**

and

PREFERRED MORTGAGE TRUST 1996-2
**[CURRENT DEFENDANT; DO NOT
SERVE]**

and

PREFERRED CREDIT TRUST 1997-1,
**[CURRENT DEFENDANT; DO NOT
SERVE]**

and

DEUTSCHE BANK TRUST COMPANY
AMERICAS (f/k/a BANKERS TRUST
COMPANY)
**[CURRENT DEFENDANT; DO NOT
SERVE]**

and

DEUTSCHE BANK NATIONAL TRUST
COMPANY (f/k/a BANKERS TRUST
COMPANY OF CALIFORNIA, NA)
**[CURRENT DEFENDANT; DO NOT
SERVE]**

and

U.S. BANK NATIONAL ASSOCIATION
**[CURRENT DEFENDANT; DO NOT
SERVE]**

and

IMPERIAL CREDIT INDUSTRIES INC.,

2

ICIFC SEC. ASSETS CORP. MORTGAGE
1997-1
**[CURRENT DEFENDANT; DO NOT
SERVE]**

and

IMPERIAL CREDIT INDUSTRIES INC.,
ICIFC SEC. ASSETS CORP. MORTGAGE
1997-2
**[CURRENT DEFENDANT; DO NOT
SERVE]**

and

IMPERIAL CREDIT INDUSTRIES INC.,
ICIFC SEC. ASSETS CORP. MORTGAGE
1997-3
**[CURRENT DEFENDANT; DO NOT
SERVE]**

and

WILMINGTON TRUST COMPANY
**[CURRENT DEFENDANT; DO NOT
SERVE]**

And

EMPIRE FUNDING HOME LOAN OWNER
TRUST 1998-1
**[CURRENT DEFENDANT; DO NOT
SERVE]**

and

ADVANTA MORTGAGE CORP. USA
  a Delaware corporation
**[CURRENT    DEFENDANT;    DO    NOT
SERVE]**

and

CDC MORTGAGE CAPITAL INC.

a New York corporation
SERVE:
Luc De Clapiers, Chairman
9 W. 57th Street, 36th Floor
New York, NY 10019

and

FEDERAL DEPOSIT INSURANCE
CORPORATION as Receiver for CORUS
BANK NA
  a national bank
**[CURRENT DEFENDANT; DO NOT
SERVE]**

and

COUNTRYWIDE HOME LOANS, INC.
  A New York Corporation
**[CURRENT DEFENDANT; DO NOT
SERVE]**

and

CREDIT-BASED ASSET SERVICING &
SECURITIZATION LLC
  a New York corporation
**[CURRENT DEFENDANT; DO NOT
SERVE]**

and

CREDIT SUISSE FIRST BOSTON
MORTGAGE SECURITIES
CORPORATION.
  a Delaware corporation
**[CURRENT DEFENDANT; DO NOT
SERVE]**

and

DEUTSCHE BANK NATIONAL TRUST
COMPANY

4

a New York corporation
**[CURRENT DEFENDANT; DO NOT SERVE]**

and

DEUTSCHE BANK TRUST COMPANY AMERICAS
a New York corporation
**[CURRENT DEFENDANT; DO NOT SERVE]**

and

FIRST UNION NATIONAL BANK (n/k/a WELLS FARGO BANK N.A.
a national bank
**[CURRENT DEFENDANT; DO NOT SERVE]**

and

IMH ASSETS CORP.
a California corporation
**[CURRENT DEFENDANT; DO NOT SERVE]**

and

IMPAC MORTGAGE HOLDINGS ASSET CORPORATION
a California corporation
**[CURRENT DEFENDANT; DO NOT SERVE]**

and

IMPAC CMB TRUST SERIES 1999-1
a California trust
**[CURRENT DEFENDANT; DO NOT SERVE]**

and

IMPAC CMB TRUST SERIES 1999-2

5

a California trust
**[CURRENT DEFENDANT; DO NOT
SERVE]**

and

IMPAC CMB TRUST SERIES 2000-1
  a California trust
**[CURRENT DEFENDANT; DO NOT
SERVE]**


and

IMPAC CMB TRUST SERIES 2000-2
  a California trust
**[CURRENT DEFENDANT; DO NOT
SERVE]**


and

IMPAC CMB TRUST SERIES 2001-4
  a California trust
**[CURRENT DEFENDANT; DO NOT
SERVE]**


and

IMPAC CMB TRUST SERIES 2002-1
  a California trust
**[CURRENT DEFENDANT; DO NOT
SERVE]**


and

IMPAC CMB TRUST SERIES 2003-5
  a California trust
**[CURRENT DEFENDANT; DO NOT
SERVE]**


and

6

JPMORGAN CHASE BANK (f/k/a THE
CHASE MANHATTAN BANK)
  a national bank
**[CURRENT   DEFENDANT;   DO   NOT
SERVE]**


LASALLE NATIONAL BANK
  a national bank
**[CURRENT   DEFENDANT;   DO   NOT
SERVE]**


and

LITTON LOAN SERVICING, L.P.
  a Delaware corporation
**[CURRENT DEFENDANT; DO NOT
SERVE]**


and

MORTGAGE LOAN SERVICING
CORPORATION
  a California corporation
SERVE:
Officer or Person in Charge
4600 El Camino Real
Los Altos, CA 94022

and

OCWEN  LOAN  SERVICING, LLC  (f/k/a
OCWEN FEDERAL BANK, FSB)
  a federal bank
**[CURRENT DEFENDANT; DO NOT
SERVE]**


and

PREFERRED MORTGAGE TRUST 1996-1
**[CURRENT   DEFENDANT;   DO   NOT**

**SERVE]**

and
RESIDENTIAL FUNDING COMPANY, LLC
(f/k/a  RESIDENTIAL FUNDING
CORPORATION)
  a Delaware corporation
**[CURRENT DEFENDANT; DO NOT
SERVE]**


and


SOVEREIGN BANK
  a federal bank
**[CURRENT DEFENDANT; DO NOT
SERVE]**


and

UNITED MORTGAGE C.B., LLC
  a North Carolina company
**[CURRENT DEFENDANT; DO NOT
SERVE]**


and

WELLS FARGO BANK N.A. (f/k/a WELLS
FARGO BANK, MN, N.A.)
  a national bank
**[CURRENT DEFENDANT; DO NOT
SERVE]**


and

WENDOVER FINANCIAL SERVICES
CORPORATION
  a North Carolina corporation
**[CURRENT DEFENDANT; DO NOT**

**SERVE]**

and

UBS REAL ESTATE SECURITIES, INC.
(f/k/a PAINE WEBBER REAL ESTATE
SECURITIES, INC.)
  a Delaware corporation
SERVE:
Ramesh Singh
1285 Avenue of the Americas
New York, New York 10019

and

EMPIRE  FUNDING  GRANTOR  TRUST
1998-1
Serve:
U.S. Bank National Association
601 Second Ave. South
Minnesota MN 55402

and

EMPIRE FUNDING HOME LOAN OWNER
TRUST 1999-1
Serve:
Wilmington Trust Company
Rodney Square Noth 1100 N. Market Street
Wilmington, DE 19890

and

EMPIRE  FUNDING  GRANTOR  TRUST
1999-1
Serve:
U.S. Bank National Association
U.S. Bank National Association
601 Second Ave. South
Minnesota MN 55402

and

EMC MORTGAGE CORPORATION

Serve:
The Corporation Company
120 South Central Avenue
Clayton, MO 63105

and

BAC HOME LOAN SERVICING, L.P. (f/k/a
COUNTRYWIDE        HOME        LOAN
SERVICING, L.P.)
Serve:
CT Corporation System
350 N. St. Paul St.
Ste. 2900
Dallas, TX 75201

and

CHASE HOME FINANCE LLC as successor
by   merger   to   CHASE   MANHATTAN
MORTGAGE CORPORATION
Serve:
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington DE 19801

and

IMPAC  REAL  ESTATE  ASSET  TRUST
SERIES 2006-SD1
SERVE:
Officer or Person in Charge
Deutsche Bank National Trust Company
(f/k/a Bankers Trust Company of CA, N.A.)
130 Liberty Street
New York, NY 10006

and

WINGSPAN PORFOLIO ADVISORS, LLC
Serve:
Registered Agent Solutions, Inc.
3225 – A Emerald Lane
Jefferson City MO 65109

10

and

REAL TIME RESOLUTIONS, INC.
Serve:
C T Corporation System
120 South Central Avenue
Clayton, MO 63105

DOES 1 THROUGH 25.

                              Defendants.

## SEVENTH AMENDED COMPLAINT

Plaintiffs Michael P. and Shellie Gilmor, Michael E. and Lois A. Harris, Leo E. Parvin, Jr., Ted and Raye Ann Varns, Mark and Thomasina Shipman, William and Marion Jones, Bruce and Mary James, Kevin and Susan Schaefer, David and Nicole Warkentien, John and Jeanne Rumans, Patricia Ann Worthy, Derrick and Alethia Rockett, William and Carole Hudson, James and Kathleen Woodward, Jeffrey Weathersby, and Debra Mooney, Joseph and Amy Black, individually and on behalf of all other persons similarly situated ("PLAINTIFFS"), state the following for their Sixth Amended Complaint against Defendants in this cause:

### Introduction

1.      This action is brought as a plaintiffs' class action against PREFERRED CREDIT CORPORATION ("PREFERRED CREDIT") and the rest of the above-named Defendants (individually and as representatives of a defendant class as hereinafter defined), as: (a) the holders or previous holders of the Second Mortgage Loans made in Missouri by PREFERRED CREDIT (as herein defined) (b) the trustees, agents and/or servicers of those persons or entities that purchased or were assigned and/or now hold or previously held said Second Mortgage Loans and/or (c) the trustees, agents, servicers and holders of said Second Mortgage Loans.

11

2.     This action seeks redress on behalf of PLAINTIFFS and the SECOND MORTGAGE CLASS (defined below) against PREFERRED CREDIT and the other Defendants (including a defendant class) for violations of Missouri's Second Mortgage Loans Act (§§ 408.231 Mo. Rev. Stat. et seq.), including claims for injunctive relief.

### The Plaintiffs

3.     Plaintiffs Michael P. Gilmor and Shellie Gilmor (the "GILMORS") are individuals who formerly resided at 11304 N. Donnelly Avenue, Kansas City, Clay County, Missouri.  Shellie Gilmor currently resides at 1121 Canterbury Lane, Liberty, Clay County, Missouri, 64068.  The GILMORS bring this action individually and as representatives on behalf of the class of plaintiff-borrowers described below.

4.     Plaintiffs Michael E. and Lois A. Harris (the "HARRISES") are lawfully married individuals who reside at 1349 East 84th Street, Kansas City, Jackson County, Missouri. The HARRISES bring this action individually and as representatives on behalf of the class of plaintiff-borrowers described below.

5.     Plaintiff Leo E. Parvin, Jr. ("PARVIN") is an individual who resides at 686 Outlook Drive, Edwards, Missouri.  PARVIN brings this action individually and a representative on behalf of the class of plaintiff-borrowers described below.

6.     Plaintiffs Ted and Raye Ann Varns (the "VARNSES") are individuals who formerly resided at 108 South Atterbury Street, Atlanta, Macon County, Missouri. Raye Ann Varns currently resides at 10255 Faith Drive, Apt. 1, King George, Virginia.  The VARNSES bring this action individually and as representatives on behalf of the class of plaintiff-borrowers described below.

7.     Plaintiffs Mark and Thomasina Shipman (the "SHIPMANS") are lawfully married individuals who reside at 9991 Greenton Rd., Odessa, Missouri. The SHIPMANS bring this action individually and as representatives on behalf of the class of plaintiff-borrowers described below.

8.     Plaintiffs William and Marion Jones (the "JONESES") are lawfully married individuals who reside at 2208 Park Ave., St. Joseph, Missouri. The JONESES bring this action individually and as representatives on behalf of the class of plaintiff-borrowers described below.

9.     Plaintiffs Bruce and Mary James (the "JAMESES") are lawfully married individuals who reside at 724 Fernwood Terrace, Lake Saint Louis, Missouri. The JAMESES bring this action individually and as representatives on behalf of the class of plaintiff-borrowers described below.

10.    Plaintiffs Kevin and Susan Schaefer (the "SCHAEFERS") are lawfully married individuals who reside at 715 Hemsath Rd., St. Charles, Missouri. The SCHAEFERS bring this action individually and as representatives on behalf of the class of plaintiff-borrowers described below.

11.    Plaintiffs David and Nicole Warkentien (the "WARKENTIENS") are lawfully married individuals who reside at 9329 East 15th Street S, Independence, Missouri. The WARKENTIENS bring this action individually and as representatives on behalf of the class of plaintiff-borrowers described below.

12.    Plaintiffs John and Jeanne Rumans (the "RUMANS") are lawfully married individuals who reside at 808 NE 100th Terrace, Kansas City, Missouri. The RUMANS bring this action individually and as representatives on behalf of the class of plaintiff-borrowers described below.

13.    Plaintiff Patricia Ann Worthy ("WORTHY") is an individual who resides at 7123 Oreon Ave., St. Louis, Missouri.   WORTHY brings this action individually and as representatives on behalf of the class of plaintiff-borrowers described below.

14.    Plaintiffs Derrick and Alethia Rockett (the "ROCKETTS") are lawfully married individuals who reside at 139 Benedictine Ct., Florissant, Missouri.  The ROCKETTS bring this action individually and as representatives on behalf of the class of plaintiff-borrowers described below.

15.    Plaintiffs William and Carole Hudson (the "HUDSONS") are lawfully married individuals who reside at 5977 SE 208th St., Holt, Missouri.  The HUDSONS bring this action individually and as representatives on behalf of the class of plaintiff-borrowers described below.

16.    Plaintiffs James and Kathleen Woodward (the "WOODWARDS") are lawfully married individuals who reside at 1901 SW 5th St., Blue Springs, Missouri.   The WOODWARDS bring this action individually and as representatives on behalf of the class of plaintiff-borrowers described below.

17.    Plaintiff Jeffrey Weathersby ("WEATHERSBY") is an individual who resides at 9643 Newton Dr., St. Louis Missouri.  WEATHERSBY bring this action individually and as representatives on behalf of the class of plaintiff-borrowers described below.

18.    Plaintiff Debra Mooney ("MOONEY") is an individual who resides at 519 Kingston Dr., St. Louis Missouri.   MOONEY brings this action individually and as representatives on behalf of the class of plaintiff-borrowers described below.

19.    Plaintiffs Joseph and Amy Black (the "BLACKS") are lawfully married individuals who reside at 10005 E. 36th Street South, Independence, Missouri.  The BLACKS

bring this action individually and as representatives on behalf of the class of plaintiff-borrowers described below.

## Defendant Preferred Credit

20.    PREFERRED CREDIT (f/k/a T.A.R. Preferred Mortgage Corporation) is a California corporation that has no viable registered agent, but which has been served with process in this action by serving the California Secretary of State, 1500 11th Street, Sacramento, CA 95814.

21.    PREFERRED CREDIT is a "moneyed corporation" within the meaning of §516.420 Mo. Rev. Stat. At all times relevant to the subject matter of this action, PREFERRED CREDIT was engaged principally if not exclusively in the business of originating, funding and selling residential mortgage loans in a number of different states, including Missouri, and was subject to regulation by the Missouri Division of Finance with regard to its lending and loan activities within Missouri. In particular, PREFERRED CREDIT, as a "mortgage banker" as defined by the Missouri Division of Finance, lent money secured by residential real estate to Missouri consumers and then sold the residential mortgage loans it made for money to entities like the defendant businesses and trusts identified below. PREFERRED CREDIT, upon information and belief, then used the money it received for the loans to make and fund still other loans.

22.    As a lender of money secured by people's homes, PREFERRED CREDIT exercised "banking powers" and was at all relevant times subject to regulation by the Missouri Division of Finance. In addition, Plaintiffs allege upon information and belief that PREFERRED CREDIT was also licensed and regulated (or was exempted from certain state licensing requirements) at all relevant times by the banking and/or finance divisions/departments of a

number of different states, including the Missouri Division of Finance, as a "mortgage banker," "mortgage lender," and/or "money broker."

### The Investor Defendants

23.    Defendant IMPAC FUNDING CORPORATION is a California corporation that has previously been served with (or waived service of) process in this action.

24.    Defendant U.S. BANK NATIONAL ASSOCIATION ND is a national bank that has previously been served with (or waived service of) process in this action.

25.    Defendant IMPERIAL CREDIT INDUSTRIES, INC. is a California corporation that has previously been served with (or waived service of) process in this action.

26.    Defendant IMPAC MORTGAGE HOLDINGS, INC. is a Maryland corporation that has previously been served with (or waived service of) process in this action.

27.    Defendant IMPAC SECURED ASSETS CORP. is a California corporation that has previously been served with (or waived service of) process in this action.

28.    Defendant IMPAC SECURED ASSETS CMN TRUST SERIES 1998-1 is a Delaware business trust that has previously been served with (or waived service of) process in this action.

29.    Defendant PREFERRED MORTGAGE TRUST 1996-2 is a trust or fund that has previously been served with (or waived service of) process in this action.

30.    Defendant PREFERRED CREDIT TRUST 1997-1 is a trust or fund that has previously been served with (or waived service of) process in this action.

31.    Defendant DEUTSCHE BANK NATIONAL TRUST COMPANY (f/k/a BANKERS TRUST COMPANY OF CALIFORNIA, NA) is a national bank that has previously been served with (or waived service of) process in this action.

32.     Defendant DEUTSCHE BANK TRUST COMPANY AMERICAS (f/k/a BANKERS TRUST COMPANY) is a New York bank that has previously been served with (or waived service of) process in this action.

33.     Defendant U.S. BANK NATIONAL ASSOCIATION is a national bank that has previously been served with (or waived service of) process in this action.

34.     Defendant IMPERIAL CREDIT INDUSTRIES INC., ICIFC SEC. ASSETS CORP. MORTGAGE 1997-1 is a trust or fund that has previously been served with (or waived service of) process in this action.

35.     Defendant IMPERIAL CREDIT INDUSTRIES INC., ICIFC SEC. ASSETS CORP. MORTGAGE 1997-2 is a trust or fund that has previously been served with (or waived service of) process in this action.

36.     Defendant IMPERIAL CREDIT INDUSTRIES INC., ICIFC SEC. ASSETS CORP. MORTGAGE 1997-3 is a trust or fund that has previously been served with (or waived service of) process in this action.

37.     Defendant WILMINGTON TRUST COMPANY ("WTC") is a Delaware bank that has previously been served with (or waived service of) process in this action.

38.     Defendant EMPIRE FUNDING HOME LOAN OWNER TRUST 1998-1 is a Delaware business trust that has previously been served with (or waived service of) process in this action.

39.     Defendant ADVANTA MORTGAGE CORP. USA is a Delaware corporation currently in bankruptcy and against which this action has been stayed pursuant to 11 U.S.C. § 362(a), pending further order of the bankruptcy court.

40.     Defendant CDC MORTGAGE CAPITAL INC. is a New York corporation and

can be served with legal process by serving Luc De Clapiers, Chairman, 9 W. 57th Street, 36th Floor, New York, NY 10019.

41.     Defendant FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for CORUS BANK NA, a national bank that has previously been served with (or waived service of) process in this action.

42.     Defendant COUNTRYWIDE HOME LOANS, INC. is a New York corporation that has previously been served with (or waived service of) process in this action.

43.     Defendant CREDIT-BASED ASSET SERVICING & SECURITIZATION LLC is a New York corporation currently in bankruptcy and against which this action has been stayed pursuant to 11 U.S.C. § 362(a), pending further order of the bankruptcy court.

44.     Defendant CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORPORATION is a Delaware corporation that has previously been served with (or waived service of) process in this action.

45.     Defendant DEUTSCHE BANK NATIONAL TRUST COMPANY is a New York corporation that has previously been served with (or waived service of) process in this action.

46.     Defendant DEUTSCHE BANK TRUST COMPANY AMERICAS is a New York corporation that has previously been served with (or waived service of) process in this action.

47.     Defendant FIRST UNION NATIONAL BANK is a national bank that has merged with and is now part of WELLS FARGO BANK N.A.

48.     Defendant IMH ASSETS CORP. is a California corporation that has previously been served with (or waived service of) process in this action.

18

49.     Defendant IMPAC MORTGAGE HOLDINGS ASSET CORPORATION is a California corporation that has previously been served with (or waived service of) process in this action.

50.     Defendant IMPAC CMB TRUST SERIES 1999-1 is a California trust that has previously been served with (or waived service of) process in this action.

51.     Defendant IMPAC CMB TRUST SERIES 1999-2 is a California trust that has previously been served with (or waived service of) process in this action.

52.     Defendant IMPAC CMB TRUST SERIES 2000-1 is a California trust that has previously been served with (or waived service of) process in this action.

53.     Defendant IMPAC CMB TRUST SERIES 2000-2 is a California trust that has previously been served with (or waived service of) process in this action.

54.     Defendant IMPAC CMB TRUST SERIES 2001-4 is a California trust that has previously been served with (or waived service of) process in this action.

55.     Defendant IMPAC CMB TRUST SERIES 2002-1 is a California trust that has previously been served with (or waived service of) process in this action.

56.     Defendant IMPAC CMB TRUST SERIES 2003-5 is a California trust that has previously been served with (or waived service of) process in this action.

57.     Defendant JPMORGAN CHASE BANK (f/k/a THE CHASE MANHATTAN BANK) ("CHASE") is a national bank that has previously been served with (or waived service of) process in this action.  CHASE is named both individually and as a successor in interest to ADVANTA MORTGAGE CORPORATION USA.

58.     Defendant LASALLE NATIONAL BANK is a national bank that has previously been served with (or waived service of) process in this action.

59.     Defendant LITTON LOAN SERVICING, L.P. is a Delaware corporation that has previously been served with (or waived service of) process in this action.

60.     Defendant MORTGAGE LOAN SERVICING CORPORATION is a California corporation that can be served with legal process by serving the officer or person in charge, 4600 El Camino Real, Los Altos, CA 94022.

61.     Defendant OCWEN LOAN SERVICING, LLC (f/k/a OCWEN FEDERAL BANK, FSB) is a federal bank that has previously been served with (or waived service of) process in this action.

62.     Defendant PREFERRED MORTGAGE TRUST 1996-1 is a trust or fund that has previously been served with (or waived service of) process in this action.

63.     Defendant RESIDENTIAL FUNDING COMPANY, LLC (f/k/a RESIDENTIAL FUNDING CORPORATION) is a Delaware corporation that has previously been served with (or waived service of) process in this action.

64.     Defendant SOVEREIGN BANK is a federal bank that has previously been served with (or waived service of) process in this action.

65.     Defendant UNITED MORTGAGE C.B., LLC. is a North Carolina company that has previously been served with (or waived service of) process in this action.

66.     Defendant WELLS FARGO BANK N.A. (f/k/a WELLS FARGO BANK, MN, N.A.) is a national bank that has previously been served with (or waived service of) process in this action.

67.     Defendant WENDOVER FINANCIAL SERVICES CORPORATION is a North Carolina corporation that has previously been served with (or waived service of) process in this action.

68.     Defendant UBS REAL ESTATE SECURITIES INC. (f/k/a PAINE WEBBER REAL ESTATE SECURITIES, INC.) is a Delaware corporation and can be served with legal process by serving Ramesh Singh, 1285 Avenue of the Americas, New York, New York 10019.

69.     Defendant EMPIRE FUNDING GRANTOR TRUST 1998-1 is a Delaware business trust and can be served with legal process by serving its trustee U.S. Bank National Association, 601 Second Ave. South, Minnesota MN 55402.

70.     Defendant EMPIRE FUNDING HOME LOAN OWNER TRUST 1999-1 is a Delaware business trust and can be served with legal process by serving Wilmington Trust Company, Rodney Square North 1100 N. Market Street, Wilmington, DE 19890.

71.     Defendant EMPIRE FUNDING GRANTOR TRUST 1999-1 Delaware business trust and can be served with legal process by serving its trustee U.S. Bank National Association, 601 Second Ave. South, Minnesota MN 55402.

72.     Defendant EMC MORTGAGE CORPORATION is a Delaware corporation and can be served with legal process by serving The Corporation Company, 120 South Central Avenue, Clayton, MO 63105.

73.     Defendant BAC HOME LOAN SERVICING, L.P. (f/k/a COUNTRYWIDE HOME LOAN SERVICING, L.P.) is a Texas Corporation and can be served with legal process by serving CT Corporation System, 350 N. St. Paul St., Ste. 2900, Dallas, TX 75201.

74.     Defendant CHASE HOME FINANCE LLC as successor by merger to CHASE MANHATTAN MORTGAGE CORPORATION is a Delaware Corporation and can be served with legal process by serving The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington DE 19801.

75.     Defendant is IMPAC REAL ESTATE ASSET TRUST SERIES 2006-SD1 is a

California trust and can be served by serving Officer or Person in Charge, Deutsche Bank National Trust Company (f/k/a Bankers Trust Company of CA, N.A.), 130 Liberty Street, New York, NY 10006.

76.     Defendant REAL TIME REOLUTIONS, INC. is a Texas corporation and can be served with legal process by serving C T Corporation System 120 South Central Avenue Clayton, MO 63105.

77.     Defendant WINGSPAN PORTFOLIO ADVISORS, LLC is a Texas corporation and can be served with legal process by serving Registered Agent Solutions, Inc., 3225 – A Emerald Lane, Jefferson City, MO 65109.

78.     Each of the Defendants named in paragraphs 23 through 77 above (collectively the "INVESTOR DEFENDANTS") purchased and/or is or was an owner, assignee (holder) of, and/or the trustee and/or servicer and/or agent of an entity, trust, fund or pool owning and/or holding one or more of the Second Mortgage Loans made to the PLAINTIFFS and the PLAINTIFF CLASS including, *inter alia*, the mortgages and servicing rights for the loans, which the INVESTOR ASSIGNEES thereafter held, owned and/or serviced, and which Second Mortgage Loans were originated and/or made by PREFERRED CREDIT (or a finder or broker on its behalf), all as is more particularly set forth below.

**The Doe Defendants**

79.     Defendants DOE 1 through 25 ("DOES 1-25") are the remaining owners, assignees (holders) and trusts, funds and/or pools, and the trustees and/or agents thereof, organized under various state laws, if any, that are yet to be named and whose identity will become known through discovery and/or by requests made by Plaintiffs or the members of the plaintiff class of their second mortgage servicers, after which such remaining assignees (holders)

and trusts, funds and pools, and the trustees and/or agents thereof, to the extent that they can be identified, will be added as individual and/or class representative defendants.

## The Assignee Defendants

80.     Each of the INVESTOR DEFENDANTS and DOES 1 through 25 (collectively, the "ASSIGNEE DEFENDANTS") is named as a Defendant both individually, in its capacity as an owner and/or assignee (holder) of, and/or the trustee and/or servicer and/or agent of an entity, trust, fund or pool owning or holding, the Second Mortgage Loans, and as a member and representative of every other member of the Defendant Class (as hereinafter defined), which includes the remaining owners and assignees (holders) of, and trustees and/or servicers, and/or agents of the entities, trusts, funds and pools owning and/or holding, said Second Mortgage Loans.

81.     The ASSIGNEE DEFENDANTS, individually and/or through their bank trustees or other trustees, servicers, and/or agents, purchased the Second Mortgage Loans that PREFERRED CREDIT made to PLAINTIFFS and the Plaintiff Class pursuant to one or more standing agreements and/or a course of business dealing with PREFERRED CREDIT and/or on a "secondary market" comprised of businesses like said ASSIGNEE DEFENDANTS and used the Second Mortgage Loans and the money streams they generated for purposes of investment, including use of the loans and money streams as collateral for notes that certain ASSIGNEE DEFENDANTS and their trustees and agents sold to the public.

82.     The existence of these agreements, course of dealing and "secondary market," and the capital that the ASSIGNEE DEFENDANTS provided to PREFERRED CREDIT by agreeing to repurchase the loans that it originated and made, enabled PREFERRED CREDIT to make the second mortgage home loans it was making in the first place, including the Missouri Second

Mortgage Loans at issue.

83.     Each of the ASSIGNEE DEFENDANTS is a "moneyed corporation" within the meaning of §516.420 Mo. Rev. Stat. in that the ASSIGNEE DEFENDANTS, and each of them, at all relevant times: (a) purchased and/or acquired the subject Second Mortgage Loans made by PREFERRED CREDIT, which originated and funded the loans in violation of Missouri law; (b) was so closely-connected to PREFERRED CREDIT, and/or were indirectly or directly involved in the making and origination of the loans, directly or through an affiliated entity, by virtue of certain business arrangements, that they should be deemed "moneyed corporations" too; (c) were engaged principally if not exclusively in the business of purchasing and/or acquiring residential mortgage loans and the money streams such loans generated in competition with banks, and used the loans for investment; and/or (d) are business enterprises engaged in the business of using money to make money, as alleged herein.

84.     The ASSIGNEE DEFENDANTS, upon information and belief, were partners with and/or principals or agents of PREFERRED CREDIT and/or one or more other entities and/or ASSIGNEE DEFENDANTS acting in concert with PREFERRED CREDIT, and/or were engaged in a joint venture and enterprise with PREFERRED CREDIT and/or said other entities, and/or a conspiracy with PREFERRED CREDIT and/or said other entities, to originate, exchange and exploit second mortgage loans from PREFERRED CREDIT's Missouri borrowers without regard to state law and applicable state law fee limitations, in that, among other things, the ASSIGNEE DEFENDANTS bound themselves by commitments and agreements and established relationships with PREFERRED CREDIT and/or the other entities in terms of origination and underwriting criteria, loan terms and fees, and funding arrangements, and/or were otherwise so closely connected, that they are jointly and severally liable for the losses arising from the

24

unlawful loans.

## Jurisdiction and Venue

85.     This Court has jurisdiction over each DEFENDANT since each transacted business, made contracts, committed torts and/or are or were assignees, trustees, servicers and/or agents of such entities and/or of the Second Mortgage Loans, and/or used or possessed an interest in real estate located within the state of Missouri, and/or are subject to process in this state, all as is herein alleged.

86.     PREFERRED CREDIT is subject to the jurisdiction of this Court either having a registered agent in and/or a continuous and systematic presence in or contacts with the State of Missouri, and/or pursuant to the provisions of §506.500 Mo. Rev. Stat. having further:

(a)     Transacted business within this state by virtue of its making numerous Second Mortgage Loans (as hereinafter defined) in this state;

(b)     Made contracts within this state by virtue of its making numerous Second Mortgage Loans in this state and the contracts made in conjunction with such Second Mortgage Loans;

(c)     Committed tortious acts within this state by virtue of its violations of Missouri's Second Mortgage Loan Act and/or its unlawful collection and conversion of monies in violation of such Act (including without limitation, continuing to collect illegal interest from the class members as more specifically set forth below); and

(d)     Used real estate situated in this state to illegally secure the Second Mortgage Loans that are the subject of this action.

87.     Each of the ASSIGNEE DEFENDANTS is subject to the jurisdiction of this Court, either having a registered agent in and/or a continuous and systematic presence in or contacts with the state of Missouri, and/or pursuant to the provisions of §506.500 Mo. Rev. Stat., having further, individually and/or through one or more trustees, servicers and/or agents:

(a)     Transacted business within this state individually and/or by virtue of being an assignee (holder) and/or the trustee, agent and/or servicer of an assignee of the Second Mortgage Loans (as herein defined) of PREFERRED CREDIT, by its direct or indirect involvement in the origination and making of the Second Mortgage Loans, and/or by virtue of it being a holder of and/or a trustee, agent and/or servicer of a holder of said Second Mortgage Loans and collecting the benefits of and amounts due under said Second Mortgage Loans from and/or within this state;

(b)     Made contracts within this state individually and/or by virtue of being an assignee (holder) or the trustee, agent and/or servicer of an assignee or holder of PREFERRED CREDIT and/or said Second Mortgage Loans, by its direct or indirect involvement in the origination and making of the Second Mortgage Loans and/or by being an intended secondary market purchaser of the Second Mortgage Loans after their closing;

(c)     Committed tortious acts within this state individually and/or by virtue of being an assignee (holder) and/or the trustee, agent and/or servicer of an assignee of PREFERRED CREDIT and/or the Second Mortgage Loans by virtue of its conduct in directly or indirectly charging, contracting for and/or receiving illegal fees in violation of the SMLA and Missouri law and continuing to do so, in their

collection and/or receipt of illegal fees and interest from PLAINTIFFS and the Plaintiff Class, and continuing to do so, and/or by its direct or indirect involvement in the origination and making of the Second Mortgage Loans, and/or by being an intended secondary market purchaser of the illegal Second Mortgage Loans after their closing, all as is more specifically set forth below; and

(d)     Used real estate situated in this state to secure the Second Mortgage Loans individually and/or by virtue of being an assignee (holder) or the trustee, agent and/or servicer of an assignee of PREFERRED CREDIT and/or the Second Mortgage Loans, and/or by virtue of its continuing capacity as the beneficiary of the deeds of trust and mortgages, or the trustee and/or agent for such beneficiaries, that secure the Second Mortgage Loans.

88.     Venue is proper in the Circuit Court of Clay County pursuant to the terms of §408.562 Mo. Rev. Stat. because one or more plaintiffs reside in that county and/or because the transactions complained of occurred in that county and pursuant to §407.025 Mo. Rev. Stat. and because one or more plaintiffs reside in that county and pursuant to §508.010 Mo. Rev. Stat. because the subject causes of action accrued in Clay County.

<strong><u>General Allegations</u></strong>

89.     PLAINTIFFS bring this action individually and as a class action on behalf of the statewide class of Missouri residential real estate owners or borrowers who obtained Second Mortgage Loans from PREFERRED CREDIT. "Second Mortgage Loans" are defined at §408.231 Mo. Rev. Stat. to mean "...a loan secured in whole or in part by a lien upon any interest in residential real estate created by a security instrument, including a mortgage, trust

27

deed, or other similar instrument or document ... which residential real estate is subject to one or more prior mortgage loans."

90.    "Residential real estate" is defined at §408.231.3 Mo. Rev. Stat., to mean "... any real estate used or intended to be used as a residence by not more than four families...."

91.    From and after six years prior to the original filing of this action and through the present time, PREFERRED CREDIT made Second Mortgage Loans to PLAINTIFFS and the members of the Plaintiff Class

92.    In each of the of the Second Mortgage Loans at issue, PREFERRED CREDIT received a promissory note from PLAINTIFFS and from the members of the Plaintiff Class (as hereinafter defined) and was named as the "Beneficiary" in a second mortgage deed of trust to secure the said Second Mortgage Loans.

93.    In connection with these Second Mortgage Loans, the rate of interest was unlawful, except for the lawful rate of interest permitted by Missouri's Second Mortgage Loans Act, and in particular §408.233.1 Mo. Rev. Stat.

94.    In connection with these Second Mortgage Loans PREFERRED CREDIT contracted for, charged and/or received, and the INVESTOR and ASSIGNEE DEFENDANTS contracted for, charged and/or received fees that violated Missouri's Second Mortgage Loans Act.    In particular, PREFERRED CREDIT contracted for, charged and/or received and PREFERRED CREDIT and the INVESTOR and ASSIGNEE DEFENDANTS contracted for, charged and/or received, what PREFERRED CREDIT disclosed to the Plaintiffs and class members to be fees that were either wholly prohibited by or in excess of that allowed by Missouri's Second Mortgage Loans Act, § 408.233.1 Mo. Rev. Stat. and/or other fees that were either not paid to third parties of the lender or were not permitted by or were in excess of those

permitted by Missouri's Second Mortgage Loans Act, § 408.233.1(3) Mo. Rev. Stat.

95.     These illegal settlement charges and fees were payable and paid at the time that the loans were funded and were added to the principal balance of the Second Mortgage Loan notes and on which amounts interest was charged, as it was charged on the entire principal balance of the notes.

96.     Most if not all of the Second Mortgage Loans that PREFERRED CREDIT made, and which any one or more of the ASSIGNEE DEFENDANTS purchased and received by assignment from PREFERRED CREDIT or another ASSIGNEE DEFENDANT, was a "high cost" mortgage within the meaning of 15 U.S.C.§ 1602(aa) having met the requirements of that statute as alleged herein.

97.     Since acquiring the loans, the ASSIGNEE DEFENDANTS, individually and/or through their trustees, agents and/or servicers, have directly and/or indirectly charged, contracted for, and/or received (and continue to charge, contract for, collect, or receive) payments of interest on the loans, as well as a portion of the origination and other fees that were rolled into and paid as a part of the loan amounts.

### The Gilmor Second Mortgage Loan

98.     On or about October 3, 1997, PREFERRED CREDIT loaned the GILMORS $40,000.00, to be repaid with interest at the yearly rate of 13.5% in consecutive monthly installments over a period of 15 years.

99.     The 13.5% rate charged was a lawful rate permitted in §408.232.1, but it was otherwise "unlawful" without regard to the rate permitted in §408.232.1. The Annual Percentage Rate (APR) for the loan was 15.752%.

100.    To secure repayment of their note, the GILMORS were required to and did execute a deed of trust for the benefit of PREFERRED CREDIT.  The deed of trust granted PREFERRED CREDIT a security lien in residential real estate as defined at §408.231 Mo. Rev. Stat. and was subject to one or more prior mortgage loans.

101.    In connection with this Second Mortgage Loan, PREFERRED CREDIT charged the following fees payable at closing, each of which was an illegal settlement charge, in violation of Missouri's Second Mortgage Loans Act (§408.231.1 Mo. Rev. Stat.):

| | |
|---|---|
| Origination Fee to PREFERRED CREDIT | $3,200.00 |
| Loan Processing Fee to PREFERRED CREDIT | 395.00 |
| Underwriting Fee to PREFERRED CREDIT | 125.00 |
| Administration Fee/Document Fee to PREFERRED CREDIT | 500.00 |
| Signing Fees to PREFERRED CREDIT | 150.00 |

102.    The GILMORS incurred these Origination fees and other fees when the loan was funded by financing such over the life of the loan, as evidenced by the fact that such charges were included in the principal balance of the note.

103.    At some point after PREFERRED CREDIT made the above second mortgage loan to the GILMORS, the loan was subsequently sold and assigned to and/or serviced by one or more of the other ASSIGNEE DEFENDANTS.

104.    Any or all of the above fees that PREFERRED CREDIT and/or any of the ASSIGNEE DEFENDANTS charged, contracted for and/or received from the GILMORS was an illegal settlement charge, in violation of Missouri's Second Mortgage Loans Act (§408.233.1 Mo. Rev. Stat. et seq.), in that, among other things, (a) the loan origination fee 0exceeded that which PREFERRED CREDIT could lawfully contract for, charge, and/or receive; and/or (b) PREFERRED CREDIT was prohibited by §408.233.1 from charging, contracting for, and/or receiving from the GILMORS any loan processing, underwriting, administration/document ,

30

and/or signing fees.

105.    Since September 1997, the GILMORS made all of the monthly payments due under their second mortgage loan, paying the same to PREFERRED CREDIT and/or to any one or more ASSIGNEE DEFENDANTS that purchased and/or acquired the loan, and/or that serviced and handled the loan as an agent on behalf of others, including but not limited to DEFENDANTS IMPAC FUNDING CORPORATION, WENDOVER FINANCIAL SERVICES, and its trustees.

106.    The Gilmors continued to make monthly payments on their loan until June 2001, when they paid it off, and the ASSIGNEE DEFENDANTS that purchased and/or acquired the loan, and/or that serviced and handled the loan as an agent on behalf of others, continued to charge and receive the monthly payments through that date.

107.    The second mortgage loan that PREFERRED CREDIT made to the GILMORS and which any one or more of the ASSIGNEE DEFENDANTS purchased and received by assignment from PREFERRED CREDIT or an intervening purchaser-assignee was a "high-cost" mortgage within the meaning of 15 U.S.C. § 1602(aa) in that the Annual Percentage Rate (APR) for the loan and/or the total points and fees payable by the GILMORS at or before closing met the applicable APR and/or Points and Fees Triggers.

### The Harris Second Mortgage Loan

108.    On or about August 12, 1997, PREFERRED CREDIT loaned the HARRISES $45,000.00, to be repaid with interest at the yearly rate of 13.99% in consecutive monthly installments over a period of 15 years.

109.    The 13.99% rate charged was a lawful rate permitted in §408.232.1, but it was otherwise "unlawful" without regard to the rate permitted in §408.232.1. The Annual Percentage

31

Rate (APR) for the loan was 16.655%.

110. To secure repayment of their note, the HARRISES were required to and did execute a deed of trust for the benefit of PREFERRED CREDIT. The deed of trust granted PREFERRED CREDIT a security lien in Residential real estate as defined at §408.231 Mo. Rev. Stat. and was subject to one or more prior mortgage loans.

111. In connection with this Second Mortgage Loan, PREFERRED CREDIT charged the following fees payable at closing and each of which was an illegal settlement charge, in violation of Missouri's Second Mortgage Loans Act (§408.231.1 Mo. Rev. Stat.):

| | |
|---|---|
| Mortgage Broker Fee | $ 900.00 |
| Loan Processing Fee | 395.00 |
| Underwriting Fee | 125.00 |
| Administration Fee/Document Fee | 500.00 |
| Review/Signing Fee | 210.00 |
| Processing/Administration Fee | 3,275.00 |

112. The HARRISES incurred these fees when the loan was funded by financing such over the life of the loan, as evidenced by the fact that such charges were included in the principal balance of the note.

113. At some point after PREFERRED CREDIT made the above second mortgage loan to the HARRISES, the loan was subsequently sold and assigned to and/or serviced by one or more of the other ASSIGNEE DEFENDANTS.

114. Any or all of the above fees that PREFERRED CREDIT and/or any of the ASSIGNEE DEFENDANTS charged, contracted for and/or received from the HARRISES was an illegal settlement charge, in violation of Missouri's Second Mortgage Loans Act (§408.233.1 Mo. Rev. Stat. et seq.), in that, among other things, (a) any or all of these fees exceeded that which PREFERRED CREDIT could lawfully contract for, charge, and/or receive; and/or (b)

PREFERRED CREDIT was prohibited by §408.233.1 from charging, contracting for, and/or receiving from the HARRISES any mortgage broker fee, loan processing, underwriting, administration/document, review/signing, and processing fees.

115.    Since September 1997, the HARRISES have made all of the monthly payments due under their second mortgage loan, paying the same to PREFERRED CREDIT and/or any one or more ASSIGNEE DEFENDANTS that purchased and/or acquired the loan, and/or that serviced and handled the loan as an agent on behalf of others, including but not limited to DEFENDANTS IMPAC FUNDING CORPORATION, IMPAC SECURED ASSETS CORPORATION, IMPAC SECURED ASSETS CMN TRUST SERIES 1998-1, WENDOVER FINANCIAL SERVICES, and DEUTSCHE BANK NATIONAL TRUST COMPANY (f/k/a BANKERS TRUST COMPANY OF CALIFORNIA, NA and WTC, its co-trustees.

116.    The HARRISES continue to make monthly payments on their loan to this day and the ASSIGNEE DEFENDANTS that purchased and/or acquired the loan, and/or that serviced and handled the loan as an agent on behalf of others, continue to charge and receive the monthly payments.

117.    The second mortgage loan that PREFERRED CREDIT made to the HARRISES and which any one or more of the ASSIGNEE DEFENDANTS purchased and received by assignment from PREFERRED CREDIT or an intervening purchaser-assignee was a "high-cost" mortgage within the meaning of 15 U.S.C. § 1602(aa) in that the Annual Percentage Rate (APR) for the loan and/or the total points and fees payable by the HARRISES at or before closing met the applicable APR and/or Points and Fees Triggers.

### The Parvin Second Mortgage Loan

118.    On or about June 11, 1997, PREFERRED CREDIT loaned PARVIN $20,000.00,

to be repaid with interest at the yearly rate of 13.99% in consecutive monthly installments over a period of 15 years.

119.    The 13.99% rate charged was a lawful rate permitted in §408.232.1, but it was otherwise "unlawful" without regard to the rate permitted in §408.232.1. The Annual Percentage Rate (APR) for the loan was 15.06%.

120.    To secure repayment of his note, PARVIN was required to and did execute a deed of trust for the benefit of PREFERRED CREDIT. The deed of trust granted PREFERRED CREDIT a security lien in residential real estate as defined at §408.231 Mo. Rev. Stat. and was subject to one or more prior mortgage loans.

121.    In connection with this Second Mortgage Loan, PREFERRED CREDIT charged the following fees payable at closing and each of which was an illegal settlement charge, in violation of Missouri's Second Mortgage Loans Act (§408.231.1 Mo. Rev. Stat.):

| | |
|---|---|
| Mortgage Broker Fee | $  400.00 |
| Document Fee to PREFERRED CREDIT | 125.00 |
| Loan Processing Fee to PREFERRED CREDIT | 395.00 |
| Underwriting Fee to PREFERRED CREDIT | 125.00 |
| Sub-Escrow/UPS/Application Fee | 190.00 |
| Processing/Administration Fee | 1,488.42 |
| Signing Fee to PREFERRED CREDIT | 150.00 |

122.    PARVIN incurred these fees when the loan was funded by financing such over the life of the loan, as evidenced by the fact that such charges were included in the principal balance of the note.

123.    At some point after PREFERRED CREDIT made the above second mortgage loan to PARVIN, the loan was subsequently sold and assigned to and/or serviced by one or more of the other ASSIGNEE DEFENDANTS.

124.    Any or all of the above fees that PREFERRED CREDIT and/or any of the

ASSIGNEE DEFENDANTS charged, contracted for and/or received from PARVIN was an illegal settlement charge, in violation of Missouri's Second Mortgage Loans Act (§408.233.1 Mo. Rev. Stat. et seq.), in that, among other things, (a) any or all of these fees exceeded that which PREFERRED CREDIT could lawfully contract for, charge, and/or receive; and/or (b) PREFERRED CREDIT was prohibited by §408.233.1 from charging, contracting for, and/or receiving from PARVIN any document signing fee.

125.    Since September 1997, PARVIN has made all of the monthly payments due under his second mortgage loan, paying the same to PREFERRED CREDIT and/or to any one or more ASSIGNEE DEFENDANTS that purchased and/or acquired the loan, and/or that serviced and handled the loan as an agent on behalf of others, including but not limited to DEFENDANTS IMPAC FUNDING CORPORATION, IMPAC MORTGAGE HOLDINGS, INC., IMPAC MORTAGE HOLDINGS ASSET CORPORATION, IMPAC CMB TRUST SERIES 2000-1 and 2003-5, COUNTRYWIDE HOME LOANS, INC., and DEUTSCHE BANK NATIONAL TRUST COMPANY (f/k/a BANKERS TRUST COMPANY OF CALIFORNIA), DEUTSCHE BANK TRUST COMPANY AMERICAS (f/k/a BANKERS TRUST COMPANY) and WELLS FARGO BANK N.A. (f/k/a WELLS FARGO BANK, MN, N.A. its co-trustees.

126.    PARVIN continues to make monthly payments on his loan to this day and the ASSIGNEE DEFENDANTS that purchased and/or acquired the loan, and/or that serviced and handled the loan as an agent on behalf of others, continue to charge and receive the monthly payments.

127.    The second mortgage loan that PREFERRED CREDIT made to PARVIN and which any one or more of the ASSIGNEE DEFENDANTS purchased and received by

35

assignment from PREFERRED CREDIT or an intervening purchaser-assignee was a "high-cost" mortgage within the meaning of 15 U.S.C. § 1602(aa) in that the Annual Percentage Rate (APR) for the loan and/or the total points and fees payable by PARVIN at or before closing met the applicable APR and/or Points and Fees Triggers.

<u>**The Varns Second Mortgage Loan**</u>

128.    On or about August 28, 1997, PREFERRED CREDIT loaned the VARNSES $34,000.00, to be repaid with interest at the yearly rate of 12.5% in consecutive monthly installments over a period of 15 years.

129.    The 12.5% rate charged was a lawful rate permitted in §408.232.1, but it was otherwise "unlawful" without regard to the rate permitted in §408.232.1. The Annual Percentage Rate (APR) for the loan was 14.635%.

130.    To secure repayment of their note, the VARNSES were required to and did execute a deed of trust for the benefit of PREFERRED CREDIT. The deed of trust granted PREFERRED CREDIT a security lien in residential real estate as defined at §408.231 Mo. Rev. Stat. and was subject to one or more prior mortgage loans.

131.    In connection with this Second Mortgage Loan, PREFERRED CREDIT charged the following fees payable at closing and each of which was an illegal settlement charge, in violation of Missouri's Second Mortgage Loans Act (§408.231.1 Mo. Rev. Stat.):

| | |
|---|---|
| Origination Fee to PREFERRED CREDIT | $2,600.00 |
| Loan Processing Fee to PREFERRED CREDIT | 395.00 |
| Underwriting Fee to PREFERRED CREDIT | 125.00 |
| Administration Fee/Document Fee to PREFERRED CREDIT | 500.00 |
| Appraisal Fee PREFERRED CREDIT | 60.00 |
| Review/Signing Fees to PREFERRED CREDIT | 200.00 |

132.    The VARNSES incurred these fees when the loan was funded by financing such over the life of the loan, as evidenced by the fact that such charges were included in the principal balance of the note.

133.    At some point after PREFERRED CREDIT made the above second mortgage loan to the VARNSES, the loan was subsequently sold and assigned to and/or serviced by one or more of the other ASSIGNEE DEFENDANTS.

134.    Any or all of the above fees that PREFERRED CREDIT and/or any of the ASSIGNEE DEFENDANTS charged, contracted for and/or received from the VARNSES was an illegal settlement charge, in violation of Missouri's Second Mortgage Loans Act (§408.233.1 Mo. Rev. Stat. et seq.), in that, among other things, (a) the loan origination fee exceeded that which PREFERRED CREDIT could lawfully contract for, charge, and/or receive; and/or (b) PREFERRED CREDIT was prohibited by §408.233.1 from charging, contracting for, and/or receiving from the VARNSES any document signing fees.

135.    Since September 1997, the VARNSES have made all of the monthly payments due under their second mortgage loan, paying the same to PREFERRED CREDIT and/or to any one or more ASSIGNEE DEFENDANTS that purchased and/or acquired the loan, and/or that serviced and handled the loan as an agent on behalf of others, including but not limited to DEFENDANTS U.S. BANK, NATIONAL ASSOCIATION ND, LITTON LOAN SERVICING and DEUTSCHE BANK NATIONAL TRUST COMPANY (f/k/a BANKERS TRUST COMPANY OF CALIFORNIA), DEUTSCHE BANK TRUST COMPANY AMERICAS (f/k/a BANKERS TRUST COMPANY) and U.S. BANK, NATIONAL ASSOCIATION, its co-trustees.

136.    The VARNSES continue to make monthly payments on their loan to this day and

the ASSIGNEE DEFENDANTS that purchased and/or acquired the loan, and/or that serviced and handled the loan as an agent on behalf of others, continue to charge and receive the monthly payments.

137.    The second mortgage loan that PREFERRED CREDIT made to the VARNSES and which any one or more of the ASSIGNEE DEFENDANTS purchased and received by assignment from PREFERRED CREDIT or an intervening purchaser-assignee was a "high-cost" mortgage within the meaning of 15 U.S.C. § 1602(aa) in that the Annual Percentage Rate (APR) for the loan and/or the total points and fees payable by the VARNSES at or before closing met the applicable APR and/or Points and Fees Triggers.

### The Shipman Second Mortgage Loan

138.    On or about July 14, 1997, PREFERRED CREDIT loaned the SHIPMANS $35,000.00, to be repaid with interest at the yearly rate of 14.75% in consecutive monthly installments over a period of twenty (20) years.

139.    The 14.75% rate charged was a lawful rate permitted in § 408.232.1, but was otherwise "unlawful" without regard to the rate permitted in § 408.232.1.

140.    To secure repayment of their note, the SHIPMANS were required to and did execute a deed of trust for the benefit of PREFERRED CREDIT.  The deed of trust granted PREFERRED CREDIT a security lien in residential real estate as defined at § 408.231 Mo. Rev. Stat. and was subject to one or more prior mortgage loans.

141.    In connection with this Second Mortgage Loan, PREFERRED CREDIT charged, contracted for and/or received the following fees, each of which was an illegal settlement charge, in violation of Missouri's Second Mortgage Loans Act (§ 408.231.1 Mo. Rev. Stat.), including but not limited to:

| Mortgage Broker Fee | $ 315.00 |
| Document Preparation Fee to PREFERRED CREDIT | 125.00 |
| Loan Processing Fee to PREFERRED CREDIT | 395.00 |
| Underwriting Fee to PREFERRED CREDIT | 125.00 |

142.    The SHIPMANS incurred these fees when the loan was funded by financing such over the life of the loan, as evidenced by the fact that such charges were included in the principal balance of the note.

143.    At some point after PREFERRED CREDIT made the above second mortgage loan to the SHIPMANS, the loan was subsequently sold and assigned to and/or serviced by one or more of the other ASSIGNEE DEFENDANTS.

144.    Any or all of the above fees that PREFERRED CREDIT and/or any of the ASSIGNEE DEFENDANTS charged, contracted for and/or received from the SHIPMANS was an illegal settlement charge, in violation of Missouri's Second Mortgage Loans Act (§ 408.231.1 Mo. Rev. Stat.), in that, among other things, PREFERRED CREDIT was prohibited by § 408.231.3 from charging, contracting for, and/or receiving from the SHIPMANS any of the stated fees.

145.    The SHIPMANS made monthly payments due under their second mortgage loan, paying the same to PREFERRED CREDIT and/or to any one or more ASSIGNEE DEFENDANTS that purchased, acquired and/or serviced the loan, including but not limited to SOVEREIGN BANK.

146.    The ASSIGNEE DEFENDANTS that purchased, acquired and/or serviced the loan continued to charge and receive the monthly payments.

147.    Upon information and belief, the second mortgage loan that PREFERRED CREDIT made to the SHIPMANS and which any one or more of the ASSIGNEE

DEFENDANTS purchased and received by assignment from PREFERRED CREDIT or an intervening purchaser-assignee was a "high-cost" mortgage within the meaning of 15 U.S.C. § 1602(aa) in that the Annual Percentage Rate (APR) for the loan and/or the total points and fees payable by the SHIPMANS at or before closing met the applicable APR and/or Points and Fees Triggers.

### The Jones Second Mortgage Loan

148.   On or about September 9, 1997, PREFERRED CREDIT loaned the JONESES $55,000.00, to be repaid with interest at the yearly rate of 12.99% in consecutive monthly installments over a period of fifteen (15) years.

149.   The 12.99% rate charged was a lawful rate permitted in § 408.232.1, but was otherwise "unlawful" without regard to the rate permitted in § 408.232.1.

150.   To secure repayment of their note, the JONESES were required to and did execute a deed of trust for the benefit of PREFERRED CREDIT.   The deed of trust granted PREFERRED CREDIT a security lien in residential real estate as defined at § 408.231 Mo. Rev. Stat. and was subject to one or more prior mortgage loans.

151.   Upon information and belief, and based upon the loan fees that PREFERRED CREDIT typically charged, contracted for and/or received in connection with Missouri Second Mortgage Loans, in connection with this Second Mortgage Loan, PREFERRED CREDIT charged, contracted for and/or received various loan fees from the JONESES.

152.   The JONSES incurred these fees when the loan was funded by financing such over the life of the loan, because, upon information and belief, and based upon the typical practice of PREFERRED CREDIT, such charges were included in the principal balance of the note.

153.     At some point after PREFERRED CREDIT made the above second mortgage loan to the JONESES, the loan was subsequently sold and assigned to and/or serviced by one or more of the other ASSIGNEE DEFENDANTS.

154.     Upon information and belief, and based upon the loan fees that PREFERRED CREDIT typically charged, contracted for and/or received in connection with Missouri Second Mortgage Loans, PREFERRED CREDIT and/or any of the ASSIGNEE DEFENDANTS charged, contracted for and/or received fees from the JONESES that were illegal settlement charges, in violation of Missouri's Second Mortgage Loans Act (§ 408.231.1 Mo. Rev. Stat.).

155.     The JONESES made monthly payments due under their second mortgage loan, paying the same to PREFERRED CREDIT and/or to any one or more ASSIGNEE DEFENDANTS that purchased, acquired and/or serviced the loan, including but not limited to Empire Funding Home Loan Owner Trust 1998-1 and Empire Funding Grantor Trust 1998-1.

156.     The ASSIGNEE DEFENDANTS that purchased, acquired and/or serviced the loan continued to charge and receive the monthly payments.

157.     Upon information and belief, the second mortgage loan that PREFERRED CREDIT made to the JONESES and which any one or more of the ASSIGNEE DEFENDANTS purchased and received by assignment from PREFERRED CREDIT or an intervening purchaser-assignee was a "high-cost" mortgage within the meaning of 15 U.S.C. § 1602(aa) in that the Annual Percentage Rate (APR) for the loan and/or the total points and fees payable by the JONESES at or before closing met the applicable APR and/or Points and Fees Triggers.

**The James Second Mortgage Loan**

158.     On or about August 7, 1997, PREFERRED CREDIT loaned the JAMESES $55,000.00, to be repaid with interest at the yearly rate of 13.99% in consecutive monthly

installments over a period of fifteen (15) years.

159.   The 13.99% rate charged was a lawful rate permitted in § 408.232.1, but was otherwise "unlawful" without regard to the rate permitted in § 408.232.1.

160.   To secure repayment of their note, the JAMESES were required to and did execute a deed of trust for the benefit of PREFERRED CREDIT.  The deed of trust granted PREFERRED CREDIT a security lien in residential real estate as defined at § 408.231 Mo. Rev. Stat. and was subject to one or more prior mortgage loans.

161.   Upon information and belief, and based upon the loan fees that PREFERRED CREDIT typically charged, contracted for and/or received in connection with Missouri Second Mortgage Loans, in connection with this Second Mortgage Loan, PREFERRED CREDIT charged, contracted for and/or received various loan fees from the JAMESES.

162.   The JAMESES incurred these fees when the loan was funded by financing such over the life of the loan, because, upon information and belief, and based upon the typical practice of PREFERRED CREDIT, such charges were included in the principal balance of the note.

163.   At some point after PREFERRED CREDIT made the above second mortgage loan to the JAMESES, the loan was subsequently sold and assigned to and/or serviced by one or more of the other ASSIGNEE DEFENDANTS.

164.   Upon information and belief, and based upon the loan fees that PREFERRED CREDIT typically charged, contracted for and/or received in connection with Missouri Second Mortgage Loans, PREFERRED CREDIT and/or any of the ASSIGNEE DEFENDANTS charged, contracted for and/or received fees from the JAMESES that were illegal settlement charges, in violation of Missouri's Second Mortgage Loans Act (§ 408.231.1 Mo. Rev. Stat.).

165. The JAMESES made monthly payments due under their second mortgage loan, paying the same to PREFERRED CREDIT and/or to any one or more ASSIGNEE DEFENDANTS that purchased, acquired and/or serviced the loan, including but not limited to Empire Funding Home Loan Owner Trust 1999-1 and Empire Funding Grantor Trust 1999-1.

166. The ASSIGNEE DEFENDANTS that purchased, acquired and/or serviced the loan continued to charge and receive the monthly payments.

167. Upon information and belief, the second mortgage loan that PREFERRED CREDIT made to the JAMESES and which any one or more of the ASSIGNEE DEFENDANTS purchased and received by assignment from PREFERRED CREDIT or an intervening purchaser-assignee was a "high-cost" mortgage within the meaning of 15 U.S.C. § 1602(aa) in that the Annual Percentage Rate (APR) for the loan and/or the total points and fees payable by the JAMESES at or before closing met the applicable APR and/or Points and Fees Triggers.

### The Schaefer Second Mortgage Loan

168. PREFERRED CREDIT loaned the SCHAEFERS money, to be repaid with interest in consecutive monthly installments over a period of time.

169. Upon information and belief, the interest rate charged was a lawful rate permitted in § 408.232.1, but was otherwise "unlawful" without regard to the rate permitted in § 408.232.1.

170. Upon information and belief, to secure repayment of their note, the SCHAEFERS were required to and did execute a deed of trust for the benefit of PREFERRED CREDIT. The deed of trust granted PREFERRED CREDIT a security lien in residential real estate as defined at § 408.231 Mo. Rev. Stat. and was subject to one or more prior mortgage loans.

171. Upon information and belief, and based upon the loan fees that PREFERRED CREDIT typically charged, contracted for and/or received in connection with Missouri Second

Mortgage Loans, in connection with this Second Mortgage Loan, PREFERRED CREDIT charged, contracted for and/or received various loan fees from the SCHAEFERS.

172. The SCHAEFERS incurred these fees when the loan was funded by financing such over the life of the loan, because, upon information and belief, and based upon the typical practice of PREFERRED CREDIT, such charges were included in the principal balance of the note.

173. At some point after PREFERRED CREDIT made the above second mortgage loan to the SCHAEFERS, the loan was subsequently sold and assigned to and/or serviced by one or more of the other ASSIGNEE DEFENDANTS.

174. Upon information and belief, and based upon the loan fees that PREFERRED CREDIT typically charged, contracted for and/or received in connection with Missouri Second Mortgage Loans, PREFERRED CREDIT and/or any of the ASSIGNEE DEFENDANTS charged, contracted for and/or received fees from the SCHAEFERS that were illegal settlement charges, in violation of Missouri's Second Mortgage Loans Act (§ 408.231.1 Mo. Rev. Stat.).

175. The SCHAEFERS made monthly payments due under their second mortgage loan, paying the same to PREFERRED CREDIT and/or to any one or more ASSIGNEE DEFENDANTS that purchased, acquired and/or serviced the loan, including but not limited to PREFERRED MORTGAGE TRUST 1996-1 and CHASE HOME FINANCE LLC.

176. The ASSIGNEE DEFENDANTS that purchased, acquired and/or serviced the loan continued to charge and receive the monthly payments.

177. Upon information and belief, the second mortgage loan that PREFERRED CREDIT made to the SCHAEFERS and which any one or more of the ASSIGNEE DEFENDANTS purchased and received by assignment from PREFERRED CREDIT or an

intervening purchaser-assignee was a "high-cost" mortgage within the meaning of 15 U.S.C. § 1602(aa) in that the Annual Percentage Rate (APR) for the loan and/or the total points and fees payable by the SCHAEFERS at or before closing met the applicable APR and/or Points and Fees Triggers.

### The Warkentien Second Mortgage Loan

178. Upon information and belief, on or about January 20, 1997, PREFERRED CREDIT loaned the WARKENTIENS $35,000.00, to be repaid with interest in consecutive monthly installments over a period of time.

179. Upon information and belief, the interest rate charged was a lawful rate permitted in § 408.232.1, but was otherwise "unlawful" without regard to the rate permitted in § 408.232.1.

180. Upon information and belief, to secure repayment of their note, the WARKENTIENS were required to and did execute a deed of trust for the benefit of PREFERRED CREDIT. The deed of trust granted PREFERRED CREDIT a security lien in residential real estate as defined at § 408.231 Mo. Rev. Stat. and was subject to one or more prior mortgage loans.

181. Upon information and belief, and based upon the loan fees that PREFERRED CREDIT typically charged, contracted for and/or received in connection with Missouri Second Mortgage Loans, in connection with this Second Mortgage Loan, PREFERRED CREDIT charged, contracted for and/or received various loan fees from the WARKENTIENS.

182. The WARKENTIENS incurred these fees when the loan was funded by financing such over the life of the loan, because upon information and belief, and based upon the typical practice of PREFERRED CREDIT, such charges were included in the principal balance of the note.

45

183.    At some point after PREFERRED CREDIT made the above second mortgage loan to the WARKENTIENS, the loan was subsequently sold and assigned to and/or serviced by one or more of the other ASSIGNEE DEFENDANTS.

184.    Upon information and belief, and based upon the loan fees that PREFERRED CREDIT typically charged, contracted for and/or received in connection with Missouri Second Mortgage Loans, PREFERRED CREDIT and/or any of the ASSIGNEE DEFENDANTS charged, contracted for and/or received fees from the WARKENTIENS that were illegal settlement charges, in violation of Missouri's Second Mortgage Loans Act (§ 408.231.1 Mo. Rev. Stat.).

185.    The WARKENTIENS made monthly payments due under their second mortgage loan, paying the same to PREFERRED CREDIT and/or to any one or more ASSIGNEE DEFENDANTS that purchased, acquired and/or serviced the loan, including but not limited to Preferred Mortgage Trust 1996-2 and Chase Home Finance LLC.

186.    The ASSIGNEE DEFENDANTS that purchased, acquired and/or serviced the loan continued to charge and receive the monthly payments.

187.    Upon information and belief, the second mortgage loan that PREFERRED CREDIT made to the WARKENTIENS and which any one or more of the ASSIGNEE DEFENDANTS purchased and received by assignment from PREFERRED CREDIT or an intervening purchaser-assignee was a "high-cost" mortgage within the meaning of 15 U.S.C. § 1602(aa) in that the Annual Percentage Rate (APR) for the loan and/or the total points and fees payable by the WARKENTIENS at or before closing met the applicable APR and/or Points and Fees Triggers.

**The Rumans Second Mortgage Loan**

188.    On or about February 24, 1997, PREFERRED CREDIT loaned the RUMANS

$50,000.00, to be repaid with interest at the yearly rate of 14.99% in consecutive monthly installments over a period of fifteen (15) years.

189.    The 14.99% rate charged was a lawful rate permitted in § 408.232.1, but was otherwise "unlawful" without regard to the rate permitted in § 408.232.1.

190.    To secure repayment of their note, the RUMANS were required to and did execute a deed of trust for the benefit of PREFERRED CREDIT.  The deed of trust granted PREFERRED CREDIT a security lien in residential real estate as defined at § 408.231 Mo. Rev. Stat. and was subject to one or more prior mortgage loans.

191.    In connection with this Second Mortgage Loan, PREFERRED CREDIT charged, contracted for and/or received the following fees, each of which was an illegal settlement charge, in violation of Missouri's Second Mortgage Loans Act (§ 408.231.1 Mo. Rev. Stat.), including but not limited to:

| | |
|---|---|
| Mortgage Broker Fee | $5,000.00 |
| Document Preparation Fee to PREFERRED CREDIT | 125.00 |
| Loan Processing Fee to PREFERRED CREDIT | 395.00 |
| Underwriting Fee to PREFERRED CREDIT | 125.00 |
| Sub-Escrow/UPS/Application Fee | 190.00 |
| Doc Signing Fee to PREFERRED CREDIT | 175.00 |
| Processing Fee to PREFERRED CREDIT | 295.00 |

192.    The RUMANS incurred these fees when the loan was funded by financing such over the life of the loan, as evidenced by the fact that such charges were included in the principal balance of the note.

193.    At some point after PREFERRED CREDIT made the above second mortgage loan to the RUMANS, the loan was subsequently sold and assigned to and/or serviced by one or more of the other ASSIGNEE DEFENDANTS.

194.    Any or all of the above fees that PREFERRED CREDIT and/or any of the

47

ASSIGNEE DEFENDANTS charged, contracted for and/or received from the RUMANS was an illegal settlement charge, in violation of Missouri's Second Mortgage Loans Act (§ 408.231.1 Mo. Rev. Stat.), in that, among other things, PREFERRED CREDIT was prohibited by § 408.231.3 from charging, contracting for, and/or receiving from the RUMANS any of the stated fees.

195.    The RUMANS made monthly payments due under their second mortgage loan, paying the same to PREFERRED CREDIT and/or to any one or more ASSIGNEE DEFENDANTS that purchased, acquired and/or serviced the loan, including but not limited to Credit-Suisse First Boston Mortgage Securities Corp., Preferred Credit Trust 1997-1, and Chase Home Finance LLC.

196.    The ASSIGNEE DEFENDANTS that purchased, acquired and/or serviced the loan continued to charge and receive the monthly payments.

197.    Upon information and belief, the second mortgage loan that PREFERRED CREDIT made to the RUMANS and which any one or more of the ASSIGNEE DEFENDANTS purchased and received by assignment from PREFERRED CREDIT or an intervening purchaser-assignee was a "high-cost" mortgage within the meaning of 15 U.S.C. § 1602(aa) in that the Annual Percentage Rate (APR) for the loan and/or the total points and fees payable by the RUMANS at or before closing met the applicable APR and/or Points and Fees Triggers.

### The Worthy Second Mortgage Loan

198.    On or about July 14, 1997, PREFERRED CREDIT loaned WORTHY $45,000.00, to be repaid with interest at the yearly rate of 13.99% in consecutive monthly installments over a period of twenty (20) years.

199.    The 13.99% rate charged was a lawful rate permitted in § 408.232.1, but was

otherwise "unlawful" without regard to the rate permitted in § 408.232.1.

200.    To secure repayment of her note, WORTHY was required to and did execute a deed of trust for the benefit of PREFERRED CREDIT. The deed of trust granted PREFERRED CREDIT a security lien in residential real estate as defined at § 408.231 Mo. Rev. Stat. and was subject to one or more prior mortgage loans.

201.    In connection with this Second Mortgage Loan, PREFERRED CREDIT charged, contracted for and/or received the following fees, each of which was an illegal settlement charge, in violation of Missouri's Second Mortgage Loans Act (§ 408.231.1 Mo. Rev. Stat.), including but not limited to:

| | |
|---|---|
| Mortgage Broker Fee | $ 900.00 |
| Document Preparation Fee | $ 125.00 |
| Loan Processing Fee | $ 395.00 |
| Underwriting Fee | $ 125.00 |
| Sub Escrow Fee | $ 375.00 |

202.    WORTHY incurred these fees when the loan was funded by financing such over the life of the loan, as evidenced by the fact that such charges were included in the principal balance of the note.

203.    At some point after PREFERRED CREDIT made the above second mortgage loan to WORTHY, the loan was subsequently sold and assigned to and/or serviced by one or more of the other ASSIGNEE DEFENDANTS.

204.    Any or all of the above fees that PREFERRED CREDIT and/or any of the ASSIGNEE DEFENDANTS charged, contracted for and/or received from WORTHY was an illegal settlement charge, in violation of Missouri's Second Mortgage Loans Act (§ 408.231.1 Mo. Rev. Stat.), in that, among other things, PREFERRED CREDIT was prohibited by § 408.231.3 from charging, contracting for, and/or receiving from WORTHY any of the stated fees.

205.     WORTHY made monthly payments due under her second mortgage loan, paying the same to PREFERRED CREDIT and/or to any one or more ASSIGNEE DEFENDANTS that purchased, acquired and/or serviced the loan, including but not limited to IMPAC FUNDING CORPORATION, IMPAC MORTGAGE HOLDINGS, INC., IMPAC MORTGAGE HOLDINGS ASSET CORP., IMPAC CMB TRUST SERIES 1999-2, AND IMPAC CMB TRUST SERIES 2003-5.

206.     The ASSIGNEE DEFENDANTS that purchased, acquired and/or serviced the loan continued to charge and receive the monthly payments.

207.     Upon information and belief, the second mortgage loan that PREFERRED CREDIT made to WORTHY and which any one or more of the ASSIGNEE DEFENDANTS purchased and received by assignment from PREFERRED CREDIT or an intervening purchaser-assignee was a "high-cost" mortgage within the meaning of 15 U.S.C. § 1602(aa) in that the Annual Percentage Rate (APR) for the loan and/or the total points and fees payable by WORTHY at or before closing met the applicable APR and/or Points and Fees Triggers.

**The Rockett Second Mortgage Loan**

208.     Upon information and belief, on or about June 25, 1997, PREFERRED CREDIT loaned the ROCKETTS $30,000.00, to be repaid with interest at the yearly rate of 12.99% in consecutive monthly installments over a period of ten (10) years.

209.     The 12.99% rate charged was a lawful rate permitted in § 408.232.1, but was otherwise "unlawful" without regard to the rate permitted in § 408.232.1.

210.     Upon information and belief, to secure repayment of their note, the ROCKETTS were required to and did execute a deed of trust for the benefit of PREFERRED CREDIT. The deed of trust granted PREFERRED CREDIT a security lien in residential real estate as defined at

50

§ 408.231 Mo. Rev. Stat. and was subject to one or more prior mortgage loans.

211. Upon information and belief, and based upon the loan fees that PREFERRED CREDIT typically charged, contracted for and/or received in connection with Missouri Second Mortgage Loans, in connection with this Second Mortgage Loan, PREFERRED CREDIT charged, contracted for and/or received various fees from the ROCKETTS.

212. The ROCKETTS incurred these fees when the loan was funded by financing such over the life of the loan, because upon information and belief, and based upon the typical practice of PREFERRED CREDIT, such charges were included in the principal balance of the note.

213. At some point after PREFERRED CREDIT made the above second mortgage loan to the ROCKETTS, the loan was subsequently sold and assigned to and/or serviced by one or more of the other ASSIGNEE DEFENDANTS.

214. Upon information and belief, and based upon the loan fees that PREFERRED CREDIT typically charged, contracted for and/or received in connection with Missouri Second Mortgage Loans, PREFERRED CREDIT and/or any of the ASSIGNEE DEFENDANTS charged, contracted for and/or received fees from the ROCKETTS that were illegal settlement charges, in violation of Missouri's Second Mortgage Loans Act (§ 408.231.1 Mo. Rev. Stat.).

215. The ROCKETTS made monthly payments due under their second mortgage loan, paying the same to PREFERRED CREDIT and/or to any one or more ASSIGNEE DEFENDANTS that purchased, acquired and/or serviced the loan, including but not limited to IMPAC FUNDING CORPORATION, IMPAC MORTGAGE HOLDINGS, INC., IMPAC MORTGAGE HOLDINGS ASSET CORP., IMPAC CMB TRUST SERIES 2000-2, AND WENDOVER FINANCIAL SERVICES.

216. The ASSIGNEE DEFENDANTS that purchased, acquired and/or serviced the

loan continued to charge and receive the monthly payments.

217.    Upon information and belief, the second mortgage loan that PREFERRED CREDIT made to the ROCKETTS and which any one or more of the ASSIGNEE DEFENDANTS purchased and received by assignment from PREFERRED CREDIT or an intervening purchaser-assignee was a "high-cost" mortgage within the meaning of 15 U.S.C. § 1602(aa) in that the Annual Percentage Rate (APR) for the loan and/or the total points and fees payable by the ROCKETTS at or before closing met the applicable APR and/or Points and Fees Triggers.

### The Hudson Second Mortgage Loan

218.    On or about August 29, 1997, PREFERRED CREDIT loaned the HUDSONS $44,500.00, to be repaid with interest at the yearly rate of 12.99% in consecutive monthly installments over a period of ten (10) years.

219.    The 12.99% rate charged was a lawful rate permitted in § 408.232.1, but was otherwise "unlawful" without regard to the rate permitted in § 408.232.1.

220.    To secure repayment of their note, the HUDSONS were required to and did execute a deed of trust for the benefit of PREFERRED CREDIT.  The deed of trust granted PREFERRED CREDIT a security lien in residential real estate as defined at § 408.231 Mo. Rev. Stat. and was subject to one or more prior mortgage loans.

221.    In connection with this Second Mortgage Loan, PREFERRED CREDIT charged, contracted for and/or received the following fees, each of which was an illegal settlement charge, in violation of Missouri's Second Mortgage Loans Act (§ 408.231.1 Mo. Rev. Stat.), including but not limited to:

Loan Processing Fee to PREFERRED CREDIT                    $  395.00

52

| Underwriting Fee to PREFERRED CREDIT | $ 125.00 |
| Administration Fee to PREFERRED CREDIT | $ 375.00 |
| Origination Fee to PREFERRED CREDIT | $3,560.00 |
| Loan Doc Fee to PREFERRED CREDIT | $ 125.00 |
| Signing/Review Fee to PREFERRED CREDIT | $ 210.00 |

222.    The HUDSONS incurred these fees when the loan was funded by financing such over the life of the loan, as evidenced by the fact that such charges were included in the principal balance of the note.

223.    At some point after PREFERRED CREDIT made the above second mortgage loan to the HUDSONS, the loan was subsequently sold and assigned to and/or serviced by one or more of the other ASSIGNEE DEFENDANTS.

224.    Any or all of the above fees that PREFERRED CREDIT and/or any of the ASSIGNEE DEFENDANTS charged, contracted for and/or received from the HUDSONS was an illegal settlement charge, in violation of Missouri's Second Mortgage Loans Act (§ 408.231.1 Mo. Rev. Stat.), in that, among other things, PREFERRED CREDIT was prohibited by § 408.231.3 from charging, contracting for, and/or receiving from the HUDSONS any of the stated fees.

225.    The HUDSONS made monthly payments due under their second mortgage loan, paying the same to PREFERRED CREDIT and/or to any one or more ASSIGNEE DEFENDANTS that purchased, acquired and/or serviced the loan, including but not limited to IMPAC FUNDING CORPORATION, IMPAC MORTGAGE HOLDINGS, INC., IMPAC MORTGAGE HOLDINGS ASSET CORP., IMPAC CMB TRUST SERIES 1999-1, AND IMPAC CMB TRUST SERIES 2001-4.

226.    The ASSIGNEE DEFENDANTS that purchased, acquired and/or serviced the loan continued to charge and receive the monthly payments.

227. Upon information and belief, the second mortgage loan that PREFERRED CREDIT made to the HUDSONS and which any one or more of the ASSIGNEE DEFENDANTS purchased and received by assignment from PREFERRED CREDIT or an intervening purchaser-assignee was a "high-cost" mortgage within the meaning of 15 U.S.C. § 1602(aa) in that the Annual Percentage Rate (APR) for the loan and/or the total points and fees payable by the HUDSONS at or before closing met the applicable APR and/or Points and Fees Triggers.

### The Woodward Second Mortgage Loan

228. On or about April 23, 1997, PREFERRED CREDIT loaned the WOODWARDS $50,000.00, to be repaid with interest at the yearly rate of 14.125% in consecutive monthly installments over a period of fifteen (15) years.

229. The 14.125% rate charged was a lawful rate permitted in § 408.232.1, but was otherwise "unlawful" without regard to the rate permitted in § 408.232.1.

230. To secure repayment of their note, the WOODWARDS were required to and did execute a deed of trust for the benefit of PREFERRED CREDIT. The deed of trust granted PREFERRED CREDIT a security lien in residential real estate as defined at § 408.231 Mo. Rev. Stat. and was subject to one or more prior mortgage loans.

231. In connection with this Second Mortgage Loan, PREFERRED CREDIT charged, contracted for and/or received the following fees, each of which was an illegal settlement charge, in violation of Missouri's Second Mortgage Loans Act (§ 408.231.1 Mo. Rev. Stat.), including but not limited to:

| | |
|---|---|
| Mortgage Broker Fee | $5,000.00 |
| Document Preparation Fee | 150.00 |
| Loan Processing Fee to PREFERRED CREDIT | 380.00 |
| Underwriting Fee | 175.00 |

54

232. The WOODWARDS incurred these fees when the loan was funded by financing such over the life of the loan, as evidenced by the fact that such charges were included in the principal balance of the note.

233. At some point after PREFERRED CREDIT made the above second mortgage loan to the WOODWARDS, the loan was subsequently sold and assigned to and/or serviced by one or more of the other ASSIGNEE DEFENDANTS.

234. Any or all of the above fees that PREFERRED CREDIT and/or any of the ASSIGNEE DEFENDANTS charged, contracted for and/or received from the WOODWARDS was an illegal settlement charge, in violation of Missouri's Second Mortgage Loans Act (§ 408.231.1 Mo. Rev. Stat.), in that, among other things, PREFERRED CREDIT was prohibited by § 408.231.3 from charging, contracting for, and/or receiving from the WOODWARDS any of the stated fees.

235. The WOODWARDS made monthly payments due under their second mortgage loan, paying the same to PREFERRED CREDIT and/or to any one or more ASSIGNEE DEFENDANTS that purchased, acquired and/or serviced the loan, including but not limited to IMPAC FUNDING CORPORATION and IMPAC CMB TRUST SERIES 2002-1.

236. The ASSIGNEE DEFENDANTS that purchased, acquired and/or serviced the loan continued to charge and receive the monthly payments.

237. Upon information and belief, the second mortgage loan that PREFERRED CREDIT made to the WOODWARDS and which any one or more of the ASSIGNEE DEFENDANTS purchased and received by assignment from PREFERRED CREDIT or an intervening purchaser-assignee was a "high-cost" mortgage within the meaning of 15 U.S.C. § 1602(aa) in that the Annual Percentage Rate (APR) for the loan and/or the total points and fees

payable by the WOODWARDS at or before closing met the applicable APR and/or Points and Fees Triggers.

### The Weathersby Second Mortgage Loan

238.  Upon information and belief, on or about September 8, 1997, PREFERRED CREDIT loaned WEATHERSBY $52,000.00, to be repaid with interest in consecutive monthly installments over a period of time.

239.  Upon information and belief, the interest rate charged was a lawful rate permitted in § 408.232.1, but was otherwise "unlawful" without regard to the rate permitted in § 408.232.1.

240.  Upon information and belief, to secure repayment of his note, WEATHERSBY was required to and did execute a deed of trust for the benefit of PREFERRED CREDIT. The deed of trust granted PREFERRED CREDIT a security lien in residential real estate as defined at § 408.231 Mo. Rev. Stat. and was subject to one or more prior mortgage loans.

241.  Upon information and belief, and based upon the loan fees that PREFERRED CREDIT typically charged, contracted for and/or received in connection with Missouri Second Mortgage Loans, in connection with this Second Mortgage Loan, PREFERRED CREDIT charged, contracted for and/or received various loan fees from WEATHERSBY.

242.  WEATHERSBY incurred these fees when the loan was funded by financing such over the life of the loan, because upon information and belief, and based upon the typical practice of PREFERRED CREDIT, such charges were included in the principal balance of the note.

243.  At some point after PREFERRED CREDIT made the above second mortgage loan to WEATHERSBY, the loan was subsequently sold and assigned to and/or serviced by one or more of the other ASSIGNEE DEFENDANTS.

244.  Upon information and belief, and based upon the loan fees that PREFERRED

CREDIT typically charged, contracted for and/or received in connection with Missouri Second Mortgage Loans, PREFERRED CREDIT and/or any of the ASSIGNEE DEFENDANTS charged, contracted for and/or received fees from WEATHERSBY that were illegal settlement charges, in violation of Missouri's Second Mortgage Loans Act (§ 408.231.1 Mo. Rev. Stat.).

245.    WEATHERSBY made monthly payments due under his second mortgage loan, paying the same to PREFERRED CREDIT and/or to any one or more ASSIGNEE DEFENDANTS that purchased, acquired and/or serviced the loan, including but not limited to IMPAC FUNDING CORPORATION, IMPAC SECURED ASSETS CORP., EMC MORTGAGE CORPORATION, and IMPAC REAL ESTATE ASSET TRUST SERIES 2006-SD1.

246.    The ASSIGNEE DEFENDANTS that purchased, acquired and/or serviced the loan continued to charge and receive the monthly payments.

247.    Upon information and belief, the second mortgage loan that PREFERRED CREDIT made to WEATHERSBY and which any one or more of the ASSIGNEE DEFENDANTS purchased and received by assignment from PREFERRED CREDIT or an intervening purchaser-assignee was a "high-cost" mortgage within the meaning of 15 U.S.C. § 1602(aa) in that the Annual Percentage Rate (APR) for the loan and/or the total points and fees payable by WEATHERSBY at or before closing met the applicable APR and/or Points and Fees Triggers.

### The Mooney Second Mortgage Loan

248.    Upon information and belief, on or about August 12, 1997, PREFERRED CREDIT loaned MOONEY $23,700.00, to be repaid with interest in consecutive monthly installments over a period of time.

57

249. Upon information and belief, the interest rate charged was a lawful rate permitted in § 408.232.1, but was otherwise "unlawful" without regard to the rate permitted in § 408.232.1.

250. Upon information and belief, to secure repayment of her note, MOONEY was required to and did execute a deed of trust for the benefit of PREFERRED CREDIT. The deed of trust granted PREFERRED CREDIT a security lien in residential real estate as defined at § 408.231 Mo. Rev. Stat. and was subject to one or more prior mortgage loans.

251. Upon information and belief, and based upon the loan fees that PREFERRED CREDIT typically charged, contracted for and/or received in connection with Missouri Second Mortgage Loans, in connection with this Second Mortgage Loan, PREFERRED CREDIT charged, contracted for and/or received various loan fees from MOONEY.

252. MOONEY incurred these fees when the loan was funded by financing such over the life of the loan, because, upon information and belief, and based upon the typical practice of PREFERRED CREDIT, such charges were included in the principal balance of the note.

253. At some point after PREFERRED CREDIT made the above second mortgage loan to MOONEY, the loan was subsequently sold and assigned to and/or serviced by one or more of the other ASSIGNEE DEFENDANTS.

254. Upon information and belief, and based upon the loan fees that PREFERRED CREDIT typically charged, contracted for and/or received in connection with Missouri Second Mortgage Loans, PREFERRED CREDIT and/or any of the ASSIGNEE DEFENDANTS charged, contracted for and/or received fees from MOONEY that were illegal settlement charges, in violation of Missouri's Second Mortgage Loans Act (§ 408.231.1 Mo. Rev. Stat.).

255. MOONEY made monthly payments due under her second mortgage loan, paying the same to PREFERRED CREDIT and/or to any one or more ASSIGNEE DEFENDANTS that

58

purchased, acquired and/or serviced the loan, including but not limited to IMPAC FUNDING CORPORATION, IMPAC SECURED ASSET CORP., IMPAC SECURED ASSETS CMN TRUST SERIES 1998-1, and WINGSPAN PORTFOLIO ADVISORS LLC.

256.    The ASSIGNEE DEFENDANTS that purchased, acquired and/or serviced the loan continued to charge and receive the monthly payments.

257.    Upon information and belief, the second mortgage loan that PREFERRED CREDIT made to MOONEY and which any one or more of the ASSIGNEE DEFENDANTS purchased and received by assignment from PREFERRED CREDIT or an intervening purchaser-assignee was a "high-cost" mortgage within the meaning of 15 U.S.C. § 1602(aa) in that the Annual Percentage Rate (APR) for the loan and/or the total points and fees payable by MOONEY at or before closing met the applicable APR and/or Points and Fees Triggers.

### The Black Second Mortgage Loan

258.    On or about July 14, 1998, PREFERRED CREDIT loaned the BLACKS $37,412.00, to be repaid with interest at the yearly rate of 12.99% in consecutive monthly installments over a period of fifteen (15) years.

259.    The 12.99% rate charged was a lawful rate permitted in § 408.232.1, but was otherwise "unlawful" without regard to the rate permitted in § 408.232.1.

260.    To secure repayment of their note, the BLACKS were required to and did execute a deed of trust for the benefit of PREFERRED CREDIT.    The deed of trust granted PREFERRED CREDIT a security lien in residential real estate as defined at § 408.231 Mo. Rev. Stat. and was subject to one or more prior mortgage loans.

261.    Upon information and belief, and based upon the loan fees that PREFERRED CREDIT typically charged, contracted for and/or received in connection with Missouri Second

Mortgage Loans, in connection with this Second Mortgage Loan, PREFERRED CREDIT charged, contracted for and/or received various loan fees from the BLACKS.

262. The BLACKS incurred these fees when the loan was funded by financing such over the life of the loan, because, upon information and belief, and based upon the typical practice of PREFERRED CREDIT, such charges were included in the principal balance of the note.

263. At some point after PREFERRED CREDIT made the above second mortgage loan to the BLACKS, the loan was subsequently sold and assigned to and/or serviced by one or more of the other ASSIGNEE DEFENDANTS.

264. Upon information and belief, and based upon the loan fees that PREFERRED CREDIT typically charged, contracted for and/or received in connection with Missouri Second Mortgage Loans, PREFERRED CREDIT and/or any of the ASSIGNEE DEFENDANTS charged, contracted for and/or received fees from the BLACKS that were illegal settlement charges, in violation of Missouri's Second Mortgage Loans Act (§ 408.231.1 Mo. Rev. Stat.).

265. The BLACKS made monthly payments due under their second mortgage loan, paying the same to PREFERRED CREDIT and/or to any one or more ASSIGNEE DEFENDANTS that purchased, acquired and/or serviced the loan, including but not limited to JPMORGAN CHASE BANK (f/k/a THE CHASE MANHATTAN BANK).

266. The ASSIGNEE DEFENDANTS that purchased, acquired and/or serviced the loan continued to charge and receive the monthly payments.

267. Upon information and belief, the second mortgage loan that PREFERRED CREDIT made to the BLACKS and which any one or more of the ASSIGNEE DEFENDANTS purchased and received by assignment from PREFERRED CREDIT or an intervening purchaser-

assignee was a "high-cost" mortgage within the meaning of 15 U.S.C. § 1602(aa) in that the Annual Percentage Rate (APR) for the loan and/or the total points and fees payable by the BLACKS at or before closing met the applicable APR and/or Points and Fees Triggers.

### Class Action for Violations of Missouri's Second Loans Act

### Plaintiff Class Action Allegations

268. This action is properly brought as a plaintiff class action under Mo. Rule 52.08. The Class consists of all persons who satisfy the following criteria:

(a) That obtained Second Mortgage Loans on Residential Real Estate from PREFERRED CREDIT within the meaning of Missouri's Second Mortgage Loans Act, §§408.231 et seq.; and

(b) That as part of that Second Mortgage Loan paid either an Origination Fee or paid fees that were either not bona fide or were not paid to third parties but were paid to the lender PREFERRED CREDIT or were not fees expressly set forth in §408.233.1 Mo. Rev. Stat., and all in violation of Missouri's Second Mortgage Loans Act.

269. The Class includes persons who entered into such loans within six years next before the original filing of this action ("SECOND MORTGAGE CLASS").

270. The particular members of the SECOND MORTGAGE CLASS are capable of being described without difficult managerial or administrative problems. The members of the SECOND MORTGAGE CLASS are readily identifiable from the information and records in the possession or control of PREFERRED CREDIT and/or the ASSIGNEE DEFENDANTS and/or the representatives or servicing agents of each.

271.     The SECOND MORTGAGE CLASS members are so numerous that individual joinder of all members is impractical.   This allegation is based on the fact that PREFERRED CREDIT made extensive Second Mortgage Loans in Missouri throughout this period.

272.     There are questions of law and fact common to the Class, which questions predominate over any questions affecting only individual members of THE SECOND MORTGAGE CLASS and, in fact, the wrongs suffered and remedies sought by PLAINTIFFS and the other members of THE SECOND MORTGAGE CLASS are identical, the only difference being the exact monetary amount to which each member of THE SECOND MORTGAGE CLASS is entitled.   The principal common issues are:

(a)     Whether PREFERRED CREDIT and the ASSIGNEE DEFENDANTS (individually, and as a Defendant class as defined below) violated §408.231 et seq. Mo. Rev. Stat. by directly or indirectly charging, contracting for, and/or receiving from PLAINTIFFS and the SECOND MORTGAGE CLASS the fees and charges and interest described above;

(b)     Whether PREFERRED CREDIT and the ASSIGNEE DEFENDANTS (individually, and as a defendant class as defined below) are barred under the provisions of §408.236 Mo. Rev. Stat. from the recovery of any interest under these Second Mortgage Loans and whether they are liable to return all past interest illegally received and should be enjoined from receiving any future interest;

(c)     Whether PREFERRED CREDIT and the ASSIGNEE DEFENDANTS (individually, and as a defendant class) are liable, in addition to the other civil remedies or penalties, for actual damages, together with punitive damages and

62

attorney's fees pursuant to §408.562 Mo. Rev. Stat.

273.     PLAINTIFFS' claims are typical of those of the members of the SECOND MORTGAGE CLASS and are based on the same legal and factual theories.

274.     PLAINTIFFS will fairly and adequately represent and protect the interests of the Class. They have suffered substantial economic injury in their own capacity from the practices complained of. They have retained counsel experienced in handling class actions and actions involving unlawful commercial practices. Neither PLAINTIFFS nor their counsel has any interests which might cause them not to vigorously pursue this action.

275.     Certification of a plaintiff class under Mo. Rule 52.08(b)(2) is appropriate as to PREFERRED CREDIT and the ASSIGNEE DEFENDANTS (individually, and as a defendant class), in that these defendants have (individually or as assignees or the trustees, servicers and/or agents of such assignees) illegally charged, contracted for, collected or received fees and interest on the Second Mortgage Loans and pursuant to §408.236 Mo. Rev. Stat. those defendants and each of them (and especially the holders of these Second Mortgage Notes and their trustees and servicers) should be enjoined from collecting any interest from these Second Mortgage Notes, and ordered to return any interest previously collected.

276.     Certification of a plaintiff class under Mo. Rule 52.08(b)(3) is also appropriate as to PREFERRED CREDIT and the ASSIGNEE DEFENDANTS (individually, and as a defendant class), in that common questions predominate over any individual questions and a plaintiff class action is superior for the fair and efficient adjudication of this controversy. A plaintiff class action will cause an orderly and expeditious administration of THE SECOND MORTGAGE CLASS' claims and economies of time, effort and expense will be fostered and uniformity of decisions will be insured. Moreover, the individual class members are likely to be

unaware of their rights and not in a position (either through experience or financially) to commence individual litigation against PREFERRED CREDIT and the ASSIGNEE DEFENDANTS.

**Defendants' Liability Under Missouri's Second Mortgage Loans Act**

277.     Each of the loans that PREFERRED CREDIT made to PLAINTIFFS and to the members of THE SECOND MORTGAGE CLASS constituted a "Second Mortgage Loan" within the meaning of §408.231 et seq. Mo. Rev. Stat.

278.     §408.233 Mo. Rev. Stat. provides in pertinent part as follows:

1.     No charge other than that permitted by section 408.232 shall be directly or indirectly charged, contracted for or received in connection with any Second Mortgage Loan, except as provided in this section:

* *

(3)     Bona Fide closing costs **paid to third parties**, which shall include:

(a)     Fees or premiums for title examination, title insurance, or similar purposes including survey;

(b)     Fees for preparation of a deed, settlement statement, or other documents;

(c)     Fees for notarizing deeds and other documents;

(d)     Appraisal fees; and

(e)     Fees for credit reports

* *

(5)     A nonrefundable origination fee not to exceed two percent of the principal… [increased to five percent by the 1998 amendment to the statute].

279.     PREFERRED CREDIT and the ASSIGNEE DEFENDANTS violated §408.233 Mo. Rev. Stat. by engaging in the following acts, methods or practices:

(a)     Charging, contracting for, or receiving, either directly or indirectly, fees that were

disclosed to the members of the SECOND MORTGAGE CLASS as

nonrefundable origination fees, which were not allowed by and/or were in excess
of the amounts allowed for such fees by the SMLA, including without limitation
§408.233.1(5);

(b)      Charging, contracting for, and/or receiving, either directly or indirectly, fees that
were (i) not allowed by the SMLA, including without limitation § 408.233.1; (ii)
fees not paid to third parties, but were instead paid to PREFERRED CREDIT, in
violation of § 408.233.1(3); and/or (iii) fees in excess of the amounts otherwise
permitted by the statute.

280.     Mo. Rev. Stat. §408.236 provides as follows:

Any person violating the provisions of sections 408.231 to 408.237 shall be barred from
recovery of any interest on the contract, except where such violation occurred either:

(1)    As a result of an accidental and bona fide error of computations; or

(2)    As a result of any acts done or omitted in reliance on a written interpretation of
       the provisions of sections 408.231 to 408.240 by the division of finance.

281.     The conduct of PREFERRED CREDIT and the ASSIGNEE DEFENDANTS
and the resulting statutory violations described above did not occur as a result of an accidental
and bona fide error of computation or as a result of any acts done or omitted in reliance on a
written interpretation of the provisions of § 408.231 to § 408.241 Mo. Rev. Stat. by the division
of finance; said conduct was, instead, intentional, willful, wanton and malicious, or otherwise
showed a complete indifference to and/or a conscious disregard of Missouri law and the rights of
PLAINTIFFS and every other member of THE SECOND MORTGAGE CLASS.

282.     As the purchasers and/or assignees and holders or as the trustees and/or agents
for the assignees and holders of the notes and deeds of trust given under the Second Mortgage
Loans by PLAINTIFFS and the members of the SECOND MORTGAGE CLASS, the

ASSIGNEE DEFENDANTS (individually, and as a defendant class, as hereinafter defined) are liable to PLAINTIFFS and the SECOND MORTGAGE CLASS, just as PREFERRED CREDIT is liable to PLAINTIFFS and the SECOND MORTGAGE CLASS in that (a) the ASSIGNEE DEFENDANTS are the assignees, directly or indirectly of PREFERRED CREDIT, and "stand in the shoes" of PREFERRED CREDIT; (b) the ASSIGNEE DEFENDANTS charged and received (and continue to charge and receive) illegal fees on the loans, together with the resulting illegal interest charges; and (c) the points and fees and/or Annual Percentage Rates (APRs) for the loans is such that the ASSIGNEE DEFENDANTS (individually, and as a defendant class) are liable to PLAINTIFFS and the SECOND MORTGAGE CLASS, just as PREFERRED CREDIT is liable.

283.    PREFERRED CREDIT and the ASSIGNEE DEFENDANTS (individually, and as a defendant class, as hereinafter defined) are derivatively and/or jointly and severally liable to PLAINTIFFS and the SECOND MORTGAGE CLASS for all of the unlawful fees and interest they have charged and/or received (or hereinafter charge or receive) under the Second Mortgage Loans, and any such fees and interest collected after the date of the filing of this action shall be additional evidence of the willful and malicious nature of and conscious disregard of the acts of PREFERRED CREDIT and the ASSIGNEE DEFENDANTS (individually, and as a defendant class, as hereinafter defined).

284.    As partners, joint venturers and/or conspirators of PREFERRED CREDIT and/or any one or more of the other entities and/or ASSIGNEE DEFENDANTS mentioned above (individually and as a defendant class as hereinafter defined), the ASSIGNEE DEFENDANTS are jointly and severally liable to PLAINTIFFS and the SECOND MORTGAGE CLASS for all of the unlawful fees and interest that PREFFERED CREDIT charged, contracted

for and/or received under the Second Mortgage Loans, and any such fees and interest collected after the date of the filing of this action shall be additional evidence of the willful and malicious nature of and conscious disregard of the acts of PREFFERED CREDIT and the ASSIGNEE DEFENDANTS (individually, and as a defendant class, as hereinafter defined).

285.     PREFERRED CREDIT and the ASSIGNEE DEFENDANTS (individually, and as a defendant class, as hereinafter defined) and each of them should be forever barred and enjoined, under §408.236 Mo. Rev. Stat. from collecting or recovering any fees and interest on the Second Mortgage Loans of PLAINTIFFS and the other members of the SECOND MORTGAGE CLASS for the reasons set out above.

286.     Mo. Rev. Stat. §408.562 provides as follows:

> In addition to any other remedies or penalties provided for by law, any person who suffers any loss of money or property as a result of any act, method or practice in violation of the provisions of sections 408.100 to 408.561 may bring an action in the circuit court of the county in which any of the defendants reside, in which the plaintiff resides, or in which the transaction complained of occurred to recover actual damages. The court may, in its discretion, award punitive damages and may award to the prevailing party in such action attorney's fees, based on the amount of time reasonably expended, and may provide such action attorney's fees, based on the amount of time reasonably expended, and may provide such equitable relief as it deems necessary and proper.

287.     As a result of the statutory violations described above, PLAINTIFFS and the other members of the SECOND MORTGAGE CLASS suffered a loss of money or property in that they were charged and paid and/or became obligated to pay loan fees that were not allowed by or in amounts greater than those allowed by Missouri law and were charged interest in violation of Missouri law.

288.     The conduct of PREFERRED CREDIT (and the ASSIGNEE DEFENDANTS by virtue of their status as assignees, trustees and/or servicers for the assignees) and the resulting

violations of Missouri law, were intentional, willful, wanton and malicious, or otherwise showed a complete indifference to or a conscious disregard of the rights of each PLAINTIFF and the other members of the SECOND MORTGAGE CLASS, including, without limitation, the fact that defendant, U.S. BANK NATIONAL ASSOCIATION as trustee over certain trusts holding loans originated by PREFERRED CREDIT, continued to collect interest after it knew of the violations of Missouri law, therefore entitling PLAINTIFFS and the SECOND MORTGAGE CLASS to punitive damages against the defendants and each of them in such amount as is fair and reasonable to punish defendants and to deter defendants and others from like conduct.

### Defendant Class Action Allegations

289.    This action is properly brought as a defendant class action under Mo. Rule 52.08. The defendant class ("THE DEFENDANT SECOND MORTGAGE CLASS") consists of all persons who satisfy the following criteria:

   (a)    Those persons or entities or their trustees, agents and/or servicers that received any interest from the Second Mortgage Loans of PLAINTIFFS or the SECOND MORTGAGE CLASS as a result of an assignment or transfer of such Second Mortgage Loans to the recipient of such interest or the trustee of such a recipient; or

   (b)    Those persons or entities or their trustees, agents and/or servicers that have held or now hold, by virtue of transfer or assignment or otherwise (including acting as trustee of such holder or assignee), the Second Mortgage Loans of PLAINTIFFS or the SECOND MORTGAGE CLASS.

290.    The particular members of THE DEFENDANT SECOND MORTGAGE CLASS are capable of being described without difficult managerial or administrative problems.

The members of THE DEFENDANT SECOND MORTGAGE CLASS are readily identifiable from the information and records in the possession or control of PREFERRED CREDIT and/or the representatives or servicing agents (or their trustee(s) or servicer(s)) of such Second Mortgage Loans or the assignees or holders (or their trustee(s) or servicer(s)) of such Second Mortgage Loans.

291.     Upon information and belief, THE DEFENDANT SECOND MORTGAGE CLASS members are so numerous that individual joinder of all members is impractical.  This allegation is based on the fact that PREFERRED CREDIT made extensive Second Mortgage Loans in Missouri throughout this period and those loans have since been assigned to a number of mortgage trusts or pools and may thereafter have been reassigned.

292.     There are questions of law and fact common to THE DEFENDANT SECOND MORTGAGE CLASS which questions predominate over any questions affecting only individual members of THE DEFENDANT SECOND MORTGAGE CLASS and, in fact, the wrongs alleged against THE DEFENDANT SECOND MORTGAGE CLASS and remedies sought by PLAINTIFFS and the other members of the SECOND MORTGAGE CLASS against the ASSIGNEE DEFENDANTS are identical, the only difference being the exact monetary amount to which each ASSIGNEE DEFENDANT is liable to the respective members of the SECOND MORTGAGE CLASS and the amount of interest that should be barred, enjoined and returned. The principal common issues are:

(a)     Whether THE DEFENDANT SECOND MORTGAGE CLASS is liable as a result of the violations by PREFERRED CREDIT of Missouri's Second Mortgage Loans Act and/or whether THE DEFENDANT SECOND MORTGAGE CLASS is entitled to assert any defenses to such violations notwithstanding their status as

an assignee of these notes;

(b)     Whether THE DEFENDANT SECOND MORTGAGE CLASS is barred under the provisions of §408.236 Mo. Rev. Stat. from the recovery of any interest under these Second Mortgage Loans and whether they are liable to return all past interest illegally received and should be enjoined from receiving any future interest; and

(c)     Whether THE DEFENDANT SECOND MORTGAGE CLASS is liable, in addition to the other civil remedies or penalties, for actual damages, together with punitive damages and attorney's fees pursuant to §408.562 Mo. Rev. Stat.

293.    The ASSIGNEE DEFENDANTS' defenses of THE SECOND MORTGAGE CLASS claims (which defenses are denied) are typical of those of the individual members of the DEFENDANT SECOND MORTGAGE CLASS and will be based on the same legal and factual theories.

294.    Any one of the ASSIGNEE DEFENDANTS, as the owner/assignee/holder or representative trustee and/or servicer (including U.S. BANK as the representative trustee of a number of the assignees and holders of these Second Mortgages) of the remaining assignees, holders, trustees and/or servicers of the Second Mortgage Loans, will fairly and adequately represent and protect the interests of THE DEFENDANT SECOND MORTGAGE CLASS. Each of the ASSIGNEE DEFENDANTS will undoubtedly retain counsel experienced in defending class actions and actions involving unlawful commercial practices. Said defendants do not, based upon information and belief, have any interests which might cause them not to vigorously defend this action.

295.    Certification of a defendant class under Mo. Rule 52.08(b)(2) is appropriate as to the ASSIGNEE DEFENDANTS, in that these defendants, as assignees and/or holders (or their

trustees) of the Second Mortgage Loans from PREFERRED CREDIT have illegally collected fees and interest on these Second Mortgage Loans and as holders (or their trustees) of the said notes will continue to collect interest, contrary to §408.236 Mo. Rev. Stat., and those defendants and each of them (and especially the holders of these Second Mortgage Notes) should be enjoined from collecting any interest from those Second Mortgage Notes and ordered to return any interest previously collected.

296.    Certification of a defendant class under Mo. Rule 52.08(b)(3) is also appropriate as to the ASSIGNEE DEFENDANTS in that common questions predominate over any individual questions and a defendant class action is superior for the fair and efficient adjudication of this controversy.  A defendant class action will cause an orderly and expeditious administration of THE DEFENDANT SECOND MORTGAGE CLASS defenses, if any, and economies of time, effort and expenses will be fostered and uniformity of decisions will be insured.

### Prayer for Relief

WHEREFORE, PLAINTIFFS, individually and on behalf of themselves and all members of THE SECOND MORTGAGE CLASS, pray for judgment against defendants PREFERRED CREDIT and the ASSIGNEE DEFENDANTS and THE DEFENDANT SECOND MORTGAGE CLASS and each of them, as follows:

(a)    For the continued certification allowing that this action may be maintained as class action under Mo. Rule 52.08, appointing PLAINTIFFS and their counsel to represent the SECOND MORTGAGE CLASS, and directing that reasonable notice of this action be given to all other members of the SECOND MORTGAGE CLASS;

(b)    For an order certifying that this action may be maintained as a defendant class under Mo. Rule 52.08, appointing US BANK and any other named ASSIGNEE DEFENDANT

to represent THE DEFENDANT SECOND MORTGAGE CLASS, and directing that reasonable notice of this action be given to all other members of THE DEFENDANT SECOND MORTGAGE CLASS;

(c)     For a permanent injunction enjoining defendants PREFERRED CREDIT and the ASSIGNEE DEFENDANTS and THE DEFENDANT SECOND MORTGAGE CLASS, together with their officers, directors, employees, agents, partners or representatives, successors and any and all persons acting in concert, including their loan servicers and loan servicing agents, from directly or indirectly engaging in the wrongful acts and practices described above for the benefit of PLAINTIFFS and the SECOND MORTGAGE CLASS;

(d)     For an order directing disgorgement or restitution of all improperly collected charges and the imposition of an equitable constructive trust over such amounts for the benefit of PLAINTIFFS and other members of the SECOND MORTGAGE CLASS;

(e)     For a declaration that PLAINTIFFS and other members of the SECOND MORTGAGE CLASS have a right to rescind their loan transactions, and/or a right to offset any illegal fees and interest paid against the principal amounts due on the loans if they exercise their right to rescind, and an order directing PREFERRED CREDIT and the ASSIGNEE DEFENDANTS and THE DEFENDANT SECOND MORTGAGE CLASS to inform PLAINTIFFS and other members of the SECOND MORTGAGE CLASS of these rights;

(f)     For actual damages to be proven at the time of trial, including a repayment of all interest paid on these Second Mortgage Loans and all illegal fees;

(g)     For punitive damages as are fair and reasonable to punish Defendants and to deter Defendants and others from like conduct;

(h)     For reasonable attorneys' fees as provided by law and statute;

72

(i)      For pre-and post-judgment interest as provided by law in amount according to proof at trial;

(j)      For an award of costs and expenses incurred in this action; and

(k)      For such other and further relief as the Court may deem necessary and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury in the above-captioned civil action on all issues so triable.

Dated: April 25, 2011        Respectfully submitted,

WALTERS BENDER STROHBEHN
& VAUGHAN, P.C.

By:   */s/ Kip D. Richards*
     R. Frederick Walters - Mo. Bar 25069
     J. Michael Vaughan Mo. Bar 24989
     Kip D. Richards - Mo. Bar 39743
     David M. Skeens -Mo. Bar 35728
     Karen W. Renwick – Mo. Bar 41271
     Garrett M. Hodes - Mo. Bar 50221
     Matthew R. Crimmins - Mo. Bar 53138
     Bruce V. Nguyen – Mo. Bar 52893
     2500 City Center Square
     1100 Main Street
     P.O. Box 26188
     Kansas City, MO 64196
     (816) 421-6620
     (816) 421-4747 (Facsimile)
     ATTORNEYS FOR PLAINTIFFS
     AND CLASS COUNSEL

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 25th day of April, 2011, I electronically filed the above and foregoing document with the Clerk of Court using the Court's ECF system, which will send notification of said filing to all counsel of record who are ECF participants.

*/s/ Kip D. Richards*

73