IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| **MICHAEL P. AND SHELLIE GILMOR,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) Case No. 4:10-CV-00189-ODS |
| | ) |
| **PREFERRED CREDIT CORPORATION,** | ) |
| **et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**Countrywide's Motion To Reconsider
Order Compelling Production Of Privileged
Missouri Fee Chart And Suggestions in Support**

Defendant Countrywide Home Loans, Inc. respectfully asks this Court to exercise its authority under Fed. R. Civ. P. 54(b) and reconsider its March 31, 2011 discovery order directing Countrywide to produce its privileged "Missouri Fee Chart."

The attorney-client privilege is one of the oldest and most important privileges recognized in the law. It serves the public interest by promoting frank communication between lawyers and clients. In this case, the Court has held that a document prepared by Countrywide's Legal Department providing legal advice to company employees about the requirements of Missouri law is not privileged or that any privilege was waived. But because the Order was based on an incomplete factual record, Countrywide files this motion to apprise the Court of the relevant facts and request reconsideration of its decision.

To begin with, reconsideration is required because, contrary to the Court's Order, the Missouri Fee Chart is protected from disclosure by the attorney-client privilege. The factual record submitted with this motion establishes that the fee chart was created by lawyers in Countrywide's Legal Department, and was used to provide legal advice to Countrywide

employees in connection with the origination of second mortgage loans. Plaintiffs offered no evidence to contradict those showings. Indeed, plaintiffs' counsel tried to compel production of the fee chart *six separate times* in another Missouri Second Mortgage Loan Act ("MSMLA") case, but Chief Judge Gaitan rejected each of those efforts. Orders, *Washington v. Countrywide Home Loans, Inc.*, No. 4:08-cv-00459-FJG (W.D. Mo. March 31, 2011)(Exhibits 1-3 attached hereto). The same result is required here.

The record also shows the flaw in the Court's alternative rationale for its Order: there is no evidence that the privilege was waived. Plaintiffs had the burden of producing evidence that a waiver occurred, and they provided none. Reconsideration is thus required for this additional reason. *E.g.*, *Monsanto Co. v. Aventis Cropscience, N.V.*, 214 F.R.D. 545 (E.D. Mo. 2002); *Shumaker, Loop & Kendrick, LLP v. Zaremba*, 403 B.R. 480 (N.D. Ohio 2009); *Pinnacle Pizza Co., Inc. v. Little Caesar Enterprises, Inc.*, 627 F.Supp.2d 1069 (D.S.D. 2007); *F.D.I.C. v. Fidelity & Deposit Co. of Maryland*, 196 F.R.D. 375 (S.D. Cal. 2000).

## BACKGROUND

### A. The Missouri Fee Chart was created by Countrywide's attorneys.

The lawyers in Countrywide's Legal Department provided legal advice to the company's business units. This included legal advice about compliance with various federal and state laws regarding permissible loan charges. Declaration of Susan Kelsey (attached hereto as Exhibit 4) ("Kelsey Dec.") at ¶¶ 2-3. In doing so, lawyers in the Legal Department reviewed the requirements of Missouri and other state's laws and consulted with outside counsel. They then created fee charts reflecting their legal advice. Kelsey Dec. ¶ 4.

The purpose of the Missouri Fee Chart was for the attorneys in Countrywide's Legal Department to advise Countrywide employees as to what fees could be charged in connection with second mortgage loans originated by Countrywide under Missouri law. Fee charts were not

2

provided to loan servicing personnel. And no one involved in servicing loans for Countrywide – including loans originated by third parties – was to have access to them. Kelsey Dec. ¶ 5.

Further, the Legal Department itself created the fee chart. It was not created by some other Countrywide employees outside the legal department based on a legal memorandum. In fact, no such memorandum was ever created. Kelsey Dec. ¶ 6.

Countrywide considers all of the legal advice provided by its lawyers to its employees as privileged and it intended that advice to be kept confidential. Thus, Countrywide did not intend for the privileged Missouri Fee Chart to be distributed to anyone outside of Countrywide. To the extent a copy of the privileged Missouri Fee Chart was included in a loan file sold to a third party, that inclusion was unauthorized and unintentional. Kelsey Dec. ¶¶ 7-8.

### B. Judge Gaitan Rules That The Fee Chart is Privileged.

In a separate Second Missouri Loan Act case brought by the same attorneys who filed this case, Judge Gaitan repeatedly rejected plaintiffs' counsel's efforts to obtain the fee chart. In *Washington v. Countrywide Home Loans, Inc.*, No. 4:08-cv-00459-FJG (W.D. Mo. Dec. 23, 2008)*,* plaintiffs sued Countrywide alleging that their second mortgage loan originated by Countrywide included fees prohibited under the Missouri Second Mortgage Loan Act. In the course of discovery, Countrywide placed the Missouri Fee Chart on a privilege log. Plaintiffs filed **six** motions to compel, seeking access to chart in **each** motion.

Chief Judge Gaitan denied plaintiff's requests for disclosure and upheld Countrywide's objections based on privilege and other grounds. *See* Ex 1 hereto; Order of Feb. 23, 2009 (Ex. 2 hereto); Order of Aug, 14, 2009 (Ex. 3 hereto). Judge Gaitan "agree[d]" with Countrywide's arguments that: (1) "chart reflects advice of counsel concerning Missouri law and is not discoverable because the charts are advice provided by in-house counsel," (2) "defendant has not waived the privilege," (3) "the charts are not relevant to the theory of liability because it only

3

contains counsel's advice as to the interpretation of a statute," and (4) "discovery of legal advice is premature because Plaintiffs are pursuing a strict liability theory of liability, and legal counsel's advice would only be relevant to establish punitive damages." Ex. 1 at 2.

Judge Gaitan later entered summary judgment in favor of Countrywide on the merits, and the plaintiffs appealed. They did not, however, appeal Judge Gaitan's rulings that the Missouri Fee Chart is privileged and that Countrywide did not waive the privilege.

### C. The ruling in this lawsuit.

Plaintiffs filed this suit alleging violations of the Missouri Second Mortgage Loan Act against a number of defendants in 2000. In 2005, plaintiffs amended their complaint to join Countrywide as a defendant. They undertook no discovery of Countrywide until serving interrogatories and document requests in December 2010. Countrywide timely responded to those requests with information and documents, and, where appropriate, Countrywide objections.

In its responses, Countrywide explained that it was a servicer of loans originated by Preferred Credit Corporation and that it had located only *ten* loans within the definition of the class alleged here. Countrywide was neither the originator nor the assignee of the loans. In fact, it had no contractual relationship with Preferred Credit, the plaintiffs, or any class members. But Countrywide produced records in its possession concerning those ten loans.

Countrywide did not produce the Missouri Fee Chart at issue in its production. It instead listed the chart on its privilege log. Plaintiffs then sought to compel Countrywide to produce the document and this Court agreed, finding that it is either not privileged or that any attorney-client privilege has been waived.

### ARGUMENT

The issues raised by this motion are substantial. The attorney-client privilege "is the oldest of the privileges for confidential communications known to the common law." *Upjohn*

*Company v. United States*, 449 U.S. 383, 389 (1981). This privilege "recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer's being fully informed by the client." *Id.* And it is "strongest where a client seeks counsel's advice to determine the legality of conduct before taking action." *In re BankAmerica Corp. Sec. Litig.*, 270 F.3d 639, 643 (8th Cir. 2001) (citation omitted). As explained below, reconsideration is required because Plaintiffs failed to produce an adequate record to overcome application of this important privilege. [1]

### A. Reconsideration is warranted because the record establishes that the Missouri Fee Chart is privileged and Plaintiffs adduced contrary evidence.

The Court's Order found that the chart was not privileged because it was not "established that the chart itself was prepared by an attorney." The Court found that "[i]t appears that counsel prepared a legal memorandum discussing the legality of various fees, and from this non-lawyers prepared a chart to summarize the information contained therein." Reconsideration is required here because the evidence does not support this finding.

As explained above, lawyers in Countrywide's Legal Department provided legal advice to the company's business units, including advice about compliance with various federal and state laws regarding permissible loan charges. Countrywide's Legal Department provided legal advice to its employees about permissible loan charges for Missouri second mortgage loans. Kelsey Dec. ¶¶ 2-3.

---

[1] This Court possesses "inherent authority to reconsider interlocutory orders." *Garrett v. Albright*, No. 4:06-CV-4137-NKL, 2008 WL 268993, *2 n. 2 (W.D. Mo. Jan. 30, 2008). Reconsideration is available where moving parties show "(1) that they did not have a fair opportunity to argue the matter previously, and (2) that granting the motion is necessary to correct a significant error." *Discount Tobacco Warehouse, Inc. v. Briggs Tobacco and Specialty Co., Inc.*, 3:09-CV-05078-DKG, 2010 WL3522476, *1-2 (W.D. Mo. Sept. 2, 2010). The standard in *Discount Tobacco* is met here. Countrywide has not had the opportunity to fully brief and present its argument that the fee chart is privileged and no record has been developed to support plaintiffs' arguments or this Court's March 31 Order.

5

Case 4:10-cv-00189-ODS   Document 259   Filed 04/26/11   Page 5 of 13

To provide this advice, lawyers in Countrywide's Legal Department reviewed the requirements of Missouri and other states' laws and consulted with outside counsel, and Countrywide's Legal Department lawyers created fee charts reflecting their legal advice. No legal memorandum was prepared by the Legal Department and sent to Countrywide personnel. Rather, the Legal Department prepared the Missouri Fee Chart with counsel's legal advice about Missouri law, and then transmitted the chart to Countrywide employees. Kelsey Dec. ¶¶ 4-6.[2]

The evidence therefore establishes that the Missouri Fee Chart is privileged. It was created by Countrywide's attorneys, contains their legal advice about state law, and was provided to Countrywide employees so that they would have the benefit of counsel's legal advice about the law. It is classic attorney-client privilege material protected from disclosure. *See Diversified Indus., Inc. v. Meredith,* 572 F.2d 596, 601-02 (8th Cir.1978)). Judge Gaitan was right to sustain Countrywide's objection to the production of the fee chart in *Washington* (Ex. 1 at 2). It contains legal advice rendered by Countrywide's in-house lawyers.

Moreover, Plaintiffs have offered no evidence showing that a "memorandum" was prepared by attorneys and that "non-lawyers" prepared the fee chart. The record is therefore undisputed that the fee chart is protected from disclosure by the attorney-client privilege. This Court should therefore grant Countrywide's motion for reconsideration.[3]

---

[2] Communications between in-house counsel and the employees of the company fall under the traditional attorney-client privilege when the purpose is to impart legal advice. *Nguyen v. Excel Corp.*, 197 F.3d 200, 206 (5th Cir. 1999); *American National Bank and Trust Company of Chicago v. AXA Client Solutions, LLC*, No. 00C6786, 2002 WL 1058776, *3 (N.D. Ill. March 22, 2002). Indeed, "it is well settled that the privileged nature of a communication does not lose its status as such simply because it was disseminated among numerous employees of the corporation." *American National Bank*, 2002 WL 1058776 at *3; *see also Bank Brussels Lambert*, 160 F.R.D. at 442.

[3] And even if the Missouri Fee Chart had been prepared by non-lawyers, reconsideration would be required because it would still be protected by the attorney-client privilege. *See Medical Protective Co. v. Bubenik*, No. 4:06CV01639 ERW, 2007 WL 3026939 (E.D. Mo. Oct. 15, 2007) ("The Court concludes that those documents which contain communications between

### B. Reconsideration is also required because plaintiffs provided no evidence demonstrating that a waiver occurred.

The Court stated in its Order that, even if the Fee Chart was privileged, "the privilege has been waived" because "[t]he chart is apparently not kept confidential, as it is included in loan files that are subsequently sold and is disclose to third parties." There is no evidence to support this finding.

Plaintiffs had the burden of producing evidence showing that the privilege was waived. *Shumaker, Loop & Kendrick, LLP v. Zaremba*, 403 B.R. 480, 484 (N.D. Ohio 2009) ("There is also general agreement among many courts and circuits that once a prima facie case of privilege is established by a proponent, the party challenging the privilege then has the burden to establish that the communications in question are otherwise discoverable under an exception or waiver"); *see also Pinnacle Pizza Co., Inc. v. Little Caesar Enterprises, Inc.*, 627 F.Supp.2d 1069 (D.S.D. 2007) (same; finding no waiver); *Monsanto Co. v. Aventis Cropscience, N.V.*, 214 F.R.D. 545 (E.D. Mo. 2002); *F.D.I.C. v. Fidelity & Deposit Co. of Maryland*, 196 F.R.D. 375, 380 (S.D. Cal. 2000) (same; proponent of waiver failed to show that waiver was not inadvertent). Indeed, "the opponent of the privilege must present sufficient evidence upon which a reasonable person may find that the privilege has been waived." *Zaremba*, 403 B.R. at 484.

Here, plaintiffs, the opponent of the privilege, had burden to present evidence supporting their claim of waiver. They offered no such evidence, only speculation, and thus no basis exists to conclude that waiver occurred. In *Washington* Plaintiffs made the same unsupported argument, and Judge Gaitan found that "defendant has not waived the privilege." Because

---

corporate representatives who are non-lawyers, regarding advice received from an attorney, are subject to the attorney-client privilege").

Plaintiffs provided no evidentiary basis to the contrary, the Court's finding of waiver is unsupported and should be reconsidered.[4]

### C. The factual record demonstrates that the fee chart is not relevant.

The factual record showing that the Missouri Fee Chart was privileged and the lack of any evidence of a waiver alone warrant reconsideration here. But reconsideration is separately justified because the fee chart is not relevant to any issue in the case.

First, it is undisputed that the fee chart is not a document that was found among Countrywide's records for the plaintiffs who filed in this case. It was instead found in a loan file of two individuals, the Washingtons, who are not even parties to this litigation. The chart is irrelevant for this reason alone.

More importantly, Countrywide was sued because it **serviced** loans that had already been originated by **other companies**. The chart at issue was created solely for use by Countrywide employees who originated second mortgage loans. (Kelsey Decl. ¶ 6). The Court stated in its Order that "[t]t does not matter if the defendant's knowledge was obtained for and utilized in a different context – the information may still be relevant." But Ms. Kelsey explains that Countrywide's employees who serviced loans **could not access the Missouri Fee Chart**. *Id.* Thus, the factual record establishes that the chart could not have contributed to the knowledge of the Countrywide employees who serviced the loans at issue in this case. Plaintiffs offer no contrary evidence to rebut this showing. Reconsideration is appropriate for this reason as well.

---

[4] Reconsideration is warranted because the Court did not make a finding as to whether any waiver was deliberate of inadvertent. *See, e.g., Gray v. Bicknell*, 86 F.3d 1472, 1482-84 (8th Cir. 1996). As Ms. Kelsey explains, Countrywide considered all legal advice provided to its employees to be privileged and kept confidential. It did not intend for the Missouri Fee Chart to be distributed outside the company. Kelsey Aff. ¶ 8.

8

## CONCLUSION

The Missouri Fee Chart listed on the privilege log is protected by attorney-client privilege and nothing in this record shows that the privilege has been waived. It should not be disclosed to plaintiffs. Countrywide respectfully requests that this Court reconsider its March 31, 2011 Order and order that the Missouri Fee Chart is privileged and thus not subject to plaintiffs' discovery requests.

Respectfully submitted,

/s/ Mark A. Olthoff
Mark A. Olthoff                MO #38572
Anthony W. Bonuchi             MO #57838
POLSINELLI SHUGHART PC
1700 Twelve Wyandotte Plaza
120 West 12th Street
Kansas City, Missouri 64105-1929
(816) 421-3355
(816) 374-0509 (FAX)
molthoff@polsinelli.com
abonuchi@polsinelli.com

and

Thomas M. Hefferon
David L. Permut
GOODWIN PROCTER LLP
901 New York Avenue, NW
Washington, DC 20001
(202) 346-4029
(202) 346-4444 (FAX)
thefferon@goodwinprocter.com
dpermut@goodwinprocter.com

*Attorneys for Countrywide Home Loans, Inc.*

## CERTIFICATE OF SERVICE

   I hereby certify that a copy of the above and foregoing document was filed electronically with the above-captioned court, with notice of case activity to be generated and sent electronically by the Clerk of said court (with a copy to be mailed to any individuals who do not receive electronic notice from the Clerk) this 26 day of April, 2011, to:

R. Frederick Walters, Esq.
Kip D. Richards, Esq.
David M. Skeens, Esq.
Garrett M. Hodes, Esq.
Walters Bender Strohbehn & Vaughan
2500 City Center Square
1100 Main Street
Kansas City, MO  64105

Attorneys for Plaintiffs

Mark A. Olthoff, Esq.
Anthony Bonuchi, Esq.
Polsinelli Shughart PC
1700 Twelve Wyandotte Plaza
120 West 12th Street
Kansas City, MO  64105

Peter W. Carter, Esq.
Paul R. Dieseth, Esq.
Dorsey & Whitney LLP
50 South 6th, Suite 1500
Minneapolis, MN  55402-149

Attorneys for Defendants U.S. Bank National Association, U.S. Bank National Association ND and Wilmington Trust Company

Barry L. Pickens, Esq.
Spencer Fane Britt & Browne
1000 Walnut Street, Suite 1400
Kansas City, MO  64106-2140

R. Bruce Allensworth, Esq.
Kirkpatrick & Lockhart LLP
75 State Street
Boston, MA  02109

10
Case 4:10-cv-00189-ODS   Document 259   Filed 04/26/11   Page 10 of 13

Daniel J. Tobin, Esq.
Ballard Spahr Andrews & Ingersoll, LLP
4800 Montgomery Lane, 7th Floor
Bethesda, MD 20814

Attorneys for Defendants Impac Funding Corp., Impac Mortgage Holdings, Inc., Impac Secured Assets Corp., IMH Assets Corp. a/k/a Impac Mortgage Holdings Asset Corporation, Deutsche Bank National Trust Company f/k/a Bankers Trust Company of California, N.A, Credit-Based Asset Servicing & Securitization, LLC, Litton Loan Servicing LP, Wells Fargo Bank N.A. f/k/a Wells Fargo Bank, MN, N.A. (in its capacity as former trustee for terminated trust Impac Mortgage Pass-Through Certificates 2000-1), and LaSalle National Bank (in its capacity as former owner trustee of terminated trust Impac CMB Trust Series 1999-1)

Leslie A. Greathouse, Esq.
Spencer Fane Britt & Browne LLP
1000 Walnut Street, Suite 1400
Kansas City, MO 64106-2140

Attorneys for Defendants Deutsche Bank Trust Company Americas, Preferred Mortgage Trust 1996-1, Preferred Mortgage Trust 1996-2, and Preferred Credit Trust 1997-1

Randolph G. Willis, Esq.
Rasmussen, Willis, Dickey & Moore, LLC
9200 Ward Parkway
Suite 400
Kansas City, MO 64114-3379

Thomas L. Allen, Esq.
Roy W. Arnold, Esq.
Reed Smith LLP
225 Fifth Avenue, Suite 1200
Pittsburgh, PA 15222

Attorneys for Sovereign Bank

Craig S. O'Dear, Esq.
Irving V. Belzer, Esq.
Bryan Cave LLP
3500 One Kansas City Place
1200 Main Street
Kansas City, MO 64105

11

Michael G. Biggers, Esq.
Bryan Cave LLP
3600 One Metropolitan Square
211 N Broadway
St. Louis, MO  63102

Attorneys for Defendants Residential Funding Company, LLC and JP Morgan Chase Bank, N.A., as Trustee

Mark A. Olthoff, Esq.
Anthony Bonuchi, Esq.
Polsinelli Shughart PC
1700 Twelve Wyandotte Plaza
120 W. 12th St.
Kansas City, MO  64105

Harry S. Davis, Esq.
Marcy Ressler Harris, Esq.
Marguerite Gardiner, Esq.
Schulte Roth & Zabel LLP
919 Third Avenue
New York, NY  10022

Attorneys for Defendant Credit Suisse First Boston Mortgage Securities Corp.

Mark A. Olthoff, Esq.
Anthony Bonuchi, Esq.
Polsinelli Shughart PC
1700 Twelve Wyandotte Plaza
120 W. 12th St.
Kansas City, MO  64105

Peter W. Carter, Esq.
Paul R. Dieseth, Esq.
Dorsey & Whitney LLP
50 South 6th, Suite 1500
Minneapolis, MN  55402-149

Attorneys for Empire Funding Home Loan Owner Trust 1998-1, By its Trustees Wilmington Trust Company and U.S. Bank National Association

Mark A. Olthoff, Esq.
Anthony Bonuchi, Esq.
Polsinelli Shughart PC
1700 Twelve Wyandotte Plaza
120 W. 12th St.
Kansas City, MO  64105

Attorneys for Ocwen Loan Servicing, LLC f/k/a Ocwen Federal Bank, FSB

Todd W. Ruskamp, Esq.
Shook, Hardy & Bacon, LLP
2555 Grand Boulevard
Kansas City, MO  64108-2613

Attorneys for Wendover Financial Services Corporation

Terese A. Drew, Esq.
Hinshaw & Culbertson LLP
Gateway One
701 Market Street
St. Louis, MO  63101

Thomas F. Ging, Esq.
Hinshaw & Culbertson LLP
222 North LaSalle, Suite 300
Chicago, IL  60601

Attorneys for FDIC

Richard L. Martin, Esq.
Thomas J. Fritzlen, Jr., Esq.
Martin, Leigh, Laws & Fritzlen, PC
1044 Main Street
400 Peck's Plaza
Kansas City, MO  64105-2135

Attorneys for United Mortgage CB LLC

/s/ Mark A. Olthoff
*Attorney for Countrywide Home Loans, Inc.*