# Exhibit 1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| JERRY and GOLDA WASHINGTON, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 08-00459-CV-W-FJG |
| ) | |
| COUNTRYWIDE HOME LOANS, INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiffs requested a teleconference with the Court in its December 15, 2008 letter in order to resolve a discovery dispute in relation to plaintiffs' document requests to defendants. Defendant also requests the Court leave to submit additional briefing on these matters. The document requests break down into three categories and are addressed below.

**1. Borrowers' loan files**

Plaintiffs seek the loan files it keeps for each second mortgage loan it made to putative class members to show that Countrywide systematically made hundreds of second mortgage loans using standardized methods and that the loans were like the Washingtons' loan. The loan files allegedly include "standardized Notes, Trust Deeds, HUD-1 Settlement Statements, Loan Applications, RESPA Disclosures[.]"

Defendant responds that plaintiffs' purpose in discovering these files is to assess the merits of purported class members' claims, which is an issue reserved for the second phase of discovery. The current phase of discovery focuses on the named plaintiffs' claims and class certification issues only. Defendant has offered to provide plaintiffs with a

random sample of HUD-1 Settlement Statements, which would allow plaintiffs to discover commonality because they show the types of fees borrowers paid, but plaintiffs refused.

The Court agrees with Defendant that the HUD-1 Settlement Statements should be sufficiently adequate to assess class certification requirements. Therefore, defendant shall produce the HUD-1 Settlement Statements for all of the purported class members to this action.

**2.     Fee charts**

Plaintiffs claim that defendant removed a fee chart from the plaintiffs' loan file when it was produced. The loan file references the fee chart as a document that is supposed to be kept in the loan file. Plaintiffs claim the chart is not privileged, but rather that they are business records which show that defendant systematically made second mortgage loans that were subject to and violated the Missouri Second Mortgage Loans Act ("MSMLA").

Defendant responds that this chart reflects advice of counsel concerning Missouri law and is not discoverable because the charts are advice provided by in-house counsel, and defendant has not waived the privilege. Defendant believes that the charts are not relevant to the theory of liability because it only contains counsel's advice as to the interpretation of a statute. Defendant claims that discovery of legal advice is premature because Plaintiffs are pursuing a strict liability theory of liability, and legal counsel's advice would only be relevant to establish punitive damages.

The Court agrees with defendant, and will not compel discovery of the fee charts at this time.

**3.     Loan polices, manuals, and procedures**

2

Plaintiffs seek production of relevant policies and procedures for the Washington second mortgage loan and other Missouri second mortgage loans made during the relevant period. To date, Plaintiff has only received policies concerning mostly document retention and the Plaintiffs' loan file. Plaintiffs believe loan procedures and policies are relevant, and should be produced.

Defendant responds that Plaintiff seeks quality control plans, securitization agreements, and documents about employee commissions, loan suitability, and basically all aspects of lending. Defendant believes that these documents should be reserved for Phase II of discovery because they relate to the merits of class members' claims and damages issues. Defendant also argues that Plaintiffs' requests are overbroad because they ask for "all" documents on a given subject.

The Court finds that plaintiffs' discovery requests for these documents are inappropriate at this time; therefore, the Court will not compel disclosure of these documents. Since the Court's Order resolves the discovery disputes raised by plaintiff in its December 15, 2008 letter, plaintiff's request for a teleconference and defendant's request for additional briefing is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Date: 12/23/2008  /s/ **FERNANDO J. GAITAN, JR.**
Kansas City, Missouri  Fernando J. Gaitan, Jr.
Chief United States District Judge

3

Case 4:08-cv-00459-FJG   Document 33   Filed 12/23/2008   Page 3 of 3
Case 4:10-cv-00189-ODS   Document 259-1   Filed 04/26/11   Page 4 of 4