IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MICHAEL P. and SHELLIE GILMOR, et al., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) Case No. 10-0189-CV-W-ODS<br>) |
| PREFERRED CREDIT CORP., et al., | )<br>) |
| Defendants. | ) |

## ORDER (1) PLAINTIFFS' MOTION TO VOLUNTARILY DISMISS THE FDIC AND (2) FINDING THE FDIC'S MOTION TO DISMISS TO BE MOOT

Pending is Plaintiffs' unopposed motion to dismiss the FDIC without prejudice. The motion (Doc. # 264) is granted, and the FDIC's motion to dismiss (Doc. # 216) is moot. In granting Plaintiffs' motion, the Court must abide by Rule 23(e), which sets forth the circumstances in which claims asserted by a certified class may be settled or dismissed. First, the Court must insure the class members are notified. Plaintiffs' counsel has indicated that only eleven class members are affected, and that each class member has been advised of the reasons for and the plan to dismiss the FDIC. The Court deems this effort sufficient to satisfy Rule 23(e)(1). Rule 23(e)(2) requires a hearing, but only if the dismissal would bind class members. The dismissal is without prejudice, so class members are not bound. The Court discerns no need to allow class members a new opportunity to opt out, so Rule 23(e)(4) is satisfied. The remaining subsections are not implicated.

The Court also notes that the case was removed from state court because the FDIC became the receiver for Corus Bank. However, the FDIC's dismissal does not deprive the Court of jurisdiction. Casey v. FDIC, 583 F.3d 586, 590-91 (8th Cir. 2009), cert. denied, 130 S. Ct. 2062 (2010).
IT IS SO ORDERED.

DATE: May 10, 2011

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT