IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL P. AND SHELLIE GILMOR, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:10-CV-00189-HFS |
| | ) | |
| PREFERRED CREDIT CORPORATION, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**SEPARATE ANSWER AND AFFIRMATIVE DEFENSES
OF DEFENDANT UNITED MORTGAGE, C.B., LLC
TO PLAINTIFFS' SEVENTH AMENDED COMPLAINT**

COMES NOW Defendant United Mortgage, C.B., LLC ("U.M.C.B., LLC"), and for its Answer to plaintiffs' Seventh Amended Complaint ("Complaint"), states as follows:

### INTRODUCTION

1. Paragraphs 1 and 2 of the Complaint state no allegation of fact or law and no response is necessary. However, in the event that a response is necessary the statements contained in paragraphs 1 and 2 of the Complaint are denied.

### THE PLAINTIFFS

2. U.M.C.B., LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 3 through 19 of the Complaint and therefore denies same.

### DEFENDANT PREFERRED CREDIT

3. U.M.C.B., LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 20 through 22 of the Complaint and therefore denies same.

## THE INVESTOR DEFENDANTS

4.      U.M.C.B., LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 23 through 64 of the Complaint and therefore denies same.

5.      In response to paragraph 65 of the Complaint, U.M.C.B., LLC admits that it is a North Carolina limited liability company, was previously served in this matter and states that its registered and principal address is 7621 Little Ave., Ste. 426, Charlotte, NC 28226.

6.      U.M.C.B., LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 66 through 78 of the Complaint and therefore denies same. U.M.C.B., L.L.C. admits it was the owner of one second mortgage loan originated by Preferred Credit to a member of the class.

## THE DOE DEFENDANTS

7.      U.M.C.B., LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 79 of the Complaint and therefore denies same.

## THE ASSIGNEE DEFENDANTS

8.      U.M.C.B., LLC denies the allegations set forth in paragraphs 80 through 82 of the Complaint.

9.      U.M.C.B., LLC denies the allegations set forth in paragraph 83 of the Complaint in that it, as an "Assignee Defendant" as that word is used in the Complaint, is not a "moneyed corporation" within the meaning of RSMo. § 516.420 and that such an allegation is a conclusion of law and not a fact. Further answering U.M.C.B., LLC is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 83 of the Complaint and therefore denies same.

10. U.M.C.B., LLC denies the allegations set forth in paragraph 84 of the Complaint.

## JURISDICTION AND VENUE

11. U.M.C.B., LLC denies the allegations set forth in paragraph 85 of the Complaint.

12. U.M.C.B., LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 86 of the Complaint and therefore denies same.

13. U.M.C.B., LLC denies the allegations set forth in paragraph 87 as to itself. U.M.C.B., LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 87 of the Complaint as to the other alleged Assignee Defendants and therefore denies same.

14. U.M.C.B., LLC denies the allegations set forth in paragraph 88 of the Complaint.

## GENERAL ALLEGATIONS

15. U.M.C.B., LLC denies the allegations set forth in paragraph 89 and, further answering, states that RSMo. §§ 408.231, et seq., speak for themselves.

16. U.M.C.B., LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 90 of the Complaint and therefore denies same and, further answering, states that RSMo. §§ 408.231.3 and 408.234.2 speak for themselves.

16. U.M.C.B., LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 91 through 93 of the Complaint and therefore denies same.

17. U.M.C.B., LLC denies the allegations contained in paragraph 94 of the Complaint and affirmatively states that this defendant never received any money paid on the loan it owned.

18. U.M.C.B., LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 95 through 96 of the Complaint and therefore denies same.

19. U.M.C.B., LLC denies the allegations contained in paragraph 97 of the Complaint and affirmatively states that this defendant never received any money paid on the loan it owned.

### THE GILMORE SECOND MORTGAGE LOAN

20. U.M.C.B., LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 98 through 107 of the Complaint and therefore denies same.

### THE HARRIS SECOND MORTGAGE LOANS

21. U.M.C.B., LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 108 through 117 of the Complaint and therefore denies same.

### THE PARVIN SECOND MORTGAGE LOAN

22. U.M.C.B., LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 118 through 127 of the Complaint and therefore denies same.

### THE VARNS SECOND MORTGAGE LOAN

23. U.M.C.B., LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 128 through 137 of the Complaint and therefore denies same.

### THE SHIPMAN SECOND MORTGAGE LOAN

24. U.M.C.B., LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 138 through 147 of the Complaint and therefore denies same.

### THE JONES SECOND MORTGAGE LOAN

25. U.M.C.B., LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 148 through 157 of the Complaint and therefore denies same.

### THE JAMES SECOND MORTGAGE LOAN

26. U.M.C.B., LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 158 through 167 of the Complaint and therefore denies same.

### THE SCHAEFER SECOND MORTGAGE LOAN

27. U.M.C.B., LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 168 through 177 of the Complaint and therefore denies same.

### THE WARKENTIEN SECOND MORTGAGE LOAN

28. U.M.C.B., LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 178 through 187 of the Complaint and therefore denies same.

### THE RUMANS SECOND MORTGAGE LOAN

29. U.M.C.B., LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 188 through 197 of the Complaint and therefore denies same.

### THE WORTHY SECOND MORTGAGE LOAN

30. U.M.C.B., LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 198 through 207 of the Complaint and therefore denies same.

### THE ROCKETT SECOND MORTGAGE LOAN

31. U.M.C.B., LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 208 through 217 of the Complaint and therefore denies same.

### THE HUDSON SECOND MORTGAGE LOAN

32. U.M.C.B., LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 218 through 227 of the Complaint and therefore denies same.

### THE WOODWARD SECOND MORTGAGE LOAN

33. U.M.C.B., LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 228 through 237 of the Complaint and therefore denies same.

### THE WEATHERSBY SECOND MORTGAGE LOAN

34. U.M.C.B., LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 238 through 247 of the Complaint and therefore denies same.

### THE MOONEY SECOND MORTGAGE LOAN

35. U.M.C.B., LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 248 through 257 of the Complaint and therefore denies same.

### THE BLACK SECOND MORTGAGE LOAN

36. U.M.C.B., LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 258 through 267 of the Complaint and therefore denies same.

### CLASS ACTION FOR VIOLATIONS OF MISSOURI'S SECOND LOANS ACT
### PLAINTIFF CLASS ACTION ALLEGATIONS

37. U.M.C.B., LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 268 of the Complaint and therefore denies same.

38. U.M.C.B., LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 269 through 274 of the Complaint and therefore denies same.

39. U.M.C.B., LLC denies the allegations set forth in paragraphs 275 and 276 of the Complaint.

**Defendants' Liability Under Missouri's Second Mortgage Loans Act**

40. U.M.C.B., LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 277 of the Complaint and therefore denies same and, further answering, that RSMo. §§ 408.231, et seq., speak for themselves.

41. U.M.C.B., LLC denies paragraph 278 of the Complaint in that the allegations are conclusions of law and not facts and, further answering, that RSMo. § 408.233 speaks for itself.

42. U.M.C.B., LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 279 of the Complaint and each of its subparts and therefore denies same.

43. U.M.C.B., LLC denies paragraph 280 of the Complaint in that the allegations are conclusions of law and not facts and, further answering, that RSMo. § 408.236 speaks for itself.

44. U.M.C.B., LLC denies the allegations set forth in paragraph 281 as to itself. U.M.C.B., LLC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 281 of the Complaint as to Preferred Credit or the other alleged Assignee Defendants and therefore denies same.

45. U.M.C.B., LLC denies the allegations set forth in paragraphs 282 through 285 of the Complaint.

46. U.M.C.B., LLC denies paragraph 286 of the Complaint in that the allegations are conclusions of law and not facts and, further answering, that RSMo. § 408.562 speaks for itself.

47. U.M.C.B., LLC denies the allegations set forth in paragraphs 287 and 288 of the Complaint.

## DEFENDANT CLASS ACTION ALLEGATIONS

48. U.M.C.B., LLC denies the allegations set forth in paragraph 289 of the Complaint and each of its subparts.

49. U.M.C.B., LLC denies the allegations set forth in paragraphs 290 and 291 of the Complaint.

50. U.M.C.B., LLC denies the allegations set forth in paragraph 292 of the Complaint and each of its subparts.

51. U.M.C.B., LLC denies the allegations set forth in paragraphs 293-296 of the Complaint.

## AFFIRMATIVE DEFENSES

52. Further answering, U.M.C.B., LLC denies each and every allegation contained in the Complaint, not herein expressly admitted.

53. The Complaint fails to state facts sufficient to constitute a claim, or claims, upon which relief can be granted in favor of plaintiff and against U.M.C.B., LLC.

54. All or part of any claim made by plaintiffs in the Complaint is barred by the applicable three year statute of limitations, set forth in RSMo. § 516.130(2), or in the alternative, is barred by the applicable five year statute of limitations set forth in RSMo. § 516.120 or any other statute of limitations found by the court to be applicable to plaintiffs' claims.

55. A state court class was certified on January 2, 2003. The defendants at that time were Preferred Credit Corporation, Impac Funding Corporation, Impac Mortgage Holding, Inc., Impac Secured Assets CMN Trust Series 1998-1, Bankers Trust Company, Bankers Trust Company of California, and U.S. Bank National Association N.D. The remaining defendants

were joined after entry of the January 2, 2003 class certification order.[1] Many of the later joined defendants have dispositive motions pending before the Court, including the assertion of jurisdictional defenses based upon lack of standing and lack of personal jurisdiction. The state court class certification order is inapplicable to U.M.C.B., LLC.

No class action, for either plaintiffs or defendants, should be certified by the Court under the Complaint because plaintiffs have failed to plead any facts to show any the following, all of which are required pursuant to Rule 52.08:

    a.    that there is any justiciable controversy;

    b.    that plaintiffs' claims against U.M.C.B., LLC are claims that other proposed class members would have against U.M.C.B., LLC;

    c.    that plaintiffs have a cause of action against a class of defendants and not just one;

    d.    that plaintiffs have suffered the same injuries and have the same interests as other members of the proposed class;

    e.    that the class has been sufficiently defined or is definable;

    f.    that the joinder of individual parties would be inconvenient and difficult;

    g.    that there is an impracticality of joinder of individual litigants;

    h.    that individual members of the proposed class would not be able to initiate and pursue an action on their own behalf;

---

[1] Current defendants not in the case at the time of class certification include Preferred Mortgage Trust 1996-1; Preferred Mortgage Trust 1996-2; Preferred Credit Trust 1997-1; JP Morgan Chase Bank as trustee; Wendover Financial Services Corporation; Residential Funding Corporation, Sovereign Bank, Empire Funding Home Loan Owner Trust 1998-1, U.S. Bank National Association as trustee, Wilmington Trust Company as trustee, Countrywide Home Loans, Inc., Wells Fargo Bank, Ocwen Loan Servicing LLC, United Mortgage C.B., LLC, Credit Suisse First Boston Mortgage Securities Corp., Credit-Based Asset Servicing & Securitization, LLC, IMH Assets Corporation, Impac CMB Trust Series 2003-5, LaSalle National Bank, Litton Loan Servicing L.P., FDIC (as successor to Corus Bank).

i.       that there are common questions of law and fact that predominate among the proposed class members;

j.       that there is a single event or remedial theory common to all members of the proposed class;

k.       that the claims of individual parties of the proposed class would be the same as those claims of plaintiffs; and

l.       that there would be prejudice caused by multiple suits.

43.     Plaintiffs cannot adequately represent the proposed plaintiffs' class because:

a.       plaintiffs lack standing to act as class representatives;

b.       plaintiffs cannot act as a fiduciary;

c.       plaintiffs have no substantial stake in the controversy;

d.       plaintiffs have not shown they have adequate resources to pursue the class action effectively for the other proposed members of the class;

e.       plaintiffs are not motivated in this litigation by the fact they may have been charged too much interest or fees in excess of those allowed by Missouri law, but rather but their personal interest to avoid repayment of their loan from U.M.C.B., LLC; and

f.       plaintiffs' interest in the litigation may conflict with the interests of the other proposed class members.

56.     In the alternative, certification of the class by the Court would be premature without there first being adequate discovery and an evidentiary hearing so that plaintiffs' allegations can be fully understood and explained and the members of the putative class can be identified.

57. In the alternative, all or part of plaintiffs' class action claims, and the size of any such class, are barred by the applicable three year statute of limitations set forth in § 516.130(2) RSMo., or in the alternative, the applicable five year statute of limitations set forth in § 516.120 RSMo or any other statute of limitations found by the court to be applicable to plaintiffs' claims.

58. In the alternative, the court lacks jurisdiction over all, or in the alternative, some, of the members of the defendant putative class.

59. In the alternative, this matter should not be certified as to this defendant, U.M.C.B., LLC, because plaintiffs have identified only one loan, that of Michael and Shirley Graves, that was ever held by U.M.C.B., LLC and therefore justice is not served by requiring U.M.C.B., LLC and Michael and Shirley Graves to participate in the class action when it could be resolved between the two parties.

60. Assignees are not liable for the intentional acts of the assignor and have not taken any instruments subject to the borrower's defenses or claims.

61. In connection with any plaintiffs' mortgage loan transactions (or any alleged transactions with any purported class member), U.M.C.B., LLC never employed conduct that was intentional, willful, wanton, or malicious, and never otherwise showed a complete indifference to or a conscious disregard of plaintiffs or any purported class members' rights such that it would be subject to punitive damages or attorneys' fees.

62. Plaintiffs' claims are barred to the extent that any violation of the Missouri Second Mortgage Loans Act was the result of an accidental and bona fide error of computation or was the result of an accident or was omitted in reliance on a written interpretation of the Missouri Division of Finance on the provisions of Mo. Rev. Stat. §§ 408.231 to 408.241.

63. Plaintiffs' claims are barred by application of the doctrine of failure to mitigate damages to the extent that plaintiffs failed to avoid the consequences of their own conduct. Plaintiffs were under an obligation to minimize their alleged damages, if any, once they realized a claim existed.

64. Plaintiffs' claims are barred by the doctrines of waiver, estoppel, ratification and consent.

65. Plaintiffs' claims are barred by application of the holder in due course rule.

66. U.M.C.B., LLC does not hold a loan of any of the named plaintiffs or of any putative member of the second mortgage class.

67. Plaintiffs claims are barred by res judicata and collateral estoppel because some or all of the loan transactions and occurrences of which the plaintiffs and plaintiff class complain have already been the subject matter of lawsuits in state and/or federal court and specifically that the loan given to Michael and Shirley Graves was the subject of litigation in the Circuit Court of Newton County, Missouri and the United States Bankruptcy Court for the Western District of Missouri and that similar facts apply to loans given to the plaintiffs and plaintiff class.

68. Plaintiffs claims are barred by the compulsory counterclaim rule generally and specifically by Missouri Supreme Court Rule 55.32 because some or all of the loan transactions and occurrences of which the plaintiffs and plaintiff class complain have already been the subject matter of lawsuits in state and/or federal court and specifically that the loan given to Michael and Shirley Graves was the subject of litigation in the Circuit Court of Newton County, Missouri and the United States Bankruptcy Court for the Western District of Missouri and that similar facts apply to loans given to the plaintiffs and plaintiff class.

69. In the alternative, this matter should not be certified as to this defendant, U.M.C.B., LLC, because plaintiffs have identified only one loan, that of Michael and Shirley Graves, that was ever held by U.M.C.B., LLC and therefore the interests of justice are not served by requiring U.M.C.B., LLC be a party because Michael and Shirley Graves, never made a payment on the loan owned by U.M.C.B., LLC and the security interest in that loan was extinguished by the foreclosure on the property by the holder of the first lien deed of trust against the property and the claim for money owed by Michael and Shirley Graves under the terms of the loan owned by U.M.C.B., LLC was also extinguished by the bankruptcy filed by Michael and Shirley Graves in that no claim was made against this defendant in said bankruptcy and has been waived. No one in the class has been damaged by anything done or not done by U.M.C.B., LLC and, in fact, only U.M.C.B., LLC has been damaged by the loan made to Michael and Shirley Graves because U.M.C.B., LLC lost every dollar of the purchase price it paid to become the owner of that loan.

### PRAYER FOR RELIEF

WHEREFORE, having fully answered the allegations contained plaintiffs' Seventh Amended Complaint, U.M.C.B., LLC prays that plaintiffs take nothing by reason of the Complaint; that the Complaint be dismissed with prejudice; that U.M.C.B., LLC have and recover its costs herein incurred and expended; that U.M.C.B., LLC recover its attorney fees; and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

MARTIN, LEIGH, LAWS & FRITZLEN, P.C.

/s/ Richard L. Martin
Richard L. Martin     MO # 26724
Desarae G. Harrah     MO # 57969
1044 Main Street, Ste. 900
Kansas City, Missouri 64105
Telephone: (816) 221-1430
Facsimile: (816) 221-1044
rlm@mllfpc.com; dgh@mllfpc.com
ATTORNEYS FOR DEFENDANT
UNITED MORTGAGE, C.B., LLC

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document was filed electronically with the above-captioned court, with notice of case activity to be generated and sent electronically by the Clerk of said court (with a copy to be mailed to any individuals who do not receive electronic notice from the Clerk) this 18th day of May, 2011.

/s/ Richard L. Martin
Attorney for Defendant United Mortgage CB LLC