THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

MICHAEL AND SHELLIE GILMOR,
et al.,
              Plaintiffs,

vs.

PREFERRED CREDIT CORPORATION,
et al.,
              Defendants.

Case No. 4:10-cv-00189-ODS

## SUGGESTIONS IN OPPOSITION TO COUNTRYWIDE'S MOTION TO STAY DISCOVERY ORDER

The Court should deny Countrywide's *Motion to Stay Discovery Order* (Doc. No. 298). Countrywide has forestalled and improperly delayed the production of the Fee Chart for several months since Plaintiffs served it with discovery in December 2010. Countrywide has not provided sufficient justification for staying the Court's discovery Orders (Doc. Nos. 239 and Doc. 291). The Court should not tolerate Countrywide's continued efforts to avoid its discovery obligation.

I.    **Background**

Plaintiffs first served Countrywide with discovery requests in December 2010 that required production *inter alia* of the fee chart. Insofar as pertinent, Countrywide asserted the attorney-client privilege and objected to producing the Fee Chart. In order to enforce its discovery requests, Plaintiffs were forced to obtain Court intervention. After submission of the parties' respective written statements of the discovery dispute and hearing argument concerning the Fee Chart, the Court ordered Countrywide to produce the Fee Chart and determined that (1) the Fee Chart was not privileged, (2) that if the privilege had at one time existed, it had been

1

waived by Countrywide's disclosure to third parties, and (3) the Fee Chart was relevant to Plaintiffs' claims. (Doc. No. 239). Rather than obey the Court's Order, Countrywide delayed for nearly a month before filing its Motion to Reconsider (Doc. No. 259). In only did so after Plaintiffs subpoenaed the fee chart from a third party, Household. In the Motion to Reconsider, Countrywide made the same arguments that it had previously made to the Court. After full briefing on the issue, the Court again denied Countrywide's Motion to Reconsider and re-ordered Countrywide to produce the Fee Chart. (Doc. No. 291). Even so, Countrywide still refuses to produce the Fee Chart and now requests the Court to stay its previous March 31, 2011 Order and May 20, 2011 Order. (Doc. Nos. 259 and 291)

## II. Argument

After having twice failed to persuade the Court that it should not be required to produce the Fee Chart, Countrywide now seeks to stay enforcement of the Court's two previous Orders, requiring Countrywide to produce the Fee Chart to Plaintiffs. Countrywide has not and cannot provide any justification for staying the Court's Orders.[1] There are four factors that the Court considers in determining whether to issue a discretionary stay of its interlocutory orders: (1) whether the moving party has demonstrated a substantial likelihood of success on the merits; (2) whether the moving party has demonstrated that it will suffer irreparable harm absent the stay; (3) whether the stay will cause substantial harm to other parties; and (4) the public interest involved. *Imation Corp. v. Koninklijke Philips Electronics N.V.*, 2009 WL 1766671 (D. Minn. June 22, 2009). Countrywide has failed to demonstrate that it is entitled to a stay of the Court's Orders in light of these four factors.

---

[1] Countrywide contends that courts "routinely" stay enforcement of discovery orders. However, the cases cited by Countrywide do not actually state this. In fact, one of the cases cited by Countrywide, *Imation Corp. v. Koninklijke Philips Electronics N.V.*, 2009 WL 1766671 (D. Minn. June 22, 2009), denied a party's request to stay the discovery order pending review to the appellate court.

2

First, Countrywide has failed to demonstrate that there is a substantial likelihood of success on the merits with respect to a petition for a writ of mandamus to the 8th Circuit. Countrywide's argument relating to this particular factor is literally nothing more than the reiteration of its unsupported, conclusory assumption that the Fee Chart is protected by the attorney-client privilege and that the privilege had not been waived. Countrywide's "belief" that it will succeed on the merits is wholly unsupported. Countrywide completely omits any discussion of the very high burden it faces when it pursues, if it does so, a writ of mandamus. In actuality Countrywide has a very high likelihood of failure. Courts are extremely reluctant to grant a writ of mandamus. *In re Ford Motor Co.*, 751 F.2d 274, 275 (8th Cir. 1984). "The remedy of mandamus is a drastic one, to be invoked ***only in extraordinary situations***." *Id.* (emphasis added). In fact, it is "available only in those exceptional circumstances amounting to a judicial usurpation of power." *Id.* Such usurpation is not likely to be found in dealing with discovery where the trial court is given much deference. Discovery issues, including those involving the assertion of privilege, are within the realm of the district court's discretion and very unlikely to be reversed on appeal:

> Most district court rulings on these matters involve the routine application of settled legal principles. They are unlikely to be reversed on appeal, particularly when they rest on factual determinations for which appellate deference is the norm.

*Mohawk Industries, Inc. v. Carpenter*, 130 S. Ct. 599, 607 (2009), citing *Richardson-Merrell Inc. v. Koller*, 472 U.S. 424, 434 (1985) ("Most pretrial orders of district judges are ultimately affirmed by appellate courts."). Countrywide has the onerous burden of demonstrating that the right to the issuance of a writ is **clear and indisputable**. *In re Ford Motor Co.*, 751 F.2d at 275.

3

Countrywide has failed to meet its burden and therefore cannot show that there is a substantial likelihood of success on the merits.

In fact, the proceedings before this Court demonstrate that Countrywide will not succeed on the merits of any claims that it makes before the 8th Circuit. The sole evidence that Countrywide presented in support of its claim of privilege was a self-serving declaration executed by a former attorney who worked in Countrywide's legal department. The Court was not required to believe any of the statements made in the declaration. "When affidavits are presented, the trial court may believe or disbelieve any statements made within those affidavits." *Desai v. Sterlin Commercial Capital, L.L.C.*, 2006 WL 1445397, at *1 (W.D. Mo. May 23, 2006). "It is within the sole discretion of the trial court to make such factual determinations." *Id.*

It is clear from the Court's Order (Doc. No. 291) that the Court considered the declaration, found it not credible, and specifically stated that "the fee chart was prepared by [Countrywide's] Production Quality & Compliance Department – not its legal department, as suggested by the affidavit, and not by an attorney." (Doc. No. 291, p. 2). Given the Court's finding regarding the author of the Fee Chart and the deference on appeal to factual determinations by the district court, Countrywide will not be able to establish that the Fee Chart was prepared by an attorney or that it was ever privileged.

Moreover, even if Countrywide were able to surmount that hurdle, it cannot avoid the inescapable conclusion that any privilege that it could potentially claim had been waived by the voluntary disclosure of the Fee Chart to third parties.[2] Countrywide has not and cannot refute what its own policy and procedure, as set forth in the "Funding Review Checklist for CFC,"

---

[2] In fact, Household has indicated that it is ready to produce documents responsive to Plaintiffs' subpoena once the Court denies the instant request for a stay. (Doc. No. 307)

4

requires its employees to do – which is to include the Fee Chart as part of the loan file, a loan file that is ultimately transferred to a third party when the loan is sold. The Court was absolutely correct in ordering Countrywide to produce the Fee Chart. Simply put, Countrywide has failed to demonstrate that there is a substantial likelihood that it would succeed on the merits given the record in this case and the deference given to the Court's determinations. Accordingly, this factor does not justify staying this Court's discovery Orders.

Second, Countrywide has not and cannot demonstrate that there will be any irreparable harm to it if the Court does not stay its discovery Orders.[3] Countrywide's sole argument regarding this factor is merely that irreparable harm would occur if it was forced to disclose privileged material. Countrywide's argument is without merit. Countrywide's argument is premised on its assertion that if "the Fee Chart is produced, ... privileged legal advice from Countrywide's lawyers will have been disclosed." The flaw in Countrywide's logic is evident – the Fee Chart has already been disclosed to third parties. As the Court will recall, Plaintiffs first became aware of the Fee Chart through litigation in another matter, *Washington v. Countrywide Home Loans, Inc.*, case no. 08-00459-CV-W-FJG. When the Washington loan was sold to a third party, Household Realty Corporation, Countrywide transferred the Fee Chart as part of the loan file. Given its own policy and procedures, it is clear that the Fee Chart was disclosed to third parties each time Countrywide sold and transferred a loan to another entity. Countrywide's argument rings hollow. The so-called harm it seeks to avoid, i.e., disclosure of the Fee Chart, is

---

[3] Plaintiffs note that the Court entered its initial Order requiring Countrywide to produce the Fee Chart on March 23, 2011, and that the Court denied Countrywide's motion to reconsider on May 20, 2011. Although Countrywide has indicated that it will seek to review these orders via a writ of mandamus to the 8th Circuit, it has yet to do so. The failure to do so weighs against a finding of irreparable harm. *Imation, supra*, at *2 n.1 (although party indicated that it would file a petition for writ of mandamus within 10 days, the "failure to file its petition for writ of mandamus ... weighs against a finding of irreparable harm").

5

actually required by its own policies and procedures. As such, Countrywide's assertion that it would be irreparably harmed is meritless.[4]

Third, Plaintiffs would be harmed by the additional delay caused by the entry of a stay. As the Court is aware, discovery in this case has been overly contentious. The various defendants, including but not limited to Countrywide, have frustrated Plaintiffs efforts to conduct legitimate discovery by raising meritless objections to almost all of Plaintiffs' discovery requests. The obstructionist tactics employed have required Plaintiffs to seek court intervention on multiple occasions in an effort to obtain discovery. In every instance, the Court has ordered that the defendant respond to the discovery and produce the requested documents. However, the continual battles over discovery take a toll on Plaintiffs and require Plaintiffs' counsel to dedicate time and resources that could otherwise be used in preparation of its case. In light of the discovery cutoff, which is only a few months away, the inherent delay of Countrywide's multiple attempts to hide the Fee Chart from Plaintiffs is highly prejudicial.

Plaintiffs attempted to obtain the Fee Chart when it served discovery on Countrywide in December 2010. Countrywide refused to produce the Fee Chart and forced Plaintiffs to seek judicial intervention. Even after the Court ordered Countrywide to produce the Fee Chart, Countrywide refused to obey the Order and sought reconsideration. Now after the Court has denied the motion to reconsider and reiterated that the Fee Chart must be produced, Countrywide seeks to further delay production of the Fee Chart that should have been produced months ago

---

[4] Essential to Countrywide's argument is the mistaken assumption that the mere implication of the attorney-client privilege is sufficient to satisfy this factor. If that was truly the case, then this factor would always be satisfied when the issue pertains to the applicability of the attorney-client privilege. However, that is not the case. In fact, one of the cases cited by Countrywide, *Imation Corp. v. Koninklijke Philips Electronics N.V.*, 2009 WL 1766671 (D. Minn. June 22, 2009), demonstrates this point. In *Imation*, one of the parties, Moser Baer, was ordered to produce documents that it contended were privileged. Moser Baer sought a stay of the district court's order and argued that "the production of the privileged communications will cause it irreparable harm." *Id.* at *1. The Court disagreed and denied the request for a stay. *Id.* at 2.

when it "responded" to Plaintiffs' discovery. Further delay of the production of the Fee Chart would harm Plaintiffs and delay follow-up discovery and proceedings in this action. *Imation, supra*, at *2 (passage of several months after order to produce documents and subsequent delay was significant harm to party seeking documents and justified the denial of the stay of discovery order).

Lastly, the public interest would not be served by staying the discovery order. Again, Countrywide asserts that public policy weighs in favor of granting a stay, through the mere invocation of the attorney-client privilege. Simply because the assertion of the privilege is implicated does not automatically mean that the public interest would be served by staying the discovery order. The important question is not whether an interest is important in the abstract but whether such an interest overrides competing public interests. Here, there is a public interest in judicial economy and ensuring respect for the finality of the Court's decisions, which would be frustrated by allowing Countrywide to further delay its obligations to produce the Fee Chart; there is a public interest in ensuring that Plaintiffs have a fair opportunity to have their claim justly adjudicated. That opportunity would be frustrated by preventing Plaintiffs from having access to the Fee Chart, a document found not to be privileged, to prepare for its case against Countrywide. Further there is very strong public interest in requiring the parties and their counsel to abide by the rules of civil procedure and their discovery obligations. The mere implication of the attorney-client privilege, especially here where it is clear that the privilege does not exist, pales in comparison to these other, equally important public concerns.

7

## III. Conclusion

For the foregoing reasons, this Court should deny Countrywide's instant request to stay the Court's previous discovery orders that required Countrywide to produce the Fee Chart and should further order that Countrywide produce the Fee Chart within 1 business day of its Order.

Dated: May 26, 2011

Respectfully submitted,

WALTERS BENDER STROHBEHN
& VAUGHAN, P.C.

By:   /s/ Bruce V. Nguyen
    R. Frederick Walters - Mo. Bar25069
    J. Michael Vaughan Mo. Bar24989
    Kip D. Richards - Mo. Bar39743
    David M. Skeens -Mo. Bar 35728
    Karen W. Renwick – Mo. Bar41271
    Garrett M. Hodes - Mo. Bar50221
    Matthew R. Crimmins - Mo. Bar53138
    Bruce V. Nguyen – Mo. Bar52893
    2500 City Center Square
    1100 Main Street
    P.O. Box 26188
    Kansas City, MO64196
    (816) 421-6620
    (816) 421-4747 (Facsimile)
    ATTORNEYS FOR PLAINTIFFS
    AND CLASS COUNSEL

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 26th day of May, 2011, I electronically filed the above and foregoing document with the Clerk of Court using the Court's ECF system, which will send notification of said filing to all counsel of record who are ECF participants.

                          /s/ Bruce V. Nguyen