IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL P. AND SHELLIE GILMOR, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:10-CV-00189-HFS |
| | ) | |
| PREFERRED CREDIT CORPORATION, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**SEPARATE ANSWER AND AFFIRMATIVE DEFENSES
OF DEFENDANT WINGSPAN PORTFOLIO ADVISORS, LLC
TO PLAINTIFFS' SEVENTH AMENDED COMPLAINT**

COMES NOW Defendant Wingspan Portfolio Advisors, LLC ("Wingspan"), and for its Answer to plaintiffs' Seventh Amended Complaint ("Complaint"), states as follows:

### INTRODUCTION

1. Paragraphs 1 and 2 of the Complaint state no allegation of fact or law and no response is necessary. However, in the event that a response is necessary the statements contained in paragraphs 1 and 2 of the Complaint are denied.

### THE PLAINTIFFS

2. Wingspan is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 3 through 19 of the Complaint and therefore denies same.

### DEFENDANT PREFERRED CREDIT

3. Wingspan is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 20 through 22 of the Complaint and therefore denies same.

## THE INVESTOR DEFENDANTS

4. Wingspan is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 23 through 76 of the Complaint and therefore denies same.

5. In response to paragraph 77 of the Complaint, Wingspan admits that it is a Texas Limited Liability Corporation.

6. Wingspan is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 78 of the Complaint and therefore denies same. On information and belief, and subject to further investigation, Wingspan believes that it serviced three second mortgage loans originated by Preferred Credit to a member of the class.

## THE DOE DEFENDANTS

7. Wingspan is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 79 of the Complaint and therefore denies same.

## THE ASSIGNEE DEFENDANTS

8. Wingspan denies the allegations set forth in paragraphs 80 through 82 of the Complaint.

9. Wingspan denies the allegations set forth in paragraph 83 of the Complaint in that it, as an "Assignee Defendant" as that word is used in the Complaint, is not a "moneyed corporation" within the meaning of RSMo. § 516.420 and that such an allegation is a conclusion of law and not a fact. Further answering Wingspan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 83 of the Complaint and therefore denies same.

10. Wingspan denies the allegations set forth in paragraph 84 of the Complaint.

## JURISDICTION AND VENUE

11. Wingspan denies the allegations set forth in paragraph 85 of the Complaint.

12. Wingspan is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 86 of the Complaint and therefore denies same.

13. Wingspan denies the allegations set forth in paragraph 87 as to itself. Wingspan is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 87 of the Complaint as to the other alleged Assignee Defendants and therefore denies same.

14. Wingspan denies the allegations set forth in paragraph 88 of the Complaint.

## GENERAL ALLEGATIONS

15. Wingspan denies the allegations set forth in paragraph 89 and, further answering, states that RSMo. §§ 408.231, et seq., speak for themselves.

16. Wingspan is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 90 of the Complaint and therefore denies same and, further answering, states that RSMo. §§ 408.231.3 and 408.234.2 speak for themselves.

16. Wingspan is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 91 through 93 of the Complaint and therefore denies same.

17. Wingspan denies the allegations contained in paragraphs 94 and 95 of the Complaint.

18. Wingspan is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 96 of the Complaint and therefore denies same.

19. Wingspan denies the allegations contained in paragraph 97 of the Complaint.

### THE GILMORE SECOND MORTGAGE LOAN

20. Wingspan is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 98 through 107 of the Complaint and therefore denies same.

### THE HARRIS SECOND MORTGAGE LOANS

21. Wingspan is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 108 through 117 of the Complaint and therefore denies same.

### THE PARVIN SECOND MORTGAGE LOAN

22. Wingspan is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 118 through 127 of the Complaint and therefore denies same.

### THE VARNS SECOND MORTGAGE LOAN

23. Wingspan is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 128 through 137 of the Complaint and therefore denies same.

### THE SHIPMAN SECOND MORTGAGE LOAN

24. Wingspan is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 138 through 147 of the Complaint and therefore denies same.

### THE JONES SECOND MORTGAGE LOAN

25. Wingspan is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 148 through 157 of the Complaint and therefore denies same.

### THE JAMES SECOND MORTGAGE LOAN

26. Wingspan is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 158 through 167 of the Complaint and therefore denies same.

### THE SCHAEFER SECOND MORTGAGE LOAN

27. Wingspan is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 168 through 177 of the Complaint and therefore denies same.

### THE WARKENTIEN SECOND MORTGAGE LOAN

28. Wingspan is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 178 through 187 of the Complaint and therefore denies same.

### THE RUMANS SECOND MORTGAGE LOAN

29. Wingspan is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 188 through 197 of the Complaint and therefore denies same.

### THE WORTHY SECOND MORTGAGE LOAN

30. Wingspan is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 198 through 207 of the Complaint and therefore denies same.

### THE ROCKETT SECOND MORTGAGE LOAN

31. Wingspan is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 208 through 217 of the Complaint and therefore denies same.

### THE HUDSON SECOND MORTGAGE LOAN

32. Wingspan is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 218 through 227 of the Complaint and therefore denies same.

### THE WOODWARD SECOND MORTGAGE LOAN

33. Wingspan is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 228 through 237 of the Complaint and therefore denies same.

### THE WEATHERSBY SECOND MORTGAGE LOAN

34. Wingspan is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 238 through 247 of the Complaint and therefore denies same.

### THE MOONEY SECOND MORTGAGE LOAN

35. Wingspan is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 248 through 257 of the Complaint and therefore denies same.

### THE BLACK SECOND MORTGAGE LOAN

36. Wingspan is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 258 through 267 of the Complaint and therefore denies same.

### CLASS ACTION FOR VIOLATIONS OF MISSOURI'S SECOND LOANS ACT
### PLAINTIFF CLASS ACTION ALLEGATIONS

37. Wingspan is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 268 of the Complaint and therefore denies same.

38. Wingspan is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 269 through 274 of the Complaint and therefore denies same.

39. Wingspan denies the allegations set forth in paragraphs 275 and 276 of the Complaint.

### Defendants' Liability Under Missouri's Second Mortgage Loans Act

40. Wingspan is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 277 of the Complaint and therefore denies same and, further answering, that RSMo. §§ 408.231, et seq., speak for themselves.

41. Wingspan denies paragraph 278 of the Complaint in that the allegations are conclusions of law and not facts and, further answering, that RSMo. § 408.233 speaks for itself.

42. Wingspan denies the allegations set forth in paragraph 279 and each of its subparts of the Complaint as to itself. Wingspan is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 279 and each of its subparts of the Complaint as to Preferred Credit and the other alleged Assignee Defendants and therefore denies same.

43. Wingspan denies paragraph 280 of the Complaint in that the allegations are conclusions of law and not facts and, further answering, that RSMo. § 408.236 speaks for itself.

44. Wingspan denies the allegations set forth in paragraph 281 as to itself. Wingspan is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 281 of the Complaint as to Preferred Credit or the other alleged Assignee Defendants and therefore denies same.

45. Wingspan denies the allegations set forth in paragraphs 282 through 285 of the Complaint.

46. Wingspan denies paragraph 286 of the Complaint in that the allegations are conclusions of law and not facts and, further answering, that RSMo. § 408.562 speaks for itself.

47. Wingspan denies the allegations set forth in paragraphs 287 and 288 of the Complaint.

## DEFENDANT CLASS ACTION ALLEGATIONS

48. Wingspan denies the allegations set forth in paragraph 289 of the Complaint and each of its subparts.

49. Wingspan denies the allegations set forth in paragraphs 290 and 291 of the Complaint.

50. Wingspan denies the allegations set forth in paragraph 292 of the Complaint and each of its subparts.

51. Wingspan denies the allegations set forth in paragraphs 293-296 of the Complaint.

## AFFIRMATIVE DEFENSES

52. Further answering, Wingspan denies each and every allegation contained in the Complaint, not herein expressly admitted.

53. The Complaint fails to state facts sufficient to constitute a claim, or claims, upon which relief can be granted in favor of plaintiff and against Wingspan.

54. All or part of any claim made by plaintiffs in the Complaint is barred by the applicable three year statute of limitations, set forth in RSMo. § 516.130(2), or in the alternative, is barred by the applicable five year statute of limitations set forth in RSMo. § 516.120 or any other statute of limitations found by the court to be applicable to plaintiffs' claims.

55. A state court class was certified on January 2, 2003. The defendants at that time were Preferred Credit Corporation, Impac Funding Corporation, Impac Mortgage Holding, Inc., Impac Secured Assets CMN Trust Series 1998-1, Bankers Trust Company, Bankers Trust Company of California, and U.S. Bank National Association N.D. The remaining defendants were joined after entry of the January 2, 2003 class certification order.[1] Many of the later joined defendants have dispositive motions pending before the Court, including the assertion of

---

[1] Current defendants not in the case at the time of class certification include Preferred Mortgage Trust 1996-1; Preferred Mortgage Trust 1996-2; Preferred Credit Trust 1997-1; JP Morgan Chase Bank as trustee; Wendover Financial Services Corporation; Residential Funding Corporation, Sovereign Bank, Empire Funding Home Loan Owner Trust 1998-1, U.S. Bank National Association as trustee, Wilmington Trust Company as trustee, Countrywide Home Loans, Inc., Wells Fargo Bank, Ocwen Loan Servicing LLC, United Mortgage C.B., LLC, Credit Suisse First Boston Mortgage Securities Corp., Credit-Based Asset Servicing & Securitization, LLC, IMH Assets Corporation, Impac CMB Trust Series 2003-5, LaSalle National Bank, Litton Loan Servicing L.P., FDIC (as successor to Corus Bank).

jurisdictional defenses based upon lack of standing and lack of personal jurisdiction. The state court class certification order is inapplicable to Wingspan.

No class action, for either plaintiffs or defendants, should be certified by the Court under the Complaint because plaintiffs have failed to plead any facts to show any the following, all of which are required pursuant to Rule 52.08:

a.  that there is any justiciable controversy;

b.  that plaintiffs' claims against Wingspan are claims that other proposed class members would have against Wingspan;

c.  that plaintiffs have a cause of action against a class of defendants and not just one;

d.  that plaintiffs have suffered the same injuries and have the same interests as other members of the proposed class;

e.  that the class has been sufficiently defined or is definable;

f.  that the joinder of individual parties would be inconvenient and difficult;

g.  that there is an impracticality of joinder of individual litigants;

h.  that individual members of the proposed class would not be able to initiate and pursue an action on their own behalf;

i.  that there are common questions of law and fact that predominate among the proposed class members;

j.  that there is a single event or remedial theory common to all members of the proposed class;

k.  that the claims of individual parties of the proposed class would be the same as those claims of plaintiffs; and

l.  that there would be prejudice caused by multiple suits.

56. Plaintiffs cannot adequately represent the proposed plaintiffs' class because:

a. plaintiffs lack standing to act as class representatives;

b. plaintiffs cannot act as a fiduciary;

c. plaintiffs have no substantial stake in the controversy;

d. plaintiffs have not shown they have adequate resources to pursue the class action effectively for the other proposed members of the class;

e. plaintiffs are not motivated in this litigation by the fact they may have been charged too much interest or fees in excess of those allowed by Missouri law, but rather but their personal interest to avoid repayment of their loan; and

f. plaintiffs' interest in the litigation may conflict with the interests of the other proposed class members.

57. In the alternative, certification of the class by the Court would be premature without there first being adequate discovery and an evidentiary hearing so that plaintiffs' allegations can be fully understood and explained and the members of the putative class can be identified.

58. In the alternative, all or part of plaintiffs' class action claims, and the size of any such class, are barred by the applicable three year statute of limitations set forth in § 516.130(2) RSMo., or in the alternative, the applicable five year statute of limitations set forth in § 516.120 RSMo or any other statute of limitations found by the court to be applicable to plaintiffs' claims.

59. In the alternative, the court lacks jurisdiction over all, or in the alternative, some, of the members of the defendant putative class.

60. Assignees are not liable for the intentional acts of the assignor and have not taken any instruments subject to the borrower's defenses or claims.

61. In connection with any plaintiffs' mortgage loan transactions (or any alleged transactions with any purported class member), Wingspan never employed conduct that was intentional, willful, wanton, or malicious, and never otherwise showed a complete indifference to or a conscious disregard of plaintiffs or any purported class members' rights such that it would be subject to punitive damages or attorneys' fees.

62. Plaintiffs' claims are barred to the extent that any violation of the Missouri Second Mortgage Loans Act was the result of an accidental and bona fide error of computation or was the result of an accident or was omitted in reliance on a written interpretation of the Missouri Division of Finance on the provisions of Mo. Rev. Stat. §§ 408.231 to 408.241.

63. Plaintiffs' claims are barred by application of the doctrine of failure to mitigate damages to the extent that plaintiffs failed to avoid the consequences of their own conduct. Plaintiffs were under an obligation to minimize their alleged damages, if any, once they realized a claim existed.

64. Plaintiffs' claims are barred by the doctrines of waiver, estoppel, ratification and consent.

65. Plaintiffs' claims are barred by application of the holder in due course rule.

66. Plaintiffs' claims are barred by res judicata and collateral estoppel because some or all of the loan transactions and occurrences of which the plaintiffs and plaintiff class complain have already been the subject matter of lawsuits in state and/or federal court.

67. Plaintiffs' claims are barred by the compulsory counterclaim rule generally and specifically by Missouri Supreme Court Rule 55.32 because some or all of the loan transactions and occurrences of which the plaintiffs and plaintiff class complain have already been the subject matter of lawsuits in state and/or federal court.

68. Wingspan reserves the right to assert any other or additional defense as may be disclosed by discovery.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered the allegations contained plaintiffs' Seventh Amended Complaint, Wingspan prays that plaintiffs take nothing by reason of the Complaint; that the Complaint be dismissed with prejudice; that Wingspan have and recover its costs herein incurred and expended; that Wingspan recover its attorneys' fees; and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

MARTIN, LEIGH, LAWS & FRITZLEN, P.C.

/s/ Thomas J. Fritzlen, Jr.
Thomas J. Fritzlen     MO # 34653
Scott M. Brinkman     MO # 46731
Desarae G. Harrah     MO # 57969
1044 Main Street, Ste. 900
Kansas City, Missouri 64105
Telephone: (816) 221-1430
Facsimile: (816) 221-1044
tjf@mllfpc.com;smb@mllfpc.com
dgh@mllfpc.com
ATTORNEYS FOR DEFENDANT
WINGSPAN PORTFOLIO ADVISORS, LLC

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document was filed electronically with the above-captioned court, with notice of case activity to be generated and sent electronically by the Clerk of said court (with a copy to be mailed to any individuals who do not receive electronic notice from the Clerk) this 21st day of June, 2011.

/s/ Thomas J. Fritzlen, Jr.
Attorney for Wingspan Portfolio Advisors, LLC