
ENTERED
11/14/02

CLERK'S OFFICE U.S. DIST COURT
AT LYNCHBURG, VA
FILED
NOV 14 2002
JOHN F. CORCORAN, CLERK
BY: Carolyn Proffitt
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| MICHAEL AND DEBORAH CHEEK, individually, and on behalf of all others similarly situated, | ) ) ) ) | CIVIL ACTION NO. 6:01CV00044 |
| Plaintiffs, | ) ) | |
| v. | ) ) | ORDER |
| FIRSTPLUS BANK, et al., | ) ) | |
| Defendants. | ) | JUDGE NORMAN K. MOON |

These matters come before this Court on the separate Motions to Dismiss of Defendants Sovereign Bank, the Seventeen Defendants, and GMAC-Residential Funding Corporation.

Because the Named Plaintiffs, Michael and Deborah Cheek, lack standing to bring suit against Sovereign Bank, the Seventeen Defendants, and GMAC-Residential Funding Corporation, the Motion to Dismiss is GRANTED. These suits will be DISMISSED WITHOUT PREJUDICE.

It is so ORDERED.

The Clerk of the Court is directed to send certified copies of this ORDER to all Counsel of record.

Entered: _____
U.S. District Judge

Date: 11/14/02

A TRUE COPY, TESTE:
JOHN F CORCORAN, CLERK
BY: Carolyn Proffitt
DEPUTY CLERK

EXHIBIT
1

CLERK'S OFFICE U.S. DIST COURT
AT LYNCHBURG, VA
FILED

NOV 1 4 2002

JOHN F. CORCORAN, CLERK
BY: Carolyn Praffitt
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| MICHAEL AND DEBORAH CHEEK, individually, and on behalf of all others similarly situated, | ) ) ) ) | CIVIL ACTION NO. 6:01CV00044 |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | MEMORANDUM OPINION |
| FIRSTPLUS BANK, et al., | ) ) ) | |
| Defendants. | ) | JUDGE NORMAN K. MOON |

These matters come before this Court on the separate Motions to Dismiss of Defendants Sovereign Bank, the Seventeen Defendants, and GMAC-Residential Funding Corporation ("Relevant Defendants"). This Court will consider the Motions to Dismiss together because all three Relevant Defendants argue that the cases against them should be dismissed because the Plaintiffs, Michael and Deborah Cheek and others similarly situated ("Named Plaintiffs") lack standing to sue the Relevant Defendants.

On August 3, 2001, the Named Plaintiffs filed this action against a number of Defendants, including FirstPlus Bank, Sovereign Bank, and the Seventeen Defendants, alleging that Defendants are current holders or assignees of mortgage notes that violate federal and state lending laws. GMAC-Residential Funding Corporation was added as a party in the First Amended Complaint, on November 20, 2001. The Named Plaintiffs never assert that the Relevant Defendants are holders or secondary purchasers of <u>their</u> loans, and in fact in their response to these Motions to Dismiss, refer to the "defendants other than [FirstPlus] Bank [ ], which *do not hold the named Plaintiff's loans...*" Reply Motion at 13 (emphasis added). This

126

Case 4:10-cv-00189-ODS   Document 326-1   Filed 06/27/11   Page 2 of 5

Court will accept as true this characterization of the Relevant Defendants; while they may be assignees or holders of mortgages from FirstPlus Bank, they are not assignees or holders of the Named Plaintiffs' mortgages from FirstPlus Bank.

The Named Plaintiffs are Virginia homeowners who obtained a loan from FirstPlus on August 26, 1998. The Named Plaintiffs allege that they and other similarly situated persons were charged fees in excess of those allowed by relevant Virginia statutes. Furthermore, they allege that FirstPlus Bank violated the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, and the Home Owner's Equity Protection Act of 1994 ("HOEPA"), 15 U.S.C. §§ 1602(aa), 1639, 1641(d). Under HOEPA, assignees or secondary market purchasers of loans of the type in question are subject to the same liabilities as the original lender. *Id.* Relevant Virginia law closely resembles this approach. *See* Va. Code § 6.1-330.59(B).

On March 20, 2002, the Relevant Defendants submitted Motions to Dismiss. The arguments raised in these Motions are substantially similar, and each raised the issue of whether Plaintiffs have standing to assert claims against the Relevant Defendants, who are not holders or assignees of the Named Plaintiffs' loans. This Court now considers this issue.

Article III of the United States Constitution provides that federal courts may only hear justiciable cases or controversies. U.S. Const. Art. III, § 2. In a class action, or a potential class action, the individual standing of each named plaintiff vis-a-vis each defendant is a threshold issue. *Simon v. Eastern Kentucky Welfare Rights Org.* et al., 426 U.S. 26, 40, 96 S.Ct. 1917 (1976). A named plaintiff "cannot represent those having causes of action against other defendants against whom the plaintiff has no cause of action and from whose hands he suffered no injury." *Thompson v. Bd. of Educ. of the Romeo Cmty. Schs.*, 709 F.2d 1200, 1204 (6th Cir.

2

1983), quoting *LaMar v. H & B Novelty & Loan Co.*, 489 F.2d 461, 466 (9th Cir. 1973).

In the case at hand, none of the Relevant Defendants actually held, or were assignees of, the Named Plaintiffs' loans. Even if this Court were to certify the class, this would not alter the fact that the Named Plaintiffs do not, and never did, have a controversy with these Relevant Defendants. The Plaintiffs make several arguments in response to the Motions to Dismiss, but the arguments all overlook the significance of Article III standing or overstate the role statutory and procedural provisions play in jurisdiction.

The Plaintiffs seem to argue that HOEPA provides standing for the Named Plaintiffs to pursue this action against the Relevant Defendants. They point to HOEPA language which subjects any person who purchases or is assigned a mortgage to the same claims and defenses with respect to that mortgage as the consumer could assert against the creditor of the mortgage, and reason that this language confers standing for suit against the Relevant Defendants, or that it precludes the Relevant Defendants from asserting lack of standing as a defense. 15 U.S.C. § 1641(d)(1). However, this argument is flawed because standing is a threshold jurisdictional question, and the Named Plaintiffs have not shown the requisite standing to sue the Relevant Defendants.

The Named Plaintiffs also cite *Moore v. Comfed Savings Bank*, 908 F.2d 834 (11th Cir. 1990), in which the Eleventh Circuit in a similar factual scenario held that the named plaintiffs had standing over the assignee defendants, who were properly named under permissive joinder rules. *Id.* at 838-39, citing Fed. R. Civ. Pro. 20. The assignee defendants in *Moore* never held the specific loans made to the named plaintiffs, but held other identical loans from the same originating lender. The *Moore* court never resolved the standing question, however, and instead

3

focused on whether joinder was proper under the Federal Rules. The Named Plaintiffs cannot use joinder rules to cure their lack of standing. This Court need not address whether joinder is necessary or even appropriate, because procedural rules such as the joinder rules do not expand the jurisdictional boundaries of federal courts beyond the Article III limitations. *See, e.g., Christiansen v. Beneficial Nat'l Bank*, 972 F.Supp 681, 683 n.2 (S.D. Ga. 1997).

Plaintiffs do not have standing against any of the Relevant Defendants, since none of them hold the Named Plaintiffs' loans. Consequently, this Court will grant the Motions to Dismiss of these Relevant Defendants.

Entered: *Norman K. Moon*
U.S. District Judge

Date: 11/14/02

A TRUE COPY, TESTE:
JOHN F CORCORAN, CLERK
BY: *Carolyn Proffitt*
DEPUTY CLERK

4