FILED 
02 AUG 28 PM 4:22

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **TRACI PARRIS,** on behalf of herself and of all other persons similarly situated, ) ) ) ) ) Plaintiff, ) ) v. ) ) **SOVEREIGN BANK** ) ) ) Defendants. ) | No. 98 CV-2876 DA |

## ORDER GRANTING DEFENDANT SOVEREIGN BANK'S MOTION TO DISMISS

This matter is before the Court on Defendant Sovereign Bank's Motion to Dismiss Plaintiff Traci Parris' claims on the grounds that Plaintiff lacks standing to bring such claims, and that Plaintiff fails to state a claim upon which relief can be granted. This Court has jurisdiction pursuant to 28 U.S.C. § 1332. For the following reasons, the Court grants Defendant's motion, and Plaintiff's claims as to Sovereign Bank are **DISMISSED**.

**I.  Factual Background**

For purposes of the instant motion only, the court accepts the following facts alleged in Plaintiff's Second Amended Complaint as true. Plaintiff obtained a second mortgage home equity loan from Mortgage Lenders on or about September 10, 1997. Sec. Am. Cmpl. ¶ 36. The principal

1

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 8-29-02


EXHIBIT 2

amount of the loan was $35,000, secured by Plaintiff's residence. Id. The Defendant is a current holder or assignee of certain of the second mortgage notes between Mortgage Lenders and Plaintiff and the putative class members. Id. at ¶ 35.

On October 2, 1998, Plaintiff Traci Parris filed a class action lawsuit against Mortgage Lenders, Mego Mortgage Corp. and City Mortgage Services, Inc., alleging violations of Tennessee statutes in connection with charges and costs assessed in the issuance of second mortgages. On May 20, 1999, Plaintiff filed a First Amended Complaint making similar allegations, and requesting a jury trial. On April 12, 2002 Plaintiff filed a Second Amended Complaint against Sovereign Bank making similar allegations. All three of the Complaints allege that Defendant violated Tennessee Code Annotated Sections 47-14-102, 47-14-103, 47-14-112, 47-14-113, 47-14-117, 47-15-102, 47-15-103, 47-15-104, 45-13-102, 45-13-103.

On June 11, 2002, Defendant filed a Motion to Dismiss the Second Amended Complaint under Federal Rule of Civil Procedure 12(b)(2) asserting that Plaintiff lacked standing, and under Federal Rule of Civil Procedure 12(b)(6) asserting that Plaintiff failed to state a claim upon which relief could be granted.

## II. Legal Standard

Article III of the United States Constitution provides that federal courts may hear only justiciable cases or controversies. U. S. Const. Art. III, ¶2; see also Nat'l Rifle Ass'n of Am. v. Magaw, 132 F.3d 272, 279 (6th Cir. 1997) (noting that Article III "confines the federal courts to adjudicating 'cases' and 'controversies' and that '[t]he threshold question in every federal case is whether the court has the judicial power to entertain the suit'" (internal citations omitted)). In

2

evaluating whether a case is justiciable, a court must determine whether the plaintiff has standing to bring the lawsuit. Nat'l Rifle Ass'n, 132 F.3d at 279-280. The Supreme Court has "established that the irreducible constitutional minimum of standing contains three elements." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). First, the plaintiff must have suffered an injury in fact. This injury must be "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." Id. (internal quotations and citations omitted). Second, standing requires a causal connection between plaintiff's injury and defendant's action, i.e. the injury must be "fairly traceable to the challenged action of the defendant." Id. (internal quotations and citations omitted). Third, it must be likely that the requested relief will redress the plaintiff's injury. Id. at 561. (internal quotations and citations omitted).

In a putative class action, the individual standing of each named plaintiff must correspond to each defendant. Fallick v. Nationwide Mut. Ins. Co., 162 F.3d 410, 423 (6th Cir. 1998). Named plaintiffs do not acquire standing simply by filing lawsuits as class actions. "[A] plaintiff 'cannot represent those having causes of action against other defendants against whom the plaintiff has no cause of action and from whose hands he suffered no injury.' This is true even though the plaintiff may have suffered an injury identical to that of the other parties he is representing." Thompson v. Bd. of Educ. of the Romeo Cty. Sch., 709 F.2d 1200, 1204 (6th Cir. 1983) (quoting LaMar v. H & B Novelty & Loan Co., 489 F.2d 461, 462 (9th Cir. 1973)).

Two exceptions give rise to the "very limited circumstances" in which the rule that each named plaintiff must have standing against each defendant may be overlooked: "(1) situations in which all injuries are the result of a conspiracy or concerted schemes between the defendants at whose hands the class suffered injury; and (2) instances in which all defendants are *juridically*

3

*related* in a manner that suggests a single resolution of the dispute would be expeditious." Id. at 1204-1205 (emphasis in original). A juridical relationship among defendants is most often found "'[w]here all members of the defendant class are officials of a single state and are charged with enforcing or uniformly acting in accordance with a state statute, or common rule or practice of state-wide application which is alleged to be unconstitutional.'" Id. at 1205 (internal citations omitted).

### III. Analysis

Defendant argues that Plaintiff does not allege a case or controversy between herself and Defendant, and consequently fails to establish that she has standing to sue. The Court agrees. "'[T]he exercise of judicial power is generally inappropriate in a case where the named plaintiffs do not have a cause of action against *each defendant*.'" Thompson, 709 F.2d at 1205 (emphasis added). The only facts before the Court are those alleged by Plaintiff. In the Second Amended Complaint, Plaintiff states only that "the named defendants ... are current holders or assignees of certain of the second mortgage notes between Mortgage Lenders and Plaintiff class members." Sec. Am. Cmpl. at ¶ 35. This allegation alone is insufficient to establish that Defendant directly injured Plaintiff. Therefore, Plaintiff has failed to demonstrate that she has standing to sue Defendant

Plaintiff asserts that because she suffered an injury identical to those of the putative class members, she has standing to sue Defendant. The Court finds this argument without merit. No class has been certified in this case. Thus, it is only Plaintiff's standing to sue that is relevant at this stage. Warth v. Seldin, 422 U.S. 490, 502, 95 S.Ct. 2197 (1975) ("Unless [Plaintiff] can ... demonstrate the requisite case or controversy between [herself] personally and [Defendants], 'none may seek relief on behalf of himself or any other member of the class.'"); Thompson, 709 F.2d at

4

1204 (quoting LaMar v. H & B Novelty & Loan Co., 489 F.2d 461, 462 (9th Cir. 1973)) ("a plaintiff 'cannot represent those having causes of action against other defendants against whom the plaintiff has no cause of action and from whose hands he suffered no injury.' This is true even though the plaintiff may have suffered an injury identical to that of the other parties he is representing.").

Furthermore, Plaintiff has not alleged sufficient facts to demonstrate that either of the exceptions to the rule that standing must be established with respect to every named defendant apply in this case. She has not alleged that Defendant acted in concert or conspiracy with anyone; nor has she demonstrated a juridical relationship amongst Defendant and any other companies. Thompson, 709 F.2d at 1204-1205. As the Sixth Circuit emphasized in Thompson, a juridical relationship is most often found in cases involving a state statute or uniform policy. Thompson, 709 F2d. at 1205. This case involves neither. The mere fact that Defendant and other companies purchased second mortgages from Mortgage Lenders does not create a relationship that parallels that shared amongst public officers acting in accordance with a statute.

Therefore, taking the allegations of the Second Amended Complaint as true, the record fails to allege direct injury to Plaintiff by Defendant, and the Court finds that Plaintiff failed to establish that she has standing to sue Defendant. Accordingly, Defendant's Motion to Dismiss is **GRANTED**, and Plaintiff's claims are **DISMISSED** as to Sovereign Bank.

5

## IV. Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED**, and Plaintiff's claims as to Defendant are **DISMISSED**.

IT IS SO ORDERED this 28th day of August, 2002

BERNICE BOUIE DONALD
UNITED STATE DISTRICT JUDGE

6