Westlaw.

Not Reported in F.Supp.2d
(Cite as: 2002 WL 1155325 (S.D.Ill.))
< KeyCite Citations >

Only the Westlaw citation is currently available.

United States District Court, S.D. Illinois.

Joseph DUNDEN, Keith Callender, Diana Callender, Tommy Speece, and Geraldine Speece, Each Individually and on Behalf of All Others Similarly Situated,
Plaintiffs,
v.
FIRSTPLUS BANK, FirstPlus Home Loan Trust 1996-2, FirstPlus Home Loan Trust 1996-3, FirstPlus Home Loan Trust 1996-4, FirstPlus Home Loan Trust 1997-1, FirstPlus Home Loan Trust 1997-2, FirstPlus Home Loan Trust 1997-3, FirstPlus Home Loan Trust 1997-4, FirstPlus Home Loan Trust 1998-1, FirstPlus Home Loan Trust 1998-2, FirstPlus Home Loan Trust 1998-3, FirstPlus Home Loan Trust 1998-4, FirstPlus Home Loan Trust 1998-5, German American Capital Corporation, UBS Warburg Real Estate Securities, Inc., f/k/a Paine Webber Real Estate Securities, Inc., Ace Securities Corporate Home Loan Trust 1999 a Asset Backed Note, Sovereign Bank Foundation, Real Time Resolutions, Inc., and U.S. Bank, N.A., Defendants.

No. CIV. 01-408-GPM.

April 29, 2002.

## MEMORANDUM AND ORDER

MURPHY, Chief District J.

*1 This matter came before the Court on February 11, 2002, for a hearing on all pending motions. In light of certain arguments presented and the fact that the Court would be hearing arguments on virtually identical motions in a similar case filed by Plaintiffs' counsel entitled *Mary E. Yarbrough v. First One Lending, et al.,* civil case number 01-774-GPM, the Court took under advisement the motions to dismiss filed by Defendants Sovereign Bank Foundation (Sovereign) and UBS Warburg Real Estate Securities, Inc. (UBS).

In this putative class action, which was removed to this Court under diversity of citizenship jurisdiction, Plaintiffs allege that Defendants violated the Illinois Interest Act and the Illinois Consumer Fraud and Deceptive Business Practices Act in connection with over 2,000 second mortgage loans made by Defendant FirstPlus Bank and non-party FirstPlus Financial, Inc., and assigned to the other Defendants (holder Defendants). According to Plaintiffs, the loans at issue are governed by the provisions of the Home Ownership Equity Protection Act, 15 U.S.C. § 1641(d), which provides the basis for assignee liability (*see* Doc. 48).

Sovereign moves to dismiss any and all claims against it because it has not previously and does not currently hold any such loans (*see* Doc. 14). During the hearing, Plaintiffs conceded that they named the wrong party and stated that they intended to amend the complaint to name a different, but related, entity. To date, Plaintiffs have failed to rectify their error. Accordingly, Sovereign's motion to dismiss (Doc. 14) is GRANTED, and Defendant Sovereign Bank Foundation is hereby DISMISSED with prejudice from this action. For purposes of making a complete record, Sovereign's motion for leave to submit additional authority (Doc. 73) is GRANTED.

UBS presents a different argument in its motion to dismiss. It argues, among other things, that Plaintiffs lack standing to assert their claims against UBS because no named Plaintiff has a second mortgage note held by UBS (Doc. 16). In response, Plaintiffs argue, under a "juridical link" theory, that the named Plaintiffs may pursue their claims against UBS because UBS holds the second mortgage notes of putative class members. Plaintiffs contend that the holder Defendants are "juridically linked" because they "agreed with [FirstPlus Bank] and/or [FirstPlus Financial, Inc.,] or their assignees to purchase

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works



Illinois loans sold to Plaintiffs and class members which violated" Illinois law (Doc. 48, p. 11). In other words, Plaintiffs contend that they have standing to assert their claims against all Defendants because all of the holder Defendants are linked to Plaintiffs through a common juridical lynchpin--i.e., FirstPlus Bank and/or FirstPlus Financial, Inc., who originated the loans (see id. at 9). Plaintiffs maintain that all of the holder Defendants are properly named under the permissive joinder rule, Federal Rule of Civil Procedure 20.

*2 During the hearing held in the *Yarbrough* case on February 13th, Plaintiffs presented what the Court considers to be a more interesting argument. Plaintiffs argued that under *Ortiz v. Fibreboard Corporation*, 527 U.S. 815 (1999), the Court should address the propriety of class certification before determining Article III standing. Consequently, Plaintiffs continued, should the class be certified, then the representative Plaintiffs would have standing to sue UBS based on the fact that UBS holds the notes of absent class members. Even though the *Ortiz* argument does not appear in Plaintiffs' pleadings in this case, the Court finds it appropriate to consider the argument, especially in light of UBS's supplemental memorandum filed March 12, 2002 (Doc. 81), which addresses the *Ortiz* case. [FN1]

> FN1. The *Yarbrough* case has since been remanded to state court for lack of subject matter jurisdiction. Therefore, the Court has yet to decide the validity of Plaintiffs' argument.

It is true, as Plaintiffs contend, that *Ortiz* states:
Ordinarily, of course, this or any other Article III court must be sure of its own jurisdiction before getting to the merits. But the class certification issues are, as they were in [*Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997),] "logically antecedent" to Article III concerns, and themselves pertain to statutory standing, which may properly be treated before Article III standing. Thus the issue about Rule 23 certification should be treated first, "mindful that the Rule's requirements must be interpreted in keeping with Article III constraints."
*Ortiz*, 527 U.S. at 831, quoting *Amchem*, 521 U.S. at 612-13 (internal citations omitted). The applicability of *Ortiz* to this case must be evaluated in light of the Seventh Circuit Court of Appeals' subsequent opinion in *Jackson v. Resolution GGF Oy*, 136 F.3d 1130 (7th Cir.1998). In *Jackson*, Judge Easterbrook described the standing issue presented as follows.
[T]here is a question what Norwest Financial Illinois, Inc., one of the defendants, is doing in any court. Norwest bought some of Harbor's paper but does not hold the notes signed by any of the plaintiffs, and it asked the court to dismiss it from the case on the ground that none of the plaintiffs had standing to pursue a claim against it. The district judge did not act on this motion. Like any other jurisdictional issue, this subject should have received priority consideration. Norwest's position is impeccable. Some other borrowers may have claims against it, but none of these plaintiffs does--and as the case was not certified as a class action, the only claims before the court are those of the plaintiffs personally. We need not decide whether Norwest would have been a proper defendant had a class been certified even though none of the representative plaintiffs held a legal claim against it. There is no case or controversy between Norwest and any of the named plaintiffs, so Norwest must be dismissed as a party.
*Jackson*, 136 F.3d at 1132. Notably, the *Jackson* opinion makes no reference to *Ortiz*, and understandably so. The standing issues presented in the two cases are easily distinguishable. The Article III issue in *Ortiz* related to the settlement of potential future claims for injuries that had not manifested at the time the action was filed or even settled. Thus, the issue was whether a case or controversy existed without injury in fact. Without specifically resolving the Article III issue, the Supreme Court held that the trial court's certification of a mandatory class under Rule 23(b)(1)(B) on a limited fund rationale was improper and rejected the settlement on that basis. By contrast, the issue in *Jackson* was whether the named

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works



plaintiffs, who had concrete claims against certain defendants, had standing to assert claims against other defendants with whom they had no direct dealings. While phrased in terms of "standing," this issue involves the plaintiffs' ability to state a claim on which relief may be granted against the non-related defendants--much like the inquiry under Federal Rule of Civil Procedure 12(b)(6).

*3 Clearly, this case is more analogous to *Jackson* because the specific question presented is whether the named Plaintiffs have standing to pursue their claims against the holder Defendants that have never held their notes. Just as clearly, the answer is no. Furthermore, the Court rejects Plaintiffs' attempt to distinguish this case from *Jackson* on the basis that the Court of Appeals did not address what would be the answer had a class been certified. This case has not been certified, and Plaintiffs promulgate no argument to rebut the Court of Appeals' direction that this standing issue should receive priority consideration. *See Jackson*, 136 F.3d at 1132. Moreover, naming UBS as a Defendant because it holds the notes of unnamed class members is, at this point, impractical and uncertain because those members whose notes UBS holds could opt out of the class and because a denial of class certification would prevent the claims from ever being justiciable. *See generally Gibson v. Chrysler Corp.*, 261 F.3d 927, 941 (9th Cir.2001), *cert. denied*, 122 S.Ct. 903 (2002) (discussing the practicality of considering claims of named class members only for purposes of amount in controversy). It is clear from the briefing submitted by one of the defendants in the *Yarbrough* case that the Court of Appeals was presented with and rejected the "juridical link" argument in *Jackson*. Therefore, this Court rejects it. For these reasons, UBS's motion to dismiss (Doc. 16) is GRANTED in part, and UBS is DISMISSED without prejudice from this action.

Finally, Defendants FirstPlus Home Loan Trust 1996-2, FirstPlus Home Loan Trust 1996-3, FirstPlus Home Loan Trust 1996-4, FirstPlus Home Loan Trust 1997-1, FirstPlus Home Loan Trust 1997-2, FirstPlus Home Loan Trust 1997-3, FirstPlus Home Loan Trust 1997-4, FirstPlus Home Loan Trust 1998-1, FirstPlus Home Loan Trust 1998-2, FirstPlus Home Loan Trust 1998-3, FirstPlus Home Loan Trust 1998-4, FirstPlus Home Loan Trust 1998-5 (FirstPlus Home Loan Trusts), Ace Securities Corporate Home Loan Trust 1999 A Asset Backed Note (Ace Securities), and German American Capital Corporation (German American) filed a motion to join in and adopt Sovereign's motion to dismiss (Doc. 79). The Court has carefully considered the motion and finds that, in light of the unique circumstances relating to Sovereign as set forth above, it is more appropriate for these Defendants to join in and adopt UBS's position. Therefore, the Court so construes the motion, and it (Doc. 79) is GRANTED. For the reasons set forth above with respect to UBS, Defendants FirstPlus Home Loan Trusts, Ace Securities, and German American are hereby DISMISSED without prejudice from this action.

At this time, the Defendants remaining in this action are FirstPlus Bank, [FN2] Real Time Resolutions, Inc., and U.S. Bank, N.A. The Clerk of Court is DIRECTED to retitle this action accordingly.

> FN2. As discussed during the December and February hearings, the Court does not consider this action stayed as to Defendant Firstplus Bank based on the notice of the California state court dissolution and liquidation proceedings (*see* Docs. 63, 78).

IT IS SO ORDERED.

2002 WL 1155325 (S.D.Ill.)

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

