THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

MICHAEL AND SHELLIE GILMOR,
  et al.,

                Plaintiffs,

vs.

PREFERRED CREDIT CORPORATION,
  et al.,

                Defendants.

Case No. 4:10-cv-00189-ODS

## MOTION TO EXTEND CERTAIN PRETRIAL DEADLINES

Plaintiffs respectfully move the Court for an Order (a) extending Plaintiff's deadline for designating experts through November 11, 2011; (b) extending Defendant's deadline for designating experts through December 30, 2011; (c) extending the deadline to identify business records the parties intend to "self-authenticate" through December 30, 2011; (d) extending the deadline to raise discovery disputes with the Court through March 30, 2012; (e) extending the deadline for completion of pretrial discovery through March 30, 2012; (f) extending the deadline for filing motions to strike expert designations, to preclude expert testimony, or to decertify the class through May 1, 2012; (g) extending the deadline for filing dispositive motions through May 1, 2012 on the grounds that good cause exists for each of the proposed extensions, all as is more fully set out below.

       1.     The Court's Scheduling and Trial Order (Doc. No. 83) established, *inter alia*, the following deadlines:

| | |
|---|---|
| Plaintiff's designation of expert witnesses | August 12, 2011 |
| Defendant's designation of expert witnesses: | September 30, 2011 |

| | |
|---|---|
| Identification of records the parties intend to "self-authenticate" | September 30, 2011 |
| Submit discovery disputes to the Court | December 30, 2011 |
| Completion of pretrial discovery | December 30, 2011 |
| Motions to strike expert designations, to preclude expert testimony, or to decertify the class | February 1, 2012 |
| Dispositive motions | February 1, 2012 |

2.     Plaintiffs respectfully request that the Court extend all the foregoing deadlines by an additional ninety (90) days.

3.     Additional time is needed for a number of reasons. First, discovery in this case has been difficult given the substantial number of parties involved. In their Seventh Amended Complaint, Plaintiffs named fifty-six (56) separate defendants from whom Plaintiffs must obtain discovery. There are also seventeen (17) Named Plaintiffs who represent a class of Missouri borrowers as part of this certified class action, from whom discovery has been and will also be requested. Through discovery, Plaintiffs have obtained more than 120,000 pages of documents from the active defendants in this case and have produced more than 2,300 pages of documents to the defendants. Further, since removal to this Court, Plaintiffs have served extensive discovery requests upon defendants and have been able to obtain 477 loan payment histories and 171 loan files. Some of these loan files and loan payment histories were only located and produced to Plaintiffs within the last month. Even so, many of the loan payment histories are incomplete, partial records and Plaintiffs only have 329 loan files[1] for the more than 500 second mortgage loans that are believed to be part of this class action lawsuit. Despite the substantial number of documents obtained through discovery to date, Plaintiffs must also attempt to locate

---

[1] In addition to the 171 loan files produced since November 2010, Plaintiffs had previously obtained 158 loan files from defendants.

and obtain the "missing" loan files and loan payment histories from third-parties to the case. Plaintiffs need to compile and review all of the loan files and loan payment histories, along with acquisition documents, business policies, procedures, fee charts, and other documentation, to prepare for trial. Only then are Plaintiffs able to determine what expert testimony will be required to present their case and provide such documentation so that their experts can formulate their opinions. Second, discovery has been complicated and made difficult given the passage of time since the subject loans were originated, the turmoil in the mortgage finance industry, the occurrence of a number of corporate transitions, successions, and cessations affecting several of the defendants, and the intervening bankruptcies of at least two defendants. These issues have made it difficult for the defendants to locate and identify pertinent records and documents for production. Although Plaintiffs have been able to obtain the loan files and loan payment histories for many of the class members and more than 120,000 page of documents produced by the defendants, Plaintiffs still have significant discovery to obtain, including but not limited to further written discovery, efforts to obtain the "missing" loan files and loan payment histories, and depositions for all of the defendants. Additionally, the various defendants have not been able to locate records for all of the class members, and some of the records that have been produced are not complete. In addition, most of the defendants and their records are located out of state, in storage, and knowledgeable employees may have left the entities that are subject to discovery. The inherent delay resulting from the location of the records, along with the time required to locate persons with knowledge of those records and to actually pull those records from storage, present further logistical issues that have slowed down discovery in this case. Also, employees with knowledge of the various defendants' business practices are no longer be employed with the defendants, thus making it even more difficult to seek and obtain discovery in

this case, because the defendants must locate persons who can provide the information to Plaintiffs. Given the foregoing presents logistical issues, Plaintiffs need additional time to complete discovery. Third, discovery to date has been extremely contentious, which has resulted in delay. To date, Plaintiffs have been forced to file and submit to the Court no fewer than eight separate discovery disputes that required court intervention in order to obtain requested discovery. (See, e.g., Doc. Nos. 112, 128, 223, 239, 276, 291, 341). In one instance, one such discovery dispute resulted in full-blown briefing in connection with the defendant's motion to reconsider and was subject to the defendant's petition for writ of mandamus to the Eighth Circuit. (See Doc. Nos. 259, 280, 289, 314). The referenced discovery disputes do not include the other discovery disputes that were informally resolved by the parties without necessitating court intervention. Given these disputes, document production and discovery in this case has been difficult and as a result taken longer than anticipated. The delays in obtaining some of documentation need by Plaintiffs makes it appropriate to extend the current deadlines, as additional time is need to complete discovery in this case.

4.  The time required to obtain the requisite loan files, loan payment histories, acquisition documents, and other documentation in this case has delayed Plaintiffs from obtaining necessary information that would enable them to conduct depositions of the various defendants' corporate representatives and employees or persons who had knowledge of defendants' business practices. Further, such delay has had an adverse impact on Plaintiffs' ability to determine what experts will be necessary to prove their claims and/or to refute the various defendants' potential defenses to those claims. Simply put, all of the above has delayed Plaintiffs from obtaining the documents and information they need to take depositions, to compile the facts that their experts will need to formulate their opinions, and to otherwise

4

prepare for at trial. Consequently, while discovery continues and is ongoing in this case, Plaintiffs note that further discovery, and additional time to conduct such discovery, in this matter will be required.

5. Plaintiffs further submit that the Court should extend the above-referenced deadlines in light of the fact that Plaintiffs have been able to reach settlements with several defendants. Plaintiffs have dedicated substantial time and effort in attempting to negotiate and reach settlements with the various defendants. Such time and effort related to settlement, by necessity, have detracted from Plaintiffs' ability to dedicate the maximum amount of time that would normally be spent in conducting pre-trial discovery. While discovery has been slowed to some extent by the time spent by Plaintiffs in attempting to resolve class member claims through settlement negotiation and mediation, Plaintiffs' efforts have been fruitful in that Plaintiffs have reached preliminary settlements with certain defendants. As the Court is aware, Plaintiffs reached a preliminary settlement with the "U.S. Bank Defendants." (Doc. No. 324). In addition to the settlement with the U.S. Bank Defendants, Plaintiffs have also reached a preliminary settlement with Residential Funding Company, LLC and JPMorgan Chase Bank, NA (as former trustee) in connection with class member claims relating to the loans acquired and held by those defendants. (See Doc. No. 342, ¶3). Additionally, further settlement negotiations and mediation with the other defendants in this case have been ongoing and contemplated by the parties. For example, Plaintiffs and Defendant Credit Suisse First Boston Mortgage Securities Corp. have scheduled a two-day mediation for September 22 and 23, 2011, that may resolve Plaintiffs' claims against Defendant Credit Suisse First Boston Mortgage Securities Corp. In connection with the scheduled mediation, Defendant Credit Suisse First Boston Mortgage Securities Corp. has itself requested Plaintiffs to consent to extending the deadlines for it to identify its experts

until after the mediation. Plaintiffs are also attempting to schedule mediations with other defendants as well, as required by the EAP Order. While Plaintiffs have not been able to coordinate a mutually acceptable date for mediation with the remaining defendants, the parties have selected Rich McLeod to mediate Plaintiffs' claims against the remaining defendants. Once the parties are able to coordinate their schedules, Plaintiffs and the remaining defendants will be able to participate in further formal settlement negotiations in an effort to resolve Plaintiffs' claims through mediation. Plaintiffs' settlements and continued settlement efforts are indicative of Plaintiffs' diligence in moving this case forward and their continued effort to prepare for trial.. However, despite Plaintiffs diligent efforts to move the case forward, while pursuing resolution of their claims prior to trial through settlements, additional time is necessary to complete the discovery necessary for Plaintiffs to adequately prepare for and present their case at trial.

6. The extension of the above-referenced deadlines will enable the parties to pursue further settlement discussions, to conserve the parties' and the Court's resources, and to pursue further discovery in this matter that had been delayed by the difficulty in obtaining initial discovery and by the parties' dedication of some of their time and resources into exploring settlement possibilities.

7. Plaintiffs respectfully suggest that the above-referenced deadlines be extended by ninety (90) days as follows:

| | |
|---|---|
| Plaintiff's designation of expert witnesses | November 11, 2011 |
| Defendant's designation of expert witnesses: | December 30, 2011 |
| Identification of records the parties intend to "self-authenticate | December 30, 2011 |
| Submit discovery disputes to the Court | March 30, 2012 |
| Completion of pretrial discovery | March 30, 2012 |

| | |
|---|---|
| Motions to strike expert designations, to preclude expert testimony, or to decertify the class | May 1, 2012 |
| Dispositive motions | May 1, 2012 |

8. These particular deadlines have not been previously extended.

9. The proposed extensions will not adversely affect or delay the pretrial conference or trial date previously set by the Court in its Scheduling and Trial Order (Doc. No. 83), as Plaintiffs do not seek to alter the time for the pretrial conference or the trial.

10. The instant request to extend the above deadlines is made before the expiration of any of the stated deadlines.

11. The instant request to extend the above deadlines is made in good faith, not for the purpose of delay, and will not prejudice any party.

12. Plaintiffs have communicated their request to extend the above deadlines to counsel for defendants.

13. Counsel for the following defendants have indicated to Plaintiffs that they **do not object** to the requested extension: Wendover Financial Services Corp., Credit Suisse First Boston Mortgage Securities Corp., U.S. Bank National Association, U.S. Bank National Association ND, Wilmington Trust Company, Empire Funding Home Loan Owner Trust 1998-1, Empire Funding Grantor Trust 1998-1, Empire Funding Home Loan Owner Trust 1999-1, Empire Funding Grantor Trust 1999-1, Ocwen Loan Servicing, LLC, Countrywide Home Loans, Inc. Plaintiffs have not heard from counsel for the remaining defendants and do not know those defendants' respective positions regarding the requested extension.

WHEREFORE, Plaintiffs, for cause shown, respectfully move the Court for an Order (a) extending Plaintiff's deadline for designating experts through November 11, 2011; (b) extending Defendant's deadline for designating experts through December 30, 2011; (c) extending the

deadline to identify business records the parties intend to "self-authenticate" through December 30, 2011; (d) extending the deadline to raise discovery disputes with the Court through March 30, 2012; (e) extending the deadline for completion of pretrial discovery through March 30, 2012; (f) extending the deadline for filing motions to strike expert designations, to preclude expert testimony, or to decertify the class through May 1, 2012; (g) extending the deadline for filing dispositive motions through May 1, 2012, and for any other relief the Court deems just and proper.

Dated: August 11, 2011

Respectfully submitted,

WALTERS BENDER STROHBEHN
 & VAUGHAN, P.C.

By: */s/ Bruce V. Nguyen*
   R. Frederick Walters - Mo. Bar # 25069
   Kip D. Richards - Mo. Bar 39743
   David M. Skeens -Mo. Bar 35728
   Garrett M. Hodes – Mo. Bar #50221
   Matthew R. Crimmins – Mo. Bar #53138
   Bruce V. Nguyen – Mo. Bar #52893
   2500 City Center Square
   1100 Main Street
   P.O. Box 26188
   Kansas City, MO  64196
   (816) 421-6620
   (816) 421-4747 (Facsimile)
   **ATTORNEYS FOR PLAINTIFFS AND CLASS COUNSEL**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 11th day of August 2011, I electronically filed the above and foregoing document with the Clerk of Court of the Western District of Missouri using the Court's ECF system, which will send notification of said filing to all counsel of record who are ECF participants.

/s/ *Bruce V. Nguyen*