**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| MICHAEL AND SHELLIE GILMOR, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> PREFERRED CREDIT CORPORATION, et al., <br><br> Defendants. | Case No. 4:10-cv-00189-ODS |

**UNOPPOSED MOTION FOR ORDER APPROVING VOLUNTARY DISMISSAL
OF UBS REAL ESTATE SECURITIES, INC. WITHOUT PREJUDICE**

Plaintiffs originally named UBS Real Estate Securities, Inc. ("UBS") as a defendant in their Sixth Amended Petition. Plaintiffs named UBS as a defendant based on discovery responses indicating that UBS had purchased and held at least one of the PCC-originated Missouri second mortgage loans at issue in the case. Plaintiffs had not previously named UBS as a defendant in any prior petition or complaint. To date, UBS has not been served with process or waived service process.

Plaintiffs recently consulted with counsel for UBS about UBS' apparent involvement with the loans at issue. Counsel for UBS has represented to Plaintiffs that UBS did not purchase, receive, or service any of the PCC-originated loans at issue. The loan to which UBS was connected, and which formed the basis for Plaintiffs' decision to originally sue UBS, does not appear to be a Missouri <u>second</u> mortgage loan.

Based on the above, Plaintiffs submit that UBS should be dismissed from the case without prejudice. Such a dismissal without prejudice will be "fair, reasonable, and adequate" based on representations from UBS that it did not buy, hold or service any of the loans at issue.

Fed.R.Civ.P. 23(e)(2). Because to the best of Plaintiffs' knowledge UBS did not buy, hold or service any of the loans at issue, the dismissal of UBS will not negatively affect or prejudice the Class or Defendants.

There is no need for the Court to require any additional notice of the voluntary dismissal. Notice of the Order via the ECF filing system will suffice. Although Fed.R.Civ.P.23(e)(1) states that "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal," Plaintiffs are unaware of any PCC-originated second mortgage loans that UBS purchased, received or serviced. Accordingly, no class members will be affected by the dismissal of UBS from the case. Therefore, Plaintiffs respectfully suggest that an Order of Voluntary Dismissal without Prejudice entered by the Court and served through the ECF filing system is sufficient to satisfy Rule 23(e)(1).

Finally, Rule 23(e)(3) states: "The parties seeking approval must file a statement identifying any agreement made in connection with the proposal." Class Counsel and counsel for UBS have verbally agreed to the proposed dismissal of UBS from this lawsuit without prejudice, with each party to bear their own costs. This motion is not opposed by UBS.

For all of these reasons, Plaintiffs respectfully request the Court to enter an Order dismissing UBS from this lawsuit without prejudice, with each side to bear its own costs, and/or to approve the Notice of Voluntary Dismissal Without Prejudice (Doc. # 349) as to Defendant UBS Real Estate Securities, Inc.

Date: August 23, 2011

Respectfully submitted,

WALTERS BENDER STROHBEHN
 & VAUGHAN, P.C.

By: */s/ Kip D. Richards*
R. Frederick Walters - Mo. Bar # 25069
Kip D. Richards - Mo. Bar 39743
David M. Skeens -Mo. Bar 35728
Garrett M. Hodes – Mo. Bar #50221
Matthew R. Crimmins – Mo. Bar #53138
2500 City Center Square
1100 Main Street
P.O. Box 26188
Kansas City, MO 64196
(816) 421-6620
(816) 421-4747 (Facsimile)

ATTORNEYS FOR PLAINTIFFS
AND CLASS COUNSEL

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 23rd day of August, 2011, I electronically filed the above and foregoing document with the Clerk of Court of the Western District of Missouri using the Court's ECF system, which will send notification of said filing to all counsel of record who are ECF participants.

/s/ *Kip D. Richards*