IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL P. AND SHELLIE GILMOR, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:10-cv-00189-ODS |
| | ) | |
| PREFERRED CREDIT CORPORATION, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO EXTEND CERTAIN PRETRIAL DEADLINES

Defendants Impac Mortgage Holdings, Inc., Impac Funding Corporation, Impac Secured Assets Corp., IMH Assets Corp, Deutsche Bank National Trust Company, in its capacity as trustee of certain trusts, Wells Fargo Bank N.A., LaSalle National Bank, Impac Real Estate Asset Trust Series 2006-SD1, Litton Loan Servicing LP, Preferred Mortgage Trust 1996-1, Preferred Mortgage Trust 1996-2, Preferred Credit Trust 1997-1, and Deutsche Bank Trust Companies Americas, in its capacity as trustee of certain trusts, (collectively "Responding Defendants"), through counsel, respectfully submit these suggestions in response to Plaintiffs' motion to extend certain pretrial deadlines ("Motion").

Plaintiffs' Motion in effect asks the Court to extend by 90 days some but not all of the deadlines set forth in the current scheduling order. The deadlines for which Plaintiffs seek this extension include the following:

- Plaintiffs' designation of expert witnesses
- Defendants' designation of expert witnesses
- Identification of records the parties intend to "self authenticate"

- Submit discovery disputes to the Court

- Completion of pretrial discovery

- Motions to strike expert designations, to preclude expert testimony, or to decertify the class

- Dispositive motions

If granted, Plaintiffs' motion would have the effect of extending the deadline for the completion of discovery and for the submission of discovery disputes from December 30, 2011, to March 30, 2012. Plaintiffs' Motion also seeks an extension of the deadline for dispositive motions and for motions to strike expert designations, to preclude expert testimony, or to decertify the class from February 1, 2012, to May 1, 2012. Plaintiffs' Motion does not, however, seek an extension of either the date for the final pretrial conference, which is currently set for July 12, 2012, or the date for commencement of trial, which is currently set for August 13, 2012. This in effect means that summary judgment motions might not be fully briefed until on or about June 15, 2012, less than a month before the pretrial conference.

Responding Defendants do not object to the general idea of some extensions of time. However, the schedule as proposed by Plaintiffs contemplates an excessively compressed period of time for the parties to brief and the Court to decide various critical motions, including motions for summary judgment, motions to decertify the class, and motions pertaining to expert testimony. Further, the Court has notified the parties that the trial date will not change. *See* Dkt. 354, filed 8/29/2011. Accordingly, Responding Defendants suggest that shorter extensions should be allowed for certain of the deadlines.

Specifically, Responding Defendants suggest that the Court should extend the deadlines for designation of expert witnesses as requested by Plaintiffs, such that Plaintiffs' designations are due by November 11, 2011, and Defendants' designations are due by December 30, 2011.

2

The deadline for completion of pretrial discovery, however, should be extended only until February 28, 2012, and February 28, 2012, should be set as the date by which all discovery disputes must be resolved, not merely submitted to the Court for resolution. If the parties are allowed to submit discovery disputes until the nominal deadline for completion of discovery, then the possibility exists that further discovery will need to occur after the deadline, which will not be workable in light of the compressed time frame contemplated by the scheduling order. The deadline for dispositive motions, for motions pertaining to experts, and for motions to decertify should be extended until April 1, 2012, not May 1, 2012, as requested by Plaintiffs.

          Respectfully submitted,

August 29, 2011        /s/ Barry L. Pickens
                Barry L. Pickens, Esq.     MO #43379
                  bpickens@spencerfane.com
                SPENCER FANE BRITT & BROWNE LLP
                1000 Walnut Street, Suite 1400
                Kansas City, MO 64106-2140
                Telephone: (816) 474-8100
                Facsimile: (816) 474-3216

                /s/ Daniel J. Tobin
                Daniel J. Tobin, Esq.
                  tobindj@ballardspahr.com
                BALLARD SPAHR LLP
                4800 Montgomery Lane, Suite 700
                Bethesda, MD 20814
                Telephone: (301) 664-6200
                Facsimile: (301) 664-6299

*Attorneys for Defendants Impac Mortgage Holdings, Inc., Impac Funding Corporation, Impac Secured Assets Corp., IMH Assets Corp, Deutsche Bank National Trust Company, in its capacity as former trustee of certain trusts, Wells Fargo Bank N.A., in its capacity as former trustee of a certain trust, LaSalle National Bank, in its capacity as former trustee of a certain trust, Impac Real Estate Asset Trust Series 2006-SD1 and Litton Loan Servicing LP*

3

/s/ Leslie A. Greathouse
Leslie A. Greathouse    MO #48431
    lgreathouse@spencerfane.com
J. Loyd Gattis    MO #59699
    lgattis@spencerfane.com
SPENCER FANE BRITT & BROWNE LLP
1000 Walnut Street, Suite 1400
Kansas City, Missouri 64106-2140
(816) 474-8100
(816) 474-3216 (facsimile)

*Attorneys for Defendants Preferred Mortgage Trust 1996-1, Preferred Mortgage Trust 1996-2, Preferred Credit Trust 1997-1 and Deutsche Bank Trust Company Americas, in its capacity as trustee of these trusts*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 29, 2011, the foregoing was filed using the Court's CM/ECF system, which will notify all registered parties of the filing.

/s/ Barry L. Pickens