THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MICHAEL AND SHELLIE GILMOR, et al., | |
|     Plaintiffs, | Case No. 4:10-cv-00189-ODS |
| vs. | |
| PREFERRED CREDIT CORPORATION, et al., | |
|     Defendants. | |

## REPLY SUGGESTIONS IN SUPPORT OF
## MOTION TO EXTEND CERTAIN PRETRIAL DEADLINES

Plaintiffs respectfully submit the following as their Reply Suggestions in Support of their Motion to Extend Certain Pretrial Deadlines:

1. On August 11, 2011, Plaintiffs filed their *Motion to Extend Certain Pretrial Deadlines* (Doc. No. 346) (hereinafter the "motion"). In their motion, Plaintiffs requested that the Court extend the following deadlines as follows

| | |
|---|---|
| Plaintiff's designation of expert witnesses | November 11, 2011 |
| Defendant's designation of expert witnesses: | December 30, 2011 |
| Identification of records the parties intend to "Self-authenticate" | December 30, 2011 |
| Submit discovery disputes to the Court | March 30, 2012 |
| Completion of pretrial discovery | March 30, 2012 |
| Motions to strike expert designations, to preclude expert testimony, or to decertify the class | May 1, 2012 |
| Dispositive motions | May 1, 2012 |

2. As represented in the motion, several defendants, i.e., Wendover Financial Services Corp., Credit Suisse First Boston Mortgage Securities Corp., U.S. Bank National Association, U.S. Bank National Association ND, Wilmington Trust Company, Empire Funding Home Loan Owner Trust 1998-1, Empire Funding Grantor Trust 1998-1, Empire Funding Home Loan Owner Trust 1999-1, Empire Funding Grantor Trust 1999-1, Ocwen Loan Servicing, LLC, Countrywide Home Loans, Inc., indicated that they did not object to the requested extension. (Doc. No. 346, ¶ 13).

3. The only defendants to file a response to Plaintiffs' motion are as follows: Impac Mortgage Holdings, Inc., Impac Funding Corporation, Impac Secured Assets Corp., IMH Assets Corp, Deutsche Bank National Trust Company, Wells Fargo Bank N.A., LaSalle National Bank, Impac Real Estate Asset Trust Series 2006-SD1, Litton Loan Servicing LP, Preferred Mortgage Trust 1996-1, Preferred Mortgage Trust 1996-2, Preferred Credit Trust 1997-1, and Deutsche Bank Trust Companies (hereinafter the "Responding Defendants"). The remaining defendants in this case did not file a response.

4. In their response (Doc. No. 355), the Responding Defendants did not object to Plaintiffs' request to extend deadlines. The Responding Defendants also did not object to the new deadlines proposed by Plaintiffs, except for deadlines to: 1) Submit discovery disputes to the Court; 2) Completion of pretrial discovery; 3) Motions to strike expert designations, to preclude expert testimony, or to decertify the class; 4) Dispositive motions.

5. The Responding Defendants agreed that these deadlines should be extended, but provided alternative deadlines:

| Deadline | Plaintiffs' proposal | Defendants' Proposal |
| --- | --- | --- |
| Submit discovery disputes to the Court | March 30, 2012 | February 28, 2011 |
| Completion of pretrial discovery | March 30, 2012 | February 28, 2011 |

2

| | | |
|---|---|---|
| Motions to strike expert designations, to preclude expert testimony, or to decertify the class | May 1, 2012 | April 1, 2012 |
| Dispositive motions | May 1, 2012 | April 1, 2012 |

6. The rationale provided by the Responding Defendants for proposing a shorter extension for the above deadlines was that "the possibility exists that further discovery will need to occur after the deadline…" (Doc. No. 355, p. 3). However, the Responding Defendants' concern is actually alleviated by Plaintiffs' proposal to extend the deadline to complete discovery to March 30, 2012, rather than the February 28, 2012 date proposed by the Responding Defendants. In fact, the possibility referenced by the Responding Defendants that discovery will need to occur after the deadline would be more likely if the Court selected the February 28 date proposed by the Responding Defendants. The necessity of continuing discovery after the discovery deadline can be avoided by granting Plaintiffs' request to extend the discovery deadline to March 30, 2012, as originally proposed in Plaintiffs' motion. To the extent that the Responding Defendants are concerned with the deadline to submit discovery disputes coinciding with the deadline to complete discovery, Plaintiffs note that the deadline to submit discovery disputes and the deadline to complete discovery already coincide under the current scheduling order. Likewise, the discovery deadlines under the current scheduling order and the scheduling order proposed by Plaintiffs provide one month for the filing of dispositive motions and motions to strike expert designations, to preclude expert testimony, or to decertify the class. Plaintiffs' proposed deadlines do not alter the length of time between those deadlines. Accordingly, there is no prejudice to the Responding Defendants if the Court granted Plaintiffs' motion in whole and selected the deadlines proposed by Plaintiffs.

For the foregoing reasons and those set forth in their *Motion to Extend Certain Pretrial Deadlines* (Doc. No. 346), Plaintiffs respectfully request that the Court enter an Order (a) extending Plaintiff's deadline for designating experts through November 11, 2011; (b) extending Defendant's deadline for designating experts through December 30, 2011; (c) extending the deadline to identify business records the parties intend to "self-authenticate" through December 30, 2011; (d) extending the deadline to raise discovery disputes with the Court through March 30, 2012; (e) extending the deadline for completion of pretrial discovery through March 30, 2012; (f) extending the deadline for filing motions to strike expert designations, to preclude expert testimony, or to decertify the class through May 1, 2012; (g) extending the deadline for filing dispositive motions through May 1, 2012, and for any other relief the Court deems just and proper.

Dated: September 15, 2011

    Respectfully submitted,

    WALTERS BENDER STROHBEHN
     & VAUGHAN, P.C.

    By:   */s/ Bruce V. Nguyen*
       R. Frederick Walters – Mo. Bar 25069
       J. Michael Vaughan Mo. – Bar 24989
       Kip D. Richards – Mo. Bar 39743
       David M. Skeens – Mo. Bar 35728
       Karen W. Renwick – Mo. Bar 41271
       Garrett M. Hodes – Mo. Bar 50221
       Matthew R. Crimmins – Mo. Bar 53138
       Bruce V. Nguyen – Mo. Bar 52893
       2500 City Center Square
       1100 Main Street
       P.O. Box 26188
       Kansas City, MO  64196
       (816) 421-6620
       (816) 421-4747 (Facsimile)
       **ATTORNEYS FOR PLAINTIFFS**
       **AND CLASS COUNSEL**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 15th day of September 2011, I electronically filed the above and foregoing document with the Clerk of Court of the Western District of Missouri using the Court's ECF system, which will send notification of said filing to all counsel of record who are ECF participants.

       /s/ *Bruce V. Nguyen*