THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MICHAEL AND SHELLIE GILMOR, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> PREFERRED CREDIT CORPORATION, et al., <br><br> Defendants. | Case No. 4:10-cv-00189-ODS |

## NOTICE OF DEPOSITION

To: Daniel J. Tobin
Ballard Spahr Andrews & Ingersoll, LLP
4800 Montgomery Lane, Suite 350
Bethesda, Maryland 20814

Barry L. Pickens
Spencer, Fane, Britt & Browne, LLP
1000 Walnut St., Suite 1400
Kansas City, Missouri 64106

Attorneys for Impac Funding Corporation

**YOU ARE HEREBY NOTIFIED** that pursuant to Federal Rule of Civil Procedure 30(b)(6), **Impac Funding Corporation** shall designate one or more persons to testify on its behalf with respect to the matters set forth in **Exhibit A**. The deposition will be used in the above-entitled cause on the part of Plaintiffs and the Class and will be taken at **The Impac Companies** Corporate Headquarters, 19500 Jamboree Road, Irvine, CA 92612, on October 18-19-20, 2011 between the hours of eight o'clock in the forenoon and six o'clock in the afternoon of those days. The precise hour at which the deposition will commence is 9:00 a.m. The taking of the said deposition, if not

completed on that day, will be continued from day to day, at the same place and between the same hours, until completed.

The matters upon which the representative(s) will be examined is attached as **Exhibit A**.

Dated: September 30, 2011  Respectfully submitted,

WALTERS BENDER STROHBEHN
 & VAUGHAN, P.C.

By: */s/ R. Frederick Walters*
    R. Frederick Walters - Mo. Bar # 25069
    Kip D. Richards - Mo. Bar 39743
    David M. Skeens -Mo. Bar 35728
    Garrett M. Hodes – Mo. Bar #50221
    Matthew R. Crimmins – Mo. Bar #53138
    Bruce V. Nguyen – Mo. Bar #52893
    2500 City Center Square
    1100 Main Street
    P.O. Box 26188
    Kansas City, MO  64196
    (816) 421-6620
    (816) 421-4747 (Facsimile)
    **ATTORNEYS FOR PLAINTIFFS
    AND CLASS COUNSEL**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 30th day of September 2011, I electronically filed the above and foregoing document with the Clerk of Court of the Western District of Missouri using the Court's ECF system, which will send notification of said filing to all counsel of record who are ECF participants.

/s/ R. Frederick Walters

# EXHIBIT A

# DEFINITIONS

1. **Impac Funding Corp., You or Your**. The name "Impac Funding Corp.," "You," and "your," shall refer individually and collectively to the Defendant Impac Funding Corporation, its officers, directors, employees, attorneys, investigators or other representatives or agents, and to any merged, consolidated or acquired predecessor or successor corporation or entity related to Impac Funding Corporation, including but not limited to "Impac Companies," "Impac Lending Group," "ICI Funding Corp." "Imperial Credit Mortgage Holdings, Inc.," "Imperial Warehouse Lending Group.," "Imperial Credit Commercial Holdings," "Imperial Credit Capital Corp.," "Imperial Credit, Inc." and/or "ICI Funding Corp." and includes all employers of all persons executing any verification pages on interrogatories propounded by Plaintiffs to Impac Funding Corp., or any persons previously appearing for a deposition in this matter on behalf of Impac Funding Corp.

2. **Class Members' Loans.** The term "Class Members' Loans" means those loans identified on the electronic spreadsheet attached as **Exhibit 1** to Impac Funding Corp.'s Supplemental Answers to Plaintiffs' First Set of Interrogatories dated April 1, 2011.

**MATTERS UPON WHICH EXAMINATION IS REQUESTED**

*Supplemental Responses to Plaintiffs' Discovery*

1. With respect to the electronic spreadsheet attached as **Exhibit 1** to Impac Funding Corp.'s Supplemental Answers to Plaintiffs' First Set of Interrogatories, dated April 1, 2011: (a) the sources of data and information used to create the spreadsheet and (b) persons with responsibility for the creation of the spreadsheet.

*Your Corporate Structure and Organization*

2. The names and organization of all entities through which You acquired the Class Members' loans, including, but not limited to, a description of the following entities and a description of the relationship between the following entities: "Impac Companies," "Impac Lending Group," "ICI Funding Corp." "Imperial Credit Mortgage Holdings, Inc.," "Imperial Warehouse Lending Group.," "Imperial Credit Commercial Holdings," "Imperial Credit Capital Corp.," "Imperial Credit, Inc." and/or "ICI Funding Corp."

3. The corporate organization or structure that includes Impac Funding Corp.

4. The identity and organization of all departments or operating divisions with responsibility for receipt, review, analysis and acquisition of mortgage loans, including the Class Members' Loans, including, the delegation of responsibility to persons with the following job or title descriptions: "Senior VP Operations," "VP Secondary Marketing," "AVP Secondary Marketing," "Follow Up Manager Document Control," and "AVP Loan Delivery."

5. The identity and organization of all departments or operating divisions with responsibility for the securitization and/or sale of mortgage loans, including the Class Members' Loans.

*Record Retention and Authentication*

6. With respect to the documents and records requested by Plaintiffs in this lawsuit: (a) the existence and whereabouts of all requested documents and records; (b) your search for all documents and records; (c) persons with responsibility for the search for responsive documents and records; and (d) and the identity(ies) of all custodians of documents.

7. With respect to the loan files and loan payment histories for the Class Members' Loans: (a) their past and current existence; (b) their past and current whereabouts; (c) your search for the loan files and loan payment histories for the Class Members' Loans; (d) persons with responsibility for the search for the loan files and loan payment histories for the Class Members' Loans; and (e) the identity(ies) of all custodians of the Class Members' loan files and loan payment histories.

8. With respect to the all documents and records concerning your relationship and agreements with Preferred Credit Corporation: (a) their past and current existence; (b) their past and current whereabouts; (c) your search for the all documents and records concerning your relationship and agreements with Preferred Credit Corporation; (d) persons with responsibility for the search for the all documents and records concerning your relationship and agreements with Preferred Credit Corporation; and (e) the identity(ies) of all custodians of the all documents and records concerning your relationship and agreements with Preferred Credit Corporation.

9. Your record retention requirements, record keeping system(s) and document/information-retention policies including, without limitation, the method(s) by which You kept or maintained the documents and electronic data generated in connection with Your purchase and ownership of the Class Members' Loans.

*State Licensure*

10. Your license in Missouri, or any license exemption in the State of Missouri, which

5
Case 4:10-cv-00189-ODS   Document 366   Filed 09/30/11   Page 5 of 15

permits You to originate, acquire and/or service mortgage loans.

*Agreements with Originating Lender(s)*

11. The Asset Purchase and Mortgage Loan Purchase and Sale Agreement (Servicing Released) dated August 11, 1997 between ICI Funding Corporation and Preferred Credit Corp. (IMPAC 2011 021117)

12. Your relationship with Preferred Credit Corp., including the nature of all agreements, amendments to agreements, or commitments to purchase, with respect to the origination, purchase and/or sale of mortgage loans.

13. The formation of your relationship with Preferred Credit Corp., including the consideration, evaluation, analysis, and due diligence performed by You, or for You, purposes of your decision to enter into any asset or mortgage loan purchase agreement with Preferred Credit Corp.

14. All audits or investigations of Preferred Credit Corp. performed by You or for You in connection with your decision to enter into any asset or mortgage loan purchase agreement with Preferred Credit Corp., for the purpose of any periodic or annual review, and/or at any time prior to, in connection with, or following your termination of any asset or mortgage loan purchase agreement with Preferred Credit Corp.

15. The identification of policies, guidelines or procedures, all documents or records, all computer programs, internet-based services or other applications that You used or relied upon to accept or approve your relationship with Preferred Credit Corp. or that You reviewed or relied upon in connection with your decision to enter into any asset or mortgage loan purchase agreement with Preferred Credit Corp.

16. Your periodic or annual reviews of your relationship with Preferred Credit Corp.

17. The identification of policies, guidelines or procedures, all documents or records, all computer programs, internet-based services or other applications that You used or relied upon to annually or periodically review your relationship with Preferred Credit Corp.

18. The termination of your relationship with Preferred Credit Corp, including consideration, evaluation, analysis, and due diligence for the termination or suspension of your relationship with Preferred Credit Corp. and/or your decision to suspend or terminate any asset or mortgage loan purchase agreement with Preferred Credit Corp.

*Warehouse Lender Agreements*

19. The identity of any lenders, warehouse lenders or other person or entities from or through which Preferred Credit Corp. received all or part of the money needed to close and/or fund any mortgage loan that You purchased or acquired from Preferred Credit Corp. pursuant to or in connection with any asset or mortgage loan purchase agreement with Preferred Credit Corp.

*Loan Acquisition and Purchase*

20. Your acquisition or purchase of the Class Members' Loans.

21. The process used by You to receive, review, analyze and/or approve for purchase loans submitted by Preferred Credit Corp., which loans include the Class Members' loans.

22. Any agreements with Preferred Credit Corp. with respect to the purchase or acquisition of mortgage loans covered by the provisions of the Home Ownership and Equity Protection Act, including 15 U.S.C. §1602(aa) and/or 12 C.F.R. § 226.32.

23. Your policies and procedures for the determination of prices or premiums paid by You in connection with Your purchase of loans from Preferred Credit Corp.

24. Your policies and procedures for the transmission of loan files from the originating lender for loans acquired by You from the originating lender and any documents within those

7

files to You and/or to any other entity or third party performing custodial or other services for You.

25. Your policies and procedures for the receipt and retention of original or authentic legal documents or records from the Class Members' Loan files by You and/or to any other entity or third party performing custodial or other services for You.

26. With respect to the final HUD-1A Settlement Statement for each of the Class Members' Loans: (a) their past and current existence; (b) their past and current whereabouts; (c) your search for final HUD-1A Settlement Statement for each of the Class Members' Loans; (d) persons with responsibility for the search for final HUD-1A Settlement Statement for each of the Class Members' Loans; and (e) the identity(ies) of all custodians of the final HUD-1A Settlement Statement for each of the Class Members' Loans.

27. The electronic information and other data generated by You or for You in connection with your acquisition of the Class Members' Loans, including, all electronic operating systems or computers programs used by You in connection with your acquisition or purchase of mortgage loans.

28. The identification of all electronic records maintained by You or for You concerning the Class Members' Loans.

29. The identification and/or use of any policies, guidelines, or procedures, computer programs, internet-based applications that You used or relied upon to review, consider, analyze or approve, accept or reject loans submitted for purchase from Preferred Credit Corp., including the Class Members' loans.

***Ownership of Loans and Participation Sales***

30. The identities of any and all entities having any ownership interests in the Class Members' Loans, including the nature and description their any ownership interest in the Class Members' Loans.

31. Your relationship with Novelle Financial Services with respect to the ownership or assignment of mortgage loans.

*Third Party Services in Connection with Acquisition or Purchase of Loans*

32. The services performed by any third parties or consultants in connection with your decision to purchase or not purchase loans originated by Preferred Credit Corp., including the nature of any independent audits, accountings, reports or due diligence or compliance services that were performed for you or that you reviewed or relied upon in connection with your decision to purchase or not purchase loans originated by Preferred Credit Corp.

*Custodial Agreement*

33. Your Custodial Agreement for Convectional Residential Mortgage Loans (IMPAC 2011 020964), including all certifications, releases, transmittals and notices made a part thereto as Exhibits.

34. The nature and description of your Custodial Agreement with Banker's Trust Company of California or any successor entity.

*Representations and Warranties*

35. The representations and warranties made by Preferred Credit Corp., concerning Preferred Credit Corp., in connection with any sale of loans to You pursuant to any asset or mortgage loan purchase agreement between You and Preferred Credit Corp.

36. The representations and warranties made by Preferred Credit Corp., concerning any loans sold or offered for sale by Preferred Credit Corp., in connection with any sale of loans to

9

You pursuant to any asset or mortgage loan purchase agreement between You and Preferred Credit Corp.

37. Your receipt, review and analysis, if any, of any Quality Control Plan or compliance guide or manual of Preferred Credit Corporation as part of Your operations.

38. The identification of all of Your policies and procedures, all documents or records upon which You relied upon, and all computer programs, Internet-based services or other applications that were used by You or that You relied upon to determine whether Preferred Credit Corp. had complied with all warranties and representations made by it to You pursuant to any asset or mortgage loan purchase agreement between You and Preferred Credit Corp.

39. Your contention, if any, that Preferred Credit Corp. breached or violated any representation or warranty made to You pursuant to any asset or mortgage loan purchase agreement between You and Preferred Credit Corp.

*Compliance and Due Diligence*

40. The policies and procedures used by You or relied upon by You to determine whether the loans that You acquired pursuant to your asset or mortgage loan purchase agreement with Preferred Credit Corp., including the Class Members' loans, complied with any applicable state or federal laws.

41. Your policies and procedures, the documents or records upon which You relied upon, and all computer programs, Internet-based services or other applications that were used by You or that were relied upon by You to determine whether the borrowers received all required federal disclosures in connection with the mortgage loans that You acquired pursuant to your asset or mortgage loan purchase agreement with Preferred Credit Corp., including the Class Members' loans.

42. Your policies and procedures, the documents or records upon which You relied upon, and all computer programs, Internet-based services or other applications that were used by You or that were relied upon by You to determine whether the borrowers received all required state disclosures in connection with the mortgage loans that You acquired pursuant to your asset or mortgage loan purchase agreement with Preferred Credit Corp., including the Class Members' loans.

43. Your policies and procedures, the documents or records upon which You relied upon, and all computer programs, Internet-based services or other applications that were used by You or that were relied upon by You to determine whether the originating lender, including Preferred Credit Corp., used standard form documents required or mandated by federal law in connection with the mortgage loans that You acquired pursuant to your asset or mortgage loan purchase agreement with Preferred Credit Corp., including the Class Members' loans.

44. Your policies and procedures, the documents or records upon which You relied upon, and all computer programs, Internet-based services or other applications that were used by You or that were relied upon by You to determine whether the originating lender, including Preferred Credit Corp., used standard form documents required or mandated by state law, including Missouri law, in connection with the mortgage loans that You acquired pursuant to your asset or mortgage loan purchase agreement with Preferred Credit Corp., including the Class Members' loans.

45. Your policies and procedures, the documents or records upon which You relied upon, and all computer programs, Internet-based services or other applications that were used by You or that were relied upon by You to determine whether the originating lender, including Preferred Credit Corp., charged, contracted for and/or received any closing cost or settlement charge not

permitted or authorized by federal law in connection with the mortgage loans that You acquired pursuant to your asset or mortgage loan purchase agreement with Preferred Credit Corp., including the Class Members' loans.

46. Your policies and procedures, the documents or records upon which You relied upon, and all computer programs, Internet-based services or other applications that were used by You or that were relied upon by You to determine whether the originating lender, including Preferred Credit Corp., charged, contracted for and/or received any closing cost or settlement charge not permitted or authorized by state law, including Missouri law, in connection with the mortgage loans that You acquired pursuant to your asset or mortgage loan purchase agreement with Preferred Credit Corp., including the Class Members' loans.

47. The identification and/or use of any policies, guidelines, or procedures, computer programs, internet-based applications that You used or relied upon to determine whether the settlement charges and fees charged on the Class Members' Loans complied with Missouri state law or regulation.

48. The identification of Your policies and procedures, the documents or records upon which You relied upon, and the computer programs, Internet-based services or other applications that were used by You or that were relied upon by You to test or determine whether any mortgage loan purchased or obtained by You was a loan governed by the provisions of the Home Ownership and Equity Protection Act, including 15 U.S.C. §1602(aa) and/or 12 C.F.R. § 226.32.

49. The identification of Your policies and procedures, the documents or records upon which You relied upon, and the computer programs, Internet-based services or other applications that were used by You or that were relied upon by You to verify the accuracy or necessity of any notice that any loans purchased by You from Preferred Credit Corp. were governed by the

provisions of the Home Ownership and Equity Protection Act, including 15 U.S.C. §1602(aa) and/or 12 C.F.R. § 226.32.

50. The identification of any electronic records maintained by You which identify whether the whether loans You purchased and/or acquired from other lenders were governed by the provisions of the Home Ownership and Equity Protection Act, including 15 U.S.C. §1602(aa) and/or 12 C.F.R. § 226.32.

51. The identity, use and whereabouts of any charts, matrix or matrices, schedules, summary, publications, resource materials or other documents, including all computer programs, Internet-based services, and electronic applications and mechanism, used by You or relied upon by You or that You consulted in conjunction with Your purchase of any loans from Preferred Credit Corp., including the Class Members' Loans.

*Loan Securitization and Sale*

52. Your sale and/or assignment of the Class Members' Loans.

53. Your relationship with or relation to the entities to which the Class Members' Loans were sold and/or assigned.

54. The nature and description of the processes and transactions for the securitization of loans acquired or purchased by You, including those loans that You acquired or purchased from Preferred Credit Corp. and the Class Members' Loans.

55. The disclosures, certifications and verifications made by You, or received by You, in conjunction with the securitization of the Class Members' Loans.

56. The letters and opinions made by You, or received by You, in conjunction with the securitization of the Class Members' Loans.

57. The representations and warranties made by You in conjunction with the sale or

assignment of the Class Members' Loans including, whether the loans comply with state laws or regulations governing the settlement charges or fees that may be charged on such loans.

*Agreements with Franklin Credit Management Corporation*

58. The Loan Purchase Agreement dated October 10, 2003 between Impac Companies and Franklin Credit Management Corporation. (IMPAC 2011 020992)

59. Your relationship with Franklin Credit Management Corporation., including the nature of all agreements with respect to the origination, purchase and/or sale of mortgage loans.

*Third Party Services in Connection with Securitization or Sale of Loans*

60. The services performed by any third parties in connection with your decision to purchase the Class Members' loans, including the nature of any independent audits, accountings or due diligence or compliance services performed for You.

61. The reports or audits made by You, or for You, concerning or for the securitization of any group or pool of loans which includes any of the Class Members' Loans.

62. The prospectuses and prospectus supplements for the loan securitizations that include the Class Members' Loans.

*Loan Servicing*.

63. The servicing of the Class Members' loans, including the identities and descriptions of any operations or actions performed with respect to the Class Members' Loans by any "servicer," "master servicer or "subservicer."

64. The agreements which relate to or govern the servicing of the Class Members' Loans, including the Subservicing Agreement dated June 25, 1996 Between Imperial Credit Mortgage Holdings, Inc., Imperial Warehouse Lending Group., ICI Funding Corp., Imperial Credit Commercial Holdings and Imperial Credit Capital Corp. and Wendover Financial Services

(IMPAC 2011 021151), Amended and Restated Servicing Rights Purchase and Sale Agreement between Countrywide Home Loans Servicing, LP and Impac Funding Corp (IMPAC 2011 021200) and Subservicing Agreement dated August 8, 2003 (IMPAC 2011 021290).

65. The loan payment or loan servicing histories for the Class Members' Loans.

66. The identification of Your policies and procedures, the documents or records upon which You relied upon, and the computer programs, Internet-based services or other applications that were used by You or that were relied upon by You to satisfy any due diligence or compliance requirement, or to perform such functions for You, in connection with Your servicing of mortgage loans, including the Class Members' Loans.

*Audits and Loan Repurchases*

67. Any audits of You or your operations performed by You, a third party retained by You, a third party not retained by You, or any state or federal regulator.

68. Any loan repurchase requests made with respect to any loan that You purchased and/or acquired from Preferred Credit Corp., including the Class Members' Loans.

*Joint Defense Agreements*

69. Your agreements, if any, with any other Defendant or Defendants related to the defense of this lawsuit.