THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MICHAEL AND SHELLIE GILMOR, et al., | Case No. 4:10-cv-00189-ODS |
| Plaintiffs, | |
| vs. | |
| PREFERRED CREDIT CORPORATION, et al., | |
| Defendants. | |

**CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND AMENDED NOTICE OF VIDEOTAPED DEPOSITION**

Pursuant to Rules 26 and 30(b)(6) of the Federal Rules of Civil Procedure and Rules 26.1 and 26.2 of the Rules of the United States District Court for the Western District of Missouri, defendant Credit Suisse First Boston Mortgage Securities Corp. ("Mortgage Securities Corp."), by its undersigned attorneys, Schulte Roth & Zabel LLP, hereby objects and responds to Plaintiffs' Second Amended Notice of Videotaped. Deposition dated October 25, 2011 (the "Notice").

**PRELIMINARY STATEMENT**

Subject to the following general and specific objections, Mortgage Securities Corp. designates Bruce Kaiserman, President and Director of Mortgage Securities Corp., pursuant to the Notice.

# GENERAL OBJECTIONS

1. Mortgage Securities Corp. objects to the Notice to the extent it seeks to impose obligations upon it beyond those required or authorized by the Federal Rules of Civil Procedure or the Rules of the United States District Court for the Western District of Missouri.

2. Mortgage Securities Corp. objects to the Notice to the extent that it fails to describe with reasonable particularity the matters on which examination is sought. Mortgage Securities Corp. has made a good faith effort to designate the most knowledgeable witness to testify on the subject matters set forth in the Notice; however, Mortgage Securities Corp. objects to being bound by the testimony of its designated witness with respect to topics that are not described with reasonable particularity in the Notice. Furthermore, Mortgage Securities Corp. reserves the right to object to specific areas of questioning where the witness did not have sufficient notice of the subject matter to be able to prepare adequately.

3. Mortgage Securities Corp. objects to Definition 1 to the extent that it purports to define "you" to include persons and entities that are not Mortgage Securities Corp. Mortgage Securities Corp. will construe the term "you" as meaning Mortgage Securities Corp. Mortgage Securities Corp. further objects to Definition 1 to the extent it purports to define "you" to include all employers of all persons executing any verification pages on interrogatories propounded by Plaintiffs to Mortgage Securities Corp. Any person that has executed or will execute a verification page on any such interrogatories does so only on behalf of Mortgage Securities Corp.

4. Mortgage Securities Corp. objects to the Notice to the extent that the "Matters Upon Which Examination Is Requested" are vague, ambiguous, and unduly burdensome and seeks information not known or reasonably available to the organization.

5. Mortgage Securities Corp. objects to the Notice to the extent that the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive.

6. Mortgage Securities Corp. objects to the Notice to the extent that it calls for testimony that is protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. To the extent that Mortgage Securities Corp. identifies a witness to testify on the matters set forth in the Notice, such identification shall not be deemed to be a waiver of any applicable privilege, immunity, or similar protection.

7. This response is made without prejudice to Mortgage Securities Corp.'s right to supplement, modify, or amend these Objections and Responses as appropriate and rely upon and produce evidence at trial or in any proceeding which may be held in this action.

8. The applicable foregoing General Objections are incorporated into each of Mortgage Securities Corp.'s specific objections that follow.

## SPECIFIC OBJECTIONS

1. Mortgage Securities Corp. objects to topic number 1 to the extent that the Amended Responses to Plaintiffs' Second Set of Interrogatories and Requests for Production of Documents and the Objections and Responses to Plaintiffs' Fourth Request for the Production of Documents represent the current responses of Mortgage Securities Corp.

Subject to and without waiving any objections, Mortgage Securities Corp. will produce Mr. Kaiserman to testify on this topic.

2. Mortgage Securities Corp. objects to the following topics as vague and ambiguous, lacking reasonable particularity, overbroad, and unduly burdensome: Nos. 3, 4, 5, 16, 17, 18, 19, 22, 25, 28, 33, 37, 39, 40, 42, 43, 44, 46, 47, 48, 49, 50, 51, 53, 54, 55, 56, 59, 64.

Subject to and without waiving any objections, Mortgage Securities Corp. will produce Mr. Kaiserman to testify on these topics regarding the Class Members' Loans.

3. Mortgage Securities Corp. objects to the following topics to the extent that they seek information about loans other than the Class Members' Loans included in Preferred Mortgage Asset-Backed Certificates, Series 1996-2 and Preferred Credit Asset-Backed Certificates, Series 1997-1, and as such seek information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence: Nos. 8, 15, 16, 17, 18, 19, 23, 25, 26, 27, 28, 33, 37, 39, 40, 42, 43, 44, 46, 47, 48, 49, 50, 51, 53, 54, 55, 56, 59, 64, 72.

Subject to and without waiving any objections, Mortgage Securities Corp. will produce Mr. Kaiserman to testify on these topics regarding the Class Members' Loans included in Preferred Mortgage Asset-Backed Certificates, Series 1996-2 and Preferred Credit Asset-Backed Certificates, Series 1997-1.

4. Mortgage Securities Corp. objects to the following topics because Mortgage Securities Corp. has not at any time serviced any of the Class Members' Loans. Therefore, this topic seeks information that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence: Nos. 66, 68, 69.

Subject to and without waiving any objections, Mortgage Securities Corp. will produce Mr. Kaiserman to testify on this topic regarding the Class Members' Loans.

5. Mortgage Securities Corp. objects to topic number 74 to the extent that it seeks information that is protected by attorney-client privilege, the work product doctrine, or the joint defense/common interest privilege.

Subject to and without waiving any objections, Mortgage Securities Corp. will produce Mr. Kaiserman to testify on this topic.

/s/ Mark A. Olthoff
MARK A. OLTHOFF   MO #38572
ANTHONY BONUCHI   MO #57838
POLSINELLI SHUGHART PC
1700 Twelve Wyandotte Plaza
120 W. 12th Street
Kansas City, Missouri 64105
(816) 421-3355
(816) 374-0509 (FAX)

HARRY S. DAVIS
MARCY R. HARRIS
BRIAN T. KOHN
MARGUERITE E. GARDINER
SCHULTE ROTH & ZABEL LLP
919 Third Ave., 19th Floor
New York, NY 10022-4774
(212) 756-2000
(212) 593-5955
harry.davis@srz.com

ATTORNEYS FOR DEFENDANT CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP.

**CERTIFICATE OF SERVICE**

     I hereby certify that a copy of the above and foregoing document was filed electronically with the above-captioned court, with notice of case activity to be generated and sent electronically by the Clerk of said court (with a copy to be mailed to any individuals who do not receive electronic notice from the Clerk) this 15th day of November, 2011, to all counsel of record.

/s/ Mark A. Olthoff
Attorney for Defendant First Boston Mortgage Securities Corp.

5

3044137.1