IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

MICHAEL P. and SHELLIE GILMOR, )
et al., )
　 )
　　　　　Plaintiffs, )
　 )
vs. ) Case No. 10-0189-CV-W-ODS
　 )
PREFERRED CREDIT CORP., et al., )
　 )
　　　　　Defendants. )

ORDER ADDRESSING JOINT MOTION TO ALTER OR AMEND ORDER CERTIFYING PLAINTIFF CLASS AND TO APPROVE SETTLEMENTS AND DISMISSAL OF CLAIMS

Plaintiffs and Defendant Residential Funding Company, LLC ("RFC") jointly ask the Court to amend the order certifying the class, to approve settlements, and to dismiss certain claims. The Court is quite willing to do what is necessary to enable the parties to settle their disputes, but it seems that (1) the parties are asking the Court to approve things that do not require the Court's approval and (2) there is an easier way to accomplish the parties' objectives.

As explained by the parties, RFC has potential liability with respect to only eight of the class members. While these eight class members are not named plaintiffs, they have – on their own behalf – agreed to settle their claims against RFC. In so doing, these eight class members have already personally executed settlement agreements with RFC. The parties now ask the Court to amend the class definition to exclude these eight individuals and approve their settlement.

A court must approve settlement of a class action because such a settlement is made by others in a representative capacity and purports to affect the rights of, and bind, absent class members. Here, while the class members have not filed a suit they are no longer absent – they have personally agreed to settle their claims. There is no rationale requiring a court to approve a settlement when individuals settle their own

claims, and the Court does not discern a need – or legal justification – to pass on the wisdom or fairness of a settlement personally agreed to by the parties.

It seems that a more expedient (and perhaps more appropriate) course is for the Court to simply allow the eight settling class members to opt out of the class. This would enable them to pursue their claims on their own – which is essentially what they have already done. Their already-executed settlement agreements would remain binding, and provide (among other things) for the payment of money from RFC to the settling individuals in exchange for the settling individuals' surrender of their claims against RFC. RFC could then be dismissed from the suit on the Plaintiffs' representation that no members of the class have any claims against RFC.

The Court invites the parties, within ten business days, to (1) indicate their agreement to this course or (2) provide some justification for the Court to endeavor to pass on the wisdom and fairness of settlement agreements reached by individuals in their own capacity.

IT IS SO ORDERED.

DATE: January 3, 2012

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT