THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MICHAEL AND SHELLIE GILMOR, et al., | |
| Plaintiffs, | Case No. 4:10-cv-00189-ODS |
| vs. | |
| PREFERRED CREDIT CORPORATION, et al., | |
| Defendants. | |

**PLAINTIFFS' RESPONSE TO ORDER ADDRESSING JOINT
MOTION TO ALTER OR AMEND ORDER CERTIFYING PLAINTIFF
CLASS AND TO APPROVE SETTLEMENTS AND DISMISSAL OF CLAIMS**

Although the Settling Borrowers and Defendant Residential Funding Company, LLC ("RFC") agree that the Court technically may not be required to approve the separate settlements, the parties opted to submit the settlements to the Court for approval for the following reasons:

1. The separate settlements in this case are part of the global agreement through which the separate claims arising from the Settling Borrowers' second mortgage loans, and approximately 230 additional RFC Related Loans, are being settled and resolved in this and other actions. The parties agreed as a part of the global agreement to submit each of the component settlements to the respective courts for notice and approval.[1] This agreement was

---

[1] The settlement of 110 of the claims against RFC and its affiliates in the two cases where no borrower class has yet been certified (*viz.*, *Thomas v. U.S. Bank N.A. N.D.*, No. 11-6013-CV-SJ-SOW (W.D. Mo.) and *Mayo v. GMAC Mortgage, LLC*, No. 08-0568-CV-WD-DGK (W.D. Mo. Dec. 16, 2011)), were consolidated by the parties into a new state court class settlement action, styled *Joyce W. and Luke Shokere, et al., v. Residential Funding Company, LLC, et al.,* Case No. 1116-CV30478 (Mo. Cir. Ct.) (Jackson County) (Div. 15). See Doc. 451 at 10 n. 2.

h:\second mortgage\gilmor v preferred\pleadings\wdmo 10-cv-0189 - fed case #5\pleadings\2012-01-13 pltfs' resp to order addressing joint mtn to alter amd order certifying pltf class.doc

Case 4:10-cv-00189-ODS   Document 455   Filed 01/13/12   Page 1 of 4

expressed in each of the settlement agreements in this case. (See Doc. 451-3: C-1 through C-8 at 2 - "NOW THEREFORE, the BORROWERS and RFC, each intending to be legally bound, and acknowledging the sufficiency of the consideration and undertakings set forth herein, do hereby agree to compromise and settle the claims related to the PCC-RFC Loan, subject to Court approval, as follows:")  The parties believe that their agreement was prudent, given (1) the global nature of the settlement with RFC (of which the 8 separate settlements before the Court in this case are only a part); and (2) the facts that: (a) pursuant to the global settlement, this case and all claims against Defendant Residential Funding Company, LLC for the PCC-RFC Loans are being dismissed with prejudice from this case; (b) there is and can be no dispute that the separate settlements were negotiated in good faith and at arm's length and are consistent with the other component settlements; and (c) the settling parties agree that the settlement is fair, reasonable and adequate.

2.  Plaintiffs and RFC continue to believe that their agreement and request to submit the separate settlements to the Court for approval is prudent for the reasons stated.

3.  Plaintiffs and RFC are agreeable to the Court allowing the Settling Borrowers to opt out of the Class in order to effectuate the settlements in lieu of altering or amending the Order Certifying Plaintiff Class to exclude the Settling Borrowers from the Class pursuant to Rule 23(c)(1)(C).

WHEREFORE, the Named Plaintiffs respectfully request the Court to: **(1) permit the Settling Borrowers to opt out of the Class in order to effectuate the settlements or, alternatively, alter or amend the Order Certifying Plaintiff Class to exclude the Settling Borrowers from the Class pursuant to Rule 23(c)(1)(C)**; (2) find, approve, and hold that each of the separate settlements reached by RFC and the Settling Borrowers has been entered into in

good faith and as a result of arm's length negotiations, and that each of the separate settlements is fair, reasonable and adequate as to, and in the best interests of, the Settling Borrowers; (3) find, approve, and hold that the amount of litigation expenses and the percentage and amount of attorney's fees that Counsel for the Settling Borrowers will receive pursuant to their separate contingency fee agreements with the Settling Borrowers is reasonable; (4) approve and order the dismissal of this case and the claims and causes of action pending against RFC as provided in the separate settlement agreements; (5) direct the entry of a final judgment as to RFC pursuant to Rules 54(b) and 58(b)(2) in the form submitted with this motion on notice from the moving parties; (6) approve and order the dismissal of the claims and causes of action pending against Defendants Wilmington Trust Company ("WTC") and JPMorgan Chase Bank, N.A. ("Chase"), but solely as the purchasers, assignees, holders, trustee(s), servicer(s), and/or master servicer(s) of the eight Missouri residential second mortgage loans that RFC purchased and received from PCC; and (7) order that this case and any and all claims against WTC and Chase shall proceed with regard to any PCC-originated loans, other than the eight PCC-RFC Loans identified on Doc. 451-2 (Ex. B).

Dated: January 13, 2012

Respectfully submitted,

WALTERS BENDER STROHBEHN
 & VAUGHAN, P.C.

By: */s/ Kip D. Richards*
   R. Frederick Walters - Mo. Bar # 25069
   Kip D. Richards - Mo. Bar 39743
   David M. Skeens -Mo. Bar 35728
   Garrett M. Hodes – Mo. Bar #50221
   2500 City Center Square
   1100 Main Street
   P.O. Box 26188
   Kansas City, MO  64196
   (816) 421-6620
   (816) 421-4747 (Facsimile)

ATTORNEYS FOR PLAINTIFFS, THE SETTLING
 BORROWERS AND CLASS COUNSEL

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 13th day of January, 2012, I electronically filed the above and foregoing document with the Clerk of Court of the Western District of Missouri using the Court's ECF system, which will send notification of said filing to all counsel of record who are ECF participants.

/s/ *Kip D. Richards*