IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MICHAEL P. AND SHELLIE GILMOR, ET AL., <br><br> Plaintiffs, <br><br> vs. <br><br> PREFERRED CREDIT CORPORATION, ET AL., <br><br> Defendants. | Case No. 10-0189-CV-W-ODS |

## PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiffs Kevin and Susan Schaefer, David and Nicole Warkentien, and John and Jeanne Rumans (the "Named Plaintiffs"), as representatives on behalf of the proposed "Preferred Trusts Settlement Class" defined below, respectfully move the Court to enter an Order pursuant to Fed.R.Civ.P. 23 that:

(1) Preliminarily approves a settlement of the Preferred Trusts Settlement Class Members' claims against the "Settling Defendants," which are defined in the parties' Settlement and Release Agreement ("Agreement")[1] as Credit Suisse First Boston Mortgage Securities Corporation ("CSFBMSC"), Deutsche Bank Trust Company Americas, formerly known as Bankers Trust Company, individually and in its capacities as trustee of the Preferred Mortgage Trust 1996-1, Preferred Mortgage Trust 1996-2, and Preferred Credit Trust 1997-1 ("DBTCA"), Preferred Mortgage Trust 1996-1, Preferred Mortgage Trust 1996-2, and Preferred Credit Trust 1997-1 (the "Trusts"), each by and through DBTCA as trustee (collectively, DBTCA and the

---

[1] The parties' Agreement is attached to this motion as **Exhibit 1**. A proposed Order granting this motion and preliminarily approving the proposed class action settlement will be submitted to the Court.

h:\second mortgage\gilmor v preferred\settlement\ptrusts-csfb\final\preliminary approval\preliminaryapprovalofclassactionsettlement-motion.doc

Case 4:10-cv-00189-ODS   Document 481   Filed 03/30/12   Page 1 of 8

Trusts are referred to as the "Preferred Trusts"); and

(2) Contains each of the related Orders identified below, which are deemed necessary under Missouri law and the terms of the parties' Agreement for Final Approval of the Settlement.[2]

The Settlement, which is explained in detail in the accompanying *Suggestions*, is fair, adequate and reasonable and will resolve the claims arising from 51 of the approximately 525 PCC Loans at issue.

The Settlement, as proposed, resolves the claims of the "Preferred Trusts Settlement Class," which is defined as:

> All persons who, on or after June 27, 1994, obtained a "Second Mortgage Loan," as defined in Mo.Rev.Stat. § 408.231.1, that was secured in whole or in part by a mortgage or a deed of trust on residential real property located in the state of Missouri, that was originated by Preferred Credit Corporation (f/k/a T.A.R. Preferred Mortgage Corporation), and that was purchased by, assigned or conveyed to, or otherwise owned and/or held by Preferred Mortgage Trust 1996-1, Preferred Mortgage Trust 1996-2, Preferred Credit Trust 1997-1, Credit Suisse First Boston Mortgage Securities Corporation, or Deutsche Bank Trust Company Americas, individually or as trustee of Preferred Mortgage Trust 1996-1, Preferred Mortgage Trust 1996-2 and Preferred Credit Trust 1997-1, and who did not timely exercise their right and option to opt out and exclude themselves from the litigation class that the Circuit Court of Clay County, Missouri previously certified on January 2, 2003, in *Gilmor v. Preferred Credit Corporation*, Case No. CV100-4263-CC.

(Ex., 1, ¶3(a))[3]

---

[2] *See, e.g., Roberts v. Source for Public Data, LP*, No. 08-4167-CV-C-NKL, 2010 WL 2195523, *1 (W.D. Mo. May 28, 2010) (in performing a preliminary fairness review of a proposed class settlement under Rule 23(c), a court should "'make a preliminary determination [a] that the proposed class satisfies the criteria set out in Rule 23(a) and at least one of the subsections of Rule 23(b) ... [and] [m]ake a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms and must direct the preparation of notice of the certification, proposed settlement, and date of the final fairness hearing'")(quoting Manual for Complex Litig. (Fourth) § 21.632 (2004)).

[3] The co-borrowers on one (1) of the PCC-Preferred Trusts loans timely opted out of the Litigation Class, and thus, will not participate in the Settlement. (Ex. 1 at Ex. E, filed under

The Settlement, as proposed, will provide the following benefits to the Preferred Trust Settlement Class:[4]

1) Payment of **$1,947,862.41**, **net** of the proposed incentive, expense and attorney's fees awards, to be apportioned among the members of Preferred Trusts Settlement Class, which constitutes,

   a. A full recovery (i.e., 100%) of the following compensatory damages being sought:

      i) **$153,560.13** (100%) of allegedly illegal loan fees that Plaintiffs sought to recover from the Settling Defendants as being assessed in connection with the PCC-Preferred Trusts Loans in violation of the MSMLA, Mo. Rev. Stat. § 408.233.1 **(Ex. 1, Sched. A, col. F)**; and

      ii) **$708.405.90** (100%) of the loan interest calculated as having been paid by the Preferred Trusts Settlement Class in connection with the PCC-Preferred Trusts Loans in violation of the MSMLA, Mo. Rev. Stat. §§ 408.236, 408.562 **(Ex. 1, Sched. A, col. G)**.

   b. Payment of an additional **$1,085,896.38** with respect to the PCC-Preferred Trusts Loans, which is properly classified as a prejudgment interest **(Ex. 1, Sched. A, col. K)**.

2) Payment of **$1,500.00** of incentive awards to Named Plaintiffs Kevin and Susan Schaefer, David and Nicole Warkentien, and John and Jeanne Rumans) ($500.00 per loan).

If the Court approves the Settlement as proposed, the members of the Preferred Trusts Settlement Class who do not exclude themselves from the Settlement will receive a settlement payment ranging from **$6,609.99** to **$117,507.36** (**$38,193.38 on average**). The amount of each such "Preferred Trusts Settlement Class Member Payment" represents a pro rata share of the **$1,947,862.41** "Net Distributable Settlement Fund" described above and is determined per loan based on the amount of the allegedly illegal loan fees charged, contracted for or received in connection with the Class Members' loan

---

seal) Thus, the names of these co-borrowers appear on Exhibit E, but not Schedule A, of the Agreement, Ex. 1.

[4] The Court should note the distinction between "a member of the Preferred Trusts Settlement Class," which is any individual falling within the proposed class definition (Ex. 1, ¶2.36) and a "Preferred Trusts Settlement Class Member" (with a capital "M"), which is any member of the Preferred Trusts Settlement Class who does not timely opt out of the Settlement pursuant to Paragraph 9.a of the Agreement. (Id., ¶2.37) Only the latter will be bound by the terms of the Settlement.

(¶1.a.i, above), the interest paid on the loan (¶1.a.ii), and the Class Members' pro rata share of the **$1,085,896.38** (¶1.b).

The Settlement, as proposed, will further benefit the Preferred Trusts Settlement Class via the reimbursement of expenses, and the payment of attorney's fees to Plaintiff's Counsel, as follows:

1) Up to **$46,223.50** to Plaintiff's Counsel as reimbursement for an allocable share of the total litigation costs and expenses incurred and paid in connection with this case; and

2) Up to **$1,504,414.09** of attorney's fees to Plaintiffs' Counsel, which represents 43.6% (.43577451) of the $3,452,276.50 "Net Settlement Fund" ($3,500,000 less the $1,500 proposed incentive award and the $46,223.50 proposed expense award).

(Ex. 1, ¶¶5.b, 5.c)[5] The Settling Defendants take no position as to Plaintiffs' Counsel and/or the Named Plaintiffs applying to the Court for and receiving the proposed amounts for the expense and fee awards. (Id.)

Importantly, the class action settlement being proposed to the Court will not affect the claims of the non-settling plaintiffs, or any of the other members of the Litigation Class whose PCC-originated loans were sold, assigned and/or serviced by entities other than the Settling Defendants, and who are collectively defined in the Agreement as the "Non-Preferred Trusts Plaintiff Borrowers." (Ex. 1, ¶2.26) Nor will the proposed settlement affect the claims of

---

[5] As Plaintiffs will more fully explain in their *Application for Attorney's Fees, Litigation Expenses, and Court Costs*, the amount of the proposed attorney's fee award in this case should be approved as fair and reasonable given, among other things: (1) the full recovery of the fee and interest paid amounts, plus the additional $1,085,896.38 to be paid to the Preferred Trusts Settlement Class in addition to fee and interest amounts as stated above; and (2) the fact that payment of $100,000.00 of the total $3,500,000 Settlement Fund is conditioned on the receipt of sufficient funds by the Active Trusts and the risk of non-payment is being borne entirely by Plaintiff's Counsel (i.e., the Settlement Class Members regardless of whether the $100,000 of Subsequent Payments is received, but the proposed amount of the attorney's fees to be paid to Plaintiff's Counsel will be reduced by $100,000 if the $100,000 of Subsequent Payments does not come into the Active Trusts). (Ex. 1, ¶¶5.d, 5.e)

settling Named Plaintiffs (viz., Kevin and Susan Schaefer, David and Nicole Warkentien, and John and Jeanne Rumans) or other Preferred Trusts Settlement Class Members against anyone other than the Settling Defendants and other "Released Persons" specifically defined in the Agreement. (Id., ¶2.41)[6] Only the claims of those members of the Litigation Class whom the Parties have identified as having obtained a Missouri second mortgage loan purchased by and/or assigned to one or more of the Settling Defendants, and who do not timely opt out, will be resolved pursuant to the Settlement, once effective. All remaining claims and rest of the Litigation will continue as against the remaining Defendants and other non-released persons as to all "PCC Loans."

The matters to be addressed in the *Proposed Order Preliminarily Approving Class Action Settlement*, and which are explained in greater detail in the accompanying *Suggestions*, are as follows:

1. Preliminary certification of the Preferred Trusts Settlement Class as defined above;

2. Preliminary approval of the proposed Settlement as presumptively fair, adequate and reasonable;

3. Approval of the notice plan and the Class Mail Notice, including instructions to the members of the Preferred Trusts Settlement Class with regard to such things as their opt-out and objection rights;

4. Approval of the Trust Investors' Notice, including instructions with regard to their objection rights;

5. Scheduling the Fairness Hearing and establishing all applicable and related deadlines; and

---

[6] For example, Plaintiffs David and Nicole Warkentien, John and Jeanne Rumans and certain other members of the Preferred Trusts Settlement Class are currently pursuing claims against Advanta Mortgage Corporation USA pending before the United States Bankruptcy Court for the District of Delaware, Case No. 09-13931. The claims of the Named Plaintiffs and the members of the Preferred Trusts Settlement Class against Defendant JPMorgan Chase Bank, NA shall also continue in this action, notwithstanding the Settlement.

6. Miscellaneous matters set forth in the *Proposed Order Preliminarily Approving Class Action Settlement* including, among other things, (a) the duties of Class Counsel to file certifications regarding the mailing of the Class Mail Notice and the number of the opt-out/exclusion requests; (b) setting deadlines for the Named Plaintiffs to file their motions and memoranda in support of final approval of the Settlement and applications for an incentive award and an award of litigation expenses and attorney's fees; (c) staying further litigation by the Preferred Trusts Settlement Class with respect to their claims against the Settling Defendants, pending approval of the Settlement; (d) declaring that the claims of the Preferred Trusts Settlement Class and the Non-Preferred Trusts Plaintiff Borrowers against any persons other than the Settling Defendants and other "Released Persons" as defined in the Agreement are not stayed; and (e) confirming that the Settlement is not an admission of liability or wrongdoing by the Settling Defendants.

Finally, the parties agree that the provisions of the Class Action Fairness Act of 2005 (CAFA), Pub. L. 109-2, 119 Stat. 4, and particularly the Notification provisions in 28 U.S.C. § 1715, do not apply. CAFA jurisdiction – if any – has not been invoked. The instant case, which was originally commenced in the Circuit Court of Clay County on June 27, 2000, was removed to this Court based on 12 U.S.C. § 1819(b)(2)(A) and the substitution of the FDIC for Defendant Corus Bank, NA. *See* Notice of Removal (Doc. 1) filed 2/26/2010, p.1; *see also* Order and Opinion Denying Plaintiffs' Motion to Remand (Doc. 48) filed 4/27/2010. As a result, neither the Notification provisions in 28 U.S.C. § 1715 nor any other CAFA provisions apply to this action or the Settlement.

The Settling Defendants consent to the relief requested in this motion and agree that the requested Order should be entered.

WHEREFORE, for the reasons above, and for reasons more fully set forth in the accompanying *Suggestions*, Named Plaintiffs Kevin and Susan Schaefer, David and Nicole Warkentien, and John and Jeanne Rumans respectfully request the Court to: (a) certify the Preferred Trusts Settlement Class; (b) appoint Plaintiffs Kevin and Susan Schaefer, David and

Nicole Warkentien, and John and Jeanne Rumans as Representatives of the Preferred Trusts Settlement Class and R. Frederick Walters, Kip D. Richards, David M. Skeens, J. Michael Vaughan, and Garrett M. Hodes of Walters, Bender, Strohbehn & Vaughan, P.C. as Counsel for the Preferred Trusts Settlement Class; (c) grant preliminary approval of the Settlement in all respects as presumptively fair, adequate and reasonable; and (d) enter an *Order Preliminarily Approving Class Action Settlement* in the form substantially the same as that submitted to the Court.

Dated: March 30, 2012

Respectfully submitted,

WALTERS BENDER STROHBEHN
 & VAUGHAN, P.C.


By:_____*R. Frederick Walters*_____
    R. Frederick Walters – Mo. Bar 25069
    J. Michael Vaughan Mo. – Bar 24989
    Kip D. Richards – Mo. Bar 39743
    David M. Skeens – Mo. Bar 35728
    Karen W. Renwick – Mo. Bar 41271
    Garrett M. Hodes – Mo. Bar 50221
    Matthew R. Crimmins – Mo. Bar 53138
    Bruce V. Nguyen – Mo. Bar 52893
    2500 City Center Square
    1100 Main Street
    P.O. Box 26188
    Kansas City, MO 64196
    (816) 421-6620
    (816) 421-4747 (Facsimile)
    fwalters@wbsvlaw.com
    mvaughan@wbsvlaw.com
    krichards@wbsvlaw.com
    dskeens@wbsvlaw.com
    krenwick@wbsvlaw.com
    ghodes@wbsvlaw.com
    mcrimmins@wbsvlaw.com
    bnguyen@wbsvlaw.com

**ATTORNEYS FOR PLAINTIFFS
AND CLASS COUNSEL**

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 30th day of March, 2012 I electronically filed the above and foregoing document with the Clerk of Court of the Western District of Missouri using the Court's ECF system, which will send notification of said filing to all counsel of record who are ECF participants. In addition, a copy was served by U.S. mail, First-Class Postage Prepaid, to:

Arthur E. Kechijian, Manager
United Mortgage C.B., LLC
P.O. Box 471827
Charlotte, NC 28247
**Defendant United Mortgage C.B., L.L.C**.

/s/ *R. Frederick Walters*