EXHIBIT A:  PROPOSED CLASS MAIL NOTICE

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT
## AND OF SETTLEMENT HEARING

*The United States District Court for the Western District of Missouri
has authorized this Notice.  This is <u>not</u> a solicitation from a lawyer.
Please read this Notice carefully and completely.*

THIS NOTICE AND ANNOUNCEMENT APPLIES TO YOU BECAUSE YOU ARE AMONG A CLASS OF PERSONS WHO, ON OR AFTER JUNE 27, 1994, OBTAINED A "SECOND MORTGAGE LOAN" AS DEFINED UNDER MISSOURI LAW THAT WAS SECURED BY A MORTGAGE OR A DEED OF TRUST ON RESIDENTIAL REAL PROPERTY LOCATED IN THE STATE OF MISSOURI, ORIGINATED BY PREFERRED CREDIT CORPORATION (FORMERLY "T.A.R. PREFERRED MORTGAGE CORPORATION") ("PCC") AND PURCHASED BY, ASSIGNED OR CONVEYED TO, OR OTHERWISE OWNED AND/OR HELD BY PREFERRED MORTGAGE TRUST 1996-1, PREFERRED MORTGAGE TRUST 1996-2, PREFERRED CREDIT TRUST 1997-1, CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORPORATION, OR DEUTSCHE BANK TRUST COMPANY AMERICAS, INDIVIDUALLY OR AS TRUSTEE OF PREFERRED MORTGAGE TRUST 1996-1, PREFERRED MORTGAGE TRUST 1996-2 AND PREFERRED CREDIT TRUST 1997-1.

YOU MAY BE ENTITLED TO RECEIVE A SUBSTANTIAL PAYMENT IN CONNECTION WITH THE SETTLEMENT. CLASS MEMBERS WHO DO NOT EXCLUDE THEMSELVES FROM THE SETTLEMENT WILL RECEIVE A PAYMENT RANGING FROM AN ESTIMATED $6,609.99 TO $117,507.36 ($38,193.98 ON AVERAGE) PURSUANT TO A SETTLEMENT REACHED WITH CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORPORATION ("CSFBMSC"); DEUTSCHE BANK TRUST COMPANY AMERICAS, FORMERLY KNOWN AS BANKERS TRUST COMPANY, INDIVIDUALLY AND IN ITS CAPACITIES AS TRUSTEE OF THE PREFERRED MORTGAGE TRUST 1996-1, PREFERRED MORTGAGE TRUST 1996-2, AND PREFERRED CREDIT TRUST 1997-1 ("DBTCA"); PREFERRED MORTGAGE TRUST 1996-1, PREFERRED MORTGAGE TRUST 1996-2, AND PREFERRED CREDIT TRUST 1997-1 (THE "TRUSTS"), EACH BY AND THROUGH DBTCA AS TRUSTEE (COLLECTIVELY, DBTCA AND THE TRUSTS ARE REFERRED TO AS THE "PREFERRED TRUSTS") WITH RESPECT TO THE

SUBJECT "PCC-PREFERRED TRUSTS LOANS." CLASS MEMBERS CAN REVIEW WHAT PLAINTIFFS' COUNSEL CURRENTLY ESTIMATES THE AMOUNT OF THEIR "PREFERRED TRUSTS SETTLEMENT CLASS MEMBER PAYMENT" TO BE BY VISITING THE WEBSITE OF PLAINTIFFS' COUNSEL, www.wbsvlaw.com, AND CLICKING ON THE LINK "GILMOR-PREFERRED TRUSTS SETTLEMENT."

**THIS NOTICE MAY AFFECT YOUR RIGHTS. PLEASE READ IT CAREFULLY!**

## 1. WHY SHOULD I READ THIS NOTICE?

This Notice has been mailed to you because the parties' records show that you obtained a second mortgage loan that was originated by Preferred Credit Corporation (f/k/a T.A.R. Preferred Mortgage Corporation) on or after June 27, 1994, that was purchased by, assigned or conveyed to, or otherwise owned and/or held by Preferred Mortgage Trust 1996-1, Preferred Mortgage Trust 1996-2, Preferred Credit Trust 1997-1, Credit Suisse First Boston Mortgage Securities Corporation, or Deutsche Bank Trust Company Americas, individually or as trustee of Preferred Mortgage Trust 1996-1, Preferred Mortgage Trust 1996-2 and Preferred Credit Trust 1997-1. Your second mortgage loan is currently the subject of the class action lawsuit originally filed in the Circuit Court of Clay County, Missouri styled *Gilmor v. Preferred Credit Corporation*, Case No. CV100-4263-CC, and which is currently pending before the United States District Court for the Western District of Missouri, Western Division, as Case No. 10-0189-CV-W-ODS (the "Lawsuit" or "Litigation"). You (and any co-borrower(s) on your second mortgage loan) may be eligible to receive money from a proposed settlement (the "Settlement") executed on March __, 2012 by Kevin and Susan Schaefer, David and Nicole Warkentien, and John and Jeanne Rumans (the "Named Plaintiffs"), on the one hand, and Credit Suisse First Boston Mortgage Securities Corporation and Deutsche Bank Trust Company Americas, individually and as Trustee of the Preferred Mortgage Trust 1996-1, Preferred Mortgage Trust 1996-2 and Preferred Credit Trust 1997-1 (the "Settling Defendants"), on the other hand. Please share this Notice with any co-borrower(s) on your loan(s).

This Notice generally describes the Lawsuit; your rights under the proposed Settlement, which has been preliminarily approved by the United States District Court for the Western District of Missouri, in Case No. 10-0189-CV-W-ODS (the "Court"), and the date and time of a public "Fairness Hearing" that will be held by the Court to consider the fairness of the proposed Settlement.

## 2. WHAT IS THE LAWSUIT ABOUT?

A class action lawsuit was commenced on June 27, 2000 in the Circuit Court of Clay County, Missouri, styled *Michael and Shellie Gilmor v. Preferred Credit Corporation, et al.* Case No. CV100-4263-CC. The Gilmors filed the lawsuit on their own behalf, and on behalf of a proposed class of other borrowers who also obtained junior or "second" mortgage loans secured by Missouri residential real estate from Preferred Credit Corporation (formerly T.A.R. Preferred Mortgage Corporation) ("PCC").

In the Lawsuit, the plaintiffs allege that PCC violated the Missouri Second Mortgage Loans Act, Mo.Rev.Stat. §§ 408.231-408.241 by directly or indirectly charging, contracting for and/or receiving a number of different settlement charges or loan fees in connection with its Missouri second mortgage loans. The plaintiffs also allege in the Lawsuit that PCC conveyed and assigned its Missouri second mortgage loans after making them and that the entities that purchased, acquired or otherwise owned or held the loans are derivatively liable as the assignees and holders of the second mortgage loans for PCC's violations of Missouri law. In addition, the plaintiffs allege that the entities that purchased, acquired or otherwise owned and/or serviced the Missouri loans also violated the Missouri Second Mortgage Loans Act by directly or indirectly charging, contracting for and/or receiving the illegal settlement charges and loan fees, as well as interest, on the loans.

The Settling Defendants deny that all of the alleged settlement charges by PCC violated the Missouri Second Mortgage Loan Act and deny that they are derivatively liable for any violations of the law. The Settling Defendants also deny that they, as purchasers and subsequent assignees of the loans, directly or indirectly charged, contracted for or received any settlement charges or loan fees in violation of the Missouri Second Mortgage Loans Act and also deny that there is liability under the Act for any interest paid on the loans.

On January 2, 2003, the Circuit Court of Clay County certified a litigation class in the Lawsuit comprised of those persons who obtained a second mortgage loan from PCC on or after June 27, 1994 (the "Litigation Class"). Notice was provided to the members of the Litigation Class of their opportunity to opt out and exclude themselves from the Settlement and Litigation Class that had been certified.

The Named Plaintiffs (as representatives of the "Preferred Trusts Settlement Class" whose PCC Loans were purchased by and assigned to the Settling Defendants) and the Settling Defendants have now agreed to settle and resolve the Lawsuit as between them on terms that are summarized in this Notice. The complete details of the proposed Settlement are contained in a "Settlement Agreement and Release" filed with the Court (the "Agreement") by the Named Plaintiffs and the Settling Defendants. The Named Plaintiffs and the Settling Defendants are collectively referred to in this Notice as the "Parties."

On March __, 2012, the Court preliminarily approved the proposed Settlement as fair, reasonable, and adequate. The Court will conduct a "fairness hearing" on _____, 2012 to consider, among other things, whether the Settlement should be finally approved. The proposed Settlement will become effective only if it is finally approved by the Court, provided all other terms and conditions of the Settlement are met.

### 3. WHO IS COVERED BY THE PROPOSED SETTLEMENT?

According to the parties' records, you are a member of the Preferred Trusts Settlement Class and will be covered by the Settlement. The Settlement Class includes all persons who, on or after June 27, 1994, obtained a "Second Mortgage Loan," as defined in Mo.Rev.Stat. § 408.231.1, that was secured in whole or in part by a mortgage or a deed of trust on residential real property located in the state of Missouri, that was originated by Preferred Credit Corporation (f/k/a T.A.R.

Preferred Mortgage Corporation), and that was purchased by, assigned or conveyed to, or otherwise owned and/or held by Preferred Mortgage Trust 1996-1, Preferred Mortgage Trust 1996-2, Preferred Credit Trust 1997-1, Credit Suisse First Boston Mortgage Securities Corporation, or Deutsche Bank Trust Company Americas, individually or as trustee of Preferred Mortgage Trust 1996-1, Preferred Mortgage Trust 1996-2 and Preferred Credit Trust 1997-1, and who did not timely exercise their right and option to opt out and exclude themselves from the litigation class that the Circuit Court of Clay County, Missouri previously certified on January 2, 2003, in *Gilmor v. Preferred Credit Corporation*, Case No. CV100-4263-CC.

### 4. WHAT ARE THE TERMS OF THE PROPOSED SETTLEMENT?

The following is only a summary of some of the terms and conditions of the proposed Settlement. For more information, you may obtain a copy of the executed Agreement by contacting Plaintiffs' Counsel at the address listed in Section 7 of this Notice, or by visiting the website of Plaintiffs' Counsel, www.wbsvlaw.com, and clicking on the link "Gilmor-Preferred Trusts Settlement."

A.  The total amount that the Settling Defendants have agreed to pay in settlement (the "Settlement Fund") is $3,500,000.00. If the Court approves the proposed Settlement, the members of the Preferred Trusts Settlement Class who do not exclude themselves from the Settlement will receive a settlement payment ranging from an estimated $6,609.99 to $117,507.36 ($38,193.98 on average). The amount of each such "Preferred Trusts Settlement Class Member Payment" represents a pro rata share of the "Net Distributable Settlement Fund" and is determined per loan based on the following: (a) the allegedly illegal loan fees charged, contracted for or received in connection with the loan; (b) the interest paid on the loan; and (c) an additional sum properly characterized as "prejudgment interest."

The "Net Distributable Settlement Fund" is a percentage of the "Net Settlement Fund." The "Net Settlement Fund" is calculated by subtracting the following amounts from the $3,500,000.00 Settlement Fund: (a) the amount of any incentive awards made to the Named Plaintiffs by the Court; and (b) the amount of any litigation expenses and/or court costs awarded to Plaintiffs' Counsel by the Court. The "Net Distributable Settlement Fund" is estimated to be $1,947,862.41 (approximately 56.4%) of the Net Settlement Fund. The Named Plaintiffs and Plaintiffs' Counsel will ask the Court to award the remaining $1,504,414.09 (approximately 43.6%) of the Net Settlement Fund as an attorney's fee award to Plaintiffs' Counsel for services and work in this case and the Settlement with the Settling Defendants. The amount of the incentive, expense and attorney's fees awards that the Named Plaintiffs and Plaintiffs' Counsel will ask the Court to approve and make are explained in Section 10 of this Notice. Preferred Trusts Settlement Class Members can review what Plaintiffs' Counsel currently estimates the amount of their individual Preferred Trusts Settlement Class Member Payment to be by visiting the website of Plaintiffs' Counsel, www.wbsvlaw.com, and clicking on the link "Gilmor-Preferred Trusts Settlement."

B.    If the Court approves the Settlement and it becomes effective in accordance with the terms of the Agreement, the members of the Preferred Trusts Settlement Class who do not exclude themselves from the Settlement will receive their Preferred Trusts Settlement Class Member Payment for the loan by check.  The check will be mailed by first-class mail, postage prepaid, to the Preferred Trusts Settlement Class Members, or to the bankruptcy trustee for those Preferred Trusts Settlement Class Members who filed a Chapter 7 bankruptcy after obtaining their loan.  The check will be mailed by Plaintiffs' Counsel and will not come from any of the Settling Defendants directly.  **Joint borrowers, such as a husband and wife, will receive a single payment per loan, even if they are separated or divorced.  Any Preferred Trusts Settlement Class Member who receives a payment under the Settlement is personally and solely responsible for distributing or allocating the payment between or among any co-borrower(s), regardless of whether the check is made payable to all or only some of the Preferred Trusts Settlement Class Member's co-borrowers.  Preferred Trusts Settlement Class Members will also be responsible for paying any taxes due on any Preferred Trusts Settlement Class Member Payment received.  Preferred Trusts Settlement Class Members are strongly encouraged to consult with their own tax advisor concerning the tax effects of any money received pursuant to this Settlement.  Plaintiffs' Counsel cannot provide you with any tax advice.**

C.    The proposed Settlement will become effective only if approved by the Court and all other terms and conditions as to effectiveness as stated in the Agreement are met.  If the proposed Settlement is approved and becomes effective, the Court will enter a judgment that releases and discharges the Settling Defendants, and each of them, and certain other entities and/or persons, as of the Effective Date from certain claims that were or could have been asserted against them in the Lawsuit.  The Releases are further discussed and set out in Section 11 of this Notice.

### 5.  WHAT DO I NEED TO DO TO PARTICIPATE IN THE SETTLEMENT?

**<u>Nothing</u>**.  You are already a member of the Preferred Trusts Settlement Class and will participate in the Settlement and will receive the estimated Preferred Trusts Settlement Class Member Payments as stated above.  **If you filed for Chapter 7 bankruptcy protection after you obtained your loan, you are still a member of the Preferred Trusts Settlement Class, but the Settlement Payment will be made payable to you and/or your Chapter 7 bankruptcy trustee, who will also receive this Notice**. If you filed for bankruptcy protection, you should consult with a bankruptcy attorney about this Notice.

If you change your address, please contact Plaintiffs' Counsel at the address provided in Section 7 below.

### 6.  CAN I EXCLUDE MYSELF FROM THE SETTLEMENT?

Yes.  However, if you exclude yourself from the Settlement, you will **<u>not</u>** receive any payment from the Settlement Fund.

Consequently, if you wish to receive your Preferred Trusts Settlement Class Member Payment as described in Section 4.A of this Notice, **DO NOTHING**.

If you do wish to exclude yourself from the Settlement, you must send a request for exclusion by first-class mail, postage prepaid, to Plaintiffs' Counsel and the Settling Defendants' Counsel (the names and addresses are provided in Section 7 below). To be effective, your request for exclusion must be in writing and be **received** by Plaintiffs' Counsel and Settling Defendants' Counsel at the addresses below on or before _____, **2012**. The request for exclusion must include: (a) your name, address, telephone number and the last four digits of your social security number; (b) a statement that you and all other borrowers named on the promissory note for your loan are seeking exclusion from the Settlement; (c) your signature and the signature of any other borrower(s) named on the promissory note for your loan; and (d) a reference to "Gilmor v. Preferred Credit Corporation, Case No. 10-0189-CV-W-ODS." The request for exclusion must be signed personally by you and any other borrower(s) named on the promissory note for your loan or the personal representative of any such person if deceased or legally incompetent. No request for exclusion may be made on behalf of a group of Preferred Trusts Settlement Class members. Nor may any member(s) of the Preferred Trusts Settlement Class opt out or exclude themselves from the Preferred Trusts Settlement Class by having an agent or attorney sign and submit an exclusion request form on their behalf. A request for exclusion form must be signed personally by you and any other borrower(s) named on the promissory note for your loan. Your request for exclusion must be timely **received** to be effective.

If you exclude yourself from the Settlement, you will not be bound by any Final Approval Order or Final Judgment entered in the case with respect to the Preferred Trusts Settlement Class and you will be free to continue pursuing whatever legal rights you may have against the Settling Defendants.


## 7. WHY, WHEN, AND WHERE WILL A FAIRNESS HEARING BE HELD?

A hearing on whether to grant final approval of the Settlement will be held before the Honorable Ortrie D. Smith of the United States District Court for the Western District of Missouri on _____, **2012**, at _____ **a.m.**, in Room 8552, Charles Evans Whittaker Courthouse, 400 E. Ninth Street, Kansas City, MO 64106 (the "Fairness Hearing"). There is no need for you to attend the Fairness Hearing if you simply wish to benefit from the Settlement. The purpose of the Fairness Hearing is to determine, among other things: (a) whether the terms and conditions of the Settlement are fair, reasonable and adequate; (b) whether the Named Plaintiffs are adequate representatives of the proposed Preferred Trusts Settlement Class; (c) whether Plaintiffs' Counsel are entitled to attorney's fees and expenses and, if so, how much; (d) whether the Named Plaintiffs should be entitled to a payment for their services as representatives of the Preferred Trusts Settlement Class and, if so, how much; and (e) whether the Final Order and Judgment should be entered dismissing the Lawsuit with prejudice on the merits as to the Settling Defendants.

The Court has the power to adjourn or reschedule the Fairness Hearing from time to time without further notice of any kind.

At the Fairness Hearing, the Court will consider the statements of the parties and any objections that may have been made. Any member of the Preferred Trusts Settlement Class who has not filed a timely written request for exclusion has the right to object to the proposed Settlement. If you want to object, you must file a written objection with the Clerk of the United States District Court, Charles Evans Whittaker Courthouse, 400 E. Ninth Street, Kansas City, MO 64106, no later than _____, **2012**. All persons wishing to object must also send a copy of their written objection to Plaintiffs' Counsel and the Settling Defendant's Counsel (the names and addresses are stated below). The objection must include: (a) your name, address, and telephone number; (b) a statement of each objection to the proposed Settlement that you wish to assert; (c) a detailed description of the facts supporting each of the objections; (d) copies of any loan documents in your possession or control that you rely on as a basis for your objections; (e) the names of all witnesses, and the report(s) from any proposed experts you intend to call at the Fairness Hearing; (f) copies of any exhibits that you intend to rely on at the hearing; (g) a reference to "Gilmor v. Preferred Credit Corporation, Case No. 10-0189-CV-W-ODS"; (h) a statement of whether you intend to appear at the Fairness Hearing in person or through an attorney; and (i) if you are represented by an attorney, a detailed description of the legal authorities supporting each of your objections.

Any member of the Preferred Trusts Settlement Class who has not filed a timely written request for exclusion has the right to appear and/or enter an appearance at the Fairness Hearing. Attendance at the final hearing is not necessary. If you do wish to appear at the Hearing, you or your attorney must: (a) file a Notice of Appearance with the Clerk of the United States District Court, Charles Evans Whittaker Courthouse, 400 E. Ninth Street, Kansas City, MO 64106 no later than _____, **2012**; and (b) serve the Notice of Appearance on Plaintiffs' Counsel and the Settling Defendants' Counsel. Any subjects to be raised at the Fairness Hearing must be contained in a written objection filed with the Court in the manner set out above. If you wish to call witnesses or present other evidence at the Fairness Hearing, you must identify the witnesses in your written objection. In addition, you must attach to your objection any exhibits or other documents on which you intend to rely and describe any other evidence you intend to present at the Hearing.

The addresses for Plaintiffs' Counsel and the Settling Defendants' Counsel are as follows:

| **Plaintiffs' Counsel** | **Settling Defendants' Counsel** |
|---|---|
| R. Frederick Walters, Esq. | Leslie A. Greathouse, Esq. |
| Kip D. Richards, Esq. | Spencer Fane Britt & Browne, LLP |
| Walters Bender Strohbehn & Vaughan, P.C. | 1000 Walnut Street, Suite 1400 |
| 2500 City Center Square | Kansas City, Missouri 64106 |
| 1100 Main Street | Counsel for the Preferred Trusts |
| Kansas City, MO 64105 | |
| | and |
| | |
| | Marcy Ressler Harris, Esq. |
| | Schulte Roth & Zabel LLP |
| | 919 Third Avenue |
| | New York, New York 10022 |
| | Counsel for CSFBMSC |

Any member of the Preferred Trusts Settlement Class who has not filed a timely written request for exclusion may also request to intervene in the Lawsuit, in person or through an attorney retained at the Preferred Trusts Settlement Class Member's own expense. A request or motion to intervene must be in writing and reference "Gilmor v. Preferred Credit Corporation, Case No. 10-0189-CV-W-ODS" and otherwise comply with the Federal Rules of Civil Procedure and applicable law. A request to intervene must be filed with the Clerk of the United States District Court, Charles Evans Whittaker Courthouse, 400 E. Ninth Street, Kansas City, MO 64106, no later than _____, **2012**. Any persons wishing to intervene must also send a copy of their written request to intervene to Plaintiffs' Counsel and the Settling Defendants' Counsel at the addresses above.

Any member of the Preferred Trusts Settlement Class who does not comply with the above requirements shall be deemed to have waived all objections to and shall be forever barred from challenging the proposed Settlement.

## 8.  WHO REPRESENTS THE PREFERRED TRUSTS SETTLEMENT CLASS?

The Preferred Trusts Settlement Class is represented by Plaintiffs' Counsel: R. Frederick Walters, Kip D. Richards, David M. Skeens, J. Michael Vaughan, and Garrett M. Hodes of the law firm Walters Bender Strohbehn & Vaughan, P.C. If you have questions regarding the Settlement, this Notice or your options, you can contact Plaintiffs' Counsel without charge by writing to them at the address provided above, or by calling 1-877-472-6620 (or 816-421-6620 if in the KC Metro Area) or by visiting the website of Plaintiffs' Counsel, www.wbsvlaw.com and clicking on the link "Gilmor Preferred Trusts Settlement."

## 9.  WHAT ARE THE REASONS FOR SETTLEMENT?

The Named Plaintiffs and the Settling Defendants have agreed to the Settlement after considering, among other things, (i) the substantial benefits available to the Preferred Trusts Settlement Class under the terms of the Agreement; (ii) the attendant risks and uncertainty of litigation, especially in complex litigation such as this, as well as the difficulties and considerable

delays inherent in such litigation; (iii) the vigorousness of the defenses asserted by the Settling Defendants; and (iv) the desirability of consummating the Settlement promptly to provide effective relief to the Preferred Trusts Settlement Class.

The Court has not ruled on the merits of the claims or defenses in this case, and the Settling Defendants have denied and continue to deny each and every claim asserted against them. They deny and continue to deny all charges of wrongdoing or liability against them arising out of or relating to any of the conduct, statements, acts, or omissions alleged, or that could have been alleged in the Lawsuit. Nonetheless, the Settling Defendants have concluded that further litigation and a trial of the claims would be protracted, burdensome, and expensive, and that it is desirable that the Lawsuit be fully and finally settled as against them in the manner and on the terms and conditions set forth in the Agreement.

## 10. WILL THE NAMED PLAINTIFFS OR PLAINTIFFS' COUNSEL RECEIVE COMPENSATION?

Yes. The Named Plaintiffs, as representatives of the Preferred Trusts Settlement Class, will make an application to the Court for approval of what is called an "incentive award." Such awards are used and made in class action lawsuits to provide an "incentive" to individuals like the Named Plaintiffs to file and prosecute class action lawsuits for the benefit of a class of people they do not know. The award also compensates the representatives of a class for their work and time (over 10 years of service in this case) as class representatives (being interviewed, reviewing documents, meeting and conferring with class counsel, etc.) The Named Plaintiffs will ask the Court to approve and make an incentive award in this case of up to $500.00 per couple ($1,500.00 total) for the Named Plaintiffs' time, services and expenses throughout the course of the Lawsuit. The Settling Defendants will take no positions with respect to the Named Plaintiffs' application, but the Court must still determine and approve the amount of any incentive award to be made as "reasonable." Any incentive award made to the Named Plaintiffs will be paid from the Settlement Fund in order to determine the Net Settlement Fund and Net Distributable Settlement Fund, the latter of which will be distributed to the Preferred Trusts Settlement Class Members as "Preferred Trusts Settlement Class Member Payments" as described in Section 4 above.

Plaintiffs' Counsel has prosecuted this litigation on a contingency fee basis and has incurred or advanced all of the costs associated with the Lawsuit since it was first filed in June 2000. Plaintiffs' Counsel has not yet been paid for their work or received reimbursement for the expenses incurred or advanced on behalf of the Plaintiffs and the members of the Preferred Trusts Settlement Class and the other members of the Litigation Class. The Court must determine and approve the amount of any such awards of attorney's fees and litigation expenses to be made to Plaintiffs' Counsel. The amount of any such award must be reasonable based on a number of factors including, but not limited to, the nature and extent of the work involved, the difficulty of the case and the issues presented, the skill needed to conduct the case properly, the experience, reputation and ability of the lawyers, the contingency or certainty of compensation, the customary charges for similar work, and the amount involved in the controversy and the benefits resulting to the client.

Based on these and other factors, and as a part of the Settlement, Plaintiffs' Counsel and/or the Named Plaintiffs will request the Court to approve an award of attorney's fees and litigation expenses not to exceed the following amounts: (a) $46,223.50 for an allocated share of the more than $268,151.00 of litigation expenses and costs that Plaintiffs' Counsel has incurred and advanced in connection with the Lawsuit/Claims as of January 24, 2012; and (b) approximately 43.6% of the "Net Settlement Fund" as defined above in Section 4 of this Notice. The amounts of any such expense and attorney's fees awards made to Plaintiffs' Counsel will be deducted and paid from the Settlement Fund and Net Settlement Fund, respectively, before the Preferred Trusts Settlement Class Member Payments are distributed to the Preferred Trusts Settlement Class Members as described in Section 4 above.

The Settling Defendants will take no position with respect to the above application for expenses and attorney's fees by Plaintiffs' Counsel, but the Court must also determine and approve the amount of any expense and attorney's fee awards as "reasonable." If the Court approves and makes the expense and attorney's fees awards as proposed, the Preferred Trusts Settlement Class Members will receive $1,947,862.41 (approximately 56.4%) of the Net Settlement Fund and will be compensated for the following: (1) all (100%) of the allegedly illegal loan fees sought in the Lawsuit, which totals $153,560.13; (2) all (100%) of the interest that the Class Members paid (or have yet to pay) on their second mortgage loans, which totals $708,405.90; and (3) an additional sum totaling $1,085,896.38, which represents "prejudgment interest" on the loan fee and interest paid amounts, accruing over the past 10 or more years. Plaintiffs' Counsel will receive the remaining $1,504,414.09 (approximately 43.6%) of the Net Settlement Fund under Settlement as proposed.

The range and average of the Settlement Payments described above in Section 4 of this Notice have been estimated with the expectation that the Court will approve as reasonable the applications for the above stated incentive, expense and attorney's fees awards given, among other things, the Named Plaintiffs' years of service as representatives of the Preferred Trusts Settlement Class, the complexity of the case, the nature and extent of the legal work provided by Plaintiffs' Counsel since 2000, and the results obtained for the Preferred Trusts Settlement Class. If the Court approves an incentive award or an award of expenses or attorney's fees in an amount less than that applied for, the difference shall be reallocated to the Net Settlement Fund or the Net Distributable fund, as applicable.

### 11.  WHAT CLAIMS WILL BE RELEASED UNDER THE SETTLEMENT?

If approved by the Court and effective in accordance with its terms, the proposed Settlement will be legally binding upon all members of the Preferred Trusts Settlement Class who did not timely request exclusion from the Preferred Trusts Settlement Class. The Settlement will fully, finally and forever release, settle, compromise, relinquish and discharge any and all of the Released Persons, as defined in the Agreement, from the Released Claims, also as defined in the Agreement, as of the Effective Date.

The Releases mean that you cannot bring any lawsuit against any of the Settling Defendants or any of the other "Released Persons" as defined in the Agreement for any reason whatsoever relating to the "Released Claims," which are also defined in the Agreement; but you will of

course be able to enforce your rights under the Agreement, if necessary. If you are currently litigating any claims against any of the Settling Defendants or any other "Released Person" in any other lawsuit or proceeding, either individually or as part of a class, you may be barred from continuing to pursue those claims if you do not timely exclude yourself from the Preferred Trusts Settlement Class in this case. If you are currently litigating any such claims, you should consult with an attorney concerning your rights immediately.

The term "**Releasors**" is defined in the Agreement at paragraph 2.42 as:

[T]he Named Plaintiffs and the other Preferred Trusts Settlement Class Members, and each of their respective heirs, executors, administrators, assigns, predecessors, and successors, and any other person claiming by or through any or all of them. The Releasors shall not include any of the following: (a) any members of the Preferred Trusts Settlement Class who timely opt out of the Settlement in accordance with Paragraph 9 below; (b) any persons not identified on **Exhibit E, attached**; or (c) the Non-Preferred Trusts Plaintiff Borrowers. It is understood that the releases to be given by the "Releasors," as defined herein, shall only release the Released Persons from the Released Claims, and nothing more, as provided herein.

The term "**Released Persons**" is defined in the Agreement at paragraph 2.41 as:

[T]he Settling Defendants, individually and together with all of their affiliates, parent companies and subsidiaries**,** and each of the Settling Defendants' respective past and present officers, directors, shareholders, employees, attorneys (including consultants hired by counsel), accountants, insurers, heirs, executors, and administrators, and each of their respective predecessors, successors, and assigns. Notwithstanding anything in this Agreement to the contrary, the term "Released Persons" does not include any of the Non-Settling Defendants.

The term "**Released Claims**" is defined in the Agreement at paragraph 2.40 as:

[A]ny and all claims, demands, actions, causes of action, rights, offsets, setoffs, suits, damages, lawsuits, liens, costs, surcharges, losses, attorney's fees, expenses or liabilities of any kind whatsoever, in law or in equity, for any relief whatsoever, including monetary, injunctive or declaratory relief, rescission, general, compensatory, special, liquidated, indirect, incidental, consequential or punitive damages, as well as any and all claims for compensatory, punitive or treble damages, penalties, attorney's fees, costs or expenses, whether known or unknown, alleged or not alleged in the Litigation, suspected or unsuspected, contingent or vested, accrued or not accrued, liquidated or unliquidated, matured or unmatured, that in any way concern, relate to, or arise out of the PCC-Preferred Trusts Loans and which any one or more of the Releasors have had, or now have against the Released Persons, as defined in Paragraph 2.41, from the beginning of time up through and including the Effective Date ("Claims"), including but not limited to, any and all Claims arising out of or relating to: (1) allegations that are or could have been asserted against the Released Persons in the Litigation in any way relating to the Preferred Trusts Settlement Class Members' PCC-Preferred Trusts Loans; (2) any activities of the Released Persons with respect to the PCC-Preferred Trusts Loans including, without limitation, any alleged representations, misrepresentations, disclosures, incorrect disclosures, failures to disclose, acts (legal or illegal), omissions, failures to act, deceptions, acts of unconscionability,

unfair business practices, breaches of contract, usury, unfulfilled promises, breaches of warranty or fiduciary duty, conspiracy, excessive fees collected, or violations of any consumer protection statute, any state unfair trade practice statute, or any other body of case, statutory or common law or regulation, federal or state, including but not limited to the MSMLA, Mo.Rev.Stat. § 408.231, *et seq.*, or any other similar state statute; the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*, and its implementing regulations, 12 C.F.R. part 226; the Home Ownership and Equity Protection Act, 15 U.S.C. §§ 1639, *et seq.*, and its implementing regulation, 12 C.F.R. part 226.31-32; the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, and its implementing regulation, 24 C.F.R. part 3500; the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691, *et seq.*, and its implementing regulation, 12 C.F.R. part 202; the Home Mortgage Disclosure Act, 12 U.S.C. §§ 2801, *et seq.*, and its implementing regulation, 12 C.F.R. part 203; the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq.*; the Fair Credit Reporting Act, 15 U.S.C. §§ 168l, *et seq.*; the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.*; and the Federal Trade Commission Act, 15 U.S.C. §§ 45, *et seq.*; and/or (3) any conduct undertaken by any of the Released Persons to defend the Litigation, including but not limited to, any alleged improper discovery conduct and/or any request for sanctions in this Litigation. It is the intention of the Releasors to provide a general release of the Released Claims against the Released Persons; provided, however, that anything in this Agreement to the contrary notwithstanding, the term Released Claims does not include: (1) any claims of any kind or type of the Releasors against any person, association or entity that is not a Released Person, whether such claims arise out of or relate to PCC-Preferred Trusts Loans or some other conduct, transaction, loan or occurrence; (2) any claims of any kind or type of the Releasors against any person, association or entity in connection with a loan and/or loan transaction originated or made by a person, association or entity other than PCC, notwithstanding the fact that the loan, in whole or in part, was purchased by, assigned or conveyed to, or otherwise owned and/or held by any one or more of the Settling Defendants; and/or (3) any claims of any kind or type by any Non-Preferred Trusts Plaintiff Borrower with respect to the PCC Loans.

## 12. WHAT IF THE SETTLEMENT IS NOT APPROVED BY THE COURT OR DOES NOT BECOME EFFECTIVE?

If the proposed Settlement is not approved by the Court as being fair, reasonable, and adequate, or if the Settlement does not become effective in accordance with the terms and conditions of the Agreement, the Settlement and the Agreement will be null and void and the Named Plaintiffs will proceed with their claims against the Settling Defendants and the other Defendants in the Lawsuit. In that event, no payments will be made under the terms of the Agreement; however, any or all of the Settling Defendants and the Named Plaintiffs could attempt to enter into another settlement.

## 13. WHERE DO I GET ADDITIONAL INFORMATION?

This Notice is only a summary of the proposed Settlement and does not describe all of the terms and conditions of the Agreement. You are encouraged to review the Agreement and other related documents, all of which are available upon request from Plaintiffs' Counsel, or by visiting the website of Plaintiffs' Counsel, www.wbsvlaw.com and clicking on the link "Gilmor Preferred Trusts Settlement."

## 14. WHAT ARE THE RELEVANT DATES?

If you wish to request exclusion from the Preferred Trusts Settlement Class or appear at the Fairness Hearing, these are the relevant dates:

- **Deadline for mailing a request for exclusion (must be <u>received</u> by): _____, 2012**

- **Deadline for filing and serving a notice of appearance, a motion to intervene or any written objection (must be <u>received</u> by the court by): _____, 2012**

- **Date and time of Fairness Hearing: _____, 2012 at _____ a.m.**

This Notice provides only a summary of matters about the Lawsuit. If you have any questions or concerns, please contact Plaintiffs' Counsel in writing at the address listed in Section 7 of this Notice or call 816-421-6620.

**PLEASE DO NOT CALL OR CONTACT THE COURT FOR INFORMATION.**

**This Notice is being sent pursuant to Rule 23 of the FEDERAL RULES OF CIVIL PROCEDURE and BY ORDER OF THE DISTRICT COURT**

DATED: March ___, 2012