**EXHIBIT F: PROPOSED TRUST INVESTOR MAIL NOTICE**

Deutsche Bank 

Deutsche Bank 

1761 East St. Andrew Place
Santa Ana, CA 92705-4934

**April 13,** 2012

THIS TRANSMITTAL CONTAINS IMPORTANT INFORMATION THAT IS OF INTEREST TO THE BENEFICIAL OWNERS OF THE SUBJECT SECURITIES. IF APPLICABLE, ALL DEPOSITORIES, CUSTODIANS AND OTHER INTERMEDIARIES RECEIVING THIS NOTICE ARE REQUESTED TO EXPEDITE RE-TRANSMITTAL TO SUCH BENEFICIAL OWNERS IN A TIMELY MANNER.

<u>**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**</u>
<u>**AND OF SETTLEMENT HEARING**</u>

*The United States District Court for the Western District of Missouri*
*has authorized this Notice.*
*Please read this Notice carefully and completely.*

To the Holders of the:

**Preferred Mortgage Trust 1996-1, Preferred Mortgage Trust 1996-2, and Preferred Credit Trust 1997-1 (the "Trusts") and the addressees listed in Schedule A attached hereto**
*Each transaction, and its Classes and CUSIPs*
*are listed on Exhibit A attached hereto (the "Securities")[1]*

Deutsche Bank Trust Company Americas (hereinafter, the "<u>Trustee</u>"), acts as trustee under the governing documents (the "Governing Documents") for the Trusts listed on Exhibit A attached to this Notice, pursuant to which the Securities were issued.

---

[1] The CUSIP numbers appearing herein have been included solely for the convenience of the Holders. Deutsche Bank Trust Company Americas assumes no responsibility for the selection or use of such numbers and makes no representations as to the correctness of the CUSIP numbers appearing herein.

1

By notices dated December 23, 2009 (the "Prior Notices"), the Trustee notified holders of Securities of the pendency of certain class action lawsuits (the "Actions") naming the Trusts as defendants, which allege that the originators of mortgage loans held by the Trusts charged fees exceeding the amounts allowed by law. The plaintiffs in the Actions contend that the Trusts and the Trustee, as assignee(s) and holder(s) of the subject mortgage loans, are liable to the plaintiffs for the alleged excess payments and various additional items of damage. To cover legal expenses for defense of the Actions, the Trustee had suspended distributions by the Prior Notices.

Counsel to the Trusts and Trustee has advised that the Actions present significant risk of financial liability to the Trusts and Trustee. Based on information currently available to the Trustee concerning the Actions, the Trustee believes that there is a significant risk of financial liability to the Trusts and Trustee with respect to the Actions and that the settlement is in the best interest of the Trusts.[2] The remainder of the current suspended distributions are to be and future suspended distributions are expected to be used for payment of the settlement and legal expenses.

## 1. BACKGROUND ON SETTLEMENT AND THIS NOTICE

While the case was still in state court, the Missouri Court certified a class of persons who, on or after June 27, 1994, obtained a "second mortgage loan" as defined under Missouri law that was secured by a mortgage or a deed of trust on residential real property located in the State of Missouri, originated by Preferred Credit Corporation (formerly "T.A.R. Preferred Mortgage Corporation")) ("PCC") and purchased by, assigned or conveyed to, or otherwise owned and/or held by Preferred Mortgage Trust 1996-1, Preferred Mortgage Trust 1996-2, Preferred Credit Trust 1997-1, Credit Suisse First Boston Mortgage Securities Corporation, or Deutsche Bank Trust Company Americas, individually or as trustee of Preferred Mortgage Trust 1996-1, Preferred Mortgage Trust 1996-2 and Preferred Credit Trust 1997-1 (the "Settling Defendants").

This Notice generally describes the Litigation, your rights under the proposed Settlement, which has been preliminarily approved by the United States District Court for the Western

---

[2] ————As with the defense costs, pursuant to the Governing Documents, the Trustee is not required to risk its own funds or otherwise incur financial liability for the performance of any of its duties or the exercise of any of its rights or powers if there is reasonable ground for believing that the repayment of such funds or adequate indemnity against such risk or liability is not reasonably assured to it.

The Governing Documents provide that the Trustee is indemnified by the Trust Fund against any liability, loss, cost or expense incurred in connection with the administration of the Trusts. The Trust Fund includes all of the assets subject to the trusts created by the Governing Documents, including all funds deposited in accounts held thereunder. Thus, prior to any distribution to holders of Securities, funds held in any of the accounts included in the Trust Fund are liable for, and may be applied to the payment of, the extraordinary fees and costs incurred or to be incurred by the Trustee in the performance of its administrative duties, including those arising from the defense of the Actions.

District of Missouri (the "Court"), and the public "Fairness Hearing" that will be held by the Court to consider the fairness of the proposed Settlement.

## 2. WHAT IS THE LAWSUIT ABOUT?

A class action lawsuit was commenced on June 27, 2000, in the Circuit Court of Clay County, Missouri, styled Michael and Shellie Gilmor v. Preferred Credit Corporation, et al. Case No. CV100-4263-CC (and which is currently pending before the United States District Court for the Western District of Missouri, as Case No. 10-0189-CV-W-ODS (the "Lawsuit" or "Litigation")). The Gilmors filed the lawsuit on their own behalf, and on behalf of a proposed class of other borrowers who also obtained junior or "second" mortgage loans secured by Missouri residential real estate from ~~Preferred Credit Corporation~~PCC.

In the Lawsuit, the plaintiffs allege that PCC violated the Missouri Second Mortgage Loans Act, Mo. Rev. Stat. §§ 408.231-408.241, by directly or indirectly charging, contracting for and/or receiving a number of different settlement charges or loan fees in connection with its Missouri second mortgage loans. The plaintiffs also allege in the Lawsuit that PCC conveyed and assigned its Missouri second mortgage loans after making them and that the entities that purchased, acquired or otherwise owned or held the loans are derivatively liable as the assignees and holders of the second mortgage loans for PCC's violations of Missouri law. In addition, the plaintiffs allege that the entities that purchased, acquired or otherwise owned and/or serviced the Missouri loans also violated the Missouri Second Mortgage Loans Act by directly or indirectly charging, contracting for and/or receiving the illegal settlement charges and loan fees, as well as interest, on the loans.

The Settling Defendants deny that all of the alleged settlement charges by PCC violated the Missouri Second Mortgage Loan Act and deny that they are derivatively liable for any violations of the law. The Settling Defendants also deny that they, as purchasers and subsequent assignees of the loans, directly or indirectly charged, contracted for or received any settlement charges or loan fees in violation of the Missouri Second Mortgage Loans Act and also deny that there is liability under the Act for any interest paid on the loans.

On January 2, 2003, the Circuit Court of Clay County certified a litigation class in the Lawsuit comprised of those persons who obtained a second mortgage loan from PCC on or after June 27, 1994 (the "Litigation Class"). Notice was provided to the members of the Litigation Class of their opportunity to opt out and exclude themselves from the Settlement and Litigation Class that had been certified.

The Named Plaintiffs (as representatives of the "Preferred Trusts Settlement Class" whose PCC Loans were purchased by and assigned to the Settling Defendants) and the Settling Defendants have now agreed to settle and resolve the Lawsuit as between them on terms that are summarized in this Notice. The complete details of the proposed Settlement are contained in a "Settlement Agreement and Release" filed with the Court (the "Agreement") by the Named Plaintiffs and the Settling Defendants. The Named Plaintiffs and the Settling Defendants are collectively referred to in this Notice as the "Parties."

On ~~March   ,~~April 10, 2012, the Court preliminarily approved the proposed Settlement as fair, reasonable, and adequate. The Court will conduct a "fairness hearing" on ~~_____,~~July 30, 2012, at 2:30 p.m. to consider, among other things, whether the Settlement should be finally approved. The proposed Settlement will become effective only if it is finally approved by the Court, provided all other terms and conditions of the Settlement are met.

### 3.  WHAT ARE THE TERMS OF THE PROPOSED SETTLEMENT?

The following is only a summary of some of the terms and conditions of the proposed Settlement. For more information, you may obtain a copy of the executed Agreement by contacting the Trustee or Counsel for the Trusts at the address listed in Section 5 of this Notice.

A.    The total amount that the Settling Defendants have agreed to pay in settlement (the "Settlement Fund") is $3,500,000.00. If the Court approves the proposed Settlement, the members of the Preferred Trusts Settlement Class who do not exclude themselves from the Settlement will receive a settlement payment ranging from an estimated $6,609.99 to $117,507.36 ($38,193.38 on average).

B.    The proposed Settlement will become effective only if approved by the Court and all other terms and conditions as to effectiveness as stated in the Agreement are met. If the proposed Settlement is approved and becomes effective, the Court will enter a judgment that releases and discharges the Settling Defendants, and each of them, and certain other entities and/or persons, as of the Effective Date from certain claims that were or could have been asserted against them in the Lawsuit. The Releases are further discussed and set out in Section 8 of this Notice.

### 4.  CAN I OBJECT TO THE TRUST(S)' PARTICIPATION
### IN THE SETTLEMENT?

If you wish to object to the Trust(s)' participation in the Settlement, you must send an objection by first-class mail, postage prepaid, to Plaintiffs' Counsel and the Settling Defendants' Counsel (the names and addresses are provided in Section 5 below). Further, you must file a written objection with the Clerk of the United States District Court, Charles Evans Whittaker Courthouse, 400 E. Ninth Street, Kansas City, MO 64106, no later than ~~_____,~~June 6, 2012.~~.~~ The objection must include: (a) full name, current address, and telephone number of the objecting person; (b) a statement of each objection asserted; (c) a detailed description of the facts underlying each objection; (d) any loan or other documents in the objector's possession or control and relied upon as a basis for the objection; (e) identification of the objector's interest in one of more of the Trusts, if any, including the name of the relevant Trust(s), identification of class of ownership and CUSIP(s); (f) if the objector is represented by counsel, a detailed description of the legal authorities supporting each objection; (g) if the objector plans to utilize expert opinion and/or testimony as part of the objection(s), a written expert report from all proposed experts; (h) if the objector plans to call a witness or present other evidence at the hearing, the objector must state the identity of the witness and identify any documents by attaching them to the objection and provide any other evidence that the objector intends to

~~10~~

4

present; (i) a statement of whether the objector intends to appear at the hearing; (j) a copy of any exhibits which the objector may offer during the hearing; (k) reference to the Litigation ("Gilmor v. Preferred Credit Corporation, Case No. 10-0189-CV-W-ODS"); and, (l) a signature of an authorized person for the objecting party. Any objection must be timely **received** to be effective.

## 5. WHY, WHEN, AND WHERE WILL A FAIRNESS HEARING BE HELD?

A hearing on whether to grant final approval of the Settlement will be held before the Honorable Ortrie D. Smith of the United States District Court for the Western District of Missouri on _____July 30, 2012, at _____ a2:30 p.m., in Room 8552, Charles Evans Whittaker Courthouse, 400 E. Ninth Street, Kansas City, MO 64106 (the "Fairness Hearing"). There is no need for you to attend the Fairness Hearing unless you wish to. The purpose of the Fairness Hearing is to determine, among other things (a) whether the terms and conditions of the Settlement are fair, reasonable and adequate; (b) whether the Named Plaintiffs are adequate representatives of the proposed Preferred Trusts Settlement Class; (c) whether Plaintiffs' Counsel are entitled to attorney's fees and expenses and, if so, how much; (d) whether the Named Plaintiffs should be entitled to a payment for their services as representatives of the Preferred Trusts Settlement Class and, if so, how much; and (e) whether the Final Order and Judgment should be entered dismissing the Lawsuit with prejudice on the merits as to the Settling Defendants.

The Court has the power to adjourn or reschedule the Fairness Hearing from time to time without further notice of any kind.

At the Fairness Hearing, the Court will consider the statements of the parties and any objections that may have been made.

Any Holder of an interest in the Trust(s) who has filed a timely objection has the right to appear and/or enter an appearance at the Fairness Hearing. Attendance at the final hearing is not necessary. If you do wish to appear at the Hearing, you or your attorney must: (a) file a Notice of Appearance with the Clerk of the United States District Court, Charles Evans Whittaker Courthouse, 400 E. Ninth Street, Kansas City, MO 64106 no later than _____June 6, 2012; and (b) serve the Notice of Appearance on Plaintiffs' Counsel and the Settling Defendants' Counsel. Any subjects to be raised at the Fairness Hearing must be contained in a written objection filed with the Court in the manner set out above. If you wish to call witnesses or present other evidence at the Fairness Hearing, you must identify the witnesses in your written objection. You must also attach any exhibits or other documents you rely on in your objection and describe any other evidence you intend to present at the Hearing.

The addresses for Plaintiffs' Counsel and the Settling Defendants' Counsel are as follows:

| Plaintiffs' Counsel | Settling Defendants' Counsel |
|---|---|
| R. Frederick Walters, Esq. | Leslie A. Greathouse, Esq. |
| Kip D. Richards, Esq. | Spencer Fane Britt & Browne, LLP |
| Walters Bender Strohbehn & Vaughan, P.C. | 1000 Walnut Street, Suite 1400 |

11
5

2500 City Center Square                    Kansas City, Missouri 64106
1100 Main Street                           (Counsel for the Trusts/Trustee)
Kansas City, MO  64105

                                           And

                                           Marcy Ressler Harris, Esq.
                                           Schulte Roth & Zabel LLP
                                           919 Third Avenue
                                           New York, New York 10022
                                           (Counsel for CSFBMSC)


## 6.  WHO REPRESENTS THE PREFERRED TRUSTS AND THE TRUSTEE?

The Preferred Trusts and their Trustee are represented by:  Leslie A. Greathouse of the law firm Spencer Fane Britt & Browne LLP.  If you have questions regarding the Settlement, this Notice or your options, you can contact either the Trustee or counsel by writing to them at the address provided above, or by calling 816-474-8100.


## 7.  WHAT ARE THE REASONS FOR SETTLEMENT?

The Settling Defendants have concluded that further litigation and a trial of the claims would be protracted, burdensome, and expensive, and that it is desirable that the Lawsuit be fully and finally settled in the manner and on the terms and conditions set forth in the Agreement.  The Named Plaintiffs and the Settling Defendants have agreed to the Settlement after either or both of the Named Plaintiffs and Settling Defendants considered, among other things, (i) the attendant risks and uncertainty of litigation, especially in complex litigation such as this, as well as the difficulties and considerable delays inherent in such litigation; (ii) the vigorousness of the defenses asserted by the Settling Defendants; (iii) the benefits available to the Preferred Trusts

10

4

Settlement Class under the terms of the Agreement; and (iv) the desirability of consummating the Settlement promptly to provide effective relief to the Preferred Trusts Settlement Class and resolution to the Settling Defendants.

The Court has not ruled on the merits of the claims or defenses in this case, and the Settling Defendants have denied and continue to deny each and every claim asserted against them. They deny and continue to deny all charges of wrongdoing or liability against them arising out of or relating to any of the conduct, statements, acts, or omissions alleged, or that could have been alleged in the Lawsuit.

## 8. WHAT CLAIMS AGAINST THE TRUSTS/TRUSTEE WILL BE RELEASED VIA THE SETTLEMENT?

If approved by the Court and effective in accordance with its terms, the proposed Settlement will be legally binding upon all members of the Preferred Trusts Settlement Class who did not timely request exclusion from the Preferred Trusts Settlement Class. The Settlement will fully, finally and forever release, settle, compromise, relinquish and discharge any and all of the Released Persons, as defined in the Agreement, from the Released Claims, also as defined in the Agreement, as of the Effective Date.

The Releases mean that the Releasors cannot bring any lawsuit against any of the Settling Defendants or any of the other Released Persons as defined in the Agreement for any reason whatsoever relating to the Released Claims, which are also defined in the Agreement; but they will be able to enforce their rights under the Agreement, if necessary.

The term "Releasors" is defined in the Agreement at paragraph 2.42 as:

> [T]he Named Plaintiffs and the other Preferred Trusts Settlement Class Members, and each of their respective heirs, executors, administrators, assigns, predecessors, and successors, and any other person claiming by or through any or all of them. The Releasors shall not include any of the following: (a) any members of the Preferred Trusts Settlement Class who timely opt out of the Settlement in accordance with Paragraph 9 below; (b) any persons not identified on **Exhibit E**, attached; or (c) the Non-Preferred Trusts Plaintiff Borrowers. It is understood that the releases to be given by the "Releasors," as defined herein, shall only release the Released Persons from the Released Claims, and nothing more, as provided herein.

The term "Released Persons" is defined in the Agreement at paragraph 2.41 as:

> [T]he Settling Defendants, individually and together with all of their affiliates, parent companies and subsidiaries, and each of the

Settling Defendants' respective past and present officers, directors, shareholders, employees, attorneys (including consultants hired by counsel), accountants, insurers, heirs, executors, and administrators, and each of their respective predecessors, successors, and assigns. Notwithstanding anything in this Agreement to the contrary, the term "Released Persons" does not include any of the Non-Settling Defendants.

The term "Released Claims" is defined in the Agreement at paragraph 2.40 as:

[A]ny and all claims, demands, actions, causes of action, rights, offsets, setoffs, suits, damages, lawsuits, liens, costs, surcharges, losses, attorney's fees, expenses or liabilities of any kind whatsoever, in law or in equity, for any relief whatsoever, including monetary, injunctive or declaratory relief, rescission, general, compensatory, special, liquidated, indirect, incidental, consequential or punitive damages, as well as any and all claims for compensatory, punitive or treble damages, penalties, attorney's fees, costs or expenses, whether known or unknown, alleged or not alleged in the Litigation, suspected or unsuspected, contingent or vested, accrued or not accrued, liquidated or unliquidated, matured or unmatured, that in any way concern, relate to, or arise out of the PCC-Preferred Trusts Loans and which any one or more of the Releasors have had, or now have against the Released Persons, as defined in Paragraph 2.41, from the beginning of time up through and including the Effective Date ("Claims"), including but not limited to, any and all Claims arising out of or relating to: (1) allegations that are or could have been asserted against the Released Persons in the Litigation in any way relating to the Preferred Trusts Settlement Class Members' PCC-Preferred Trusts Loans; (2) any activities of the Released Persons with respect to the PCC-Preferred Trusts Loans including, without limitation, any alleged representations, misrepresentations, disclosures, incorrect disclosures, failures to disclose, acts (legal or illegal), omissions, failures to act, deceptions, acts of unconscionability, unfair business practices, breaches of contract, usury, unfulfilled promises, breaches of warranty or fiduciary duty, conspiracy, excessive fees collected, or violations of any consumer protection statute, any state unfair trade practice statute, or any other body of case, statutory or common law or regulation, federal or state, including but not limited to the MSMLA, Mo.Rev.Stat. § 408.231, *et seq.*, or any other similar state statute; the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*, and its implementing regulations, 12

C.F.R. part 226; the Home Ownership and Equity Protection Act, 15 U.S.C. §§ 1639, *et seq.*, and its implementing regulation, 12 C.F.R. part 226.31-32; the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, and its implementing regulation, 24 C.F.R. part 3500; the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691, *et seq.*, and its implementing regulation, 12 C.F.R. part 202; the Home Mortgage Disclosure Act, 12 U.S.C. §§ 2801, *et seq.*, and its implementing regulation, 12 C.F.R. part 203; the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq.*; the Fair Credit Reporting Act, 15 U.S.C. §§ 168l, *et seq.*; the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.*; and the Federal Trade Commission Act, 15 U.S.C. §§ 45, *et seq.*; and/or (3) any conduct undertaken by any of the Released Persons to defend the Litigation, including but not limited to, any alleged improper discovery conduct and/or any request for sanctions in this Litigation. It is the intention of the Releasors to provide a general release of the Released Claims against the Released Persons; provided, however, that anything in this Agreement to the contrary notwithstanding, the term Released Claims does not include: (1) any claims of any kind or type of the Releasors against any person, association or entity that is not a Released Person, whether such claims arise out of or relate to PCC-Preferred Trusts Loans or some other conduct, transaction, loan or occurrence; (2) any claims of any kind or type of the Releasors against any person, association or entity in connection with a loan and/or loan transaction originated or made by a person, association or entity other than PCC, notwithstanding the fact that the loan, in whole or in part, was purchased by, assigned or conveyed to, or otherwise owned and/or held by any one or more of the Settling Defendants; and/or (3) any claims of any kind or type by any Non-Preferred Trusts Plaintiff Borrower with respect to the PCC Loans.

### 9.  WHAT IF THE SETTLEMENT IS NOT APPROVED BY THE COURT OR DOES NOT BECOME EFFECTIVE?

If the proposed Settlement is not approved by the Court as being fair, reasonable, and adequate, or if the Settlement does not become effective in accordance with the terms and conditions of the Agreement, the Settlement and the Agreement will be null and void and the Named Plaintiffs will proceed with their claims against the Settling Defendants and the other Defendants in the Lawsuit. In that event, no payments will be made under the terms of the Agreement; however, any or all of the Settling Defendants and the Named Plaintiffs could attempt to enter into another settlement.

### 10.  WHERE DO I GET ADDITIONAL INFORMATION?

This Notice is only a summary of the proposed Settlement and does not describe all of the terms and conditions of the Agreement. You are encouraged to review the Agreement and other related documents, including the mail notice sent to members of the settling class describing how class members and their counsel are being paid, all of which are available upon request.

## 11. WHAT ARE THE RELEVANT DATES?

If you wish to object to the Settlement or appear at the Fairness Hearing, these are the relevant dates:

- **Deadline for filing and serving a notice of appearance, a motion to intervene or any written objection (must be received by the court by): ~~_____,~~June 6, 2012**

- **~~-~~Date and time of Fairness Hearing: ~~_____,~~July 30, 2012 at ~~_____~~a~~2:30 p~~.m.**

This Notice provides only a summary of matters about the Lawsuit.

**PLEASE DO NOT CALL OR CONTACT THE COURT FOR INFORMATION.**

This Notice is being sent BY ORDER OF THE DISTRICT COURT

DATED: ~~March____,~~April 13, 2012

If you have any question with respect to this notice, please contact us by e-mail at barbara.campbell@db.com or by calling Barbara Campbell~~-~~, Deutsche Bank Trust Company Americas, at (714) 247-6278. This notice will also be made available on the Trustee's Investor Report Website at ~~https://tss.sfs.db.com/investpublic/~~https://tss.sfs.db.com/investpublic/ under "Reports" for each Trust. The Trustee may conclude that a specific response to particular inquiries from an individual Holder is not consistent with equal and full dissemination of information to all Holders. The Trustee makes no recommendations and gives no investment, legal or tax advice to Securities Holders. EACH HOLDER IS STRONGLY ADVISED TO CONSULT WITH ITS OWN FINANCIAL, TAX AND/OR LEGAL ADVISORS REGARDING THESE MATTERS.

**DEUTSCHE BANK TRUST COMPANY AMERICAS,** as Trustee

Attachments

~~10~~

4

11
5

EXHIBIT A

Preferred Mortgage SPC
Funding Corp Series 1996-1

| Class | Cusip |
|-------|-------|
| –B    | PR9601001 |
| C     | PR9601002 |
| RU    | PR9601003 |

CS First Boston Mortgage Securities
Preferred Mortgage Asset-Backed
Certificates Series 1996-2

| Class | Cusip |
|-------|-------|
| B     | PR9602101 |

10

4

C              PR9602102
RU             PR9602103

CS First  Boston Mortgage Securities
Preferred Mortgage Asset-Backed
Certificates   Series 1997-1


Class          Cusip


–B             PR9701101


RU             PR9701102

**SCHEDULE A**

Standard & Poor's
Attn: ABS Surveillance Group
55 Water Street, 41st Floor
New York, NY  10041

Moody's Investors Service, Inc.
Attn: MBS Monitoring
99 Church Street
New York, NY  10048

JP Morgan Chase National Association, as Servicer
3415 Vision Drive
Columbus, OH  43219