UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MICHAEL AND SHELLIE GILMOR, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) C.A. No. 4:10-cv-00189-ODS ) |
| PREFERRED CREDIT CORPORATION, et al., | ) ) |
| Defendants. | ) ) ) |

**UNOPPOSED MOTION FOR LEAVE TO FILE SUGGESTIONS IN SUPPORT OF MOTION TO DECERTIFY CLASS IN EXCESS OF PAGE LIMITATION**

Defendants[1] respectfully move the Court for leave to file Suggestions in Support of Motion to Decertify Class in excess of the page limit set forth in Local Rule 7.0(f). In support of this request, which is unopposed, Defendants state as follows:

1. Local Rule 7.0(f) permits a party to file suggestions in opposition to motions in excess of fifteen pages with "permission of the Court." Pursuant to that Rule, Defendants seek leave to file Suggestions in Support of Motion to Decertify Class ("Suggestions") in excess of the fifteen (15) page limited contained in Local Rule 7.0(f).

2. As discussed by other defendants that made an identical motion, good cause exists for this request. Motions to decertify require the parties and the Court to engage in a "rigorous analysis" of each of the Rule 23 requirements. *Wal-Mart Stores, Inc. v. Dukes,* 131 S.Ct. 2541, 2551 (2011). This is because '[i]n considering a defendant's motion for decertification, [a] court follows the legal standard required for class certification." *East Main Baptist Church v. Union*

---

[1] The Moving Defendants include Impac Funding Corporation ("IFC") and the other entities listed in counsel's signature block. The moving parties consulted counsel for Plaintiffs, who consented to the relief sought herein.

*Planters Bank, N.A.,* 244 F.R.D. 538, 541 (E.D. Mo. 2007). Defendants are therefore required to address in their Suggestions, under Rule 23(a), whether the Plaintiffs will adequately represent the class; whether there are common issues; and whether Plaintiffs' personal claims are typical of those class members whom they seek to represent. Under Rule 23(b)(3), Defendants' Suggestions also must separately address whether "questions of law or fact common to the members of the class predominate over any questions affecting only individual members," and also whether "a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

3. Each of these factors presents multiple sub-issues pertaining to the claims that Plaintiffs have advanced, their various requests for relief, and the likely defenses that Defendants will assert to class members' claims. There are additional issues, unique to this lawsuit, which Defendants intend to address in their Suggestions.

4. Defendants accordingly request leave to file Suggestions in Support of their Motion to Decertify Class that do not exceed 25 pages in length.

5. This motion is not made of the purpose of delay or harassment, and no party will be prejudiced if the motion is granted.

6. Defendants have contacted counsel for Plaintiffs, who do no oppose the requested relief.

WHEREFORE, Defendants respectfully request the Court grant them leave to file Suggestions in Support of Motion to Decertify Class of up to 25 pages in length.

April 30, 2012                    /s/ Barry L. Pickens
                                  Barry L. Pickens, Esq.          MO #43379
                                  SPENCER FANE BRITT & BROWNE LLP
                                  1000 Walnut Street, Suite 1400
                                  Kansas City, MO 64106-2140
                                  Telephone: (816) 474-8100
                                  Facsimile: (816) 474-3216
                                  bpickens@spencerfane.com


                                  /s/ Daniel J. Tobin
                                  Daniel J. Tobin, Esq. (admitted *pro hac vice*)
                                  BALLARD SPAHR LLP
                                  4800 Montgomery Lane, Suite 700
                                  Bethesda, MD 20814
                                  Telephone: (301) 664-6200
                                  Facsimile: (301) 664-6299
                                  tobindj@ballardspahr.com

                                  *Attorneys for Defendants Impac Mortgage Holdings, Inc.; Impac Funding Corporation; Impac Secured Assets Corporation; IMH Assets Corporation; Impac Real Estate Asset Trust Series 2006-SD1; Deutsche Bank National Trust Company, in its capacity as trustee for the 2006-SD1 Trust and as former trustee for the following trusts, all of which have terminated: Impac Secured Assets CMN Trust Series 1998-1, Impac CMB Trust Series 1999-2, Impac CMB Trust Series 2000-2, Impac CMB Trust Series 2001-4, Impac CMB Trust Series 2002-1, and Impac CMB Trust Series 2003-5; Bank of America, National Association, as successor by merger to LaSalle National Bank, in its capacity as former trustee of terminated trust Impac CMB Trust Series 1999-1; Wells Fargo Bank, N.A., in its capacity as former trustee for terminated trust Impac Mortgage Pass-Through Certificates 2000-1; and Wingspan Portfolio Advisors, LLC*

3

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2012, the foregoing was filed using the Court's CM/ECF system, which will notify all registered parties of the filing.

/s/ Barry L. Pickens