# THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| MICHAEL AND SHELLIE GILMOR, et al., | |
| Plaintiffs, | Case No. 4:10-cv-00189-ODS |
| vs. | |
| PREFERRED CREDIT CORPORATION, et al., | |
| Defendants. | |

## NOTICE OF VIDEOTAPED DEPOSITION

To: Daniel J. Tobin
    Ballard Spahr, LLP
    4800 Montgomery Lane, 7th Floor
    Bethesda, Maryland 20814-3401

    Barry L. Pickens
    Spencer, Fane, Britt & Browne, LLP
    1000 Walnut St., Suite 1400
    Kansas City, Missouri 64106

    Attorneys for Impac Mortgage Holdings, Inc.

**YOU ARE HEREBY NOTIFIED** that pursuant to Federal Rule of Civil Procedure 30(b)(6), **Defendant Impac Mortgage Holdings, Inc.** shall designate one or more persons to testify on its behalf with respect to the matters set forth in **Exhibit A**. The deposition will be used in the above-entitled cause on the part of Plaintiffs and the Class and will be taken at **Esquire Solutions, 535 Anton Boulevard, Suite 400, Costa Mesa, CA 92626 (714) 668-0166, on Wednesday, May 16, 2012** at **8:30 a.m.**, **or at the conclusion of the deposition of Julia Gorman, whichever is later, and shall continue thereafter from day to day until concluded.** The deposition will be recorded by stenographic and sound-and-visual means. Mike Cooper of

Esquire Solutions, 535 Anton Boulevard, Suite 400, Costa Mesa, CA 92626 is expected to be the recording technician.

A list of the matters upon which the representative(s) will be examined is attached as **Exhibit A**.

Dated: May 9, 2012

Respectfully submitted,

WALTERS BENDER STROHBEHN
 & VAUGHAN, P.C.

By: */s/ Kip D. Richards*
R. Frederick Walters – Mo. Bar 25069
Kip D. Richards – Mo. Bar 39743
David M. Skeens – Mo. Bar 35728
Karen W. Renwick – Mo. Bar 41271
J. Michael Vaughan Mo. – Bar 24989
Garrett M. Hodes – Mo. Bar 50221
Matthew R. Crimmins – Mo. Bar 53138
Bruce V. Nguyen – Mo. Bar 52893
2500 City Center Square
1100 Main Street
P.O. Box 26188
Kansas City, MO 64196
(816) 421-6620
(816) 421-4747 (Facsimile)
fwalters@wbsvlaw.com
krichards@wbsvlaw.com
dskeens@wbsvlaw.com
krenwick@wbsvlaw.com
mvaughan@wbsvlaw.com
ghodes@wbsvlaw.com
mcrimmins@wbsvlaw.com
bnguyen@wbsvlaw.com

**ATTORNEYS FOR PLAINTIFFS
AND CLASS COUNSEL**

**CERTIFICATE OF SERVICE**

       The undersigned hereby certifies that on this the 9th day of May, 2012, I electronically filed the above and foregoing document with the Clerk of Court of the Western District of Missouri using the Court's ECF system, which will send notification of said filing to all counsel of record who are ECF participants. In addition, a copy was served by U.S. mail, First-Class Postage Prepaid, to:

Arthur E. Kechijian, Manager
United Mortgage C.B., LLC
P.O. Box 471827
Charlotte, NC 28247
**Defendant United Mortgage C.B., L.L.C**.

                                                  /s/ *Kip D. Richards*

# EXHIBIT A

## DEFINITIONS

1. **Impac Mortgage Holdings, IMH, You or Your**. "Impac Mortgage Holdings Corporation," "IMH," "You," and "Your," shall refer individually and collectively to the Defendant Impac Mortgage Holdings, its officers, directors, employees, attorneys, investigators or other representatives or agents, and to any merged, consolidated or acquired predecessor or successor corporation or entity related to IMH, including but not limited to "Impac Companies," "Impac Funding Corp.," "Impac Lending Group," "ICI Funding Corp." "Imperial Credit Mortgage Holdings, Inc.," "Imperial Warehouse Lending Group," "Imperial Credit Commercial Holdings," "Imperial Credit Capital Corp.," "Imperial Credit, Inc." and/or "ICI Funding Corp.", and includes all employers of all persons executing any verification pages on interrogatories answered by IMH, or any persons previously appearing for a deposition in this matter on behalf of IMH.

2. **Class Members' Loans.** The term "Class Members' Loans" means those loans identified on the electronic spreadsheet marked as **Exhibit 114** during the deposition of Impac Funding Corp. and any additional junior lien mortgage loans secured by an interest in residential real estate situated in Missouri that IMH and/or Impac Funding Corp. purchased or acquired from Preferred Credit Corporation (f/k/a Preferred Mortgage Corporation or TAR Preferred Mortgage Corporation).

3. **Documents.** Documents includes all electronic records stored in any type of media, and is not limited to documents that are stored in physical form.

4

## MATTERS UPON WHICH EXAMINATION IS REQUESTED

*General Organization Structure and Financial Information*

1. The history and organizational structure of IMH including, without limitation, the existence, business and status of any direct or indirect parent, subsidiary and/or affiliated companies.

2. The Impac corporate structure including, but not limited to, the ownership of, interface and business with, and common officers, directors, agents of IMH and any parent, subsidiary, and/or affiliated companies (and any predecessors), including, but not limited to, the following entities:

> Impac Funding Corporation, Impac Secured Assets Corporation, Impac Companies, Impac Lending Group, ICI Funding Corp., Imperial Credit Mortgage Holdings, Inc., Imperial Warehouse Lending Group, Imperial Credit Commercial Holdings, Imperial Credit Capital Corp., Imperial Credit, Inc. and/or ICI Funding Corp.

3. The nature of the business(es) in which IMH is now or ever has been engaged, the number and location of offices and number of employees and their functions at all relevant times, and the name, function and organization of any departments and divisions within the Impac corporate structure, including, but not limited to, any departments, divisions and/or subsidiaries with the responsibility for and/or function related to:

(a) The receipt, review, diligence, analysis and acquisition of mortgage loans, including, but not limited to, the Class Members' Loans.

(b) The sale, guaranty and/or securitization of mortgage loans, including, but not limited to, the Class Members' Loans.

4. The preparation of Your consolidated or other periodic financial statements, reports and tax returns from 1996 through today.

5. The scope of Your consolidated or other periodic financial statements, reports and tax returns from 1996 through today.

6. The production of Your most recent consolidated or other periodic financial statements and tax return(s).

7. The existence, business and current financial condition of the various Impac companies.

8. The parties, claims, venue, status and disposition of any lawsuits or arbitration proceedings ever filed against You in which the assertion was made that IMH was liable under any theory for the loans, debts, and/or liabilities of Impac Funding and/or any one or more of the

other Impac companies and/or for any judgment that might be entered against Impac Funding and/or any other Impac company.

*Record Retention and Authentication*

9. Your record keeping system(s) and document/information-retention policies and requirements including, without limitation, the method(s) by which You, or a third party performing custodial or other services for You, kept or keep the documents and electronic data generated in connection with the purchase and use of the Class Members' Loans.

10. The location and whereabouts of the documents produced by You in this lawsuit in 2012 and the reason(s) why they were not earlier produced.

11. With respect to the other documents and records requested by Plaintiffs in this lawsuit and/or concerning the Class Members' Loans: (a) their past and current existence; (b) their past and current whereabouts; (c) Your search for such documents and records; (d) persons with responsibility for the search(es); and (e) the identity(ies) of all custodians of all such documents and records.

12. With respect to all other documents and records concerning Your relationship with Impac Funding Corporation and/or any other predecessor, parent, subsidiary and/or affiliated companies: (a) their past and current existence; (b) their past and current whereabouts; (c) Your search for such documents and records; (d) persons with responsibility for the search(es); and (e) the identity(ies) of all custodians of all such documents and records.

*Agreements with Originating Lender*

13. Your relationship with and any agreements and/or transactions with Preferred Credit Corporation.

14. The agreements and transactions through which IMH purchased and acquired or otherwise took title and/or a security interest in any of the Class Members' Loans.

15. The agreements and transactions through which You claim an affiliate purchased and acquired or otherwise took title and/or a security interest in any of the Class Members' Loans.

16. Any disputes or complaints with, demands made on, and/or lawsuits or claims filed against Preferred Credit Corporation.

*Compliance and Due Diligence*

17. Any investigation, review and/or due diligence of Preferred Credit Corp. and Your knowledge of Preferred Credit Corporation and the differences, if any, between these reviews and Your reviews of loan correspondents/originators/sellers generally in 1996 and 1997.

18. Any investigation, due diligence and/or compliance or other reviews of the loans acquired from Preferred Credit Corporation and the differences, if any, between those reviews and the reviews of loans acquired from Your loan correspondents/originators/sellers generally in 1996 and 1997.

*This Matter specifically includes, but is not limited to, any due diligence and compliance reviews proposed and/or performed by You or others to determine whether the loans (a) complied with Federal laws; (b) complied with California state laws; (c) complied with Missouri state laws; and/or (d) complied with the laws of any other states whether performed by You or a third-party on Your behalf or by another person or consultant that reviewed the loans and shared its findings with You.*

*This Matter also specifically includes, but is not limited to, the nature, extent and purpose of such due diligence and compliance reviews, the policies and procedures to be followed, the policies, guidelines, procedures, computer programs and applications used to perform any such review, the identities of the persons and consulting firms who performed the reviews, the findings and conclusions reached, and the documents generated as a result of such reviews.*

*Loan Acquisition and Securitization*

19. The purchase, acquisition, assignment, conveyance or other transfer of the Class Members' Loans including, but not limited to, the identity of the purchaser and other parties to the transaction, the manner in which any consideration was given, paid, received or exchanged as part of the transaction (e.g., the identities of the payees and payors, the accounts from and to which the money was withdrawn, sent or deposited, and the timing and terms of payment), the date and reason(s) for the transaction, and the identity and whereabouts of any records or documents generated as part of or as result of the transaction.

20. The purpose, provisions and applicability of the Seller Guide produced in this case in February 2012 and its application, if any, to the purchase, review, and/or disposition of the loans from Preferred Credit Corporation.

21. Title and ownership and use of the loans once purchased and acquired from Preferred Credit Corporation.

22. The sale and/or assignment and/or securitization of the of the Class Members' Loans including without limitation:

    (a) the expected economic and financial interests retained and/or realized or to be realized by You and the other participants in the securitizations;

    (b) any residual or other interest in the loans and/or investment that You and the other participants in the securitizations retained or acquired in connection with the securitizations;

7

(c) the actual economic and financial interests retained and/or realized or to be realized by You and the other participants in the securitizations.

23. The transactions and agreements, including, but not limited to, any amendments or restatements thereto, through which any of the Class Members' Loans were securitized.

24. The names of all entities to and/or through which the loans that IMH and/or its subsidiaries purchased and/or acquired from Preferred Credit Corp. sold, assigned, transferred or otherwise conveyed.

25. The identity and role of any warehouse lender(s) utilized in connection with the purchase and acquisition of the loans from Preferred Credit Corporation including, without limitation, the Class Members' Loans.

26. The identity and role of any lender(s) and/or underwriters utilized in connection with the sale and/or securitization of the loans from Preferred Credit Corporation including, without limitation, the Class Members' Loans.

27. Any decisions, conduct, guaranties, payments, advances, and other transactions undertaken or made by IMH and the role of IMH in connection with the Impac Secured Assets CMN Trust Series 1998-1 securitization including, without limitation, any guaranties, payments and/or advances given or made as a result of any failure on the part of the Master Servicer to perform any advance in accordance with its obligations under any servicing agreement.

28. The Mortgage Loan Sale and Contribution Agreement dated March 1, 1998 executed as a part of the Impac Secured Assets CMN Trust Series 1998-1 securitization.

29. The Mortgage Loan Purchase Agreement dated as of March 1, 1998 executed as a part of the Impac Secured Assets CMN Trust Series 1998-1 securitization.

30. The sale of the Mortgage Loans described on Exhibit A to the Mortgage Loan Purchase Agreement dated as of March 1, 1998.

31. The Underwriting Agreement dated March 27, 1998, executed as a part of the Impac Secured Assets CMN Trust Series 1998-1 securitization.

32. The Mortgage Loan Purchase Agreement dated as of March 31, 1998 executed as a part of the Impac Secured Assets CMN Trust Series 1998-1 securitization.

33. The Amended and Restated Trust Agreement dated March 31, 1998 executed as a part of the Impac Secured Assets CMN Trust Series 1998-1 securitization.

34. The Loan Servicing Agreement dated as of January 1, 1998 executed as a part of the Impac Secured Assets CMN Trust Series 1998-1 securitization.

35. The Indenture dated as of March 31, 1998 executed as a part of the Impac Secured Assets CMN Trust Series 1998-1 securitization.

36. Any opinions as to the loans securitized via the above securitization trust that were obtained for the purposes of the securitization.

*Representations and Warranties*

37. The representations and warranties made by Preferred Credit Corp. regarding the Class Members' Loans, including but not limited to those regarding compliance with state law fee restrictions, and Your efforts to verify whether Preferred Credit Corp. complied with all warranties and representations made by it, and the identification of all of Your policies and procedures, all documents or records upon which You relied, and all computer programs, Internet-based services or other applications that were used by You or that You relied upon to make such verifications.

38. Your contention, if any, that Preferred Credit Corp. breached or violated any representation or warranty made to You.

39. The representations and warranties made by You in conjunction with the sale or assignment of the Class Members' Loans including, but not limited to, whether the loans complied with state laws or regulations governing the settlement charges or fees that were directly or indirectly charged, contracted for or received on such loans.

*Loan Servicing*.

40. Your involvement, participation and conduct with respect to the servicing and/or master servicing of the Class Members' Loans.

41. The identity and description of the agreements to which You were (are) a party that govern the servicing of the Class Members' Loans.

42. The manuals, agreements, guides, policies and procedures, computer programs, Internet-based services or other documents and/or applications applicable to the servicing of the Class Members' Loans.

43. The decision to continue servicing the Class Members' Loans after this lawsuit was filed.

44. Any decision to refund or deem paid any portion of the mortgage indebtedness after this lawsuit was filed.

45. The revenue and/or other amounts collected or received from the Class Members' Loans after this lawsuit was filed.

*Audits and Loan Repurchases*

46. Any audits of You or Your operations performed by You, a third party retained by You, a third party not retained by You, or any state or federal regulator from 1996 through today.

47. Any loan repurchase requests that You made to Preferred Credit Corporation with regard to any loans purchased or acquired including, but not limited to, the Class Members' Loans..

48. Any loan repurchase requests made with respect to any loan that You purchased and/or acquired from Preferred Credit Corp. including, but not limited to, the Class Members' Loans.

*Joint Defense Agreements*

49. Your agreements, if any, with any other Defendant or Defendants related to the defense of this lawsuit.