THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MICHAEL AND SHELLIE GILMOR, et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>PREFERRED CREDIT CORPORATION, et al.,<br><br>    Defendants. | Case No. 4:10-cv-00189-ODS |

**UNOPPOSED JOINT MOTION FOR EXTENSION OF TIME
TO COMPLETE DISCOVERY**

Plaintiffs and certain Defendants[1] respectfully move the Court for an Order extending the deadline by which the parties must complete discovery. In support of this motion, the parties state as follows:

1. Currently, the discovery deadline is June 15, 2012.

2. The parties have diligently been working to complete discovery in this matter by the current deadline. However, due to the number of counsel involved and the number of depositions currently scheduled to be taken and that remain to be taken, the parties respectfully move the court for an additional two weeks, up to and including June 29, 2012, in which to complete fact discovery.

3. The parties have taken depositions of five (5) of the named plaintiffs on May 21, 2012, May 30, 2012 and June 1, 2012. The deposition of a representative of Wendover Financial Services is currently scheduled for June 5, 2012. The deposition of JoAnn Niffenegger, a former

---

[1] The Moving Defendants include Impac Funding Corporation ("IFC") and the other entities listed in counsel's signature block. The moving parties consulted the other defendants, none of whom objected to the relief sought herein.

employee of the originating lender Preferred Credit Corporation, is scheduled for June 19, 2012. Further, the continued deposition of Impac Funding Corporation's representative(s) and of additional IMPAC fact witnesses, including but not limited to Bill Ashmore, Jim Dickenson and Mary Glass-Schannault, also will need to be taken and are in the process of being scheduled. Additionally, a representative for Deutsche Bank National Trust Company must be deposed.

4. In addition to the above-referenced fact witnesses that must be deposed, there are depositions of Plaintiffs' experts (John Ward, Kurt Krueger and Rebecca Walzak) and Defendants' experts (Charles Finch, David Lykken, Daniel Welsh, A. Randall Appleyard) that must still be completed. Given the amount of depositional work that remains, the current fact discovery deadline does not reasonably allow completion of the fact discovery, let alone the expert discovery.

5. Plaintiffs and the primary group of remaining unsettled Defendants (the IMPAC group of defendants) have agreed to mediate the matter. Plaintiffs and the IMPAC defendants have agreed upon Richard McLeod as the mediator and have also agreed upon a date of July 26, 2012 for the mediation in Kansas City, Missouri. Additionally, Plaintiffs have engaged in settlement discussions with the remaining defendants in this matter.

6. If the case is not resolved through mediation in July, as scheduled, the parties will then immediately schedule the depositions of Plaintiffs' experts (John Ward, Kurt Krueger and Rebecca Walzak) and Defendants' experts (Charles Finch, David Lykken, Daniel Welsh, A. Randall Appleyard), all to be completed in August and September 2012, well in advance of the November 2012 trial.

7. Given the foregoing, the parties have discussed and consented to a two-week (14-day) extension of the fact discovery deadline. Based on the proposed extension, fact discovery

would now close on June 29, 2012. Counsel for the parties agree that the additional time is reasonably necessary to complete the remaining fact discovery.

8. The additional time requested for fact discovery will not result in any delay in the case, nor will the additional time to complete expert discovery (should mediation not be successful) result in any delay in the case. The parties only seek to extend the discovery deadlines, and do not seek to alter any other existing deadlines, including the deadlines for dispositive motions or for trial. Therefore, the requested extensions will not adversely affect any of the other scheduling or trial deadlines.

9. The instant request to extend the deadlines is made in good faith, not for the purpose of delay, and will not prejudice any party.

10. Counsel for the other defendants have been consulted and have indicated no opposition to the requested extensions.

WHEREFORE, the parties jointly move this Court for an Order extending the deadline for the close of fact discovery to June 29, 2012, and for the close of expert discovery by September 30, 2012, and for any other relief that the Court deems just and proper.

Dated: June 4, 2012

Respectfully submitted,

/s/ R. Frederick Walters
R. Frederick Walters – Mo. Bar 25069
Kip D. Richards – Mo. Bar 39743
David M. Skeens – Mo. Bar 35728
Karen W. Renwick – Mo. Bar 41271
J. Michael Vaughan Mo. – Bar 24989
Garrett M. Hodes – Mo. Bar 50221
Matthew R. Crimmins – Mo. Bar 53138
Bruce V. Nguyen – Mo. Bar 52893
WALTERS BENDER STROHBEHN & VAUGHAN, P.C.
2500 City Center Square
1100 Main Street
P.O. Box 26188
Kansas City, MO 64196
Telephone: (816) 421-6620
Facsimile: (816) 421-4747

*Attorneys for Plaintiffs and Class Counsel*


/s/ Barry L. Pickens
Barry L. Pickens, Esq.                MO #43379
SPENCER FANE BRITT & BROWNE
1000 Walnut Street, Suite 1400
Kansas City, MO 64106-2140
Telephone: (816) 474-8100
Facsimile: (816) 474-3216
bpickens@spencerfane.com

/s/ Daniel J. Tobin
Daniel J. Tobin, Esq. (admitted *pro hac vice*)
BALLARD SPAHR LLP
4800 Montgomery Lane, Suite 700
Bethesda, MD 20814
Telephone: (301) 664-6200
Facsimile: (301) 664-6299
tobindj@ballardspahr.com

*Attorneys for Defendants Impac Mortgage Holdings, Inc.; Impac Funding Corporation; Impac Secured Assets Corporation; IMH Assets Corporation; Impac Real Estate Asset Trust Series 2006-SD1; Deutsche Bank National Trust Company, in its capacity as trustee for the 2006-SD1 Trust and as former trustee for the following trusts, all of which have terminated: Impac Secured Assets CMN Trust Series 1998-1, Impac CMB Trust Series 1999-2, Impac CMB Trust Series 2000-2, Impac CMB Trust Series 2001-4, Impac CMB Trust Series 2002-1, and Impac CMB Trust Series 2003-5; Bank of America, National Association, as successor by merger to LaSalle National Bank, in its capacity as former trustee of terminated trust Impac CMB Trust Series 1999-1; Wells Fargo Bank, N.A., in its capacity as former trustee for terminated trust Impac Mortgage Pass-Through Certificates 2000-1; and Wingspan Portfolio Advisors, LLC*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this the 4th day of June 2012, I electronically filed the above and foregoing document with the Clerk of Court of the Western District of Missouri using the Court's ECF system, which will send notification of said filing to all counsel of record who are ECF participants. In addition, a copy was served by U.S. mail, First-Class Postage Prepaid, to:

Arthur E. Kechijian, Manager
United Mortgage C.B., LLC
P.O. Box 471827
Charlotte, NC 28247
**Defendant United Mortgage C.B., L.L.C**.

/s/ *R. Frederick Walters*