THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MICHAEL AND SHELLIE GILMOR, et al., | |
| Plaintiffs, | Case No. 4:10-cv-00189-ODS |
| vs. | |
| PREFERRED CREDIT CORPORATION, et al., | |
| Defendants. | |

MOTION FOR EXTENSION OF TIME TO FILE
SUGGESTIONS IN OPPOSITION TO
DEFENDANTS' SEPARATE MOTIONS TO DECERTIFY

Plaintiffs respectfully move the Court for an extension of time to July 13, 2012 in which to file their suggestions in opposition to three separate motions to decertify the class: (1) *Motion of Defendants Litton Loan Servicing, L.P. and JP Morgan Chase Bank, National Association, as Former Trustee to Decertify Class* (Doc. 513); (2) *Motion of Defendants Countrywide Home Loans, Inc. and BAC Home Loans Servicing, L.P. to Decertify Class* (Doc. 515); and (3) *Motion to Decertify*[1] (Doc. 517) (collectively the "Motions to Decertify"). In support of this motion, Plaintiffs state as follows:

1. Currently pending are three (3) separate Motions to Decertify. (Doc. 513, 515, and 517). The suggestions in support of the three (3) separate Motions to Decertify total twenty-two (22) pages, twenty-three (23) pages, and twenty-five (25) pages, respectively, or seventy (70) pages collectively. (Doc. 514, 516, and 518).

---

[1] The moving defendants as to this third motion are Impac Mortgage Holdings, Inc., Impac Funding Corporation, Impac Secured Assets Corporation, IMH Assets Corporation, Impac Real Estate Asset Trust Series 2006-SD1, Deutsche Bank National Trust Company, Bank of America, N.A., Wells Faro Bank, N.A., and Wingspan Portfolio Advisors, LLC.

2. Plaintiffs' suggestions in opposition to the three (3) Motions to Decertify are currently due on June 8, 2012, based on the Court's Order extending the previous deadline.

3. Due to the size of the three (3) Motions to Decertify, Plaintiffs continued preparation for trial in this case, including mediation in New York today (June 5, 2012) with the bankruptcy trustee of the Advanta[2] bankruptcy, numerous depositions in advance of the discovery deadline, the good faith attempts to reach a settlement with certain of the moving defendants, and the press of other business that has effectively precluded counsel from completing the work they need to do to prepare and file their suggestions in opposition, Plaintiffs need additional time in which to file their oppositions to the three separate motions.

4. The parties have been engaged in significant and time-intensive discovery over the past month and continue on that course to complete the discovery needed for trial. The parties have taken depositions of five (5) of the named plaintiffs on May 21, 2012, May 30, 2012 and June 1, 2012. Plaintiffs intend to cite to and reference testimony from those depositions in responding to the pending motions to decertify. However, Plaintiffs have only received the deposition transcripts for 2 of those depositions, and have yet to receive the transcripts for the other 3 depositions only recently taken by defendants.

5. Additionally, the deposition of a representative of Wendover Financial Services is being taken today, June 5, 2012. The deposition of JoAnn Niffenegger, a former employee of the originating lender Preferred Credit Corporation, is also scheduled for June 19, 2012, as is the continued deposition of Defendant Impac Funding Corporation's representative(s) (necessitated in the wake of numerous previously unproduced and "recently discovered" documents) and additional IMPAC fact witnesses, including but not limited to Bill Ashmore, Jim Dickenson and

---

[2] Advanta was a servicer of numerous class loans in this case.

others, are scheduled to be taken or are being scheduled. Additionally, a representative for Deutsche Bank National Trust Company must be deposed.

6. Further, as paper discovery continues, the IMPAC group of defendants continues to produce documents to Plaintiffs and it will be necessary to complete the deposition of IMPAC Funding Corporation's representative(s) about the documents produced and other matters that may or may not be necessary for Plaintiffs to fairly and adequately respond to some of the arguments raised in their motion to decertify. The parties have not been able to schedule such depositions but intend to take those depositions by the end of June 2012. Once that discovery has been completed, Plaintiffs will be able to fairly respond to the arguments made by the IMPAC defendants.

7. Additionally, Plaintiffs note that they have also been engaged in settlement discussions with a number of defendants, which necessarily has taken time that would have been dedicated to work on the opposition to the motions to decertify. However, the time spent in negotiating with those defendants has been productive as it has resulted in settlements in principal with two separate defendants only recently: (1) JPMorgan Chase Bank, National Association as successor by merger to Chase Home Finance, LLC (see Doc. 531); and (2) EMC Mortgage Corporation (see Doc. 548). Plaintiffs have also engaged in settlement discussions with a number of other defendants, including some of which have moved to decertify.

8. Further, Plaintiffs have been working on motions for summary judgment and for partial summary judgment in advance and anticipation of the deadline for the parties to file their dispositive motions, which was only extended today by order of the Court. Plaintiffs' dispositive motions may or may not be filed before they file their opposition to the pending motions to decertify.

9. In addition, the Court today extended the discovery deadline to August 13, 2012 and the deadline for dispositive and Daubert-based motions to August 27, 2012. Therefore, the brief extension requested by Plaintiffs to respond to the pending motions to decertify will not adversely affect those deadlines.

10. Based on the foregoing, Plaintiffs respectfully suggest that they will need time through July 13, 2012, in which to respond to all three motions to decertify. This will enable them to complete the fact discovery and depositions that are necessary to fairly and adequately respond to the motions.

11. Plaintiffs have contacted counsel for the various moving defendants regarding the requested extension of time.

12. Counsel for Litton Loan Servicing, L.P. and JP Morgan Chase Bank, National Association, as Former Trustee, and for Countrywide Home Loans, Inc. and BAC Home Loans Servicing, L.P., the parties who have filed two of the three pending motions to decertify, has advised that they do not object to Plaintiffs' requested extension of time.

13. With respect to the other pending motion to decertify, counsel for the IMPAC defendants has not advised Plaintiffs' counsel regarding their position; instead, counsel for the IMPAC defendants have simply advised that they "will review [the] motion after [Plaintiffs] file it and respond as appropriate." Accordingly, Plaintiffs are uncertain as to the IMPAC defendants' actual position regarding the requested extension.

14. This request is made in good faith, is not for purposes of delay, and will not prejudice any party. Further, the request will not adversely affect any deadlines in this case.

WHEREFORE, Plaintiffs respectfully request the Court to enter an Order granting them an extension of time to July 13, 2012 in which to file their suggestions in opposition to the

following Motions to Decertify: (1) *Motion of Defendants Litton Loan Servicing, L.P. and JP Morgan Chase Bank, National Association, as Former Trustee to Decertify Class* (Doc. 513); (2) *Motion of Defendants Countrywide Home Loans, Inc. and BAC Home Loans Servicing, L.P. to Decertify Class* (Doc. 515); and (3) *Motion to Decertify* (Doc. 517), and for any other relief the Court deems just and proper.

Dated: June 5, 2012

Respectfully submitted,

WALTERS BENDER STROHBEHN
  &   VAUGHAN, P.C.

By:    */s/ Bruce V. Nguyen*
    R. Frederick Walters – Mo. Bar 25069
    Kip D. Richards – Mo. Bar 39743
    David M. Skeens – Mo. Bar 35728
    Karen W. Renwick – Mo. Bar 41271
    J. Michael Vaughan Mo. – Bar 24989
    Garrett M. Hodes – Mo. Bar 50221
    Matthew R. Crimmins – Mo. Bar 53138
    Bruce V. Nguyen – Mo. Bar 52893
    2500 City Center Square
    1100 Main Street
    P.O. Box 26188
    Kansas City, MO 64196
    (816) 421-6620
    (816) 421-4747 (Facsimile)
    fwalters@wbsvlaw.com
    krichards@wbsvlaw.com
    dskeens@wbsvlaw.com
    krenwick@wbsvlaw.com
    mvaughan@wbsvlaw.com
    ghodes@wbsvlaw.com
    mcrimmins@wbsvlaw.com
    bnguyen@wbsvlaw.com

**ATTORNEYS FOR PLAINTIFFS AND CLASS COUNSEL**

## **CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that on June 5, 2012, I electronically filed the above and foregoing document with the Clerk of Court of the Western District of Missouri using the Court's ECF system, which will send notification of said filing to all counsel of record who are ECF participants. In addition, a copy was served by U.S. mail, First-Class Postage Prepaid, to:


Arthur E. Kechijian, Manager
United Mortgage C.B., LLC
P.O. Box 471827
Charlotte, NC 28247
**Defendant United Mortgage C.B., L.L.C**.

                 /s/ *Bruce V. Nguyen*