**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| **MICHAEL P. AND SHELLIE GILMOR,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 4:10-cv-00189-ODS |
| ) | |
| **PREFERRED CREDIT CORPORATION,** ) | |
| **et al.,** ) | |
| ) | |
| Defendants. ) | |

### DEFENDANTS' SUGGESTIONS IN RESPONSE TO PLAINTIFFS' MOTION FOR EXTENSION OF TIME

Responding Defendants,[1] through counsel, respectfully submit these suggestions in response to Plaintiffs' motion for extension of time to file suggestions in opposition to Defendants' separate motions to decertify ("Motion").

1. Three groups of defendants filed motions to decertify the class on May 1, 2012. Plaintiffs' suggestions in opposition were originally due May 18, 2012. On that date, with the consent of all Defendants that had participated in filing the motions to decertify, Plaintiffs sought a three-week extension for their suggestions in opposition, until June 8, 2012. The Court granted Plaintiffs' motion for extension on the same day.

2. On June 5, 2012, the Court extended the deadlines for discovery and for dispositive and Daubert-based motions until August 13 and August 27, respectively. In its text-only order, the Court reminded the parties that dispositive and Daubert-based motions would be

---

[1] The Responding Defendants are Impac Mortgage Holdings, Inc., Impac Funding Corporation, Impac Secured Assets Corp., IMH Assets Corp, Deutsche Bank National Trust Company, Wells Fargo Bank, N.A., LaSalle National Bank, Impac Real Estate Asset Trust Series 2006-SD1, and Wingspan Portfolio Advisors, LLC.

decided before the pretrial conference, and that the Court is "not willing to continue the trial setting."

3. Plaintiffs have now asked for a further extension of their due date for filing suggestions in opposition to the motion to decertify, until July 13, 2012. If granted Plaintiffs will have been given in excess of ten weeks to formulate their response.

4. Responding Defendants are mindful of the need to accommodate scheduling problems encountered by other counsel, but are also concerned that the time remaining for all the work that needs to be done will be excessively compressed. The Court can reasonably expect a number of additional motions to be filed, both by Plaintiffs and by different groups of Defendants, including motions for summary judgment. Such motions will of course also require significant briefing.

5. Responding Defendants also note that the Court originally set the date for motions to decertify to precede by two months the filing of dispositive and Daubert-based motions. Responding Defendants surmise that this sequence was set by the Court because it intended to resolve class issues before dispositive and evidentiary motions were briefed and decided. By backing up the deadline for opposition and reply suggestions in connection with the decertification motions, the schedule proposed by Plaintiffs creates the very real possibility that the briefing process for a large number of significant motions will substantially overlap.

6. Responding Defendants defer to the Court's wishes and to the Court's calendar for purposes of Plaintiffs' motion for extension. If the Court's calendar indicates that extending the due date until July 13 will not unduly hamper the Court's consideration of the motions to decertify and all of the other anticipated dispositive motions, then Responding Defendants have no objection to the requested extension. However, if the Court perceives that the new briefing

schedule will not provide the Court with sufficient opportunity to weigh and consider all of the issues that will be brought before it in the various motions, then Responding Defendants suggest that an appropriately shorter extension should be allowed.

Respectfully submitted,

June 7, 2012

/s/ Barry L. Pickens
Barry L. Pickens, Esq.  MO #43379
bpickens@spencerfane.com
SPENCER FANE BRITT & BROWNE LLP
1000 Walnut Street, Suite 1400
Kansas City, MO 64106-2140
Telephone: (816) 474-8100
Facsimile: (816) 474-3216


/s/ Daniel J. Tobin
Daniel J. Tobin, Esq.
tobindj@ballardspahr.com
BALLARD SPAHR LLP
4800 Montgomery Lane, Suite 700
Bethesda, MD 20814
Telephone: (301) 664-6200
Facsimile: (301) 664-6299

*Attorneys for Defendants Impac Mortgage Holdings, Inc., Impac Funding Corporation, Impac Secured Assets Corp., IMH Assets Corp, Deutsche Bank National Trust Company, in its capacity as former trustee of certain trusts, Wells Fargo Bank N.A., in its capacity as former trustee of a certain trust, LaSalle National Bank, in its capacity as former trustee of a certain trust, and Impac Real Estate Asset Trust Series 2006-SD1, and Wingspan Portfolio Advisors, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2012, the foregoing was filed using the Court's CM/ECF system, which will notify all registered parties of the filing.

/s/ Barry L. Pickens