# THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| **MICHAEL AND SHELLIE GILMOR, et al.,** )<br>)<br>**Plaintiffs,** )<br>)<br>v. )<br>)<br>**PREFERRED CREDIT CORPORATION,** )<br>**et al.** )<br>)<br>**Defendants.** ) | Case No. 4:10-CV-00189-ODS |

## SECOND AMENDED NOTICE TO TAKE
## VIDEOTAPED DEPOSITION DUCES TECUM

YOU ARE HEREBY NOTIFIED that the deposition of Kurt Krueger will be taken on August 8 2012, commencing at 9:00 a.m., before a qualified reporter and videographer. Robert Bennett or his designee of TBC Video Productions, 300 NW Victoria Drive, Lee's Summit, MO 64086 is expected to be the videographer. The deposition will take place at the offices of John Ward Economics, 8340 Mission Road, Suite 235, Prairie Village, KS 66206. The taking of the deposition, if not completed on that day, will be continued from day to day thereafter until completed. Pursuant to Fed. R. Civ. 30(a), the deponent is hereby directed to appear at the place, date, and time specified above for the deposition upon oral examination.

Pursuant to Fed. R. Civ. P. 30(b)(2), the deponent is also hereby directed to produce at the deposition – to the extent not already produced - all records, materials, documents, and items specified below:

1. Your entire file concerning this case.

2. Any and all records or documents received, reviewed, or relied on by the deponent regarding the deponent's compensation in this case, facts or data provided by plaintiffs'

counsel that deponent considered in reaching his conclusions, or any assumptions deponent was asked to consider, including but not limited to: (a) reports, letters, memos, drafts, and other documents; (b) statements to or from plaintiffs or their counsel or any individual employed by or affiliated with plaintiffs or their counsel; (c) correspondence pertaining to this case, including but not limited to records of all fees charged and/or paid to the deponent (or any company where the deponent is employed) for work performed in connection with this case; and (d) books, treatises, and literature on which the deponent relied in reaching conclusions and forming opinions in this case, including but not limited to any loan amortization schedules, documents reflecting loan payoff information, or other documents related to the issues on which the deponent is expected to express opinions in this matter.

3. Any computer database or other computer records received, reviewed, and/or relied upon by the deponent in reaching conclusions and/or forming opinions in this case.

4. All notes taken or prepared by the deponent, or otherwise made during the deponent's review of materials in this case or any interviews, including but not limited to interviews of any named plaintiff or any other class member.

5. Any and all documents securing or reflecting the retention of deponent to serve as an expert witness in this action.

6. All documents prepared by the deponent (including any notes) relating to or in any manner pertaining to the deponent's opinions in this case, including but not limited to (a) summary or borrower-by-borrower charts or documents related to the issues on which the deponent is expected to express opinions in this matter; (b) all documents describing, referring to, or relating to the opinions deponent has formed concerning this case; (c) all documents describing the methods or formulae of calculating damages in connection with deponent's

opinions; and (d) all spreadsheets or other documents reflecting damages about which deponent expects to express an opinion in this matter.

7. All e-mail or Internet communications or research received, reviewed, and/or relied upon relating to or in any manner pertaining to this case.

8. Any and all articles, papers, books, or other texts, published or unpublished, authored by the deponent in any way relating to the issues on which the deponent is expected to express opinions in this matter.

9. All documents that you have received, reviewed, and/or relied upon that concern any defendant or any third-party defendant in this case.

10. All documents that you have received, reviewed, and/or relied upon that concern this lawsuit.

11. A copy of the deponent's most current *curriculum vitae*.

Respectfully submitted,

/s/ Barry L. Pickens
Barry L. Pickens, Esq. (MO #43379)
SPENCER FANE BRITT & BROWNE
1000 Walnut Street, Suite 1400
Kansas City, MO 64106-2140
Telephone: (816) 474-8100
Facsimile: (816) 474-3216
bpickens@spencerfane.com

/s/ Daniel J. Tobin
Daniel J. Tobin, Esq. (admitted *pro hac vice*)
BALLARD SPAHR LLP
4800 Montgomery Lane, Suite 700
Bethesda, MD 20814
Telephone: (301) 664-6200
Facsimile: (301) 664-6299
tobindj@ballardspahr.com

*Attorneys for Defendants Impac Mortgage Holdings, Inc.; Impac Funding Corporation; Impac Secured Assets Corporation; IMH Assets Corporation; Impac Real Estate Asset Trust Series 2006-SD1; Deutsche Bank National Trust Company, in its capacity as indenture trustee for the 2006-SD1 Trust and as former indenture trustee for the following trusts, all of which have terminated: Impac Secured Assets CMN Trust Series 1998-1, Impac CMB Trust Series 1999-2, Impac CMB Trust Series 2000-2, Impac CMB Trust Series 2001-4, Impac CMB Trust Series 2002-1, and Impac CMB Trust Series 2003-5; Bank of America, National Association, as successor by merger to LaSalle National Bank, in its capacity as former indenture trustee of terminated trust Impac CMB Trust Series 1999-1; Wells Fargo Bank, N.A., in its capacity as former indenture trustee for terminated trust Impac Mortgage Pass-Through Certificates 2000-1; and Wingspan Portfolio Advisors, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2012, the foregoing was filed using the Court's CM/ECF system, which will notify all registered parties of the filing.

/s/ Barry L. Pickens