IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

MICHAEL P. AND SHELLIE GILMOR,
ET AL.,

                    Plaintiffs,

    vs.

PREFERRED CREDIT CORPORATION,
ET AL.,

                    Defendants.

Case No. 10-0189-CV-W-ODS

## FINAL JUDGMENT

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.      The settlement of the claims of the Preferred Trusts Settlement Class on the terms

set forth in the parties' Settlement Agreement and Release ("Agreement"), dated March 27,

2012, is approved, and the following settlement class is granted final certification for settlement

purposes under Fed.R.Civ.P. 23:

> All persons who, on or after June 27, 1994, obtained a "Second Mortgage Loan,"
> as defined in Mo.Rev.Stat. § 408.231.1, that was secured in whole or in part by a
> mortgage or a deed of trust on residential real property located in the state of
> Missouri, that was originated by Preferred Credit Corporation (f/k/a T.A.R.
> Preferred Mortgage Corporation), and that was purchased by, assigned or
> conveyed to, or otherwise owned and/or held by Preferred Mortgage Trust 1996-
> 1, Preferred Mortgage Trust 1996-2, Preferred Credit Trust 1997-1, Credit Suisse
> First Boston Mortgage Securities Corporation, or Deutsche Bank Trust Company
> Americas, individually or as trustee of Preferred Mortgage Trust 1996-1, Preferred
> Mortgage Trust 1996-2 and Preferred Credit Trust 1997-1, and who did not timely
> exercise their right and option to opt out and exclude themselves from the
> litigation class that the Circuit Court of Clay County, Missouri previously
> certified on January 2, 2003, in *Gilmor v. Preferred Credit Corporation*, Case No.
> CV100-4263-CC.

(the "Preferred Trusts Settlement Class").

2.      Individual notice complying with Rule 23 was sent to the last-known address of each member of the Preferred Trusts Settlement Class as identified on Exhibit E to the Agreement.   The Court finds all members of the Preferred Trusts Settlement Class to be "Preferred Trusts Settlement Class Members" as defined in Paragraph 2.37 of the Agreement and that all such persons are bound by this Final Judgment.   Individual notice was also sent to the Trust Investors as required by the Agreement.   The Court finds that such notice was fair, reasonable and adequate to apprise the Trust Investors of the Agreement and Settlement and of their right to timely object to the same if they desired.

3.      All individual and class claims being asserted in this Litigation against Defendant Credit Suisse First Boston Mortgage Securities Corporation, Defendant Deutsche Bank Trust Company Americas (f/k/a Bankers Trust Company), individually and in its capacities as trustee of the Preferred Mortgage Trust 1996-1, Preferred Mortgage Trust 1996-2, and Preferred Credit Trust 1997-1, and Defendants Preferred Mortgage Trust 1996-1, Preferred Mortgage Trust 1996-2, and Preferred Credit Trust 1997-1 (collectively, the "Settling Defendants") are dismissed on the merits and with prejudice according to the terms set forth in the Agreement and in the *Order Finally Approving Class Action Settlement and Certifying a Class for Settlement Purposes* (the "Final Approval Order"), without costs to any Party except as provided in the Final Approval Order.

4.      Plaintiffs Kevin and Susan Schaefer, David and Nicole Warkentien, and John and Jeanne Rumans and all other members of the Preferred Trusts Settlement Class who did not timely exclude themselves from the Preferred Trusts Settlement Class shall be bound by the Releases provided in Paragraph 6 of the Agreement.

2

5.     On January 2, 2003, the Circuit Court of Clay County, Missouri, in Case No. CV100-4263-CC, certified a litigation class that included numerous borrowers whose loans were originated by Preferred Credit Corporation (f/k/a T.A.R. Preferred Mortgage Corporation), but which were never purchased by, assigned to, and/or serviced by the Settling Defendants (such borrowers, collectively, are the "Non-Preferred Trusts Plaintiff Borrowers").  The Court finds and concludes that, as a result of this fact, as stipulated by the Parties, the Non-Preferred Trusts Plaintiff Borrowers cannot recover any damages, penalties or other relief from the Settling Defendants with respect to the PCC Loans, as defined in the Agreement.  This finding and/or conclusion of the Court, however, shall not be deemed or construed as a holding that any of the Non-Preferred Trusts Plaintiff Borrowers have in any way released any claims, of whatever type or kind, with respect to any PCC Loans or otherwise.

6.     All claims for contribution, indemnity and other claims over, whether asserted, unasserted or asserted in a representative capacity, inclusive of interest, taxes and costs, related to the Released Claims as defined in Paragraph 2.40 of the Agreement, which could have been brought in this Litigation by any person or party against a Released Person as defined in Paragraph 2.41 of the Agreement (unless such claim over is made with respect to a claim by a person or party who is not a Releasor as defined in Paragraph 2.42 of the Agreement), are permanently barred, prohibited and enjoined.

7.     The dismissal of this Litigation and claims against the Settling Defendants as provided in the Agreement and Final Approval Order shall in no way stay, bar, preclude, abate or otherwise operate as a dismissal, release, discharge or adjudication of any other claims including, but not limited to, the following: (a) the individual and class claims of Plaintiffs Michael Gilmor, Shellie Gilmor, Michael E. and Lois A. Harris, Leo E. Parvin, Jr., Ted Varns, Raye Ann Varns,

3

Mark and Thomasina Shipman, William and Marion Jones, Bruce and Mary James, Patricia Ann Worthy, Derrick Rockett, Alethia Rockett, William and Carole Hudson, James and Kathleen Woodward, Jeffrey Weathersby, Debra Mooney, Joseph Black and Amy Black and the claims of any Non-Preferred Trust Plaintiff Borrowers as defined in Paragraph 2.26 of the Agreement; and (b) the individual and/or class claims of Plaintiffs Kevin and Susan Schaefer, David and Nicole Warkentien, and/or John and Jeanne Rumans against Advanta Mortgage Corporation USA (now in bankruptcy) and any other person or entity not a Released Person as defined in Paragraph 2.41 of the Agreement.

8.      The Court will retain continuing jurisdiction over this Litigation and each of the matters set forth in Paragraph 13 of the Final Approval Order for the purposes set forth in the Final Approval Order.

9.      The Court expressly determines that there is no just reason for delay for purposes of Fed.R.Civ.P. 54(b).

10.      Unless otherwise provided herein, all capitalized terms in this Final Judgment shall have the same meaning as those terms in the Agreement.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT

DATE: August 7, 2012

4