THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

MICHAEL AND SHELLIE GILMOR,
  et al.,

                Plaintiffs,                Case No. 4:10-cv-00189-ODS

vs.

PREFERRED CREDIT CORPORATION,
  et al.,

                Defendants.

MOTION FOR EXTENSION OF TIME TO COMPLETE DISCOVERY

Plaintiffs respectfully move the Court for an Order extending the deadline by which the parties must complete discovery. Earlier today, Plaintiffs filed an "Unopposed Joint Motion for Extension of Time to Complete Discovery" ("Joint Motion") (Doc. No. 635) that proposed an extension of the current discovery deadline to August 24, 2012. However, due to miscommunication between counsel for Plaintiffs and the Impac defendants,[1] Plaintiffs respectfully withdraw the earlier filed "Joint Motion" and file the instant motion for extension of time to more accurately reflect the agreement between Plaintiffs and the Impac defendants:

1.      Currently, the discovery deadline is August 13, 2012.

2.      The parties have diligently been working to complete discovery in this matter by the current deadline. However, due to the number of counsel involved and the number of

---

[1] Defendants Impac Mortgage Holdings, Inc.; Impac Funding Corporation; Impac Secured Assets Corporation; IMH Assets Corporation; Impac Real Estate Asset Trust Series 2006-SD1; Deutsche Bank National Trust Company, in its capacity as trustee for the 2006-SD1 Trust and as former trustee for the following trusts, all of which have terminated: Impac Secured Assets CMN Trust Series 1998-1, Impac CMB Trust Series 1999-2, Impac CMB Trust Series 2000-2, Impac CMB Trust Series 2001-4, Impac CMB Trust Series 2002-1, and Impac CMB Trust Series 2003-5; Bank of America, National Association, as successor by merger to LaSalle National Bank, in its capacity as former trustee of terminated trust Impac CMB Trust Series 1999-1; Wells Fargo Bank, N.A., in its capacity as former trustee for terminated trust Impac Mortgage Pass-Through Certificates 2000-1; and Wingspan Portfolio Advisors, LLC

depositions recently taken, currently scheduled and that remain to be taken, Plaintiffs respectfully move the court for an additional eleven (11) days, up to and including August 24, 2012, in which to complete discovery.

3. Given the amount of depositional work that has occurred and remains, even though the parties' have diligently attempted to complete discovery and comply with the current discovery deadline, the current deadline does not reasonably allow for the completion of the discovery, let alone the expert discovery.

4. The parties have recently taken the following depositions: Jo Ann Niffenegger (7/18/2012), James Dickinson (7/18/2012), John Shurance (7/19/2012), the continued deposition of Impac Funding Corporation (7/20/2012) which included 2 deponents and all of which were in Costa Mesa, California;, the corporate representative of JP Morgan Chase Bank, N.A. (8/7/2012) in New York, New York; corporate representative of Litton Loan Servicing, L.P. (8/10/2012) in Houston, Texas; Named Plaintiffs Joseph and Amy Black (8/10/2012) in Kansas City, Missouri.

5. The parties have also recently taken the following expert depositions:

    a. Plaintiffs' expert, Dr. John Ward– August 8, 2012, in Kansas City, Missouri;

    b. Plaintiffs'' expert, Dr. Kurt Krueger – August 8, 2012, in Kansas City, Missouri; and

    c. Plaintiffs' expert, Rebecca Walzak – August 9, 2012, in Kansas City, Missouri.

6. The parties have or will schedule at least the following depositions which need to be taken:

a. Defendants' Expert, A. Randall Appleyard – August 14, 2012 in New York;

b. Defendant's Expert, Charles Finch – August 23, 2012, in Kansas City, Missouri; and

c. Defendants' Expert, David Lykken – August 24, 2012, in Kansas City, Missouri.

7. Additionally, Plaintiffs also need to take the deposition of a representative for Deutsche Bank National Trust Company.

8. Plaintiffs and the primary group of remaining unsettled Defendants (the IMPAC group of defendants) agreed to mediate the matter. Plaintiffs and the IMPAC defendants have agreed upon Richard McLeod as the mediator. The mediation previously scheduled for July 26, 2012 was postponed and the parties are currently in the process of rescheduling the mediation for sometime during the first two weeks of September. Additionally, Plaintiffs have engaged in settlement discussions with the remaining defendants in this matter.

9. Given the foregoing, Plaintiffs have discussed the proposed eleven (11) day extension of the discovery deadline with the Impac defendants. Based on the proposed extension, discovery would now close on August 24, 2012.

10. The Impac defendants consented to the proposed extension of the discovery deadline to allow the depositions referenced in paragraph 6 (i.e., the depositions of Defendants' Expert, A. Randall Appleyard, Defendant's Expert, Charles Finch, and Defendants' Expert, David Lykken) to be taken.

11. Although the Impac defendants agreed and have consented to the proposed extension for the purpose of taking three of the four depositions referenced above, the sole

deposition that Impac does not consent to be taken is the deposition of a representative of Deutsche Bank National Trust Company.[2]

12. The additional time requested for discovery will not result in any delay in the case. Both Plaintiffs and the Impac defendants agree that it is appropriate to extend the discovery deadlines for purposes of completing the three scheduled depositions (i.e., the depositions of Defendants' Expert, A. Randall Appleyard, Defendant's Expert, Charles Finch, and Defendants' Expert, David Lykken).

13. In addition, Plaintiffs also seek an extension of the current deadline to take the deposition of a representative of Deutsche Bank National Trust Company. Plaintiffs intend on taking such deposition on August 23 or August 24. Accordingly, the taking of the deposition of a representative of Deutsche Bank National Trust Company would also occur on or before the new proposed discovery deadline of August 24, 2012, and would not affect any other scheduling deadline.

14. Plaintiffs do not seek to alter any other existing deadlines, including the deadlines for dispositive motions or for trial. Therefore, the requested extension will not adversely affect any of the other scheduling or trial deadlines.

15. The instant request to extend the discovery deadline is made in good faith, not for the purpose of delay, and will not prejudice any party.

---

[2] Although the parties previously communicated regarding the deposition of a representative of Deutsche Bank National Trust Company, Plaintiffs did not specifically address the need to take this deposition in connection with their communications with counsel for the Impac defendants relating to the proposed extension. Due to a miscommunication, Plaintiffs believed that the Impac defendants did not object to the taking of the depositions of a representative of Deutsche Bank National Trust Company.

However, after the filing of the "Joint Motion," counsel for the Impac defendants advised Plaintiffs that they did not realize that Plaintiffs intended to take the deposition of a representative of Deutsche Bank National Trust Company, and accordingly would object to Plaintiffs taking the deposition of Deutsche Bank National Trust Company. Plaintiffs believe that the Impac defendants' do not oppose the proposed extension for the other discovery to be completed.

16. Counsel for the other defendants (other than the Impac defendants) have also been consulted and have indicated no opposition to the requested extensions.

WHEREFORE, Plaintiffs respectfully move this Court for an Order extending the deadline for the close of discovery to August 24, 2012, and for any other relief that the Court deems just and proper.

Dated: August 13, 2012

            Respectfully submitted,

            WALTERS BENDER STROHBEHN
              & VAUGHAN, P.C.

            By: */s/ R. Frederick Walters*
             R. Frederick Walters – Mo. Bar 25069
             Kip D. Richards – Mo. Bar 39743
             David M. Skeens – Mo. Bar 35728
             Karen W. Renwick – Mo. Bar 41271
             J. Michael Vaughan Mo. – Bar 24989
             Garrett M. Hodes – Mo. Bar 50221
             Matthew R. Crimmins – Mo. Bar 53138
             Bruce V. Nguyen – Mo. Bar 52893
             WALTERS, BENDER, STROHBEHN &
               VAUGHAN, P.C.
             2500 City Center Square
             1100 Main Street
             P.O. Box 26188
             Kansas City, MO 64196
             (816) 421-6620
             (816) 421-4747 (Facsimile)
             fwalters@wbsvlaw.com
             krichards@wbsvlaw.com
             dskeens@wbsvlaw.com
             krenwick@wbsvlaw.com
             mvaughan@wbsvlaw.com
             ghodes@wbsvlaw.com
             mcrimmins@wbsvlaw.com
             bnguyen@wbsvlaw.com

            *Attorneys for Plaintiffs and Class Counsel*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 13th day of August 2012, I electronically filed the above and foregoing document with the Clerk of Court of the Western District of Missouri using the Court's ECF system, which will send notification of said filing to all counsel of record who are ECF participants. In addition, a copy was served by U.S. mail, First-Class Postage Prepaid, to:

Arthur E. Kechijian, Manager
United Mortgage C.B., LLC
P.O. Box 471827
Charlotte, NC 28247
**Defendant United Mortgage C.B., L.L.C**.

/s/ *R. Frederick Walters*