THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

MICHAEL AND SHELLIE GILMOR,
et al.,

        Plaintiffs,

vs.

PREFERRED CREDIT CORPORATION,
et al.,

        Defendants.

Case No. 4:10-cv-00189-ODS

## UNOPPOSED MOTION TO FILE SUGGESTIONS IN EXCESS OF 15 PAGES IN OPPOSITION TO DEFENDANT WILMINGTON TRUST COMPANY'S MOTION FOR SUMMARY JUDGMENT

    Plaintiffs respectfully move the Court for an Order permitting them to file Suggestions of no more than 55 double-spaced, typewritten pages (exclusive of the fact section presented in accordance with Rule 56.1) in opposition to Defendant Wilmington Trust Company's pending Motion for Summary Judgment (Doc.'s 679, 680) on the grounds that good cause exists for such an Order given the complexity of the nature and extent of issues raised in Defendant's motion, the length of Defendant's motion, and the number of legal authorities and arguments that must be addressed. Plaintiffs have done their level best to succinctly state their opposing arguments, but have concluded in good faith that they will need the additional pages requested to adequately explain why Defendant's motion should be denied. In support of this motion, Plaintiffs state as follows:

    1.    The Motion and Suggestions filed by Defendant Wilmington Trust Company total 28 pages, and included 12 separate exhibits. (Doc.'s 679, 680). Prior to filing their motion for summary judgment and their suggestions in support, Defendant also sought leave to file

suggestions in excess of the 15-page limit, specifically requesting leave to file suggestions up to 30 pages. (Doc. 659). Plaintiffs consented and did not oppose that request. Accordingly, the Court entered its Order permitting Defendant leave to file their suggestions in excess of the page limit as requested. (Doc. 661).

2. Defendant's motion raises various and complex issues, including but not limited to choice of law issues, trustee liability, and the applicable statute of limitations, which up to this point had been deemed the six year statute in § 516.420. (Doc. 175 at p. 14-15)

3. Additional pages are also needed as Defendant relies upon a recent Eighth Circuit opinion in *Rashaw v. United Consumers Credit Union* and argues that a three-year statute of limitations applies despite clear appellate authority in Missouri that holds that a six-year statute of limitations applies. Plaintiffs dispute that the decision in *Rashaw* is binding precedent and submit that the opinion is at best a flawed prediction of what the Eighth Circuit believes the Missouri Supreme Court would hold if it decided the issue that it has thus far refused to address at least three times. Given Defendant's reliance on the Eighth Circuit's opinion in *Rashaw*, Plaintiffs must brief the issue and explain why the decision in *Rashaw* is unconstitutional as contrary to *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938) and its progeny, 28 U.S.C. § 1652, and contrary to Missouri law. Such issues, which have not before been briefed in this case present real issues of constitutional import and requires excess pages to fully explain the true effect of the Eighth Circuit's opinion.

4. Defendant's motion also presents a conflicts of law issue, which typically require extra briefing. Additionally, in a footnote, Defendant cites to Deutsche Bank National Trust Company's motion for summary judgment and the suggestions in support thereof, as additional support for their own motion. (See Doc. 680, n.3). Plaintiffs will need to address the additional

9 pages of argument raised in Deutsche Bank National Trust Company's separate suggestions that Defendant seek to incorporate into its own 28-page motion. These issues, too will require excess pages.[1]

5. Given the complexity of the issues and the arguments made, the number of cases and other authorities cited, the issue of whether *Rashaw* should be applied in the face of directly conflicting Missouri appellate authority, and Defendant's citation and reference to arguments raised in a separate motion for summary judgment, Plaintiffs need more than 15 pages to oppose Defendant's motion. Plaintiffs respectfully request that the Court permit them to file their suggestions in opposition to Defendant Wilmington Trust Company's motion of up to 55 pages, exclusive of the fact section presented in accordance with Rule 56.1.

6. This motion for excess pages is made in good faith and not for any dilatory purpose. Plaintiffs sincerely believe that the requested number of pages is needed to adequately address Defendant's arguments, its improper reliance on *Rashaw*, and its incorporation of arguments raised by a separate defendant in a separate motion for summary judgment. Plaintiffs also note that several "pages" of their suggestions will consist of headings and block quotes to pertinent authorities. Thus, Plaintiffs' arguments will be considerably less than the 55 total pages requested.

7. Further, the Court is well aware of the complex nature of this lawsuit and its long standing history. Given the complexities of the case, the Court has routinely granted the parties leave to file suggestions in excess of the 15-page limit. Previously, the Court granted leave for Plaintiffs to file oppositions to motions to dismiss for a purported lack of standing and lack of

---

[1] Plaintiffs have only recently reached a settlement in principal with Deutsche Bank National Trust Company. Accordingly, Plaintiffs will not file suggestions in opposition to Deutsche Bank National Trust Company's motion. Therefore, Plaintiffs must address the arguments referenced by Defendant in Plaintiffs' suggestions in opposition.

3

personal jurisdiction totaling 70 and 75 pages, respectively. (Doc.'s 87, 88; 90, 91). The court has similarly allowed various defendants to file suggestions in excess of the 15-page limit. (See, e.g., Doc.'s 60, 61 (40 pages); 124, 127 (50 pages).) More recently, and with respect to the various motions for summary judgment, the Court has also allowed defendants to file suggestions in support of those motions in excess of the 15-page limit. (Doc.'s 656, 657, 658, 659, 661; 662, 663, 664). The Court's prior approvals were just, fair and appropriate given the complexity of this case.

8. Plaintiffs have apprised counsel for Defendant of this motion and request for excess pages via e-mail today; defendant has not opposed the request.

9. This motion for excess pages will not unfairly prejudice any Defendant.

WHEREFORE, Plaintiffs respectfully request the Court to find that cause has been shown and enter an Order permitting them to file suggestions of no more than 55 pages, exclusive of the facts presented in accordance with Rule 56.1, in opposition to Defendant's pending Motion for Summary Judgment (Doc.'s 679, 680).

Dated: September 20, 2012

>                                    Respectfully Submitted,
>
>                                    WALTERS BENDER STROHBEHN
>                                     &. VAUGHAN, P.C.
>
>                                    By  /s/ Kip D. Richards
>                                       R. Frederick Walters – Mo. Bar 25069
>                                       Kip D. Richards – Mo. Bar 39743
>                                       David M. Skeens – Mo.  Bar 35728
>                                       Karen W. Renwick – Mo. Bar 41271
>                                       J. Michael Vaughan Mo. – Bar 24989
>                                       Garrett M. Hodes – Mo. Bar 50221
>                                       Matthew R. Crimmins – Mo. Bar 53138
>                                       Bruce V. Nguyen – Mo. Bar 52893
>                                       2500 City Center Square
>                                       1100 Main Street

P.O. Box 26188
Kansas City, MO 64196
(816) 421-6620
(816) 421-4747 (Facsimile)
fwalters@wbsvlaw.com
krichards@wbsvlaw.com
dskeens@wbsvlaw.com
krenwick@wbsvlaw.com
mvaughan@wbsvlaw.com
ghodes@wbsvlaw.com
mcrimmins@wbsvlaw.com
bnguyen@wbsvlaw.com

**ATTORNEYS FOR PLAINTIFFS
AND CLASS COUNSE**L

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 20th day of September 2012, I electronically filed the above and foregoing document with the Clerk of Court of the Western District of Missouri using the Court's ECF system, which will send notification of said filing to all counsel of record who are ECF participants. In addition, a copy was served by U.S. mail, First-Class Postage Prepaid, to:

Arthur E. Kechijian, Manager
United Mortgage C.B., LLC
P.O. Box 471827
Charlotte, NC 28247
**Defendant United Mortgage C.B., L.L.C**.

_____/s/ *Kip D. Richards*_____