UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MICHAEL P. AND SHELLIE GILMOR, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>PREFERRED CREDIT CORPORATION, et al.,<br><br>Defendants. | Case No. 10-0189-CV-W-ODS |

**PLAINTIFFS' UNOPPOSED MOTION FOR ORDER AND JUDGMENT APPROVING THE VOLUNTARY DISMISSAL OF SOVEREIGN BANK, N.A. WITH PREJUDICE**

Named Plaintiffs Michael P. and Shellie Gilmor, Michael E. and Lois A. Harris, Leo E. Parvin, Jr., Ted and Raye Ann Varns, Mark and Thomasina Shipman, William and Marion Jones, Bruce and Mary James, Kevin and Susan Schaefer, David and Nicole Warkentien, John and Jeanne Rumans, Patricia Ann Worthy, Derrick and Alethia Rockett, William and Carole Hudson, James and Kathleen Woodward, Jeffrey Weathersby, Debra Mooney, and Joseph and Amy Black move the Court, pursuant Rules 41(a)(2) and 23(e) of the Federal Rules of Civil Procedure, and in connection with the final approval of the class action settlement in *Thompson v. Sovereign Bank, N.A.*, Case No. 1212-CV09804, Circuit Court of Jackson County, Missouri, Div. 16, for an Order permitting them to voluntarily dismiss Sovereign Bank, N.A., formerly known as Sovereign Bank ("Sovereign Bank"),[1] from this lawsuit with prejudice.

In support of this motion, Plaintiffs state as follows:

---

[1] Effective as of January 26, 2012, Sovereign Bank converted from a federal savings bank to a national association and changed its name to Sovereign Bank, National Association, referred to as "Sovereign Bank, N.A."

**Factual Background**

1.  Plaintiffs and Sovereign Bank have agreed to the terms of a settlement ("Thompson Settlement Agreement") that resolves all claims for violations of Missouri's Second Mortgage Loans Act ("MSMLA") by Sovereign Bank now pending in five different civil actions before the Circuit Court of Jackson County, Missouri, the Circuit Court of Clay County, Missouri and the United States District Court for the Western District of Missouri. *See* **Exhibit 1**; *see also* Doc. No. 435. The five actions are: (1) *Baker v. Century Financial Group, Inc.*, Case No. CV100-4294, filed June 28, 2000 (Cir. Ct. Clay County, Missouri); (2) *Couch v. SMC Lending, Inc.*, Case No. CV100-4332, filed June 29, 2000 (Cir. Ct. Clay County, Missouri); (3) *Gilmor v. Preferred Credit Corporation*, Case No. CV100-4263, filed June 27, 2000 (Cir. Ct. Clay County, Missouri), *removed,* Case No. 10-0189-CV-W-ODS (W.D. Mo.); (4) *Beaver v. First Consumers Mortgage, Inc.*, Case No. 00-CV-215097-01, filed June 23, 2000 (Cir. Ct. Jackson County, Missouri) (consolidated with *Beaver v. First Consumers Mortgage, Inc.,* Case No. 03-CV-213643, filed May 28, 2003 (Cir. Ct. Jackson County, Missouri)); and (5) *Schwartz* (now *Wong) v. Bann-Cor Mortgage,* Case No. 00-CV-22639, filed October 31, 2000 (Cir. Ct. Jackson County, Missouri), *removed,* Case No. 10-01038-CV-FJG (W.D. Mo.) (collectively, the "Missouri Cases").

2.  To effectuate the settlement, Named Plaintiffs Michael P. Gilmor and Shellie L. Gilmor, Michael E. Harris and Lois A. Harris, Leo Parvin, Jr., Mark R. Shipman and Thomasina D. Shipman, Ted Varns and Raye Ann Varns, along with 27 other persons who are representative Plaintiffs in the other 4 MSMLA class actions, commenced the action captioned as *Thompson v. Sovereign Bank, N.A.*, Case No. 1212-CV09804, Circuit Court of Jackson County, Missouri, Div. 16, *("Thompson")* in an effort to expeditiously resolve via a single proceeding all of the

claims being asserted against Sovereign Bank with respect to 37 "Sovereign Bank Related Loans" in the five Missouri Cases.

3.  In this action, the *Thompson* settlement resolves the claims of **22** Class members against only Sovereign Bank with respect to **13** loans that were purchased by, assigned to, owned by, held, or serviced by Sovereign Bank and who did not timely exclude themselves from the litigation class previously certified in this case.[2] These Class Members are identified on **Exhibit 2** (filed under seal). The *Thompson* Settlement Agreement does not release or otherwise purport to affect or alter the 22 Class Members' remaining claims against the other Defendants in this lawsuit. Because the Class Members' claims against the other Defendants will remain pending after the final approval and judgment in *Thompson*, Plaintiffs seek only to voluntarily dismiss Sovereign Bank from this lawsuit. Plaintiffs do not seek to opt out the Sovereign Bank

---

[2] The *Thompson* Settlement Agreement defines the "Sovereign Bank Settlement Class" as:

> All persons who obtained a "Second Mortgage Loan" as defined in § 408.231.1 RSMo from **Century Financial Group, Inc.** on or after June 28, 1994, or **SMC Lending, Inc.** on or after June 29, 1994, or **Preferred Credit Corporation** (also known as T.A.R. Preferred Mortgage Corporation) on or after June 27, 1994, or **First Consumers Mortgage, Inc.** (also known as First Consumers Financial, First Consumers Mortgage, and First Consumers Mortgage Corp.) on or after June 23, 1994, or **Bann-Cor Mortgage, Inc.** on or after October 31, 1994, that was secured by a mortgage or a deed of trust on residential real property in Missouri, and that was purchased by, assigned to, owned by, held, or serviced by Sovereign Bank, N.A., formerly known as Sovereign Bank, and who did not timely exclude themselves from the litigation class previously certified in the following cases:
>
> i. *Baker v. Century Financial Group, Inc.*, Case No. CV100-4294, filed June 28, 2000 (Cir. Ct. Clay County, Missouri)
>
> ii. *Couch v. SMC Lending, Inc.*, Case No. CV-100-4332, filed June 29, 2000 (Cir. Ct. Clay County, Missouri)
>
> iii. *Gilmor v. Preferred Credit Corporation*, Case No. CV100-4263, filed June 27, 2000 (Cir. Ct. Clay County, Missouri), *removed,* Case No. 10-0189-CV-W-ODS (W.D. Mo.)
>
> iv. *Beaver v. First Consumers Mortgage, Inc.*, Case No. 00-CV-215097-01, filed June 23, 2000 (Cir. Ct. Jackson County, Missouri) (consolidated with *Beaver v. First Consumers Mortgage, Inc.,* Case No. 03-CV-213643, filed May 28, 2003 (Cir. Ct. Jackson County, Missouri))
>
> v. *Schwartz* (now *Wong) v. Bann-Cor Mortgage,* Case No. 00-CV-22639, filed October 31, 2000 (Cir. Ct. Jackson County, Missouri), *removed,* Case No. 10- 01038-CV-FJG (W.D. Mo.)

*Settlement Agreement*, at ¶3(a).

Settlement Class Members from this lawsuit in light of their remaining claims against the remaining defendants.

4. The *Thompson* Settlement Agreement further requires Plaintiffs to seek the Court's order in each of the five Missouri cases, including this case, voluntarily dismissing Sovereign Bank with prejudice and determining pursuant to Mo. R. Civ. P. 74.0l(b) and/or Fed. R. Civ. P. 54(b) (as applicable) that there is no just reason for delay and directing that the judgment of dismissal of the Missouri Cases as to Sovereign Bank (and Sovereign Bank only) shall be final and appealable. Specifically, the Settlement Agreement states:

> 15. Dismissal of the Missouri Cases
>
> The Parties agree that within five (5) business days of the Effective Date of this Agreement, they will file the motion(s), notice(s), or stipulation(s) necessary to voluntarily dismiss the Missouri Cases as against Sovereign Bank "with prejudice," with each Party to bear its own costs, and/or otherwise request the courts in the Missouri Cases to approve or permit the dismissal of the Sovereign Bank Settlement Class Members' claims against Sovereign Bank as provided herein. The requests for dismissal of the Missouri Cases as against Sovereign Bank shall be joined by all named plaintiffs in those cases, including any named plaintiffs in those cases who are not parties to this Agreement, and shall request the dismissal with prejudice of any and all alleged causes of action that the Sovereign Bank Settlement Class Members may have against Sovereign Bank and any other Released Person in connection with any Sovereign Bank Related Loan. The requests for dismissal of the Missouri Cases as against Sovereign Bank shall further request that the Courts in the Missouri Cases enter an Order and Final Judgment determining pursuant to Mo. R. Civ. P. 74.0l(b) and/or Fed. R. Civ. P. 54(b) that there is no just reason for delay and directing that the judgment of dismissal of the Missouri Cases as to Sovereign Bank shall be final and appealable.

**Exhibit 1**, at ¶15.

5. On May 23, 2012, the Circuit Court of Jackson County granted preliminary approval to the *Thompson* class action settlement.

6. Plaintiffs individually mailed the *Thompson Notice of Proposed Class Action Settlement and of Settlement Hearing* to each of the members of the Settlement Class on May 23,

4

2012, including each of the 22 affected Class members in this action. *See Certification of Mailing of Class Notice*, dated May 25, 2012 (**Exhibit 3**).

7. Sovereign Bank gave notice of the proposed settlement in the *Thompson* case, as provided for under Section 1715 of the Class Action Fairness Act of 2005 ("CAFA"), to the Director of the Office of the Comptroller of the Currency's ("OCC") Litigation Division and to Sovereign Bank's supervisory office at the OCC by letters dated May 24, 2012.

8. There were no objections to the *Thompson* settlement. Nor were there any opt outs, exclusion requests or requests for intervention from the Sovereign Bank Settlement Class.

9. On September 6, 2012, the Circuit Court of Jackson County granted final approval to the *Thompson* class action settlement. (**Exhibit 4**).

10. Pursuant to the terms of the *Thompson* Settlement Agreement, the Effective Date of the *Thompson* settlement is October 17, 2012, which is the date the Final Approval Order and the Final Judgment entered in *Thompson* will become final under Missouri law because of the expiration of the time for appeals therefrom without any appeal having been taken. *See* **Exhibit 1**, at ¶14(a)(vi)(a).

## Legal Analysis

Plaintiffs' claims against Sovereign Bank may only be dismissed by Order of this Court "on terms the court considers proper." Fed.R.Civ.P. 41(a)(2). The decision to grant or deny a plaintiff's motion to voluntarily dismiss a lawsuit is left to the sound discretion of the Court. *See, e.g., Cahalan v. Rohan,* 423 F.3d 815, 818 (8th Cir.2005). In addition, because this is a certified class action, Sovereign Bank may only be voluntarily dismissed if the Court approves its dismissal and all other applicable requirements of Rule 23(e) have been satisfied. Fed.R.Civ.P. 23(e). Rule 23(e) states in full as follows:

> The claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval. The following procedures apply to a proposed settlement, voluntary dismissal, or compromise:
>
> (1) The court must direct notice in a reasonable manner to all class members who would be bound by the proposal.
>
> (2) If the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate.
>
> (3) The parties seeking approval must file a statement identifying any agreement made in connection with the proposal.
>
> (4) If the class action was previously certified under Rule 23(b)(3), the court may refuse to approve a settlement unless it affords a new opportunity to request exclusion to individual class members who had an earlier opportunity to request exclusion but did not do so.
>
> (5) Any class member may object to the proposal if it requires court approval under this subdivision (e); the objection may be withdrawn only with the court's approval.

Fed.R.Civ.P. 23(e).

The provisions of Fed.R.Civ.P. 23(e) have been satisfied. For the Court's convenience, each of the subparagraphs of Rule 23(e) is addressed below.

First, Rule 23(e)(1) has been satisfied because the Class Members who would be "bound" have already received notice in a "reasonable manner." Here, each of the 22 Class Members with claims against Sovereign Bank in *this* action have already been provided direct mailed notice in a form approved by the *Thompson* Court. That notice concerned and explained the *Thompson* Settlement Agreement and the Sovereign Bank Settlement Class Members' rights to opt out, object, intervene and appear at the final settlement hearing had they chosen to do so. See **Exhibit 3**. Thus, there is no need to send further notice to the 22 Sovereign Bank Settlement Class Members who are also *Gilmor* litigation class members. Since those 22 *Gilmor* litigation class members are the only members of the *Gilmor* litigation class that have

claims against Sovereign Bank and are bound by the dismissal no further notice is or should be required.

Second, Rule 23(e)(2) has been satisfied because the *Thompson* Court held a final approval hearing on September 6, 2012 and determined that the *Thompson* Settlement Agreement was "fair, reasonable and adequate."

Third, the *Thompson* Settlement Agreement has been attached as **Exhibit 1**. It is the agreement made in connection with the proposed dismissal and Rule 23(e)(3) is thus satisfied.

Fourth, as the Court is aware the *Gilmor* case was previously certified while it was venued in state court. Under those circumstances, Rule 23(e)(4) provides that the Court "may" require that an additional opportunity be provided to the affected class members to opt out. Here the affected class members have already been provided such additional opportunity through the notice and opt out procedures in the *Thompson* settlement case. Even though they were provided that opportunity, not one Sovereign Bank Settlement Class Member chose to opt out. Plaintiffs suggest that Rule 23(e)(4) is satisfied and that no further notice is required or should be given.

Fifth, Rule 23(e)(5) is satisfied because the Sovereign Bank Settlement Class Members were also given the opportunity to object to the *Thompson* Settlement Agreement which includes the instant dismissal. That objection opportunity was provided as part of the notice and objection procedures in the *Thompson* settlement case. Thus no further opportunity to object is required or should be given.

## **Conclusion**

For the reasons stated above, Plaintiffs submit that the proposed voluntary dismissal of Sovereign Bank with prejudice, in connection with the final approval of the *Thompson* Settlement, would be fair and reasonable, and that no further notice or hearing concerning this dismissal is necessary under Rule 23(e). Plaintiffs therefore respectfully request that the Court approve the voluntarily dismissal of Sovereign Bank from this class action lawsuit with prejudice, and with each side to bear its own costs. Plaintiffs further request that the Court enter a judgment pursuant to Fed. R. Civ. P. 54(b) certifying that that there is no just reason for delay and directing that the judgment of dismissal of Sovereign Bank shall be final and appealable. As noted, all of the Class Members' claims against the remaining Defendants shall remain pending following dismissal of Sovereign Bank from this lawsuit.

Dated: October 23, 2012  Respectfully submitted,

WALTERS BENDER STROHBEHN
 &  VAUGHAN, P.C.


By:  */s/ R. Frederick Walters*
   R. Frederick Walters – Mo. Bar 25069
   Kip D. Richards – Mo. Bar 39743
   David M. Skeens – Mo.  Bar 35728
   Karen W. Renwick – Mo. Bar 41271
   J. Michael Vaughan Mo. – Bar 24989
   Garrett M. Hodes – Mo. Bar 50221
   Matthew R. Crimmins – Mo. Bar 53138
   Bruce V. Nguyen – Mo. Bar 52893
   2500 City Center Square
   1100 Main Street
   P.O. Box 26188
   Kansas City, MO  64196
   (816) 421-6620
   (816) 421-4747 (Facsimile)
   fwalters@wbsvlaw.com
   krichards@wbsvlaw.com
   dskeens@wbsvlaw.com
   krenwick@wbsvlaw.com
   mvaughan@wbsvlaw.com
   ghodes@wbsvlaw.com
   mcrimmins@wbsvlaw.com
   bnguyen@wbsvlaw.com


**ATTORNEYS FOR PLAINTIFFS
AND CLASS COUNSEL**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 23rd day of October 2012, I electronically filed the above and foregoing document with the Clerk of Court of the Western District of Missouri using the Court's ECF system, which will send notification of said filing to all counsel of record who are ECF participants. In addition, a copy was served by U.S. mail, First-Class Postage Prepaid, to:


Arthur E. Kechijian, Manager
United Mortgage C.B., LLC
P.O. Box 471827
Charlotte, NC 28247
**Defendant United Mortgage C.B., L.L.C**.


    /s/ *R. Frederick Walters*