IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE

| | |
|---|---|
| DANIEL D. THOMPSON AND AMY L. THOMPSON, ET AL.<br><br>individually, and as representatives of all others similarly situated,<br><br>      Plaintiffs,<br><br>vs.<br><br>SOVEREIGN BANK, N.A.,<br><br>      Defendant. | Case No. 1216-CV09804<br><br>Division 16 |

## CERTIFICATION OF MAILING OF CLASS NOTICE

  Plaintiffs' Counsel hereby certifies that the Notice of Proposed Class Action Settlement and of Settlement Hearing as approved by the Court in its Order Preliminarily Approving Class Action Settlement was mailed to the members of the Sovereign Bank, N.A. Settlement Class and the bankruptcy trustees identified on Exhibit E to the Settlement Agreement, on the 23th day of May, 2012, as stated in the Affidavit of Joanne M. Haake, which is hereto attached.

Dated: May 25, 2012

          Respectfully submitted,

          WALTERS BENDER STROHBEHN
          & VAUGHAN, P.C.

          By _/s/ R. Frederick Walters_
          R. Frederick Walters – Mo. Bar 25069
          Kip D. Richards – Mo. Bar 39743
          David M. Skeens – Mo. Bar 35728
          J. Michael Vaughan – Mo. Bar 24989
          Garrett M. Hodes – Mo. Bar 50221
          2500 City Center Square
          1100 Main Street
          Kansas City, Missouri 64105

(816) 421-6620
(816) 421-4747 (Facsimile)
fwalters@wbsvlaw.com
krichards@wbsvlaw.com
dskeens@wbsvlaw.com
mvaughan@wbsvlaw.com
ghodes@wbsvlaw.com

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

It is hereby certified that a copy of the above and foregoing document was served via electronic mail this 25th day of May 2012 to:

Thomas L. Allen, Esq.
Roy W. Arnold, Esq.
Anthony S. Newman, Esq.
Reed Smith, LLP
120 Reed Smith Center
225 Fifth Avenue
Pittsburgh, PA 15219
Email: tallen@reedsmith.com
Email: rarnold@reedsmith.com

Randolph G. Willis
Rasmussen Wills Dickey & Moore, LLC
9200 Ward Parkway, #320
Kansas City, MO 64114
Email: rwillis@rwdmlaw.com
*Attorneys for Defendant Sovereign Bank, N.A.*

/s/ Roy Frederick Walters

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE

| | |
|---|---|
| DANIEL D. THOMPSON AND AMY L. THOMPSON, ET AL.<br><br>individually, and as representatives of all others similarly situated,<br><br>　　　　　　　　　　Plaintiffs,<br><br>vs.<br><br>SOVEREIGN BANK, N.A.,<br><br>　　　　　　　　　　Defendant. | Case No. 1216-CV09804<br><br>Division 16 |

## AFFIDAVIT OF JOANNE M. HAAKE

Joanne M. Haake, being first duly sworn upon her oath, deposes and says the following:

1.　　My name is Joanne M. Haake. I am over 18 years of age and work as a paralegal at the law offices of Walters Bender Strohbehn & Vaughan, P.C.

2.　　On May 23, 2012, I mailed the Notice of Class Action attached hereto as Exhibit 1 via United States Mail, first-class postage prepaid, to (a) the members of the Sovereign Bank, N. A. Settlement Class as identified on Exhibit E to the Settlement Agreement at their last known address as provided by Defendant Sovereign Bank and which Class Counsel verified and updated as necessary using Lexis-Nexis Accurint or TLO third-party services, and (b) the bankruptcy trustees identified on Exhibit E, a copy of which was previously filed under seal with the Court.

3.　　I have personal knowledge of the above matters and know them to be true.

Dated: May 25, 2012

_Joanne M. Haake_ (signature)
Joanne M. Haake

Subscribed and sworn before me this 25th day of May, 2012.

_Susan A. Goulden_ (signature)
Notary Public

My Commission Expires:

```
SUSAN A. GOULDEN
Notary Public, Notary Seal
State of Missouri
Clay County
Commission # 11383647
My Commission Expires March 13, 2015
```



**Exhibit 1**

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT INDEPENDENCE

| | |
|---|---|
| DANIEL D. THOMPSON AND AMY L. THOMPSON, ET AL.<br>individually, and as representatives of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SOVEREIGN BANK, N.A., f/k/a SOVEREIGN BANK,<br>**[WITHHOLD SERVICE]**,<br><br>Defendant. | Case No. 1216-CV09804<br><br>Division 16 |

### NOTICE OF PROPOSED CLASS ACTION SETTLEMENT
### AND OF SETTLEMENT HEARING

*A Missouri Court has authorized this Notice. This is not a solicitation from a lawyer. Please read this Notice carefully and completely.*

THIS NOTICE AND ANNOUNCEMENT APPLIES TO YOU BECAUSE YOU ARE AMONG A CLASS OF PERSONS WHO OBTAINED A "SECOND MORTGAGE LOAN" AS DEFINED UNDER MISSOURI LAW THAT WAS SECURED BY A MORTGAGE OR DEED OF TRUST ON RESIDENTIAL REAL PROPERTY LOCATED IN THE STATE OF MISSOURI FROM CENTURY FINANCIAL GROUP, INC., SMC LENDING, INC., PREFERRED CREDIT CORPORATION (ALSO KNOWN AS T.A.R. PREFERRED MORTGAGE CORPORATION), FIRST CONSUMERS MORTGAGE, INC. (ALSO KNOWN AS FIRST CONSUMERS FINANCIAL, FIRST CONSUMERS MORTGAGE, AND FIRST CONSUMERS MORTGAGE CORP.), OR BANN-COR MORTGAGE, INC. AND THAT WAS PURCHASED BY, ASSIGNED TO, OWNED BY, HELD AND/OR SERVICED BY SOVEREIGN BANK, N.A., FORMERLY KNOWN AS SOVEREIGN BANK (REFERRED TO AS THE "SOVEREIGN BANK RELATED LOANS").

YOU MAY BE ENTITLED TO RECEIVE A SUBSTANTIAL PAYMENT IN CONNECTION WITH THE SETTLEMENT. CLASS MEMBERS WHO OBTAINED A "SOVEREIGN BANK RELATED LOAN" AND WHO DO NOT EXCLUDE THEMSELVES FROM THE SETTLEMENT WILL RECEIVE A PAYMENT RANGING FROM AN ESTIMATED $500.00 TO $144,487.70 ($46,994.44 ON AVERAGE).

CLASS MEMBERS CAN REVIEW WHAT PLAINTIFFS' COUNSEL CURRENTLY

ESTIMATES THE AMOUNT OF THEIR PARTICULAR "SOVEREIGN BANK SETTLEMENT CLASS MEMBER PAYMENT" TO BE BY VISITING THE WEBSITE OF PLAINTIFFS' COUNSEL, www.wbsvlaw.com, AND CLICKING ON THE LINK LABELED "THOMPSON SOVEREIGN BANK SETTLEMENT."

**THIS NOTICE MAY AFFECT YOUR RIGHTS. PLEASE READ IT CAREFULLY!**

## 1. WHY SHOULD I READ THIS NOTICE?

This Notice has been mailed to you because the parties' records show that you obtained a second mortgage loan that was originally made by Century Financial Group, Inc., SMC Lending, Inc., Preferred Credit Corporation (also known as T.A.R. Preferred Mortgage Corporation), First Consumers Mortgage, Inc. (also known as First Consumers Financial, First Consumers Mortgage, and First Consumers Mortgage Corp.), or Bann-Cor Mortgage, Inc., and that was thereafter purchased by, assigned to, owned by, held and/or serviced by Sovereign Bank, N.A., formerly known as Sovereign Bank ("Sovereign Bank").

Your second mortgage loan is currently the subject of the class action lawsuit filed in the Circuit Court of Jackson County, Missouri styled "*Thompson v. Sovereign Bank, N.A,* Case No. 1216-CV09804" (the "Litigation") and one of five earlier filed class action lawsuits currently pending before the Circuit Court of Clay County, Missouri, Circuit Court of Jackson County, Missouri or the United States District Court for the Western District of Missouri, captioned *Baker v. Century Financial Group, Inc.*, Case No. CV100-4294, filed June 28, 2000 (Cir. Ct. Clay County, Missouri); *Couch v. SMC Lending, Inc.*, Case No. CV100-4332, filed June 29, 2000 (Cir. Ct. Clay County, Missouri); *Gilmor v. Preferred Credit Corporation*, Case No. CV100-4263, filed June 27, 2000 (Cir. Ct. Clay County, Missouri), *removed,* Case No. 10-0189-CV-W-ODS (W.D. Mo.); *Beaver v. First Consumers Mortgage, Inc.*, Case No. 00-CV-215097-01, filed June 23, 2000 (Cir. Ct. Jackson County, Missouri) (consolidated with *Beaver v. First Consumers Mortgage, Inc.,* Case No. 03-CV-213643, filed May 28, 2003 (Cir. Ct. Jackson County, Missouri)); and *Schwartz* (now *Wong) v. Bann-Cor Mortgage,* Case No. 00-CV-22639, filed October 31, 2000 (Cir. Ct. Jackson County, Missouri), *removed,* Case No. 10-01038-CV-FJG (W.D. Mo.) (collectively, the "Missouri Cases").

You (and any co-borrower(s) on your second mortgage loan) may be eligible to receive money from a proposed settlement (the "Settlement") executed on April 16, 2012 by Daniel Thompson and others as named plaintiffs in the Litigation, and Sovereign Bank, which has been sued as a purchaser, assignee, owner, holder, and/or servicer of the Sovereign Bank Related Loans. Please share this Notice with any co-borrower(s) on your loan(s).

This Notice generally describes the Litigation, your rights under the proposed Settlement, which has been preliminarily approved by the Circuit Court of Jackson County, Missouri (the "Court"), and the public "Fairness Hearing" that will be held by the Court to consider the fairness of the proposed Settlement.

## 2. WHAT IS THE LITIGATION ABOUT?

2.1 The Litigation was filed on April 25, 2012 in the Circuit Court of Jackson County, Missouri at Independence. Plaintiffs, Daniel Thompson and others ("Plaintiffs"), filed the Litigation on their own behalf, and on behalf of a proposed class of Missouri borrowers who, like Plaintiffs, obtained a junior or "second" mortgage loan secured by their Missouri home that was (a) made by Century Financial Group, Inc. on or after June 28, 1994, or SMC Lending, Inc. on or after June 29, 1994, or Preferred Credit Corporation (also known as T.A.R. Preferred Mortgage Corporation) on or after June 27, 1994, or First Consumers Mortgage, Inc. (also known as First

Consumers Financial, First Consumers Mortgage, and First Consumers Mortgage Corp.) on or after June 23, 1994, or Bann-Cor Mortgage, Inc. on or after October 31, 1994; and (b) purchased by, assigned to, owned by, held, and/or serviced by Sovereign Bank. These particular second mortgage loans are called the "Sovereign Bank Related Loans" and they are the loans covered by the Settlement. Plaintiffs and Sovereign Bank believe that you obtained a Sovereign Bank Related Loan.

Plaintiffs filed the Litigation in order to consolidate and expeditiously and efficiently resolve more than 37 individual but similar claims that are among the thousands of unresolved claims at issue in the Missouri Cases. Each of the Missouri Cases has previously been certified as a class action.

Plaintiffs allege in the Litigation that the Sovereign Bank Related Loans violated Missouri law, specifically the Missouri Second Mortgage Loans Act, §§ 408.231-408.241 RSMo. The alleged Missouri state law violations stem from the fact that the lenders that made the loans directly or indirectly charged, contracted for or received a number of loan fees in connection with the loans in violation of § 408.233.1 RSMo. Plaintiffs also allege that each of the illegal loans was sold and assigned to Sovereign Bank or one or more other entities for which Sovereign Bank "serviced" the loan. Plaintiffs assert that, as the purchasers or assignees of the Sovereign Bank Related Loans, Sovereign Bank is derivatively liable for the originating lender's Missouri law violations. In addition, Plaintiffs assert that Sovereign Bank, itself, violated the Missouri Second Mortgage Loans Act by directly or indirectly charging, contracting for, collecting or receiving the illegal loan fees, as well as interest, on the Sovereign Bank Related Loans. Plaintiffs contend that, because the loans violated the Missouri Second Mortgage Loans Act, Plaintiffs, and all other Missouri borrowers like them, are entitled to recover the illegal fees and all of the interest paid (or to be paid) on the loans, together with "prejudgment" interest on the illegal fee and interest paid amounts, plus punitive damages, reasonable attorney's fees and equitable relief as determined by the Court.

Sovereign Bank denies that all of the alleged settlement charges assessed in connection with the Sovereign Bank Related Loans violated the Missouri Second Mortgage Loan Act. Sovereign Bank further denies that it is derivatively liable for any violations of the law. Sovereign Bank also denies that it directly or indirectly charged, contracted for or received any settlement charges or loan fees in violation of the Missouri Second Mortgage Loans Act and also denies that there is liability under the Act for interest on the loans.

Plaintiffs, as members and representatives of the proposed Sovereign Bank Settlement Class whose Missouri Second Mortgage Loans were purchased by, assigned to, owned by, held, and/or serviced by Sovereign Bank, have now agreed to settle and resolve the Litigation as between and among them pursuant to the terms and conditions that are summarized in this Notice. The complete details of the proposed Settlement are contained in a "Settlement and Release Agreement" filed with the Court (the "Agreement").

On May 23, 2012, the Court preliminarily approved the proposed Settlement as fair, reasonable, and adequate. The Court will conduct a "fairness hearing" **on September 6, 2012** to consider, among other things, whether the Settlement should be finally approved. The proposed

Settlement will become effective only if it is finally approved by the Court, provided all other terms and conditions of the Settlement are met.

## 3. WHO IS COVERED BY THE PROPOSED SETTLEMENT?

According to the parties' records, you are a member of the "Sovereign Bank Settlement Class" and will be covered by the Settlement. The Settlement Class includes:

> All persons who obtained a "Second Mortgage Loan" as defined in § 408.231.1 RSMo from **Century Financial Group, Inc.** on or after June 28, 1994, or **SMC Lending, Inc.** on or after June 29, 1994, or **Preferred Credit Corporation** (also known as T.A.R. Preferred Mortgage Corporation) on or after June 27, 1994, or **First Consumers Mortgage, Inc.** (also known as First Consumers Financial, First Consumers Mortgage, and First Consumers Mortgage Corp.) on or after June 23, 1994, or **Bann-Cor Mortgage, Inc.** on or after October 31, 1994, that was secured by a mortgage or a deed of trust on residential real property in Missouri, and that was purchased by, assigned to, owned by, held, or serviced by Sovereign Bank, N.A., formerly known as Sovereign Bank, and who did not timely exclude themselves from the litigation class previously certified in the following cases:
>
> i. *Baker v. Century Financial Group, Inc.*, Case No. CV100-4294, filed June 28, 2000 (Cir. Ct. Clay County, Missouri)
>
> ii. *Couch v. SMC Lending, Inc.*, Case No. CV-100-4332, filed June 29, 2000 (Cir. Ct. Clay County, Missouri)
>
> iii. *Gilmor v. Preferred Credit Corporation*, Case No. CV100-4263, filed June 27, 2000 (Cir. Ct. Clay County, Missouri), *removed,* Case No. 10-0189-CV-W-ODS (W.D. Mo.)
>
> iv. *Beaver v. First Consumers Mortgage, Inc.*, Case No. 00-CV-215097-01, filed June 23, 2000 (Cir. Ct. Jackson County, Missouri) (consolidated with *Beaver v. First Consumers Mortgage, Inc.*, Case No. 03-CV-213643, filed May 28, 2003 (Cir. Ct. Jackson County, Missouri))
>
> v. *Schwartz* (now *Wong) v. Bann-Cor Mortgage,* Case No. 00-CV-22639, filed October 31, 2000 (Cir. Ct. Jackson County, Missouri), *removed,* Case No. 10- 01038-CV-FJG (W.D. Mo.)

## 4. WHAT ARE THE TERMS OF THE PROPOSED SETTLEMENT?

The following is only a summary of some of the terms and conditions of the proposed Settlement. For more information, you may obtain a copy of the executed Agreement by contacting Plaintiffs' Counsel at the address listed in Section 6 of this Notice, or by visiting the

website of Plaintiffs' Counsel, www.wbsvlaw.com, and clicking on the link labeled "Thompson Sovereign Bank Settlement."

A. Sovereign Bank has agreed to pay the following amount (the "Settlement Fund") in settlement of the "Released Claims": $3,300,000.00.

B. If the Court approves the proposed Settlement, the members of the Sovereign Bank Settlement Class who do not exclude themselves from the Settlement, will receive a settlement payment ranging from an estimated $500.00 to $144,487.70 ($46,994.44 on average). The amount of each such payment (defined as a "Sovereign Bank Settlement Class Member Payment") represents a pro rata share of the "Net Distributable Settlement Fund" (defined below) and is determined per loan based on the following: (a) the allegedly illegal loan fees charged, contracted for or received in connection with the loan; (b) the interest paid on the loan; and (c) prejudgment interest on those amounts.

C. The "Net Distributable Settlement Fund" will be a percentage of the "Net Settlement Fund," which is determined by deducting the following amounts from the $3,300,000.00 "Settlement Fund": (a) the amount of any incentive awards made to Plaintiffs by the Court; and (b) the amount of any litigation expenses and/or court costs awarded to Plaintiffs' Counsel by the Court. The portion of the "Net Distributable Settlement Fund" to be made available to the members of the Sovereign Bank Settlement Class is estimated to be $ 1,738,794.20 or 53.66 % of the Net Settlement Fund attributable to those loans. Plaintiffs and Plaintiffs' Counsel will ask the Court to award the remaining $1,501,369.87 or 46.34 % of the Net Settlement Fund attributable to the Sovereign Bank loans as an attorney's fee award to Plaintiffs' Counsel for their services and work with respect to the Settlement with Sovereign Bank, the Litigation and the Missouri Cases. The amount of the incentive, expense and attorney's fees awards that Plaintiffs and Plaintiffs' Counsel will ask the Court to approve are explained in Section 10 of this Notice.

D. Sovereign Bank Settlement Class Members can review what Plaintiffs' Counsel currently estimates the amount of their individual Sovereign Bank Settlement Class Member Payment to be by visiting the website of Plaintiffs' Counsel, www.wbsvlaw.com, and clicking on the link "Thompson Sovereign Bank Settlement."

E. If the Court approves the Settlement and it becomes effective in accordance with the terms of the Agreement, the members of the Sovereign Bank Settlement Class who do not exclude themselves from the Settlement will receive their Sovereign Bank Settlement Class Member Payment for the loan by check. The check will be mailed by first-class mail, postage prepaid, to the Sovereign Bank Settlement Class Members, or to the bankruptcy trustee for those Sovereign Bank Settlement Class Members who filed a Chapter 7 bankruptcy after obtaining their loan. The check will be mailed by Plaintiffs' Counsel and will not come from Sovereign Bank directly. **Joint borrowers, such as a husband and wife, will receive a single payment per loan, even if they are separated or divorced. Any Sovereign Bank Settlement Class Member who receives a payment under the Settlement is personally and solely responsible for distributing or allocating the payment between or among any co-borrower(s), regardless of whether the check is**

**made payable to all or only some of the Sovereign Bank Settlement Class Member's co-borrowers. Sovereign Bank Settlement Class Members will also be responsible for paying any taxes due on any Sovereign Bank Settlement Class Member Payment received. Sovereign Bank Settlement Class Members are strongly encouraged to consult with their own tax advisor concerning the tax effects of any money received pursuant to this Settlement. Plaintiffs' Counsel cannot provide you with any tax advice.**

G. The proposed Settlement will become effective only if approved by the Court and all other terms and conditions as to effectiveness as stated in the Agreement are met. If the proposed Settlement is approved and becomes effective, the Court will enter a judgment that releases and discharges Sovereign Bank and certain other persons as of the Effective Date from certain claims that were or could have been asserted against them in the Litigation. The Releases are further discussed and set out in Section 11 of this Notice.

## 5. WHAT DO I NEED TO DO TO PARTICIPATE IN THE SETTLEMENT?

**Nothing**. You are already a member of the Sovereign Bank Settlement Class and will participate in the Settlement and will receive the estimated Sovereign Bank Settlement Class Member Payments as stated above. **If you filed for Chapter 7 bankruptcy protection after you obtained your loan, you are still a member of the Sovereign Bank Settlement Class, but the Settlement Payment will be made payable to you and/or your Chapter 7 bankruptcy trustee, who will also receive this Notice**. If you filed for bankruptcy protection, you should consult with a bankruptcy attorney about this Notice.

If you change your address, please contact Plaintiffs' Counsel at the address provided in Section 7 below.

## 6. CAN I EXCLUDE MYSELF FROM THE SETTLEMENT?

Yes. However, if you exclude yourself from the Settlement, you will **not** receive any payment from the Settlement Fund.

Consequently, if you wish to receive your Sovereign Bank Settlement Class Member Payment as described in Section 4 of this Notice, **DO NOTHING**.

If you do wish to exclude yourself from the Settlement, you must send a request for exclusion by first-class mail, postage prepaid, to Plaintiffs' Counsel and Sovereign Bank's Counsel (the names and addresses are provided in Section 7 below). To be effective, your request for exclusion must be in writing and be **received** by Plaintiffs' Counsel and Sovereign Bank's Counsel at the addresses below on or before **July 6, 2012**. The request for exclusion must include: (a) your name, address, telephone number and the last four digits of your social security number; (b) a statement that you and all other borrowers named on the promissory note for your loan are seeking exclusion from the Settlement; (c) your signature and the signature of any other borrower(s) named on the promissory note for your loan; and (d) a reference to "*Thompson v. Sovereign Bank, N.A.*, Case No. 1216-CV09804." The request for exclusion must be signed

personally by you and any other borrower(s) named on the promissory note for your loan or the personal representative of any such person if deceased or legally incompetent. No request for exclusion may be made on behalf of a group of Sovereign Bank Settlement Class members. Nor may any member(s) of the Sovereign Bank Settlement Class opt out or exclude themselves from the Sovereign Bank Settlement Class by having an agent or attorney sign and submit an exclusion request form on their behalf. A request for exclusion form must be signed personally by you and any other borrower(s) named on the promissory note for your loan. Your request for exclusion must be timely **received** to be effective.

If you exclude yourself from the Settlement, you will not be bound by any Final Order and Judgment entered in the case with respect to the Sovereign Bank Settlement Class. You will be free to continue pursuing whatever legal rights you may have against Sovereign Bank in the Litigation.

## 7. WHY, WHEN, AND WHERE WILL A FAIRNESS HEARING BE HELD?

A hearing on whether to grant final approval of the Settlement will be held before the Honorable Marco A. Roldan of the Circuit Court of Jackson County, Missouri (Division 16) on **September 6, 2012** at **8:30 a.m.**, in the Jackson County Courthouse, 308 W. Kansas, Independence, Missouri 64050 (the "Fairness Hearing"). There is no need for you to attend the Fairness Hearing if you simply wish to benefit from the Settlement. The purpose of the Fairness Hearing is to determine, among other things: (a) whether the terms and conditions of the Settlement are fair, reasonable and adequate; (b) whether Plaintiffs are adequate representatives of the proposed Sovereign Bank Settlement Class; (c) whether Plaintiffs' Counsel is entitled to attorney's fees and expenses and, if so, how much; (d) whether Plaintiffs should be entitled to a payment for their services as class representatives and, if so, how much; and (e) whether the Final Order and Judgment should be entered dismissing the Litigation with prejudice on the merits as to Sovereign Bank.

The Court has the power to adjourn or reschedule the Fairness Hearing from time to time without further notice of any kind.

At the Fairness Hearing, the Court will consider the statements of the parties and any objections that may have been made. Any member of the Sovereign Bank Settlement Class who has not filed a timely written Request for Exclusion has the right to object to the proposed Settlement. If you want to object, you must file a written objection with the Clerk of Court, Jackson County Courthouse, 308 W. Kansas, Independence, Missouri 64050, no later than **July 6, 2012**. All persons wishing to object must also send a copy of their written objection to Plaintiffs' Counsel and Sovereign Bank's Counsel (the names and addresses are stated below). The objection must include: (a) your name, address, and telephone number; (b) a statement of each objection to the proposed Settlement that you wish to assert; (c) a detailed description of the facts supporting each of the objections; (d) copies of any loan documents in your possession or control that you rely on as a basis for your objections; (e) the names of all witnesses, and the report(s) from any proposed experts you intend to call at the Fairness Hearing; (f) copies of any exhibits that you intend to rely on at the hearing; (g) a reference to "*Thompson v. Sovereign Bank, N.A.*, Case No.

1216-CV09804"; (h) a statement of whether you intend to appear at the Fairness Hearing in person or through an attorney; and (i) if you are represented by an attorney, a detailed description of the legal authorities supporting each of your objections.

Any member of the Sovereign Bank Settlement Class who has not filed a timely written request for exclusion has the right to appear and/or enter an appearance at the Fairness Hearing. Attendance at the final hearing is not necessary. If you do wish to appear at the Hearing, you or your attorney must: (a) file a Notice of Appearance with the Clerk of Court no later than **July 6, 2011**; and (b) serve the Notice of Appearance on Plaintiffs' Counsel and Sovereign Bank's Counsel. Any subjects to be raised at the Fairness Hearing must be contained in a written objection filed with the Court in the manner set out above. If you wish to call witnesses or present other evidence at the Fairness Hearing, you must identify the witnesses in your written objection. You must also attach any documents to your objection and describe any other evidence you intend to present at the Hearing.

The addresses for Plaintiffs' Counsel and Sovereign Bank's Counsel are as follows:

| **Plaintiffs' Counsel** | **Sovereign Bank's Counsel** |
|---|---|
| R. Frederick Walters | Roy W. Arnold |
| Kip D. Richards | Reed Smith LLP |
| Walters Bender Strohbehn & Vaughan, P.C. | 225 Fifth Avenue, Suite 1200 |
| 2500 City Center Square | Pittsburgh, Pennsylvania 15222 |
| 1100 Main Street | |
| Kansas City, Missouri 64105 | |

Any member of the Sovereign Bank Settlement Class who has not filed a timely written request for exclusion may also request to intervene in the Litigation, in person or through an attorney retained at the Sovereign Bank Settlement Class Member's own expense. A request or motion to intervene must be in writing and reference "*Thompson v. Sovereign Bank, N.A.*, Case No. 1216-CV09804" and otherwise comply with the Missouri Rules of Civil Procedure and applicable law. A request to intervene must be filed with the Clerk of Court, Jackson County Courthouse, 308 W. Kansas, Independence, Missouri 64050, no later than **July 6, 2012**. Any persons wishing to intervene must also send a copy of their written request to intervene to Plaintiffs' Counsel and Sovereign Bank's Counsel at the addresses above.

Any member of the Sovereign Bank Settlement Class who does not comply with the above requirements shall be deemed to have waived all objections to and shall be forever barred from challenging the proposed Settlement.

### 8. WHO REPRESENTS THE SOVEREIGN BANK SETTLEMENT CLASS?

The Sovereign Bank Settlement Class is represented by Plaintiffs' Counsel: R. Frederick Walters, Kip D. Richards, David M. Skeens, J. Michael Vaughan, and Garrett M. Hodes of the law firm Walters Bender Strohbehn & Vaughan, P.C. If you have questions regarding the Settlement, this Notice or your options, you can contact Plaintiffs' Counsel without charge by writing to them at the address provided above, or by calling 1-877-472-6620 (or 816-421-6620 if

in the KC Metro Area) or by visiting the website of Plaintiffs' Counsel, www.wbsvlaw.com and clicking on the link "Thompson Sovereign Bank Settlement."

## 9. WHAT ARE THE REASONS FOR SETTLEMENT?

Plaintiffs and Sovereign Bank have agreed to the Settlement after considering, among other things: (i) the substantial benefits available to the Sovereign Bank Settlement Class under the terms of the Agreement; (ii) the attendant risks and uncertainty of litigation, especially in complex litigation such as this, as well as the difficulties and considerable delays inherent in such litigation; (iii) the likelihood that the payments to be made pursuant to the Settlement to Plaintiffs and the members of the Sovereign Bank Settlement Class may be the only amounts available for recovery on these loans; (iv); the possibility and risk of beneficial or adverse future rulings; (v) the vigorousness of the defenses asserted by Sovereign Bank; and (vi) the desirability of consummating the Settlement promptly to provide effective relief to the Sovereign Bank Settlement Class. The difference in the settlement amounts being paid to the Class Members reflects the perceived relative merits, risks and available recoveries associated with the loans at the time of the Settlement.

The Court has not ruled on the merits of the claims or defenses in this case, and Sovereign Bank has denied and continues to deny each and every claim asserted against it. It denies and continues to deny all charges of wrongdoing or liability against it arising out of or relating to any of the conduct, statements, acts, or omissions alleged, or that could have been alleged in the Litigation. Nonetheless, Sovereign Bank has concluded that further litigation and a trial of the claims would be protracted, burdensome, and expensive, and that it is desirable that the Litigation be fully and finally settled as against it in the manner and on the terms and conditions set forth in the Agreement.

## 10. WILL PLAINTIFFS OR PLAINTIFFS' COUNSEL RECEIVE COMPENSATION?

Yes. Plaintiffs, as representatives of the Sovereign Bank Settlement Class, will make applications to the Court for approval of what is called an "incentive award." Such awards are used and made in class action lawsuits to provide an "incentive" to individuals like Daniel Thompson and the other Named Plaintiffs to file and prosecute class action lawsuits for the benefit of a class of people they do not know. The award also compensates the representatives of a class for their work and time as class representatives (being interviewed and deposed, reviewing documents, meeting and conferring with class counsel, etc.). Plaintiffs will ask the Court to approve and make an incentive award to the Named Plaintiffs which ranges from $500 to $2,000 per couple totaling $32,500.00 for their time and efforts in the Litigation and the Missouri Cases. Sovereign Bank will not object to Plaintiffs' applications, but the Court must still determine and approve the amount of any incentive award to be made as "reasonable." Any incentive award made to Plaintiffs will be paid from the Settlement Fund in order to determine the Net Settlement Fund and Net Distributable Settlement Fund, the latter of which will be distributed to the Sovereign Bank Settlement Class Members as "Sovereign Bank Settlement Class Member Payments" as described in Section 4 above.

Plaintiffs' Counsel has prosecuted this litigation against Sovereign Bank on a contingency fee basis and has incurred or advanced all of the costs associated with Plaintiffs' claims against Sovereign Bank in both the Litigation and the Missouri Cases. Plaintiffs' Counsel has not yet been paid for the work attributable to the claims against Sovereign Bank or received reimbursement for the expenses incurred or advanced on behalf of Plaintiffs and the Sovereign Bank Settlement Class in connection with those claims. The Court must determine and approve the amount of any such awards of attorneys' fees and litigation expenses to be made to Plaintiffs' Counsel. The amount of any such award must be reasonable based on a number of factors including, but not limited to, the nature and extent of the work involved, the difficulty of the case and the issues presented, the skill needed to conduct the case properly, the experience, reputation and ability of the lawyers, the contingency or certainty of compensation, the customary charges for similar work, and the amount involved in the controversy and the benefits resulting to the client.

Based on these and other factors, and as a part of the Settlement, Plaintiffs' Counsel and/or Plaintiffs will request the Court to approve an award of attorney's fees and litigation expenses not to exceed the following amounts: (a) $27,335.93 for an allocated share of the more than $650,685.34 of total litigation expenses and court costs that Plaintiffs' Counsel has incurred and advanced in connection with the claims in the Litigation and the Missouri Cases as of January 31, 2012; and (b) 46.34% of the "Net Settlement Fund" attributable to the Sovereign Bank loans as explained in Section 4.D of this Notice. That percentage is less than the 50% not to exceed amount as provided in the Agreement. The amounts of any such expense and attorney's fees awards made to Plaintiffs' Counsel will be deducted and paid from the Settlement Fund and Net Settlement Fund, respectively, before the Sovereign Bank Settlement Class Member Payments are distributed to the Sovereign Bank Settlement Class Members as described in Section 4 above.

Sovereign Bank will not object to the above application for expenses and attorney's fees by Plaintiffs' Counsel, but the Court must also determine and approve the amount of any expense and attorney's fee awards as "reasonable."

If the Court approves and makes the expense and attorney's fees awards as proposed, the Sovereign Bank Settlement Class Members will receive $1,738,794.20 or 53.66% of the Net Settlement Fund attributable to the those loans and Plaintiffs' Counsel will receive the remaining $1,501,369.87 (or 46.34%) of the Net Settlement Fund. Under this proposal, the amount of the Net Settlement Fund to be paid to the Sovereign Bank Settlement Class Members will compensate those Class Members for: (1) all (100%) of the allegedly illegal loan fees sought from Sovereign Bank for the Sovereign Bank Related Loans; (2) all (100%) of the interest that the Class Members paid (or have yet to pay) on the Sovereign Bank Related Loans; and (3) prejudgment interest on the loan fee and loan interest paid amounts at the legal rate of 9% per year, calculated from the date of the Notes and interest payment dates over the past 11 or more years.

Under this proposal, the amount of the Net Settlement Fund to be paid to the Sovereign Bank Settlement Class Members whose loans were sold to Sovereign Bank will compensate those Class Members for the greater of $500.00 or the allegedly illegal loan fees and interest amounts sought from Sovereign Bank for the Sovereign Bank Related Loans, plus prejudgment interest on

the loan fee and interest paid amounts at the legal rate of 9% per year calculated from the date of the Notes and interest payment dates over the past 11 or more years.

The range and average of the Settlement Payments described above and in Section 4 of this Notice have been estimated with the expectation that the Court will approve as reasonable the applications for the above stated incentive, expense and attorney's fees awards given, among other things, Plaintiffs' service and work in each of the Missouri Cases and the Litigation, the complexity of the cases, the nature and extent of the legal work provided by Plaintiffs' Counsel since 2000, and the extraordinary results obtained for the Sovereign Bank Settlement Class. If the Court approves an incentive award or an award of expenses or attorney's fees in an amount less than that applied for, the difference shall be reallocated to the Net Settlement Fund or the Net Distributable fund, as applicable.

## 11. WHAT CLAIMS WILL BE RELEASED UNDER THE SETTLEMENT?

If approved by the Court and effective in accordance with its terms, the proposed Settlement will be legally binding upon all members of the Sovereign Bank Settlement Class who did not timely request exclusion from the Sovereign Bank Settlement Class. The Settlement will fully, finally and forever release, settle, compromise, relinquish and discharge any and all of the Released Persons, as defined in the Agreement, from the Released Claims, also as defined in the Agreement, as of the Effective Date.

The Releases mean that you cannot bring any lawsuit against Sovereign Bank or any of the other Released Persons identified in the Agreement for any reason whatsoever relating to the "Released Claims," which are also defined in the Agreement; but you will of course be able to enforce your rights under the Agreement, if necessary. If you are currently litigating any claims against Sovereign Bank or any other Released Person in any other lawsuit or proceeding, either individually or as part of a class, you may be barred from continuing to pursue those claims if you do not timely exclude yourself from the Sovereign Bank Settlement Class in this case. If you are currently litigating any such claims, you should consult with an attorney concerning your rights immediately.

You should also note that the Settlement with Sovereign Bank does not cover or discharge the claims that you may have against any person, association or entity, other than Sovereign Bank and other "Released Persons." As provided in the Agreement, neither the dismissal of the Litigation nor the dismissal of the Missouri Cases as against Sovereign Bank shall in any way bar, preclude or otherwise operate as a dismissal, release, discharge or other adjudication of the claims of Plaintiffs or the Sovereign Bank Settlement Class Members against any person, association or entity other than Sovereign Bank and other "Released Persons" including, without limitation, the claims asserted in the Missouri Cases pursuant to the Missouri Second Mortgage Loans Act, §§ 408.231-408.241 RSMo against the assignees and servicers of the Missouri Second Mortgage Loans other than Sovereign Bank and "Released Persons."

The term "**Releasors**" is defined in the Agreement at paragraph 2.19 as:

> "Releasors" means all "Sovereign Bank Settlement Class Members" including, without

limitation, Named Plaintiffs Terry J. Rapaich and Lesa M. Rapaich, Timothy F. Sharp and Minh Du Thi Sharp, Mark R. Shipman and Thomasina D. Shipman, and Daniel D. Thompson and Amy L. Thompson, and each of their respective heirs, executors, administrators, assigns, predecessors, and successors, and any other person claiming by or through any or all of them. The Releasors shall not include any of the following: (a) any members of the Sovereign Bank Settlement Class who opt out of the Settlement in accordance with Paragraph 10 below; (b) any person(s) other than those persons identified on **Exhibit E** and other than the respective heirs, executors, administrators, assigns, predecessors, and successors of those persons listed on **Exhibit E**; and (c) the Non-Sovereign Bank Plaintiff Borrowers including, without limitation, Named Plaintiffs James C. Baker or Jill S. Baker, Jack L. Beaver or Hilda M. Beaver, David R. Beebe or Nancy J. Beebe, Jack T. Chastain, Sr., Danita S. Couch, Jeffrey A. Cox or Michelle A. Cox, Michael P. Gilmor or Shellie L. Gilmor, Michael E. Harris or Lois A. Harris, Daniel R. Jensen or Wanda D. Jensen, Douglas A. Krones or Tammi S. Krones, Terry M. Lovett, Shirley D. Morrow, Leo Parvin, Jr., William L. Springer or Linda A. Springer, Ted Varns or Raye Ann Varns, Jeffrey Weathersby, Michael M. Wolfe or Vivian C. Wolfe James G. Wong, or any other person named as a plaintiff in any of the Missouri Cases, with the exception of Named Plaintiffs Terry J. Rapaich and Lesa M. Rapaich, Timothy F. Sharp and Minh Du Thi Sharp, Mark R. Shipman and Thomasina D. Shipman, and Daniel D. Thompson and Amy L. Thompson. It is understood that the releases to be given by the "Releasors" as defined in this paragraph 2.19 shall only release the "Released Persons" from the "Released Claims," and nothing more, as provided herein.

The term **"Released Persons"** is defined in the Agreement at paragraph 2.20 as:

"Released Persons" shall mean Sovereign Bank, individually and together with the affiliates, parent companies and subsidiaries listed on **Exhibit F**, and any of their predecessors, successors and assigns, and each of said companies' former and current officers, directors, employees, attorneys (including any consultants hired by counsel), accountants, insurers, heirs, executors, and administrators. Notwithstanding anything in this Agreement to the contrary, the term "Released Persons" **does not include any of the following**: (a) any of the Originating Lenders, (b) any current and/or former defendant named in any of the Missouri Cases (other than the "Released Persons"); (c) any person, association or entity who is not a "Released Person," including, but not limited to, any lender, mortgage banker, mortgage broker and/or loan originator that solicited or made any of the Missouri Second Mortgage Loans that Sovereign Bank purchased, acquired, held, owned or serviced; (d) any person, association or entity to whom any of the Sovereign Bank Related Loans were sold, assigned, transferred and/or conveyed prior to the sale, assignment, transference or conveyance to Sovereign Bank; (e) any person, association or entity, other than Released Persons that serviced any of the Sovereign Bank Related Loans; (f) any person, association or entity to whom any of the loans made to any Non-Sovereign Bank Plaintiff Borrower were sold, assigned or otherwise transferred or conveyed; or (g) any person, association or entity that serviced any of the loans of any Non-Sovereign Bank Plaintiff Borrower.

The term "Released Claims" is defined in the Agreement at paragraph 2.21 as:

"Released Claims" means any and all claims, demands, actions, causes of action, rights, offsets, setoffs, suits, damages, lawsuits, liens, costs, surcharges, losses, attorney's fees, expenses or liabilities of any kind whatsoever, in law or in equity, for any relief whatsoever, including monetary, injunctive or declaratory relief, rescission, general, compensatory, special, liquidated, indirect, incidental, consequential or punitive damages, as well as any and all claims for treble damages, penalties, attorney's fees, costs or expenses, whether known or unknown, alleged or not alleged in the Missouri Cases or the Litigation, suspected or unsuspected, contingent or vested, accrued or not accrued, liquidated or unliquidated, matured or unmatured, that in any way concern, relate to, or arise out of the Sovereign Bank Related Loans and which any of the Releasors have had, or now have, from the beginning of time up through and including the Effective Date, against the Released Persons ("Claims"), including but not limited to, any and all Claims arising out of or relating to: (1) allegations that were or could have been asserted against the Released Persons in the Missouri Cases or the Litigation in any way relating to the Sovereign Bank Settlement Class Members' Sovereign Bank Related Loans; (2) any activities of the Released Persons with respect to the Sovereign Bank Related Loans including, without limitation, any alleged representations, misrepresentations, disclosures, incorrect disclosures, failures to disclose, acts (legal or illegal), omissions, failures to act, deceptions, acts of unconscionability, unfair business practices, breaches of contract, usury, unfulfilled promises, breaches of warranty or fiduciary duty, conspiracy, aiding or abetting, excessive fees collected, or violations of any consumer protection statute, any state unfair trade practice statute, or any other body of case, statutory or common law or regulation, federal or state, including but not limited to the Missouri Second Mortgage Loans Act, Mo.Rev.Stat. § 408.231, *et seq.*, or any other similar state statute; the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*, and its implementing regulations, 12 C.F.R. part 226; the Home Ownership and Equity Protection Act, 15 U.S.C. § 1639, *et seq.*, and its implementing regulation, 12 C.F.R. part 226.31-32; the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, and its implementing regulation, 24 C.F.R. part 3500; the Equal Credit Opportunity Act, 15 U.S.C. § 1691, *et seq.*, and its implementing regulation, 12 C.F.R. part 202; the Home Mortgage Disclosure Act, 12 U.S.C. § 2801, *et seq.*, and its implementing regulation, 12 C.F.R. part 203; the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq.*; the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.*; the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.*; and the Federal Trade Commission Act, 15 U.S.C. §§ 45, *et seq.*; and/or (3) any conduct undertaken by any of the Released Persons to defend the Missouri Cases or the Litigation, including but not limited to, any alleged improper discovery conduct and/or any request for sanctions. It is the intention of the Releasors to provide a general release of the Released Claims against the Released Persons; provided, however, that anything in this Agreement to the contrary notwithstanding, the term Released Claims does not include: (1) the claims of any Named Plaintiff(s) or other Releasor(s), whether or not currently asserted in the Missouri Cases or Litigation, against any person, association or entity, other than the Released Persons, in connection with the Named Plaintiff's and other Releasor's Sovereign Bank Related Loans, notwithstanding the fact that the Named Plaintiff's and other Releasor's Sovereign Bank Related Loans, in whole or in part, were purchased, acquired, held, serviced or master serviced by Sovereign

Bank; (2) any and all other claims of any kind or type by any Named Plaintiff(s) or other Releasor(s) against any person, association or entity that is not a Released Person, whether such claims arise out of or relate to a Missouri Second Mortgage Loan, including any Sovereign Bank Related Loans, and/or some other conduct, transaction, loan or occurrence; (3) any claims of any kind or type by any Named Plaintiff(s) or other Releasor(s) against any person, association or entity in connection with any loan transaction other than a Sovereign Bank Related Loan, notwithstanding the fact that the loan, in whole or in part, was purchased by, assigned to, acquired, and/or serviced by Sovereign Bank and/or any of the other Released Persons; and/or (4) any claims of whatever kind or type by any Non-Sovereign Bank Plaintiff Borrower and any other person not a Releasor with respect to any Missouri Second Mortgage Loan.

## 12. WHAT IF THE SETTLEMENT IS NOT APPROVED BY THE COURT OR DOES NOT BECOME EFFECTIVE?

If the proposed Settlement is not approved by the Court as being fair, reasonable, and adequate, or if the Settlement does not become effective in accordance with the terms and conditions of the Agreement, the Settlement and the Agreement will be null and void and Plaintiffs will dismiss the Litigation without prejudice and will proceed with their claims against Sovereign Bank, and the other Defendants in the Missouri Cases. In that event, no payments will be made under the terms of the Agreement; however, Sovereign Bank and Plaintiffs could attempt to enter into another settlement.

## 13. WHERE DO I GET ADDITIONAL INFORMATION?

This Notice is only a summary of the proposed Settlement and does not describe all of the terms and conditions of the Agreement. You are encouraged to review the Agreement and other related documents, all of which are available upon request from Plaintiffs' Counsel, or by visiting the website of Plaintiffs' Counsel, www.wbsvlaw.com and clicking on the link "Thompson Sovereign Bank Settlement."

## 14. WHAT ARE THE RELEVANT DATES?

If you wish to request exclusion from the Sovereign Bank Settlement Class or appear at the Fairness Hearing, these are the relevant dates:

- **Deadline for mailing a request for exclusion (must be <u>received</u> by): July 6, 2012**

- **Deadline for filing and serving a notice of appearance, a motion to intervene or any written objection (must be <u>received</u> by the court by): July 6, 2012**

- **Date and time of Fairness Hearing: September 6, 2012 at 8:30 a.m.**

This Notice provides only a summary of matters about the Litigation. If you have any questions or concerns, please contact Plaintiffs' Counsel in writing at the address listed in Section 7 of this Notice or call 816-421-6620.

**PLEASE DO NOT CALL OR CONTACT THE COURT FOR INFORMATION.**

> This notice is sent pursuant to Rule 52.08 of the Missouri Rules of Civil Procedure and BY ORDER OF THE COURT

DATED: May 23, 2012