Ex. 4

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE

DANIEL D. THOMPSON AND AMY L.
THOMPSON, ET AL.
individually, and as representatives of all
others similarly situated,
                            Plaintiffs,

vs.

SOVEREIGN BANK, N.A.,
                 Defendant.

Case No. 1216-CV09804

Division 16

FILED
DIVISION 16
SEP 06 2012
CIRCUIT COURT OF JACKSON COUNTY MO.
BY _____ TOIY P. PHANICH

## ORDER FINALLY APPROVING CLASS ACTION SETTLEMENT AND CERTIFYING A CLASS FOR SETTLEMENT PURPOSES

Upon careful review and consideration of the Parties' Settlement and Release Agreement dated April 16, 2012 (the "Agreement"), the evidence and arguments of counsel as presented at the Fairness Hearing held on **September 6, 2012**, the memoranda filed with this Court, and all other filings in connection with the Parties' settlement as memorialized in the Agreement (the "Settlement"); and for good cause shown,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.     **Incorporation of Other Documents**. This Order incorporates and makes the following a part hereof:

    a.     The Agreement, filed with the above Court on or about May 22, 2012; and

    b.     The following exhibits to the Agreement: (i) Schedule A (Proposed Distribution Schedule of "Net Distributable Settlement Fund," **filed under seal**); (ii) Schedule B (List of Named Plaintiffs and Proposed Incentive Awards; (iii) Exhibit A (Proposed Class Mail Notice); (iv) Exhibit B (Proposed Order Preliminarily Approving the Class Action Settlement); (v) Exhibit C (Proposed Order Finally Approving the Class Action Settlement and Certifying a Class for Settlement Purposes); (vi) Exhibit D

(Proposed Final Judgment); (vii) Exhibit E (list of members of the Sovereign Bank Settlement Class, **filed under seal**); and (viii) Exhibit F (list of Sovereign Bank affiliates) Unless otherwise provided herein, all capitalized terms in this Order shall have the same meaning as those terms in the Agreement.

2. **Jurisdiction**. Because adequate notice was disseminated and all potential members of the Sovereign Bank Settlement Class (as defined below) were given notice of and an opportunity to opt out of the Settlement, the Court has personal jurisdiction over all members of the Sovereign Bank Settlement Class. The Court has subject matter jurisdiction over the Litigation, including, without limitation, jurisdiction to approve the proposed Settlement, to grant final certification of the Sovereign Bank Settlement Class, and to dismiss the Litigation against Sovereign Bank with prejudice.

3. **Final Class Certification**. The Sovereign Bank Settlement Class, which this Court previously certified preliminarily, is hereby finally certified for settlement purposes pursuant to Mo. Rule 52.08, the Court finding that for purposes of settlement the Sovereign Bank Settlement Class fully satisfies all of the applicable requirements of Mo. Rule 52.08 and due process. The Sovereign Bank Settlement Class is defined as follows:

> All persons who obtained a "Second Mortgage Loan" as defined in § 408.231.1 RSMo from **Century Financial Group, Inc.** on or after June 28, 1994, or **SMC Lending, Inc.** on or after June 29, 1994, or **Preferred Credit Corporation** (also known as T.A.R. Preferred Mortgage Corporation) on or after June 27, 1994, or **First Consumers Mortgage, Inc.** (also known as First Consumers Financial, First Consumers Mortgage, and First Consumers Mortgage Corp.) on or after June 23, 1994, or **Bann-Cor Mortgage, Inc.** on or after October 31, 1994, that was secured by a mortgage or a deed of trust on residential real property in Missouri, and that was purchased by, assigned to, owned by, held, or serviced by Sovereign Bank, N.A., formerly known as Sovereign Bank, and who did not timely exclude themselves from the litigation class previously certified in the following cases:
>
> i. *Baker v. Century Financial Group, Inc.*, Case No. CV100-4294, filed June 28, 2000 (Cir. Ct. Clay County, Missouri)

2

ii. *Couch v. SMC Lending, Inc.*, Case No. CV-100-4332, filed June 29, 2000 (Cir. Ct. Clay County, Missouri)

iii. *Gilmor v. Preferred Credit Corporation*, Case No. CV100-4263, filed June 27, 2000 (Cir. Ct. Clay County, Missouri), *removed*, Case No. 10-0189-CV-W-ODS (W.D. Mo.)

iv. *Beaver v. First Consumers Mortgage, Inc.*, Case No. 00-CV-215097-01, filed June 23, 2000 (Cir. Ct. Jackson County, Missouri) (consolidated with *Beaver v. First Consumers Mortgage, Inc.*, Case No. 03-CV-213643, filed May 28, 2003 (Cir. Ct. Jackson County, Missouri))

v. *Schwartz* (now *Wong*) *v. Bann-Cor Mortgage,* Case No. 00-CV-22639, filed October 31, 2000 (Cir. Ct. Jackson County, Missouri), *removed,* Case No. 10- 01038-CV-FJG (W.D. Mo.)

No members of the Sovereign Bank Settlement Class timely requested to be excluded from or "opted out" of the Sovereign Bank Settlement Class.

4. **Adequacy of Representation**. There are no apparent conflicts of interest between the Named Plaintiffs and the Sovereign Bank Settlement Class, or among the members of the Sovereign Bank Settlement Class. Plaintiffs' Counsel will fairly and adequately represent and protect the interests of the Sovereign Bank Settlement Class. Accordingly, the Named Plaintiffs and R. Frederick Walters, Kip D. Richards, David M. Skeens, J. Michael Vaughan, and Garrett M. Hodes of the firm Walters Bender Strohbehn & Vaughan, P.C. ("Plaintiffs' Counsel" or "Class Counsel"), have satisfied the requirements of Mo. Rule 52.08 and are hereby appointed and approved as representatives of the Sovereign Bank Settlement Class and Counsel for the Sovereign Bank Settlement Class, respectively.

5. **Class Notice**. The Court finds that the Class Mail Notice and its distribution to the Sovereign Bank Settlement Class as implemented pursuant to the Agreement and the Preliminary Approval Order:

3

a. Constituted the best practicable notice to the members of the Sovereign Bank Settlement Class under the circumstances of this Litigation;

b. Constituted notice that was reasonably calculated, under the circumstances, to apprise the members of the Sovereign Bank Settlement Class of (i) the pendency of the Litigation and the proposed Settlement, (ii) their right to exclude themselves from the Sovereign Bank Settlement Class and the proposed Settlement, (iii) their right to object to any aspect of the proposed Settlement (including, but not limited to, the following: final certification of the Sovereign Bank Settlement Class; the fairness, reasonableness or adequacy of the Settlement as proposed; the adequacy of the Named Plaintiffs and/or Class Counsel's representation of the Sovereign Bank Settlement Class; the proposed awards of attorney's fees and expenses; and the proposed incentive award), (iv) their right to appear at the Fairness Hearing if they did not exclude themselves from the Sovereign Bank Settlement Class, (v) the effect of the Settlement on the Missouri Cases; and (vi) the binding effect of the Orders and Judgment in the Litigation on all members of the Sovereign Bank Settlement Class who did not request exclusion;

c. Constituted notice that was reasonable and constituted due, adequate and sufficient notice to all persons and entities entitled to be provided with notice; and

d. Constituted notice that fully satisfied the requirements of Mo. Rule 52.08, due process, and any other applicable law.

6. **Final Settlement Approval.** The terms and provisions of the Agreement, including all exhibits, have been entered into in good faith and as a result of arm's length negotiations, and the Agreement is fully and finally approved as fair, reasonable and adequate as to, and in the best interests of, each of the Parties and the Sovereign Bank Settlement Class

4

Case 4:10-cv-00189-ODS   Document 781-4   Filed 10/23/12   Page 4 of 17

Members, and in full compliance with all applicable requirements of the laws of the state of Missouri, the United States Constitution (including the Due Process Clause), and any other applicable law. The Parties are hereby directed to implement and consummate the Agreement according to its terms and provisions.

7. **Binding Effect**. The terms of the Agreement, this Order and the accompanying Final Judgment shall be forever binding on all of the Sovereign Bank Settlement Class Members and the Named Plaintiffs, individually and/or as a representative of the Sovereign Bank Settlement Class, as well as their respective heirs, executors, administrators, assigns, predecessors, and successors, and any other person claiming by or through any or all of them. The terms of the Agreement, this Order and the accompanying Final Judgment shall have *res judicata* and other preclusive effect as to the "Releasors" for the "Released Claims" as against the "Released Persons," all as defined in the Agreement. However, neither the Agreement, this Order nor the Final Judgment shall bar, preclude or otherwise operate as a dismissal, release, discharge or other adjudication of the claims of the Named Plaintiffs or the Sovereign Bank Settlement Class Members (or the "Non-Sovereign Bank Plaintiff Borrowers" as defined in the Agreement) against any person, association or entity other than Sovereign Bank and the "Released Persons" as defined in Paragraph 2.20 of the Agreement including, without limitation, the claims currently asserted pursuant to the Missouri Second Mortgage Loans Act, §§ 408.231-408.241 RSMo, against any person, association or entity named or to be named as a defendant in the Missouri Cases, as defined in Paragraph 2.10 of the Agreement, other than Sovereign Bank and the "Released Persons" as defined in Paragraph 2.20 of the Agreement.

8. **Releases**. The Releasors, as defined in Paragraph 2.19 of the Agreement, shall be bound by the Releases provided in Paragraph 6 of the Agreement, which is incorporated herein

5

in all respects, regardless of whether such persons received any compensation under the Agreement or Settlement. The Releases are effective as of the Effective Date specified in Paragraph 14 of the Agreement. The Court expressly adopts all defined terms in Paragraph 2 of the Agreement, including but not limited to, the definitions of the persons and claims covered by the Releases (which are set forth at Paragraphs 2.19, 2.20 and 2.21 of the Agreement).

9. **Enforcement of Settlement.** Nothing in this Final Approval Order or the accompanying Final Judgment shall preclude any action by any Party to enforce the terms of the Agreement.

10. **Additional Payment to the Named Plaintiffs.** The Court hereby awards $32,500 to the Named Plaintiffs to be paid from the Settlement Fund in accordance with **Schedule B** to the Settlement Agreement as an incentive award for their services as representatives of the Sovereign Bank Settlement Class.

11. **Attorney's Fees and Expenses.** Plaintiffs' Counsel are awarded $27,335.93, representing an allocated share of the litigation expenses and court costs that Plaintiffs' Counsel has incurred and advanced as of January 31, 2012 in connection with the Settlement and Litigation, which shall be deducted from the "Settlement Fund" as defined in the Agreement. In addition, the Court awards Plaintiffs' Counsel attorney's fees of $1,501,369.87, representing forty six and thirty four hundredth's percent (46.34%) of the "Net Settlement Fund" as defined in the Agreement. The Court finds and concludes that each of the above awards to Plaintiffs' Counsel for work and services in this case and in connection with the Settlement is reasonable.

In making these awards, the Court finds as follows:

    a. The time and labor required to obtain the Settlement was extensive. This work included, among other things, the substantial efforts of Class Counsel to identify

and obtain loan information for each of the Sovereign Bank Settlement Class Members and to obtain and confirm the accuracy of additional data sought to prove Sovereign Bank's liability to the Sovereign Bank Settlement Class and each Sovereign Bank Settlement Class Member's individual damages. There was significant discovery practice, extensive motion practice on a number of complex legal issues, preparation of damage methodologies, and numerous certification and class management issues.

        b.      The legal issues raised during the prosecution of the claims of the Sovereign Bank Settlement Class were (and remain) complex and difficult. This factor is illustrated by the contentious and vigorous litigation in the Missouri Cases and by the issues raised by Sovereign Bank including, without limitation, those presented by Sovereign Bank's dispositive motions.

        c.      The skill required of Class Counsel was unusually high during the prosecution of the claims of the Sovereign Bank Settlement Class. Both the substantive and procedural aspects pertaining to the prosecution of those claims in the Missouri Cases were far more complex than usual.

        d.      Because of the volume of work required on this matter, Class Counsel was effectively precluded from taking on other matters and was forced to dedicate extensive resources to prosecuting the claims of the Sovereign Bank Settlement Class over the past twelve years. In addition, given the volume of work and the risks engendered by this type of litigation, this lawsuit was undesirable to other attorneys. Few law firms would have been willing to proceed against Sovereign Bank on these claims with the dedication and for the length of time necessary to obtain the Settlement.

7

Case 4:10-cv-00189-ODS   Document 781-4   Filed 10/23/12   Page 7 of 17

e.  The results obtained for the Sovereign Bank Settlement Class are extraordinary in light of the significant risks posed by the assertions of Sovereign Bank to the Sovereign Bank Settlement Class Members' claims. The Court specifically notes the substantial benefits made available to the Sovereign Bank Settlement Class. The results achieved were truly extraordinary and are of paramount importance when considering the fee request and unquestionably justify the fee request.

f.  The fee in this case was contingent. Class Counsel would have received no fee had they not been successful. In addition, Class Counsel risked large amounts of expenses and advances on the successful outcome of this matter. The prosecution of the claims of the Sovereign Bank Settlement Class had an overall high risk profile from its inception which is the point in time at which risk should and must be evaluated. For matters with an overall high risk profile a contingency percentage in the range of 40% to 50% would be usual and expected. Here, the proposed contingency fee of 46.34% of the common fund is reasonable and by no means unusual for a contingency fee case of this length, magnitude, and type. Further, the proposed contingency fee of 46.34% of the common fund will be applied to the net recovery, after deduction for expenses and incentive fee awards, and not to the gross recovery. Lastly, the Court notes that the proposed contingency fee of 46.34% is actually less than the 50% fee that the parties agreed to in the Settlement. Had Class Counsel requested 50% for attorney's fees, the Court would have found that fair and reasonable. Accordingly, the requested percentage fee award of 46.34% of the common fund obtained for the Sovereign Bank Settlement Class is fair and reasonable in this matter.

g. Class Counsel's experience, reputation and ability played a large role in obtaining the Settlement. Less experienced or able counsel would have likely achieved a lesser result or perhaps no result at all. In addition, Sovereign Bank was likewise represented by skilled and experienced defense attorneys of national reputation.

h. No member of the Sovereign Bank Settlement Class has objected to any aspect of the settlement and no members of the Sovereign Bank Settlement Class have timely opted out or excluded themselves from the Settlement. The reaction of the Class to the Settlement has been unanimously favorable.

i. The litigation costs and expenses that have been allocated to the prosecution of the claims of the Sovereign Bank Settlement Class are also reasonable and equitable for a matter of this complexity and duration.

Given the factors to be considered in making and approving contingency fee awards in class actions including, among others, those listed above and the nature and extent of the legal work provided by Class Counsel since 2000 in the Missouri Cases and the exceptional results obtained for the Sovereign Bank Settlement Class, the proposed awards of attorney's fees and litigation expenses are approved as reasonable. Such attorney's fees and expenses shall be paid subject to the conditions set forth in the Agreement.

12. **No Other Payments**. The preceding paragraphs of this Final Approval Order cover, without limitation, any and all claims for attorney's fees and expenses, costs or disbursements incurred by Plaintiffs' Counsel or any other counsel representing the Named Plaintiffs as representatives of the Sovereign Bank Settlement Class or the Sovereign Bank Settlement Class Members, or incurred by the Sovereign Bank Settlement Class Members in connection with or related in any manner to this Litigation, the Settlement of this Litigation, the

9

Case 4:10-cv-00189-ODS   Document 781-4   Filed 10/23/12   Page 9 of 17

administration of such Settlement, and/or the Released Claims, except to the extent otherwise specified in this Final Approval Order or the Agreement.

13. **Retention of Jurisdiction.** The Court has jurisdiction to enter this Final Approval Order and the accompanying Final Judgment. Without in any way affecting the finality of this Final Approval Order and the accompanying Final Judgment, this Court expressly retains jurisdiction as to all matters relating to the administration and enforcement of the Agreement and Settlement and of this Final Approval Order and the accompanying Final Judgment, and for any other necessary purpose as permitted by Missouri law, including, without limitation:

   a. enforcing the terms and conditions of the Agreement and Settlement and resolving any disputes, claims or causes of action that, in whole or in part, are related to the administration and/or enforcement of the Agreement, Settlement, this Final Approval Order or the Final Judgment (including, without limitation, whether a person is or is not a member of the Sovereign Bank Settlement Class or a Sovereign Bank Settlement Class Member; and whether any claim or cause of action is or is not barred by this Final Approval Order and the Final Judgment);

   b. entering such additional Orders as may be necessary or appropriate to protect or effectuate the Court's Final Approval Order and the Final Judgment and/or to ensure the fair and orderly administration of the Settlement and distribution of the Settlement Fund;

   c. vacating, rescinding, canceling, annulling and deeming "void," "no longer equitable," and/or setting aside for a reason that "otherwise justifies relief" for purposes of Mo. Rule 74.06 and/or Fed.R.Civ.P. 60(b) this Final Approval Order and/or the Final

Judgment pursuant to the Agreement in the event the Settlement does not (or cannot) become effective as provided in Paragraph 14 of the Agreement.

        d.      entering any other necessary or appropriate Orders to protect and effectuate this Court's retention of continuing jurisdiction.

14.    **No Admissions.** Neither this Final Approval Order, nor the accompanying Final Judgment, nor the Agreement, nor any of its terms or provisions, nor any of the negotiations between the Parties or their counsel, nor any action taken to carry out this Order or the Final Judgment, is, may be construed as, or may be used as an admission or concession by or against any of the Parties or the Released Persons of: (a) the validity of any claim or liability, any alleged violation or failure to comply with any law, any alleged breach of contract, any legal or factual argument, contention or assertion; (b) the truth or relevance of any fact alleged by the Plaintiffs; (c) the existence of any class alleged by Plaintiffs; (d) the propriety of class certification if the Litigation were to be litigated rather than settled; (e) the validity of any claim or any defense that has been or could have been asserted in the Litigation or in any other litigation; (f) that the consideration to be given to Sovereign Bank Settlement Class Members hereunder represents the amount which could be or would have been recovered by any such persons after trial; or (g) the propriety of class certification in any other proceeding or action. Entering into or carrying out the Agreement, and any negotiations or proceedings related to it, shall not in any event be construed as, or deemed evidence of, an admission or concession as to Sovereign Bank's denials, defenses, factual or legal positions, and shall not be offered or received in evidence in any action or proceeding against any party in any court, administrative agency or other tribunal for any purpose whatsoever, except as necessary to enforce the terms of this Order and the Agreement or to prove or show that a compromise in settlement of the

Released Claims per the Agreement, in fact, was reached; provided, however, that this Order and the Agreement may be filed by a Released Person in any action against or by Sovereign Bank or a Released Person to support a defense of *res judicata*, collateral estoppel, release, waiver, good faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim.

15. **Dismissal of Litigation Against Sovereign Bank.** The Litigation, including all individual and/or class claims asserted against Sovereign Bank as the purchaser, assignee, owner, holder, and/or servicer of the Sovereign Bank Related Loans, is dismissed with prejudice as to the Named Plaintiffs and the Sovereign Bank Settlement Class Members, without fees or costs to any party, except as otherwise provided in the Agreement, this Order and/or the Final Judgment. However, as provided both in the Agreement and in Paragraph 7 above, the dismissal of the Litigation and the claims against Sovereign Bank shall in no way stay, bar, preclude, abate or otherwise operate as a dismissal, release, discharge or other adjudication of the claims of the Named Plaintiffs or the Sovereign Bank Settlement Class Members (or the "Non-Sovereign Bank Plaintiff Borrowers" as defined in the Agreement) against any person, association or entity other than Sovereign Bank and the other "Released Persons" as defined in Paragraph 2.20 of the Agreement including, without limitation, the claims currently asserted pursuant to the Missouri Second Mortgage Loans Act, §§ 408.231-408.241 RSMo, against any person, association or entity named or to be named as a defendant in the lawsuits pending before the Circuit Court of Clay County, Missouri, Circuit Court of Jackson County, Missouri or the United States District Court for the Western District of Missouri styled *Baker v. Century Financial Group, Inc.*, Case No. CV100-4294, filed June 28, 2000 (Cir. Ct. Clay County, Missouri); *Couch v. SMC Lending, Inc.*, Case No. CV100-4332, filed June 29, 2000 (Cir. Ct. Clay County, Missouri); *Gilmor v.*

*Preferred Credit Corporation*, Case No. CV100-4263, filed June 27, 2000 (Cir. Ct. Clay County, Missouri), *removed*, Case No. 10-0189-CV-W-ODS (W.D. Mo.); *Beaver v. First Consumers Mortgage, Inc.*, Case No. 00-CV-215097-01, filed June 23, 2000 (Cir. Ct. Jackson County, Missouri) (consolidated with *Beaver v. First Consumers Mortgage, Inc.,* Case No. 03-CV-213643, filed May 28, 2003 (Cir. Ct. Jackson County, Missouri)); and *Schwartz* (now *Wong) v. Bann-Cor Mortgage,* Case No. 00-CV-22639, filed October 31, 2000 (Cir. Ct. Jackson County, Missouri), *removed,* Case No. 10- 01038-CV-FJG (W.D. Mo.) other than Sovereign Bank and the other "Released Persons" as defined in Paragraph 2.20 of the Agreement.

16. **Claims of the Named Plaintiffs who are Non-Sovereign Bank Plaintiff Borrowers.** The Court finds and concludes that the Missouri Second Mortgage Loans of the Named Plaintiffs who are "Non-Sovereign Bank Plaintiff Borrowers" (as that term is defined in the Agreement) were never purchased by, assigned to, owned by, held, or serviced by Sovereign Bank and that, given this fact, these Named Plaintiffs cannot recover any damages, penalties, or other relief from Sovereign Bank or any other Released Person as a result of any Sovereign Bank Related Loan. This finding and/or conclusion by the Court shall not be deemed or construed as a holding that any of the Non-Sovereign Bank Plaintiff Borrowers have in any way released any claims, of whatever type or kind, with respect to their Missouri Second Mortgage Loans.

17. **Separate Judgment.** The Court will separately enter the accompanying Final Judgment.

Dated: 6 Sept, 2012

_____
CIRCUIT COURT JUDGE

**CERTIFIED COPY**
I certify that the foregoing document is a full, true and complete copy of the original on file in my office and of which I am legal custodian
Jeffrey A. Eisenbeis
Court Administrator
Circuit Court of Jackson County, Missouri
By _____

13

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE

DANIEL D. THOMPSON AND AMY L.
THOMPSON, ET AL.
individually, and as representatives of all
others similarly situated,

                  Plaintiffs,

vs.

SOVEREIGN BANK, N.A.,
                  Defendant.

Case No. 1216-CV09804

Division 16

FILED
DIVISION 16

SEP 06 2012
CIRCUIT COURT OF JACKSON COUNTY MO.
By TOIY P. PHANICH

## FINAL JUDGMENT

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The settlement of the claims of the Sovereign Bank Settlement Class on the terms set forth in the parties' Settlement Agreement and Release ("Agreement"), dated April 16, 2012, is approved, and the following settlement class is granted final certification for settlement purposes under Mo. Rule 52.08:

> All persons who obtained a "Second Mortgage Loan" as defined in § 408.231.1 RSMo from **Century Financial Group, Inc.** on or after June 28, 1994, or **SMC Lending, Inc.** on or after June 29, 1994, or **Preferred Credit Corporation** (also known as T.A.R. Preferred Mortgage Corporation) on or after June 27, 1994, or **First Consumers Mortgage, Inc.** (also known as First Consumers Financial, First Consumers Mortgage, and First Consumers Mortgage Corp.) on or after June 23, 1994, or **Bann-Cor Mortgage, Inc.** on or after October 31, 1994, that was secured by a mortgage or a deed of trust on residential real property in Missouri, and that was purchased by, assigned to, owned by, held, or serviced by Sovereign Bank, N.A., formerly known as Sovereign Bank, and who did not timely exclude themselves from the litigation class previously certified in the following cases:
>
>     i. *Baker v. Century Financial Group, Inc.*, Case No. CV100-4294, filed June 28, 2000 (Cir. Ct. Clay County, Missouri)
>
>     ii. *Couch v. SMC Lending, Inc.*, Case No. CV-100-4332, filed June 29, 2000 (Cir. Ct. Clay County, Missouri)
>
>     iii. *Gilmor v. Preferred Credit Corporation*, Case No. CV100-4263, filed June 27, 2000 (Cir. Ct. Clay County, Missouri), *removed,* Case No. 10-0189-CV-W-ODS (W.D. Mo.)

iv. *Beaver v. First Consumers Mortgage, Inc.*, Case No. 00-CV-215097-01, filed June 23, 2000 (Cir. Ct. Jackson County, Missouri) (consolidated with *Beaver v. First Consumers Mortgage, Inc.*, Case No. 03-CV-213643, filed May 28, 2003 (Cir. Ct. Jackson County, Missouri))

v. *Schwartz (now Wong) v. Bann-Cor Mortgage*, Case No. 00-CV-22639, filed October 31, 2000 (Cir. Ct. Jackson County, Missouri), *removed*, Case No. 10- 01038-CV-FJG (W.D. Mo.)

2. Individual notice complying with Mo. Rule 52.08 was sent to the last-known address of each member of the Sovereign Bank Settlement Class as identified on Exhibit E to the Agreement as warrantied by Sovereign Bank. The Court finds all members of the Sovereign Bank Settlement Class to be Sovereign Bank Settlement Class Members and that all such persons are bound by this Final Judgment.

3. The Litigation and the claims as asserted therein are dismissed on the merits and with prejudice according and subject to the terms of the Agreement and the Court's *Order Finally Approving Class Action Settlement and Certifying a Class for Settlement Purposes*, dated this same date (the "Final Approval Order"), without costs to any party except as provided in the Final Approval Order. As provided in the Agreement and Final Approval Order, the dismissal of the Litigation and the claims asserted therein shall in no way stay, bar, preclude, abate or otherwise operate as a dismissal, release, discharge or other adjudication of the claims of the Named Plaintiffs or the Sovereign Bank Settlement Class Members (or the "Non-Sovereign Bank Plaintiff Borrowers" as defined in the Agreement) against any person, association or entity other than Sovereign Bank and the "Released Persons" as defined in Paragraph 2.20 of the Agreement including, without limitation, the claims currently asserted pursuant to the Missouri Second Mortgage Loans Act, §§ 408.231-408.241 RSMo, against any person, association or entity named or to be named as a defendant in the lawsuits pending before the Circuit Court of

2

Clay County, Missouri, Circuit Court of Jackson County, Missouri or the United States District Court for the Western District of Missouri styled *Baker v. Century Financial Group, Inc.*, Case No. CV100-4294, filed June 28, 2000 (Cir. Ct. Clay County, Missouri); *Couch v. SMC Lending, Inc.*, Case No. CV100-4332, filed June 29, 2000 (Cir. Ct. Clay County, Missouri); *Gilmor v. Preferred Credit Corporation*, Case No. CV100-4263, filed June 27, 2000 (Cir. Ct. Clay County, Missouri), *removed,* Case No. 10-0189-CV-W-ODS (W.D. Mo.); *Beaver v. First Consumers Mortgage, Inc.*, Case No. 00-CV-215097-01, filed June 23, 2000 (Cir. Ct. Jackson County, Missouri) (consolidated with *Beaver v. First Consumers Mortgage, Inc.,* Case No. 03-CV-213643, filed May 28, 2003 (Cir. Ct. Jackson County, Missouri)); and *Schwartz* (now *Wong) v. Bann-Cor Mortgage,* Case No. 00-CV-22639, filed October 31, 2000 (Cir. Ct. Jackson County, Missouri), *removed,* Case No. 10- 01038-CV-FJG (W.D. Mo.) other than Sovereign Bank and the other "Released Persons" as defined in Paragraph 2.20 of the Agreement.

4. The Court finds and concludes that the Missouri Second Mortgage Loans of the Named Plaintiffs who are "Non-Sovereign Bank Plaintiff Borrowers" (as that term is defined in the Agreement) were never purchased by, assigned to, owned by, held, or serviced by Sovereign Bank and that, given this fact, these Named Plaintiffs cannot recover any damages, penalties, or other relief from Sovereign Bank or any other Released Person as a result of any Sovereign Bank Related Loan. This finding and/or conclusion, however, shall not be deemed or construed as a holding that any of the Non-Sovereign Bank Plaintiff Borrowers have in any way released any claims, of whatever type or kind, with respect to their Missouri Second Mortgage Loans.

5. The Named Plaintiffs and all members of the Sovereign Bank Settlement Class who did not timely exclude themselves from the Sovereign Bank Settlement Class shall be bound by the Releases provided in Paragraph 6 of the Agreement.

6. The Releasors, as defined in Paragraph 2.19 of the Agreement, are permanently barred and enjoined from asserting, commencing, prosecuting or continuing any of the Released Claims, as defined in Paragraph 2.21 of the Agreement, against the Released Persons, as defined in Paragraph 2.20 of the Agreement.

7. The Court will retain continuing jurisdiction over this Litigation and each of the matters set forth in Paragraph 13 of the Final Approval Order for the purposes set forth in the Final Approval Order.

8. Unless otherwise provided herein, all capitalized terms in this Order shall have the same meaning as those terms in the Agreement.

Dated: _September 6, 2012_

_/s/ Marco Roldan_
Circuit Court Judge

**CERTIFIED COPY**
I certify that the foregoing document is a full, true and complete copy of the original on file in my office and of which I am legal custodian.
Jeffrey A. Eisenbeis
Court Administrator
Circuit Court of Jackson County, Missouri
By_____
Deputy