IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MICHAEL P. AND SHELLIE GILMOR, ET AL., <br><br> Plaintiffs, <br><br> vs. <br><br> PREFERRED CREDIT CORPORATION, ET AL., <br><br> Defendants. | Case No. 10-0189-CV-W-ODS |

# PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiffs Michael Harris, Lois A. Harris, Leo E. Parvin, Jr., Debra Mooney, James Woodward, Kathleen Woodward and Patricia Ann Worthy (the "Named Plaintiffs"), as representatives on behalf of the proposed "Countrywide Settlement Class" defined below, respectfully move the Court to enter an Order pursuant to Fed.R.Civ.P. 23 that:

(1) Preliminarily approves a **$214,534.53** settlement of the Countrywide Settlement Class Members' claims against the "Settling Defendants," which are defined in the parties' October 31, 2012 Settlement and Release Agreement ("Agreement")[1] as Countrywide Home Loans, Inc. and BAC Home Loans Servicing, L.P. (collectively, "Countrywide"); and

(2) Contains each of the related Orders identified below, which are deemed necessary under Missouri law and the terms of the parties' Agreement for Final Approval of the Settlement.[2]

---

[1] The parties' Agreement is attached to this motion as **Exhibit 1**. The October 31, 2012 date is the last signature date for all the signatories. A proposed Order granting this motion and preliminarily approving the proposed class action settlement will be submitted to the Court.

[2] *See, e.g., Roberts v. Source for Public Data, LP*, No. 08-4167-CV-C-NKL, 2010 WL 2195523, *1 (W.D. Mo. May 28, 2010) (in performing a preliminary fairness review of a proposed class settlement under Rule 23(c), a

The Settlement, which is explained in detail in the accompanying *Suggestions*, is fair, adequate and reasonable and will resolve the claims against the Settling Defendants with respect to 11 of the approximately 525 PCC Loans at issue.

The Settlement, as proposed, resolves the claims of the "Countrywide Settlement Class," which is defined as:

> All persons who, on or after June 27, 1994, obtained a "Second Mortgage Loan," as defined in Mo.Rev.Stat. § 408.231.1, that was secured in whole or in part by a mortgage or a deed of trust on residential real property located in the state of Missouri, that was originated by Preferred Credit Corporation (f/k/a T.A.R. Preferred Mortgage Corporation), and that was serviced by Countrywide Home Loans, Inc. and/or BAC Home Loans Servicing, L.P., and who did not timely exercise their right and option to opt out and exclude themselves from the litigation class that the Circuit Court of Clay County, Missouri certified on January 2, 2003, in *Gilmor v. Preferred Credit Corporation*, Case No. CV100-4263-CC

(Ex. 1, ¶3(a))

The Settlement, as proposed, will provide the following benefits to the Countrywide Settlement Class:

(1) A Countrywide Settlement Class Member Payment of **$115,098.24 <u>net</u>** of the proposed incentive, expense and attorney's fees awards, to be apportioned pro rata among the members of Countrywide Settlement Class.

(2) Payment of a total of **$1,750.00** in incentive awards to the Named Plaintiffs in the amounts set forth on Schedule B to the Agreement.

If the Court approves the Settlement as proposed, the members of the Countrywide Settlement Class who do not exclude themselves from the Settlement will receive a settlement payment ranging from **$1,715.41** to **$28,102.67** (**$10,463.48 on average**). The amount of each such "Countrywide Settlement Class Member Payment" represents a pro rata share of the **$115,098.24** "Net Distributable Settlement Fund" described above.

---

court should "'make a preliminary determination [a] that the proposed class satisfies the criteria set out in Rule 23(a) and at least one of the subsections of Rule 23(b) ... [and] [m]ake a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms and must direct the preparation of notice of the certification, proposed settlement, and date of the final fairness hearing'")(quoting Manual for Complex Litig. (Fourth) § 21.632 (2004)).

(**Ex. 1**, ¶¶4.a, 4.b)

The Settlement, as proposed, will further benefit the Countrywide Settlement Class via the reimbursement of expenses, and the payment of attorney's fees to Plaintiff's Counsel, as follows:

1) Up to **$3,515.00** to Plaintiff's Counsel as reimbursement for an allocable share of the total litigation costs and expenses incurred and paid in connection with this case; and

2) Up to **$94,171.29** of attorney's fees to Plaintiffs' Counsel, which represents 45% of the "Net Settlement Fund".

(Ex. 1, ¶¶5.b, 5.c)[3]

The Settling Defendants do not object to Plaintiffs' Counsel and/or the Named Plaintiffs applying to the Court for and receiving the proposed amounts for the expense and fee awards. (Id.)

Importantly, the class action settlement being proposed to the Court will not affect the claims of the non-settling plaintiffs, or any of the other members of the Litigation Class whose PCC-originated loans were sold, assigned and/or serviced by entities other than Settling Defendants, and who are collectively defined in the Agreement as the "Non-Countrywide Plaintiff Borrowers." (Ex. 1, ¶2.22) Nor will the proposed settlement affect the claims of settling Named Plaintiffs or other Countrywide Settlement Class Members against anyone other than the Settling Defendants and other "Released Persons" specifically defined in the Agreement. (*Id*., ¶2.32) Only the claims of those members of the Litigation Class whom the Parties have identified as having obtained a Missouri second mortgage loan that was purchased by, assigned or conveyed to, or otherwise owned and/or held by or serviced by one or more of the Settling Defendants, and who do not timely opt out, will be resolved pursuant to the

---

[3] As Plaintiffs will more fully explain in their *Application for Attorney's Fees, Litigation Expenses, and Court Costs*, the amount of the proposed attorney's fee award in this case should be approved as fair and reasonable.

Settlement, once effective. All remaining claims and rest of the Litigation will continue as against the remaining Defendants and other non-released persons as to all "PCC Loans."

The matters to be addressed in the *Proposed Order Preliminarily Approving Class Action Settlement*, and which are explained in greater detail in the accompanying *Suggestions*, are as follows:

1. Preliminary certification of the Countrywide Settlement Class as defined above;

2. Preliminary approval of the proposed Settlement as presumptively fair, adequate and reasonable;

3. Approval of the notice plan and the *Summary of Attached Notice of Proposed Class Action Settlement* and the *Notice of Proposed Class Action Settlement and of Settlement Hearing*, including instructions to the members of the Countrywide Settlement Class with regard to such things as their opt-out and objection rights;

4. Scheduling the Fairness Hearing and establishing all applicable and related deadlines; and

5. Miscellaneous matters set forth in the *Proposed Order Preliminarily Approving Class Action Settlement* including, among other things, (a) the duties of Class Counsel to file certifications regarding the mailing of the *Summary of Attached Notice of Proposed Class Action Settlement* and the *Notice of Proposed Class Action Settlement and of Settlement Hearing* and the number of the opt-out/exclusion requests; (b) setting deadlines for the Named Plaintiffs to file their motions and memoranda in support of final approval of the Settlement and applications for an incentive award and an award of litigation expenses and attorney's fees; (c) staying further litigation by the Countrywide Settlement Class with respect to their claims against the Settling Defendant, pending approval of the Settlement; (d) declaring that the claims of the Countrywide Settlement Class and the Non-Countrywide Plaintiff Borrowers against any persons other than the Settling Defendants and other "Released Persons" as defined in the Agreement are not stayed; and (e) confirming that the Settlement is not an admission of liability or wrongdoing by the Settling Defendants.

Finally, the parties agree that the Settling Defendants will (1) prepare and serve on the appropriate official(s) all notices required by the provisions of the Class Action Fairness Act, 28 U.S.C. § 1715(b) within ten (10) days after the Settlement is filed with the Court and (2) that on or before the Final Hearing Date, Counsel for the Settling Defendants shall file with the Court an

affidavit certifying that the Settling Defendants provided all notices required by CAFA at 28 U.S.C. § 1715(b).

The Settling Defendants consent to the relief requested in this motion and agree that the requested Order should be entered.

WHEREFORE, for the reasons above, and for reasons more fully set forth in the accompanying *Suggestions*, Named Michael Harris, Lois A. Harris, Leo E. Parvin, Jr., Debra Mooney, James Woodward, Kathleen Woodward, and Patricia Ann Worthy respectfully request the Court to: (a) certify the Countrywide Settlement Class; (b) appoint Plaintiffs Michael Harris, Lois A. Harris, Leo E. Parvin, Jr., Debra Mooney, James Woodward, Kathleen Woodward, and Patricia Ann Worthy as Representatives of the Countrywide Settlement Class and R. Frederick Walters, Kip D. Richards, David M. Skeens, J. Michael Vaughan, and Garrett M. Hodes of Walters, Bender, Strohbehn & Vaughan, P.C. as Counsel for the Countrywide Settlement Class; (c) grant preliminary approval of the Settlement in all respects as presumptively fair, adequate and reasonable; and (d) enter an *Order Preliminarily Approving Class Action Settlement* in the form substantially the same as that submitted to the Court.

Dated: November 1, 2012	Respectfully submitted,

WALTERS BENDER STROHBEHN
 & VAUGHAN, P.C.

By: _____*R. Frederick Walters*_____
    R. Frederick Walters – Mo. Bar 25069
    J. Michael Vaughan Mo. – Bar 24989
    Kip D. Richards – Mo. Bar 39743
    David M. Skeens – Mo. Bar 35728
    Karen W. Renwick – Mo. Bar 41271
    Garrett M. Hodes – Mo. Bar 50221
    Matthew R. Crimmins – Mo. Bar 53138
    Bruce V. Nguyen – Mo. Bar 52893
    2500 City Center Square
    1100 Main Street
    P.O. Box 26188
    Kansas City, MO 64196
    (816) 421-6620
    (816) 421-4747 (Facsimile)
    fwalters@wbsvlaw.com
    mvaughan@wbsvlaw.com
    krichards@wbsvlaw.com
    dskeens@wbsvlaw.com
    krenwick@wbsvlaw.com
    ghodes@wbsvlaw.com
    mcrimmins@wbsvlaw.com
    bnguyen@wbsvlaw.com

**ATTORNEYS FOR PLAINTIFFS
AND CLASS COUNSEL**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 1st day of November, 2012 I electronically filed the above and foregoing document with the Clerk of Court of the Western District of Missouri using the Court's ECF system, which will send notification of said filing to all counsel of record who are ECF participants. In addition, a copy was served by U.S. mail, First-Class Postage Prepaid, to:

Arthur E. Kechijian, Manager
United Mortgage C.B., LLC
P.O. Box 471827
Charlotte, NC 28247
**Defendant United Mortgage C.B., L.L.C**.

/s/ *R. Frederick Walters*