IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

MICHAEL P. AND SHELLIE GILMOR,
ET AL.,

                    Plaintiffs,

            vs.                                    Case No. 10-0189-CV-W-ODS

PREFERRED CREDIT CORPORATION,
ET AL.,

                    Defendants.

## ORDER PRELIMINARILY APPROVING
## CLASS ACTION SETTLEMENT

This case commenced in Clay County Circuit Court. On January 2, 2003, that court

certified a litigation class comprised of those persons who obtained a Missouri residential second

mortgage loan from Preferred Credit Corporation (f/k/a T.A.R. Preferred Mortgage Corporation)

("PCC") on or after June 27, 1994, and as is particularly described in the Court's *Order*

*Certifying Plaintiff Class* (the "Litigation Class").

The case eventually found itself in this Court, and now pending is a motion to approve a

Settlement Agreement ("Agreement") with respect to certain plaintiffs and the AMCUSA Trust

(a statutory liquidating trust established under Chapter 38 of title 12 of the Delaware Code, 12

Del. C. §§3801 et seq. and in accordance with the Joint Plan Under Chapter 11 of the Bankruptcy

Code for the sole purpose of liquidating and distributing the assets of Defendant Advanta

Mortgage Corporation of USA ("AMCUSA") and the Trustee for the AMCUSA Trust

(collectively (and including AMCUSA) "Advanta"). Specifically, the Agreement relates to the

Missouri residential second mortgage loans obtained from PCC that were serviced by Advanta

(defined in the Agreement as the "PCC-Advanta Loans").

The Court has reviewed the Motion for Preliminary Approval of Class Action Settlement, the Suggestions in Support, and all of the exhibits attached thereto. Having done so, the motion (Doc. #797) is granted, and the Court orders as follows:

1.     The terms of the Agreement, and the Settlement as provided therein, are approved preliminarily as fair, reasonable and adequate to the Advanta Settlement Class as defined in the Agreement, subject to further consideration at the Fairness Hearing described in Paragraph 14 below.

2.     The definitions set forth in the Agreement are hereby incorporated by reference into this Order (with capitalized terms as set forth in the Agreement).

3.     The Named Plaintiffs and Advanta have executed the Agreement in order to settle and resolve the Litigation as between the Advanta Settlement Class and Advanta, subject to approval of the Court.

4.     Accordingly, for the purpose of a settlement in accordance with the Agreement, and upon review of *Plaintiffs' Motion for Preliminary Approval of Class Action Settlement*, this Court hereby preliminarily certifies the following class of persons as a settlement class (the "Advanta Settlement Class"):

> All persons who, on or after June 27, 1994, obtained a "Second Mortgage Loan," as defined in Mo.Rev.Stat. § 408.231.1, that was secured in whole or in part by a mortgage or a deed of trust on residential real property located in the state of Missouri, that was originated by Preferred Credit Corporation (f/k/a T.A.R. Preferred Mortgage Corporation), and who did not timely exercise their right and option to opt out and exclude themselves from the litigation class that the Circuit Court of Clay County, Missouri certified on January 2, 2003, in *Gilmor v. Preferred Credit Corporation*, Case No. CV100-4263-CC, and on whose behalf proofs of claim were filed against Advanta Mortgage Corp., USA in the Chapter 11 bankruptcy case styled *In re Advanta Corp., et al.*, Case No. 09-13931 in the United States Bankruptcy Court for the District of Delaware.

5.     Pursuant to the Agreement, and for purposes of the Settlement only, the Court

finds preliminarily as to the Advanta Settlement Class that:

a.    The Advanta Settlement Class is so numerous that joinder of all members is impracticable;

b.    There are questions of law or fact common to the Advanta Settlement Class that predominate over questions affecting only individual members of the Advanta Settlement Class;

c.    The claims of the Named Plaintiffs are typical of those of the members of the Advanta Settlement Class;

d.    The Named Plaintiffs and Plaintiffs' Counsel will fairly and adequately represent and protect the interests of the members of the Advanta Settlement Class; and

e.    Certification of the Advanta Settlement Class as proposed is an appropriate method for the fair and efficient adjudication of the controversies between the Advanta Settlement Class and Advanta.

6.    For the purpose of this preliminary approval, and for all matters relating to the Settlement and the Litigation, until further order of the Court, the Court appoints the Named Plaintiffs as Representatives of the Advanta Settlement Class and R. Frederick Walters, Kip D. Richards, David M. Skeens, J. Michael Vaughan, and Garrett M. Hodes of the law firm Walters Bender Strohbehn & Vaughan, P.C., as Counsel for the Advanta Settlement Class ("Plaintiffs' Counsel" or "Class Counsel").

7.    By this Order, the Court hereby exercises subject matter and personal jurisdiction over the Advanta Settlement Class for purposes of evaluating the final certification of the Advanta Settlement Class and the fairness and adequacy of the Settlement.

8.    The Summary of Attached Notice of Proposed Class Action Settlement and

3

Notice of Proposed Class Action Settlement and of Settlement Hearing, as set forth in Exhibit A to the Agreement are hereby approved.

9. The Summary of Attached Notice of Proposed Class Action Settlement and Notice of Proposed Class Action Settlement and of Settlement Hearing, in a form substantially the same as that set forth in Exhibit A to the Agreement shall be mailed by Class Counsel by first-class mail, postage prepaid, to (a) all members of the Advanta Settlement Class as identified on Exhibit D of the Agreement, and (b) any known Chapter 7 bankruptcy trustees of any member of the Advanta Settlement Class for any Chapter 7 bankruptcy filed after origination of said class member's loan. Such mailing shall be made within five (5) days of this Preliminary Approval Order.

10. These notice methodologies (a) protect the interests of the Named Plaintiffs, the Advanta Settlement Class, and Advanta, (b) are the best notice practicable under the circumstances, and (c) are reasonably calculated to apprise the Advanta Settlement Class of the proposed Settlement, the Agreement, and their right to opt out and exclude themselves from or object to the proposed Settlement. In addition, the Court finds that the notice methodologies are reasonable and constitute due, adequate and sufficient notice to all persons entitled to receive notice of the proposed Settlement and meet all applicable requirements of law, including, but not limited to, Fed.R.Civ.P. 23, and the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

11. Prior to the Fairness Hearing, Class Counsel shall serve and file a sworn statement of a person with knowledge, evidencing compliance with the provisions of this Order concerning the mailing of the Summary of Attached Notice of Proposed Class Action Settlement and Notice of Proposed Class Action Settlement and of Settlement Hearing.

4

12.     Any member of the Advanta Settlement Class desiring exclusion from the Advanta Settlement Class shall mail a request for exclusion ("Request for Exclusion") to the Parties' respective counsel.  To be valid, the Request for Exclusion must be **received** on or before **January 11, 2013**.  Such Request for Exclusion must be in writing and include: (a) the name, address, telephone number and the last four digits of the social security number of the class member seeking to opt out; (b) a statement that the class member and all other borrowers named on the class member's promissory note are seeking exclusion; (c) the signature of each person who was a party to the promissory note made in connection with the class member's loan, unless such person is deceased or legally incompetent, in which event the opt out submission shall be signed by said deceased or legally incompetent person's personal representative or guardian; and (d) a reference to "Gilmor v. Preferred Credit Corporation, Case No. 10-0189-CV-W-ODS."   Any member of the Advanta Settlement Class who does not properly and timely request exclusion from the Advanta Settlement Class in full compliance with these requirements shall be included in the Advanta Settlement Class and be bound by any judgment entered in this Action with respect to the Class.

The Parties are advised the Court may exercise its discretion to allow a class member to opt out of the class even if they do not strictly conform to the procedural requirements set forth above.

13.     Within seven (7) days after the deadline for submitting Requests for Exclusion, Class Counsel shall file with the Court a sworn statement to identify those persons, if any, who timely submitted a Request for Exclusion.  The originals of all Requests for Exclusion shall be retained by the Parties.  Class Counsel shall also identify those persons, if any, whose efforts to be excluded were rejected because they failed to comply with paragraph 12 above and shall

provide the Court with all communications received from such individuals.

14.     A hearing (the "Fairness Hearing") shall be held at 1:00 p.m. on March 6, 2013, in Courtroom 8D, Charles Evans Whittaker Courthouse, 400 E. Ninth Street, Kansas City, MO 64106.  At the Fairness Hearing, the Court will consider: (a) the fairness, reasonableness, and adequacy of the Settlement; (b) the entry of any final order or judgment in the Litigation with respect to the Advanta Settlement Class; (c) the applications for incentive awards and attorney's fees and for reimbursement of expenses by Class Counsel; and (d) other related matters.  The Fairness Hearing may be postponed, adjourned or continued by Order of the Court without further notice to the Advanta Settlement Class.

15.     To be considered at the Fairness Hearing, any Advanta Class Member desiring to file an objection or other comment on the Settlement shall be required to file all such objections and comments and all supporting pleadings on or before January 11, 2013, with service upon Class Counsel and Counsel for Advanta.  The objections of any Advanta Class Member must be in writing, and must specifically include the following: (a) the name, address, and telephone number of the class member filing the objection; (b) a statement of each objection asserted; (c) a detailed description of the facts underlying each objection; (d) any loan documents in the possession or control of the objector and relied upon by the objector as a basis for the objection; (e) if the objector is represented by counsel, a detailed description of the legal authorities supporting each objection; (f) if the objector plans to utilize expert opinion and/or testimony as part of the objection(s), a written expert report from all proposed experts; (g) if the objector plans to call a witness or present other evidence at the hearing, the objector must state the identity of the witness and identify any documents by attaching them to the objection and provide any other evidence that the objector intends to present; (h) a statement of whether the objector intends to

6

appear at the hearing; (i) a copy of any exhibits which the objector may offer during the hearing; and (j) a reference to "Gilmor v. Preferred Credit Corporation, Case No. 10-0189-CV-W-ODS."

The Parties are advised the Court may exercise its discretion to entertain objections that do not strictly conform to the procedural requirements set forth above.

16.     Unless otherwise ordered by the Court, no objection to or other comment concerning the Settlement shall be heard unless timely filed in accordance with the respective guidelines specified above. Class Counsel and Counsel for Advanta shall promptly furnish each other with copies of any and all objections or written requests for exclusion that come into their possession.

17.     Any objector who does not make his or her objection in the manner provided in this Order shall be deemed to have waived any such objection and shall forever be barred from making any objection to the Settlement, including without limitation, the propriety of class certification, the adequacy of any notice, or the fairness, adequacy or reasonableness of the Settlement. This provision does not apply to objections that are otherwise entertained by the Court.

18.     Submissions of the Parties relative to the Settlement, including memoranda in support of the Settlement, applications for attorney's fees and reimbursement of expenses by Class Counsel, and any applications for the payment of services rendered by the Named Plaintiffs shall be filed with the Clerk of the Court on or before February 19, 2013.

19.     Any attorney hired by any objector for the purpose of appearing and/or making an objection shall file his or her entry of Appearance at the Class Member's expense on or before January 11, 2013, with service on Class Counsel and Counsel for Advanta per the Federal Rules of Civil Procedure. The Court retains discretion to entertain late entries of appearance if

7

circumstances warrant.

20.     Any Advanta Settlement Class Member may appear at the Fairness Hearing in person, or by counsel if an appearance is filed and served as provided in the Class Mail Notice, and such person will be heard to the extent allowed by the Court.  No person shall be permitted to be heard unless, on or before **February 6, 2013**, such person has (a) filed with the Clerk of the Court a notice of such person's intention to appear; and (b) served copies of such notice upon Class Counsel and Counsel for Advanta as required by the Federal Rules of Civil Procedure.

The Parties are advised the Court may exercise its discretion to entertain objections that do not strictly conform to the procedural requirements set forth above.

21.     Any Advanta Settlement Class Member may seek to intervene in the Litigation in person, or by counsel if a motion to intervene is filed and served as provided in the Notice.  No person shall be permitted to intervene unless, on or before January 11, 2013, such person has (a) filed with the Clerk of the Court a valid motion to intervene and (b) served copies of such notice upon Class Counsel and Counsel for Advanta as required by the Federal Rules of Civil Procedure.

22.     On or before the date of the Fairness Hearing, Counsel for Advanta  shall file with the Court in the Litigation an affidavit verifying compliance with the notice requirements of the provisions of 28 U.S.C. § 1715(b) and CAFA..

23.     All other events contemplated under the Agreement to occur after entry of this Order and before the Fairness Hearing shall be governed by the Agreement and the Class Mail Notice, to the extent not inconsistent herewith.  Class Counsel and Counsel for Advanta shall take such further actions as are required by the Agreement.

24.     The Parties shall be authorized to make non-material changes to the Class Mail

8

Notice so long as Class Counsel and Counsel for Advanta agree and one of the Parties files a notice thereof with the Court prior to the Fairness Hearing. Neither the insertion of dates nor the correction of typographical or grammatical errors shall be deemed a change to the Class Mail Notice.

25.     All claims against and motions involving Advanta as the servicer of the "PCC-Advanta Loans" remain stayed and suspended until further order of this Court, other than such as may be necessary to carry out the terms and conditions of the Agreement or the responsibilities related or incidental thereto.

26.     The claims of the Named Plaintiffs, the members of the Advanta Settlement Class and/or the remaining members of the Litigation Class against any Defendant and/or person or entity other than Advanta and other "Released Persons," are **not** stayed or suspended by the Agreement, this Order, or otherwise. Only the "Released Claims" of the "Releasors" as against the "Released Persons," as defined in the Agreement, are suspended and stayed.

27.     If final approval of the Settlement does not occur, or if the Settlement does not become effective on or before the Effective Date as provided in the Agreement, or if the Settlement is rescinded or terminated for any reason, the Settlement and all proceedings had in connection therewith shall be null and void and without prejudice to the rights of the Parties before the Settlement was executed and made, and this Order and all Orders issued pursuant to the Settlement shall be vacated, rescinded, canceled, annulled and deemed "void" and/or "no longer equitable" for purposes of Fed.R.Civ.P. 60, as provided in and subject to Paragraph 13 of the Agreement.

28.     Neither this Order, the Agreement, nor any of their terms or provisions, nor any of the negotiations between the Parties or their counsel (nor any action taken to carry out this

Order), is, may be construed as, or may be used as an admission or concession by or against any of the Parties or the Released Persons of (i) the validity of any claim or liability, any alleged violation or failure to comply with any law, any alleged breach of contract, any legal or factual argument, contention or assertion, (ii) the truth or relevance of any fact alleged by Plaintiffs, (iii) the existence of any class alleged by Plaintiffs, (iv) the propriety of class certification if the Litigation were to be litigated rather than settled, (v) the validity of any claim or any defense that has been or could have been asserted in the Litigation or in any other litigation including Advanta's bankruptcy proceeding; (vi) that the consideration to be given to Advanta Settlement Class Members hereunder represents the amount which could be or would have been recovered by any such persons after trial; or (vii) the propriety of class certification in any other proceeding or action. Entering into or carrying out the Agreement, and any negotiations or proceedings related to it, shall not in any way be construed as, or deemed evidence of, an admission or concession as to the denials, defenses, or factual or legal positions of Advanta, and shall not be offered or received in evidence in the Litigation or any action or proceeding against any party in any court, administrative agency or other tribunal for any purpose whatsoever, except as is necessary (a) to enforce the terms of this Order and the Agreement or (b) to show, if appropriate, the recoveries obtained by the Named Plaintiffs and other Advanta Class Members hereunder, including, without limitation, the damages, attorney's fees award and costs; provided, however, that this Order and the Agreement may be filed by Advanta in any action filed against or by Advanta, or any other Released Person, to support a defense of *res judicata*, collateral estoppel, release, waiver, good faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim. Advanta expressly reserves all rights and defenses to any claims and does not waive any such rights or

10

defenses in the event that the Agreement is not approved for any reason.

IT IS SO ORDERED.


                                                   /s/ Ortrie D. Smith
                                                   ORTRIE D. SMITH, SENIOR JUDGE
DATE: November 5, 2012                             UNITED STATES DISTRICT COURT