

Exhibit 4

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

| | |
|---|---|
| DEANTHONY THOMAS AND SUSAN JELINKE-THOMAS, et al., | |
| Plaintiffs, | Case No. 1216-CV20561 |
| vs. | |
| U.S. BANK NATIONAL ASSOCIATION, et al., | Division 16 |
| Defendants. | |

FILED
DIVISION 16
NOV 16 2012
CIRCUIT COURT OF JACKSON COUNTY, MO.
by TONY P. PHANICH

## ORDER FINALLY APPROVING CLASS ACTION SETTLEMENT AND CERTIFYING A CLASS FOR SETTLEMENT PURPOSES

Upon careful review and consideration of the Parties' Settlement and Release Agreement dated August 9, 2012 (the "Agreement"), the evidence and arguments of counsel as presented at the Fairness Hearing held on November 16, 2012, the memoranda filed with this Court, and all other filings in connection with the Parties' settlement as memorialized in the Agreement (the "Settlement"); and for good cause shown,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. **Incorporation of Other Documents**. This Order incorporates and makes the following a part hereof:

    a. The Agreement, filed with the above Court on or about August 10, 2012; and

    b. The following exhibits to the Agreement: (i) Exhibit A (Proposed Class Mail Notice); (ii) Exhibit B (Proposed Claim Form); (iii) Exhibit C (Proposed Order Preliminarily Approving the Class Action Settlement); (iv) Exhibit D (Proposed Final

1

Approval Order); (v) Exhibit E (Proposed Final Judgment); (vi) Exhibit F (U.S. Bank Direct Loans Settlement Class List, **filed under seal**); (vii) Exhibit G (list of U.S. Bank affiliates); (viii) Exhibit H (Publication Notice); (ix) Schedule 1 (list of Plaintiffs/Proposed Incentive Awards); and (x) Schedule 2 (Schedule of Challenged Loan Fees, Interest Payments, Pre-Judgment Interest Claims, and Estimated Claim Amounts.

Unless otherwise provided herein, all capitalized terms in this Order shall have the same meaning as those terms in the Agreement.

2.  **Jurisdiction**. Because adequate notice was disseminated and all potential members of the U.S. Bank Direct Loans Settlement Class (as defined below) were given notice of and an opportunity to opt out of the Settlement, the Court has personal jurisdiction over all members of the U.S. Bank Direct Loans Settlement Class. The Court has subject matter jurisdiction over the Litigation, including, without limitation, jurisdiction to approve the proposed Settlement, to grant final certification of the U.S. Bank Direct Loans Settlement Class, and to dismiss the Litigation against the Settling Defendants with prejudice.

3.  **Final Class Certification**. The U.S. Bank Direct Loans Settlement Class, which this Court previously certified preliminarily, is hereby finally certified for settlement purposes pursuant to Mo. Rule 52.08, the Court finding that for purposes of settlement the U.S. Bank Direct Loans Settlement Class fully satisfies all of the applicable requirements of Mo. Rule 52.08 and due process. The U.S. Bank Direct Loans Settlement Class is defined as follows:

> All persons who, on or after May 16, 1994, obtained a Missouri Second Mortgage Loan that was originated by a lender other than U.S. Bank National Association ND or U.S. Bank National Association, secured by a mortgage or a deed of trust on residential real property located in the state of Missouri, and purchased by, assigned to, or otherwise acquired or serviced by U.S. Bank National Association

ND or U.S. Bank National Association, and who did not timely exclude themselves from a litigation class previously certified in any of the following cases:

- *Baker v. Century Financial Group, Inc.*, Case No. CV100-4294, filed June 28, 2000 (Cir. Ct. Clay County, Missouri)

- *Beaver v. First Consumers Mortgage, Inc.*, Case No. 00-CV-215097-01, filed June 23, 2000 (Cir. Ct. Jackson County, Missouri) (consolidated with *Beaver v. First Consumers Mortgage, Inc.*, Case No. 03-CV-213643, filed May 28, 2003 (Cir. Ct. Jackson County, Missouri))

- *Couch v. SMC Lending, Inc.*, Case No. 7CV-100-4332, filed June 29, 2000 (Cir. Ct. Clay County, Missouri)

- *Gilmor v. Preferred Credit Corporation*, Case No. CV100-4263, filed June 27, 2000 (Cir. Ct. Clay County, Missouri), *removed*, Case No. 10-0189-CV-W-ODS (W.D. Mo.)

- *Hall v. American West Financial*, Case No. 00CV218553-01, filed July 28, 2000 (Cir. Ct. Jackson County, Missouri)

If any of these persons have died, became a debtor in a bankruptcy case under Chapter 7 or Chapter 13 after obtaining his or her U.S. Bank Direct Loan, or in some other way voluntarily or involuntarily transferred his or her rights under a U.S. Bank Direct Loan, said person's heir, representative, bankruptcy trustee, successor or assign also shall be deemed a member of the U.S. Bank Direct Loans Settlement Class.

No members of the U.S. Bank Direct Loans Settlement Class timely requested to be excluded from or "opted out" of the U.S. Bank Direct Loans Settlement Class.

4. **Adequacy of Representation**. There are no apparent conflicts of interest between the Named Plaintiffs and the U.S. Bank Direct Loans Settlement Class, or among the members of the U.S. Bank Direct Loans Settlement Class. Class Counsel will fairly and adequately represent and protect the interests of the U.S. Bank Direct Loans Settlement Class. Accordingly, the Named Plaintiffs and R. Frederick Walters, Kip D. Richards, David M. Skeens,

3

and J. Michael Vaughan, of the firm Walters Bender Strohbehn & Vaughan, P.C. ("Class Counsel"), have satisfied the requirements of Mo. Rule 52.08 and are hereby appointed and approved as representatives of the U.S. Bank Direct Loans Settlement Class and Counsel for the U.S. Bank Direct Loans Settlement Class, respectively.

5. **Class Notice**. The Court finds that notice previously given to the U.S. Bank Direct Loans Settlement Class Members as implemented pursuant to the Agreement and the Preliminary Approval Order:

   a. Constituted the best practicable notice to the members of the U.S. Bank Direct Loans Settlement Class under the circumstances of this Litigation;

   b. Constituted notice that was reasonably calculated, under the circumstances, to apprise the members of the U.S. Bank Direct Loans Settlement Class of (i) the pendency of the Litigation and the proposed Settlement, (ii) their right to exclude themselves from the U.S. Bank Direct Loans Settlement Class and the proposed Settlement, (iii) their right to object to any aspect of the proposed Settlement (including, but not limited to, the following: final certification of the U.S. Bank Direct Loans Settlement Class; the fairness, reasonableness or adequacy of the Settlement as proposed; the adequacy of the Named Plaintiffs and/or Class Counsel's representation of the U.S. Bank Direct Loans Settlement Class; the proposed awards of attorney's fees and expenses; and the proposed incentive award), (iv) their right to appear at the Fairness Hearing if they did not exclude themselves from the U.S. Bank Direct Loans Settlement Class, (v) the effect of the Settlement on the Missouri Cases; and (vi) the binding effect of the Orders and Judgment in the Litigation on all members of the U.S. Bank Direct

4

Case 4:10-cv-00189-ODS   Document 847-4   Filed 12/19/12   Page 4 of 16

Loans Settlement Class who did not request exclusion;

    c.     Constituted notice that was reasonable and constituted due, adequate and sufficient notice to all persons and entities entitled to be provided with notice; and

    d.     Constituted notice that fully satisfied the requirements of Mo. Rule 52.08, due process, and any other applicable law.

6.     **Final Settlement Approval**. The terms and provisions of the Agreement, including all exhibits, have been entered into in good faith and as a result of arm's length negotiations, and the Agreement is fully and finally approved as fair, reasonable and adequate as to, and in the best interests of, each of the Parties and the U.S. Bank Direct Loans Settlement Class Members, and in full compliance with all applicable requirements of the laws of the state of Missouri, the United States Constitution (including the Due Process Clause), and any other applicable law. The Parties are hereby directed to implement and consummate the Agreement according to its terms and provisions.

7.     **Binding Effect**. The terms of the Agreement, this Order and the accompanying Final Judgment shall be forever binding on all of the U.S. Bank Direct Loans Settlement Class Members and the Named Plaintiffs, individually and/or as a representative of the U.S. Bank Direct Loans Settlement Class, as well as their respective heirs, executors, administrators, assigns, predecessors, and successors, and any other person claiming by or through any or all of them. The terms of the Agreement, this Order and the accompanying Final Judgment shall have *res judicata* and other preclusive effect as to the "Releasors" for the "Released Claims" as against the "Released Persons," all as defined in the Agreement. The dismissal of this lawsuit and the individual and class claims, however, shall not in any way stay, bar, preclude, abate or

otherwise operate as a dismissal, release, discharge or other adjudication of any claims of the Named Plaintiffs or the U.S. Bank Direct Loans Settlement Class Members against any person, association or entity, except for the "Released Claims" against the "Released Persons" as defined in the Agreement.

8. **Releases**. On the Effective Date set forth in Section 16 of the Agreement, the Releasors, including Named Plaintiffs Steven M. Rich, DeAnthony Thomas and Susan Jelinek-Thomas, as to their October 5, 1998 Missouri Second Mortgage Loan, and Ted Varns and Raye Ann Varns and all U.S. Bank Direct Loans Settlement Class Members, shall be deemed bound by the Releases as provided in Section 9 of the Agreement. Without limiting the foregoing, on the Effective Date set forth in Section 16 of the Agreement, all Releasors as defined in Section 2.28 of the Agreement, including Named Plaintiffs Steven M. Rich, DeAnthony Thomas and Susan Jelinek-Thomas, as to their October 5, 1998 Missouri Second Mortgage Loan, and Ted Varns and Raye Ann Varns and all U.S. Bank Direct Loans Settlement Class Members, and each of their respective heirs, executors, administrators, assigns, legal representatives trustees, guardians, predecessors and successors, and any other person claiming by or through any or all of them, shall be deemed without further action by any person or the Court (i) to have fully, finally and forever released, settled, compromised, relinquished, and discharged the Settling Defendants and any and all of the other Released Persons as set forth in Section 2.29 of the Agreement, of and from any and all Released Claims set forth in Section 2.30 of the Agreement, which includes but is not limited to all claims that in any way concern, relate to, or arise out of the U.S. Bank Direct Loans and which any of the Releasors have had, or now have, from the beginning of time up through and including the Effective Date, against the

6

Case 4:10-cv-00189-ODS   Document 847-4   Filed 12/19/12   Page 6 of 16

Released Persons, (ii) to have consented to dismiss the Released Claims of the Releasors against the Released Persons with prejudice in the Missouri Cases and to dismiss the Litigation with prejudice, and (iii) to be forever barred and enjoined from instituting or further prosecuting in any forum whatsoever including, but not limited to, any state, federal, or foreign court, or regulatory agency, the Released Claims. Each Releasor shall be bound by the Agreement and all of their Released Claims shall be dismissed with prejudice and released even if they never received actual prior notice of the Litigation or the Settlement in the form of the Class Mail Notice or otherwise. The Releases and agreements contained in Section 9 of the Agreement shall apply to and bind all Class Members, whether or not they have made a Claim, including those Class Members whose Class Mail Notices are returned as undeliverable, and those for

The Court expressly adopts all defined terms in Section 2 of the Agreement, including but not limited to, the definitions of the persons and claims covered by the Releases (which are set forth at Sections 2.28, 2.29 and 2.30 of the Agreement).

9. **Enforcement of Settlement.** Nothing in this Final Approval Order or the accompanying Final Judgment shall preclude any action by any Party to enforce the terms of the Agreement.

10. **Additional Payment to the Named Plaintiffs.** The Court hereby awards an incentive fee to each of the ten (10) sets of Named Plaintiffs to be deducted and paid from the Gross Settlement Amount for their services as representatives of the U.S. Bank Direct Loans Settlement Class. The amount of each such incentive fee award is as stated on Schedule 1, attached hereto.

11. **Attorney's Fees and Expenses.** Class Counsel are awarded $223,856.78,

7

representing an allocated share of the litigation expenses and court costs that Class Counsel has incurred and advanced as of June 1, 2011 in connection with the Settlement, Litigation, and Missouri Cases, which shall be deducted from the Gross Settlement Amount. In addition, the Court awards Class Counsel attorney's fees of $41,249,764.45, representing forty-five percent (45%) of the Net Settlement Amount. The Court finds and concludes that each of the above awards to Class Counsel for work and services in this case and in connection with the Settlement is reasonable for the reasons and based on the factors stated in *Class Counsel's Application for Award of Attorneys' Fees and Litigation Costs and Expenses.*

In making these awards the Court finds as follows:

    a.    The time and labor required to obtain the Settlement was extensive. Many tens of thousands of hours were required by Class Counsel and persons working for them while prosecuting the claims of the U.S. Bank Direct Loans Settlement Class. This work included, among other things, the substantial efforts of Class Counsel to identify and obtain loan information for each of the U.S. Bank Direct Loans Settlement Class Members and to obtain and confirm the accuracy of additional data sought to prove the Settling Defendants' liability to the U.S. Bank Direct Loans Settlement Class and each U.S. Bank Direct Loans Settlement Class Member's individual damages. There was significant discovery practice, extensive motion practice on a number of complex legal issues, preparation of damage methodologies, and numerous certification and class management issues.

    b.    The legal issues raised during the prosecution of the claims of the U.S. Bank Direct Loans Settlement Class were (and remain) complex and difficult. This

factor is illustrated by the contentious and vigorous litigation in the Missouri Cases and by the issues raised by the Settling Defendants including, without limitation, those presented by the Settling Defendants' various dispositive motions filed in the Missouri Cases.

  c. The skill required of Class Counsel was unusually high during the prosecution of the claims of the U.S. Bank Direct Loans Settlement Class. Both the substantive and procedural aspects pertaining to the prosecution of those claims in the Missouri Cases were far more complex than usual.

  d. Because of the volume of work required on this matter, Class Counsel was effectively precluded from taking on other matters and was forced to dedicate extensive resources to prosecuting the claims of the U.S. Bank Direct Loans Settlement Class over the past twelve years. In addition, given the volume of work and the risks engendered by this type of litigation, this lawsuit was undesirable to other attorneys. Few law firms would have been willing to proceed against the Settling Defendants on these claims with the dedication and for the length of time necessary to obtain the Settlement.

  e. The results obtained for the U.S. Bank Direct Loans Settlement Class are extraordinary in light of the significant risks posed by the assertions of the Settling Defendants to the U.S. Bank Direct Loans Settlement Class Members' claims. The Court specifically notes the substantial benefits made available to the U.S. Bank Direct Loans Settlement Class. The results achieved were truly extraordinary and are of paramount importance when considering the fee request and unquestionably justify the fee request.

  f. The fee in this case was contingent. Class Counsel would have received

9

Case 4:10-cv-00189-ODS Document 847-4 Filed 12/19/12 Page 9 of 16

no fee had they not been successful. In addition, Class Counsel risked large amounts of expenses and advances on the successful outcome of this matter. The prosecution of the claims of the U.S. Bank Direct Loans Settlement Class had an overall high risk profile from its inception which is the point in time at which risk should and must be evaluated. For matters with an overall high risk profile a contingency percentage in the range of 40% to 50% would be usual and expected. Here, the proposed contingency fee of 45% of the common fund is reasonable and by no means unusual for a contingency fee case of this length, magnitude, and type. Further, the proposed contingency fee of 45% of the common fund will be applied to the net recovery, after deduction for expenses and incentive fee awards, and not to the gross recovery. Accordingly, the requested percentage fee award of 45% of the common fund obtained for the U.S. Bank Direct Loans Settlement Class is fair and reasonable in this matter.

      g.     Class Counsel's experience, reputation and ability played a large role in obtaining the Settlement. Less experienced or able counsel would have likely achieved a lesser result or perhaps no result at all. In addition, the Settling Defendants were likewise represented by skilled and experienced defense attorneys of national reputation.

      h.     No member of the U.S. Bank Direct Loans Settlement Class has objected to any aspect of the settlement and no members of the U.S. Bank Direct Loans Settlement Class have timely opted out or excluded themselves from the Settlement. The reaction of the Class to the Settlement has been unanimously favorable.

      i.     The litigation costs and expenses that have been allocated to the prosecution of the claims of the U.S. Bank Direct Loans Settlement Class are also

reasonable and equitable for a matter of this complexity and duration.

Given the factors to be considered in making and approving contingency fee awards in class actions including, among others, those listed above and the nature and extent of the legal work provided by Class Counsel since 2000 in the Missouri Cases and the truly extraordinary results obtained for the U.S. Bank Direct Loans Settlement Class, the proposed awards of attorney's fees and litigation expenses are approved as reasonable. Such attorney's fees and expenses shall be paid subject to the conditions set forth in the Agreement.

12. **No Other Payments**. The preceding paragraphs of this Final Approval Order cover, without limitation, any and all claims for attorney's fees and expenses, costs or disbursements incurred by Class Counsel or any other counsel representing the Named Plaintiffs as representatives of the U.S. Bank Direct Loans Settlement Class or the U.S. Bank Direct Loans Settlement Class Members, or incurred by the U.S. Bank Direct Loans Settlement Class Members in connection with or related in any manner to this Litigation, the Settlement of this Litigation, and/or the administration of such Settlement. Except as specified in this Final Approval Order or the Agreement, the Settling Defendants shall not bear or pay any other attorney's fees, court costs or expenses.

13. The Court finds and concludes that the Non-U.S. Bank Direct Loans Borrowers cannot recover any damages, penalties or other relief from the Settling Defendants with respect to any Missouri Second Mortgage Loans at issue in any of the Missouri Cases because said loans are not U.S. Bank Direct Loans. This finding and conclusion shall not in any way be deemed a holding that the Non-U.S. Bank Direct Loans Borrowers have released any claims of any kind or type with respect to any of the Missouri Second Mortgage Loans.

14. As of the Effective Date specified in Section 16 of the Agreement, the Named Plaintiffs and U.S. Bank Direct Loans Settlement Class Members shall and are hereby ordered to credit, satisfy and offset against any judgment that may be entered in favor of the Named Plaintiffs and/or the U.S. Bank Direct Loans Settlement Class Members in the Missouri Cases that equitable portion of their damages or any other claimed form of monetary relief ("Damages") which relates to the U.S. Bank Direct Loans and which was caused by the acts or fault, if any, of the Released Persons as hereafter may be determined at trial or other disposition of the Missouri Cases or any other action, and further, shall release and discharge that portion of their claims for Damages in the Missouri Cases which relates to the U.S. Bank Direct Loans and which may hereafter, by trial or other disposition of the Missouri Cases or any other action, be determined to be the portion of fault for which any or all of the Released Persons are liable. The Court finds and concludes that any and all claims against the Released Persons for contribution and non-contractual indemnity related to or arising from the Released Claims or from any claims of the Named Plaintiffs and/or the U.S. Bank Direct Loans Settlement Class Members in the Missouri Cases with respect to the U.S. Bank Direct Loans are permanently barred, prohibited and enjoined.

15. **Retention of Jurisdiction.** The Court has jurisdiction to enter this Final Approval Order and the accompanying Final Judgment. Without in any way affecting the finality of this Final Approval Order and the accompanying Final Judgment, this Court expressly retains jurisdiction as to all matters relating to the administration and enforcement of the Agreement and Settlement and of this Final Approval Order and the accompanying Final Judgment, and for any other necessary purpose as permitted by Missouri law, including, without

12
Case 4:10-cv-00189-ODS   Document 847-4   Filed 12/19/12   Page 12 of 16

limitation:

    a.    enforcing the terms and conditions of the Agreement and Settlement and resolving any disputes, claims or causes of action that, in whole or in part, are related to the administration and/or enforcement of the Agreement, Settlement, this Final Approval Order or the Final Judgment (including, without limitation, whether a person is or is not a member of the U.S. Bank Direct Loans Settlement Class or an U.S. Bank Direct Loans Settlement Class Member; and whether any claim or cause of action is or is not barred by this Final Approval Order and the Final Judgment);

    b.    entering such additional Orders as may be necessary or appropriate to protect or effectuate the Court's Final Approval Order and the Final Judgment and/or to ensure the fair and orderly administration of the Settlement and distribution of the Settlement Fund;

    c.    vacating, rescinding, canceling, annulling and deeming "void," "no longer equitable" and/or setting aside for a reason that "otherwise justifies relief" for purposes of Mo. Rule 74.06 or Fed.R.Civ.P. 60(b) this Final Approval Order and/or the Final Judgment pursuant to the Agreement in the event the Settlement does not (or cannot) become effective as provided in Section 16 of the Agreement, in recognition of the fact that the Agreement is part of a unitary settlement of claims concerning the U.S. Bank Direct Loans against the Settling Defendants and by its terms shall be effective only upon the entry of the requisite dismissal Orders as to the Settling Defendants in each of the Missouri Cases as provided in Section 18 of the Agreement; and

    d.    entering any other necessary or appropriate Orders to protect and effectuate this Court's retention of continuing jurisdiction.

13

Case 4:10-cv-00189-ODS   Document 847-4   Filed 12/19/12   Page 13 of 16

16. **No Admissions.** Neither this Final Approval Order, nor the accompanying Final Judgment, nor the Agreement, nor any of its terms or provisions, nor any of the negotiations between the Parties or their counsel, nor any action taken to carry out this Order or the Final Judgment, is, may be construed as, or may be used as an admission or concession by or against any of the Parties or the Released Persons of: (a) the validity of any claim or liability, any alleged violation or failure to comply with any law, any alleged breach of contract, any legal or factual argument, contention or assertion; (b) the truth or relevance of any fact alleged by the Plaintiffs; (c) the existence of any class alleged by Plaintiffs; (d) the propriety of class certification if the Litigation or the Missouri Cases were to be litigated rather than settled; (e) the validity of any claim or any defense that has been or could have been asserted in the Missouri Cases, the Litigation or in any other litigation; (f) that the consideration to be given to U.S. Bank Direct Loans Settlement Class Members hereunder represents the amount which could be or would have been recovered by any such persons after trial; or (g) the propriety of class certification in any other proceeding or action. Entering into or carrying out the Agreement, and any negotiations or proceedings related to it, shall not in any event be construed as, or deemed evidence of, an admission or concession as to the Settling Defendants' denials, defenses, factual or legal positions, and shall not be offered or received in evidence in any action or proceeding against any party in any court, administrative agency or other tribunal for any purpose whatsoever, except as necessary (i) to enforce the terms of this Order and the Agreement or to prove or show that a compromise in settlement of the Released Claims per the Agreement, in fact, was reached, or (ii) to show, if appropriate, the recoveries obtained by the Named Plaintiffs and other U.S. Bank Direct Loans Settlement Class Members' hereunder, including, without

14

Case 4:10-cv-00189-ODS   Document 847-4   Filed 12/19/12   Page 14 of 16

limitation, the payments, attorney's fees award and costs; provided, however, that this Order and the Agreement (including the Exhibits and Schedules, subject to appropriate confidentiality protections) may be filed by a Released Person in any action against or by the Settling Defendants or any other Released Person to support a defense of *res judicata*, collateral estoppel, release, waiver, good faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim, and provided, further, that this Order and the Agreement (including the Exhibits and Schedules, subject to appropriate confidentiality protections) may be filed by a Settling Defendant in any action filed against or by the Settling Defendants or any other Released Person to support a claim for insurance coverage relating to the Agreement.

17. **Dismissal of Litigation Against the Settling Defendants.** The Litigation, including all individual and/or class claims asserted against the Settling Defendants, as the purchaser(s), assignee(s), holder(s), owner(s), or servicer(s) of the U.S. Bank Direct Loans, is dismissed with prejudice as to the Named Plaintiffs and the U.S. Bank Direct Loans Settlement Class Members, without fees or costs to any party, except as otherwise provided in the Agreement, this Order and/or the Final Judgment, and subject to the Court's retention of jurisdiction to vacate, rescind, cancel, annul and deem "void," "no longer equitable" and/or setting aside for a reason that "otherwise justifies relief" for purposes of Mo. Rule 74.06 or Fed.R.Civ.P. 60(b) this Final Approval Order and/or the Final Judgment and reinstate the claims of the Named Plaintiffs and the U.S. Bank Direct Loans Settlement Class Members against the Settling Defendants, or any one or more of them, pursuant to the Agreement in the event the Settlement does not (or cannot) become effective as provided in Section 16 of the Agreement.

15

However, as provided both in the Agreement and in paragraph 7 above, the dismissal of the Litigation and the claims against the Settling Defendants shall in no way stay, bar, preclude, abate or otherwise operate as a dismissal, release, discharge or other adjudication of any claims of the Named Plaintiffs or the U.S. Bank Direct Loans Settlement Class Members (or the "Non-U.S. Bank Direct Loans Borrowers" as defined in the Agreement) against any person, association or entity, except for the "Released Claims" against the "Released Persons" as defined in the Agreement.

18. **Separate Judgment.** The Court will separately enter the accompanying Final Judgment.

Dated: November 16, 2012

CIRCUIT COURT JUDGE

CERTIFIED COPY
I certify that the foregoing document is a full, true and complete copy of the original on file in my office and of which I am legal custodian.
Jeffrey A. Eisenbeis
Court Administrator
Circuit Court of Jackson County, Missouri
By_____
Deputy