UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MICHAEL P. AND SHELLIE GILMOR, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> PREFERRED CREDIT CORPORATION, et al., <br><br> Defendants. | Case No. 10-0189-CV-W-ODS |

**NAMED PLAINTIFFS' AND SETTLING DEFENDANTS' JOINT MOTION FOR AN ORDER AND FINAL JUDGMENT DISMISSING WITH PREJUDICE (1) THE RELEASED CLAIMS, WHICH ARE DEFINED IN THE AGREEMENT TO INCLUDE CLAIMS CONCERNING, RELATING TO, OR ARISING OUT OF THE TRUST LOANS, THAT ARE PENDING IN THIS ACTION AGAINST THE RELEASED PERSONS AND (2) AS PARTIES, THE TRUST PARTIES SET FORTH ON EXHIBIT 1 AND U.S. BANK NATIONAL ASSOCIATION IN ITS INDIVIDUAL CAPACITY SINCE ALL CLAIMS ASSERTED IN THIS ACTION AGAINST THE TRUST PARTIES SET FORTH ON EXHIBIT 1 AND U.S. BANK NATIONAL ASSOCIATION IN ITS <u>INDIVIDUAL CAPACITY ARE RELEASED CLAIMS</u>**

Michael P. and Shellie Gilmor, Michael E. and Lois A. Harris, Leo E. Parvin, Jr., Ted and Raye Ann Varns, Mark and Thomasina Shipman, William and Marion Jones, Bruce and Mary James, Kevin and Susan Schaefer, David and Nicole Warkentien, John and Jeanne Rumans, Patricia Ann Worthy, Derrick and Alethia Rockett, William and Carole Hudson, James and Kathleen Woodward, Jeffrey Weathersby, Debra Mooney, and Joseph and Amy Black, ("Named Plaintiffs in this case") and the Trust Parties set forth on **Exhibit 1** ("Settling Defendants") jointly move the Court, pursuant to Rules 41(a)(2) and 23(e) of the Federal Rules of Civil Procedure, and in connection with the final approval of the class action settlement in *Beaver v. U.S. Bank National Association and Wilmington Trust Company,* Case No. 1216-CV21345, Circuit Court of Jackson County, Missouri, Div. 16, for an Order And Judgment

Approving The Voluntary Dismissal With Prejudice Of (1) The Released Claims,[1] Which Are Defined In the Agreement To Include Claims Concerning, Relating To Or Arising Out Of The Trust Loans,[2] That Are Pending In This Action Against The Released Persons[3] And (2) As Parties, The Trust Parties Set Forth On **Exhibit 1** And U.S. Bank National Association In Its Individual Capacity, Since All Claims Asserted In This Action Against The Trust Parties Set Forth On **Exhibit 1** And U.S. Bank National Association In Its individual Capacity Are Released Claims.[4]

## Factual Background

Jack L. Beaver and Hilda M. Beaver, James C. Baker and Jill S. Baker, David R. Beebe and Nancy J. Beebe, Danita S. Couch and Jack T. Chastain, Sr., Jeffrey A. Cox and Michelle A. Cox, Daniel Emily and Sandra Emily, Mark R. Fisher, Michael P. Gilmor and Shellie Gilmor, Dana S. Hall and Melanie D. Hall, Rachelle Hamrick, Michael E. Harris and Lois A. Harris, Bruce W. James and Mary A. James, Daniel R. Jensen and Wanda D. Jensen, William T. Jones and Marion Jones, Thomas Kartman and Maritza Kartman, Douglas A. Krones and Tammi S. Krones, Terry M. Lovett f/k/a Terry M. Brooks, Leo E. Parvin, Jr., John R. Rumans and Jeanne E. Rumans, Phillip M. Schrier and Sharon K. Schrier, Samuel Smith, Jr., William S. Springer and Linda A. Springer, Deanthony Thomas and Susan Jelinek-Thomas,[5] Jason C. Thrasher and Janet L. Thrasher, Ted Varns and Raye Ann Varns, Michael M. Wolfe and Vivian C. Wolfe, and

---

[1] The Agreement defines "Released Claims" in Section 2.39. "Released Claims" include the claims asserted against the Settling Defendants and other Released Persons with respect to the Trust Loans in this case. Agreement at Section 2.39.

[2] The Agreement defines "Trust Loan" in Section 2.53. Agreement at Section 2.53.

[3] The Agreement defines "Released Persons" in Section 2.38. "Released Persons" include the Settling Defendants and other Released Persons. Agreement at Section 2.38.

[4] All claims in this action, other than Released Claims against Released Persons, shall remain pending. In this regard the Court should note that although the dismissal with respect to the Released Claims against Wilmington Trust Company, which Released Claims include claims relating to Trust Loans, shall be with prejudice, certain claims against Wilmington Trust Company with respect to loans other than the Trust Loans will continue in this case.

[5] As to their December 12, 1997, Missouri Second Mortgage Loan only.

James G. Wong, ("Named Plaintiffs") in *Beaver v.* ***U.S. Bank National Association and Wilmington Trust Company,*** Case No. 1216-CV21345, Circuit Court of Jackson County, Missouri, Div. 16, (the "*Beaver* case") and Settling Defendants, the Trust Parties set forth on **Exhibit 1**, entered into a settlement (the "Trust Loans Settlement" or the "Settlement") per the terms of a Settlement and Release Agreement (the "Agreement"), **Exhibit 2** to this Motion, that resolves all claims with respect to Trust Loans for violations of Missouri's Second Mortgage Loans Act ("MSMLA") by Settling Defendants now pending in eight different civil actions before the Circuit Court of Jackson County, Missouri, the Circuit Court of Clay County, Missouri and the United States District Court for the Western District of Missouri. *See* **Exhibit 2**; *see also* Doc. No. 324. The eight actions are: (1) *Baker v. Century Financial Group, Inc.*, Case No. CV100-4294, filed June 28, 2000 (Cir. Ct. Clay County, Missouri); (2) *Beaver v. First Consumers Mortgage, Inc.*, Case No. 00-CV-215097-01, filed June 23, 2000 (Cir. Ct. Jackson County, Missouri) (consolidated with *Beaver v. First Consumers Mortgage, Inc.,* Case No. 03-CV-213643, filed May 28, 2003 (Cir. Ct. Jackson County, Missouri)); (3) *Couch v. SMC Lending, Inc.*, Case No. 7CV-100-4332, filed June 29, 2000 (Cir. Ct. Clay County, Missouri); (4) *Gilmor v. Preferred Credit Corporation*, Case No. CV100-4263, filed June 27, 2000 (Cir. Ct. Clay County, Missouri), *removed,* Case No. 10-0189-CV-W-ODS (W.D. Mo.); (5) *Hall v. American West Financial*, Case No. 00CV218553-01, filed July 28, 2000 (Cir. Ct. Jackson County, Missouri); (6) *Scherich (Smith) v. Premier Associates Mortgage Co.*, Case No. 01-CV-201263, filed January 12, 2001 (Cir. Ct. Jackson County, Missouri) (consolidated with *Scherich (Smith) v. Premier Mortgage Associates*, Case No. 03-CV-216423, filed June 23, 2003 (Cir. Ct. Jackson County, Missouri)); (7) *Schwartz* (now *Wong) v. Bann-Cor Mortgage,* Case No. 00-CV-22639, filed October 31, 2000 (Cir. Ct. Jackson County, Missouri), *removed,* Case No. 10-

3

01038-CV-FAG (W.D. Mo.); and (8) *Thomas v. U.S. Bank Nat. Ass'n, ND,* Case No. 04-CV-83549-01, filed June 2, 2004 (Cir. Ct. Platte County, Missouri), *removed*, Case No. 11-6013-CV-SJ-SOW (W.D. Mo.) (collectively, the "Missouri Cases").

1. To effectuate the Settlement, forty-eight class representatives in the Missouri Cases commenced the *Beaver* case in an effort to expeditiously resolve via a single proceeding all of the claims being asserted against the Settling Defendants, the Trust Parties set forth on **Exhibit 1**, with respect to approximately 1,829 Trust Loans[6] in the eight Missouri Cases.

2. In this action, the Settlement resolves the claims of 226 Class Members against Settling Defendants with respect to 88 Trust Loans that were purchased by, assigned to, owned by, held, or serviced by Settling Defendants and who did not timely exclude themselves from the litigation class previously certified in this case.[7] These Class Members are identified on **Exhibit**

---

[6] The Agreement defines a "Trust Loan" as:

> any Missouri Second Mortgage Loan that was purchased by, assigned to, or otherwise acquired by a Trust or Trust Party, or any one or more of them at any time. A Trust Loan does not include any Missouri Second Mortgage Loan not held by any of the Trust Parties that was purchased by, conveyed or assigned to, or otherwise acquired or owned or serviced by U.S. Bank National Association ND and/or U.S. Bank National Association in an individual capacity to own as its own investment interest as opposed to any capacity relating to any of the Trust Parties.

Agreement at Section 2.53.

[7] The Agreement defines the "Trust Loans Settlement Class" as:

> All persons who, on or after May 16, 1994, obtained a Missouri Second Mortgage Loan that was purchased by, assigned to, or otherwise acquired by a Trust or any one of the Trust Parties identified on **Schedule 2**, and who did not timely exclude themselves from a litigation class previously certified in any of the following cases:
>
> - *Baker v. Century Financial Group, Inc.*, Case No. CV100-4294, filed June 28, 2000 (Cir. Ct. Clay County, Missouri);
>
> - *Couch v. SMC Lending, Inc.*, Case No. 7CV-100-4332, filed June 29, 2000 (Cir. Ct. Clay County, Missouri);
>
> - *Gilmor v. Preferred Credit Corporation*, Case No. CV100-4263, filed June 27, 2000 (Cir. Ct. Clay County, Missouri), *removed,* Case No. 10-0189-CV-W-ODS (W.D. Mo.);
>
> - *Beaver v. First Consumers Mortgage, Inc.*, Case No. 00-CV-215097-01, filed June 23, 2000 (Cir. Ct. Jackson County, Missouri) (consolidated with *Beaver v. First Consumers*

4

**3** (filed under seal). The Trust Loans Settlement does not release or otherwise purport to affect or alter the 226 Class Members' remaining claims against the other Defendants in this lawsuit or to dismiss Settling Defendants or other defendants for loans that are not Trust Loans. Because the Class Members' claims against the other Defendants or for claims on loans other than Trust Loans will remain pending after the final approval and judgment in the *Beaver* case, Plaintiffs seek only to voluntarily dismiss with prejudice: (1) all the Released Claims, which are defined in the Agreement to include claims concerning, relating to or arising out of the Trust Loans, that are pending in this action against the Released Persons, which Released Persons include Settling Defendants and other Released Persons, and (2) as Parties, the Trust Parties set forth on **Exhibit 1** and U.S. Bank National Association in its individual capacity, since all claims asserted in this action against the Trust Parties set forth on **Exhibit 1** and U.S. Bank National Association in its

---

*Mortgage, Inc.,* Case No. 03-CV-213643, filed May 28, 2003 (Cir. Ct. Jackson County, Missouri));

- *Scherich (Smith) v. Premier Associates Mortgage Co.*, Case No. 01-CV-201263, filed January 12, 2001 (Cir. Ct. Jackson County, Missouri) (consolidated with *Scherich (Smith) v. Premier Mortgage Associates*, Case No. 03-CV-216423, filed June 23, 2003 (Cir. Ct. Jackson County, Missouri));

- *Hall v. American West Financial*, Case No. 00CV218553-01, filed July 28, 2000 (Cir. Ct. Jackson County, Missouri);

- *Schwartz* (now *Wong) v. Bann-Cor Mortgage,* Case No. 00-CV-22639, filed October 31, 2000 (Cir. Ct. Jackson County, Missouri), *removed,* Case No. 10- 01038-CV-FAG (W.D. Mo.); and

- *Thomas v. U.S. Bank Nat. Ass'n, ND,* Case No. 04-CV-83549-01, filed June 02, 2004 (Cir. Ct. Platte County, Missouri), *removed and currently pending before* the United States District Court for the Western District of Missouri as Case No. 11-6013-CV-SJ-SOW (W.D. Mo.).

If any of these persons have died, became a debtor in a bankruptcy case under Chapter 7 or Chapter 13 after obtaining his or her Trust Loan, or in some other way voluntarily or involuntarily transferred his or her rights under a Trust Loan, said person's heir, representative, bankruptcy trustee, successor or assign also shall be deemed a member of the Trust Loans Settlement Class (defined herein as the "Trust Loans Settlement Class").

Agreement at Section 3(a).

individual capacity are Released Claims. Plaintiffs do not seek to opt out the 226 Trust Loans Settlement Class Members from this lawsuit in light of their remaining claims against the remaining defendants.

3. The Agreement further requires Plaintiffs to seek the Court's order in each of the eight Missouri Cases, including this case, voluntarily dismissing with prejudice: (1) all the Released Claims, which are defined in the Agreement to include claims concerning, relating to or arising out of the Trust Loans, that are pending in this action against the Released Persons, which Released Persons include Settling Defendants and other Released Persons, and (2) as Parties, the Trust Parties set forth on **Exhibit 1** and U.S. Bank National Association in its individual capacity, since all claims asserted in this action against the Trust Parties set forth on **Exhibit 1** and U.S. Bank National Association in its individual capacity are Released Claims and determining pursuant to Mo. R. Civ. P. 74.0l(b) and/or Fed. R. Civ. P. 54(b) (as applicable) that there is no just reason for delay and directing that the judgment of dismissals shall be final and appealable. The Agreement also requires Plaintiffs to request the Court to make an express finding and/or conclusion that the Non-Trust Loans Borrowers[8] cannot recover any damages, penalties or other relief from the Settling Defendants with respect to any of the Trust Loans before the Court and that any and all claims against the Released Persons for contribution and non-contractual indemnity related to or arising from the Released Claims or from any claims of the Named Plaintiffs and/or the Trust Loans Settlement Class Members[9] in this action with

---

[8] The Agreement defines "Non-Trust Loans Borrower," in part, as:

> any member of any of the Litigation Classes in any of the Missouri Cases who obtained a Missouri Second Mortgage Loan that was **not** a Trust Loan, provided, however, that if such person also obtained a Trust Loan, that person shall be considered a Non-Trust Loans Borrower only with respect to the Missouri Second Mortgage Loan that was not a Trust Loan.

Agreement at Section 2.33.

respect to the Trust Loans are permanently barred, prohibited and enjoined. Specifically, the Agreement states:

> 19. Dismissal of or Exclusion from the Missouri Cases
>
> The Parties agree that as soon as practicable they will file the motion(s), notice(s), or stipulation(s) necessary to voluntarily dismiss the Missouri Cases against the Settling Defendants and all other Released Persons, including the Trust Parties and Trustees, as to the Released Claims "with prejudice," with the dismissal Orders contingent upon the satisfaction of all prerequisites for achieving the Effective Date except for the entry of the dismissal Order and with each Party to bear its own costs, and/or otherwise request the respective court to approve the dismissal of or to otherwise exclude the Trust Loans Settlement Class Members from any borrower class certified or to be certified in each case as provided herein. The Parties will request the Courts in each of the Missouri Cases to include within their respective dismissal Orders an express finding and/or conclusion to the effect that (a) per the Parties' Settlement and stipulations herein, the Non-Trust Loans Borrowers cannot recover any damages, penalties or other relief from the Settling Defendants with respect to any of the Trust Loans before the Court (which finding and/or conclusion shall not be deemed a holding that the Non-Trust Loans Borrowers have released any clams of any kind or type with respect to the Missouri Second Mortgage Loans) and (b) any and all claims against the Released Persons for contribution and non-contractual indemnity related to or arising from the Released Claims or from any claims of the Named Plaintiffs and/or the Trust Loans Settlement Class Members in the Missouri Cases with respect to the Trust Loans are permanently barred, prohibited and enjoined.

**Exhibit 2**, at ¶19.

4. On August 21, 2012, the Circuit Court of Jackson County in the *Beaver* case granted preliminary approval of the Settlement.

5. Plaintiffs individually mailed the *Beaver* Trust Loans Settlement *Notice of Proposed Class Action Settlement and of Settlement Hearing* to each of the members of the

---

[9] The Agreement defines a "Trust Loans Settlement Class Member," in part, as:

> a member of the Trust Loans Settlement Class who does not timely opt out of the Settlement pursuant to Section 12 below. If a Trust Loans Settlement Class Member has died, became a debtor in a bankruptcy case under Chapter 7 or Chapter 13 after obtaining his or her Trust Loan, or in some other way voluntarily or involuntarily transferred his or her rights under a Trust Loan, said Trust Loans Settlement Class Member's heir, representative, bankruptcy trustee, successor or assign also shall be deemed a Trust Loans Settlement Class Member.

Agreement at Section 2.55.

7

Settlement Class on August 21, 22, 23, 24 and September 6, 2012, including each of the 226 affected Class Members in this action, which includes 42 known bankruptcy trustees and 23 known Next of Kin for deceased class members. *See Certification of Mailing of Class Notice and Claim Form*, dated October 24, 2012 (**Exhibit 4**).

6. Additionally, although not required by the Agreement, the Settling Defendants gave notice of the proposed *Beaver* Trust Loans Settlement, as provided for under Section 1715 of the Class Action Fairness Act of 2005 ("CAFA"), by letters dated August 23, 2012, which is timely under CAFA. Pursuant to the Agreement, the Parties agreed that the hearing on the final approval of the *Beaver* Trust Loans Settlement would not occur earlier than ninety-five (95) days after the entry of the Preliminary Approval order so as to accommodate the CAFA Notice. *See* **Exhibit 2**, at ¶16(a)

7. There was one objection to the *Beaver* Trust Loans Settlement which was withdrawn prior to the Final Hearing Date. Thus, as of the Final Hearing date there were no objections. Nor were there any opt outs, exclusion requests or requests for intervention from the Trust Loans Settlement Class.

8. On November 26, 2012, the Circuit Court of Jackson County entered a Final Approval Order and also entered a Final Judgment in the *Beaver* case. (**Exhibit 5**).

9. Pursuant to the terms of the Agreement, the Effective Date of the Trust Loans Settlement is January 7, 2013, provided that all of the preconditions set forth in Section 17 of the Agreement are satisfied. January 7, 2013 is the date the Final Approval Order and the Final Judgment entered in the *Beaver* case will become final under Missouri law because of the expiration of the time for appeals therefrom without any appeal having been taken. *See* **Exhibit 2**, at ¶17(a)(vii).

## Legal Analysis

Plaintiffs' claims against Settling Defendants with respect to the Released Claims may only be dismissed by Order of this Court "on terms the court considers proper." Fed.R.Civ.P. 41(a)(2). The decision to grant or deny a plaintiff's motion to voluntarily dismiss a lawsuit is left to the sound discretion of the Court. *See, e.g., Cahalan v. Rohan,* 423 F.3d 815, 818 (8th Cir.2005). In addition, because this is a certified class action, Settling Defendants may only be voluntarily dismissed if the Court approves their dismissal and all other applicable requirements of Rule 23(e) have been satisfied. Fed.R.Civ.P. 23(e). Rule 23(e) states in full as follows:

> The claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval. The following procedures apply to a proposed settlement, voluntary dismissal, or compromise:
>
> (1) The court must direct notice in a reasonable manner to all class members who would be bound by the proposal.
>
> (2) If the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate.
>
> (3) The parties seeking approval must file a statement identifying any agreement made in connection with the proposal.
>
> (4) If the class action was previously certified under Rule 23(b)(3), the court may refuse to approve a settlement unless it affords a new opportunity to request exclusion to individual class members who had an earlier opportunity to request exclusion but did not do so.
>
> (5) Any class member may object to the proposal if it requires court approval under this subdivision (e); the objection may be withdrawn only with the court's approval.

Fed.R.Civ.P. 23(e).

The provisions of Fed.R.Civ.P. 23(e) have been satisfied. For the Court's convenience, each of the subparagraphs of Rule 23(e) is addressed below.

First, Rule 23(e)(1) has been satisfied because the Class Members who would be "bound" have already received notice in a "reasonable manner." Here, each of the 161 Class Members with claims against Settling Defendants with respect to the Released Claims in *this* action, as well as the 42 bankruptcy trustees and 23 next of kin have already been provided direct mailed notice in a form approved by the Court in the *Beaver* case. Those Class Members in this case are Trust Loans Settlement Class Members in the state court *Beaver* case. That notice concerned and explained the *Beaver* Trust Loans Settlement and the Trust Loans Settlement Class Members' rights to opt out, object, intervene and appear at the final settlement hearing had they chosen to do so. See **Exhibit 4**. Thus, there is no need to send further notice to the Trust Loans Settlement Class Members who are also *Gilmor* litigation class members. Since those 161 *Gilmor* litigation class members are the only members of the *Gilmor* litigation class that have claims with respect to Trust Loans against Settling Defendants and are bound by the dismissal, no further notice is or should be required.

Second, Rule 23(e)(2) has been satisfied because the *Beaver* Court held a final approval hearing on November 26, 2012, and determined that the *Beaver* Trust Loans Settlement was "fair, reasonable and adequate."

Third, the Agreement has been attached as **Exhibit 2**. It is the agreement made in connection with the proposed dismissal. Rule 23(e)(3) is thus satisfied.

Fourth, as the Court is aware, the *Gilmor* case was previously certified while it was venued in state court. Under those circumstances, Rule 23(e)(4) provides that the Court "may" require that an additional opportunity be provided to the affected class members to opt out. Here the affected class members have already been provided such additional opportunity through the notice and opt out procedures in the *Beaver* case. Even though they were provided

that opportunity, not one Trust Loans Settlement Class Member chose to opt out. Plaintiffs and the Settling Defendants therefore suggest that Rule 23(e)(4) is satisfied and that no further notice is required or should be given.

Fifth, Rule 23(e)(5) is satisfied because the Trust Loans Settlement Class Members were also given the opportunity to object to the Agreement which includes the instant dismissal. That objection opportunity was provided as part of the notice and objection procedures in the *Beaver* case. Thus, no further opportunity to object is required or should be given.

In addition to dismissing the Released Claims against the Settling Defendants with prejudice, the Proposed Order and Final Judgment contains a finding that the Non-Trust Loan Borrowers cannot recover any relief from the Settling Defendants with respect to any of the Trust Loans. This provision is appropriate because, by definition, the Non-Trust Loan Borrowers did not obtain Trust Loans. The Proposed Order and Final Judgment also provides that claims against the Settling Defendants and other Released Persons for contribution and non-contractual indemnity related to or arising from the Released Claims or from any claims of the Named Plaintiffs and/or the Trust Loans Settlement Class Members in this action with respect to the Trust Loans are permanently barred, prohibited and enjoined. This provision is appropriate because the Agreement contains credit, satisfaction, offset, release, and discharge provisions relating to the portion of plaintiffs' claimed damages that were caused by the acts or fault of the Settling Defendants and other Released Persons with respect to the Trust Loans. Agreement at Section 15(e). It should be noted that Gilmor Litigation Class Members' claims against the remaining Defendants or for claims on loans that are not Trust Loans against either the Settling Defendants or other Defendants shall remain pending following dismissal of the

Released Claims against the Settling Defendants with respect to the Trust Loans from this lawsuit.

## Conclusion

For the reasons stated above, Plaintiffs submit that the proposed voluntary dismissal with prejudice of (1) all the Released Claims, which are defined in the Agreement to include claims concerning, relating to or arising out of the Trust Loans, that are pending in this action against the Released Persons, which Released Persons include Settling Defendants and other Released Persons, and (2) as Parties, the Trust Parties set forth on **Exhibit 1** and U.S. Bank National Association in its individual capacity, since all claims asserted in this action against the Trust Parties set forth on **Exhibit 1** and U.S. Bank National Association in its individual capacity are Released Claims, in connection with the final approval of the *Beaver* Trust Loans Settlement, would be fair and reasonable, and that no further notice or hearing concerning this dismissal is necessary under Rule 23(e). Plaintiffs therefore respectfully request that the Court approve the voluntarily dismissals as requested with each side to bear its own costs. Plaintiffs further request that the Court enter a judgment pursuant to Fed. R. Civ. P. 54(b) certifying that that there is no just reason for delay and directing that the judgment of dismissals as requested shall be final and appealable. As noted, all of the Class Members' claims against the remaining Defendants or for claims on loans that are not Trust Loans against either the Settling Defendants or other Defendants shall remain pending following the requested dismissals.

Dated: January 21, 2013              Respectfully submitted,

WALTERS BENDER STROHBEHN
 &  VAUGHAN, P.C.

By:   */s/ R. Frederick Walters*
     R. Frederick Walters – Mo. Bar 25069
     Kip D. Richards – Mo. Bar 39743
     David M. Skeens – Mo.  Bar 35728
     Karen W. Renwick – Mo. Bar 41271
     J. Michael Vaughan Mo. – Bar 24989
     Garrett M. Hodes – Mo. Bar 50221
     Matthew R. Crimmins – Mo. Bar 53138
     Bruce V. Nguyen – Mo. Bar 52893
     2500 City Center Square
     1100 Main Street
     P.O. Box 26188
     Kansas City, MO  64196
     (816) 421-6620
     (816) 421-4747 (Facsimile)
     fwalters@wbsvlaw.com
     krichards@wbsvlaw.com
     dskeens@wbsvlaw.com
     krenwick@wbsvlaw.com
     mvaughan@wbsvlaw.com
     ghodes@wbsvlaw.com
     mcrimmins@wbsvlaw.com
     bnguyen@wbsvlaw.com

**ATTORNEYS FOR PLAINTIFFS
 AND CLASS COUNSEL**

/s/ Peter W. Carter
PETER W. CARTER, *pro hac vice*
PAUL R. DIESETH, *pro hac vice*
DORSEY & WHITNEY LLP
50 South 6th
Suite 1500
Minneapolis, Minnesota 55402-149


MARK A. OLTHOFF
POLSINELLI SHUGHART PC
1700 Twelve Wyandotte Plaza
120 West 12th Street
Kansas City, Missouri 64105-1929

**ATTORNEYS FOR DEFENDANTS, THE TRUST PARTIES SET FORTH ON EXHIBIT 1**


### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 21st day of January 2013 I electronically filed the above and foregoing document with the Clerk of Court of the Western District of Missouri using the Court's ECF system, which will send notification of said filing to all counsel of record who are ECF participants. In addition, a copy was served by U.S. mail, First-Class Postage Prepaid, to:

Arthur E. Kechijian, Manager
United Mortgage C.B., LLC
P.O. Box 471827
Charlotte, NC 28247
**Defendant United Mortgage C.B., L.L.C**.


/s/ *R. Frederick Walters*