IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN MISSOURI

| | |
|---|---|
| MICHAEL P. AND SHELLIE GILMOR, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> PREFERRED CREDIT CORPORATION, et al., <br><br> Defendants. | Case No. 10-0189-CV-W-ODS |

**ORDER AND FINAL JUDGMENT DISMISSING WITH PREJUDICE
(1) THE RELEASED CLAIMS, WHICH ARE DEFINED IN THE AGREEMENT TO
INCLUDE CLAIMS CONCERNING, RELATING TO, OR ARISING OUT OF THE
TRUST LOANS, THAT ARE PENDING IN THIS ACTION AGAINST THE RELEASED
PERSONS AND (2) AS PARTIES, THE TRUST PARTIES SET FORTH ON EXHIBIT 1
AND U.S. BANK NATIONAL ASSOCIATION IN ITS INDIVIDUAL CAPACITY SINCE
ALL CLAIMS ASSERTED IN THIS ACTION AGAINST THE TRUST PARTIES SET
FORTH ON EXHIBIT 1 AND U.S. BANK NATIONAL ASSOCIATION IN ITS
INDIVIDUAL CAPACITY ARE RELEASED CLAIMS**

Upon consideration of Michael P. and Shellie Gilmor, Michael E. and Lois A. Harris, Leo E. Parvin, Jr., Ted and Raye Ann Varns, Mark and Thomasina Shipman, William and Marion Jones, Bruce and Mary James, Kevin and Susan Schaefer, David and Nicole Warkentien, John and Jeanne Rumans, Patricia Ann Worthy, Derrick and Alethia Rockett, William and Carole Hudson, James and Kathleen Woodward, Jeffrey Weathersby, Debra Mooney, and Joseph and Amy Black ("Named Plaintiffs in this case") and the Trust Parties set forth on **Exhibit 1** ("Settling Defendants") Joint Motion For An Order And Judgment Approving The Voluntary Dismissal With Prejudice Of (1) The Released Claims,[1] Which Are Defined In The Agreement

---

[1] The Agreement defines "Released Claims" in Section 2.39. "Released Claims" include the claims asserted against the Settling Defendants and other Released Persons with respect to the Trust Loans in this case. Agreement at Section 2.39.

To Include Claims Concerning, Relating To Or Arising Out Of The Trust Loans,[2] That Are Pending In This Action Against The Released Persons[3] And (2) As Parties, The Trust Parties Set Forth On **Exhibit 1** And U.S. Bank National Association In Its Individual Capacity Since All Claims Asserted In This Action Against The Trust Parties Set Forth On **Exhibit 1** And U.S. Bank National Association In Its Individual Capacity Are Released Claims, and for good cause shown, it is hereby **ORDERED, ADJUDGED, AND, DECREED** that:

1. Jack L. Beaver and Hilda M. Beaver, James C. Baker and Jill S. Baker, David R. Beebe and Nancy J. Beebe, Danita S. Couch and Jack T. Chastain, Sr., Jeffrey A. Cox and Michelle A. Cox, Daniel Emily and Sandra Emily, Mark R. Fisher, Michael P. Gilmor and Shellie Gilmor, Dana S. Hall and Melanie D. Hall, Rachelle Hamrick, Michael E. Harris and Lois A. Harris, Bruce W. James and Mary A. James, Daniel R. Jensen and Wanda D. Jensen, William T. Jones and Marion Jones, Thomas Kartman and Maritza Kartman, Douglas A. Krones and Tammi S. Krones, Terry M. Lovett f/k/a Terry M. Brooks, Leo E. Parvin, Jr., John R. Rumans and Jeanne E. Rumans, Phillip M. Schrier and Sharon K. Schrier, Samuel Smith, Jr., William S. Springer and Linda A. Springer, Deanthony Thomas and Susan Jelinek-Thomas,[4] Jason C. Thrasher and Janet L. Thrasher, Ted Varns and Raye Ann Varns, Michael M. Wolfe and Vivian C. Wolfe, and James G. Wong, ("Named Plaintiffs") in *Beaver v. U.S. Bank National Association and Wilmington Trust Company,* Case No. 1216-CV21345, Circuit Court of Jackson County, Missouri, Div. 16, (the "*Beaver* case") and Settling Defendants entered into a

---

[2] The Agreement defines "Trust Loan" in Section 2.53. Agreement at Section 2.53.

[3] The Agreement defines "Released Persons" in Section 2.38. "Released Persons" includes the Settling Defendants and other Released Persons. Agreement at Section 2.38.

[4] As to their December 12, 1997, Missouri Second Mortgage Loan only.

- 2 -

Case 4:10-cv-00189-ODS   Document 866   Filed 01/22/13   Page 2 of 4

Settlement per the terms of a Settlement and Release Agreement (the "Agreement"), Exhibit 2 to the Joint Motion, that has been effectuated through a Final Approval Order and a Final Judgment entered on November 26, 2012 in the *Beaver* case. Unless otherwise provided herein, all capitalized terms in this Order and Final Judgment shall have the same meaning as those terms in the Agreement.

2. The Court hereby dismisses with prejudice (1) all the Released Claims, which are defined in the Agreement to include claims concerning, relating to or arising out of the Trust Loans, that are pending in this action against the Released Persons which Released Persons include Settling Defendants and other Released Persons, and (2) as Parties, the Trust Parties set forth on **Exhibit 1** and U.S. Bank National Association in its individual capacity since all claims asserted in this action against the Trust Parties set forth on **Exhibit 1** and U.S. Bank National Association in its individual capacity are Released Claims. Each party shall bear its own costs. All other claims in this action, including but not limited to the claims asserted against Wilmington Trust Company with respect to loans other than Trust Loans, shall remain pending.

3. Per the Parties' stipulations in the Agreement, the Court finds that the Non-Trust Loans Borrowers[5] cannot recover any damages, penalties or other relief from the Settling Defendants with respect to any of the Trust Loans before the Court which finding and/or conclusion shall not be deemed a holding that the Non-Trust Loans Borrowers have released any claims of any kind or type with respect to the Missouri Second Mortgage Loans.

4. Any and all claims against the Released Persons for contribution and non-contractual indemnity related to or arising from the Released Claims or from any claims of the

---

[5] The Agreement defines "Non-Trust Loans Borrowers" in Section 2.33. Agreement at Section 2.33.

- 3 -

Named Plaintiffs and/or the Trust Loans Settlement Class Members[6] in this action with respect to the Trust Loans are permanently barred, prohibited and enjoined.

5. Pursuant to Fed. R. Civ. P. 54(b), there is no just reason to delay the entry of final judgment, and accordingly, the judgment of dismissals referenced in paragraph 2, above shall be final and appealable as of the date hereof. All other claims in this action, including but not limited to the claims asserted against Wilmington Trust Company with respect to loans other than Trust Loans, shall remain pending.

IT IS SO ORDERED.

DATE: January 22, 2013

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[6] The Agreement defines a "Trust Loans Settlement Class Member" in Section 2.55. Agreement at Section 2.55.