IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MICHAEL P. AND SHELLIE GILMOR, ET AL., <br><br> Plaintiffs, <br><br> vs. <br><br> PREFERRED CREDIT CORPORATION, ET AL., <br><br> Defendants. | Case No. 10-0189-CV-W-ODS |

**FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT
AND CERTIFYING A CLASS FOR SETTLEMENT PURPOSES**

Upon careful review and consideration of the Settlement and Release Agreement dated October 30, 2012 (the "Agreement"), between Plaintiffs , Michael P. Gilmor, Shellie Gilmor, James Woodward, Kathleen Woodward, and William Hudson (the "Named Plaintiffs"), and Defendant, Bank of America, N.A., as successor by merger to LaSalle National Bank in its capacity as former trustee for Impac CMB Trust Series 1999-1 ("LaSalle" or "Settling Defendant"), the evidence and arguments of counsel as presented at the Fairness Hearing held on March 6, 2013, the memoranda filed with this Court, [and the timely objections to the proposed Settlement], and all other filings in connection with the Parties' settlement as memorialized in the Agreement (the "Settlement"); and for good cause shown,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. **Incorporation of Other Documents**. This Order incorporates and makes the following a part hereof:

    a. The Agreement, filed with the Court on or about October 31, 2012; and

b. The following exhibits to the Agreement: (i) Schedule A (Proposed Distribution Schedule of "Net Distributable Settlement Fund," **filed under seal**); (ii) Schedule B (Proposed Schedule of Incentive Awards); (iii) Exhibit A (Proposed Class Mail Notice); (v) Exhibit B (Proposed Order Preliminarily Approving the Class Action Settlement); (vi) Exhibit C (Proposed Final Judgment); (vii) Exhibit D (list of members of the LaSalle Settlement Class, **filed under seal**);

c. Unless otherwise provided herein, all capitalized terms in this Order shall have the same meaning as those terms in the Agreement.

2. **Jurisdiction**. Because adequate notice was disseminated and all potential members of the LaSalle Settlement Class (as defined below) were given notice of and an opportunity to opt out of the Settlement, the Court has personal jurisdiction over all members of the LaSalle Settlement Class. The Court has subject matter jurisdiction over the Litigation, including, without limitation, jurisdiction to approve the proposed Settlement, to grant final certification of the LaSalle Settlement Class, and to dismiss the Litigation against LaSalle with prejudice.

3. **Final Class Certification**. The LaSalle Settlement Class, which this Court previously certified preliminarily, is hereby finally certified for settlement purposes pursuant to Fed.R.Civ.P. 23, the Court finding that for purposes of settlement the LaSalle Settlement Class fully satisfies all of the applicable requirements of Rule 23 and due process.

The LaSalle Settlement Class is defined as follows:

All persons who, on or after June 27, 1994, obtained a "Second Mortgage Loan," as defined in Mo.Rev.Stat. § 408.231.1, that was secured in whole or in part by a mortgage or a deed of trust on residential real property located in the state of Missouri, that was originated by Preferred Credit Corporation (f/k/a T.A.R. Preferred Mortgage Corporation), and that was purchased by, assigned or conveyed to, or otherwise owned and/or held by or serviced by Bank of America,

N.A., as successor by merger to LaSalle National Bank in its capacity as former trustee for Impac CMB Trust Series 1999-1, and who did not timely exercise their right and option to opt out and exclude themselves from the litigation class that the Circuit Court of Clay County, Missouri certified on January 2, 2003, in *Gilmor v. Preferred Credit Corporation*, Case No. CV100-4263-CC.

No members of the LaSalle Settlement Class timely requested to be excluded from or "opted out" of the LaSalle Settlement Class.

4. **Adequacy of Representation**. There are no apparent conflicts of interest between the Named Plaintiffs and the LaSalle Settlement Class, or among the members of the LaSalle Settlement Class. Plaintiffs' Counsel will fairly and adequately represent and protect the interests of the LaSalle Settlement Class. Accordingly, the Named Plaintiffs and R. Frederick Walters, Kip D. Richards, David M. Skeens, J. Michael Vaughan, and Garrett M. Hodes of the firm Walters Bender Strohbehn & Vaughan, P.C. ("Plaintiffs' Counsel" or "Class Counsel"), have satisfied the requirements of Rule 23 and are hereby appointed and approved as representatives of the LaSalle Settlement Class and Counsel for the LaSalle Settlement Class, respectively.

5. **Class Notice**. The Court finds that the Class Mail Notice and its distribution to the LaSalle Settlement Class as implemented pursuant to the Agreement and the Preliminary Approval Order:

    a. Constituted the best practicable notice to the members of the LaSalle Settlement Class under the circumstances of this Litigation;

    b. Constituted notice that was reasonably calculated, under the circumstances, to apprise the members of the LaSalle Settlement Class of (i) the pendency of this Litigation and the proposed Settlement, (ii) their right to exclude themselves from the LaSalle Settlement Class and the proposed Settlement, (iii) their

3

right to object to any aspect of the proposed Settlement (including, but not limited to, the following: final certification of the LaSalle Settlement Class; the fairness, reasonableness or adequacy of the Settlement as proposed; the adequacy of the Named Plaintiffs and/or Class Counsels' representation of the LaSalle Settlement Class; the proposed awards of attorney's fees and expenses; and the proposed incentive award), (iv) their right to appear at the Fairness Hearing if they did not exclude themselves from the LaSalle Settlement Class, and (v) the binding effect of the Orders and Judgment in the Litigation on all members of the LaSalle Settlement Class who did not request exclusion;

    c.    Constituted notice that was reasonable and constituted due, adequate and sufficient notice to all persons and entities entitled to be provided with notice; and

    d.    Constituted notice that fully satisfied the requirements of Rule 23, due process, and any other applicable law.

6.    **Compliance with CAFA.**  The Court additionally finds that LaSalle has served proper notice under, and has complied in all other respects with, 28 U.S.C. § 1715(b) and CAFA.

7.    **Final Settlement Approval**.  The terms and provisions of the Agreement, including all exhibits, have been entered into in good faith and as a result of arm's length negotiations, and the Agreement is fully and finally approved as fair, reasonable and adequate as to, and in the best interests of, each of the Parties and the LaSalle Settlement Class Members, and in full compliance with all applicable requirements of the laws of the state of Missouri, the United States Constitution (including the Due Process Clause), and any other applicable law. The Parties are hereby directed to implement and consummate the Agreement according to its terms and provisions.

8. **Binding Effect**. The terms of the Agreement and this Final Judgment shall be forever binding on all of the LaSalle Settlement Class Members and the Named Plaintiffs, individually and as representatives of said Class, as well as on their respective heirs, executors, administrators, assigns, predecessors, and successors, and any other person claiming by or through any or all of them. The terms of the Agreement and Final Judgment shall have *res judicata* and other preclusive effect as to the "Releasors" for the "Released Claims" as against the "Released Persons," all as defined in the Agreement.

9. **Releases**. The Releasors, as defined in Paragraph 2.33 of the Agreement, shall be bound by the Releases provided in Paragraph 6 of the Agreement, which is incorporated herein in all respects, regardless of whether such persons received any compensation under the Agreement or Settlement. The Releases are effective as of the Effective Date specified in Paragraph 12 of the Agreement. The Court expressly adopts all defined terms in Paragraph 6 of the Agreement, including but not limited to, the definitions of the persons and claims covered by the Releases as set forth at Paragraphs 2.31 (Released Claims), 2.32 (Released Persons) and 2.33 (Releasors).

10. **Enforcement of Settlement.** Nothing in this Final Judgment shall preclude any action by any Party to enforce the terms of the Agreement.

11. **Additional Payment to the Named Plaintiffs.** The Court hereby awards the amounts listed on Schedule B ($4,000.00 total) to be paid from the Settlement Fund to the Named Plaintiffs as incentive awards for their services as representatives of the LaSalle Settlement Class in this Litigation.

12. **Attorney's Fees and Expenses.** Plaintiffs' Counsel are awarded $4,579.85, representing an allocated share of the litigation expenses and court costs that Plaintiffs' Counsel

has incurred and advanced as of October 15, 2012 in connection with the Litigation and the Settlement, which shall be deducted from the Settlement Fund as defined in the Agreement. In addition, the Court awards Plaintiffs' Counsel Attorney's fees of $119,889.07, representing approximately 45 % of the "Net Settlement Fund" as defined in the Agreement. The Court finds and concludes that each of the above awards to Plaintiffs' Counsel for work and services in this case and in connection with the Settlement is reasonable for the reasons stated in *Plaintiffs' Application for Award of Attorney's Fees, Litigation Expenses and Court Costs* (Doc. #918) and finds as follows:

  a. The time and labor required to litigate this matter and obtain the Settlement was extensive.

  b. The legal issues raised in prosecuting the claims of the LaSalle Settlement Class were (and remain) complex and difficult.

  c. The results obtained for the LaSalle Settlement Class are exceptional in light of the risks posed by the defenses asserted by the Settling Defendants to the LaSalle Settlement Class Members' claims. The Court specifically notes the *Common Fund Recovery* and the substantial benefits made available to the LaSalle Settlement Class. The results achieved are of paramount importance when considering the fee request and certainly justify the fee request.

  d. The fee in this case was contingent. Class Counsel would have received no fee had they not been successful. In addition, Class Counsel risked large amounts of expenses and advances on the successful outcome of this matter.

  e. No member of the LaSalle Settlement Class has objected to any aspect of the settlement and no members of the LaSalle Settlement Class have timely opted out or

excluded themselves from the Settlement. The reaction of the Class to the Settlement has been unanimously favorable.

  f. The litigation costs and expenses are also reasonable and equitable for a matter of this complexity and duration.

 13. **No Other Payments**. The preceding paragraphs of this Final Approval Order cover, without limitation, any and all claims for attorney's fees and expenses, costs or disbursements incurred by Plaintiffs' Counsel or any other counsel representing the Named Plaintiffs as representatives of the LaSalle Settlement Class or the LaSalle Settlement Class Members, or incurred by the LaSalle Settlement Class Members, in connection with or related in any manner to this Litigation, the Settlement of this Litigation, the administration of such Settlement, and/or the Released Claims, except to the extent otherwise specified in this Final Approval Order or the Agreement.

 14. **Retention of Jurisdiction.** The Court has jurisdiction to enter this Final Judgment. Without in any way affecting the finality of this Final Judgment, this Court expressly retains jurisdiction as to all matters relating to the administration and enforcement of the Agreement and Settlement and of this Final Judgment, and for any other necessary purpose as permitted by Missouri law, including, without limitation:

  a. enforcing the terms and conditions of the Agreement and Settlement and resolving any disputes, claims or causes of action that, in whole or in part, are related to the administration and/or enforcement of the Agreement, Settlement, this Final Judgment (including, without limitation, whether a person is or is not a member of the LaSalle Settlement Class or a LaSalle Settlement Class Member; and whether any claim or cause of action is or is not barred by this Final Approval Order and the Final Judgment);

b. entering such additional Orders as may be necessary or appropriate to protect or effectuate the Court's Final Approval Order and the Final Judgment and/or to ensure the fair and orderly administration of the Settlement and distribution of the Settlement Fund; and

c. entering any other necessary or appropriate Orders to protect and effectuate this Court's retention of continuing jurisdiction.

15. **No Admissions.**  Neither this Final Judgment, nor the Agreement, nor any of its terms or provisions, nor any of the negotiations between the Parties or their counsel, nor any action taken to carry out this Final Judgment, is, may be construed as, or may be used as an admission or concession by or against any of the Parties or the Released Persons of: (a) the validity of any claim or liability, any alleged violation or failure to comply with any law, any alleged breach of contract, any legal or factual argument, contention or assertion; (b) the truth or relevance of any fact alleged by Plaintiffs; (c) the existence of any class alleged by Plaintiffs; (d) the propriety of class certification if the Litigation were to be litigated rather than settled; (e) the validity of any claim or any defense that has been or could have been asserted in the Litigation or in any other litigation; (f) that the consideration to be given to LaSalle Settlement Class Members hereunder represents the amount which could be or would have been recovered by any such persons after trial; or (g) the propriety of class certification in any other proceeding or action.  Entering into or carrying out the Agreement, and any negotiations or proceedings related to it, shall not in any event be construed as, or deemed evidence of, an admission or concession as to the denials, defenses, factual or legal positions of LaSalle, and shall not be offered or received in evidence in this litigation or any action or proceeding against any party in any court, administrative agency or other tribunal for any purpose whatsoever, except as necessary (i) to

enforce the terms of this Order and the Agreement or to prove or show that a compromise in settlement of the Released Claims per the Agreement, in fact, was reached, or (ii) to show, if appropriate, the recoveries obtained by the Named Plaintiffs and other LaSalle Class Members' hereunder, including, without limitation, the damages, attorney's fees award and costs; provided, however, that this Order and the Agreement may be filed by LaSalle in any action against or by LaSalle or the Released Persons to support a defense of *res judicata*, collateral estoppel, release, waiver, good faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim.

16. **Dismissal of Litigation Against Defendant LaSalle.** This Litigation and all individual and class claims being asserted against Defendant LaSalle as the purchaser, assignee or owner and/or holder or servicer of the "PCC-LaSalle Loans" are dismissed with prejudice and without fees or costs to any party, except as otherwise provided in the Agreement or this Final Judgment. The Litigation and all other claims and causes of action shall remain pending.

17. **Claims Reserved.** The dismissal of this Litigation and claims against LaSalle as provided in the Agreement and this Final Judgment shall in no way stay, bar, preclude, abate or otherwise operate as a dismissal, release, discharge or adjudication of any claims other than the Released Claims as to the Released Persons by the Releasors.

18. **Claims of Non-LaSalle Plaintiff Borrowers.** The Court finds and concludes that the "PCC Loans" of the "Non-LaSalle Plaintiff Borrowers" as defined in Paragraph 2.22 of the Agreement were not purchased by, assigned or conveyed to, or otherwise owned and/or held by or serviced by the Settling Defendant and that, given this fact, as stipulated by the Parties, the Non-LaSalle Plaintiff Borrowers cannot recover any damages, penalties or other relief from LaSalle with respect to the PCC Loans. This finding and/or conclusion by the Court shall not be

9

deemed or construed as a holding that any of the Non-LaSalle Plaintiff Borrowers have in any way released any claims, of whatever type or kind, with respect to any PCC Loans or otherwise.

19. **Contribution, Indemnity and Other Claims.** All claims for contribution, indemnity and other claims over, whether asserted, unasserted or asserted in a representative capacity, inclusive of interest, taxes and costs, related to the Released Claims as defined in Paragraph 2.31 of the Agreement, which could have been brought in this Litigation by any person or party against a Released Person as defined in Paragraph 2.32 of the Agreement (unless such claim over is made with respect to a claim by a person or party who is not a Releasor as defined in Paragraph 2.33 of the Agreement), are permanently barred, prohibited and enjoined.

20. **No Just Reason for Delay.** The Court expressly determines that there is no just reason for delay for purposes of Fed.R.Civ.P. 54(b).

IT IS SO ORDERED.

DATE: March 6, 2013

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT