IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MICHAEL P. AND SHELLIE GILMOR, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> PREFERRED CREDIT CORPORATION, et al., <br><br> Defendants. | Case No. 10-0189-CV-W-ODS |

**ORDER ENTERING FINAL JUDGMENT BY DEFAULT AGAINST PREFERRED CREDIT CORPORATION (f/k/a/ T.A.R. PREFERRED MORTGAGE CORPORATION), DIRECTING PAYMENT OF DAMAGES TO THE CLASS, AND AWARDING STATUTORY ATTORNEY'S FEES**

Upon careful review and consideration of Plaintiffs' Motion For Default Judgment Against Defendant Preferred Credit Corporation (f/k/a T.A.R. Preferred Mortgage Corporation) ("PCC") (Doc. # 881), and the suggestions, affidavits, documentary evidence, and summaries in support thereof, and the Court, noting that PCC is in default (Doc. # 933), grants Plaintiffs' Motion and enters this Final Judgment in favor of Plaintiffs and against Defendant Preferred Credit Corporation (f/k/a T.A.R. Preferred Mortgage Corporation) in the total amount of **$11,184,516.24** as follows:

IT IS HEREBY ORDERED, ADJUDGED, AND, DECREED as follows:

1. **Jurisdiction**. Because adequate notice was disseminated and all potential members of the Plaintiff Class (as defined below) were given notice of and an opportunity to opt out of the Class, the Court has personal jurisdiction over all members of the Plaintiff Class. The Court also has personal jurisdiction over Defendant Preferred Credit Corporation. Finally, the Court finds that it has subject matter jurisdiction of the Litigation (Doc. # 48), including, without

limitation, jurisdiction to enter final judgment against Defendant Preferred Credit Corporation ("PCC").

2. **<u>Incorporation of Other Documents</u>**.  This Order incorporates and makes the following a part hereof:

>   a.  Exhibit Q filed under seal and attached to Plaintiffs' Suggestions in Support (Doc. # 882); and
>
>   b.  Exhibit R filed under seal and attached to Plaintiffs' Suggestions in Support (Doc. # 882).

3. **<u>Plaintiff Class</u>**.  Pursuant to Fed.R.Civ.P. 23(c)(3)(B), the Judgment by Default shall encompass and is binding upon the Plaintiff Class certified on January 2, 2003.  Notice of this Class Action Lawsuit was mailed to the proposed members of the Class in 2003.  Said Notice included a Request for Exclusion Form, and four members of the class requested exclusion.  The Court adopts the January 2, 2003 Order defining the Plaintiff Class as follows:

> All individuals who, on or after June 27, 1994:
>
>   A. obtained a "Second Mortgage Loan" loan from Preferred Credit Corporation; and
>
>   B. who paid the following, or who financed the payment of the following charges as a part of the principal loan balance, at or before the closing:
>
>   > 1.  An origination fee exceeding 2% of the principal loan amount for loans having a loan date before August 28, 1998; or
>   >
>   > 2.  An origination fee exceeding 5% of the principal loan amount for loans having a loan date on or after August 28, 1998; or
>   >
>   > 3.  Any other prohibited fees or costs paid or financed as a part of the principal loan balance <u>including, without limitation</u>, the following fees and costs:
>   >
>   >     - BROKER FEES
>   >     - DOCUMENT PREPARATION FEES
>   >     - LOAN (OR OTHER) PROCESSING FEES
>   >     - UNDERWRITING FEES

- SUB-ESCROW FEES
- APPLICATION FEES
- REVIEW/APPRAISAL REVIEW FEES
- CREDIT/COURIER/UPS FEES
- DOCUMENT SIGNING FEES
- PROCESSING/ADMINISTRATION FEES

The prohibited fees and costs do not include the following:

- Fees and charges paid for perfecting, releasing, or satisfying a security interest related to the second mortgage loan
- Taxes
- Fees or premiums for title examination, title insurance, or similar purposes including survey
- Fees for preparation of a deed, settlement statement, or other documents
- Fees for notarizing deeds and other documents
- Appraisal fees
- Fees for credit reports
- Charges for insurance (i) protecting the lender against the borrower's default or other credit loss (ii) against loss of or damage to the property, where no such coverage then existed or (h) providing life, accident, health or involuntary unemployment coverage.

A "Second Mortgage Loan" is defined by Missouri Statutes as a "a loan secured in whole or in part by a lien upon any interest in Residential Real Estate created by a security instrument, including a mortgage, deed of trust, or other similar instrument or document, which provides for interest to be calculated at the rate allowed by the provisions of section 408.232, which Residential Real Estate is subject to one or more prior mortgage loans."

"Residential Real Estate" shall mean "any real estate used or intended to be used as a residence by not more than four families, and which is situated within the state of Missouri."

The individual members of the Plaintiff Class are identified on Schedule 1 and Schedule 2 to Exhibit R. (Doc. 882) The Court finds that Schedules 1 and 2 accurately identify all members of the Plaintiff Class who were properly directed notice and did not exclude themselves from the Class.

4. **Award of Damages**. The Court finds that the definite figures contained in the

Case 4:10-cv-00189-ODS Document 936 Filed 03/19/13 Page 3 of 9

detailed affidavits and documentary evidence submitted by Plaintiffs enable the Court to determine the amount of damages to be awarded to the Plaintiff Class and the pro rata share of the damages, if any, to be distributed to the members of the Plaintiff Class ("Recovering Class Members") after due credit is given for the amounts previously recovered (or to be recovered) by certain members of the Plaintiff Class pursuant to the various settlements previously entered into and finally approved by the Court in this case.

5. **Determination of Damages**. The Court Orders the award of damages to the Plaintiff Class Members identified on Exhibit R, Schedule 1 as follows:

- a total of $1,783,813.14 for the illegal fees that the evidence shows Preferred Credit Corporation ("PCC") charged, contracted for or received in connection with the 459 Missouri mortgage loans as shown on Schedule 1;

- a total of $9,179,828.90 for the interest paid on those 459 loans for which violative fees were assessed;

- prejudgment interest totaling $2,470,651.73 on the illegal fee amounts from the date of the Note through November 26, 2012;

- prejudgment interest totaling $10,363,765.42 on the interest paid amounts from the date of each payment through November 26, 2012; and

- net a credit to PCC totaling $12,613,610.47 for certain Class Members, as listed on Schedule 1, that have already recovered or seek to recover pursuant to various court approved partial settlements with certain Co-Defendants of PCC;

for a total award of **$11,184,516.24** to be apportioned among the Class Members identified on Schedule 1 to Exhibit R in the amounts stated.

6. **Attorney's Fees**. Any funds recovered or paid pursuant to this Judgment shall be deemed a Common Fund. Pursuant to its application, the Court awards Class Counsel attorney's fees equal to 45% of the amount of any recovery, net of all reasonable expenses incurred in obtaining the recovery. The Court finds and concludes that its award to Class Counsel and a

common fund attorney's fees percentage of 45% is reasonable in this case and further finds as follows:

    a.    The time and labor required to litigate this matter and obtain the Final Judgment was extensive.

    b.    The legal issues raised in prosecuting the claims of the Plaintiff Class were (and remain) complex and difficult.

    c.    The results obtained for the Plaintiff Class are exceptional in light of the risks posed by the defenses asserted by Defendants to Class Members' claims. The Court specifically notes the possible substantial recovery and the substantial additional benefits to be made available to the members of the Plaintiff Class who have not recovered in full the damages inflicted upon them by PCC. The results achieved are of paramount importance when considering the fee request and certainly justify the fee request.

    d.    The fee in this case was contingent. Class Counsel would have received no fee had they not been successful. In addition, Class Counsel risked large amounts of expenses and advances on the successful outcome of this matter.

    e.    The fee is consistent with the fee awards entered as part of the settlements previously approved by the Court in this case and other Missouri second mortgage cases.

7.    **<u>Distribution.</u>** Any funds recovered or paid pursuant to this Judgment shall be paid in trust to Walters, Bender, Strohbehn & Vaughan, P.C. as Counsel for the Plaintiff Class, which shall promptly distribute the funds received pursuant to this Order and Final Judgment as follows:

    a.  Prior to distribution, Class Counsel shall submit under seal to the Court for

approval a schedule that provides the name, address and respective pro rata share for each Class Member who had a PCC Loan.

b. Upon receipt, Class Counsel shall deposit the total sum recovered into Class Counsel's IOLTA trust account, net of any expenses necessarily incurred in order to enforce or collect the Judgment (the "Net Recovery"). Said expenses include but are not limited to filing, registration and court fees, sheriff's or marshal's fees, the costs of serving summonses and subpoenas, attendance fees, court reporting fees, the reasonable attorney's fees and expenses of local counsel retained in order to register and/or execute and collect the judgment in any state other than Missouri or Kansas, commissions and finder's fees, long-distance telephone charges, photocopy charges and mailing charges, printing and binding costs, and any other expenses incurred or paid by Class Counsel to file, register, execute on or collect the judgment. Class Counsel shall be entitled to reimbursement for any expenses.

c. Upon approval of the distribution schedule for any recovered funds, Class Counsel shall calculate and deduct the amount of its attorney's fee from the Net Recovery. Within 30 days of receipt, Class Counsel shall distribute the balance to the Recovering Class Members (the "Class Member Payments"). The Class Member Payments shall be made by check to the Recovering Class Members or their legal representatives, or in the event of a Class Member bankruptcy under Chapter 7, to the Chapter 7 bankruptcy trustee who has been substituted as a Class Member for said Class Member, with notice of said mailing to said Class Member. Class Counsel will re-mail any returned

6
Case 4:10-cv-00189-ODS   Document 936   Filed 03/19/13   Page 6 of 9

checks to any new address discovered or undertake reasonable efforts to locate a current address for any Class member whose check was returned.

   d. If any Class Member refuses to accept a Class Member Payment, or does not cash a Class Member Payment within 30 days of receipt, Class Counsel shall undertake reasonable efforts to locate and/or contact the Class Member and inquire about the Class Member's refusal to accept or cash the Class Member Payment check.

   e. Such distributions are subject to any supervision and direction from the Court as may be necessary.

8. **Confirmation of Award Payments to Class**. Within 210 days of receipt of any recovery, Class Counsel shall file a certificate with the Court confirming that the entirety of the Class Member Payments have been distributed to the Class Members pursuant to the approved schedule or approved supplemental schedule. The certificate shall also confirm the checks cashed or, if such a confirmation cannot be provided, outlining the steps that remain to distribute any unclaimed Class Member Payments. Class Counsel shall reallocate the amounts of any unclaimed Class Member Payments to the remaining Recovering Class Members pro rata based on their allocable share of their total paid distributions of claimed checks at such time as Class Counsel determines appropriate in their sole discretion, but which in any event shall be prior to the expiration of any period of escheatment.

9. **Class Member Responsibilities**. Class Members who receive a Class Member Payment pursuant to this Order shall represent and warrant that he or she is entitled to receive the Payment and has not assigned by operation of law or otherwise his or her right to receive the Payment. Class Members who receive a Class Member Payment pursuant to this Order shall be

responsible for allocating or distributing the Payment between or among any co-borrowers, regardless of whether a Payment check was made out to all or only some of the Class Member's co-borrowers. Class Members receiving a Class Member Payment pursuant to this Order shall be responsible for paying any taxes due and any tax liability arising out of the distribution of their respective Class Member Payment(s).

10. **Retention of Jurisdiction**. The Court has jurisdiction to enter this Final Judgment. Without in any way affecting the finality of this Final Judgment, this Court expressly retains jurisdiction as to all matters relating to the administration and enforcement of the of this Order and Final Judgment, and for any other necessary purpose as permitted by Missouri law, including, without limitation:

   a. enforcing the terms and conditions of this Order and Final Judgment and resolving any disputes, claims or causes of action that, in whole or in part, are related to the administration and/or enforcement of this Order and Final Judgment (including, without limitation, whether a person is or is not a member of the Plaintiff Class; and whether any claim or cause of action is or is not barred by this Final Judgment);

   b. entering such additional Orders as may be necessary or appropriate to protect or effectuate the Court's Final Judgment and/or to ensure the fair and orderly administration and distribution of the Class Member Payments; and

   c. entering any other necessary or appropriate Orders to protect and effectuate this Court's retention of continuing jurisdiction.

**Direction to Enter Judgment.** The Clerk shall enter Final Judgment by Default against Defendant Preferred Credit Corporation (f/k/a T.A.R. Preferred Mortgage Corporation) pursuant to Rule 55(b), Fed.R.Civ.P. in accordance with this Order.

IT IS SO ORDERED.

                                          /s/ Ortrie D. Smith
                                          ORTRIE D. SMITH, SENIOR JUDGE
DATE: March 19, 2013                UNITED STATES DISTRICT COURT