THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MICHAEL AND SHELLIE GILMOR, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> PREFERRED CREDIT CORPORATION, et al., <br><br> Defendants. | Case No. 4:10-cv-00189-ODS |

## SUGGESTIONS IN SUPPORT OF
## MOTION AND APPLICATION FOR
## <u>INCENTIVE AWARD TO NAMED PLAINTIFFS</u>

Named Plaintiff incentive awards are common in class action litigation. Incentive awards encourage the members of a class to become class representatives and reward those representatives for the individual efforts they undertake on behalf of the class. *See, e.g., In re U.S. Bancorp Litigation*, 291 F.3d 1035, 1038 (8th Cir. 2002); *Mego Fin'l Corp. Sec. Litig. v. Nadler,* 213 F.3d 454, 463 (9th Cir. 2000).[1] As noted by one Court:

> The interests of the Class, such as here, are better served when they are presented by vigilant, competent and independent class representatives who actively monitor class counsel and the conduct of the litigation. Moreover, where lawyers are rewarded for their risk and efforts on behalf of a class, but class representatives are not, there is little incentive for class representatives to serve as active client participants in the litigation, thus negating the "adequate representation" safeguard of Rule 23 and transferring all decision-making responsibility to counsel.

*Allapattah Services, Inc. v. Exxon Corp.*, 454 F. Supp.2d 1185, 1221-22 (S.D. Fla. 2006).

---

[1] *See also, e.g., Ebbert v. Nassau County*, CV 05-5445 AKT, 2011 WL 6826121, *19 (E.D.N.Y. Dec. 22, 2011)(approving $20,000 award to each Plaintiff: "Service awards are common in class-action cases."); *In re Lorazepam & Clorazepate Antitrust Litig.,* 205 F.R.D. 369, 400 (D.D.C. 2002)("[c]ourts routinely approve incentive awards to compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation"); *In re Catfish Antitrust Lit.*, 939 F.Supp. 493, 503-504 (N.D. Miss. 1996)(holding that "[i]t is not unusual for a court to make an "incentive award" to named plaintiffs because of their sacrifices in pursuit of litigation on behalf of the class").

The following are some of the factors that courts consider when making an incentive award: (1) the amount of time and effort the named plaintiffs expended in pursuing the class action litigation; (2) the actions the named plaintiffs took to protect the interests of the class; and (3) the manner or degree in which the class benefited from those efforts. *See In re U.S. Bancorp Litig.*, 291 F.3d at 1038 (citing *Cook v. Niedert,* 142 F.3d 1004, 1016 (7th Cir. 1998)). Each of these factors weighs in favor of approving the $2,000.00 incentive award to be paid collectively and in accordance with Schedule B to the Settlement Agreement to Named Plaintiffs Michael P. Gilmor, Shellie Gilmor, Michael Harris, Lois A. Harris, William Hudson, Debra Mooney, Derrick Rockett, Alethia Rockett, James Woodward and Kathleen Woodward (collectively "Named Plaintiffs").

Consistent with other settlements in this action, the amounts paid to the Named Plaintiffs are modest and fair and reflective of the Named Plaintiffs' particular efforts on behalf of the Class. The Gilmors and Harrises have been involved with this action since its inception, and they had their depositions taken in 2002. The other Named Plaintiffs were later joined in this lawsuit following the Court's Order denying the Defendants' various motions to dismiss in January 2011, and they too had their depositions taken. Throughout their involvement in this case, the Named Plaintiffs have maintained consistent contact and communication with Plaintiffs' Counsel. Further, they have taken time out of their personal lives to review and respond to numerous correspondence regarding the case and proceedings, to provide answers to interrogatories propounded by Defendants, and to provide documents and information requested in connection with discovery. Most recently, they have thoughtfully evaluated the proposed settlement with counsel to ensure fair, adequate and vigorous representation of the Class. *McDonough v. Toys R Us, Inc.*, 2011 WL 6425116, *17 (E.D. Pa. Dec. 21, 2011)(approving

2

incentive award, noting that plaintiffs "kept informed of the litigation and communicated with class counsel as necessary to assist with the effective prosecution of the case"); *Manual for Complex Litigation*, §21.62 n.971 (4th ed. 2004)(incentive awards may be "merited for time spent meeting with class members, monitoring cases, or responding to discovery").

As representatives of the Settlement Class, Named Plaintiffs agreed to come forward and seek redress for the violations of Missouri law that are at issue in this case. Their commitment, work and service to the Class contributed to a settlement that provides monetary relief to the Class Members without delay or further risk. Under the Settlement, each of the 184 Wendover Settlement Class Members will share in the $100,000.00 Gross Settlement Fund. The average net recovery for each loan is $440.13. The Named Plaintiffs' continued efforts and "staying power" helped bring about the Settlement and conferred a substantial benefit to the members of the Settlement Class. The benefit that inured to the Settlement Class as a result of the Named Plaintiff's efforts and commitment and unselfish decisions merits the payment of the proposed incentive award.

For all of their commitment and efforts, an incentive award totaling $2,000.00 to be collectively paid to the Named Plaintiffs from the Settlement Fund is entirely appropriate and warranted.[2] The amount of the incentive award that Named Plaintiffs seek for their service is

---

[2] *See e.g. In re Aquila ERISA Litigation,* 2007 WL 4244994 (W.D. Mo. 2007)(approving incentive award to primary class representative of $25,000 and $5000 each to seven other representatives); *In re U.S. Bancorp Litig.*, 291 F.3d 1035, 1038 (8th Cir. 2002)(approving $2,000 incentive award for each of the five representative plaintiffs); *Torres v. Gristede's Operating Corp.*, 2010 WL 5507892, at *7 (S.D.N.Y. 2010)(citing authorities; approving $15,000 award to be paid to each of the 15 class representatives: "Such service awards are common in class action cases and are important to compensate plaintiffs for the time and effort expended in assisting the prosecution of the litigation, the risks incurred by becoming and continuing as a litigant, and any other burdens sustained by the plaintiff."); *Tate v. Rest. Technologies, Inc.,* 2010 WL 6001577 (D. Minn. 2010)(awarding $7,5000 to three representatives and $12,500 to one representative); *Hainey v. Parrott*, 2007 WL 3308027 (S.D. Ohio 2007)(approving incentive award of $50,000 each to three individual named plaintiffs and one couple); *In re Conseco Life Insurance Company Cost of Insurance Lit.,* 2007 WL 3170134 (C.D. Cal. 2007)($25,000 awarded as incentive to class representatives); *Dornberger v. Metro. Life Ins. Co.,* 203 F.R.D. 118, 125 (S.D.N.Y. 2001)(incentive award of $10,000 to plaintiff was reasonable given named plaintiff's six years of service and regular communications with plaintiff class counsel); *Allapattah*, 454 F.Supp.2d at 1220-22 (awarding 1.5% of $1.075 billion dollar fund [$16,125,000] to 9

3

fair and reasonable. The proposed incentive award is 2% of the Settlement Fund obtained for the Settlement Class. On a *per loan* basis, the incentive award will reduce the Class members' expected average net monetary recovery of $440.13 (after deduction of the proposed attorneys' fee, expense, and incentive awards) by approximately $19.05. It is fair and reasonable to expect each Class Member to contribute such modest amounts towards the requested incentive award.

Additionally, the Settlement Class received notice of the proposed incentive award per the *Notice of Proposed Class Action Settlement and of Settlement Hearing*. Doc. No. 850. No member of the Settlement Class has objected to the requested incentive award although the award does reduce each Class Member's individual recovery, nor has any member of the Settlement Class sought to be excluded from the Settlement Class. The unanimous decision by the Settlement Class Members to remain a part of the Settlement and the lack of any objection from the Settlement Class demonstrates that the Settlement Class as a whole is more than willing to pay the modest amount of $2,000.00 as an incentive and reward to the Named Plaintiffs for their commitment and service in leading the way to the Settlement.

Also, the Defendant will not object to the proposed incentive award. *See* Settlement Agreement, §5.a).

Therefore, there is no opposition to the requested incentive award. There should be no opposition to the requested award because it is entirely fair and appropriate.

For all of these reasons, Named Plaintiffs Michael P. Gilmor, Shellie Gilmor, James Woodward, Kathleen Woodward, and William Hudson respectfully move the Court for an Order awarding them a total of $2,000.00 to be paid from the Settlement Fund and in accordance with Schedule B to the Settlement Agreement for their commitment, work, and service as named

---

corporate or individual class representatives that had gone through 10 years of litigation); *Bogosian v. Gulf Oil Corporation*, 621 F. Supp. 27, 32 (E.D. Pa. 1985)(court awarded incentive award of $20,000 to each named plaintiff, noting that "the propriety of allowing modest compensation to class representatives seems obvious").

4

Case 4:10-cv-00189-ODS   Document 948   Filed 04/18/13   Page 4 of 5

plaintiff and representative of the Settlement Class pursuant to Rule 23(e) and the provisions of the parties' Settlement Agreement.

Dated: April 18, 2013

Respectfully submitted,
WALTERS BENDER STROHBEHN
  &  VAUGHAN, P.C.

By:     */s/ R. Frederick Walters*
R. Frederick Walters – Mo. Bar 25069
Kip D. Richards – Mo. Bar 39743
David M. Skeens – Mo.  Bar 35728
Karen W. Renwick – Mo. Bar 41271
J. Michael Vaughan Mo. – Bar 24989
Garrett M. Hodes – Mo. Bar 50221
Matthew R. Crimmins – Mo. Bar 53138
Bruce V. Nguyen – Mo. Bar 52893
2500 City Center Square
1100 Main Street
P.O. Box 26188
Kansas City, MO  64196
(816) 421-6620
(816) 421-4747 (Facsimile)
fwalters@wbsvlaw.com
krichards@wbsvlaw.com
dskeens@wbsvlaw.com
krenwick@wbsvlaw.com
mvaughan@wbsvlaw.com
ghodes@wbsvlaw.com
mcrimmins@wbsvlaw.com
bnguyen@wbsvlaw.com

**ATTORNEYS FOR PLAINTIFFS
AND CLASS COUNSEL**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the 18th day of April, 2013, I electronically filed the above and foregoing document with the Clerk of Court of the Western District of Missouri using the Court's ECF system, which will send notification of said filing to all counsel of record who are ECF participants.

*/s/ R. Frederick Walters*